# EXHIBIT C

SEYFARTH SHAW LLP
M. Ryan Pinkston (SBN 310971)
rpinkston@seyfarth.com
Brandon K. Franklin (SBN 303373)
bfranklin@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Plaintiffs
The Prudential Insurance Company
Of America and PGIM
Real Estate Finance, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and PGIM REAL ESTATE FINANCE, LLC, | Case No. 1:24-cv-01102-KES-SAB |
| Plaintiffs, | |
| v. | |
| ACDF, LLC; ASSEMI AND SONS, INC.; AVILA RANCH EA, LLC; BEAR FLAG FARMS, LLC; C & A FARMS, LLC; CANTUA ORCHARDS, LLC; DA REAL ESTATE HOLDINGS, LLC; FAVIER RANCH, LLC; FG2 HOLDINGS LLC; GRADON FARMS, LLC; GRANVILLE FARMS, LLC; GRANTLAND HOLDINGS NO. 1, LLC; GRANTLAND HOLDINGS NO. 2, LLC; GRANTOR REAL ESTATE INVESTMENTS, LLC; GVM INVESTMENTS, LLC; GV AG, LLC; LINCOLN GRANTOR FARMS, LLC; MARICOPA ORCHARDS, LLC; PANOCHE PISTACHIOS, LLC; SAGEBERRY FARMS, LLC; DEREK BELL; and RACHEL MARIE WHITE, | **DECLARATION OF LANCE MILLER IN SUPPORT OF *EX PARTE* MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION** |
| Defendants. | |

1    Pursuant to 28 U.S.C. § 1746, I, Lance Miller, declare as follows:

2    1.    I am the Founder and a Managing Director of Pivot Management Group, LLC

3    ("**Pivot Group**"), a financial advisory and turnaround management firm with an office located at

4    1230 Rosecrans Avenue, Suite 530, Manhattan Beach, California 90266. The facts contained

5    herein are true and accurate based upon my personal knowledge, and if called upon as a witness

6    in this case, I could and would testify competently to the truth thereof.

7    2.    **Background and Experience**. Attached hereto as <u>Exhibit 1</u> is a true and correct

8    copy of my current Curriculum Vitae. All of the information contained in the Curriculum Vitae is

9    true and accurate.

10    3.    I understand that the plaintiffs, The Prudential Insurance Company Of America and

11    PGIM Real Estate Finance, LLC (collectively, the "**Lender**"), are seeking a receiver to preserve

12    and protect their interests in an almond and pistachio operation and crops related thereto, including

13    the proceeds thereof, and I have been nominated to act as the receiver in the above-captioned

14    action. I believe that I am more than qualified to serve in that role.

15    4.    I have more than 19 years of experience in complex receiverships, workouts,

16    restructurings, corporate and shareholder disputes, and distressed M&A processes. As an attorney

17    and later as a partner in distressed advisory firms (including Pivot Group), I have provided services

18    over a multitude of industries and markets to companies, creditors, equity holders, asset

19    purchasers, receiverships, and creditors' trusts. My recent court-approved experience includes the

20    following:

21    (a)    <u>Columbia Pulp I, LLC</u> (Wash. Super. Ct.) – Receiver appointed by the

22    Washington Superior Court for King County for a $150+ million plant in Starbuck,

23    Washington designed to create wetlap pulp from wheat straw. Efforts resulted in the

24    successful sale of receivership assets and distributions to primary creditors, following a

25    lengthy marketing process.

26    (b)    <u>iCap Enterprises, Inc.</u> (Bankr. E.D. Wash.) – Chief Restructuring Officer

27    for a failed real estate development fund based in Bellevue, Washington that previously

28

2

raised $250+ million from individual investors, in connection with its chapter 11 bankruptcy cases currently pending before the U.S. Bankruptcy Court for the Eastern District of Washington. Efforts have included investigation of allegations involving fraud and operation of a Ponzi scheme.

(c)     <u>CalPlant</u> (Bankr. D. Del.) – Financial and M&A advisor for the world's first rice straw-based MDF, based in Willows, California and funded by $300+ million in tax exempt bonds. Following confirmation of a plan of liquidation, I am now serving as the Liquidating Director for remaining assets and ongoing litigation against the former manufacturer of the plant's equipment.

