SEYFARTH SHAW LLP
M. Ryan Pinkston (SBN 310971)
rpinkston@seyfarth.com
Brandon K. Franklin (SBN 303373)
bfranklin@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Plaintiffs
The Prudential Insurance Company
Of America and PGIM
Real Estate Finance, LLC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and PGIM REAL ESTATE FINANCE, LLC,<br><br>                Plaintiffs,<br><br>v.<br><br>ACDF, LLC; ASSEMI AND SONS, INC.; AVILA RANCH EA, LLC; BEAR FLAG FARMS, LLC; C & A FARMS, LLC; CANTUA ORCHARDS, LLC; DA REAL ESTATE HOLDINGS, LLC; FAVIER RANCH, LLC; FG2 HOLDINGS LLC; GRADON FARMS, LLC; GRANVILLE FARMS, LLC; GRANTLAND HOLDINGS NO. 1, LLC; GRANTLAND HOLDINGS NO. 2, LLC; GRANTOR REAL ESTATE INVESTMENTS, LLC; GVM INVESTMENTS, LLC; GV AG, LLC; LINCOLN GRANTOR FARMS, LLC; MARICOPA ORCHARDS, LLC; PANOCHE PISTACHIOS, LLC; SAGEBERRY FARMS, LLC; DEREK BELL; and RACHEL MARIE WHITE,<br><br>                Defendants. | **[PROPOSED] ORDER GRANTING MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION** |

Upon due consideration of the Plaintiffs' Ex Parte *Motion for Order Appointing Receiver and for Preliminary Injunction* (the "**Motion**"), the Complaint (defined below), the Declaration of William Sciacqua (the "**Plaintiff Declaration**"), and the Declaration of proposed receiver Lance Miller

313424725v.7

(the "**Receiver Declaration**"), and the oral argument of counsel and good cause appearing therefor, the Court hereby finds that:

A.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and the parties hereto are of diverse citizenship.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

B.     On September 16, 2024, Plaintiffs filed their complaint (the "**Complaint**") against the above-captioned defendants (the "**Defendants**")[1] alleging that (a) Plaintiffs made certain loans to various entities, including ACDF, LLC; Assemi and Sons, Inc.; Avila Ranch EA, LLC; Bear Flag Farms, LLC; C & A Farms, LLC; Cantua Orchards, LLC; DA Real Estate Holdings, LLC; Favier Ranch, LLC; Fg2 Holdings LLC; Gradon Farms, LLC; Granville Farms, LLC; Grantland Holdings No. 1, LLC; Grantland Holdings No. 2, LLC; Grantor Real Estate Investments, LLC; GVM Investments, LLC; GV Ag, LLC; Lincoln Grantor Farms, LLC; Maricopa Orchards, LLC; Panoche Pistachios, LLC; and Sageberry Farms, LLC (collectively, the "**Borrowers**") pursuant to the Loan Documents (as defined in the Complaint), (b) as security for the Borrowers' obligations under the Loan Documents, the Plaintiffs were granted, among other rights, a continuing and first priority security interest in the Property (as defined and more fully described in the Complaint), which consists of certain of the real and personal property of the Borrowers pursuant to the Loan Documents, and (c) Plaintiffs perfected their security interest in the Property by, among other things, filing UCC-1 Financing Statements and the Instruments (as defined in the Complaint) with the relevant government offices. Plaintiffs further allege Defendants breached their obligations under the Loan Agreement by committing multiple Events of Default (as defined in the Loan Documents and described in more detail in the Complaint).

C.     In accordance with the Loan Documents, Plaintiffs seek appointment of a receiver over the Property and the related businesses of the Borrowers with authority to, among other things: (a) preserve the Property and protect it from dissipation and diminution in value; (b) conduct the business and affairs

---

[1] The term "Defendants" shall mean all named defendants in this action, while the term "Borrowers" shall mean all Defendants with the exceptions of Derek Bell and Rachel Marie White. **Derek Bell and Rachel Marie White are non-borrower trustors in connection with certain of the Property pledged to secure the PGIM REF Loan and executed a rider to the PGIM REF Loan Agreement** (each as defined in the Complaint).

