SEYFARTH SHAW LLP
M. Ryan Pinkston (SBN 310971)
rpinkston@seyfarth.com
Brandon K. Franklin (SBN 303373)
bfranklin@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Plaintiffs
THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA; AND PGIM
REAL ESTATE FINANCE, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; and PGIM REAL ESTATE FINANCE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ACDF, LLC; ASSEMI AND SONS, INC.; AVILA RANCH EA, LLC; BEAR FLAG FARMS, LLC; C & A FARMS, LLC; CANTUA ORCHARDS, LLC; DA REAL ESTATE HOLDINGS, LLC; FAVIER RANCH, LLC; FG2 HOLDINGS LLC; GRADON FARMS, LLC; GRANVILLE FARMS, LLC; GRANTLAND HOLDINGS NO. 1, LLC; GRANTLAND HOLDINGS NO. 2, LLC; GRANTOR REAL ESTATE INVESTMENTS, LLC; GVM INVESTMENTS, LLC; GV AG, LLC; LINCOLN GRANTOR FARMS, LLC; MARICOPA ORCHARDS, LLC; PANOCHE PISTACHIOS, LLC; SAGEBERRY FARMS, LLC; DEREK BELL; and RACHEL MARIE WHITE,<br><br>Defendant. | Case No. 1:24-cv-01102-KES-SAB<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION REGARDING MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION** |

1

## *EX PARTE* APPLICATION REGARDING MOTION FOR APPOINTMENT OF RECEIVER AND FOR PRELIMINARY INJUNCTION

Now come Plaintiff THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and PGIM REAL ESTATE FINANCE, LLC (collectively, "**Plaintiff**") each in its own capacity as a lender and PGIM REF also in its capacity as special servicer for and on behalf of PAR U HARTFORD LIFE & ANNUITY COMFORT TRUST, a New York trust ("**Hartford Trust**" and together with Plaintiff, "**Lender**"), by and through their counsel, and for their *Ex Parte Application Regarding Motion for Appointment of Receiver and for Preliminary Injunction* (the "**Application**"), state as follows:

Substantially contemporaneously herewith, Plaintiff filed its *Ex Parte Motion for Appointment of Receiver and for Preliminary Injunction* (the "**Motion**").[1] Pursuant to the Motion, Plaintiff seeks, among other things, the appointment of a receiver to operate, preserve, and protect the Property, which Property serves as the collateral for Lender's Loans. Plaintiff seeks consideration of the Motion on an *ex parte* basis. This Application sets forth that Plaintiff has satisfied the requirements for the *ex parte* consideration of the Motion.

Pursuant to Section III of this Court's Standing Order in Civil Cases, a filer seeking *ex parte* consideration of a pleading must: (A) contact the courtroom deputy and the opposing parties prior to filing to advise them that the filing is being made; (B) indicate whether an objection will be filed; and (C) submit an affidavit explaining (1) the need for the issuance of an order on an *ex parte* basis, (2) the inability of the filer to obtain a stipulation for the issuance of such order from the opposing parties, and (3) why such request cannot be noticed on the Court's calendar pursuant to Local Rule 230. The affidavit of M. Ryan Pinkston is attached hereto as Exhibit 1 (the "**Affidavit**").

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

1   As set forth in the Affidavit, Plaintiff contacted the courtroom deputy on September 17 and 18, 2024 and contacted counsel for the Borrower[2] on September 18, 2024 to inform them that Plaintiff will be filing the Motion and Application and seeking *ex parte* relief.

Upon information and belief, the Borrower will object to the Motion.

In addition, the Affidavit sets forth the three additional criteria above. First, and as more fully set forth in the Motion and the Complaint, the Property, and particularly the trees and Crops, is subject to damage or destruction if not properly maintained. This maintenance requires significant, immediate cash outflows. Borrower has indicated to Plaintiff that Borrower does not have sufficient funds to operate beyond Monday of next week. However, Plaintiff believes that Borrower may only have sufficient fund to operate through this Friday and, nonetheless, if the Receiver is appointed it may take one or more days for Plaintiff to fund thereafter.

Further, Borrower operates as a grower and producer of pistachios, which serve as part of Lender's collateral. The pistachios are currently being harvested, which process began last week and may continue into October. This process requires significant weekly payments to third parties for the successful harvesting and processing of the pistachios. Because Borrower will not have sufficient funds to complete the harvest, they will be unable to harvest a significant portion of the pistachios, destroying their value.

As a result, if a receiver is not appointed on an emergency basis, then the Property – Lender's collateral securing its Loans – will not be properly maintained and face imminent damage.

Second, on September 17, 2024, Plaintiff shared their proposed *Order Appointing Receiver* (the "**Proposed Receiver Order**") with Borrower and requested that Borrower provide comments or stipulation thereto. In response, Borrower asserted that it would not review the Proposed Receiver Order whatsoever.

Third, this Court maintains civil law and motion dates on certain Mondays. The next available of such dates is September 23, 2024. However, as set forth in more detail above and in

---

[2] As of the date hereof, Plaintiff is unaware of any counsel for non-Borrower Defendant and does not possess any contact information for them.

the Motion, Borrower has indicated to Lender that it will not have sufficient funds to operate after Monday of next week. As a result, if the Motion is set for a hearing on September 23, 2024, the Borrower will not have adequate funds to operate and maintain the Property thereafter. However, it is likely that any order appointing the receiver would not be entered until several days thereafter, after the Court has taken the Motion, any other relevant papers, and any oral arguments under advisement. During this period, the Borrower would not have funds to operate or otherwise maintain the Property, which would likely result in damage to the Property, including the trees and Crops, which serves as Lender's collateral.

However, Local Rule 230(b) indicates that a motion will ordinarily be heard not less than thirty-five (35) days after service and filing of the motion. This Court's next scheduled hearing date at least thirty-five (35) days from the date of this filing is November 4, 2024. Such a delay would mean that the Property would not have been adequately maintained for approximately one and a half months, making it highly likely that the Property will suffer damage and destruction. Further, this delay would likely result in a failure to complete the harvest of the Crops, further significantly diminishing the value of Lender's collateral.

## **CONCLUSION**

Plaintiff has satisfied this Court's requirements for taking an *ex parte* request under submission. As such, Plaintiff respectfully requests that this Court accept this Application and take the Motion under *ex parte* consideration.

DATED: September 18, 2024            SEYFARTH SHAW LLP

                                     By    /s/ M. Ryan Pinkston
                                           M. Ryan Pinkston
                                           Attorneys for Plaintiff

4