MARY H. HAAS (State Bar No. 149770)
  maryhaas@dwt.com
JOHN D. FREED (State Bar No. 261518)
  jakefreed@dwt.com
MATTHEW E. LADEW (State Bar No. 318215)
  mattladew@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

JOSEPH M. VANLEUVEN (*pro hac vice pending*)
  joevanleuven@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon 97205
Telephone: (503) 778-5325
Fax: (503) 701-0023

Attorneys for
U.S. BANK NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; and PGIM REAL ESTATE FINANCE, LLC,<br><br>Plaintiffs,<br>vs.<br><br>ACDF, LLC; ASSEMI AND SONS, INC.; AVILA RANCH EA, LLC; BEAR FLAG FARMS, LLC; C & A FARMS, LLC; CANTUA ORCHARDS, LLC; DA REAL ESTATE HOLDINGS, LLC; FAVIER RANCH, LLC; FG2 HOLDINGS LLC; GRADON FARMS, LLC; GRANVILLE FARMS, LLC; GRANTLAND HOLDINGS NO. 1, LLC; GRANTLAND HOLDINGS NO. 2, LLC; GRANTOR REAL ESTATE INVESTMENTS, LLC; GVM INVESTMENTS, LLC; GV AG, LLC; LINCOLN GRANTOR FARMS, LLC; MARICOPA ORCHARDS, LLC; PANOCHE PISTACHIOS, LLC; SAGEBERRY FARMS, LLC; DEREK BELL; and RACHEL MARIE WHITE,<br><br>Defendants. | Case No. 1:24-cv-01102-KES-SAB<br><br>**PROPOSED INTERVENOR U.S. BANK, NATIONAL ASSOCIATION'S *EX PARTE* APPLICATION FOR LEAVE TO INTERVENE PURSUANT TO FRCP 24 FOR THE LIMITED PURPOSE OF FILING AN OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION; DECLARATION OF JOSEPH M. VANLEUVEN IN SUPPORT OF U.S. BANK'S *EX PARTE* APPLICATION** |

1

## EX PARTE APPLICATION FOR LEAVE TO INTERVENE

Pursuant to Fed. R. Civ. P. 24(a) and Section III of this Court's Standing Order in Civil Cases, proposed intervenor U.S. Bank National Association ("U.S. Bank") respectfully moves this Court for leave to intervene in the above-captioned matter for the limited purpose of filing U.S. Bank's Opposition brief to Plaintiff The Prudential Insurance Company of America's ("Plaintiff") *Ex Parte* Motion for Order Appointing Receiver and for Preliminary Injunction ("Motion").

Pursuant to Fed. R. Civ. P. 24(a), leave to intervene is mandatory.  U.S. Bank claims an interest in property subject to Plaintiff's Motion and is so situated that granting Plaintiff's Motion without permitting U.S. Bank the opportunity to be heard will wholly impede U.S. Bank from protecting its significant property interests.  In the alternative, the Court should grant permissive leave to intervene pursuant to Fed. R. Civ. P. 24(b).

In support of this Application, U.S. Bank relies upon the Memorandum of Points and Authorities set forth below, the Declaration of Joseph M. VanLeuven, and the factual and legal arguments raised in U.S. Bank's Opposition to the Motion, filed concurrently herewith.

Pursuant to Section III of this Court Standing Order in Civil Cases, U.S. Bank contacted Plaintiffs' and Defendants' counsel to obtain a stipulation permitting U.S. Bank to intervene.  While a stipulation could not be reached, Plaintiffs' and Defendants' counsel each has informed counsel that their clients will <u>not</u> oppose this Application.

DATED September 20, 2024

DAVIS WRIGHT TREMAINE LLP
Mary H. Haas
Joseph M. VanLeuven
John D. Freed
Matthew E. Ladew


By:*/s/ John D. Freed*

Attorneys for Proposed Intervenor
U.S. BANK, National Association

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

As discussed more fully in the Opposition to the Motion submitted by U.S. Bank concurrently herewith, Plaintiff's Motion, if granted, would wholly impair Proposed Intervenor from protecting its substantial interest in certain crops held by the Defendant farming entities (collectively, "Maricopa").  Proposed Intervenor has a significant security interest in the crops subject to the Plaintiff's proposed receivership and preliminary injunction.  Resolving Plaintiff's Motion without U.S. Bank's input would materially prejudice U.S. Bank's property interests.  The Court should grant leave to intervene for the limited purpose of opposing Plaintiff's Motion.

## II.   ARGUMENT

U.S. Bank is entitled to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a).  The Ninth Circuit applies the following four-factor test for determining if an applicant has a right to intervene under Rule 24(a)(2): "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (citation omitted).  The Ninth Circuit follows "'practical and equitable considerations' and construe[s] the Rule 'broadly in favor of proposed intervenors.'" *Id.* at 1179 (citations omitted).  U.S. Bank satisfies each prong of this test and therefore should be permitted to intervene as of right for the limited purpose of filing an Opposition to Plaintiff's Motion.

