THOMAS A. WOODS, Bar No. 210050
thomas.woods@stoel.com
MICHELLE J. ROSALES, Bar No. 343519
michelle.rosales@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA  95814
Telephone:  916.447.0700
Facsimile:  916.447.4781

Attorneys for Interested Third Parties and Potential Intervenors METROPOLITAN LIFE INSURANCE COMPANY, BRIGHTHOUSE LIFE INSURANCE COMPANY, and METLIFE REAL ESTATE LENDING LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; and PGIM REAL ESTATE FINANCE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ACDF, LLC; ASSEMI AND SONS, INC.; AVILA RANCH EA, LLC; BEAR FLAG FARMS, LLC; C & A FARMS, LLC; CANTUA ORCHARDS, LLC; DA REAL ESTATE HOLDINGS, LLC; FAVIER RANCH, LLC; FG2 HOLDINGS LLC; GRADON FARMS, LLC; GRANVILLE FARMS, LLC; GRANTLAND HOLDINGS NO. 1, LLC; GRANTLAND HOLDINGS NO. 2, LLC; GRANTOR REAL ESTATE INVESTMENTS, LLC; GVM INVESTMENTS, LLC; GV AG, LLC; LINCOLN GRANTOR FARMS, LLC; MARICOPA ORCHARDS, LLC; PANOCHE PISTACHIOS, LLC; SAGEBERRY FARMS, LLC; DEREK BELL; and RACHEL MARIE WHITE,<br><br>Defendants. | Case No. 1:24-cv-01102-KES-SAB<br><br>**OBJECTION BY INTERESTED THIRD PARTIES AND POTENTIAL INTERVENORS METROPOLITAN LIFE INSURANCE COMPANY, BRIGHTHOUSE LIFE INSURANCE COMPANY, AND METLIFE REAL ESTATE LENDING LLC RE [PROPOSED] ORDER APPOINTING RECEIVER WITH LIMITED AUTHORITY**<br><br>**[DKT. 33]**<br><br>Date Action Filed: September 16, 2024 |

**OBJECTION BY INTERESTED THIRD PARTIES OF RECORD**

Pursuant to the Court's September 23, 2024 Minute Order re Docket No. 33, Interested Third Parties Metropolitan Life Insurance Company ("MetLife"), MetLife Real Estate Lending LLC, and Brighthouse Life Insurance Company (collectively "MetLife Entities"), respectfully lodge this limited objection to the Agreed [Proposed] Order Appointing Receiver With Limited Authority ("Proposed Order"). (Dkt. # 33). MetLife Entities hereby attempt to express the problem with, and propose a solution to, the form of Proposed Order.

### 1. The Problem with the Proposed Order.

MetLife Entities are interested third parties that possess record interests on title, including priority lien interests, to Receivership Property. (See Dkt # 27). The Proposed Order – giving Plaintiffs and their Receiver authority to finance and oversee the "completion of pistachio and almond harvest for all properties of Borrowers, *whether or not such specific properties are subject to deeds of trust in favor of Plaintiffs*"[1] – would self-evidently entangle non-parties like the MetLife Entities in the Plaintiff-Defendant relationship in a manner to which the MetLife Entities never agreed to or even negotiated.

Styled as an emergency effort to save the Defendants' pistachio harvest, the Plaintiff's $32MM lending initiative, creates de facto and equitable relationships with third parties like the MetLife Entities, who have not been approached with any specific proposal, should there be one, as to what will happen if and when Plaintiffs seek reimbursement for completion of pistachio and almond harvesting (or other activities) on property that Plaintiffs appear to admit they do not already possess an interest or priority interest in. (See Dkt # 33, at 4: 22-25). The lack of detail and information in the Proposed Order or discussions around it makes it impossible for MetLife Entities to know whether and to what extent they should intervene in this matter.

### 2. The Recommended Solution to the Problem Presented by the Proposed Order.

Should the Proposed Order enter, the MetLife Entities request that any order granting relief provide the Plaintiffs undertake to lend at their own risk without limiting or affecting in any way

---

[1] See Dkt # 33, at 4: 22-25 (emphasis added).

any security or lien rights existing in favor of secured creditor of the Defendants like the MetLife Entities. In addition, MetLife Entities request that any final order include a statement that the Order does not prevent MetLife Entities from filing their own actions to enforce their own contractual and lien rights and/or seek their own orders for receivership over their respective interests in Borrowers' real property or personalty in which MetLife Entities hold an interest. Finally, MetLife Entities respectfully request that any Receiver appointed by the Order shall cooperate with the MetLife Entities and provide any reports required of the Farming Defendants or Receiver to MetLife Entities as a lender on Receivership Property.

Dated: September 24, 2024                             STOEL RIVES LLP


/s/ *Thomas A. Woods*
THOMAS A. WOODS
MICHELLE J. ROSALES
*Attorneys for Interested Third Parties and Potential Intervenors* METROPOLITAN LIFE INSURANCE COMPANY, BRIGHTHOUSE LIFE INSURANCE COMPANY, and METLIFE REAL ESTATE LENDING LLC