MCDERMOTT WILL & EMERY LLP
ROBERT BARTON (SBN 269455)
rbarton@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, California 90067
(310) 277-4110

MICHAEL S. NADEL (admitted *pro hac vice*)
mnadel@mwe.com
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

Attorneys for Defendants ACDF, LLC, Assemi and Sons, Inc., Bear Flag Farms, LLC, C & A Farms, LLC, Cantua Orchards, LLC, Favier Ranch, LLC, Gradon Farms, LLC, Lincoln Grantor Farms, LLC, Maricopa Orchards, LLC, Panoche Pistachios, LLC, and Sageberry Farms, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,<br><br>Plaintiff,<br><br>v.<br><br>ACDF, LLC, et al.,<br><br>Defendants. | No. 1:24-cv-01102-KES-SAB<br><br>**THE FARMING DEFENDANTS' RESPONSE TO PRUDENTIAL'S MOTION TO CONTINUE AND EXPAND RECEIVERSHIP**<br><br>Hearing:<br>Date: October 29, 2024<br>Time: 1:30 p.m. PDT<br>Location: Courtroom 6 and by Zoom |

Defendants ACDF, LLC, Assemi and Sons, Inc., Bear Flag Farms, LLC, C & A Farms, LLC, Cantua Orchards, LLC, Favier Ranch, LLC, Grandon Farms, LLC, Lincoln Grantor Farms, LLC, Maricopa Orchards, LLC, Panoche Pistachios, LLC, and Sageberry Farms, LLC (collectively, the "Farming Defendants") respectfully respond to Prudential's motion to continue and expand the receivership (ECF No. 59).

1. The Farming Defendants do not oppose continuing the receivership on the substantially the same terms set forth in the Agreed Order Appointing Receiver with Limited Authority (ECF No. 51).

2. The Farming Defendants *do*, however, oppose Prudential's attempt to shoe-horn a significant expansion of the receiver's powers into the instant motion.  Prudential's effort was not authorized by the Court and is contrary to the Local Rules.

The Court ordered:  "A hearing on whether the receivership should be continued shall be set for October 22, 2024 at 1:30 P.M. (PT), with parties able to appear via Zoom.  On or before October 11, 2024, Parties shall file pleadings as to whether the receivership should be continued . . ."  ECF No. 51 ¶ 23.  The hearing date was changed to October 30, 2024, but the purpose of the hearing remains the same:  To determine whether the receivership should be continued.  And that was to be the subject of the pleadings the Parties filed.  Prudential filed a "Motion in Support of Continuation of Receiver."  ECF No. 59.  Prudential "hereby moves the Court for a continuation of the receivership that is currently in effect pursuant to the Agreed Order Appointing Receiver with Limited Authority."  *Id.* at 2.  All so far so good.  But Prudential buried the lede.  On page 4, we learned:  "In addition, and as set forth in more detail below, the scope of the receivership should be expanded consistent with the terms of the Proposed Receiver Order, or such other order as the parties may negotiate and agree upon.  **This expansion would provide the Receiver with, among other things, the full control over the Receivership Property.**"  *Id.* at 4 (emphasis added).  Prudential made this request without any warning, let alone a substantive conference with the Farming Defendants.

The Court did not authorize Prudential to seek expansion of the receivership's powers.  This is, in effect, a *new* temporary receivership—a receiver with powers that Prudential tried but failed to obtain in the last go-around.  Prudential is seeking a

"temporary receiver" because it has not provided the 35 days required by L.R. 230(b) and the Farming Defendants did not agree to (and were not asked to agree to) lesser notice. *See* L.R. 232(a). A temporary receiver "shall not be appointed without notice to the party sought to be subjected to receivership except upon an appropriate showing of necessity and immediacy of potential harm." L.R. 232(b).

Prudential's motion does not even attempt to show immediacy of potential harm associated with continuing the existing receivership rather than expanding the receiver's powers. Prudential does not even *contend* that it, or any lender, would suffer harm under the status quo monitoring of its chosen receiver. To the contrary, Prudential writes: "the parties' agreed limited receivership structure has proved effective at supporting the preservation of assets and providing a clearer picture of the Borrowers' current financial situation, which will benefit all parties and the Court as the parties continue to negotiate a potential resolution." ECF No. 59 at 3. Given that the current structure has "proved effective," and absent any showing, or even attempt at a showing, that there would be harm without an expansion of the receiver's powers, Prudential's request for such an expansion must be denied.

3. In considering whether to appoint a receiver, courts look to: (1) whether the party seeking the appointment has a valid claim; (2) whether there is fraudulent conduct or the probability of fraudulent conduct by the defendant; (3) whether the property is in imminent danger of being lost, concealed, injured, diminished in value, or squandered; (4) whether legal remedies are inadequate; (5) whether the harm to plaintiff by denial of the appointment would outweigh injury to the party opposing appointment; (6) the plaintiff's probable success in the action and the possibility of irreparable injury to plaintiff's interest in the property; and (7) whether the plaintiff's interests sought to be protected will in fact be well-served by receivership. *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 844 (9th

RESPONSE TO MOTION TO CONTINUE AND EXPAND RECEIVERSHIP

Cir. 2009). Prudential has established that the *Canada Life* factors sufficiently favor a receivership to justify the *existing* receivership. But Prudential's paper makes no showing that *any* factor favors expanding the receiver's powers. Prudential has given the Court no evidence to reach that conclusion, which is *Prudential*'s burden.

4. In violation of Section I.C of the Court's standing order, Prudential did not meet and confer before filing this motion. That alone is a reason to deny the motion at this time.

5. But it gets worse. Prudential filed its Proposed Order Expanding Receivership and for Preliminary Injunction (ECF No. 59-1) as an "Agreed" Order. To be clear, it was not "Agreed." The Farming Defendants did not even know it was coming. To our knowledge, the intervenors, U.S. Bank and MetLife, did not "agree" to it either. Concerned the Court would understand the proposed order to be "agreed," the Farming Defendants immediately notified Prudential, which said this was a mistake that Prudential would correct. Prudential has not done so. Thus there is no agreed order.

6. Prudential's proposed agreed order also includes a preliminary injunction. But its motion does not even *mention* a request for a preliminary injunction. Prudential has made no showing—has not even attempted to make a showing—that a preliminary injunction is appropriate or that the preliminary injunction factors are satisfied. Prudential has given the Court no basis to conclude that there would be irreparable harm without a preliminary injunction or that the balance of equities favors Prudential.

*    *    *

Under federal law, appointing a "receiver is an extraordinary equitable remedy" that should be applied with caution. *Canada Life*, 563 F.3d at 844. Prudential's approach to this motion does not manifest the seriousness appropriate for the extraordinary relief it seeks. The Court should continue the receiver but should otherwise deny the motion.

Respectfully submitted,

MCDERMOTT WILL & EMERY LLP

By: /s/ *Michael S. Nadel*
Michael S. Nadel
Attorneys for the Farming Defendants

CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Notice of Electronic Filing.

By:   /s/ *Michael S. Nadel*
      Michael S. Nadel