MARY H. HAAS (State Bar No. 149770)
  maryhaas@dwt.com
JOHN D. FREED (State Bar No. 261518)
  jakefreed@dwt.com
MATTHEW E. LADEW (State Bar No. 318215)
  mattladew@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

JOSEPH M. VANLEUVEN (*admitted pro hac vice*)
  joevanleuven@dwt.com
DAVIS WRIGHT TREMAINE LLP
560 SW 10th Avenue, Suite 700
Portland, Oregon  97205
Telephone:  (503) 778-5325
Fax:  (503) 701-0023

Attorneys for Proposed Intervenor
U.S. BANK NATIONAL ASSOCIATION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; and PGIM REAL ESTATE FINANCE, LLC,<br><br>Plaintiffs,<br>vs.<br><br>ACDF, LLC; ASSEMI AND SONS, INC.; AVILA RANCH EA, LLC; BEAR FLAG FARMS, LLC; C & A FARMS, LLC; CANTUA ORCHARDS, LLC; DA REAL ESTATE HOLDINGS, LLC; FAVIER RANCH, LLC; FG2 HOLDINGS LLC; GRADON FARMS, LLC; GRANVILLE FARMS, LLC; GRANTLAND HOLDINGS NO. 1, LLC; GRANTLAND HOLDINGS NO. 2, LLC; GRANTOR REAL ESTATE INVESTMENTS, LLC; GVM INVESTMENTS, LLC; GV AG, LLC; LINCOLN GRANTOR FARMS, LLC; MARICOPA ORCHARDS, LLC; PANOCHE PISTACHIOS, LLC; SAGEBERRY FARMS, LLC; DEREK BELL; and RACHEL MARIE WHITE,<br><br>Defendants. | Case No. 1:24-cv-01102-KES-SAB<br><br>**U.S. BANK'S RESPONSE TO PLAINTIFFS' MOTION IN SUPPORT OF CONTINUATION OF RECEIVERSHIP** |

U.S. Bank National Association ("**U.S. Bank**") responds to Plaintiffs' *Motion in Support of Continuation of Receivership* (Doc. 59 and hereafter, the "**Motion**") as follows.

1. Since the Court entered its Agreed Order Appointing Receiver with Limited Authority ("**Receivership Order**") (Doc. 51), U.S. Bank has reached agreement with Plaintiffs to join in providing the financing for defendants' 2024 harvest (the "**Harvest Financing**").

2. U.S. Bank's portion of the Harvest Financing will pay for 100% of the cost to harvest the real properties that are <u>not</u> subject to Plaintiffs' deeds of trust (the "**Non-Pru Farmland**"), some of which properties serve as collateral for other lenders, such as MetLife, Conterra and Rabobank (the "**Other Lenders**"), and others of which are owned by defendants free and clear (the "**Free and Clear Farmland**").

3. U. S. Bank contends that it has the senior-priority security interest on all of Farming Defendants' crops and the proceeds thereof (the "**Crop Collateral**").  However, in consideration of Plaintiffs providing the Harvest Financing to cover the harvest costs on the properties that <u>are</u> subject to Plaintiffs' senior deeds of trust (the "**Pru Farmland**"),  U.S. Bank has agreed to split the proceeds from sale of crops grown on the Pru Farmland with Plaintiffs.

4. The Other Lenders all have intercreditor agreements with U.S. Bank that govern their respective priorities in the Crop Collateral.  Some of them may dispute U.S. Bank's claim to senior priority in the Crop Collateral from the non-Pru Farmland securing their loans.

5. Farming Defendants are already selling their 2024 crops, and the first large payments are expected to be made in the next week, with incoming proceeds projected to total over $11 million. U.S. Bank and Plaintiffs (and, we believe, the Other Lenders), share a desire to protect the incoming proceeds pending a determination of who is entitled to them.

6. U.S. Bank believes it would be far more efficient (and less confusing to the crop buyers) if a single receiver collects all the crop proceeds for disbursement to the lenders in accordance with their priorities.  To that end, U.S. Bank and Plaintiffs have engaged in lengthy discussions with the Other Lenders regarding terms under which the Receiver would be authorized to collect and disburse the proceeds, but we have not yet reached agreement.

7. Accordingly, U.S. Bank requests that the Court not grant Plaintiffs' Motion at this

time, but instead enter an order continuing the hearing on the Motion and providing the following protections:

    a. The deadline to file any pleadings opposing the continuation of the receivership be continued by seven days, from October 25, 2024 to November 1, 2024;

    b. The deadline for the Receiver to file a report summarizing the receivership be continued by seven days, from October 25, 2024 to November 1;

    c. The Receivership Hearing be continued by seven days, from October 29, 2024 at 1:30 p.m. (PT) to November 5, 2024 at 1:30 p.m. (PT), or to such other day and time reasonably thereafter as this Court determines;

    d. Pending the Receivership Hearing, the Receiver is authorized to collect <u>all</u> proceeds from Farming Defendants' crops harvested and sold in 2023 and 2024 (the "**Proceeds**");

    e. The Receiver shall deposit all Proceeds in a segregated account that the receiver shall hold (the "**Crop Account**"), and the Receiver shall be prohibited from using the Proceeds without further notice and order of the Court;

    f. Any and all security interests and liens that attached to the 2023 and 2024 Crops and related accounts receivable shall attach to the Proceeds with the same validity, extent, and priority as they had on the 2023 and 2024 Crops and related accounts receivable. This Order shall not prejudice any secured creditor's right to seek enforcement remedies or take other such actions, including but not limited to the seeking of the appointment of a receiver as to its interests in other property.

    g. Farming Defendants shall immediately remit any Proceeds that they receive to the Receiver, for deposit in the Crop Account;

    h. The Receiver shall keep and maintain records allowing him to determine the amounts and sources of all Proceeds he collects or otherwise receives, sufficient to enable him to determine the amounts of Proceeds attributable from crops grown on the respective lenders' collateral properties, and the years in which the subject crops were harvested;

i. The Receiver's authority to collect Proceeds from crops grown on the non-Pru Farmland that is not Free and Clear Farmland shall terminate on the day following the Receivership Hearing if not continued by the Court, subject to further Order of this Court; and

j. Paragraph 5 of this Court's Order entered on September 25, 2024 (Dkt. No. 51) is amended by extending the applicable end date from November 1, 2024 to November 6, 2024.

8. Alternatively, if the Court is inclined to grant the Motion now, the resulting Order should include provisions (a) protecting U.S. Bank's priority in the 2023 and 2024 Crops and Crop Proceeds from the non-Pru Farmland similar to those set forth above, and (b) authorizing the Receiver to pay U.S. Bank its share of the 2023 and 2024 Crops and Crop Proceeds from the Pru Farmland (in the amount agreed by U.S. Bank and Plaintiffs) and 100% of the 2023 and 2024 Crops and Crop Proceeds the from Free and Clear Farmland.

DATED October 25, 2024

DAVIS WRIGHT TREMAINE LLP
Mary H. Haas
Joseph VanLeuven
John D. Freed
Matthew E. Ladew

By: */s/ John D. Freed*
    John D. Freed

Attorneys for
U.S. BANK, National Association