THOMAS A. WOODS, Bar No. 210050
thomas.woods@stoel.com
MICHELLE J. ROSALES, Bar No. 343519
michelle.rosales@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700
Facsimile: 916.447.4781

Attorneys for Interested Third Parties and Potential Intervenors METROPOLITAN LIFE INSURANCE COMPANY, BRIGHTHOUSE LIFE INSURANCE COMPANY, and METLIFE REAL ESTATE LENDING LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; and PGIM REAL ESTATE FINANCE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ACDF, LLC; ASSEMI AND SONS, INC.; AVILA RANCH EA, LLC; BEAR FLAG FARMS, LLC; C & A FARMS, LLC; CANTUA ORCHARDS, LLC; DA REAL ESTATE HOLDINGS, LLC; FAVIER RANCH, LLC; FG2 HOLDINGS LLC; GRADON FARMS, LLC; GRANVILLE FARMS, LLC; GRANTLAND HOLDINGS NO. 1, LLC; GRANTLAND HOLDINGS NO. 2, LLC; GRANTOR REAL ESTATE INVESTMENTS, LLC; GVM INVESTMENTS, LLC; GV AG, LLC; LINCOLN GRANTOR FARMS, LLC; MARICOPA ORCHARDS, LLC; PANOCHE PISTACHIOS, LLC; SAGEBERRY FARMS, LLC; DEREK BELL; and RACHEL MARIE WHITE,<br><br>Defendants. | Case No. 1:24-cv-01102-KES-SAB<br><br>**JOINT *EX PARTE* APPLICATION FOR LEAVE TO INTERVENE PURSUANT TO FRCP 24 – FOR THE LIMITED PURPOSE OF OBJECTING TO PLAINTIFF'S [AGREED] [PROPOSED] ORDER EXPANDING RECEIVERSHIP AND FOR PRELIMINARY INJUNCTION – BY INTERESTED THIRD PARTIES AND POTENTIAL INTERVENORS METROPOLITAN LIFE INSURANCE COMPANY, BRIGHTHOUSE LIFE INSURANCE COMPANY, AND METLIFE REAL ESTATE LENDING LLC**<br><br>**[DKT. 59-1]**<br><br>Action Filed: September 16, 2024 |

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

JOINT INTERVENORS' EX PARTE APPLICATION FOR LEAVE TO INTERVENE TO FILE OBJECTION

-1-   CASE NO. 1:24-CV-01102-KES-SAB

126605127.1 0053564-00653

**<u>EX PARTE APPLICATION FOR LEAVE TO INTERVENE AND FILE OBJECTION</u>**

Pursuant to Fed. R. Civ. Proc. 24, interested parties and proposed potential intervenors Metropolitan Life Insurance Company ("**MetLife**"), Brighthouse Life Insurance Company ("**Brighthouse**") and MetLife Real Estate Lending LLC ("**MREL**"), collectively "**Joint Intervenors**," jointly and respectfully move this Court for leave to intervene for the limited purpose of filing an Objection to the PLAINTIFF'S [AGREED] [PROPOSED] ORDER EXPANDING RECEIVERSHIP AND FOR PRELIMINARY INJUNCTION (Dkt. 59-1) pursuant to the Court's October 16, 2024 Minute Order (Dkt. 61), as a matter of right under Federal Rule of Civil Procedure 24(a).

<u>Joint Intervenors' timely objection is filed concurrently herewith</u>.

Joint Intervenors are interested third parties that possess record interests on title to property at issue in Plaintiff's Proposed Orders, Docket Nos. 33 and 59-1 ("**Joint Intervenor Property**"). (See e.g., Dkt. 27, 27-2, 27-3.)

Joint Intervenors are now in the process of obtaining their own Receiver over their own real and personal property interests related to this case.

