THOMAS A. WOODS, Bar No. 210050
thomas.woods@stoel.com
MICHELLE J. ROSALES, Bar No. 343519
michelle.rosales@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700
Facsimile: 916.447.4781

Attorneys for Interested Third Parties and Potential Intervenors METROPOLITAN LIFE INSURANCE COMPANY, BRIGHTHOUSE LIFE INSURANCE COMPANY, and METLIFE REAL ESTATE LENDING LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; and PGIM REAL ESTATE FINANCE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ACDF, LLC; ASSEMI AND SONS, INC.; AVILA RANCH EA, LLC; BEAR FLAG FARMS, LLC; C & A FARMS, LLC; CANTUA ORCHARDS, LLC; DA REAL ESTATE HOLDINGS, LLC; FAVIER RANCH, LLC; FG2 HOLDINGS LLC; GRADON FARMS, LLC; GRANVILLE FARMS, LLC; GRANTLAND HOLDINGS NO. 1, LLC; GRANTLAND HOLDINGS NO. 2, LLC; GRANTOR REAL ESTATE INVESTMENTS, LLC; GVM INVESTMENTS, LLC; GV AG, LLC; LINCOLN GRANTOR FARMS, LLC; MARICOPA ORCHARDS, LLC; PANOCHE PISTACHIOS, LLC; SAGEBERRY FARMS, LLC; DEREK BELL; and RACHEL MARIE WHITE,<br><br>Defendants. | Case No. 1:24-cv-01102-KES-SAB<br><br>**JOINT OBJECTION BY INTERESTED THIRD PARTIES AND POTENTIAL INTERVENORS METROPOLITAN LIFE INSURANCE COMPANY, BRIGHTHOUSE LIFE INSURANCE COMPANY, AND METLIFE REAL ESTATE LENDING LLC RE PLAINTIFF'S [AGREED] [PROPOSED] ORDER EXPANDING RECEIVERSHIP AND FOR PRELIMINARY INJUNCTION**<br><br>[DKT. 59-1]<br><br>Action Filed:   September 16, 2024 |

Stoel Rives LLP
Attorneys at Law
Sacramento

OBJECTION TO [AGREED] [PROPOSED] ORDER EXPANDING RECEIVERSHIP
126604994.1 0053564-00653

-1-

CASE NO. 1:24-CV-01102-KES-SAB

### OBJECTION BY INTERESTED THIRD PARTIES OF RECORD

Pursuant to the Court's October 16, 2024 Minute Order re Docket No. 61, Interested Third Parties Metropolitan Life Insurance Company ("MetLife"), MetLife Real Estate Lending LLC ("MREL"), and Brighthouse Life Insurance Company ("Brighthouse"), collectively "Joint Intervenors", respectfully lodge this limited objection to PLAINTIFF'S [AGREED] [PROPOSED] ORDER EXPANDING RECEIVERSHIP AND FOR PRELIMINARY INJUNCTION ("Proposed Order"). (Dkt. # 59-1). Joint Intervenors hereby attempt to express the problem with, and propose a solution to, the form of Proposed Order.

But an effective *ex parte* request to go from a "monitoring" receivership to one having "sole" and complete control over *other lenders'* priority interests in real and personal property – and granting Plaintiff's Receiver the right to "terminate contracts" necessary for the preservation of other lenders' interests – should be a "non-starter" in any court.

### 1. Background and The Problem with the Proposed Order.

Joint Intervenors are interested third parties that possess record interests on title, including priority lien interests, in the Plaintiff's purported "Receivership Property".[1] Joint Intervenors are in the process of acquiring their own Receiver to protect their priority interests in real and personal property at issue in this litigation.[2] Plaintiff now seeks to derail those timely efforts by way of the Proposed Order. There is no justification for this.

At the onset of the above-captioned action, Plaintiff unsuccessfully attempted to acquire by motion an order appointing a receiver, which order would have entitled a Plaintiff's receiver to exercise complete dominion and control over Joint Intervenor Property. (See Dkt # 33). On the contention that it was merely "protecting itself," Plaintiff's motion sought to sweep in control of other lenders' priority interests in real and personal property of Defendant Borrowers in default. This order would have permitted a Plaintiff-receiver control over 78 acres of agricultural land on

---

[1] (See e.g., Dkt # 27; see also, *Metropolitan Life Insurance Company v. ACDF, LLC, et al.*, Case No. 1:24-cv-01261-KES-SAB, Compl., Dkt. 1, ¶¶ 22-29).

[2] (*Metropolitan Life Insurance Company v. ACDF, LLC, et al.*, Case No. 1:24-cv-01261-KES-SAB, *Ex Parte Application for Motion for Order to Appoint Receiver and for Preliminary Injunction*, Dkt. 11).

