1   THOMAS A. WOODS, Bar No. 210050
    thomas.woods@stoel.com
2   MICHELLE J. ROSALES, Bar No. 343519
    michelle.rosales@stoel.com
3   STOEL RIVES LLP
    500 Capitol Mall, Suite 1600
4   Sacramento, CA  95814
    Telephone:  916.447.0700
5   Facsimile:  916.447.4781

6   Attorneys for Interested Third Parties and Potential
    Intervenors METROPOLITAN LIFE INSURANCE
7   COMPANY, BRIGHTHOUSE LIFE INSURANCE
    COMPANY, and METLIFE REAL ESTATE
8   LENDING LLC

9                  UNITED STATES DISTRICT COURT

10                 EASTERN DISTRICT OF CALIFORNIA

11                        FRESNO DIVISION

12   THE PRUDENTIAL INSURANCE            Case No. 1:24-cv-01102-KES-SAB
     COMPANY OF AMERICA; and PGIM REAL
13   ESTATE FINANCE, LLC,                **JOINT OBJECTION BY INTERESTED**
                                         **THIRD PARTIES AND POTENTIAL**
14                 Plaintiffs,           **INTERVENORS METROPOLITAN**
                                         **LIFE INSURANCE COMPANY,**
15        v.                             **BRIGHTHOUSE LIFE INSURANCE**
                                         **COMPANY, AND METLIFE REAL**
16   ACDF, LLC; ASSEMI AND SONS, INC.;   **ESTATE LENDING LLC RE**
     AVILA RANCH EA, LLC; BEAR FLAG      **PLAINTIFF'S [AGREED]**
17   FARMS, LLC; C & A FARMS, LLC;       **[PROPOSED] ORDER EXPANDING**
     CANTUA ORCHARDS, LLC; DA REAL       **RECEIVERSHIP AND FOR**
18   ESTATE HOLDINGS, LLC; FAVIER        **PRELIMINARY INJUNCTION**
     RANCH, LLC; FG2 HOLDINGS LLC;
19   GRADON FARMS, LLC; GRANVILLE
     FARMS, LLC; GRANTLAND HOLDINGS      **[DKT. 59-1]**
20   NO. 1, LLC; GRANTLAND HOLDINGS NO.
     2, LLC; GRANTOR REAL ESTATE
21   INVESTMENTS, LLC; GVM
     INVESTMENTS, LLC; GV AG, LLC;
22   LINCOLN GRANTOR FARMS, LLC;
     MARICOPA ORCHARDS, LLC; PANOCHE
23   PISTACHIOS, LLC; SAGEBERRY FARMS,
     LLC; DEREK BELL; and RACHEL MARIE   Action Filed:        September 16, 2024
24   WHITE,

25                 Defendants.

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

OBJECTION TO [AGREED] [PROPOSED]
ORDER EXPANDING RECEIVERSHIP              -1-        CASE NO. 1:24-CV-01102-KES-SAB
126604994.1 0053564-00653

## OBJECTION BY INTERESTED THIRD PARTIES OF RECORD

Pursuant to the Court's October 16, 2024 Minute Order re Docket No. 61, Interested Third Parties Metropolitan Life Insurance Company ("MetLife"), MetLife Real Estate Lending LLC ("MREL"), and Brighthouse Life Insurance Company ("Brighthouse"), collectively "Joint Intervenors", respectfully lodge this limited objection to PLAINTIFF'S [AGREED] [PROPOSED] ORDER EXPANDING RECEIVERSHIP AND FOR PRELIMINARY INJUNCTION ("Proposed Order").  (Dkt. # 59-1).  Joint Intervenors hereby attempt to express the problem with, and propose a solution to, the form of Proposed Order.

But an effective *ex parte* request to go from a "monitoring" receivership to one having "sole" and complete control over *other lenders'* priority interests in real and personal property – and granting Plaintiff's Receiver the right to "terminate contracts" necessary for the preservation of other lenders' interests – should be a "non-starter" in any court.

### 1.    Background and The Problem with the Proposed Order.

Joint Intervenors are interested third parties that possess record interests on title, including priority lien interests, in the Plaintiff's purported "Receivership Property".[1]  Joint Intervenors are in the process of acquiring their own Receiver to protect their priority interests in real and personal property at issue in this litigation.[2] Plaintiff now seeks to derail those timely efforts by way of the Proposed Order.  There is no justification for this.

At the onset of the above-captioned action, Plaintiff unsuccessfully attempted to acquire by motion an order appointing a receiver, which order would have entitled a Plaintiff's receiver to exercise complete dominion and control over Joint Intervenor Property. (See Dkt # 33). On the contention that it was merely "protecting itself," Plaintiff's motion sought to sweep in control of other lenders' priority interests in real and personal property of Defendant Borrowers in default. This order would have permitted a Plaintiff-receiver control over 78 acres of agricultural land on

---

[1] (See e.g., Dkt # 27; see also, *Metropolitan Life Insurance Company v. ACDF, LLC, et al.*, Case No. 1:24-cv-01261-KES-SAB, Compl., Dkt. 1, ¶¶ 22-29).

[2] (*Metropolitan Life Insurance Company v. ACDF, LLC, et al.*, Case No. 1:24-cv-01261-KES-SAB, *Ex Parte Application for Motion for Order to Appoint Receiver and for Preliminary Injunction*, Dkt. 11).