(d)     <u>Easterday Ranches, Inc. and Easterday Farms</u> (Bankr. E.D. Wash.) – Replacement management for large cattle and farming operation based in Paso, Washington in large fraudulent scheme. Efforts resulted in the successful sale of $200+ million in farming assets.

(e)     <u>International Longshore & Warehouse Union (ILWU)</u> (Bankr. N.D. Cal.) – Financial advisor and testifying expert for 100+ year old union in connection with its chapter 11 proceedings.

(f)     <u>Lear Capital</u> (Bankr. D. Del.) – Financial advisor for precious metals retailer facing significant regulatory and attorneys' general claims relating to consumer protection issues.

(g)     <u>Coastal International, Inc.</u> (Bankr. N.D. Cal.) – Litigation trustee for creditors' trust established with respect to large tradeshow logistics provider.

5.     Prior to joining Pivot Group, I was a partner with another distressed financial advisory firm (Paladin Management Group, LLC), and before that I served as the General Counsel for Sugarfina, Inc. (where I was also appointed Chief Restructuring Officer for its chapter 11 proceedings) and American Apparel, LLC. I also practiced for over seven years in restructuring and distressed practices with large international law firms. I hold a J.D. from Boston University School of Law and a B.A. from the University of California, San Diego.

DECLARATION OF LANCE MILLER IN SUPPORT OF *EX PARTE* MOTION
FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION

313425251v.2

6.   **Statutory Requirements**. I have no involvement with any of the parties to this action that would create a conflict of interest if I were appointed a receiver herein. Moreover, I am not related to any judge of this Court by consanguinity or affinity within the third degree.

7.   I have reviewed Lender's proposed receivership order. I, as the designated representative of Pivot Group, am willing and able to perform the duties of the receiver as outlined therein.

8.   There has been no contract, agreement, or arrangement with any party hereto regarding:

(a)   What the role of the receiver will be with respect to the company following a termination of the receivership, without specific court permission;

(b)   Who the receiver will hire, or seek approval to hire, to perform necessary services;

(c)   How the receiver will administer the receivership or how much the receiver will charge for services or pay for services to appropriate or approved third parties hired to provide services; or

(d)   What capital expenditures will be made in connection with the company's operations.

9.   **Compensation; Other Professionals**. I anticipate that I will retain Pivot Group as the estate's financial advisor and that I will retain counsel for the estate. I may also retain other professionals and others as necessary to assist me in carrying out my duties as receiver.  I understand the fees and costs of such professionals and others will also constitute reimbursable fees and costs of the receiver. I and Pivot Group's other professionals would typically charge an hourly rate for work in a matter like this one. My normal hourly rate is $925 per hour, and I expect that the blended rate for this matter will be around $750 per hour. I understand that rates of this nature may be burdensome for this case, and I am willing to work with the estate and key stakeholders to reach an understanding on compensation that can work within the estate's resources.

4

1       10.    I understand that my compensation and that of professionals retained by the

2  receiver will be subject to review and approval by the Court.

3       11.    **Bond**. I propose that the receiver's bond be set at $5,000.00 in this case.

4       12.    **No Other Contract**. There is no contract, agreement, arrangement, or

5  understanding between any party associated with this case as to the conduct of the receivership

6  case.

7       13.    As the receiver, I agree that I am an agent of the Court and not of any party to the

8  litigation, and as such, I will remain neutral and I will act for the benefit of all who may have an

9  interest in the receivership property.

       I declare under penalty of perjury under the laws of the State of California that the forgoing

is true and correct and that this Declaration was executed this ___ day of September, 2024, at 1230

Rosecrans Ave., Suite 530, Manhattan Beach, California.

DATED: September __, 2024

9/13/2024

By: _____
Lance Miller

---

5

DECLARATION OF LANCE MILLER IN SUPPORT OF *EX PARTE* MOTION
FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION

313425251v.2

**DocuSign**

## Certificate Of Completion

Envelope Id: CEEBECBEECFF455A8FC2100361D35CEE                                    Status: Sent
Subject: Complete with Docusign: PGIM - Maricopa - Declaration from L. MIller in Support of Receiver Mot...
Source Envelope:
Document Pages: 5                          Signatures: 1                          Envelope Originator:
Certificate Pages: 5                       Initials: 0                            Laura Creasap
AutoNav: Enabled                                                                  233 S. Wacker Drive
EnvelopeId Stamping: Disabled                                                     Suite 8000
Time Zone: (UTC-06:00) Central Time (US & Canada)                                 Chicago, IL  60606-6448
                                                                                  lcreasap@seyfarth.com
                                                                                  IP Address: 50.237.39.8