313424725v.7

of the Borrowers related to the Property; and (c) assess whether a sale of the Borrowers or their assets would maximize value, and, following that assessment, implement an organized sale process of the Property.

D.      Good cause has been shown for the appointment of a receiver over the Property and the related businesses of the Borrowers, including that: (a) Plaintiffs have valid claims for the non-payment of the significant debt owed to them and the multiple Events of Default under the Loan Documents; (b) there is an imminent danger the Property will be concealed, lost or diminish in value; (c) the principal legal remedy available to Plaintiffs – foreclosure – is inadequate; (d) no less drastic remedy exists; and (e) the appointment of a receiver will do more good than harm.

E.      The appointment of a receiver is not intended to be, nor shall it be, an election of remedies by Plaintiffs, and Plaintiffs expressly reserve their rights and remedies against Defendants, the Property, and any and all persons or entities that have any obligations to Plaintiffs under applicable law and the Loan Documents with respect to the debt owed to Plaintiffs under the Loan Documents.

F.      The appointment of a receiver over the Property and the related businesses of the Borrowers for the purposes set forth herein is necessary for the protection and preservation of the Property. Based on the facts and circumstances of this case, federal law, and the Loan Documents, the appointment of a receiver is warranted.

G.      Further, as stated in the Plaintiff Declaration, the Borrowers have indicated that they face significant cash flow issues and will not have sufficient cash to maintain, preserve, and care for the Property, including but not limited to trees and crops. Such actions would obviously cause tremendous damage to the Property, including causing the trees (which make up a significant value of the Property) to be damaged or die. Additionally, as set forth in the Plaintiff Declaration, the Borrowers have transferred certain crops which constitute the Property to an entity called Touchstone Pistachio Company, LLC ("**Touchstone**"), for which the Borrowers are not being paid and has not been paid for at least the last several months. The Borrowers and Touchstone have common ownership and management. The Plaintiffs fear that without an ordered injunction, Touchstone (and perhaps others) will continue this course of conduct and work to frustrate the purpose, intent and efforts of any appointed receiver. Thus, an injunction is also warranted in connection with the appointment of a receiver here.

ORDER APPOINTING RECEIVER

313424725v.7

H.     Plaintiff has established that: (i) as a result of the amounts due and owing under the Loan Documents, the defaults thereunder, and the difficulty in curing any such defaults, Plaintiff is likely to succeed on the merits of its claim; (ii) Plaintiff is likely to suffer irreparable harm in the absence of an injunction; (iii) the balance of the equities is in Plaintiff's favor; and (iv) when coupled with the appointment of a receiver, an injunction benefits the public interest because the receiver needs to be able fulfill his duties and obligations without potentially disruptive interference.

It is therefore:

**ORDERED** that Lance Miller of Pivot Management Group, LLC (the "**Receiver**"), who the Court finds is qualified and independent, shall be and is hereby appointed as Receiver[2] and vested with complete jurisdiction and sole control over all of the: (a) Property (b) Borrowers' respective business operations in connection with Property, and (c) Borrowers' claims, demands, or causes of action of any kind, character or description, regardless of the legal principle or theory upon which the same may be based, whether known or unknown, liquidated or unliquidated, contingent or absolute, accrued or unaccrued, matured or unmatured, insured or uninsured, joint or several, determined or undetermined, determinable or otherwise, wherever located, solely related to or arising out of the Property (clauses (a), (b), and (c) above, collectively, the "**Receivership Property**");

**IT IS FURTHER ORDERED** that the Receiver shall have sole and exclusive power and authority to manage and direct the business and financial affairs of each of the Borrowers in connection with or otherwise related to the Receivership Property including, without limitation, the powers set forth below, and holding authority to petition on behalf of each of the Borrowers for protection under the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "**Code**") and, if so filed, be and be deemed authorized to operate each of the Borrowers as a debtor-in-possession in proceedings under Chapter 11 of the Code, and prosecute such adversary proceedings and other matters as may be permitted under the Code and/or applicable law.