*First*, this Application is timely.  Timeliness is based on: (i) the stage of the proceedings; (ii) the prejudice to the other parties if intervention were granted; and (iii) the reasons for and length of delay, if any, in seeking intervention. *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 1997).  Plaintiff only filed this action three days ago, on September 16, 2024. U.S. Bank first received notice of Plaintiff's Motion on September 18, 2024, and promptly filed this Application the following day.  Finally, there is no prejudice to other parties if U.S. Bank is

permitted to file its Opposition—instead, permitting intervention will ensure that the issues raised in Plaintiff's Motion are fully and comprehensively addressed before the Court with all interested parties present.

*Second*, U.S. Bank has a significant protectable interest in the property subject to Plaintiff's Motion and, as a practical matter, will be impeded from protecting that interest if leave to intervene is not granted.  U.S. Bank's Opposition to the Motion provides extensive detail regarding its sizeable security interest in the property subject to Plaintiff's Motion.  Preventing U.S. Bank from intervening would result in serious prejudice to its property rights.  U.S. Bank must be permitted to speak as to its property interests and rights.

*Third*, U.S. Bank's interests cannot be adequately represented by the parties to this matter. Plaintiff and U.S. Bank, as discussed in the Opposition to the Motion, have directly conflicting interests with respect to the disposition of Maricopa's assets, which U.S. Bank has a secured interest in.  Further, U.S. Bank has instituted a separate action against many of the Defendants in the present matter to recover collateral and assets that U.S. Bank has an interest in.  Those same adverse parties cannot adequately represent U.S. Bank's interests here.

### III.   CONCLUSION

For the foregoing reasons and as more thoroughly discussed in U.S. Bank's Opposition to Plaintiff's Motion, U.S. Bank is entitled to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a).  U.S. Bank respectfully requests the Court grant this Application and permit U.S. Bank leave to intervene for the limited purpose of opposing Plaintiff's Motion.

DATED September 20, 2024

DAVIS WRIGHT TREMAINE LLP
Mary H. Haas
Joseph M. VanLeuven
John D. Freed
Matthew E. Ladew


By: /s/ John D. Freed


Attorneys for Proposed Intervenor
U.S. BANK, National Association

## **DECLARATION OF JOSEPH M. VANLEUVEN IN SUPPORT OF EX PARTE APPLICATION**

I, Joseph M. VanLeuven, hereby declare:

1. I am a partner at the law firm Davis Wright Tremaine LLP, counsel of record for Proposed Intervenor U.S. Bank National Association ("U.S. Bank"). I am licensed to practice law before the courts of the State of Oregon, the United States District Court for the District of Oregon, and the United States Court of Appeals for the Ninth Circuit. I have submitted an application for *pro hac vice* admission to appear before this Court.

2. I have personal knowledge of the facts stated herein and would competently testify thereto if called as a witness. I submit this Declaration in support of U.S. Bank's *Ex Parte* Application for Leave to Intervene Pursuant to FRCP 24 for the Limited Purpose of Filing an Opposition to Plaintiff's *Ex Parte* Motion ("Application").

3. Pursuant to Section III of this Court's Standing Order in Civil Cases, each *ex parte* application requires a declaration stating: "(1) the need for issuance of such an order, (2) the inability of the filer to obtain a stipulation for the issuance of such an order from other counsel or parties in the action, and (3) why such request cannot be noticed on the Court's civil law and motion calendar as provided by Local Rule 230."

### **THE NEED FOR AN ORDER**

4. The need for the requested order is set forth in the Points and Authorities above, and in U.S. Bank's proposed Opposition itself. U.S. Bank's rights in its crop collateral are at issue and would be put at risk by the *ex parte* appointment of a receiver prior to the harvest.

### **EFFORTS TO MEET AND CONFER AND STIPULATE**

5. I conferred with Plaintiff's and Defendants' counsel on September 20, 2024 and each informed me that their respective clients do not oppose this Application. However, due to the press of time, Plaintiff's counsel could not obtain authority to stipulate to this Application.

### **REQUEST CANNOT WAIT NORMAL MOTION CALENDAR**

6. Plaintiff's *ex-parte* Motion to appoint a receiver is set for hearing on September 24. U.S. Bank's Application for leave to intervene will be moot if it is not decided prior to or at that hearing.

7. Once the Court sets a specific time and location for the hearing on the Application, I will promptly provide further notice to Plaintiff's counsel of the specific location and time set by the Court.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 20, 2024, at Portland, Oregon.

_____
Joseph M. VanLeuven