Plaintiff seeks an order both conflicting with now-pending Joint Intervenor motions for appointment of a receiver, *and* the limitations previously set forth in Docket No. 51, which expressly limited Plaintiff's involvement with Joint Intervenors' priority property interests. Plaintiff now seeks an unnecessary and expansive order granting its receiver "sole control over all of the: (a) Property; (b) Farming Defendants' respective business operations in connection with Property; and (c) Farming Defendants' claims, demands, or causes of action of any kind, character or description, regardless of the legal principle or theory upon which the same may be based, whether known or unknown, liquidated or unliquidated, contingent or absolute, accrued or unaccrued, matured or unmatured, insured or uninsured, joint or several, determined or undetermined, determinable or otherwise, wherever located, solely related to or arising out of the Property." (Dkt. 59-1, 5: 8-14.)

These proceedings now involve the entanglement of interested non-parties like the Joint Intervenors in the Plaintiff-Defendant relationship in a manner to which the Joint Intervenors never

agreed to or even negotiated.  Limits on the pending [PROPOSED] Order (Dkt. 59-1) are needed to ensure that Joint Intervenors (and entities like them) are not prejudiced by the Plaintiff's Receivership if granted or by the lack of detail and information in the Proposed Order.

Dated: October 25, 2024　　　　　　　　　　STOEL RIVES LLP


　　　　　　　　　　　　　　　　　　　　　/s/ *Thomas A. Woods*
　　　　　　　　　　　　　　　　　　　　　THOMAS A. WOODS
　　　　　　　　　　　　　　　　　　　　　MICHELLE J. ROSALES
　　　　　　　　　　　　　　　　　　　　　*Attorneys for Interested Parties and Proposed Intervenors*
　　　　　　　　　　　　　　　　　　　　　METROPOLITAN LIFE INSURANCE COMPANY; BRIGHTHOUSE LIFE INSURANCE COMPANY; AND METLIFE REAL ESTATE LENDING LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

The Joint Intervenors have a direct and immediate protectable interest in the outcome of this proceeding, and therefore intervention is proper. (See e.g., Dkt. 27, 27-2 and 27-3).  The Joint Intervenors timely submit their objection and claim interests in property and security that is at issue in Plaintiffs' request for an "expanded" Receivership and defined "Receivership Property". (Dkt. # 59-1).  Joint Intervenors are situated such that granting the Proposed Order without permitting them the opportunity to be heard will wholly impede the Joint Intervenors from protecting their interests.

## II.    ARGUMENT

### A.    Joint Intervenors Meet the Fed. R. Civ. P. 24(a) Standard.

While the applicant has the burden to show that all of the requirements for intervention have been met, in determining whether to permit intervention, a court is "guided primarily by practical considerations, not technical distinctions," and "the requirements are broadly interpreted in favor of intervention." *Citizens for Balanced Use.*, 647 F.3d at 898 (9th Cir. 2011).

The Ninth Circuit has held that FRCP 24(a) should be construed "liberally in favor of potential intervenors." *State ex.rel. Lockyer v. Chao*, 450 F.3d 436, 440 (9th Cir. 2006). The Ninth Circuit has adopted a four-part test to determine if intervention is appropriate: "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (citation omitted).  The Joint Intervenors satisfy all prongs of the test.

### 1.    Joint Intervenors' Request is Timely.

In determining whether a motion to intervene is timely, the court examines: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *Orange County v. Air California,* 799 F.2d 535, 537 (9th Cir. 1986).

Plaintiffs filed the Proposed Order at issue on October 11, 2024 (Dkt. 59-1).  The Court, in Docket No. 61 directed the filing of objections by today's date.  Allowing Joint Intervenors' intervention or opportunity to object at this point will not delay or cause prejudice to any party.

**2.    Joint Intervenors Have a Protectable Interest.**

In the Ninth Circuit, "an applicant has a significant protectable interest 'in an action if (1) it asserts an interest that is protected under some law, and (2) there is a relationship' between its legally protected interest and the plaintiffs' claims." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998); *U.S. v. County of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002).

Here, the Proposed Order and supporting documents concedes that the Receivership, and "Receivership Property," includes that in which Plaintiffs *do not hold* an interest of record.  (See Dkt ## 33, at 4: 22-25, 59-1). The Complaint[1] and Proposed Order expressly include property interests in which Joint Intervenors hold a priority record lien and security interests. (Dkt. ## 27, 27-2, 27-3, 33, 59-1).