ATTORNEYS AT LAW
SACRAMENTO

OBJECTION TO [AGREED] [PROPOSED] ORDER EXPANDING RECEIVERSHIP
126604994.1 0053564-00653

-2-

CASE NO. 1:24-CV-01102-KES-SAB

which MetLife holds a first lien title interest. It would have permitted such Receiver to collect income Plaintiff holds no recorded priority interest in (such as crop proceeds and/or rents). It would have permitted Plaintiff to control Joint Intervenors' Water Rights of record (as described in Joint Intervenors' pleadings).[3]

On September 25, 2024, this Court observed and honored Joint Intervenors' objections to Plaintiff's receivership attempt, and it entered an Agreed Order Appointing Receiver *with Limited Authority*. (Dkt # 51 [italics added]).

With one or more Joint Intervenors on file to protect their own property with the assistance of a Receiver, Plaintiff is back at attempting to acquire what it could not acquire the last time. This Proposed Order (Dkt # 59-1) is "worse" than the previously attempted order, successfully objected to.

The Proposed Order – giving Plaintiffs and their Receiver authority to "further" finance Defendant Borrowers in default who just went further into debt in October – seeks to award Plaintiff's Receiver "sole" authority over Borrower property that includes Joint Intervenors' priority property of record. It affords Plaintiff's Receiver power of "**termination of any contract, employment arrangement and all other aspects of any business operation in connection with or otherwise related to the Receivership Property.**" (Dkt. 59-1, 6: 16-18 (bold added)). Authority such as this is unreasonably expansive and gives Plaintiff the authority to terminate contracts not limited to "water agreements" of record that Joint Intervenors hold interest in and depend on to preserve their property interests. (*See e.g., Metropolitan Life Insurance Company v. ACDF, LLC, et al.*, Case No. 1:24-cv-01261-KES-SAB, Compl., Dkt. 1, ¶¶ 22-29).

Styled as an emergency effort to sequester *money* (crop proceeds), Plaintiff continues to attempt to create de facto and equitable relationships with third parties like the Joint Interventors, who have not been approached with any specific proposal, should there be one, as to what will happen if and when Plaintiffs seek reimbursement for completion of pistachio and almond

---

[3] (*See e.g., Metropolitan Life Insurance Company v. ACDF, LLC, et al.*, Case No. 1:24-cv-01261-KES-SAB, Compl., Dkt. 1, ¶¶ 22-29).

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

OBJECTION TO [AGREED] [PROPOSED] ORDER EXPANDING RECEIVERSHIP
126604994.1 0053564-00653

-3-

CASE NO. 1:24-CV-01102-KES-SAB

harvesting (or other activities) on property that Plaintiffs appear to admit they do not already possess an interest or priority interest in. (See Dkt # 33, at 4: 22-25).

There was no meet and confer in advance of this Plaintiff submission.

There is no evidence or suggestion that Joint Intervenors' Receiver is incapable of taking care of Joint Intervenors' position in the property they are interested in.

### 2. **The Recommended Solution to the Problem Presented by the Proposed Order.**

The recommended solution for this proposed order is to deny it.

Let Plaintiff apply for a receivership that seeks to preserve and control its own priority interests, not those of other lenders.  Let other lenders control their own destiny and protect their own interests by investing in their own receivers now with harvest over.

Should the Proposed Order enter, the Joint Intervenors request that any order granting relief provide the Plaintiff undertake to lend at its own risk, without limiting or affecting in any way any security or lien rights existing in favor of secured creditor of the Defendants like any of the Joint Intervenors.  In addition, Joint Intervenors request that any final order include a statement that the Order does not prevent MetLife, Brighthouse or MREL from proceeding with their own motion(s) for receivership over their respective interests in Borrowers' real property or personalty, in which any of the Joint Intervenors hold an interest.  Finally, Joint Intervenors respectfully request that any Receiver appointed by the Order shall cooperate with the Joint Intervenors and provide any reports required of the Farming Defendants or Plaintiff's Receiver to the Joint Intervenors as individual lenders on Plaintiff's purported "Receivership Property".

Dated: October 25, 2024                                STOEL RIVES LLP

/s/ *Thomas A. Woods*
THOMAS A. WOODS
MICHELLE J. ROSALES
*Attorneys for Interested Third Parties and Potential Intervenors* METROPOLITAN LIFE INSURANCE COMPANY, BRIGHTHOUSE LIFE INSURANCE COMPANY, and METLIFE REAL ESTATE LENDING LLC

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

OBJECTION TO [AGREED] [PROPOSED] ORDER EXPANDING RECEIVERSHIP
126604994.1 0053564-00653

-4-

CASE NO. 1:24-CV-01102-KES-SAB