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

OBJECTION TO [AGREED] [PROPOSED]
ORDER EXPANDING RECEIVERSHIP
126604994.1 0053564-00653

-2-

CASE NO. 1:24-CV-01102-KES-SAB

1   which MetLife holds a first lien title interest. It would have permitted such Receiver to collect

2   income Plaintiff holds no recorded priority interest in (such as crop proceeds and/or rents).  It would

3   have permitted Plaintiff to control Joint Intervenors' Water Rights of record (as described in Joint

4   Intervenors' pleadings).[3]

5        On September 25, 2024, this Court observed and honored Joint Intervenors' objections to

6   Plaintiff's receivership attempt, and it entered an Agreed Order Appointing Receiver *with Limited*

7   *Authority*.  (Dkt # 51 [italics added]).

8        With one or more Joint Intervenors on file to protect their own property with the assistance

9   of a Receiver, Plaintiff is back at attempting to acquire what it could not acquire the last time. This

10   Proposed Order (Dkt # 59-1) is "worse" than the previously attempted order, successfully objected

11   to.

12        The Proposed Order – giving Plaintiffs and their Receiver authority to "further" finance

13   Defendant Borrowers in default who just went further into debt in October – seeks to award

14   Plaintiff's Receiver "sole" authority over Borrower property that includes Joint Intervenors'

15   priority property of record.  It affords Plaintiff's Receiver power of "**termination of any contract,**

16   **employment arrangement and all other aspects of any business operation in connection with**

17   **or otherwise related to the Receivership Property.**" (Dkt. 59-1, 6: 16-18 (bold added)).

18   Authority such as this is unreasonably expansive and gives Plaintiff the authority to terminate

19   contracts not limited to "water agreements" of record that Joint Intervenors hold interest in and

20   depend on to preserve their property interests. (*See e.g., Metropolitan Life Insurance Company v.*

21   *ACDF, LLC, et al*., Case No. 1:24-cv-01261-KES-SAB, Compl., Dkt. 1, ¶¶ 22-29).

22        Styled as an emergency effort to sequester *money* (crop proceeds), Plaintiff continues to

23   attempt to create de facto and equitable relationships with third parties like the Joint Interventors,

24   who have not been approached with any specific proposal, should there be one, as to what will

25   happen if and when Plaintiffs seek reimbursement for completion of pistachio and almond

26

27

28   [3] (*See e.g., Metropolitan Life Insurance Company v. ACDF, LLC, et al*., Case No. 1:24-cv-01261-KES-SAB, Compl., Dkt. 1, ¶¶ 22-29).

Stoel Rives LLP
Attorneys at Law
Sacramento

OBJECTION TO [AGREED] [PROPOSED]
ORDER EXPANDING RECEIVERSHIP                    -3-                    CASE NO. 1:24-CV-01102-KES-SAB
126604994.1 0053564-00653

1  harvesting (or other activities) on property that Plaintiffs appear to admit they do not already

2  possess an interest or priority interest in. (See Dkt # 33, at 4: 22-25).

3      There was no meet and confer in advance of this Plaintiff submission.

4      There is no evidence or suggestion that Joint Intervenors' Receiver is incapable of taking

5  care of Joint Intervenors' position in the property they are interested in.

6      **2.    The Recommended Solution to the Problem Presented by the Proposed Order.**

7      The recommended solution for this proposed order is to deny it.

8      Let Plaintiff apply for a receivership that seeks to preserve and control its own priority

9  interests, not those of other lenders.  Let other lenders control their own destiny and protect their

10  own interests by investing in their own receivers now with harvest over.

11     Should the Proposed Order enter, the Joint Intervenors request that any order granting relief

12  provide the Plaintiff undertake to lend at its own risk, without limiting or affecting in any way any

13  security or lien rights existing in favor of secured creditor of the Defendants like any of the Joint

14  Intervenors.  In addition, Joint Intervenors request that any final order include a statement that the

15  Order does not prevent MetLife, Brighthouse or MREL from proceeding with their own motion(s)

16  for receivership over their respective interests in Borrowers' real property or personalty, in which

17  any of the Joint Intervenors hold an interest.  Finally, Joint Intervenors respectfully request that any

18  Receiver appointed by the Order shall cooperate with the Joint Intervenors and provide any reports

19  required of the Farming Defendants or Plaintiff's Receiver to the Joint Intervenors as individual

20  lenders on Plaintiff's purported "Receivership Property".

21  Dated: October 25, 2024                    STOEL RIVES LLP

22

23                                             /s/ *Thomas A. Woods*
24                                             THOMAS A. WOODS
                                               MICHELLE J. ROSALES
25                                             *Attorneys for Interested Third Parties and*
                                               *Potential Intervenors* METROPOLITAN
26                                             LIFE INSURANCE COMPANY,
                                               BRIGHTHOUSE LIFE INSURANCE
27                                             COMPANY, and METLIFE REAL ESTATE
                                               LENDING LLC
28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

OBJECTION TO [AGREED] [PROPOSED]
ORDER EXPANDING RECEIVERSHIP
126604994.1 0053564-00653

-4-

CASE NO. 1:24-CV-01102-KES-SAB