## Record Tracking

Status: Original                           Holder: Laura Creasap                  Location: DocuSign
        9/13/2024 3:57:46 PM                       lcreasap@seyfarth.com

| Signer Events | Signature | Timestamp |
|---|---|---|
| Lance Miller<br>lance.miller@pivotgrp.com<br>Managing Partner<br>Security Level: Email, Account Authentication (None) | *Lance Miller*<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 47.152.43.162 | Sent: 9/13/2024 4:12:52 PM<br>Viewed: 9/13/2024 4:17:13 PM<br>Signed: 9/13/2024 4:17:18 PM |
| **Electronic Record and Signature Disclosure:**<br>    Accepted: 9/13/2024 4:17:13 PM<br>    ID: 729d9820-f817-4dd5-9862-ad4bb6c276a8 | | |
| John E. Mitchell<br>john.mitchell@katten.com<br>Security Level: Email, Account Authentication (None) | | Sent: 9/13/2024 4:17:24 PM |
| **Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Jason J. DeJonker<br>jdejonker@seyfarth.com<br>Security Level: Email, Account Authentication (None) | **COPIED** | Sent: 9/13/2024 4:17:20 PM |
| **Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign | | |
| Nicholas R. Marcus<br>nmarcus@seyfarth.com<br>Security Level: Email, Account Authentication (None) | **COPIED** | Sent: 9/13/2024 4:17:22 PM |
| **Electronic Record and Signature Disclosure:** | | |

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Not Offered via DocuSign | | |

| | | |
|---|---|---|
| Michaela Crocker<br>michaela.crocker@katten.com<br>Security Level: Email, Account Authentication (None) | **COPIED** | Sent: 9/13/2024 4:17:23 PM |
| **Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign | | |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 9/13/2024 4:12:52 PM |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

## ELECTRONIC RECORD AND SIGNATURE DISCLOSURE

From time to time, Seyfarth Shaw LLP (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through the DocuSign system. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to this Electronic Record and Signature Disclosure (ERSD), please confirm your agreement by selecting the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

### Getting paper copies

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. You will have the ability to download and print documents we send to you through the DocuSign system during and immediately after the signing session and, if you elect to create a DocuSign account, you may access the documents for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

### Withdrawing your consent

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

### Consequences of changing your mind

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. Further, you will no longer be able to use the DocuSign system to receive required notices and consents electronically from us or to sign electronically documents from us.

### All notices and disclosures will be sent to you electronically

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through the DocuSign system all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures electronically from us.

**How to contact Seyfarth Shaw LLP:**

You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:
To contact us by email send messages to: dfrugoli@seyfarth.com

**To advise Seyfarth Shaw LLP of your new email address**

To let us know of a change in your email address where we should send notices and disclosures electronically to you, you must send an email message to us at dfrugoli@seyfarth.com and in the body of such request you must state: your previous email address, your new email address.  We do not require any other information from you to change your email address.

If you created a DocuSign account, you may update it with your new email address through your account preferences.

**To request paper copies from Seyfarth Shaw LLP**

To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an email to dfrugoli@seyfarth.com and in the body of such request you must state your email address, full name, mailing address, and telephone number. We will bill you for any fees at that time, if any.

**To withdraw your consent with Seyfarth Shaw LLP**

To inform us that you no longer wish to receive future notices and disclosures in electronic format you may:

i. decline to sign a document from within your signing session, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;

ii. send us an email to dfrugoli@seyfarth.com and in the body of such request you must state your email, full name, mailing address, and telephone number. We do not need any other information from you to withdraw consent..  The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..

**Required hardware and software**

The minimum system requirements for using the DocuSign system may change over time. The current system requirements are found here: https://support.docusign.com/guides/signer-guide-signing-system-requirements.