**IT IS FURTHER ORDERED** that the Receiver shall be, and hereby is, entitled to all rights, privileges, and protections afforded to each of the Borrowers' directors, officers or other fiduciaries including, but not limited to, insurance coverage under any currently existing insurance policies;

---

[2] The Receiver shall charge the amounts set forth in the Receiver Declaration for his services and expenses incurred, each of which is subject to annual adjustment upon notice to the parties.

ORDER APPOINTING RECEIVER

313424725v.7

1       **IT IS FURTHER ORDERED** that before entering upon his duties as the Receiver, the Receiver

2  shall take the oath and file a bond in the sum of $5,000.00 to secure his faithful performance of his duties

3  as the Receiver;

4       **IT IS FURTHER ORDERED** that Plaintiffs shall post a bond in connection with the Preliminary

5  Injunction in the amount of $5,000.00;

6       **IT IS FURTHER ORDERED** that, in addition to the rights, powers, benefits, and authorities

7  granted in the preceding paragraphs, the Receiver is hereby vested with complete and sole authority and

8  jurisdiction over the Receivership Property to the maximum extent permitted by 28 U.S.C. §§ 754 and

9  959, Federal Rule of Civil Procedure 66, and this Court's inherent powers, and is hereby empowered and

10  permitted to take any and all actions necessary and proper carry out the express provisions of this Order,

11  including but not limited to following rights, powers, benefits, and responsibilities:

12       1.    To take immediate possession of, custody of, and control over all the Receivership Property;

13       2.    To enter into any property where the Receivership Property may be located in order to take

14  immediate possession of, custody of, and control over Receivership Property;

15       3.    To manage, control, operate and maintain the Receivership Property including, without

16  limitation, the continuation, renegotiation, resolution, or termination of any contract, employment

17  arrangement and all other aspects of any business operation in connection with or otherwise related to the

18  Receivership Property, including using the Borrowers' cash to pay the expenses associated with managing,

19  controlling, operating, and maintaining the Receivership Property and to pay the fees and costs of

20  administering the receivership estate (to the extent that such cash constitutes Receivership Property);

21       4.    To file a voluntary petition under Title 11 of the Code on behalf of each of the Borrowers.

22  If a bankruptcy petition is filed, Receiver shall be empowered to operate each debtor-Borrower as a debtor

23  in possession, with all powers and duties provided to a debtor in possession under the Code to the

24  exclusion of any other person or entity;

25       5.    Without further order of the Court, to use, abandon, or sell all Receivership Property as the

26  Receiver may deem prudent, whether or not such use, abandonment, or sales are in the ordinary course of

27  the Borrowers' businesses.

28

ORDER APPOINTING RECEIVER

313424725v.7

(a)      All sales or transfers made by the Receiver shall be free of liens, claims, and encumbrances, with any such liens, claims and encumbrances attaching to the proceeds therefrom;

(b)      Notwithstanding that the Receiver may use, abandon, or sell Receivership Property without further order of the Court, the Receiver may nevertheless seek, by motion, and obtain such Order(s) from the Court he deems prudent or necessary to administer the Receivership Property; the Receiver shall provide no less than five (5) days' notice of such motion(s) to the Court and all parties in interest in this receivership, and the lack of any written objection by such parties in interest within the five-day period shall be deemed consent to such use, abandonment, or sale;

6.      To make a motion or application to the Court regarding instruction or clarification in connection with the powers and scope of the receivership, Receivership Property, and this Order, including but not limited to obtaining orders further instructing the Receiver or orders clarifying the scope of the receivership or the Receivership Property. Any such motion or application shall be made on no less than three (3) days' notice to the Court and all parties in interest in this Receivership, and the lack of any written objection by such parties in interest within the two-day period shall be deemed consent to the request sought therein;