**3.    Joint Intervenors Will Suffer Impairment.**

"A party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interest as a result of the pending litigation." *City of Emeryville*, 621 F.3d at 1259 (9th Cir. 2010).  As proposed intervenors, Joint Intervenors must show only that impairment of its substantial legal interest is possible if intervention is denied. *See Citizens for Balanced Use*, 647 F.3d at 898 (the standard is whether "the disposition of this action may, as a practical matter, impair or impede Applicants' ability to protect their interest [and] [i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene....").

Allowing Joint Intervenors leave to file an Objection will allow them to participate in this action in which they have a significant, identifiable protectable priority interests, and will prevent or reduce inefficient and duplicative litigation in the future.  Leave will enable Joint Intervenors to be heard on concerns ranging from questions about whether or how Plaintiffs will seek reimbursement from Joint Intervenors for Receivership activities that Joint Intervenors would

---

[1]  (Dkt. #1, Ex. 3; Dkt. ## 27, 27-2, 27-3, 59-1).

otherwise have had no say in, or as to what is happening with irrigation or cultural management of Receivership Property that is not property Plaintiff holds interest in.

### 4. Inadequate Representation.

In determining adequacy of representation, courts consider the following factors: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *Citizens for Balanced Use*, 647 F.3d at 898.,"[A]ny doubt as to whether the existing parties will adequately represent the intervenor should be resolved in favor of intervention." *Calif. Dumpruck Owners Ass'n v. Mary Nichols, et al.*, 275 F.R.D. 3 03, 307 (E.D. Cal. 2011), *citing Fed. Sav. & Loan, Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F. 2d 211, 216 (11th Cir. 1993). The burden of showing that existing parties may not adequately represent the intervenor's interest is a minimal one. *Id*.

The Proposed Order does not purport to represent or protect Joint Intervenors interests with respect to specific property and secured interests, water rights, and easements. For example, the Proposed Order discusses granting Plaintiff's Receiver the power of "**termination of any contract**, employment arrangement and all other aspects of any business operation in connection with or otherwise related to the Receivership Property." (Dkt. 59-1, 6: 16-18). This unreasonably expansive power gives Plaintiff the authority to terminate contracts not limited to "water agreements" of record that Joint Intervenors hold interest in and depend on to preserve their property interests.

**B.    Joint Intervenors Meet the Fed. R. Civ. P. 24(b) Standard.**

Alternatively, the Joint Intervenors seek to intervene based on Federal Rule of Civil Procedure 24(b) on the grounds that it has a claim or defense that shares with the main action common questions of law or fact. This Application is timely and is submitted less than a week after Plaintiffs' *ex parte* motion for assignment of receivership and preliminary injunction. Additionally, Plaintiffs' Complaint (and, including, but not limited to, Complaint Exhibit 3) includes property interests in which Joint Intervenors hold a priority record lien on and security interest in.

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

INTERVENORS' JOINT EX PARTE APPLICATION FOR
LEAVE TO INTERVENE TO FILE OBJECTION
126605127.1 0053564-00653

-6-

## III.  CONCLUSION

For the foregoing reasons, Joint Intervenors are entitled to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a), and, in the alternative, 24(b).  For these reasons, Joint Intervenors' Application for leave to intervene for the limited purpose of Objecting to the Proposed Order pursuant to the Court's October 16, 2024 Minute Order (Dkt # 61) should be granted and objections should be considered or otherwise heard on Tuesday, October 29, 2024 at 1:30 pm.

DATED:  October 25, 2024                STOEL RIVES LLP


*/s/ Thomas A. Woods*
THOMAS A. WOODS
MICHELLE J. ROSALES
Attorneys for Interested Third Parties and Potential Intervenors METROPOLITAN LIFE INSURANCE COMPANY, BRIGHTHOUSE LIFE INSURANCE COMPANY, and METLIFE REAL ESTATE LENDING LLC