**Acknowledging your access and consent to receive and sign documents electronically**

To confirm to us that you can access this information electronically, which will be similar to other electronic notices and disclosures that we will provide to you, please confirm that you have read this ERSD, and (i) that you are able to print on paper or electronically save this ERSD for your future reference and access; or (ii) that you are able to email this ERSD to an email address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format as described herein, then select the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

By selecting the check-box next to 'I agree to use electronic records and signatures', you confirm that:

- You can access and read this Electronic Record and Signature Disclosure; and
- You can print on paper this Electronic Record and Signature Disclosure, or save or send this Electronic Record and Disclosure to a location where you can print it, for future reference and access; and
- Until or unless you notify Seyfarth Shaw LLP as described above, you consent to receive exclusively through electronic means all notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you by Seyfarth Shaw LLP during the course of your relationship with Seyfarth Shaw LLP.

# EXHIBIT 1

# Lance E. Miller
# Pivot Management Group, LLC
1230 Rosecrans Ave., Suite 530
Manhattan Beach, CA 90266
(323) 774-7122 • lance.miller@pivotgrp.com

## SENIOR DISTRESSED ADVISOR

Experienced restructuring and risk management professional across a wide array of roles and contexts involving corporate bankruptcy and distress (including Chief Restructuring Officer, Receiver, Independent Director, and Advisor) with proven track record in cases and matters both in and out of court. Expertise includes operational and strategic advice or management in a distressed environment, running distressed M&A processes, high-stakes financial turnarounds, leading and managing litigation strategies, leading financing solicitation efforts (both equity and debt), and all manner of commercial contract and transactions negotiation.

## PROFESSIONAL EXPERIENCE

**Pivot Management Group, LLC** — Manhattan Beach, California
*Founder and Managing Partner*                                        April 2024 — present

Lance is the founder and managing partner of Pivot, a specialty turnaround management and distressed advisory firm. Lance leverages 20 years of restructuring experience to deliver a unique blend of strategic and practical advice to guide clients through the restructuring process. Lance's practice focuses on leadership and restructuring advice for companies, sponsors, and creditors in complex Chapter 11 and out-of-court workout situations. He has experience delivering results in many different roles, including as Financial Advisor, Independent Director, Chief Restructuring Officer, and court-appointed Receiver. Representative experience includes the following notable engagements:

> Interim Management/Court-Appointed Receivership and Trustee Roles: *Columbia Pulp* (Wash. Super. Ct.), *iCap Enterprises, Inc.* (Bankr. E.D. Wash.), *CalPlant 1, LLC* (Bankr. D. Del.), *Apex Parks Group* (Bankr. D. Del.), *Easterday Farms and Easterday Ranches, Inc.* (Bankr. E.D. Wash.); *Coastal International, Inc.* (Bankr. N.D. Cal.).

> Distressed/Bankruptcy Advisor: *International Longshore and Warehouse Union* (Bankr. N.D. Cal.), *Lear Capital, Inc.* (Bankr. D. Del.), *In re One Table Restaurant Brands, LLC* (Bankr. D. Del.), *Chesapeake Energy Corp.* (Bankr. S.D. Tex.), *Chemtura Corp.* (Bankr. S.D.N.Y.).

> Independent Director Roles: *Yogaworks, Inc.* (Bankr. D. Del.); *Agway Farm & Home Supply, LLC* (Bankr. D. Del.).

**Paladin Management Group, LLC** — Los Angeles, California
*Partner*                                                          February 2020 — April 2024

Consulting and advice for clients regarding all manner of financial distress, corporate bankruptcy, and turnaround management.

**Sugarfina, Inc.** — El Segundo, California
*General Counsel and Chief Restructuring Officer*                April 2017 — February 2020

Sugarfina operated an omnichannel retail business focusing on luxury confectionary and candy sales in North America, the United Kingdom, and Asia, through owned and franchised operations. Recruited to start Sugarfina's first legal department and serve as a key executive in managing risk and advising regarding growth strategies. Subsequently appointed by the Board to serve as the Company's Chief Restructuring Officer, to guide operations through a successful sale and auction process.