7.      To gain access and control over all Receivership Property.  In furtherance of the foregoing, the Receiver may engage a locksmith, security, or similar services or professionals for the purposes of gaining entry or access to any of the Receivership Property, including with respect to any locks or security systems;

8.      To demand, collect, sue for, and receive all receipts, rents, profits, monies, security deposits, advance deposits, funds, earnings, issues, income, and/or other revenues or payments arising from the Receivership Property, as a whole or as to any and all improvements thereon;

9.      To take any and all steps necessary to receive, collect, and review all mail, overnight or express or personal delivery, addressed to any of the Borrowers and any post office boxes held in the name of any of the Borrowers and, at the Receiver's discretion, the Receiver is authorized to instruct the U.S. Postmaster to re-route, hold, and/or release said mail to the Receiver. Mail reviewed by the Receiver in the performance of his duties will promptly be made available for inspection to Borrowers, upon request, after review by the Receiver;

ORDER APPOINTING RECEIVER

313424725v.7

10.     To take possession of and control over the Borrowers' respective cash management systems, to the extent that such systems are used in connection with or otherwise include Receivership Property, including all bank accounts of Borrowers that are used as bank accounts for the business of operating the Receivership Property, and chattel paper that pertains to the Receivership Property, wherever located, and receive possession of any money on deposit in said bank accounts, and the receipt by the Receiver for said funds shall discharge said bank from further responsibility for accounting to said account holder for funds for which the Receiver shall give his receipt;

11.     To establish bank accounts at any bank the Receiver deems appropriate for the deposit of monies and funds collected and received in connection with his administration of the receivership estate, provided that all funds on deposit are insured by an agency of the United States government. Defendants shall provide the Receiver within 24 hours of the Receiver's request all information, documentation, and signatures required by any bank or other financial institution to open or maintain any accounts as provided under this Order;

12.     To take possession of all crops, farming land, and all other farm products that constitute the Receivership Property deemed appropriate by the Receiver, including, but not limited to, taking possession of any such Receivership Property in the possession or control of any other party after consulting with Plaintiffs;

13.     To immediately borrow from Plaintiffs such funds as Receiver and Plaintiffs deem necessary for the current operation of the receivership estate, to continue to borrow money from Plaintiffs for the operation of the receivership estate as needed, from time-to-time, and to issue to Plaintiffs from time-to-time Receiver's Certificates or such other documents or instruments to evidence such borrowings, subject to Plaintiffs' sole right to decide whether or not to advance any or all funds requested by the Receiver, and to issue further Receiver's Certificates as such funds may be reasonably necessary for the Receiver to fulfill his duties and as agreed upon in writing by Plaintiffs, with such Receiver's Certificates or such other documents or instruments to have liens against the Receivership Property that are junior in priority to the existing liens of Plaintiffs and, with the exceptions of fees and expenses owing to the Receiver, Receiver's Counsel, and the other professionals employed by the Receiver, have seniority over all other claims against the receivership estate on a priority repayment basis. Any liability for such

7

313424725v.7

borrowings shall solely be the responsibility of the Borrowers, and not the Receiver. After any Receiver's Certificate, or such other documents or instruments, is issued, a copy of such shall be included in the Receiver's monthly report. The original instrument shall be delivered to Plaintiffs to be filed and/or recorded in Plaintiffs' discretion;

14.     To execute and prepare all documents and to perform all acts, including entering into contracts and operating licenses, and signing checks or initiating and processing electronic funds transfers either in the name of each of the Borrowers, as it is applicable, or in the Receiver's own name, which the Receiver reasonably believes are necessary or incidental to preserving, protecting, managing, controlling and/or liquidating the Receivership Property, including, but not limited to any Receivership Property now in the possession or control of any third party;