**American Apparel, LLC** — Los Angeles, California
*General Counsel and Corporate Secretary*                September 2014 — April 2017

American Apparel operated the largest apparel manufacturing operation in North America and over 250 retail stores in 19 different countries with more than 8,000 employees worldwide. Recruited in September 2014 to build a new legal department and implement best-practices for minimizing operational risk and addressing turn-around needs. Subsequently appointed to General Counsel and Corporate Secretary to, among other things, lead a distressed M&A sale and auction process. Accomplishments and responsibilities involved the following:

- In first chapter 11 proceeding, steered the company through a successful chapter 11 restructuring through (at that time) one of the quickest chapter 11 retail cases in U.S. history. Confirmation involved a contested valuation trial, opposed by the company's founder and former CEO.
- In second chapter 11 proceeding, steered the company and its Board of Directors through a high-profile M&A auction process, resulting in the sale to Gildan Activewear (NYSE:GIL) for more than $100 million.
- Led company in soliciting and closing on successive financing deals totaling more than $200 million.
- Managed and maintained a domestic and international intellectual property portfolio across 19 countries. The portfolio served as the primary source of value supporting the Company's subsequent sale.
- Managed and maintained 24 domestic and international subsidiaries. As part of sale, strategized and implemented international wind-down and/or insolvency proceedings in ten (10) countries.

**<u>Law Firm Experience</u>**
**Jones Day** — Los Angeles and New York                June 2009 — September 2014
**Kirkland & Ellis LLP** — Los Angeles                May 2008 — June 2009
**Hennigan, Bennett & Dorman LLP** — Los Angeles                September 2007 — May 2008

Broad-based business restructuring practice involving an array of distress-related transactions and litigation, including M&A and debt financing and loan workouts on behalf of multinational corporations, lender and bank groups, secured and unsecured creditors, and prospective acquirers.

**United States Bankruptcy Court, District of Utah** — Salt Lake City, Utah
*Judicial Law Clerk*                August 2005 — September 2007

Principal law clerk for Hon. William T. Thurman, Chief Bankruptcy Judge. One published decision was affirmed by the U.S. Supreme Court in *Hamilton v. Lanning*, 130 S.Ct. 2464 (2010).

## EDUCATION

**Boston University School of Law** — J.D., *cum laude* May 2005
<u>Honors</u>: Edward F. Hennessey Distinguished Scholar, Top 10% (2005);
          Paul J. Liacos Scholar, Top 25% (2004).

**University of California, San Diego** — B.A. in Economics (Minor in Political Science), June 2002.

## BAR ADMISSIONS

New York (2010), Utah (2006), California (2005).

**pivot >**

# George Demos

Senior Director

george.demos@pivotgrp.com

**George joins Pivot > as Senior Director, where he provides industry-agnostic management advisory services including interim CFO, pre-divesture and M&A expertise.**

His prior CFO roles include Grimmway Enterprises and the National Test Pilot School, both included major acquisitions and post-M&A integration. A highly qualified and seasoned professional, George's expertise and experience includes CRO, receiverships, interim CEO/CFO, debt restructuring, sell-side advisory, strategic planning and start-up engagements.

Representative experience includes the following notable engagements: DC Solar (largest Ponzi scheme in Easter Dist of CA), Easterday Ranches (BK in Eastern WA, Atlas Award), King Mountain Tobacco (NAGG, BK in Eastern Dist of WA, Atlas Award), GenCanna (1st CBD BK case)

Prior to joining Pivot >, George's previous roles included:

- Noise Control, Inc. – interim CEO

- Grimmway Enterprises – Chief Financial Officer

- National Test Pilot School – Chief Financial Officer

- Johasse Rebar – sell-side adviser

- Whitten Pumps – Chief Restructuring Officer

- River Ranch – interim Chief Financial Officer

George graduated from the California State University, Fullerton, receiving his Bachelor of Arts in Business Administration with a concentration in Accounting. George holds a California CPA (Inactive) certificate.

**pivot >**

# Steve Borse

Senior Director

steve.borse@pivotgrp.com

**Steve Borse joins Pivot > as Senior Director, where he brings over 15 years of hands-on operational and financial experience to his role, specializing in cash flow management, financial closing and consolidation, financial and operational reporting, business modeling, change management, and compliance.**

With a background as a former Controller, Steve collaborates closely with Corporate and Private Equity clients, conducting comprehensive financial and operational assessments to drive strategic initiatives.

His expertise includes guiding companies through restructuring processes, with previous engagements including notable cases such as CalPlant, LLC and Sugarfina, Inc.

Prior to joining Pivot >, Steve held key financial leadership roles at Venice Brands LLC, Athletic Greens, and Sugarfina Inc.

He holds a B.A. in Political Science from the University of Illinois, Chicago, and an MSA from the University of Phoenix. Active in charitable endeavors, Steve supports the National Multiple Sclerosis Society and enjoys spending his free time traveling, skiing, golfing, and cooking.