15.     To compromise debts of Borrowers in connection with or related to the Receivership Property, or any other business operated by Borrowers at the Receivership Property, and to do all things and to incur the risks and obligations of similar businesses operating in accordance with reasonable agricultural and/or viticultural standards and practices, and no risk or obligation incurred by the Receiver shall be at the personal risk or obligation of the Receiver, but shall be the risk or obligation of the receivership estate;

16.     To investigate, identify, pursue, and resolve, any and all claims or causes of action that are Receivership Property;

17.     To take all reasonable actions to collect, including contacting account debtors and bringing and prosecuting actions, all accounts receivable of the Borrowers relating to the Receivership Property, whether now existing or hereafter created, and to direct such account debtors to cease sending further accounts receivable payments to the Borrowers or any other third party and to instruct such account debtors and/or any other third party to send any and all payments directly to the Receiver;

18.     To take any and all actions or steps that, in the absence of this receivership, could be exercised or authorized by the Borrowers' respective Board of Directors and/or Chief Executive Officer, each as determined by the Receiver in the exercise of his reasonable business judgment to be reasonably necessary for the preservation or maximization of Receivership Property;

ORDER APPOINTING RECEIVER

313424725v.7

19.     Subject to Paragraph 36, below, the monies coming into possession of the Receiver and constituting or otherwise resulting from or out of the Receivership Property and not expended for any of the purposes herein authorized, shall be held by Receiver for the payment of the obligations of the Borrowers to Plaintiffs sued upon in the Complaint, subject to such orders as the Court may hereinafter issue as to its disposition;

20.     Hire and terminate agents, employees, appraisers, guards, clerks, accountants, liquidators, auctioneers, attorneys, management companies, and consultants without cause, to administer the receivership estate, and to protect the Receivership Property as the Receiver deems reasonably necessary provided, however, that the Receiver shall initially give preference to personnel of Borrowers who performed services in connection with the harvesting, processing, storing, and/or preserving of the Receivership Property for the purposes for which such persons are now employed or under contract, subject to the Receiver's determination as to whether such persons are suitable for the purposes for which they or any of them are or were employed; to purchase insurance, materials, supplies and services and to pay therefore at the usual rate and prices out of funds that shall come into his possession; to pay the reasonable value of said services out of the proceeds of the estate or funds that come into his possession; and that no risk or obligation incurred by the Receiver shall be the personal risk or obligation of the Receiver, but shall be the risk or obligation of the receivership estate;

21.     Employ a law firm as Receiver's legal counsel ("**Receiver's Counsel**") in this matter, as reasonably necessary to accomplish the purposes of this Order, and pay the reasonable fees and expense of such Receiver's Counsel for services rendered in preparation of and during the receivership. Receiver's Counsel shall be entitled to reimbursement of all reasonable costs and expenses incurred on behalf of the Receivership estate and in preparing for the Receiver's appointment. The attorneys' fees and cost incurred by Receiver's Counsel may be included in the administrative costs and expenses to be paid to the Receiver in accordance with Paragraph 36 of this Order;

22.     If there is insufficient insurance coverage on the Receivership Property, it is hereby ordered that the Receiver shall have thirty (30) business days to procure said insurance on the Receivership Property, provided the Receiver has funds available to do so. The Receiver is acting solely in his capacity as Receiver and shall have no personal liability for claims against the Defendants, individually or

9

ORDER APPOINTING RECEIVER

collectively, or for failure to obtain insurance. With respect to any insurance coverage, the Receiver, and other parties with insurable interests, shall be named as additional insureds on the policies for the period that the Receiver shall be in possession of the Receivership Property. With respect to any property coverage in existence or obtained, Plaintiffs shall be named as the mortgagee and loss payee;

23.    To institute ancillary proceedings in this Court, the State of California, or other states and countries, prosecute and tender all suits or insurance claims, and pursue all remedies available by law as is necessary to preserve and protect the receivership estate and ensure compliance with the Receiver's authority, and the Receiver may engage the services of legal counsel in furtherance of such actions. The Receiver may pay for such services from the funds of the receivership estate;

24.    To exclude Defendants or anyone claiming under or through the Defendants who does not have a lease or rental agreement entitling them to possession of the Receivership Property, or any portion thereof;

25.    To use, operate, sell, manage and control the Receivership Property, and to care for, preserve and maintain the Receivership Property;

26.    To bring and prosecute all proper action for collection of payments, rent, and lease payments due, if any, on the Receivership Property, as well as necessary actions and proceedings for the removal of tenants or lessees in default for any rental or lease agreement, or any other persons, from the Receivership Property, to bring and prosecute all proper actions for the protection of the Receivership Property or recovery thereof;

27.    Upon presentation of a conformed copy of this Order to any third party, banks, or depositories owing performance of any obligation or duty to Defendants with respect to the Receivership Property, such third parties shall render any performance or duties with respect to the Receivership Property directly to the Receiver, and such copy may be presented to any recalcitrant third parties to advise the same of the Receiver's appointment and obtain cooperation;

28.    To assume, extend, or modify any pre-receivership contracts or agreements, including unexpired leases, relating to the Receivership Property and/or reject such contracts in the Receiver's sole judgment and discretion;

ORDER APPOINTING RECEIVER

313424725v.7

29.     Receiver, as an officer of the Court, shall be entitled to the assistance of law enforcement officials when taking possession, or at any other time during the term of the receivership, if in the opinion of Receiver, such assistance is necessary to preserve the peace and protect the Receivership Property and assets, without further order from the Court;

30.     Any securities or deposits that constitute Receivership Property and which tenants or other persons have paid to Borrowers or their agents and which are not paid to the Receiver, and over which the Receiver has no control, shall be obligations of Borrowers, and may not be refunded to the tenants by the Receiver;

31.     All income tax reporting and payments, whether for periods prior to or during the term of this receivership, shall remain the obligation of Defendants.  Receiver shall not be required to report any income generated by the subject property (including interest earned), or to pay any income taxes due thereon, nor shall Receiver bear liability for the failure of Defendants to report said income to taxing authorities or pay the taxes associated with such income.

32.     The Receiver shall be entitled to utilize the tax identification numbers of any of the Borrowers in connection with any powers exercised pursuant to this Order or, at the Receiver's discretion obtain new tax identification numbers;

33.     Any utility company providing services to real property subject to this Order, including gas, electricity, water, sewer, trash collection, telephone, cable, communications Wi-Fi, Internet, or similar services, shall be prohibited from discontinuing services to Receivership Property and prohibited from failing to comply with any request by the Receiver to, and are prohibited from refusing to, reinstitute service to the subject property based any non-payment by Defendants prior to the Receiver's appointment by the Court based upon unpaid bills incurred by Defendants. Further, such utilities shall transfer any deposits held by the utility company to the exclusive control of the Receiver and be prohibited from demanding that the Receiver deposit additional funds in advance to maintain or secure such services. New accounts under the name of the Receiver may be established within 30 days, or the Receiver may continue to operate under Defendants' accounts;

34.     Employ Pivot Management Group, LLC ("**Pivot Group**"), as Receiver's financial advisor in this matter, as reasonably necessary to accomplish the purposes of this Order. Compensation to Pivot

11

ORDER APPOINTING RECEIVER

313424725v.7

Group shall be based on the hourly rates and expenses as set forth in the Receiver Declaration, subject to annual adjustment upon notice to the parties. Pivot Group shall be entitled to reimbursement of all reasonable costs and expenses incurred on behalf of the receivership estate. The fees and costs incurred by Pivot Group may be included in the administrative costs and expenses to be paid to the Receiver in accordance with Paragraph 36 of this Order;

35.    To analyze the books, records, and files of Borrowers and any related third party, including bank account and accounting records to determine the sources and uses of cash, accounts, and proceeds of the Receivership Property;

36.    All proceeds arising from the operation, collection, liquidation, sale, lease, or other disposition of Receivership Property shall be used to pay (a) fees and expenses owing to the Receiver, Receiver's Counsel, and other professionals, (b) amounts owed to non-insider third parties arising in the ordinary course of business of Receiver's operation and control over the Receivership Property, and (c) any indemnification owing to the Receiver in connection herewith (collectively, the "**Administrative Claimants**"), in each case prior to payment to Plaintiffs. The Plaintiffs have agreed and there hereby is a carveout from the Plaintiffs' interests in the Receivership Property sufficient to secure payment in full of all amounts owed or owing to the Administrative Claimants. The Receiver is acting solely in his capacity as Receiver and in no event shall have any personal liability for any debts or obligations incurred by or on behalf of Defendants.

37.    The Receiver shall be entitled, to the fullest extent of the law, to indemnification from the Borrowers, and such Borrowers shall hold the Receiver harmless from any liability, loss, or damage the Receiver may suffer as a result of claims, demands, costs or judgments against him arising out of the activities to be carried out pursuant to the authority and obligations of his appointment pursuant to this Order.

38.    The Receiver shall have the following reporting requirements:

(a)    Prepare periodic interim statements reflecting the fees and expenses of the Receiver, his financial advisors, and retained counsel incurred for said period in the operation and administration of the receivership estate (each, an "**Interim Statement**"). Upon completion of an Interim Statement, and the mailing of said statement to the parties' respective attorneys of record or any other designated personal

ORDER APPOINTING RECEIVER

313424725v.7

agent, the Receiver shall pay from the estate funds, if any, the amount set forth in such Interim Statement. Despite the preparation of Interim Statements, such fees and expenses shall be submitted to the Court for its approval and confirmation, in the form of either a noticed interim request for fees or a Receiver's final account and report;

(b)     Pursuant to 28 U.S.C. § 754, the Receiver shall, to the extent practicable, within ten (10) days following entry of this Order, file copies of the Complaint and of this Order with the Clerk of the District Court for every federal judicial district in which the Receiver has reason to believe Receivership Property may be found (the "**Receivership Filings**"). Notwithstanding the ten-day time limitation set forth in 28 U.S.C. § 754, the Receiver may apply to the Court for an extension of time within which to complete the Receivership Filings. Subject to the Court's discretion, such applications shall be freely granted to enable the provisions of this Order to be carried out; and

(c)     The Receiver shall, when practicable, file in this action an inventory of all property of which he has taken possession pursuant to this Order and shall conduct periodic accountings thereafter.

39.     The scope of the Receiver's duties to the Plaintiffs are solely as follows: (a) to preserve the Receivership Property and protect it from dissipation and diminution in value; (b) to conduct the business and affairs of the Borrowers related to the Receivership Property; and (c) to assess whether a sale of the Receivership Property would maximize value, and, following that assessment and if appropriate in the Receiver's reasonable judgment, implement an organized sale process of the Receivership Property, whether in whole or part. The Receiver shall owe no duty, fiduciary or otherwise, to any other lender or party in interest.

## PRELIMINARY INJUNCTION IN AID OF THE RECEIVER

**IT IS FURTHER ORDERED** that, except by leave of the Court, during the pendency of the receivership ordered herein, Defendants and all of their customers, principals, investors, collectors, stockholders, members, managers, lessors, other creditors, judgment holders, and/or other persons seeking to establish or enforce any claim, debt, right, lien, and/or interest against Defendants, or any of their subsidiaries or affiliates, and/or all others acting for or on behalf of such persons, attorneys, trustees, agents, sheriffs, constables, marshals, and/or any other officers and their deputies, and their respective attorneys, servants, agents, and/or employees, be and are hereby stayed from:

ORDER APPOINTING RECEIVER

313424725v.7

1.      Interfering, hindering or molesting in any way the Receiver in the performance of the Receiver's duties and other performance of any duties incidental thereto;

2.      Transferring, directly or indirectly, any interest by sale, gift, pledge, grant of security interest, assignment or encumbrance in any manner the Receivership Property or proceeds thereof;

3.      Diverting any water from any of the real property subject to this Order to or for the benefit of any non-Defendant entity, except to the extent that such diversion is made consistent with a valid water supply agreement or similar agreement between such party and Borrower and the Receiver has not terminated or rejected such agreement.;

4.      Moving the physical location of Receivership Property from any location where Defendants are conducting business or storing the Receivership Property, or any proceeds and products thereof, from the business premises except at the direction of the Receiver;

5.      Transferring, concealing, destroying, defacing, or altering any of Defendants' books and records for the Receivership Property;

6.      Demanding, collecting, receiving, or in any other way diverting or using any of the receipts, rents, issues, profits, and or proceeds emanating from the Receivership Property;

7.      Causing any mail, express or overnight or personal delivery of Defendants in their capacity as the owner, manager or operator of the Receivership Property to be forwarded to any addresses other than the business address of each of the Borrowers, or otherwise interfering with or intercepting any mail, express or overnight or personal delivery intended for Defendants in their capacity as the owner, manager or operator of the Receivership Property;

8.      Failing to cooperate and failing to cause any related entity to cooperate with or reasonably assist Receiver, including immediately advising of the nature and extent of insurance coverage and contracts, or refusing to immediately turn over to the Receiver all contracts, monies, checks, or proceeds belonging to or for the benefit of the Borrowers or relating to the Receivership Property and/or failing to make available to the Receiver all books and records of Defendants relating to the Receivership Property;

9.      Terminating, modifying, or otherwise amending any contract or agreement with a third party that in any way relates to Receivership Property, including but not limited to Defendants' vendors, without the Receiver's express written consent; and

14

ORDER APPOINTING RECEIVER

10.     Plaintiffs and their officers, employees, and agents and the Receiver shall have immediate access to all business premises of Defendants and their related entities that are related to the Receivership Property and the books and records of the foregoing to enable Plaintiffs and the Receiver to review and inspect the goods, farm products, inventory, and other Receivership Property for the purposes of accounting and appraisal.

**IT IS FURTHER ORDERED** that except by leave of the Court, during the pendency of the receivership ordered herein, Defendants and all of their investors, shareholders, members, managers, collectors, lessors, customers, tenants, junior lien holders of the Receivership Property, and other persons seeking to establish or enforce any claim, right or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, including attorneys, trustees, agents, sheriffs, constables, marshals and other officers and their deputies, and their respective attorneys, agents, servants, and employees be and are hereby stayed from the following without further order of the Court:

1.     Commencing, prosecuting, continuing or enforcing any suit or proceeding against Defendants, except as such actions may be filed to toll any applicable statutes of limitations, with respect to the Receivership Property;

2.     Commencing, prosecuting, continuing or entering into any suit or proceeding in the name or on behalf of Defendants with respect to the Receivership Property;

3.     Accelerating the due date of any obligation or claimed obligation in connection with, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, any Receivership Property or attempting to foreclose, forfeit, alter, or terminate any of Defendants' interest in any Receivership Property, including, without limitation, the establishment, granting or perfection of any security interest, whether such acts are part of a judicial proceeding or otherwise with respect to the Receivership Property;

4.     Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any Receivership Property, wheresoever located; and

ORDER APPOINTING RECEIVER

313424725v.7

5. Doing any act or thing whatsoever to interfere with the Receiver taking control, possession or management of the Receivership Property or any other property subject to this receivership, or to in any way interfere with the Receiver, or to harass or interfere with the duties of the Receiver, or to interfere in any manner with the exclusive jurisdiction of the Court over the property and assets of Defendants.

**IT IS SO ORDERED.**

DATED:_____          _____

Hon. Kirk E. Sherriff
United States District Judge

---

ORDER APPOINTING RECEIVER

313424725v.7