1  DAVID A. WOOD, #272406
   dwood@marshackhays.com
2  MATTHEW W. GRIMSHAW, #210424
   grimshaw@marshackhays.com
3  AARON E. DE LEEST, #216832
   adeleest@marshackhays.com
4  MARSHACK HAYS WOOD LLP
   870 Roosevelt
5  Irvine, California 92620
   Telephone: (949) 333-7777
6  Facsimile: (949) 333-7778

7  Attorneys for Interested Party
   AMERICAN EQUITY INVESTMENT
8  LIFE INSURANCE COMPANY

9                    UNITED STATES DISTRICT COURT

10          EASTERN DISTRICT OF CALIFORNIA (FRESNO)

11

12  THE PRUDENTIAL INSURANCE COMPANY | USDC Case No. 1:24-cv-01102-KES-SAB
    OF AMERICA and PGIM REAL ESTATE
13  FINANCE, LLC,                        | **OPPOSITION TO PLAINTIFF'S**
                                         | **MOTION IN SUPPORT OF**
14                                       | **CONTINUATION OF RECEIVERSHIP**
                       Plaintiffs,       | **AND PROPOSED ORDER EXPANDING**
15  v.                                   | **RECEIVERSHIP AND FOR**
                                         | **PRELIMINARY INJUNCTION**
16  ACDF, LLC; ASSEMI AND SONS, INC.;
    AVILA RANCH EA, LLC; BEAR FLAG       | Hearing
17  FARMS, LLC; C & A FARMS, LLC; CANTUA | Date:   October 29, 2024
    ORCHARDS, LLC; DA REAL ESTATE        | Time:   1:30 p.m.
18  HOLDINGS, LLC; FAVIER RANCH, LLC;    | Ctrm:   6
    FG2 HOLDINGS LLC; GRADON FARMS,      | Place:  Robert E. Coyle United States
19  LLC; GRANVILLE FARMS, LLC;           |         Courthouse
    GRANTLAND HOLDINGS NO. 1, LLC;       |         2500 Tulare Street
20  GRANTLAND HOLDINGS NO. 2, LLC;       |         Fresno, CA  93721
    GRANTOR REAL ESTATE INVESTMENTS,
21  LLC; GVM INVESTMENTS, LLC; GV AG,
    LLC; LINCOLN GRANTOR FARMS, LLC;
22  MARICOPA ORCHARDS, LLC; PANOCHE
    PISTACHIOS, LLC; SAGEBERRY FARMS,
23  LLC; DEREK BELL; and RACHEL MARIE
    WHITE,
24
                       Defendants.
25

26

27

28
                                      1

Interested Party, American Equity Investment Life Insurance Company ("AEIL"), files this opposition to *Plaintiff's Motion in Support of Continuation of Receivership (the "Motion") and Proposed Order Expanding Receivership and for Preliminary Injunction ("Proposed Order")*, filed on October 11, 2024, as Dk. No. 59.[1]

1.    AEIL Background Facts

AEIL is a secured lender of defendants C & A Farms, LLC, Cantua Orchards, LLC, Gradon Farms, LLC, Granville Farms, LLC, Grantor Real Estate Investments, LLC, Lincoln Grantor Farms, LLC, and Maricopa Orchards, LLC (the "AEIL Defendant Borrowers").

AEIL holds recorded interests on title that include liens on property owned and/or operated by the AEIL Defendant Borrowers.  AEIL's recorded interests consist of liens on property that Plaintiffs may have a recorded lien on and property that Plaintiffs have no recorded lien on (i.e., Non-Receivership Property).[2]

AEIL acquired all of its recorded interests in its collateral and underlying loans by obtaining assignments of the beneficial interests under the respective recorded deeds of trust from the lender Conterra Agricultural Capital, LLC.  Copies of the recorded assignments are attached collectively as Exhibit "1" hereto.  The principal amount due AEIL in connection with all its recorded interests is in excess of $51 million.

2.    AEIL's Objection to the Motion and Proposed Order

AEIL is an interested third party that, as set forth above, holds recorded title interests on property that Plaintiffs may have a recorded lien on and property that Plaintiffs have no recorded lien on.  AEIL opposes the request in the Motion and Proposed Order to expand the receivership as follows:

First, if the Proposed Order is approved in its present form, it will intertwine and entangle AEIL's interests with the interests of Plaintiffs and other Real Estate Lenders, without respecting

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Proposed Order.
[2] AEIL is in the process of obtaining title reports to confirm whether it has a lien on any property that may be Plaintiffs' collateral.

OPPOSITION TO [AGREED] [PROPOSED] ORDER EXPANDING RECEIVERSHIP AND FOR PRELIMINARY INJUNCTION

1   AEIL's lien rights as a third-party secured creditor.  AEIL does not dispute Plaintiffs' efforts to

2   protect and preserve their own collateral.  However, Plaintiffs should not be permitted to obtain a

3   receiver (or expand the powers of any receiver) to include AEIL's collateral that is not subject to any

4   of Plaintiffs' deeds of trust.  AEIL's lien rights must be respected.  *See e.g.* S.E.C. v. Credit Bancorp,

5   Ltd., 386 F.3d 438, 447 (2d Cir. 2004); *S.E.C. v. Credit Bancorp, Ltd.*, 279 F. Supp. 2d 247, 260-61

6   (S.D.N.Y. 2003).  Any expansion of the receiver's authority must be limited to Plaintiffs' collateral

7   only and any proceeds that are subject to Plaintiffs' first priority liens and should include neither

8   AEIL's collateral that is not subject to a first priority lien in favor of Plaintiff nor Plaintiffs' efforts

9   to collect and administer any proceeds related to AEIL's collateral that is not subject to a first

10  priority lien in favor of Plaintiff.

11        Second, the Proposed Order contains terms that will, if allowed in their present form and not

12  clarified, affect AEIL's collateral and further harm AEIL's lien rights.  In particular, the Proposed

13  Order allows the receiver to: (a) use, abandon, and sell property free and clear of liens and outside of

14  the ordinary course of business without Court approval (Proposed Order, ¶¶ 4 and 25); (b) issue

15  receiver certificates priming existing lienholders (other than Plaintiffs) (Proposed Order, ¶ 13); and

16  (c) collect and hold proceeds of Non-Receivership Property (Proposed Order, ¶ 37).  Again, AEIL's

17  lien rights must be respected by the receiver and receivership estate and it is untenable to permit the

18  receiver to potentially sell, prime and/or collect AEIL's collateral as part of the Receiver Order.  To

19  the extent that the receiver seeks such relief in connection with AEIL's collateral in the future, he

20  should be required to separately brief and seek entry of an order authorizing such relief on motion

21  with evidence establishing that AEIL's interests would be protected.  Here, there is simply no

22  showing by Plaintiffs and no evidence to establish that AEIL's interests would be protected if

23  blanket authority is granted in the Receivership Order allowing such relief.

24        Third, the Proposed Order restricts and prevents AEIL's ability to protect and preserve its

25  own collateral, including collateral that is expressly defined as Non-Receivership Property.  In

26  particular, the preliminary injunction (Proposed Order, pg. 16-17), limits AEIL's ability to protect its

27  collateral.  However, that is not appropriate.  The Court's discretion is limited by traditional scope of

28

equity powers. *See* Fed. R. Civ. P. 66 ("[T]he practice in administering an estate by a receiver … must accord with the historical practice in federal courts or with a local rule.").  A federal court cannot issue an injunction that extends so far as to protect assets outside the receivership.  *See Digit. Media Sols., LLC v. S. Univ. of Ohio*, LLC, 59 F.4th 772, 774. 777–781, 785–790 (6th Cir. 2023) (citing *Greenbaum v. Lehrenkrauss Corp.*, 73 F.2d 285, 286 (2d Cir. 1934)).  Accordingly, the Proposed Order and any proposed injunction therein must not prejudice AEIL's (or any secured creditor) rights to seek enforcement remedies or take other such actions to protect its collateral, including but not limited to the seeking of the appointment of its own a receiver as to its interests in its collateral.

Fourth and finally, the Proposed Order seeks to deviate from the local rules in connection with notice of hearings for motions (Proposed Order, ¶¶ 5(b) and 6), employment and compensation of counsel and professionals (Proposed Order, ¶¶ 21 and 34), deposit of funds and establishing bank accounts (Proposed Order, ¶ 11), and the Receiver's bond[3] (Proposed Order, ¶ 6).  *See* L.R. 231 and 232 (f), (g), (h), and (i).  AEIL objects to the deviation from the local rules, which are in place to ensure due process and protect the receivership estate and interested parties, which include AEIL as a secured creditor.

3.   <u>Proposed Solution</u>

To the extent that the Court believes that it is appropriate to expand the receiver's powers as requested in the Motion, AEIL requests that the Court require that Plaintiffs' revise the Proposed Order and enter an agreed upon Proposed Order consistent with the red line attached as Exhibit "2" hereto.

/ / /

/ / /

/ / /

---

[3] The Proposed Order provides that Plaintiffs' bond and receivers' bond shall be $5,000 each.  AEIL suggests that such amounts are unnecessarily low and, given that the 2024 crop harvest is estimated to be valued at $100 million, should be substantially increased by the Court.

1    4.      Conclusion

2         For these reasons, the Court should deny Plaintiffs' Motion to expand the scope of the

3    receivership on the terms set forth in the Proposed Order.  AEIL prays for all other appropriate

4    relief.

5

6    Dated:  October 25, 2024                         MARSHACK HAYS WOOD LLP

7

8                                                     By:  _____

9                                                          MATTHEW W. GRIMSHAW
                                                          DAVID A. WOOD
                                                          AARON E. DE LEEST
10                                                         Attorneys for Interested Party,
                                                          AMERICAN EQUITY INVESTMENT LIFE
11                                                         INSURANCE COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO [AGREED] [PROPOSED] ORDER EXPANDING RECEIVERSHIP AND FOR PRELIMINARY
INJUNCTION

1  Declaration of Courtney Kaita

2  I, Courtney Kaita, say and declare as follows:

3      1.      I am an individual over 18 years of age and competent to make this Declaration.

4      2.      If called upon to do so, I could and would competently testify as to the facts set forth

5  in this Declaration.

6      3.      I have personal knowledge of the statements herein except where otherwise stated.

7      4.      I am the Co-Chief Investment Officer of American Equity Investment Life Insurance

8  Company ("AEIL").

9      5.      AEIL is a secured lender of defendants C & A Farms, LLC, Cantua Orchards, LLC,

10  Gradon Farms, LLC, Granville Farms, LLC, Grantor Real Estate Investments, LLC, Lincoln

11  Grantor Farms, LLC, and Maricopa Orchards, LLC (the "AEIL Defendant Borrowers").

12      6.      AEIL acquired all of its recorded interests in its collateral and underlying loans by

13  obtaining assignments of the beneficial interests under the respective recorded deeds of trust from

14  the lender Conterra Agricultural Capital, LLC.  True and correct copies of the recorded assignments

15  are attached, collectively, as Exhibit "1" hereto.

16      7.      AEIL holds recorded interests on title that include liens on real property owned

17  and/or operated by the AEIL Defendant Borrowers.

18      8.      The principal amount due AEIL in connection with all its recorded interests is in

19  excess of $51 million.

20

21      I declare under penalty of perjury that the foregoing is true and correct. Executed on

22  October 25, 2024.

23

24                                                          Courtney Kaita

25

26

27

28

# EXHIBIT 1

**Fresno County Recorder**
**Paul Dictos, CPA**

# 2022-0038477

Recorded at the request of:
ERECORDING PARTNERS NETWORK

03/24/2022 10:08 42
Titles: 1     Pages: 9
Fees: $35.00
CA SB2 Fees:$0.00
Taxes:  $0.00
Total:  $35.00

Recorded at Request of
Old Republic Title Company

142 | 000535 - DB

This instrument prepared by:
PeirsonPatterson, LLP.
2310 Interstate 20 West, Suite 100
Arlington, TX 76017-1668

Recording Requested By/Return To:
Conterra Agricultural Capital, LLC
Taylor Petersen
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266

## ASSIGNMENT OF DEED OF TRUST
## (Simultaneous)

Exempt from fee per GC27388.1;
document recorded in connection with
a concurrent transfer subject to the
imposition of documentary transfer tax

Loan ## AG1076

For Value Received, the undersigned holder (herein "Assignor") of a Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing (herein "Deed of Trust") whose address is 5465 Mills Civic Parkway, Suite 201, West Des Moines, IA  50266, does hereby grant, sell, assign, transfer and convey, unto **American Equity Investment Life Insurance Company**, whose address is 6000 Westown Parkway, West Des Moines, IA 50266, all beneficial interest under a certain Deed of Trust dated **March 10, 2022**, made and executed by **FFGT Farms, LLC, a California limited liability company**, to **Old Republic Title Company**, Trustee, upon the following described property situated in **Fresno County, State of California**:

**Please see the Exhibit "A" attached hereto and made a part hereof.**

Such Deed of Trust having been given to secure payment of a single-advance term loan in the original principal amount of **$10,098,930.00**, which Deed of Trust is being filed of record simultaneously in the official records of **Fresno County, State of California**, together with the notes and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

IN WITNESS WHEREOF, the undersigned Assignor has executed and made to be effective this Assignment of Deed of Trust on March 10 , 2022 .

---

Multistate Deed of Trust Assignment (Simultaneous) - Single Family

1

211631000322 [Doc Id 8448 M11182020]

EXHIBIT 1, PAGE 8

Recorded at Request of
Old Republic Title Company

142 000535 - 08

This instrument prepared by:
**PeirsonPatterson, LLP.**
**2310 Interstate 20 West, Suite 100**
**Arlington, TX 76017-1668**

Recording Requested By/Return To:
**Conterra Agricultural Capital, LLC**
**Taylor Petersen**
**5465 Mills Civic Parkway, Suite 201**
**West Des Moines, IA 50266**

## ASSIGNMENT OF DEED OF TRUST
## (Simultaneous)

Exempt from fee per GC27388.1;
document recorded in connection with
a concurrent transfer subject to the
imposition of documentary transfer tax

Loan ## AG1076

For Value Received, the undersigned holder (herein "Assignor") of a Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing (herein "Deed of Trust") whose address is **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA 50266**, does hereby grant, sell, assign, transfer and convey, unto **American Equity Investment Life Insurance Company**, whose address is **6000 Westown Parkway, West Des Moines, IA 50266**, all beneficial interest under a certain Deed of Trust dated **March 10, 2022**, made and executed by **FFGT Farms, LLC, a California limited liability company**, to **Old Republic Title Company**, Trustee, upon the following described property situated in **Fresno County**, State of **California**:

**Please see the Exhibit "A" attached hereto and made a part hereof.**

Such Deed of Trust having been given to secure payment of a single-advance term loan in the original principal amount of **$10,098,930.00**, which Deed of Trust is being filed of record simultaneously in the official records of **Fresno County, State of California**, together with the notes and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

IN WITNESS WHEREOF, the undersigned Assignor has executed and made to be effective this Assignment of Deed of Trust on  March 10 , 2022 .

EXHIBIT 1, PAGE 9

**Conterra Agricultural Capital, LLC**

Signature _____     Date 3-10-2022

**Mark A. Smith, COO & General Counsel**

Witness _Jenna Koppen_     Jenna Koppen

STATE OF IOWA

COUNTY OF _Polk_

Before me, the undersigned authority, on this day personally appeared

_Mark A. Smith, COO & General Counsel_

, known or proved to me according to law to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she/they voluntarily executed the same for the purposes of consideration therein expressed, and in the capacity stated.

Given under my hand and seal this _10th_ day of _March_ , 20 _22_ .

_Taylor Petersen_

Notary, State of _Iowa_

Printed Name: _Taylor Petersen_
My Commission Expires: _11-9-2024_

TAYLOR PETERSEN
Commission Number 813700
My Commission Expires
11-9-2024

**Multistate Deed of Trust Assignment (Simultaneous) - Single Family**

2

211631000322 [Doc Id 8448 M11182020]

EXHIBIT 1, PAGE 10

**EXHIBIT A**

*Legal Description for Fresno + Kings County.*

The land referred to is situated in the unincorporated area of the County of Fresno, State of California, and is described as follows:

PARCEL 1:

The South half of Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom any portion lying within Kings County.

Also excepting therefrom that portion of the North half of the Southeast Quarter lying west of Avenal Cutoff Road and West of the San Luis Canal and that portion of the Southwest Quarter of the Northeast Quarter lying West of the canal, all in Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian.

Also excepting therefrom Two-thirds of all mineral and oil rights and all minerals, oil and gas.

Also excepting therefrom an undivided 16.665% interest in and to the oil, gas, hydrocarbons and other minerals, as granted to Albert L. Britz and Helen Britz, husband and wife, as joint tenants, in that certain Mineral Deed dated November 29, 1974, recorded December 26, 1974, in Book 6381, Page 573, Document No. 95778.

APN: 078-090-26S (portion)

PARCEL 2:

That portion of the North half of the Southeast Quarter lying West of Avenal Cutoff Road and West of the San Luis Canal in Section 18, Township 21 South, Range 18 South, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom any portion lying within Kings County.

Also excepting the following described property:

Beginning at the Southeast corner of said Section 18, thence along the South boundary of said Section 18, North 89° 22' 41" West, 494.84 feet; thence leaving said South boundary North 0° 38' 22" East 1356.52 feet; thence North 12° 26' 44" West 314.19 feet; thence North 42° 58' 46" West 248.69 feet; thence South 47° 41' 53" West 1760.35 feet to a point in the Southeasterly boundary of that certain 80 foot wide strip of land now existing and being used for public road right of way; thence North 43° 26' 29" West 80.00 feet to a point in the Northwesterly boundary of said 80 foot wide strip of land; thence North 45° 15' 24" East 1760.68 feet; thence North 43° 17' 09" West 100.00 feet to a point hereinafter referred to as point "A"; thence continuing North 43° 17' 09" West 854.87 feet to a point in the South boundary of the Northeast Quarter of said Section 18, distant there along North 89° 23' 17" West 1504.50 feet from the East Quarter corner of said Section 18; thence along said South boundary, South 89°

EXHIBIT 1, PAGE 11

23' 17" East 707.75 feet; thence leaving said South boundary North 43° 17' 09" West 1235.95 feet to a point in the North boundary of that certain tract of land described in Deed to John A. Kochergen, et al, dated September 2, 1952, recorded October 23, 1952, in Book 3224, Page 90 of Official Records; thence along said North boundary South 89° 23' 29" East 1653.04 feet to a point in the East boundary of said Section 18, distant there along North 0° 34' 07" ast 890.70 feet from the East Quarter corner of said Section 18; thence along said East boundary line the following courses and distances; South 0° 34' 07" West 819.44 feet to a point in the Northwesterly boundary of aforesaid 80 foot wide strip of land now existing and being used for public road right of way; thence continuing South 0° 34' 07" West 71.26 feet to the East Quarter corner of said Section 18; thence South 0° 34' 19" West 39.97 feet to a point in the Southeasterly boundary of said 80 foot wide strip of land; thence continuing South 0° 34' 19" West 2602.43 feet to the point of beginning.

Also excepting therefrom Two-thirds of all mineral and oil rights and all minerals, oil and gas.

Also excepting therefrom an undivided 16.665% interest in and to the oil, gas, hydrocarbons and other minerals, as granted to Albert L. Britz and Helen Britz, husband and wife, as joint tenants, in that certain Mineral Deed dated November 29, 1974, recorded December 26, 1974, in Book 6381, Page 573, Document No. 95778.

APN: 078-090-26S (portion)

PARCEL 3:

The South 54 acres of the Northeast Quarter of Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom any portion lying within Kings County.

Also excepting the following described property:

Beginning at the Southeast corner of said Section 18, thence along the South boundary of said Section 18, North 89° 22' 41" West, 494.84 fet1; thence leaving said South Boundary North 0° 38' 22" East 1356.52 feet; thence North 12° 26' 44" West 314.19 feet; thence North 42° 58' 46" West 248.69 feet; thence South 47° 41' 53" West 1760.35 feet to a point in the Southeasterly boundary of that certain 80 foot wide strip of land now existing and being used for public road right of way; thence North 43° 26' 29" West 80.00 fet1 to a point in the Northwesterly boundary of said 80 foot wide strip of land; thence North 45° 15' 24" East 1760.68 feet; thence North 43° 17' 09" West 100.00 feet to a point hereinafter referred to as point "A"; thence continuing North 43° 17' 09" West 854.87 feet to a point in the South boundary of the Northeast Quarter of said Section 18, distant there along North 89° 23' 17" West 1504.50 feet from the East Quarter corner of said Section 18; thence along said South boundary, South 89° 23' 17" East 707.75 feet; thence leaving said South boundary North 43° 17' 09" West 1235.95 feet to a point in the North boundary of that certain tract of land described in Deed to John A. Kochergen, et al, dated September 2, 1952, recorded October 23, 1952, in Book 3224, Page 90 of Official Records; thence along said North boundary South 89° 23' 29" East 1653.04 feet to a point in the East boundary of said Section 18, distant there along North 0° 34' 07" East 890.70 feet from the East Quarter corner of said Section 18; thence along said East boundary line the following courses and distances: South 0° 34' 07" West 819.44 feet to a point in the Northwesterly boundary of aforesaid 80 foot wide strip of land now existing and being used for

public road right of way; thence continuing South 0° 34' 07" West 71.26 feet to the East Quarter corner of said Section 18; thence South 0° 34' 19" West 39.97 feet to a point in the Southeasterly boundary of said 80 foot wide strip of land; thence continuing South 0° 34' 19" West 2602.43 feet to the point of beginning.

Also except that portion described as follows:

Beginning at a point in the North boundary of the tract of land described in Deed to John A. Kochergen, et al, dated September 2, 1952 and recorded October 23, 1952, in Book 3224, Page 90 of Official Records, distant there along North 89° 23' 29" West 2277.72 feet from a point in the East boundary of said Section 18, distant there along North 0° 34' 07" East 890.70 feet from the East Quarter of said Section 18; thence along said North boundary South 89° 23' 29" East 624.68 feet; thence leaving said North boundary South 43° 17' 09" East 1235.95 feet to a point in the South boundary of the Northeast Quarter of said Section 18, distant there along North 89° 23' 17" West 796.75 feet from the East Quarter corner of said Section 18; thence along said South boundary North 89° 23' 17" West 707.75 feet; thence leaving said South boundary North 43° 17' 09" West 834.71 feet; thence North 33° 24' 22" West 348.78 feet to the point of beginning.

Also excepting therefrom all oil, gas, minerals and other hydrocarbon substances in and under said land, as excepted in the Deed from Barbara J. Meadows, et al, to John A. Kochergen, et al, dated September 2, 1952, recorded October 23, 1952, in Book 3224, Page 90 of Official Records, Document No. 55044.

APN: 078-090-26S (portion)

PARCEL 4:

A parcel of land in Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, being a portion of that certain Parcel Two as described in the Deed from Vernon L. Thomas, Inc., a corporation to the United States of America, which was filed for record on September 14, 1965, in Book 5216, Page 283, Official Records of Fresno County, State of California, described as follows:

Beginning at a point in the South boundary of said Parcel Two (5216 OR 283) distant there along South 89° 23' 29" East 351.68 feet from the terminus of a course described as North 89° 23' 29" West 888.99 feet in said Parcel Two (5216 OR 283); thence from said point of beginning North 89° 23' 29" West 351.68 feet to a point in the West boundary of the Northeast Quarter of said Section 18; thence leaving said South boundary along said West boundary North 0° 33' 37" East 1560.00 feet; thence leaving said West boundary South 65° 49' 29" East, 76.36 feet; thence South 0° 08' 29" East 500.00 feet; thence South 7° 21' 29" East 469.85 feet; South 17° 13' 29" East 232.00 feet; thence South 21° 37' 22" East 370.92 feet to the point of beginning.

Excepting therefrom an undivided One-half interest in and to all oil, gas and other hydrocarbons and minerals in and under said land, as excepted by the Deed from B.E. Loomer, et al, to Alfred R. Brown, et ux, dated September 10, 1941, recorded October 6, 1941 as Document No. 33177, Official Records.

Also excepting therefrom an undivided one-half interest in and to all oil, gas and other hydrocarbons and minerals now or at any time hereafter situate therein and thereunder, together with all easements and rights necessary or convenient for the production, storage and transportation thereof and the exploration and testing of the said real property, and also the right to drill for, produce and use water from the said real property in connection with drilling and mining operation thereon, as reserved in the Deed from A.R. Brown and Blanche G. Brown, husband and wife, to Carthyl Thomas and Gurtha Thomas, as tenants in common, dated January 7, 1948, recorded February 25, 1948, as Document No. 9403, Official Records.

Also excepting therefrom all of grantors interest in and to all oil gas or minerals in and under said land, without however the right to dig, drill or mine therefor through the surface of said land or within 100 feet of the surface, as reserved in the Deed from Vernon L. Thomas, Inc., a corporation, to the United States of America, recorded September 14, 1965, in Book 5216, Page 283 of Official Records, Document No. 73423.

APN: 078-090-27S

PARCEL 5:

The Southeast Quarter of the Northwest Quarter, and the North half of the Northwest Quarter of Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM that portion thereof conveyed to Westlands Water District by Deed recorded December 7, 1973 in Book 6247, Page 483 of Official Records, Document No. 106071, being more particu1arly described as follows:

A parcel of land in the Northeast Quarter of the Northwest Quarter of Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, described an follows:

Beginning at the North quarter corner of said Section 18; thence (1) along the East line of the Northwest Quarter of said Section 18, South 0° 33' 31" West, 180.00 feet; thence (2) North 89° 26' 29" West, 50.00 feet; thence (3) North 0° 33' 31" East, 105.00 feet; thence (4) North 75° 00' 35" West, 201.37 feet; thence (5) North 0° 36' 09" East, 25.00 feet to a point in the North line of said Section 18; thence (6) along said North line, South 89° 23' 51" East, 245.30 feet to the point of beginning.

ALSO EXCEPTING THEREFROM all oil, gas and minerals as heretofore reserved of record.

APN: 078-090-22S

PARCEL 6:

That portion of Fractional Section 7, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof, lying Westerly of the Westerly boundary line of that certain tract or parcel of land described as Parcel 2 (Unit 178) as conveyed unto the United States of America in Deed recorded May 17, 1966 in Book 5314, Page 66 of Official Records, Document No. 37725.

EXHIBIT 1, PAGE 14

Excepting therefrom that portion conveyed to Westlands Water District in Deed recorded February 18, 1977 in Book 6743, Page 213 of Official Records, Document No. 16643, described as follows:

Beginning at the South Quarter corner of said Section 7; thence (1) along the South line of the Southeast Quarter of said Section 7, South 89° 23' 49" East, 96.50 feet to the Southwest corner of the 59.13 acre parcel of land described as Parcel Two (Unit 178) in the Deed to the United States of America recorded May 17, 1966 in Book 5314, Page 66  as Document No. 37725, Fresno County Official Records; thence (2) along the West boundary of said 59.13 acre parcel of land, North 0° 52' 58" East, 120.00 feet; thence (3) South 52° 33' 14" West, 129.80 feet; thence (4) south 83° 00' 14" west, 242.00 feet; thence (5) South 0° 36' 09" West, 8.00 feet to a point on the South line of the Southwest Quarter of said Section 7; thence (6) along last said South line, South 89° 23' 51" East, 245.00 feet to the point of beginning.

Also excepting therefrom all of the minerals and mineral ores of every kind and character now known to exist or hereafter discovered upon, within or underlying the hereinabove described property or that may be produced therefrom, including, without limiting the generality of the foregoing, all oil, natural gas and hydrocarbon substances, geothermal steam, brines and minerals in solution, and sand, gravel and aggregates, and products derived therefrom, as granted to Bravo Oil Company in Deed recorded December 29, 1965 in Book 5257, Page 25, Document No. 104217, Official Records.

This legal description is made pursuant to that certain Certificate of Waiver of Parcel Map No. 17-13, recorded October 23, 2018, as Instrument No. 2018-0128928 of Official Records.

APN: 078-080-57S

PARCEL 6A:

A non-exclusive easement for ingress and egress and incidental purposes over, across and through the Westerly 20 feet of the following described property:

The fractional Northeast Quarter of Section 6, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof; and

The Southeast Quarter of Section 6, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof; except that portion lying Easterly of the West boundary of land granted to the United States of America by Deed recorded November 1, 1965 in Book 5235, Page 243, Official Records, Document No. 88214; also excepting all oil, gas, minerals and other hydrocarbon substances an heretofore reserved of record.

PARCEL 7:

The Southwest Quarter of the Northwest Quarter of Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, in the County of Fresno, State of California, according to the Official Plat thereof.

Except all oil, gas and other minerals in, or under said premises.

APN: 078-090-02S

PARCEL 8:

Intentionally Deleted

PARCEL 9:

Intentionally Deleted

Real property in the City of Avenal, County of Kings, State of California, described as follows:

PARCEL 10:

All that portion of the Northwest Quarter of Section 19, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof, lying within the bounds of Fresno County, California.

Except all oil, gas and other minerals in, or under said premises.

Assessed under Kings County APN 036-170-038-000

PARCEL 11:

All that portion of Section 18, Township 21 South, Range 18 East, according to the Official Plat thereof, lying Northwesterly of the Avenal Cutoff Road, said road being granted to the County of Kings by Deed recorded May 18, 1936 in Book 151 at Page 8 of Official Records, and Westerly of the California Aqueduct. Said property is situated in the City of Avenal, County of Kings, California.

Excepting therefrom any portion lying within Fresno County.

Also excepting therefrom Two-thirds of all mineral and oil rights and all minerals, oil and gas.

Being described as Parcel 1, pursuant to that certain Parcel Map Waiver for City of Avenal, Parcel Map Waiver No. 08-01, recorded April 06, 2009 as Instrument No. 0905510 of Official Records.

APN: 036-170-042-000

PARCEL 12:

All that portion of the Northwest one-quarter of Section 19, Township 21 South, Range 18 East, according to the Official Plat thereof, lying Northwesterly of the Avenal Cutoff Road, said road being granted to the County of Kings by Deed recorded August 18, 1936 in Book 154, Page 153 as Document No. 4437 of Official Records. Situated in the City of Avenal, County of Kings, California.

Excepting therefrom any portion lying within Fresno County.

EXHIBIT 1, PAGE 16

Also excepting therefrom all of the minerals and mineral ores of every kind and character now known to exist or hereafter discovered upon, within or underlying the hereinafter described property, as granted to Bravo Oil Company, a corporation, by Indenture recorded December 29, 1965 in Book 883, at Page 116 as Instrument No. 16704 of Official Records.

Being described as Parcel 3, pursuant to that certain Parcel Map Waiver for City of Avenal, Parcel Map Waiver No. 08-01, recorded April 06, 2009 as Instrument No. 0905510 of Official Records.

APN: 036-170-037-000 and 036-170-039-000

PARCEL 13:

Intentially Deleted

EXHIBIT 1, PAGE 17



DOC NBR:  2205595        03/24/2022 09:44:53 AM
OFFICIAL RECORDS OF Kings County
Kristine Lee, Clerk-Recorder,
RECORDING FEE: $40.00
COUNTY TAX: $0.00
CITY TAX: $0.00

Recorded at Request of
Old Republic Title Company

142/000535-DB



DOC TYPE: 04
9 PGS
R048

ERECORDING PARTNERS NETWORK

This instrument prepared by:
**PeirsonPatterson, LLP.**
**2310 Interstate 20 West, Suite 100**
**Arlington, TX 76017-1668**

Recording Requested By/Return To:
**Conterra Agricultural Capital, LLC**
**Taylor Petersen**
**5465 Mills Civic Parkway, Suite 201**
**West Des Moines, IA 50266**

## ASSIGNMENT OF DEED OF TRUST
## (Simultaneous)

Exempt from fee per GC27388.1;
document recorded in connection with
a concurrent transfer subject to the
imposition of documentary transfer tax

Loan ## AG1076

For Value Received, the undersigned holder (herein "Assignor") of a Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing (herein "Deed of Trust") whose address is **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA   50266**, does hereby grant, sell, assign, transfer and convey, unto **American Equity Investment Life Insurance Company**, whose address is **6000 Westown Parkway, West Des Moines, IA 50266**, all beneficial interest under a certain Deed of Trust dated **March 10, 2022**, made and executed by **FFGT Farms, LLC, a California limited liability company**, to **Old Republic Title Company**, Trustee, upon the following described property situated in **Kings County**, State of **California**:

**Please see the Exhibit "A" attached hereto and made a part hereof.**

Such Deed of Trust having been given to secure payment of a single-advance term loan in the original principal amount of **$10,098,930.00**, which Deed of Trust is being filed of record simultaneously in the official records of **Kings County, State of California**, together with the notes and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

IN WITNESS WHEREOF, the undersigned Assignor has executed and made to be effective this Assignment of Deed of Trust on March 10 , 2022 .

Multistate Deed of Trust Assignment (Simultaneous) - Single Family

1

211631000322 [Doc Id 8448 M1 1182020]

EXHIBIT 1, PAGE 18

**Conterra Agricultural Capital, LLC**

_[signature]_                          3-10-2022
Signature                              Date
**Mark A. Smith, COO & General Counsel**

_[signature]_ Jenna Koppen
Witness

STATE OF IOWA
COUNTY OF ___Polk___

Before me, the undersigned authority, on this day personally appeared
___Mark A. Smith, COO & General Counsel___

, known or proved to me according to law to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she/they voluntarily executed the same for the purposes of consideration therein expressed, and in the capacity stated.

Given under my hand and seal this ___10th___ day of ___March___, 20 _22_.

___Taylor Petersen___
Notary, State of ___Iowa___

Printed Name: ___Taylor Petersen___
My Commission Expires: ___11-2-2024___

**TAYLOR PETERSEN**
Commission Number 813700
My Commission Expires
_11-2-2024_

---

**Multistate Deed of Trust Assignment (Simultaneous) - Single Family**

2

211631000322 [Doc Id 8448 M11182020]

**EXHIBIT A**


*Legal Description for Fresno + Kings County*

The land referred to is situated in the unincorporated area of the County of Fresno, State of California, and is described as follows:

PARCEL 1:

The South half of Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom any portion lying within Kings County.

Also excepting therefrom that portion of the North half of the Southeast Quarter lying west of Avenal Cutoff Road and West of the San Luis Canal and that portion of the Southwest Quarter of the Northeast Quarter lying West of the canal, all in Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian.

Also excepting therefrom Two-thirds of all mineral and oil rights and all minerals, oil and gas.

Also excepting therefrom an undivided 16.665% interest in and to the oil, gas, hydrocarbons and other minerals, as granted to Albert L. Britz and Helen Britz, husband and wife, as joint tenants, in that certain Mineral Deed dated November 29, 1974, recorded December 26, 1974, in Book 6381, Page 573, Document No. 95778.

APN: 078-090-26S (portion)

PARCEL 2:

That portion of the North half of the Southeast Quarter lying West of Avenal Cutoff Road and West of the San Luis Canal in Section 18, Township 21 South, Range 18 South, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom any portion lying within Kings County.

Also excepting the following described property:

Beginning at the Southeast corner of said Section 18, thence along the South boundary of said Section 18, North 89° 22' 41" West, 494.84 feet; thence leaving said South boundary North 0° 38' 22" East 1356.52 feet; thence North 12° 26' 44" West 314.19 feet; thence North 42° 58' 46" West 248.69 feet; thence South 47° 41' 53" West 1760.35 feet to a point in the Southeasterly boundary of that certain 80 foot wide strip of land now existing and being used for public road right of way; thence North 43° 26' 29" West 80.00 feet to a point in the Northwesterly boundary of said 80 foot wide strip of land; thence North 45° 15' 24" East 1760.68 feet; thence North 43° 17' 09" West 100.00 feet to a point hereinafter referred to as point "A"; thence continuing North 43° 17' 09" West 854.87 feet to a point in the South boundary of the Northeast Quarter of said Section 18, distant there along North 89° 23' 17" West 1504.50 feet from the East Quarter corner of said Section 18; thence along said South boundary, South 89°

23' 17" East 707.75 feet; thence leaving said South boundary North 43° 17' 09" West 1235.95 feet to a point in the North boundary of that certain tract of land described in Deed to John A. Kochergen, et al, dated September 2, 1952, recorded October 23, 1952, in Book 3224, Page 90 of Official Records; thence along said North boundary South 89° 23' 29" East 1653.04 feet to a point in the East boundary of said Section 18, distant there along North 0° 34' 07" ast 890.70 feet from the East Quarter corner of said Section 18; thence along said East boundary line the following courses and distances; South 0° 34' 07" West 819.44 feet to a point in the Northwesterly boundary of aforesaid 80 foot wide strip of land now existing and being used for public road right of way; thence continuing South 0° 34' 07" West 71.26 feet to the East Quarter corner of said Section 18; thence South 0° 34' 19" West 39.97 feet to a point in the Southeasterly boundary of said 80 foot wide strip of land; thence continuing South 0° 34' 19" West 2602.43 feet to the point of beginning.

Also excepting therefrom Two-thirds of all mineral and oil rights and all minerals, oil and gas.

Also excepting therefrom an undivided 16.665% interest in and to the oil, gas, hydrocarbons and other minerals, as granted to Albert L. Britz and Helen Britz, husband and wife, as joint tenants, in that certain Mineral Deed dated November 29, 1974, recorded December 26, 1974, in Book 6381, Page 573, Document No. 95778.

APN: 078-090-26S (portion)

PARCEL 3:

The South 54 acres of the Northeast Quarter of Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom any portion lying within Kings County.

Also excepting the following described property:

Beginning at the Southeast corner of said Section 18, thence along the South boundary of said Section 18, North 89° 22' 41" West, 494.84 fet1; thence leaving said South Boundary North 0° 38' 22" East 1356.52 feet; thence North 12° 26' 44" West 314.19 feet; thence North 42° 58' 46" West 248.69 feet; thence South 47° 41' 53" West 1760.35 feet to a point in the Southeasterly boundary of that certain 80 foot wide strip of land now existing and being used for public road right of way; thence North 43° 26' 29" West 80.00 fet1 to a point in the Northwesterly boundary of said 80 foot wide strip of land; thence North 45° 15' 24" East 1760.68 feet; thence North 43° 17' 09" West 100.00 feet to a point hereinafter referred to as point "A"; thence continuing North 43° 17' 09" West 854.87 feet to a point in the South boundary of the Northeast Quarter of said Section 18, distant there along North 89° 23' 17" West 1504.50 feet from the East Quarter corner of said Section 18; thence along said South boundary, South 89° 23' 17" East 707.75 feet; thence leaving said South boundary North 43° 17' 09" West 1235.95 feet to a point in the North boundary of that certain tract of land described in Deed to John A. Kochergen, et al, dated September 2, 1952, recorded October 23, 1952, in Book 3224, Page 90 of Official Records; thence along said North boundary South 89° 23' 29" East 1653.04 feet to a point in the East boundary of said Section 18, distant there along North 0° 34' 07" East 890.70 feet from the East Quarter corner of said Section 18; thence along said East boundary line the following courses and distances: South 0° 34' 07" West 819.44 feet to a point in the Northwesterly boundary of aforesaid 80 foot wide strip of land now existing and being used for

public road right of way; thence continuing South 0° 34' 07" West 71.26 feet to the East Quarter corner of said Section 18; thence South 0° 34' 19" West 39.97 feet to a point in the Southeasterly boundary of said 80 foot wide strip of land; thence continuing South 0° 34' 19" West 2602.43 feet to the point of beginning.

Also except that portion described as follows:

Beginning at a point in the North boundary of the tract of land described in Deed to John A. Kochergen, et al, dated September 2, 1952 and recorded October 23, 1952, in Book 3224, Page 90 of Official Records, distant there along North 89° 23' 29" West 2277.72 feet from a point in the East boundary of said Section 18, distant there along North 0° 34' 07" East 890.70 feet from the East Quarter corner of said Section 18; thence along said North boundary South 89° 23' 29" East 624.68 feet; thence leaving said North boundary South 43° 17' 09" East 1235.95 feet to a point in the South boundary of the Northeast Quarter of said Section 18, distant there along North 89° 23' 17" West 796.75 feet from the East Quarter corner of said Section 18; thence along said South boundary North 89° 23' 17" West 707.75 feet; thence leaving said South boundary North 43° 17' 09" West 834.71 feet; thence North 33° 24' 22" West 348.78 feet to the point of beginning.

Also excepting therefrom all oil, gas, minerals and other hydrocarbon substances in and under said land, as excepted in the Deed from Barbara J. Meadows, et al, to John A. Kochergen, et al, dated September 2, 1952, recorded October 23, 1952, in Book 3224, Page 90 of Official Records, Document No. 55044.

APN: 078-090-26S (portion)

PARCEL 4:

A parcel of land in Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, being a portion of that certain Parcel Two as described in the Deed from Vernon L. Thomas, Inc., a corporation to the United States of America, which was filed for record on September 14, 1965, in Book 5216, Page 283, Official Records of Fresno County, State of California, described as follows:

Beginning at a point in the South boundary of said Parcel Two (5216 OR 283) distant there along South 89° 23' 29" East 351.68 feet from the terminus of a course described as North 89° 23' 29" West 888.99 feet in said Parcel Two (5216 OR 283); thence from said point of beginning North 89° 23' 29" West 351.68 feet to a point in the West boundary of the Northeast Quarter of said Section 18; thence leaving said South boundary along said West boundary North 0° 33' 37" East 1560.00 feet; thence leaving said West boundary South 65° 49' 29" East, 76.36 feet; thence South 0° 08' 29" East 500.00 feet; thence South 7° 21' 29" East 469.85 feet; South 17° 13' 29" East 232.00 feet; thence South 21° 37' 22" East 370.92 feet to the point of beginning.

Excepting therefrom an undivided One-half interest in and to all oil, gas and other hydrocarbons and minerals in and under said land, as excepted by the Deed from B.E. Loomer, et al, to Alfred R. Brown, et ux, dated September 10, 1941, recorded October 6, 1941 as Document No. 33177, Official Records.

Also excepting therefrom an undivided one-half interest in and to all oil, gas and other hydrocarbons and minerals now or at any time hereafter situate therein and thereunder, together with all easements and rights necessary or convenient for the production, storage and transportation thereof and the exploration and testing of the said real property, and also the right to drill for, produce and use water from the said real property in connection with drilling and mining operation thereon, as reserved in the Deed from A.R. Brown and Blanche G. Brown, husband and wife, to Carthyl Thomas and Gurtha Thomas, as tenants in common, dated January 7, 1948, recorded February 25, 1948, as Document No. 9403, Official Records.

Also excepting therefrom all of grantors interest in and to all oil gas or minerals in and under said land, without however the right to dig, drill or mine therefor through the surface of said land or within 100 feet of the surface, as reserved in the Deed from Vernon L. Thomas, Inc., a corporation, to the United States of America, recorded September 14, 1965, in Book 5216, Page 283 of Official Records, Document No. 73423.

APN: 078-090-27S

PARCEL 5:

The Southeast Quarter of the Northwest Quarter, and the North half of the Northwest Quarter of Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM that portion thereof conveyed to Westlands Water District by Deed recorded December 7, 1973 in Book 6247, Page 483 of Official Records, Document No. 106071, being more particu1arly described as follows:

A parcel of land in the Northeast Quarter of the Northwest Quarter of Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, described an follows:

Beginning at the North quarter corner of said Section 18; thence (1) along the East line of the Northwest Quarter of said Section 18, South 0° 33' 31" West, 180.00 feet; thence (2) North 89° 26' 29" West, 50.00 feet; thence (3) North 0° 33' 31" East, 105.00 feet; thence (4) North 75° 00' 35" West, 201.37 feet; thence (5) North 0° 36' 09" East, 25.00 feet to a point in the North line of said Section 18; thence (6) along said North line, South 89° 23' 51" East, 245.30 feet to the point of beginning.

ALSO EXCEPTING THEREFROM all oil, gas and minerals as heretofore reserved of record.

APN: 078-090-22S

PARCEL 6:

That portion of Fractional Section 7, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof, lying Westerly of the Westerly boundary line of that certain tract or parcel of land described as Parcel 2 (Unit 178) as conveyed unto the United States of America in Deed recorded May 17, 1966 in Book 5314, Page 66 of Official Records, Document No. 37725.

Excepting therefrom that portion conveyed to Westlands Water District in Deed recorded February 18, 1977 in Book 6743, Page 213 of Official Records, Document No. 16643, described as follows:

Beginning at the South Quarter corner of said Section 7; thence (1) along the South line of the Southeast Quarter of said Section 7, South 89° 23' 49" East, 96.50 feet to the Southwest corner of the 59.13 acre parcel of land described as Parcel Two (Unit 178) in the Deed to the United States of America recorded May 17, 1966 in Book 5314, Page 66   as Document No. 37725, Fresno County Official Records; thence (2) along the West boundary of said 59.13 acre parcel of land, North 0° 52' 58" East, 120.00 feet; thence (3) South 52° 33' 14" West, 129.80 feet; thence (4) south 83° 00' 14" west, 242.00 feet; thence (5) South 0° 36' 09" West, 8.00 feet to a point on the South line of the Southwest Quarter of said Section 7; thence (6) along last said South line, South 89° 23' 51" East, 245.00 feet to the point of beginning.

Also excepting therefrom all of the minerals and mineral ores of every kind and character now known to exist or hereafter discovered upon, within or underlying the hereinabove described property or that may be produced therefrom, including, without limiting the generality of the foregoing, all oil, natural gas and hydrocarbon substances, geothermal steam, brines and minerals in solution, and sand, gravel and aggregates, and products derived therefrom, as granted to Bravo Oil Company in Deed recorded December 29, 1965 in Book 5257, Page 25, Document No. 104217, Official Records.

This legal description is made pursuant to that certain Certificate of Waiver of Parcel Map No. 17-13, recorded October 23, 2018, as Instrument No. 2018-0128928 of Official Records.

APN: 078-080-57S

PARCEL 6A:

A non-exclusive easement for ingress and egress and incidental purposes over, across and through the Westerly 20 feet of the following described property:

The fractional Northeast Quarter of Section 6, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof; and

The Southeast Quarter of Section 6, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof; except that portion lying Easterly of the West boundary of land granted to the United States of America by Deed recorded November 1, 1965 in Book 5235, Page 243, Official Records, Document No. 88214; also excepting all oil, gas, minerals and other hydrocarbon substances an heretofore reserved of record.

PARCEL 7:

The Southwest Quarter of the Northwest Quarter of Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, in the County of Fresno, State of California, according to the Official Plat thereof.

Except all oil, gas and other minerals in, or under said premises.

APN: 078-090-02S

EXHIBIT 1, PAGE 24

PARCEL 8:

Intentionally Deleted

PARCEL 9:

Intentionally Deleted

Real property in the City of Avenal, County of Kings, State of California, described as follows:

PARCEL 10:

All that portion of the Northwest Quarter of Section 19, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof, lying within the bounds of Fresno County, California.

Except all oil, gas and other minerals in, or under said premises.

Assessed under Kings County APN 036-170-038-000

PARCEL 11:

All that portion of Section 18, Township 21 South, Range 18 East, according to the Official Plat thereof, lying Northwesterly of the Avenal Cutoff Road, said road being granted to the County of Kings by Deed recorded May 18, 1936 in Book 151 at Page 8 of Official Records, and Westerly of the California Aqueduct. Said property is situated in the City of Avenal, County of Kings, California.

Excepting therefrom any portion lying within Fresno County.

Also excepting therefrom Two-thirds of all mineral and oil rights and all minerals, oil and gas.

Being described as Parcel 1, pursuant to that certain Parcel Map Waiver for City of Avenal, Parcel Map Waiver No. 08-01, recorded April 06, 2009 as Instrument No. 0905510 of Official Records.

APN: 036-170-042-000

PARCEL 12:

All that portion of the Northwest one-quarter of Section 19, Township 21 South, Range 18 East, according to the Official Plat thereof, lying Northwesterly of the Avenal Cutoff Road, said road being granted to the County of Kings by Deed recorded August 18, 1936 in Book 154, Page 153 as Document No. 4437 of Official Records. Situated in the City of Avenal, County of Kings, California.

Excepting therefrom any portion lying within Fresno County.

EXHIBIT 1, PAGE 25

Also excepting therefrom all of the minerals and mineral ores of every kind and character now known to exist or hereafter discovered upon, within or underlying the hereinafter described property, as granted to Bravo Oil Company, a corporation, by Indenture recorded December 29, 1965 in Book 883, at Page 116 as Instrument No. 16704 of Official Records.

Being described as Parcel 3, pursuant to that certain Parcel Map Waiver for City of Avenal, Parcel Map Waiver No. 08-01, recorded April 06, 2009 as Instrument No. 0905510 of Official Records.

APN: 036-170-037-000 and 036-170-039-000

PARCEL 13:

Intentially Deleted

EXHIBIT 1, PAGE 26

RECORDING REQUESTED BY

OLD REPUBLIC TITLE COMPANY

Escrow No.:   1411018745
APN:   see legal

WHEN RECORDED MAIL TO

Conterra Agriculotural Capital, LLC
Taylor Petersen
7755 Ofice Plaza Drive North, Suite 195,
West Des Moines, IA 50266

---

Jon Lifquist, Assessor-Recorder
Kern County Official Records

LB
7/23/2020
11:57 AM

Recorded Electronically by:
451 Old Republic Title Company

DOC #:  **220096755**

220096755

| Stat Types: 1 | Pages: 4 |
|---|---|
| FEES | 33.00 |
| TAXES | .00 |
| OTHER | .00 |
| PAID | 33.00 |



*SPACE ABOVE THIS LINE FOR RECORDER'S USE*

## Assignment of Deed of Trust

1 ☐ Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer subject to the imposition of documentary transfer tax

2 ☐ Exempt from fee per GC27388.1(a)(2); document transfers real property that is a residential dwelling to an owner-occupier

3 ☐ Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer that is a residential dwelling to an owner-occupier

4 ☒ Exempt from fee per GC27388.1(a)(1); fee cap of $225 reached

5 ☐ Exempt from fee per GC27388.1(a)(2); document is subject to the imposition of documentary transfer tax

6 ☐ Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer that was subject to documentary transfer tax which was paid on document recorded previously on _____ (date) as document number _____

7 ☐ Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier. The recorded document transferring the dwelling to the owner-occupier was recorded on _____ (date) as document number(s) _____

8 ☐ Exempt from fee per GC27388.1(a)(1); maximum fees have been paid on documents in the transaction(s) recorded previously on _____ (date) as document number(s) _____

11 ☐ Exempt from fee per GC27388.1(a)(2); document is executed or recorded by the state or any county, municipality, or other political subdivision of the state

12 ☐ Exempt from fee per GC27388.1(a)(2); executed or recorded by the federal government in accordance with the Uniform Federal Lien Registration Act (Title 7 (commencing with Section 2100) of Part 4 of the Code of Civil Procedure)

DB/db

EXHIBIT 1, PAGE 27

RECORDING REQUESTED BY

OLD REPUBLIC TITLE COMPANY

Escrow No.:  1411018745
    APN:  see legal

WHEN RECORDED MAIL TO

    Conterra Agriculotural Capital, LLC
    Taylor Petersen
    7755 Ofice Plaza Drive North, Suite 195,
    West Des Moines, IA 50266

*SPACE ABOVE THIS LINE FOR RECORDER'S USE*

## Assignment of Deed of Trust

1  ☐  Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer subject to the imposition of documentary transfer tax

2  ☐  Exempt from fee per GC27388.1(a)(2); document transfers real property that is a residential dwelling to an owner-occupier

3  ☐  Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer that is a residential dwelling to an owner-occupier

4  ☒  Exempt from fee per GC27388.1(a)(1); fee cap of $225 reached

5  ☐  Exempt from fee per GC27388.1(a)(2); document is subject to the imposition of documentary transfer tax

6  ☐  Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer that was subject to documentary transfer tax which was paid on document recorded previously on _____ (date) as document number _____

7  ☐  Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier. The recorded document transferring the dwelling to the owner-occupier was recorded on _____ (date) as document number(s) _____

8  ☐  Exempt from fee per GC27388.1(a)(1); maximum fees have been paid on documents in the transaction(s) recorded previously on _____ (date) as document number(s) _____

11 ☐  Exempt from fee per GC27388.1(a)(2); document is executed or recorded by the state or any county, municipality, or other political subdivision of the state

12 ☐  Exempt from fee per GC27388.1(a)(2); executed or recorded by the federal government in accordance with the Uniform Federal Lien Registration Act (Title 7 (commencing with Section 2100) of Part 4 of the Code of Civil Procedure)

DB/db

Recorded at Request of
Old Republic Title Company

1411018745

Recording Requested By/Return To:
**Conterra Agricultural Capital, LLC**
**Taylor Petersen**
**7755 Office Plaza Drive North, Suite 195, Suite 195**
**West Des Moines, IA 50266**

------------------------------------------------------------ [Space Above This Line For Recording] ------------------------------------------------------------

# ASSIGNMENT OF DEED OF TRUST

Loan # AG1022

For Value Received, Conterra Agricultural Capital, LLC, an Iowa limited liability company ("Assignor") whose address is **7755 Office Plaza Drive North, Suite 195, West Des Moines, IA 50266**, does hereby grant, sell, assign, transfer and convey, unto **American Equity Investment Life Insurance Company, whose address is 6000 Westown Parkway, West Des Moines, Iowa 50266 ("Assignee")** all beneficial interest under a certain Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filings date July 23, 2020 (collectively, the "Deed of Trust" made and executed by **Lincoln Grantor Farms, LLC, a California limited liability company**, as Trustor to Old Republic Title Company, as Trustee, upon the following described property situated in **Kern County**, State of **California**:

**See Exhibit "A" attached hereto and made a part hereof.**

such Deed of Trust having been given to secure payment of **$288,000.00**, which Deed of Trust **is recording concurrently herewith.** (Original Amount of Principal)
in the Real Property Records of **Kern** County, State of **California**, together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever without recourse, subject only to the terms and conditions of the above-described Deed of Trust.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Deed of Trust on
July 23 , 2020 .

---

California Deed of Trust Assignment - Single Family

11/02

1

200909410425 [Doc Id 8457 M10032017]

EXHIBIT 1, PAGE 29

**Conterra Agricultural Capital, LLC**

_____  7-23-2020
Signature                                    Date

**Mark A. Smith, COO & General Counsel**

_____
Witness

STATE OF IOWA
COUNTY OF ___Dallas_____

Before me, the undersigned authority, on this day personally appeared
___Mark A. Smith, COO & General Counsel_____

_____

, known or proved to me according to law to be the person whose name is subscribed to the foregoing instrument,
and acknowledged to me that he/she/they voluntarily executed the same for the purposes of consideration therein
expressed, and in the capacity stated.

Given under my hand and seal this 23rd day of July_____, 20 20 .

___Taylor Petersen_____
Notary, State of Iowa
Printed Name: Taylor Petersen_____
My Commission Expires: 11-9-2021_____

**TAYLOR PETERSEN**
Commission Number 813700
My Commission Expires
11-9-2021

**This Instrument Prepared By:**
**PeirsonPatterson, LLP**

---

California Deed of Trust Assignment - Single Family                                    11/02

2

200909410425 [Doc Id 8457 M10032017]

EXHIBIT 1, PAGE 30

# EXHIBIT A

The land referred to is situated in the unincorporated area of the County of Kern, State of California, and is described as follows:

Lot 12 of Parcel Map No. 11595 in an unincorporated area of the County of Kern, State of California and as shown on Parcel Map filed on October 28, 2011 in Book 58, Pages 144 to 147 of Parcel Maps, Kern County Records.

Except from all that portion of Lot 4 (as shown on governmental plat) lying in the Southwest corner of Northeast quarter of the Northeast quarter and those parts of Lot 5 lying within the Southeast quarter of the Northeast quarter of said section 33, an undivided 1/16th interest of all coal, oil, gas and other minerals within or underlying said land, as reserved by the State of California in the Patent recorded July 2, 1928 in Book 252 Page 222 of Official Records.

Also except from all that portion of Lot 4 (as shown on Governmental Plat) lying in the Southwest corner of Northeast Quarter of the Northeast Quarter and those parts of Lot 5 lying within the Southeast Quarter of the Northeast Quarter of said Section 33, an undivided 7/16ths of all oil, gas and other minerals within or underlying, or which may be produced, saved and sold from said land, as reserved in the Deed from Bloomfield Land Association, a corporation, dated May 11, 1939, recorded May 29, 1939 in Book 871, Page 162 of Official Records.

Also except from the remainder, 1/2 of all coal, oil, gas and other minerals within or underlying said land, as reserved by Bloomfield Land Association, in Deed recorded May 29, 1939 in Book 871, Page162 of Official Records.

Also except all minerals, oil, gas and other hydrocarbon substances in and upon the East half of the Southeast Quarter of said Section, as reserved in Deed from Mary G. Olin, a married woman, et al, to Rose Gray, a widow, dated May 29, 1939, recorded July 8, 1939 in Book 876, Page 178 of Official Records.

Also except one half of any remaining oil, gas and other minerals in and under said land as excepted by Johnston & Washer, Inc., also known as Johnston & Washer, a corporation, in Deed recorded November 23, 1977 in Book 5071, Page 594, Official Records..

Also all remaining minerals, oil, gas and other hydrocarbon substances, if any, lying in, upon and under said land were reserved by S & J Alfalfa, Inc., a California Corporation.

APN: 185-342-42

RECORDING REQUESTED BY

OLD REPUBLIC TITLE COMPANY

Escrow No.:  1411018746
APN:  see legal

WHEN RECORDED MAIL TO

Conterra Agricolotural Capital, LLC
Taylor Petersen
7755 Ofice Plaza Drive North, Suite 195,
West Des Moines, IA 50266

Jon Lifquist, Assessor-Recorder
Kern County Official Records

DD
7/23/2020
11:55 AM

Recorded Electronically by:
451 Old Republic Title Company

DOC #:  220096747

220096747

| Stat Types: | 1 | Pages: | 3 |
| --- | --- | --- | --- |
| | FEES | 30.00 |
| | TAXES | .00 |
| | OTHER | .00 |
| | PAID | 30.00 |



_____ SPACE ABOVE THIS LINE FOR RECORDER'S USE _____

## Assignment of Deed of Trust

1 ☐ Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer subject to the imposition of documentary transfer tax

2 ☐ Exempt from fee per GC27388.1(a)(2); document transfers real property that is a residential dwelling to an owner-occupier

3 ☐ Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer that is a residential dwelling to an owner-occupier

4 ☒ Exempt from fee per GC27388.1(a)(1); fee cap of $225 reached

5 ☐ Exempt from fee per GC27388.1(a)(2); document is subject to the imposition of documentary transfer tax

6 ☐ Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer that was subject to documentary transfer tax which was paid on document recorded previously on _____ (date) as document number _____

7 ☐ Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier. The recorded document transferring the dwelling to the owner-occupier was recorded on _____ (date) as document number(s) _____

8 ☐ Exempt from fee per GC27388.1(a)(1); maximum fees have been paid on documents in the transaction(s) recorded previously on _____ (date) as document number(s) _____

11 ☐ Exempt from fee per GC27388.1(a)(2); document is executed or recorded by the state or any county, municipality, or other political subdivision of the state

12 ☐ Exempt from fee per GC27388.1(a)(2); executed or recorded by the federal government in accordance with the Uniform Federal Lien Registration Act (Title 7 (commencing with Section 2100) of Part 4 of the Code of Civil Procedure)

DB/db

EXHIBIT 1, PAGE 32

RECORDING REQUESTED BY

OLD REPUBLIC TITLE COMPANY

Escrow No.:   1411018746
    APN:   see legal

WHEN RECORDED MAIL TO

    Conterra Agriculotural Capital, LLC
    Taylor Petersen
    7755 Ofice Plaza Drive North, Suite 195,
    West Des Moines, IA 50266

*SPACE ABOVE THIS LINE FOR RECORDER'S USE*

## Assignment of Deed of Trust

1 ☐ Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer subject to the imposition of documentary transfer tax

2 ☐ Exempt from fee per GC27388.1(a)(2); document transfers real property that is a residential dwelling to an owner-occupier

3 ☐ Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer that is a residential dwelling to an owner-occupier

4 ☒ Exempt from fee per GC27388.1(a)(1); fee cap of $225 reached

5 ☐ Exempt from fee per GC27388.1(a)(2); document is subject to the imposition of documentary transfer tax

6 ☐ Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer that was subject to documentary transfer tax which was paid on document recorded previously on _____ (date) as document number _____

7 ☐ Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier. The recorded document transferring the dwelling to the owner-occupier was recorded on _____ (date) as document number(s) _____

8 ☐ Exempt from fee per GC27388.1(a)(1); maximum fees have been paid on documents in the transaction(s) recorded previously on _____ (date) as document number(s) _____

11 ☐ Exempt from fee per GC27388.1(a)(2); document is executed or recorded by the state or any county, municipality, or other political subdivision of the state

12 ☐ Exempt from fee per GC27388.1(a)(2); executed or recorded by the federal government in accordance with the Uniform Federal Lien Registration Act (Title 7 (commencing with Section 2100) of Part 4 of the Code of Civil Procedure)

DB/db

Recorded at Request of
Old Republic Title Company

14110l8746

Recording Requested By/Return To:
**Conterra Agricultural Capital, LLC**
**Taylor Petersen**
**7755 Office Plaza Drive North, Suite 195, Suite 195**
**West Des Moines, IA 50266**

-------------------------------------------------------- [Space Above This Line For Recording] --------------------------------------------------------

# ASSIGNMENT OF DEED OF TRUST

**Loan # AG1023**

       For Value Received, Conterra Agricultural Capital, LLC, an Iowa limited liability company ("Assignor") whose address is **7755 Office Plaza Drive North, Suite 195, West Des Moines, IA 50266**, does hereby grant, sell, assign, transfer and convey, unto **American Equity Investment Life Insurance Company, whose address is 6000 Westown Parkway, West Des Moines, Iowa 50266 ("Assignee")** all beneficial interest under a certain Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filings dated July 23, 2020, (collectively, the "Deed of Trust" made and executed by **Grantor Real Estate Investments, LLC, a California limited liability company**, as Trustor, to Old Republic Title Company, as Trustee, upon the following described property situated in **Kern County**, State of **California**:

**PARCEL 1:**
**The West half (1/2) of the Southeast Quarter (1/4) of Section 33, Township 25 South, Range 25 East, M.D.B. & M., in the County of Kern, State of California.**
**APN: 521-160-06**

**PARCEL 2:**
**The East half (1/2) of the Southeast Quarter (1/4) of Section 33, Township 25 South, Range 25 East, M.D.B. & M., in the County of Kern, State of California.**
**APN: 521-160-07**

**PARCEL 3:**
**The West half of the Northwest Quarter and the West half of the East half of the Northwest Quarter of Section**
**4, Township 26 South, Range 25 East, M.D.B. & M, in the County of Kern, State of California.**
**APN: 060-050-15**

such Deed of Trust having been given to secure payment of **$3,312,000.00**_____, which Deed of Trust **is recorded concurrently herewith.** (Original Amount of Principal)
i̶f̶ ̶o̶f̶ ̶r̶e̶c̶o̶r̶d̶ ̶i̶n̶ ̶B̶o̶o̶k̶ ̶/̶/̶/̶/̶/̶/̶/̶ ̶P̶a̶g̶e̶ ̶/̶/̶/̶/̶/̶ in the Real Property Records of **Kern** County, State of **California**, together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.

California Deed of Trust Assignment - Single Family                          11/02

200909410425 [Doc Id 8457 M10032017]

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever without recourse, subject only to the terms and conditions of the above-described Deed of Trust.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Deed of Trust on _JULY 23_, 20 _20_.

**Conterra Agricultural Capital, LLC**

Signature                                                      7-23-2020
_____                   _____
Signature                                                      Date
**Mark A. Smith, COO & General Counsel**
_____
Witness

STATE OF IOWA
COUNTY OF ___Dallas___

Before me, the undersigned authority, on this day personally appeared
___Mark A. Smith, COO & General counsel___
_____
, known or proved to me according to law to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she/they voluntarily executed the same for the purposes of consideration therein expressed, and in the capacity stated.

Given under my hand and seal this _23rd_ day of _July_, 20 _20_.

___Taylor Petersen___
Notary, State of _Iowa_
Printed Name: _Taylor Petersen_
My Commission Expires: _11-9-2021_

**TAYLOR PETERSEN**
Commission Number 813700
My Commission Expires
_11-9-2021_

**This Instrument Prepared By:**
**PeirsonPatterson, LLP**

California Deed of Trust Assignment - Single Family                                    11/02

2

200909410425 [Doc Id 8457 M10032017]

EXHIBIT 1, PAGE 35

Jon Lifquist, Assessor-Recorder
Kern County Official Records

DD
7/23/2020
11:57 AM

Recorded Electronically by:
451 Old Republic Title Company

RECORDING REQUESTED BY
**OLD REPUBLIC TITLE COMPANY**

Escrow No.: 1411018744-DB
APN:    295-070-04, 295-070-06,
        295-070-23, 295-070-03,
        295-070-02

WHEN RECORDED MAIL TO

Conterra Agricultural Capital, LLC
Taylor Petersen
7755 Office Plaza Drive North, Suite 195
West Des Moines, IA 50266

DOC #: 220096753



220096753

| Stat Types: 1 | Pages: 6 |
| --- | --- |
| FEES | 39.00 |
| TAXES | .00 |
| OTHER | .00 |
| PAID | 39.00 |



ORIGINAL

*SPACE ABOVE THIS LINE FOR RECORDER'S USE*

## Assignment of Deed of Trust

1   ☐   Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer subject to the imposition of documentary transfer tax

2   ☐   Exempt from fee per GC27388.1(a)(2); document transfers real property that is a residential dwelling to an owner-occupier

3   ☐   Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer that is a residential dwelling to an owner-occupier

4   ☒   Exempt from fee per GC 27388.1(a)(1); fee cap of $225 reached

------------------------------------------------ For Use in Select Counties ------------------------------------------------

5   ☐   Exempt from fee per GC27388.1(a)(2); document is subject to the imposition of documentary transfer tax

6   ☐   Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer that was subject to documentary transfer tax which was paid on document recorded previously on _____(date) as document number _____

7   ☐   Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier. The recorded document transferring the dwelling to the owner-occupier was recorded on _____ _____ (date) as document number(s)_____

8   ☐   Exempt from fee per GC27388.1(a)(1); maximum fees having been paid on documents in the transaction(s) recorded previously on _____ (date) as document _____ number(s)

9   ☐   Exempt from fee under GC27388.1 for the following reasons:
        _____

10  ☐   Exempt from fee per GC 27388.1(a)(1); not related to real property

11  ☐   Exempt from fee per GC27388.1(a)(2); document is executed or recorded by the state or any county, municipality, or other political subdivision of the state

12  ☐   Exempt from fee per GC 27388.1(a)(1); document is executed or recorded by the federal government in accordance with the Uniform Federal Lien Registration Act (Title 7 (commencing with Section 2100) Part 4 of the Code of Civil Procedure).

RECORDING REQUESTED BY
**OLD REPUBLIC TITLE COMPANY**

Escrow No.:  1411018744-DB
APN:  295-070-04, 295-070-06,
295-070-23, 295-070-03,
295-070-02

WHEN RECORDED MAIL TO

Conterra Agricultural Capital, LLC
Taylor Petersen
7755 Office Plaza Drive North, Suite 195
West Des Moines, IA 50266

*SPACE ABOVE THIS LINE FOR RECORDER'S USE*

## Assignment of Deed of Trust

| 1 | ☐ | Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer subject to the imposition of documentary transfer tax |
| 2 | ☐ | Exempt from fee per GC27388.1(a)(2); document transfers real property that is a residential dwelling to an owner-occupier |
| 3 | ☐ | Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer that is a residential dwelling to an owner-occupier |
| 4 | ☒ | Exempt from fee per GC 27388.1(a)(1); fee cap of $225 reached |

---------------------------------------------- For Use in Select Counties ----------------------------------------------

| 5 | ☐ | Exempt from fee per GC27388.1(a)(2); document is subject to the imposition of documentary transfer tax |
| 6 | ☐ | Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer that was subject to documentary transfer tax which was paid on document recorded previously on _____(date) as document number _____ |
| 7 | ☐ | Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier. The recorded document transferring the dwelling to the owner-occupier was recorded on _____ _____ (date) as document number(s)_____ |
| 8 | ☐ | Exempt from fee per GC27388.1(a)(1); maximum fees having been paid on documents in the transaction(s) recorded previously on _____ (date) as document _____ number(s) |
| 9 | ☐ | Exempt from fee under GC27388.1 for the following reasons: _____ |
| 10 | ☐ | Exempt from fee per GC 27388.1(a)(1); not related to real property |
| 11 | ☐ | Exempt from fee per GC27388.1(a)(2); document is executed or recorded by the state or any county, municipality, or other political subdivision of the state |
| 12 | ☐ | Exempt from fee per GC 27388.1(a)(1); document is executed or recorded by the federal government in accordance with the Uniform Federal Lien Registration Act (Title 7 (commencing with Section 2100) Part 4 of the Code of Civil Procedure). |

EXHIBIT 1, PAGE 37

Recorded at Request of
Old Republic Title Company

1411018744

Recording Requested By/Return To:
**Conterra Agricultural Capital, LLC**
**Taylor Petersen**
**7755 Office Plaza Drive North, Suite 195, Suite 195**
**West Des Moines, IA 50266**

-------------------------------------------------------------- [Space Above This Line For Recording] --------------------------------------------------------------

# ASSIGNMENT OF DEED OF TRUST

**Loan # AG1024**

For Value Received, Conterra Agricultural Capital, LLC, an Iowa limited liability company ("Assignor") whose address is **7755 Office Plaza Drive North, Suite 195, West Des Moines, IA 50266**, does hereby grant, sell, assign, transfer and convey, unto **American Equity Investment Life Insurance Company, whose address is 6000 Westown Parkway, West Des Moines, Iowa 50266 ("Assignee")** all beneficial interest under a certain Open-End Deed of Trust (With Future Advance Clause), Security Agreement, Assignment of Rents and Fixture Filings dated July 23, 2020, (the "Deed of Trust" made and executed by **Willow Avenue Investments, LLC, a California limited liability company**, as Trustor to Old Republic Title Company, as Trustee, upon the following described property situated in **Kern County**, State of **California**:

**See Exhibit "A" attached hereto and made a part hereof.**

such Deed of Trust having been given to secure payment of **$4,696,367.00**, which Deed of Trust  is
recording concurrently herewith                     (Original Amount of Principal)
is XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXin the Real Property Records of **Kern** County, State of **California**, together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever without recourse, subject only to the terms and conditions of the above-described Deed of Trust.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Deed of Trust on
July 23 , 2020 .

EXHIBIT 1, PAGE 38

**Conterra Agricultural Capital, LLC**

_(signature)_ 7-23-2020

Signature                                        Date

**Mark A. Smith, COO & General Counsel**

_(signature)_

Witness

STATE OF IOWA
COUNTY OF __Dallas__

Before me, the undersigned authority, on this day personally appeared
__Mark A. Smith, COO & General Counsel__

, known or proved to me according to law to be the person whose name is subscribed to the foregoing instrument,
and acknowledged to me that he/she/they voluntarily executed the same for the purposes of consideration therein
expressed, and in the capacity stated.

Given under my hand and seal this __23rd__ day of __July__ , 20__20__.

__Taylor Petersen__

Notary, State of __Iowa__

Printed Name: __Taylor Petersen__

My Commission Expires: __11-9-2021__

**TAYLOR PETERSEN**
Commission Number 813700
My Commission Expires
11-9-2021

**This Instrument Prepared By:**
**PeirsonPatterson, LLP**

EXHIBIT 1, PAGE 39

**ORDER NO. :** 1411018744C

# EXHIBIT A

The land referred to is situated in the County of Kern, City of Bakersfield, State of California, and is described as follows:

PARCEL 1:

Lots 1, 2 and 3 and the North half of the Northeast Quarter of Section 2, Township 32 South, Range 27 East, Mount Diablo Base and Meridian, as shown on the Record of Survey filed November 19, 1895 in Book 1, Page 128 of Record of Surveys, in the Office of the County Recorder of said County.

EXCEPTING THEREFROM all oil, gas, hydrocarbon substances and other minerals contained within the property hereinabove referred to, whether now known to exist or hereafter discovered, all oil, gas, hydrocarbon substances and other mineral rights belonging to or appertaining to said property, the exclusive right to prospect for, drill for, produce, mine, extract and remove oil, gas, hydrocarbon substances and other minerals upon and from said property, the exclusive right to drill upon, to drill through and otherwise to use said property to produce, mine, extract and remove oil, gas, hydrocarbon substances and other minerals from adjacent or neighboring lands, and the exclusive right to inject in, store under and thereafter withdraw from said property oil, gas, hydrocarbon substances and other minerals and products thereof, whether produced from said property or elsewhere, together with the right to drill and operate whatever wells, construct, install, operate, maintain and remove whatever other facilities and do whatever else may be reasonably necessary on and in said property for the full enjoyment and exercise of the rights to excepted and reserved, and the unrestricted right of ingress and egress to and from said property for all such purposes; but grantor and its successors and assigns shall compensate grantee and its successors and assigns upon demand for any and all damage they cause to improvements and growing crops upon said property by the enjoyment or exercise of the rights so excepted and reserved by Tenneco West, Inc., a Delaware corporation in Deed recorded December 28, 1971 in Book 4614, Page 672 of Official Records.

APN: 295-070-04 and 295-070-06

PARCEL 2:

Lots 1 and 2 in the Northeast Quarter of Section 3, Township 32 South, Range 27 East, Mount Diablo Base and Meridian, as shown on the Record of Survey filed November 19, 1895 in Book 1, Page 128 of Record of Surveys, in the Office of the County Recorder of said County.

EXCEPTING THEREFROM all oil, gas, hydrocarbon substances and other minerals contained within the property hereinabove referred to, whether now known to exist or hereafter discovered, all oil, gas, hydrocarbon substances and other mineral rights belonging to or appertaining to said property, the exclusive right to prospect for, drill for, produce, mine, extract and remove oil, gas, hydrocarbon substances and other minerals upon and from said property, the exclusive right to drill upon, to drill through and otherwise to use said property to produce, mine, extract and remove oil, gas, hydrocarbon substances and other minerals from

adjacent or neighboring lands, and the exclusive right to inject in, store under and thereafter withdraw from said property oil, gas, hydrocarbon substances and other minerals and products thereof, whether produced from said property or elsewhere, together with the right to drill and operate whatever wells, construct, install, operate, maintain and remove whatever other facilities and do whatever else may be reasonably necessary on and in said property for the full enjoyment and exercise of the rights to excepted and reserved, and the unrestricted right of ingress and egress to and from said property for all such purposes; but grantor and its successors and assigns shall compensate grantee and its successors and assigns upon demand for any and all damage they cause to improvements and growing crops upon said property by the enjoyment or exercise of the rights so excepted and reserved by Tenneco West, Inc., a Delaware corporation in Deed recorded December 28, 1971 in Book 4614, Page 672 of Official Records.

APN: 295-070-23

PARCEL 3:

Lots 4, 5 and 6 of Section 2, Township 32 South, Range 27 East, Mount Diablo Base and Meridian, as shown on the Record of Survey filed November 19, 1895 in Book 1, Page 128 of Record of Surveys, in the Office of the County Recorder of said County.

EXCEPTING THEREFROM an undivided 1/6th interest in and to the oil, gas and other hydrocarbon substances and all other minerals and mineral rights conveyed to Ernest L. Antongiovanni, an unmarried man, as to an undivided one-third (1/3) interest, Claudia Lee Heinle, a married woman as her sole and separate property, as to an undivided one-third (1/3) interest and Martha Jean Ball, a married woman as her sole and separate property, as to an undivided one-third (1/3) interest, by Deed recorded November 16, 1984 in Book 5711, Page 487 of Official Records.

ALSO EXCEPTING THEREFROM all minerals including all gas and other hydrocarbons within or underlying said property, owned by Lucy Antongiovanni, a widow and Ernest Antongiovanni, as Trustee, as Trustee of the Testamentary Trust of the Ugo Antongiovanni Trust (Ernest Antongiovanni, aka Ernest L. Antongiovanni, aka Ernst L. Antongiovanni and Lucy Antongiovanni, aka Lucy Angela Antongiovanni, aka Lucille Angela Antongiovanni), as reserved in Deed recorded September 1, 1988 in Book 6159, Page 78 of Official Records.

By an Agreement for surface entry waiver and for drill sites dated May 26, 1988 executed by and between David Antongiovanni; Helen Antongiovanni individually and on behalf of the Estate of Eugene Antongiovanni, deceased; Lucy A. Antongiovanni, and Ernest L. Antongiovanni as Trustee of The Ugo Antongiovanni, Trust recorded September 1, 1988 in Book 6159, Page 146 of Official Records,  it was agreed that none of the surface thereof to a depth of 500 feet below the surface thereof, ever shall be used for the purpose of drilling for, producing, extracting, or taking the oil, gas or other hydrocarbon substances and the other minerals, therein or thereunder, EXCEPTING THEREFROM a drill site together with unrestricted rights for ingress and egress to and from the drill site, and for pipelines to and from the drill site, the location of the drill site, roadway and pipeline easements being described as a portion of Section 2, Township 32 South, Range 27 East, Mount Diablo Base and Meridian, and as Section is shown on County Surveyor's Map 7-1, filed in Book 7 at Page 22 of Filed Maps, in the Office of the County Surveyor of said County and described as:

The Easterly 300 feet of the Northerly 300 feet of the Southerly 815 feet of the Northwest Quarter of said Section 2, together with the right of access across the Northerly 15 feet of the Northeast Quarter and also across the Easterly 15 feet of the Northerly 1805 feet of the Northwest Quarter of last named Section 2.

APN: 295-070-03

PARCEL 4:

Lots 5 and 7 of Section 3, Township 32 South, Range 27 East, Mount Diablo Base and Meridian, as shown on the Record of Survey filed November 19, 1895 in Book 1, Page 128 of Record of Surveys, in the Office of the County Recorder of said County.

EXCEPTING THEREFROM an undivided 1/6th interest in and to the oil, gas and other hydrocarbon substances and all other minerals and mineral rights conveyed to Ernest L. Antongiovanni, an unmarried man, as to an undivided one-third (1/3) interest, Claudia Lee Heinle, a married woman as her sole and separate property, as to an undivided one-third (1/3) interest and Martha Jean Ball, a married woman as her sole and separate property, as to an undivided one-third (1/3) interest, by Deed recorded November 16, 1984 in Book 5711, Page 487 of Official Records.

ALSO EXCEPTING THEREFROM all minerals including all gas and other hydrocarbons within or underlying said property, owned by Lucy Antongiovanni, a widow and Ernest Antongiovanni, as Trustee, as Trustee of the Testamentary Trust of the Ugo Antongiovanni Trust (Ernest Antongiovanni, aka Ernest L. Antongiovanni, aka Ernst L. Antongiovanni and Lucy Antongiovanni, aka Lucy Angela Antongiovanni, aka Lucille Angela Antongiovanni) as reserved in Deed recorded September 1, 1988 in Book 6159, Page 78 of Official Records.

By an Agreement for surface entry waiver and for drill sites dated May 26, 1988 executed by and between David Antongiovanni; Helen Antongiovanni individually and on behalf of the Estate of Eugene Antongiovanni, deceased; Lucy A. Antongiovanni, and Ernest L. Antongiovanni as Trustee of The Ugo Antongiovanni, Trust recorded September 1, 1988 in Book 6159, Page 146 of Official Records, it was agreed that none of the surface thereof to a depth of 500 feet below the surface thereof, ever shall be used for the purpose of drilling for, producing, extracting, or taking the oil, gas or other hydrocarbon substances and the other minerals, therein or thereunder, EXCEPTING THEREFROM therefrom a drill site together with unrestricted rights for ingress and egress to and from the drill site, and for pipelines to and from the drill site, the location of the drill site, roadway and pipeline easements being described as a portion of Section 2, Township 32 South, Range 27 East, Mount Diablo Base and Meridian, and as Section is shown on County Surveyor's Map 7-1, filed in Book 7 at page 22 of Filed Maps, in the Office of the County Surveyor of said County and described as:

The Easterly 300 feet of the Northerly 300 feet of the Southerly 960 feet of the Northeast Quarter of said Section 3, together with the right of access across the Northerly 15 feet of Section 2 of said township and range, and also across the Easterly 15 feet of the Northerly 1635 feet of said Section 3.

APN: 295-070-02

Recorded at Request of
Old Republic Title Company

1421000876

This instrument prepared by:
PeirsonPatterson, LLP.
2310 Interstate 20 West, Suite 100
Arlington, TX 76017-1668

Recording Requested By/Return To:
Conterra Agricultural Capital, LLC
Taylor Petersen
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266

**Fresno County Recorder**
**Paul Dictos, CPA**

# 2021-0172475

Recorded at the request of:
ERECORDING PARTNERS NETWORK

10/15/2021 11:49 19
Titles: 1      Pages: 4
Fees: $20.00
CA SB2 Fees:$0.00
Taxes: $0.00
Total: $20.00

Exempt from fee per GC27388.1;
document recorded in connection with
a concurrent transfer subject to the
imposition of documentary transfer tax

## ASSIGNMENT OF DEED OF TRUST
## (Simultaneous)

Loan ## AG1069

For Value Received, the undersigned holder (herein "Assignor") of a Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing (herein "Deed of Trust") whose address is 5465 Mills Civic Parkway, Suite 201, West Des Moines, IA 50266, does hereby grant, sell, assign, transfer and convey, unto **American Equity Investment Life Insurance Company**, whose address is 6000 Westown Parkway, West Des Moines, IA 50266, all beneficial interest under a certain Deed of Trust dated October 15, 2021, made and executed by Gradon Farms, LLC, a California limited liability company, to Old Republic Title Company, Trustee, upon the following described property situated in Fresno County, State of ~~Texas:~~ California

**Please see the Exhibit "A" attached hereto and made a part hereof.**

Such Deed of Trust having been given to secure payment of a single-advance term loan in the original principal amount of $3,852,300.00, which Deed of Trust is being filed of record simultaneously in the official records of Fresno County, State of California, together with the notes and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

IN WITNESS WHEREOF, the undersigned Assignor has executed and made to be effective this Assignment of Deed of Trust on _October 15_, 2021.

---

Multistate Deed of Trust Assignment (Simultaneous) - Single Family

1

211631000322 [Doc Id 8448 M11182020]

EXHIBIT 1, PAGE 43

**Conterra Agricultural Capital, LLC**

_____   10/15/2021
Signature                                          Date
**Mark A. Smith, COO & General Counsel**

_____
Witness   Keifer Brandt
                    Witness

STATE OF IOWA
COUNTY OF ___Polk_____   Notary Public

Before me, the undersigned authority, on this day personally appeared
___Mark A. Smith, COO & General Counsel_____

_____
, known or proved to me according to law to be the person whose name is subscribed to the foregoing instrument,
and acknowledged to me that he/she/they voluntarily executed the same for the purposes of consideration therein
expressed, and in the capacity stated.

Given under my hand and seal this __15ᵗʰ__ day of __October_____, 20 _21_ .

___Taylor Petersen_____
Notary, State of ___Iowa_____

Printed Name: _Taylor Petersen___
My Commission Expires: __11-9-2021___

[SEAL: TAYLOR PETERSEN
Commission Number 813700
My Commission Expires
11-9-2021]

**ORDER NO. :** 1421000876

# EXHIBIT A

The land referred to is situated in the unincorporated area of the County of Fresno, State of California, and is described as follows:

PARCEL 1:

The Northeast Quarter of Section 16, Township 18 South, Range 15 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Together with the Easterly 660.03 feet of the Northwest Quarter of said Section 16.

Excepting therefrom that portion described as follows:

Beginning at the Northeast corner of said Section 16, said Northeast corner being at Coordinates Y=380, 340.97 feet and X=1,606, 371.10 feet; thence (1) along the East line of said Section 16, South 1° 26' 28" West, a distance of 13.28 feet to the Northeasterly boundary of the existing State Highway, Road 06-FRE-33; thence (2)along said Northeasterly boundary North 43° 44' 00" West, a distance of 18.60 feet to the North line of said Section 16; thence (3), along said North line South 89° 16' 39" East, a distance of 13.19 feet to the point of beginning.

Excepting therefrom 75% of all oil, gas, minerals and other hydrocarbons in, on or underlying said real property, with the right of ingress and egress to and from said real property for the purpose of exploring for, producing, removing and storing all oil, gas, hydrocarbons and other minerals and such other rights as may be necessary or convenient in the full and free exercise of the rights herein expressly reserved, as reserved in the Deed from Lyle J. Christie, an unmarried man, to Five Points Ranch, Inc., a corporation, dated July 8, 1965, recorded August 20, 1965, in Book 5207, Page 332 of Official Records, Document No. 67349.

APN: 058-080-23S and 058-080-30S

PARCEL 2:

The Southeast Quarter of Section 32, Township 17 South, Range 16 East, Mount Diablo Base and Meridian, according to the United States Government Plats.

Excepting therefrom 75% all oil, gas and other hydrocarbon substances, as reserved in various Deeds of record.

APN: 050-100-09S

PARCEL 3:

The East-half of Section 7, Township 18 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXHIBIT 1, PAGE 45

Excepting therefrom that portion as conveyed to The United States of America  in that certain Grant Deed Recorded August 24, 1965 in Book 5208, Page 554 of Fresno County Official Records, described as follows:

Beginning at a point in the North boundary of said Section 7, distant therealong North 89° 40' West 1940.5 feet from the Northeast corner of said Section 7; thence along said North boundary South 89° 40' East 697.0 feet; thence leaving said North boundary South 27° 32' East 2491.6 feet; thence South 89° 22' East 67.9 feet to a point in the East boundary of said Section 7; thence along said East boundary the following courses and distances:

South 0° 28' West 442.1 feet to the East Quarter corner of said Section 7; thence continuing South 0° 38' West 744.5 feet; thence leaving said East boundary and running North 27° 32' West 3173.2 feet; thence North 33° 40' West 374.4 feet; thence North 39° 48' West 358.2 feet to the point of beginning.

Also excepting therefrom all of the minerals and mineral ores of every kind and character now known to exist or hereafter discovered upon, within or underlying the hereinabove described property or that may be produced therefrom, including, without the generality of the foregoing, all oil, natural gas and hydrocarbon substances, geothermal steam, brines and minerals in solution, and sand, gravel and aggregates and products derived therefrom, as granted to Bravo Oil Company in Deeds recorded December 29, 1965, as Document Nos. 104217 and 104218, Official Records.

APN: 060-020-38S and 060-020-39S

**Fresno County Recorder**
**Paul Dictos, CPA**

## 2021-0208173

Recorded at the request of:
ERECORDING PARTNERS NETWORK

12/21/2021 10:09 05
Titles: 1      Pages: 7
Fees: $29.00
CA SB2 Fees:$0.00
Taxes:  $0.00
Total:  $29.00

Recorded at Request of
Old Republic Title Company

1421000872

This instrument prepared by:
**PeirsonPatterson, LLP.**
**2310 Interstate 20 West, Suite 100**
**Arlington, TX  76017-1668**

Recording Requested By/Return To:
**Conterra Agricultural Capital, LLC**
**Taylor Petersen**
**5465 Mills Civic Parkway, Suite 201**
**West Des Moines, IA 50266**

Exempt from fee per GC27388.1;
document recorded in connection with
a concurrent transfer subject to the
imposition of documentary transfer tax

## ASSIGNMENT OF DEED OF TRUST
## (Simultaneous)

Loan ## AG1077

For Value Received, the undersigned holder (herein "Assignor") of a Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing (herein "Deed of Trust") whose address is **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA  50266**, does hereby grant, sell, assign, transfer and convey, unto **American Equity Investment Life Insurance Company**, whose address is **6000 Westown Parkway, West Des Moines, IA 50266**, all beneficial interest under a certain Deed of Trust dated **December 17, 2021**, made and executed by **FFGT Farms, a California limited liability company**, to **Old Republic Title Company**, Trustee, upon the following described property situated in **Fresno County**, State of **California**:

**Please see the Exhibit "A" attached hereto and made a part hereof.**

Such Deed of Trust having been given to secure payment of a single-advance term loan in the original principal amount of **$13,500,000.00**, which Deed of Trust is being filed of record simultaneously in the official records of **★★ Fresno County, State of California**, together with the notes and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.

**★★ recording concurrently herewith**
TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

IN WITNESS WHEREOF, the undersigned Assignor has executed and made to be effective this Assignment of Deed of Trust on December 17, 2021            .

---

**Multistate Deed of Trust Assignment (Simultaneous) - Single Family**

1

211631000322 [Doc Id 8448 M11182020]

Recorded at Request of
Old Republic Title Company

1421000872

This instrument prepared by:
**PeirsonPatterson, LLP.**
**2310 Interstate 20 West, Suite 100**
**Arlington, TX 76017-1668**

Recording Requested By/Return To:
**Conterra Agricultural Capital, LLC**
**Taylor Petersen**
**5465 Mills Civic Parkway, Suite 201**
**West Des Moines, IA 50266**

Exempt from fee per GC27388.1;
document recorded in connection with
a concurrent transfer subject to the
imposition of documentary transfer tax

# ASSIGNMENT OF DEED OF TRUST
## (Simultaneous)

Loan ## **AG1077**

For Value Received, the undersigned holder (herein "Assignor") of a Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing (herein "Deed of Trust") whose address is **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA 50266**, does hereby grant, sell, assign, transfer and convey, unto **American Equity Investment Life Insurance Company**, whose address is **6000 Westown Parkway, West Des Moines, IA 50266**, all beneficial interest under a certain Deed of Trust dated **December 17, 2021**, made and executed by **FFGT Farms, a California limited liability company**, to **Old Republic Title Company**, Trustee, upon the following described property situated in **Fresno County**, State of **California**:

**Please see the Exhibit "A" attached hereto and made a part hereof.**

Such Deed of Trust having been given to secure payment of a single-advance term loan in the original principal amount of **$13,500,000.00**, which Deed of Trust is being filed of record simultaneously in the official records of **＊＊ Fresno County, State of California**, together with the notes and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.

＊＊ recording concurrently herewith
TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

IN WITNESS WHEREOF, the undersigned Assignor has executed and made to be effective this Assignment of Deed of Trust on December 17, 2021.

---

Multistate Deed of Trust Assignment (Simultaneous) - Single Family

1

211631000322 [Doc Id 8448 M11182020]

**Conterra Agricultural Capital, LLC**

_____   12/17/2021
Signature                                    Date

**Mark A. Smith, COO & General Counsel**

_____
Witness

STATE OF IOWA
COUNTY OF _____POIK_____

Before me, the undersigned authority, on this day personally appeared
_____Mark A. Smith, COO & General Counsel_____
_____

, known or proved to me according to law to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she/they voluntarily executed the same for the purposes of consideration therein expressed, and in the capacity stated.

Given under my hand and seal this __17th__ day of __December__, 20__21__.

_____
Notary, State of ____Iowa____

Printed Name: __Taylor Petersen__
My Commission Expires: __11-9-2024__

**TAYLOR PETERSEN**
Commission Number 813700
My Commission Expires:
11-9-2024

---

Multistate Deed of Trust Assignment (Simultaneous) - Single Family

2

211631000322 [Doc Id 8448 M11182020]

## EXHIBIT A

The land referred to is situated in the unincorporated area of the County of Fresno, State of California, and is described as follows:

PARCEL 1:

That portion of the North Half of Section 25, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof. Lying Northerly of the right of way of the Southern Pacific Railroad. Pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517  and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130939

Excepting therefrom that portion of the Northeast quarter as described in the Declaration of Taking No. 1, in favor of the United States of America, recorded January 28, 1958 as Instrument No. 6428, in Book 4021, Page 1 of Official Records.

Also excepting therefrom that portion thereof reserved by Southern Pacific Railroad Company, for its railroad right of way, station ground, yards and incidental purposes in Deed recorded March 22, 1912 in Book 492, Page 413 of Deeds, Fresno County records.

Also excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-47 (portion)

PARCEL 2:

That portion of the West half of the Northwest quarter AND the West 30.00 feet of the East half of the Northwest quarter of Section 25, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof. Lying Southerly of the right of way of the Southern Pacific Railroad. Pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517  and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130939

Also excepting therefrom that portion thereof reserved by Southern Pacific Railroad Company, for its railroad right of way, station ground, yards and incidental purposes in Deed recorded March 22, 1912 in Book 492, Page 413 of Deeds, Fresno County records.

Also excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-47 (portion)

PARCEL 3:

The East half of the Northwest quarter of Section 25, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof. Lying Sourtherly of the right of way of the Southern Pacific Railroad.

Excepting therefrom the West 30.00 feet thereof.

Pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517  and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130939

Also excepting therefrom that portion thereof reserved by Southern Pacific Railroad Company, for its railroad right of way, station ground, yards and incidental purposes in Deed recorded March 22, 1912 in Book 492, Page 413 of Deeds, Fresno County records.

Also excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-47 (portion)

PARCEL 4:

The West half of the Northeast quarter of Section 25, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof. Lying Sourtherly of the right of way of the Southern Pacific Railroad. Pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517  and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130939

Excepting therefrom that portion of the Northeast quarter as described in the Declaration of Taking No. 1, in favor of the United States of America, recorded January 28, 1958 as Instrument No. 6428, in Book 4021, Page 1 of Official Records.

Also excepting therefrom that portion thereof reserved by Southern Pacific Railroad Company, for its railroad right of way, station ground, yards and incidental purposes in Deed recorded March 22, 1912 in Book 492, Page 413 of Deeds, Fresno County records.

Also excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-47 (portion)

PARCEL 5:

The East half of the Southwest quarter of Section 25, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof. Pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517  and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130939

Excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-47 (portion)

PARCEL 6:

The Northwest quarter of the Southwest quarter of Section 25, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof. Pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517  and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130939

Excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-47 (portion)

PARCEL 7:

The Southwest quarter of the Southwest quarter of Section 25, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof. Pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517  and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130939

Excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-47 (portion)

PARCEL 8:

The Northwest quarter of the Northwest quarter of Section 36, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof. Pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517  and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130938

Excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-62 (portion)

PARCEL 9:

The Southwest quarter of the Northwest quarter of Section 36, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof. Pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517  and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130938

Excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-62 (portion)

PARCEL 10:

The East half of the Southwest quarter of Section 36, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof. Pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number  2020-0115517  and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130938

Excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-62 (portion)

PARCEL 11:

The Northwest quarter of the Southwest quarter of Section 36, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof. Pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517  and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130938

Excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-62 (portion)

Parcel 12:

The Southwest quarter of the Southwest quarter of Section 36, Township 19 South, Range 18 Ease, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to th Official Plat thereof.

APN: 068-130-63

Jon Lifquist, Assessor-Recorder
Kern County Official Records

DD
7/23/2020
11:57 AM

Recorded Electronically by:
451  Old Republic Title Company

RECORDING REQUESTED BY
**OLD REPUBLIC TITLE COMPANY**

Escrow No.:   1411018744-DB
APN:   295-070-04, 295-070-06,
295-070-23, 295-070-03,
295-070-02

WHEN RECORDED MAIL TO

Conterra Agricultural Capital, LLC
Taylor Petersen
7755 Office Plaza Drive North, Suite 195
West Des Moines, IA 50266

DOC#:  **220096751**

220096751

| Stat Types: | 1 | Pages: | 6 |
|---|---|---|---|
| FEES | | | 39.00 |
| TAXES | | | .00 |
| OTHER | | | .00 |
| PAID | | | 39.00 |

*SPACE ABOVE THIS LINE FOR RECORDER'S USE*

## Assignment Of Deed Of Trust

1. ☐ Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer subject to the imposition of documentary transfer tax

2. ☐ Exempt from fee per GC27388.1(a)(2); document transfers real property that is a residential dwelling to an owner-occupier

3. ☐ Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer that is a residential dwelling to an owner-occupier

4. ☒ Exempt from fee per GC 27388.1(a)(1); fee cap of $225 reached

------------------------------------------------ For Use In Select Counties ------------------------------------------------

5. ☐ Exempt from fee per GC27388.1(a)(2); document is subject to the imposition of documentary transfer tax

6. ☐ Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer that was subject to documentary transfer tax which was paid on document recorded previously on _____(date) as document number _____

7. ☐ Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier. The recorded document transferring the dwelling to the owner-occupier was recorded on _____ _____ (date) as document number(s)_____.

8. ☐ Exempt from fee per GC27388.1(a)(1); maximum fees having been paid on documents in the transaction(s) recorded previously on _____ (date) as document _____ number(s)

9. ☐ Exempt from fee under GC27388.1 for the following reasons:
_____

10. ☐ Exempt from fee per GC 27388.1(a)(1); not related to real property

11. ☐ Exempt from fee per GC27388.1(a)(2); document is executed or recorded by the state or any county, municipality, or other political subdivision of the state

12. ☐ Exempt from fee per GC 27388.1(a)(1); document is executed or recorded by the federal government in accordance with the Uniform Federal Lien Registration Act (Title 7 (commencing with Section 2100) Part 4 of the Code of Civil Procedure).

RECORDING REQUESTED BY
**OLD REPUBLIC TITLE COMPANY**

Escrow No.:   1411018744-DB
APN:   295-070-04, 295-070-06,
295-070-23, 295-070-03,
295-070-02

WHEN RECORDED MAIL TO

Conterra Agricultural Capital, LLC
Taylor Petersen
7755 Office Plaza Drive North, Suite 195
West Des Moines, IA 50266

*SPACE ABOVE THIS LINE FOR RECORDER'S USE*

## Assignment Of Deed Of Trust

1. ☐  Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer subject to the imposition of documentary transfer tax

2. ☐  Exempt from fee per GC27388.1(a)(2); document transfers real property that is a residential dwelling to an owner-occupier

3. ☐  Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer that is a residential dwelling to an owner-occupier

4. ☒  Exempt from fee per GC 27388.1(a)(1); fee cap of $225 reached

-------------------------------------------------- For Use in Select Counties --------------------------------------------------

5. ☐  Exempt from fee per GC27388.1(a)(2); document is subject to the imposition of documentary transfer tax

6. ☐  Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer that was subject to documentary transfer tax which was paid on document recorded previously on _____(date) as document number _____

7. ☐  Exempt from fee per GC27388.1(a)(2); document recorded in connection with a transfer of real property that is a residential dwelling to an owner-occupier. The recorded document transferring the dwelling to the owner-occupier was recorded on _____ _____ (date) as document number(s)_____

8. ☐  Exempt from fee per GC27388.1(a)(1); maximum fees having been paid on documents in the transaction(s) recorded previously on _____ (date) as document                                                                number(s) _____

9. ☐  Exempt from fee under GC27388.1 for the following reasons: _____

10. ☐  Exempt from fee per GC 27388.1(a)(1); not related to real property

11. ☐  Exempt from fee per GC27388.1(a)(2); document is executed or recorded by the state or any county, municipality, or other political subdivision of the state

12. ☐  Exempt from fee per GC 27388.1(a)(1); document is executed or recorded by the federal government in accordance with the Uniform Federal Lien Registration Act (Title 7 (commencing with Section 2100) Part 4 of the Code of Civil Procedure).

Recorded at Request of
Old Republic Title Company

1411018744

Recording Requested By/Return To:
**Conterra Agricultural Capital, LLC**
**Taylor Petersen**
**7755 Office Plaza Drive North, Suite 195, ~~Suite 195~~**
**West Des Moines, IA 50266**
------------------------------------------------------------------ [Space Above This Line For Recording] --------------------------------------------------------

# ASSIGNMENT OF DEED OF TRUST

**Loan # AG1021**

For Value Received, Conterra Agricultural Capital, LLC, an Iowa limited liability company ("Assignor") whose address is **7755 Office Plaza Drive North, Suite 195, West Des Moines, IA 50266**, does hereby grant, sell, assign, transfer and convey, unto **American Equity Investment Life Insurance Company, whose address is 6000 Westown Parkway, West Des Moines, Iowa 50266 ("Assignee")** all beneficial interest under a certain Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filings date July 23, 2020, (collectively, the "Deed of Trust" made and executed by **Willow Avenue Investments, LLC, a California limited liability company**, as Trustor to Old Republic Title Company, as Trustee, upon the following described property situated in **Kern County**, State of **California**:

**See Exhibit "A" attached hereto and made a part hereof.**

such Deed of Trust having been given to secure payment of **$5,550,000.00**          , which Deed of Trust   is
recording concurrently herewith                              (Original Amount of Principal)
~~is of record in Book xxxxxxxxx Page xxxxxxxx~~ in the Real Property Records of **Kern** County, State of **California**, together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever without recourse, subject only to the terms and conditions of the above-described Deed of Trust.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Deed of Trust on
_____July 23_____, 2020_____ .

EXHIBIT 1, PAGE 57

**Conterra Agricultural Capital, LLC**

Signature _____ 7-23-2020

Date

Mark A. Smith, COO & General Counsel

Witness _____

STATE OF IOWA

COUNTY OF __Dallas__

Before me, the undersigned authority, on this day personally appeared

__Mark A. Smith, COO & General Counsel__

, known or proved to me according to law to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she/they voluntarily executed the same for the purposes of consideration therein expressed, and in the capacity stated.

Given under my hand and seal this __23rd__ day of __July__ , 20__20__ .

Taylor Petersen

Notary, State of __Iowa__

Printed Name: __Taylor Petersen__

My Commission Expires: __11-9-2021__

**TAYLOR PETERSEN**
Commission Number 813700
My Commission Expires
__11-9-2021__

**This Instrument Prepared By:**
**PeirsonPatterson, LLP**

California Deed of Trust Assignment - Single Family                                           11/02

2

200909410425 [Doc Id 8457 M10032017]

EXHIBIT 1, PAGE 58

**ORDER NO. : 1411018744C**

# EXHIBIT A

The land referred to is situated in the County of Kern, City of Bakersfield, State of California, and is described as follows:

PARCEL 1:

Lots 1, 2 and 3 and the North half of the Northeast Quarter of Section 2, Township 32 South, Range 27 East, Mount Diablo Base and Meridian, as shown on the Record of Survey filed November 19, 1895 in Book 1, Page 128 of Record of Surveys, in the Office of the County Recorder of said County.

EXCEPTING THEREFROM all oil, gas, hydrocarbon substances and other minerals contained within the property hereinabove referred to, whether now known to exist or hereafter discovered, all oil, gas, hydrocarbon substances and other mineral rights belonging to or appertaining to said property, the exclusive right to prospect for, drill for, produce, mine, extract and remove oil, gas, hydrocarbon substances and other minerals upon and from said property, the exclusive right to drill upon, to drill through and otherwise to use said property to produce, mine, extract and remove oil, gas, hydrocarbon substances and other minerals from adjacent or neighboring lands, and the exclusive right to inject in, store under and thereafter withdraw from said property oil, gas, hydrocarbon substances and other minerals and products thereof, whether produced from said property or elsewhere, together with the right to drill and operate whatever wells, construct, install, operate, maintain and remove whatever other facilities and do whatever else may be reasonably necessary on and in said property for the full enjoyment and exercise of the rights to excepted and reserved, and the unrestricted right of ingress and egress to and from said property for all such purposes; but grantor and its successors and assigns shall compensate grantee and its successors and assigns upon demand for any and all damage they cause to improvements and growing crops upon said property by the enjoyment or exercise of the rights so excepted and reserved by Tenneco West, Inc., a Delaware corporation in Deed recorded December 28, 1971 in Book 4614, Page 672 of Official Records.

APN: 295-070-04 and 295-070-06

PARCEL 2:

Lots 1 and 2 in the Northeast Quarter of Section 3, Township 32 South, Range 27 East, Mount Diablo Base and Meridian, as shown on the Record of Survey filed November 19, 1895 in Book 1, Page 128 of Record of Surveys, in the Office of the County Recorder of said County.

EXCEPTING THEREFROM all oil, gas, hydrocarbon substances and other minerals contained within the property hereinabove referred to, whether now known to exist or hereafter discovered, all oil, gas, hydrocarbon substances and other mineral rights belonging to or appertaining to said property, the exclusive right to prospect for, drill for, produce, mine, extract and remove oil, gas, hydrocarbon substances and other minerals upon and from said property, the exclusive right to drill upon, to drill through and otherwise to use said property to produce, mine, extract and remove oil, gas, hydrocarbon substances and other minerals from

adjacent or neighboring lands, and the exclusive right to inject in, store under and thereafter withdraw from said property oil, gas, hydrocarbon substances and other minerals and products thereof, whether produced from said property or elsewhere, together with the right to drill and operate whatever wells, construct, install, operate, maintain and remove whatever other facilities and do whatever else may be reasonably necessary on and in said property for the full enjoyment and exercise of the rights to excepted and reserved, and the unrestricted right of ingress and egress to and from said property for all such purposes; but grantor and its successors and assigns shall compensate grantee and its successors and assigns upon demand for any and all damage they cause to improvements and growing crops upon said property by the enjoyment or exercise of the rights so excepted and reserved by Tenneco West, Inc., a Delaware corporation in Deed recorded December 28, 1971 in Book 4614, Page 672 of Official Records.

APN: 295-070-23

PARCEL 3:

Lots 4, 5 and 6 of Section 2, Township 32 South, Range 27 East, Mount Diablo Base and Meridian, as shown on the Record of Survey filed November 19, 1895 in Book 1, Page 128 of Record of Surveys, in the Office of the County Recorder of said County.

EXCEPTING THEREFROM an undivided 1/6th interest in and to the oil, gas and other hydrocarbon substances and all other minerals and mineral rights conveyed to Ernest L. Antongiovanni, an unmarried man, as to an undivided one-third (1/3) interest, Claudia Lee Heinle, a married woman as her sole and separate property, as to an undivided one-third (1/3) interest and Martha Jean Ball, a married woman as her sole and separate property, as to an undivided one-third (1/3) interest, by Deed recorded November 16, 1984 in Book 5711, Page 487 of Official Records.

ALSO EXCEPTING THEREFROM all minerals including all gas and other hydrocarbons within or underlying said property, owned by Lucy Antongiovanni, a widow and Ernest Antongiovanni, as Trustee, as Trustee of the Testamentary Trust of the Ugo Antongiovanni Trust (Ernest Antongiovanni, aka Ernest L. Antongiovanni, aka Ernst L. Antongiovanni and Lucy Antongiovanni, aka Lucy Angela Antongiovanni, aka Lucille Angela Antongiovanni), as reserved in Deed recorded September 1, 1988 in Book 6159, Page 78 of Official Records.

By an Agreement for surface entry waiver and for drill sites dated May 26, 1988 executed by and between David Antongiovanni; Helen Antongiovanni individually and on behalf of the Estate of Eugene Antongiovanni, deceased; Lucy A. Antongiovanni, and Ernest L. Antongiovanni as Trustee of The Ugo Antongiovanni, Trust recorded September 1, 1988 in Book 6159, Page 146 of Official Records,  it was agreed that none of the surface thereof to a depth of 500 feet below the surface thereof, ever shall be used for the purpose of drilling for, producing, extracting, or taking the oil, gas or other hydrocarbon substances and the other minerals, therein or thereunder, EXCEPTING THEREFROM a drill site together with unrestricted rights for ingress and egress to and from the drill site, and for pipelines to and from the drill site, the location of the drill site, roadway and pipeline easements being described as a portion of Section 2, Township 32 South, Range 27 East, Mount Diablo Base and Meridian, and as Section is shown on County Surveyor's Map 7-1, filed in Book 7 at Page 22 of Filed Maps, in the Office of the County Surveyor of said County and described as:

The Easterly 300 feet of the Northerly 300 feet of the Southerly 815 feet of the Northwest Quarter of said Section 2, together with the right of access across the Northerly 15 feet of the Northeast Quarter and also across the Easterly 15 feet of the Northerly 1805 feet of the Northwest Quarter of last named Section 2.

APN: 295-070-03

PARCEL 4:

Lots 5 and 7 of Section 3, Township 32 South, Range 27 East, Mount Diablo Base and Meridian, as shown on the Record of Survey filed November 19, 1895 in Book 1, Page 128 of Record of Surveys, in the Office of the County Recorder of said County.

EXCEPTING THEREFROM an undivided 1/6th interest in and to the oil, gas and other hydrocarbon substances and all other minerals and mineral rights conveyed to Ernest L. Antongiovanni, an unmarried man, as to an undivided one-third (1/3) interest, Claudia Lee Heinle, a married woman as her sole and separate property, as to an undivided one-third (1/3) interest and Martha Jean Ball, a married woman as her sole and separate property, as to an undivided one-third (1/3) interest, by Deed recorded November 16, 1984 in Book 5711, Page 487 of Official Records.

ALSO EXCEPTING THEREFROM all minerals including all gas and other hydrocarbons within or underlying said property, owned by Lucy Antongiovanni, a widow and Ernest Antongiovanni, as Trustee, as Trustee of the Testamentary Trust of the Ugo Antongiovanni Trust (Ernest Antongiovanni, aka Ernest L. Antongiovanni, aka Ernst L. Antongiovanni and Lucy Antongiovanni, aka Lucy Angela Antongiovanni, aka Lucille Angela Antongiovanni) as reserved in Deed recorded September 1, 1988 in Book 6159, Page 78 of Official Records.

By an Agreement for surface entry waiver and for drill sites dated May 26, 1988 executed by and between David Antongiovanni; Helen Antongiovanni individually and on behalf of the Estate of Eugene Antongiovanni, deceased; Lucy A. Antongiovanni, and Ernest L. Antongiovanni as Trustee of The Ugo Antongiovanni, Trust recorded September 1, 1988 in Book 6159, Page 146 of Official Records, it was agreed that none of the surface thereof to a depth of 500 feet below the surface thereof, ever shall be used for the purpose of drilling for, producing, extracting, or taking the oil, gas or other hydrocarbon substances and the other minerals, therein or thereunder, EXCEPTING THEREFROM therefrom a drill site together with unrestricted rights for ingress and egress to and from the drill site, and for pipelines to and from the drill site, the location of the drill site, roadway and pipeline easements being described as a portion of Section 2, Township 32 South, Range 27 East, Mount Diablo Base and Meridian, and as Section is shown on County Surveyor's Map 7-1, filed in Book 7 at page 22 of Filed Maps, in the Office of the County Surveyor of said County and described as:

The Easterly 300 feet of the Northerly 300 feet of the Southerly 960 feet of the Northeast Quarter of said Section 3, together with the right of access across the Northerly 15 feet of Section 2 of said township and range, and also across the Easterly 15 feet of the Northerly 1635 feet of said Section 3.

APN: 295-070-02

RECORDING REQUESTED BY

Old Republic Title Company

Escrow No.:   1411012306
APN:   040-060-24s

WHEN RECORDED MAIL TO

Conterra Agricultural Capital, LLC
Attn Taylor Petersen
5465 Mills Civic Parkway, Ste 201
West Des Moines, IA 50266

**Fresno County Recorder**
**Paul Dictos, CPA**

# 2021-0202494

Recorded at the request of:
ERECORDING PARTNERS NETWORK

12/10/2021 12:32 31
Titles: 1        Pages: 5
Fees: $23.00
CA SB2 Fees:$0.00
Taxes:  $0.00
Total:  $23.00

*SPACE ABOVE THIS LINE FOR RECORDER'S USE*

## ASSIGNMENT OF DEED OF TRUST

1  ☒  Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer subject to the imposition of documentary transfer tax

2  ☐  Exempt from fee per GC27388.1(a)(2); document transfers real property that is a residential dwelling to an owner-occupier

3  ☐  Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer that is a residential dwelling to an owner-occupier

4  ☐  Exempt from fee per GC27388.1(a)(1); fee cap of $225 reached

5  ☐  Exempt from fee per GC27388.1(a)(2); document is subject to the imposition of documentary transfer tax

11 ☐  Exempt from fee per GC27388.1(a)(2); document is executed or recorded by the state or any county, municipality, or other political subdivision of the state

12 ☐  Exempt from fee per GC27388.1(a)(2); executed or recorded by the federal government in accordance with the Uniform Federal Lien Registration Act (Title 7 (commencing with Section 2100) of Part 4 of the Code of Civil Procedure)

DB/js

EXHIBIT 1, PAGE 62

RECORDING REQUESTED BY

Old Republic Title Company

  Escrow No.:   1411012306
      APN:   040-060-24s


WHEN RECORDED MAIL TO

  Conterra Agricultural Capital, LLC
  Attn Taylor Petersen
  5465 Mills Civic Parkway, Ste 201
  West Des Moines, IA 50266

*SPACE ABOVE THIS LINE FOR RECORDER'S USE*

## ASSIGNMENT OF DEED OF TRUST

1  ☒  Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer subject to the imposition of documentary transfer tax

2  ☐  Exempt from fee per GC27388.1(a)(2); document transfers real property that is a residential dwelling to an owner-occupier

3  ☐  Exempt from fee per GC27388.1(a)(2); document recorded in connection with a concurrent transfer that is a residential dwelling to an owner-occupier

4  ☐  Exempt from fee per GC27388.1(a)(1); fee cap of $225 reached

5  ☐  Exempt from fee per GC27388.1(a)(2); document is subject to the imposition of documentary transfer tax

11 ☐  Exempt from fee per GC27388.1(a)(2); document is executed or recorded by the state or any county, municipality, or other political subdivision of the state

12 ☐  Exempt from fee per GC27388.1(a)(2); executed or recorded by the federal government in accordance with the Uniform Federal Lien Registration Act (Title 7 (commencing with Section 2100) of Part 4 of the Code of Civil Procedure)

DB/js

EXHIBIT 1, PAGE 63

This instrument prepared by:
**PeirsonPatterson, LLP.**
**2310 Interstate 20 West, Suite 100**
**Arlington, TX 76017-1668**

Recording Requested By/Return To:
**Conterra Agricultural Capital, LLC**
**Taylor Petersen**
**5465 Mills Civic Parkway, Suite 201**
**West Des Moines, IA 50266**

# ASSIGNMENT OF DEED OF TRUST
## (Simultaneous)

Loan ## **AG1078**

For Value Received, the undersigned holder (herein "Assignor") of a Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing (herein "Deed of Trust") whose address is **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA 50266**, does hereby grant, sell, assign, transfer and convey, unto **American Equity Investment Life Insurance Company**, whose address is **6000 Westown Parkway, West Des Moines, IA 50266**, all beneficial interest under a certain Deed of Trust dated **December 10, 2021**, made and executed by **Lincoln Grantor Farms, a California limited liability company**, to **Old Republic Title Company**, Trustee, upon the following described property situated in **Fresno County**, State of **California**:

**Please see the Exhibit "A" attached hereto and made a part hereof.**

Such Deed of Trust having been given to secure payment of a single-advance term loan in the original principal amount of **$3,350,910.00**, which Deed of Trust is being filed of record simultaneously in the official records of **Fresno County, State of California**, together with the notes and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

IN WITNESS WHEREOF, the undersigned Assignor has executed and made to be effective this Assignment of Deed of Trust on December 10 , 2021 .

---

**Multistate Deed of Trust Assignment (Simultaneous) - Single Family**

1

211631000322 [Doc Id 8448 M11182020]

EXHIBIT 1, PAGE 64

**Conterra Agricultural Capital, LLC**

_____  12/10/2021
Signature                                Date

**Mark A. Smith, COO & General Counsel**

_____
Witness

STATE OF IOWA
COUNTY OF _____ POlK _____

Before me, the undersigned authority, on this day personally appeared
_____ Mark A. Smith, COO & General counsel _____
, known or proved to me according to law to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she/they voluntarily executed the same for the purposes of consideration therein expressed, and in the capacity stated.

Given under my hand and seal this 10th day of December , 20 21 .

_____ Taylor Petersen _____
Notary, State of iowa _____

Printed Name: Taylor Petersen _____
My Commission Expires: 11-9-2024 _____

> **TAYLOR PETERSEN**
> Commission Number 813700
> My Commission Expires
> 11-9-2024

---

**Multistate Deed of Trust Assignment (Simultaneous) - Single Family**

2

211631000322 [Doc Id 8448 M11182020]

Exhibit A

The land referred to is situated in the unincorporated area of the County of Fresno, State of California, and is described as follows:

PARCEL ONE:

The West half of the West half of the Northeast quarter of Section 8, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM an undivided one-half interest in and to all oil, gas, minerals and other hydrocarbon substances now or at any time situate in and under said land, as reserved in the Deed from R.T. Hughes and Bess L. Hughes, husband and wife, to John H. Edgar and Ruby Dale Edgar, husband and wife as joint tenants, dated January 10, 1950, recorded January 24, 1950, in Book 2829 Page 69 of Official Records, Document No. 4385.

ALSO EXCEPTING THEREFROM an undivided one-fourth interest in and to all oil, gas and other hydrocarbons and minerals now or at any time hereafter situate therein and thereunder together with all easements and rights necessary or convenient for the production, storage, and transportation thereof and the exploration and testing of the said real property, and also the right to drill for, produce and use water from the said real property in connection with drilling or mining operations thereon, as reserved in the Deed from Patricia Johnson Schreiner to James L. Marshall, a married man as his separate property, dated May 30, 1974, recorded in June 25, 1974, as Document No. 47797.

APN: 040-020-24-S

PARCEL TWO:

The East half and the East half of the West half of the Northeast quarter of Section 8, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM an undivided one-half interest in and to all oil, gas, minerals and other hydrocarbon substances now or at any time situate in and under said land, as reserved in the Deed from R.T. Hughes and Bess L. Hughes, husband and wife, to John H. Edgar and Ruby Dale Edgar, husband and wife as joint tenants, dated January 10, 1950, recorded January 24, 1950, in Book 2829 Page 69 of Official Records, Document No. 4385.

ALSO EXCEPTING THEREFROM an undivided one-fourth interest in and to all oil, gas and other hydrocarbons and minerals now or at any time hereafter situate therein and thereunder together with all easements and rights necessary or convenient for the production, storage, and transportation thereof and the exploration and testing of the said real property, and also the right to drill for, produce and use water from the said real property in connection with drilling or mining operations thereon, as reserved in the Deed from Patricia Johnson Schreiner to John Alan Silveira, a single man, dated May 30, 1974, recorded June 25, 1974, as Document No. 47797.

APN: 040-020-25-S

The land referred to is situated in the unincorporated area of the County of Fresno, State of California, and is described as follows:

The Northeast quarter of Section 18, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, in an unincorporated area of the County of Fresno, State of California, according to the Official Plat thereof.

Excepting therefrom an undivided 50% interest in and to all oil, minerals and other hydrocarbon substances therein and thereunder, as reserved by A. J. Yates and Joyce E. Yates, husband and wife in Deed recorded May 3, 1985, Document No. 85043693, Official Records.

Also excepting therefrom an undivided 50% interest in and to all oil, gas and other hydrocarbons and minerals on, in or under said land, as reserved by Anderson, Clayton and Co., its successors and assigns, in Deed recorded September 28, 1971 in Book 5941 Page 200 of Official Records.

APN: 040-060-24-S

The land referred to is situated in the unincorporated area of the County of Fresno, State of California, and is described as follows:

Section 28, Township 15 South, Range 13 East, Mount Diablo Base and Meridian,

EXCEPTING THEREFROM the West 1811.4 feet;

ALSO EXCEPTING the East 1731.7 feet;

ALSO EXCEPTING that portion deeded to Fresno County for Manning Avenue, recorded in Book 5721, Pages 929, 931 & 933, Official Records of Fresno County;

ALSO EXCEPTING THEREFROM that portion deeded to Westlands Water District recorded in Book 5681, Page 67, Official Records of Fresno County.

FURTHER EXCEPTING THEREFROM, all right, title and interest in and to oil, minerals and hydrocarbon substances within and underlying said property by Grant Deed recorded June 3, 1960 in Book 4396, Page 525 and by Grant Deed recorded June 3, 1960 in Book 4396, Page 527, both of Official Records.

Being the land pursuant to a Certificate of Compliance, recorded February 11, 1999 as Document 1999-0021855 of Official Records.

APN: 027-171-81-S

Fresno County Recorder
**Paul Dictos, CPA**

# 2023-0023044

Recorded at the request of:
CSC, LOGAN

03/14/2023 11:52 58
Titles: 1     Pages: 38
Fees: $130.00
CA SB2 Fees:$75.00
Taxes:  $0.00
Total:  $205.00

This instrument prepared by:
**Conterra Agricultural Capital, LLC
Post Closing
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266**

Recording Requested By/Return To:
**Conterra Agricultural Capital, LLC
Post Closing
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266**

# ASSIGNMENT OF DEED OF TRUST

**Loan # AG1115 &
Loan # AG1116**

For Value Received, the undersigned holder (herein "Assignor") of a Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing (herein "Deed of Trust") whose address is **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA  50266**, does hereby grant, sell, assign, transfer and convey, unto **American Equity Investment Life Insurance Company**, whose address is **6000 Westown Parkway, West Des Moines, IA 50266**, all beneficial interest under a certain Deed of Trust dated **February 3, 2023**, made and executed by **Lincoln Grantor Farms, a California limited liability company, Gradon Farms, LLC, a California limited liability company, FFGT Farms, LLC, a California limited liability company, 104 Investments, LLC, a California limited liability company, Locans Investments, LLC, a California limited liability company, Cantua Orchards, LLC a California limited liability company, C & A Farms, LLC, a California limited liability company, and Willow Avenue Investments, LLC, a California limited liability company, to Old Republic Title Company**, Trustee, upon the following described property situated in **Fresno County, State of California:**

**Please see the Exhibit "A" attached hereto and made a part hereof.**

Such Deed of Trust having been given to secure payment of two promissory notes in the principal amount of $11,300,000.00 and $11,300,000.00, respectively, which Deed of Trust is of record in the official records of **Fresno County, State of California**, as Document Number: 2023-0011566 together with the notes and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

Dated effective this 3rd day of February, 2023.

---

**Multistate Deed of Trust Assignment**

1

211631000322 [Doc Id 8448 M11182020]

**Conterra Agricultural Capital, LLC**

Signature _____  Date 2/28/2023

Signature          Date

**Mark A. Smith, COO & General Counsel**

Witness _Madyson Riebhoff_
Witness    Madyson Riebhoff

STATE OF IOWA
COUNTY OF ___POlK___

Before me, the undersigned authority, on this day personally appeared
_Mark A. Smith, COO & General counsel of Conterra_
_Agricultural Capital, LLC_
, known or proved to me according to law to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she/they voluntarily executed the same for the purposes of consideration therein expressed, and in the capacity stated.

Given under my hand and seal this _28th_ day of _February_, 20 _23_

_Taylor Petersen_
Notary, State of Iowa

Printed Name: Taylor Petersen
My Commission Expires: 11/9/2024

TAYLOR PETERSEN
Commission Number 813700
My Commission Expires
11-9-2024

Multistate Deed of Trust Assignment – AG1115 Fresno

2

211631000322 [Doc Id 8448 M11182020]

EXHIBIT 1, PAGE 69

Exhibit A

1421002561 – Fresno

**The land referred to below is situated in an unincorporated area of the County of Fresno, State of California:**

PARCEL 9:

The North half of the Northeast Quarter of Section 22, Township 16 South, Range 14 East, Mount Diablo Base and Meridian, according to the Plat thereof.

EXCEPTING THEREFROM the North 50 feet, as conveyed to the County of Fresno in Deed recorded April 22, 1970 in Book 5780, Page 78 of Official Records.

APN: 038-141-21S

PARCEL 10:

The Northwest quarter of Section 8, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof;

EXCEPTING THEREFROM an undivided one-half interest in and to all oil, gas, minerals and other hydrocarbon substances now or at any time situate in and under said land, as reserved in the deed from R. T. Hughes and Bess L. Hughes, husband and wife, to John H. Edgar and Ruby Dale Edgar, husband and wife, as joint tenants, July 10, 1950, recorded January 24, 1950 in Book 2829 Page 69 of Official Records, Document No. 4385.

ALSO EXCEPTING THEREFROM an undivided one-fourth interest in and to all oil, gas and other hydrocarbons and minerals now or at any time hereinafter situate therein and thereunder, together with all easements and rights necessary or convenient for the production, storage and transportation thereof and the exploration and testing of the said real property, and also the right to drill for, produce and use water from the said real property in connection with drilling or mining operations thereon, as reserved in the deed from Raymond Dale Johnson to Bernie Thurman and James V. Gregory, as Trustees for Tanya Marie Marshall under that certain Irrevocable Trust Agreement dated May 30, 1974, recorded on June 25, 1974 as Document No. 47802.

APN:  040-020-18-S

**The land referred to below is situated in the City of Fresno, County of Fresno, State of California:**

PARCEL 11:

The East half of the Northwest quarter of the Northeast quarter of the Northwest quarter; the West half of the Northeast quarter of the Northeast of the Northwest quarter; and the East half of the Northeast quarter of the Northeast quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM the East 420.9 feet of the North half of the Northeast quarter of the Northeast quarter of the Northwest quarter of said Section 7.

ALSO EXCEPTING THEREFROM commencing at the Northwest corner of the East half of the Northwest quarter of the Northeast quarter of the Northwest quarter of said Section 7, running thence East along the North boundary line of said Section 7; 4.09 feet; thence in a Southerly direction in a straight line to a point on the South boundary line of said East half of the Northwest quarter of the Northeast quarter of the Northwest quarter of said Section 7, said point being 17 feet East of the Southwest corner of said East half of the Northwest quarter of the Northeast quarter of the Northwest quarter of said Section 7; thence West along the South boundary line of said East half of the Northwest quarter of the Northeast quarter of the Northwest quarter of said Section 7; 17 feet to the Southwest corner of said East half of the Northwest quarter of the Northeast quarter of the Northwest quarter of said Section 7; thence North along the West boundary line of said East half of the Northwest quarter of the Northeast quarter of the Northwest quarter of said Section 7 to the said Northwest corner of the said East half of the Northwest quarter of the Northeast quarter of the Northeast quarter of said Section 7.

APN:   464-20-07

PARCEL 12:

The West 161 feet of the East 420.9 feet of the North half of the Northeast quarter of the Northeast quarter of the Northwest quarter of Section 17, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

APN:   464-020-08

PARCEL 13:

The North half of the East 259.9 feet of the East half of the Northeast quarter of the Northeast quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof; said 259.9 feet measured from the East line of said Northwest quarter of said section.

APN:   464-020-09

PARCEL 14:

The North half of the Northeast quarter of the Southeast quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

APN:   464-020-12

PARCEL 15:

The North half of the Northwest quarter of the Southeast quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

APN:   464-020-13

PARCEL 16:

The South one-half of the Northeast one-quarter of the Northwest one-quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM the East 195 feet of the South 114 feet thereof.

ALSO EXCEPTING THEREFROM that portion lying within Parcel Map No. 82-33, according to the Map thereof recorded in Book 44, Pages 2 and 3 of Parcel Maps, Fresno County Records.

APN:   464-020-15

PARCEL 17:

The East 195 feet of the South 114 feet of the South one-half of the Northeast one-quarter of the Northwest one-quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

APN:   464-020-16

PARCEL 18:

The Southwest quarter of the Northwest quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

APN:   464-020-19

PARCEL 19:

The South three-fourths of the Southeast quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM the South 351 feet of the East 340 feet thereof.

APN:   464-020-25

PARCEL 20:

Parcel "A" of Parcel Map No. 82-33, according to the Map thereof recorded in Book 44, Pages 2 and 3 of Parcel Maps, Fresno County Records.

APN:   464-020-26

PARCEL 20-A:

A right of way for road purposes over the Westerly 30 feet of the East 330 feet of the East half of the Northwest quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM that portion lying within Parcel Ten described therein.

PARCEL 21:

The fractional Southwest quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM the East 990 feet thereof.

APN:   464-020-28

PARCEL 22:

The West 330 feet of the East 990 feet of the fractional Southwest quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

APN:   464-020-29

PARCEL 23:

The West 330 feet of the East 660 feet of the fractional Southwest quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

APN:   464-020-30

PARCEL 24:

The East 330 feet of the fractional Southwest quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

APN:   464-020-31

PARCEL 25:

Parcel B of Parcel Map No. 82-33, according to the Map thereof recorded in Book 44, Pages 2 and 3 of Parcel Maps, Fresno County Records.

APN:   464-020-34

PARCEL 26:

The East 125 feet of the Northwest quarter of the Northwest quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM that portion conveyed to the State of California, by Deed recorded July 31, 2003, as Document No. 2003-0173909, Official Records.

APN:   464-020-35

PARCEL 27:

The East half of the Northwest quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM the East 330 feet thereof.

ALSO EXCEPTING THEREFROM that portion of said land as conveyed to the State of California by Grant Deed recorded July 31, 2003, as Document No. 2003-0173909, Official Records.

APN:   464-020-36

PARCEL 28:

The Northwest quarter of the Northwest quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM the West 200 feet thereof.

EXCEPTING THEREFROM the East 125 feet thereof.

ALSO EXCEPTING THEREFROM that portion conveyed to the State of California in the Deed recorded January 12, 2004, as Document No. 2004-0007899, Official Records.

APN:   464-020-37

PARCEL 29:

All of Briscoe Tract, a Subdivision of the East half of the Southwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, unincorporated area, County of Fresno, State of California, except Lot 3 of Briscoe Tract, the same being in Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, unincorporated area, County of Fresno, State of California.

ALSO EXCEPTING THEREFROM that portion conveyed to the Fresno Irrigation District by Deed recorded February 13, 2006, as Instrument No. 2006-0031312 of Official Records.

APN:   464-060-17

PARCEL 30:

Lots 13, 14, 15 and 16 of Pleasant Dale, in the City of Fresno, County of Fresno, State of California, according to the Map thereof recorded in Book 2, Page 38 of Plats, in the Office of the County Recorder of said County.

TOGETHER WITH that portion of abandoned South Pleasant Avenue, which would pass by operation of law

APN:   477-021-09

PARCEL 31:

The South half of Lot 2, all of Lot 3 and the North half of Lot 4 of Pleasant Dale, according to the Map thereof recorded December 30, 1887, in Book 2, Page 38 of Plats, Fresno County Records.

PARCEL 31-A:

EXHIBIT 1, PAGE 75

An easement for a right of way or right to maintain, repair and replace an underground water pipe system as created in that certain Grant of Easement (Agreement) by and between Henry N. Tsuruoka and Lily V. Tsuruoka, husband and wife, and Albert Medzadoorian, recorded March 23, 1979 in Book 7246 of Official Records, Page 579, Instrument No. 34238, and being further described as follows:

That certain 10-foot strip of land lying 5 feet on each side of the following described centerline:

Commencing at the North corner of Section 18, Township 14 South, Range 20 East, M.D.B.M.; thence South along the East line of the Northwest ¼ of said Section 18, a distance of 32.96 feet; thence West a distance of 77.95 feet to the true point of beginning; thence South 75° 33' 40" East, a distance of 18.00 feet; thence South 39° 51' 05" East, a distance of 38.13 feet; thence South 00° 58' 30", a distance of 447.09 feet to the North line of the South ½ of Lot 2 of Pleasant Dale, Plats Book 2, Page 38, Fresno County Records.

APN:   477-021-11

PARCEL 32:

The Easterly 200.00 feet of the Southerly 270.00 feet of Lot 9 of Pleasant Dale, according to the Map thereof recorded in Book 2, Page 38 of Plats, Fresno County Records.

APN:   477-021-18

PARCEL 32-A:

A non-exclusive easement thirty (30) foot wide road right of way being described as follows:

The South 30.00 feet of the West 120.00 feet of the East 320.00 feet of Lot 9 of Pleasant Dale according to the Map thereof recorded in Book 2, Page 38 of Plats, Fresno County Records.

PARCEL 32-B:

A non-exclusive five (5) foot wide right of way for maintenance, repairs, operations, additions, alterations and betterments for a water pipeline, the centerline of said right of way being described as follows:

Commencing at a point on the Westerly line of that certain parcel of land, said point bearing South 89° 14' 00" West, 200.00 feet and North 0° 21' 43" East, 32.70 feet from the Southeast corner of Lot 9 of Pleasant Dale according to the Map thereof recorded in Book 2, Page 38 of Plats, Fresno County Records; thence South 89° 14' 00" West, 67.74 feet; thence South 0° 21' 45" West, 6.50 feet to a point South 0° 21' 45" West, 2.50 feet from an existing domestic water well.

PARCEL 33:

Lots 9, 10, 11 and 12 of Pleasant Dale, according to the Map thereof recorded in Book 2, Page 38 of Plats, Fresno County Records.

EXCEPTING THEREFROM the Easterly 200.00 feet of the Southerly 270.00 feet of said Lot 9.

ALSO EXCEPTING THEREFROM the Westerly 170.00 feet of the Southerly 270.00 feet of said Lot 9.

APN:   477-021-19

PARCEL 34:

The un-numbered Lot lying West of, and adjoining, Lots 21, 22, 23 and 234 of Pleasant Dale, according to the Map thereof, recorded in Book 2, Page 38 of Plats, Fresno County Records.

Said property is also described as the West one-half of the Southwest quarter of the fractional Northwest quarter of Section 18, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM the North 214.29 feet of the South 627.7 feet to the West 280.00 feet thereof.

and

Lots 21, 22, 23 and 24 of pleasant dale according to the Map thereof recorded December 30, 1887, in Book 2, Page 38 of Plats, Fresno County Records.

APN:   477-021-20

PARCEL 35:

The West 330 feet of the West one-half of the Northwest quarter of the Northwest quarter of Section 18, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM that portion described in the Deed to the City of Fresno recorded November 14, 2003, as Document No. 2003-0276316, Official Records.

and

Lot 20 of Pleasant Dale, according to the Map thereof recorded in Book 2, Page 38 of Plats, Fresno County Records.

EXCEPTING THEREFROM that portion described in the Deed to the City of Fresno recorded November 14, 2003, as Document No. 2003-0276316, Official Records.

and

Beginning at a point on the North line of the Northwest quarter of Section 18, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof, 1980 feet West of the Northeast corner of the Northwest quarter of said Section; thence South 0° 35' East, 1321 feet to a point on the South line of the North half of the Northwest quarter of said Section distant 1970.5 feet South 89° 55' West from the Southeast corner of the Northeast quarter of the Northwest quarter of said Section; thence West along the South line of the North

half of the Northwest quarter of said section to the West line of said section; thence North along said West line to the Northwest corner of said section; thence East along the North line of said section to the point of beginning.

EXCEPTING THEREFROM the West 330 feet thereof.

ALSO EXCEPTING THEREFROM that portion described in the Deed to the City of Fresno, recorded November 14, 2003, as Document No. 2003-0276316, Official Records.

APN:   477-021-25

PARCEL 36:

Lots 3, 4, 5 and 6 of West Villa Tract, according to the Map thereof, filed for record in Book 2, Page 49 of Plats, Fresno County Records.

APN: 464-070-10; and 464-070-11

PARCEL 37:

The Northwest quarter of the Southwest quarter of the Southeast quarter and the West half of the Northeast quarter of Southwest quarter of Southeast quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, in the County of Fresno, State of California, according to the United States Government Township Plats.

EXCEPTING THEREFROM that portion described in Grant Deed recorded September 8, 1982, as Instrument No. 82-77115, in Book 7969, Page 387 of Official Records.

APN: 464-101-23

Exhibit A
1421002562 Fresno

The land referred to in below is situated in the County of Fresno, State of California, and is described as follows:

Tract II:  [Gragnani Ranch]

TRACT A:

The Northeast quarter of Section 18, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, in an unincorporated area of the County of Fresno, State of California, according to the Official Plat thereof.

Excepting therefrom an undivided 50% interest in and to all oil, minerals and other hydrocarbon substances therein and thereunder, as reserved by A. J. Yates and Joyce E. Yates, husband and wife in Deed recorded May 3, 1985, Document No. 85043693, Official Records.

Also excepting therefrom an undivided 50% interest in and to all oil, gas and other hydrocarbons and minerals on, in or under said land, as reserved by Anderson, Clayton and Co., its successors and assigns, in Deed recorded September 28, 1971 in Book 5941 Page 200 of Official Records.

APN: 040-060-24-S

TRACT B

PARCEL ONE:

The West half of the West half of the Northeast quarter of Section 8, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM an undivided one-half interest in and to all oil, gas, minerals and other hydrocarbon substances now or at any time situate in and under said land, as reserved in the Deed from R.T. Hughes and Bess L. Hughes, husband and wife, to John H. Edgar and Ruby Dale Edgar, husband and wife as joint tenants, dated January 10, 1950, recorded January 24, 1950, in Book 2829 Page 69 of Official Records, Document No. 4385.

ALSO EXCEPTING THEREFROM an undivided one-fourth interest in and to all oil, gas and other hydrocarbons and minerals now or at any time hereafter situate therein and thereunder together with all easements and rights necessary or convenient for the production, storage, and transportation thereof and the exploration and testing of the said real property, and also the right to drill for, produce and use water from the said real property in connection with drilling or mining operations thereon, as reserved in the Deed from Patricia Johnson Schreiner to James L. Marshall, a married man as his separate property, dated May 30, 1974, recorded in June 25, 1974, as Document No. 47797.

APN:  040-020-24-S

PARCEL TWO:

The East half and the East half of the West half of the Northeast quarter of Section 8, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM an undivided one-half interest in and to all oil, gas, minerals and other hydrocarbon substances now or at any time situate in and under said land, as reserved in the Deed from R.T. Hughes and Bess L. Hughes, husband and wife, to John H. Edgar and Ruby Dale Edgar, husband and wife as joint tenants, dated January 10, 1950, recorded January 24, 1950, in Book 2829 Page 69 of Official Records, Document No. 4385.

ALSO EXCEPTING THEREFROM an undivided one-fourth interest in and to all oil, gas and other hydrocarbons and minerals now or at any time hereafter situate therein and thereunder together with all easements and rights necessary or convenient for the production, storage, and transportation thereof and the exploration and testing of the said real property, and also the right to drill for, produce and use water from the said real property in connection with drilling or mining operations thereon, as reserved in the Deed from Patricia Johnson Schreiner to John Alan Silveira, a single man, dated May 30, 1974, recorded June 25, 1974, as Document No. 47797.

APN: 040-020-25-S

TRACT C:

Section 28, Township 15 South, Range 13 East, Mount Diablo Base and Meridian,

EXCEPTING THEREFROM the West 1811.4 feet;

ALSO EXCEPTING the East 1731.7 feet;

ALSO EXCEPTING that portion deeded to Fresno County for Manning Avenue, recorded in Book 5721, Pages 929, 931 & 933, Official Records of Fresno County;

ALSO EXCEPTING THEREFROM that portion deeded to Westlands Water District recorded in Book 5681, Page 67, Official Records of Fresno County.

FURTHER EXCEPTING THEREFROM, all right, title and interest in and to oil, minerals and hydrocarbon substances within and underlying said property by Grant Deed recorded June 3, 1960 in Book 4396, Page 525 and by Grant Deed recorded June 3, 1960 in Book 4396, Page 527, both of Official Records.

Being the land pursuant to a Certificate of Compliance, recorded February 11, 1999 as Document 1999-0021855 of Official Records.

APN: 027-171-81-S

**TRACT III:** [Samarin]

PARCEL ONE:

All of Section 32, the Southwest Quarter of the Northwest Quarter of Section 33 and all of the North half of the North half of said Section 33 lying West of the centerline of the county road running in a Northwesterly and Southeasterly direction through Sections 28, 29 and 33 being more particularly described in that certain Grant of Right of Way from Miller and Lux Incorporated to the County of Fresno recorded April 4, 1932, in Book 1210, Page 151 of Official Records, all in Township 14 South, Range 15 East, Mount Diablo Base and Meridian, according to the United States Government Township Plat approved by the Surveyor General on January 31, 1855.

Excepting therefrom that portion of land described as F-35 of Schedule "A" taken by the United States of America by that certain Declaration of Taking recorded March 13, 1968, in Book 5546, Page 453 of Official Records.

Also excepting therefrom all oil, gas and other hydrocarbon substances in or under the lands hereby conveyed, together with the right to enter upon the said lands for the purpose of exploring and drilling for, developing, producing and exploiting the same, and to erect, maintain, operate and remove all such derricks, machinery building, well coverings and other equipment as may be appropriate for such purposes, and the right to erect, maintain, operate, and remove power lines for the conduct of electricity, telephone and telegraph lines and to lay, maintain, operate and remove pipe lines for oil, gas and water, and to construct, maintain,

operate and remove tanks and other facilities for the storage of oil, gas and water, as reserved in the Deed from Frederick W. McNear, also known as Fred W. McNear, and also known as F. W. McNear, to L.R. Van Burgh, dated July 22, 1946, recorded September 17, 1946, in Book 2455, Page 46 of Official Records, as Document No. 65654.

APN: 019-180-09 and 019-180-27

PARCEL TWO:

That portion of Section 28 lying West of the centerline of the county road running in a Northwesterly and Southeasterly direction through Sections 28, 29 and 33 being more particularly described in that certain Grant of Right of Way from Miller and Lux Incorporated to the County of Fresno recorded April 4, 1932 in Book 1210, Page 151 of Official Records, all of Section 29, except that portion thereof lying East of the centerline of said county road, all in Township 14 South, Range 15 East, Mount Diablo Base and Meridian, according to the United States Government Township Plat approved by the Surveyor General on January 31, 1855.

Excepting therefrom that portion of land described as F-35 of Schedule "A" taken by the United States of America by that certain Declaration of Taking recorded March 13, 1968 in Book 5546, Page 453 of Official Records.

Also excepting therefrom all oil, gas and other hydrocarbon substances in or under the lands hereby conveyed, together with the right to enter upon the said lands for the purpose of exploring and drilling for, developing, producing and exploiting the same, and to erect, maintain, operate and remove all such derricks, machinery building, well coverings and other equipment as may be appropriate for such purposes, and the right to erect, maintain, operate, and remove power lines for the conduct of electricity, telephone and telegraph lines and to lay, maintain, operate and remove pipe lines for oil, gas and water, and to construct, maintain, operate and remove tanks and other facilities for the storage of oil, gas and water, as reserved in the Deed from Frederick W. McNear, also known as Fred W. McNear, and also known as F. W. McNear, to L.R. Van Burgh, dated July 22, 1946, recorded September 17, 1946, in Book 2455, Page 46 of Official Records, as Document No. 65654.

APN: 019-180-23 and 019-180-25

TRACT IV:

PARCEL 1:

The South half of Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom any portion lying within Kings County.

Also excepting therefrom that portion of the North half of the Southeast Quarter lying west of Avenal Cutoff Road and West of the San Luis Canal and that portion of the Southwest Quarter of the Northeast Quarter lying West of the canal, all in Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian.

Also excepting therefrom Two-thirds of all mineral and oil rights and all minerals, oil and gas.

Also excepting therefrom an undivided 16.665% interest in and to the oil, gas, hydrocarbons and other minerals, as granted to Albert L. Britz and Helen Britz, husband and wife, as joint tenants, in that certain Mineral Deed dated November 29, 1974, recorded December 26, 1974, in Book 6381, Page 573, Document No. 95778.

APN: 078-090-26S (portion)

PARCEL 2:

That portion of the North half of the Southeast Quarter lying West of Avenal Cutoff Road and West of the San Luis Canal in Section 18, Township 21 South, Range 18 South, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom any portion lying within Kings County.

Also excepting the following described property:

Beginning at the Southeast corner of said Section 18, thence along the South boundary of said Section 18, North 89° 22' 41" West, 494.84 feet; thence leaving said South boundary North 0° 38' 22" East 1356.52 feet; thence North 12° 26' 44" West 314.19 feet; thence North 42° 58' 46" West 248.69 feet; thence South 47° 41' 53" West 1760.35 feet to a point in the Southeasterly boundary of that certain 80 foot wide strip of land now existing and being used for public road right of way; thence North 43° 26' 29" West 80.00 feet to a point in the Northwesterly boundary of said 80 foot wide strip of land; thence North 45° 15' 24" East 1760.68 feet; thence North 43° 17' 09" West 100.00 feet to a point hereinafter referred to as point "A"; thence continuing North 43° 17' 09" West 854.87 feet to a point in the South boundary of the Northeast Quarter of said Section 18, distant there along North 89° 23' 17" West 1504.50 feet from the East Quarter corner of said Section 18; thence along said South boundary, South 89° 23' 17" East 707.75 feet; thence leaving said South boundary North 43° 17' 09" West 1235.95 feet to a point in the North boundary of that certain tract of land described in Deed to John A. Kochergen, et al, dated September 2, 1952, recorded October 23, 1952, in Book 3224, Page 90 of Official Records; thence along said North boundary South 89° 23' 29" East 1653.04 feet to a point in the East boundary of said Section 18, distant there along North 0° 34' 07" ast 890.70 feet from the East Quarter corner of said Section 18; thence along said East boundary line the following courses and distances; South 0° 34' 07" West 819.44 feet to a point in the Northwesterly boundary of aforesaid 80 foot wide strip of land now existing and being used for public road right of way; thence continuing South 0° 34' 07" West 71.26 feet to the East Quarter corner of said Section 18; thence South 0° 34' 19" West 39.97 feet to a point in the Southeasterly boundary of said 80 foot wide strip of land; thence continuing South 0° 34' 19" West 2602.43 feet to the point of beginning.

Also excepting therefrom Two-thirds of all mineral and oil rights and all minerals, oil and gas.

Also excepting therefrom an undivided 16.665% interest in and to the oil, gas, hydrocarbons and other minerals, as granted to Albert L. Britz and Helen Britz, husband and wife, as joint tenants, in that certain Mineral Deed dated November 29, 1974, recorded December 26, 1974, in Book 6381, Page 573, Document No. 95778.

APN: 078-090-26S (portion)

PARCEL 3:

The South 54 acres of the Northeast Quarter of Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom any portion lying within Kings County.

Also excepting the following described property:

Beginning at the Southeast corner of said Section 18, thence along the South boundary of said Section 18, North 89° 22' 41" West, 494.84 fet1; thence leaving said South Boundary North 0° 38' 22" East 1356.52 feet; thence North 12° 26' 44" West 314.19 feet; thence North 42° 58' 46" West 248.69 feet; thence South 47° 41' 53" West 1760.35 feet to a point in the Southeasterly boundary of that certain 80 foot wide strip of land now existing and being used for public road right of way; thence North 43° 26' 29" West 80.00 fet1 to a point in the Northwesterly boundary of said 80 foot wide strip of land; thence North 45° 15' 24" East 1760.68 feet; thence North 43° 17' 09" West 100.00 feet to a point hereinafter referred to as point "A"; thence continuing North 43° 17' 09" West 854.87 feet to a point in the South boundary of the Northeast Quarter of said Section 18, distant there along North 89° 23' 17" West 1504.50 feet from the East Quarter corner of said Section 18; thence along said South boundary, South 89° 23' 17" East 707.75 feet; thence leaving said South boundary North 43° 17' 09" West 1235.95 feet to a point in the North boundary of that certain tract of land described in Deed to John A. Kochergen, et al, dated September 2, 1952, recorded October 23, 1952, in Book 3224, Page 90 of Official Records; thence along said North boundary South 89° 23' 29" East 1653.04 feet to a point in the East boundary of said Section 18, distant there along North 0° 34' 07" East 890.70 feet from the East Quarter corner of said Section 18; thence along said East boundary line the following courses and distances: South 0° 34' 07" West 819.44 feet to a point in the Northwesterly boundary of aforesaid 80 foot wide strip of land now existing and being used for public road right of way; thence continuing South 0° 34' 07" West 71.26 feet to the East Quarter corner of said Section 18; thence South 0° 34' 19" West 39.97 feet to a point in the Southeasterly boundary of said 80 foot wide strip of land; thence continuing South 0° 34' 19" West 2602.43 feet to the point of beginning.

Also except that portion described as follows:

Beginning at a point in the North boundary of the tract of land described in Deed to John A. Kochergen, et al, dated September 2, 1952 and recorded October 23, 1952, in Book 3224, Page 90 of Official Records, distant there along North 89° 23' 29" West 2277.72 feet from a point in the East boundary of said Section 18, distant there along North 0° 34' 07" East 890.70 feet from the East Quarter of said Section 18; thence along said North boundary South 89° 23' 29" East 624.68 feet; thence leaving said North boundary South 43° 17' 09" East 1235.95 feet to a point in the South boundary of the Northeast Quarter of said Section 18, distant there along North 89° 23' 17" West 796.75 feet from the East Quarter corner of said Section 18; thence along said South boundary North 89° 23' 17" West 707.75 feet; thence leaving said South boundary North 43° 17' 09" West 834.71 feet; thence North 33° 24' 22" West 348.78 feet to the point of beginning.

Also excepting therefrom all oil, gas, minerals and other hydrocarbon substances in and under said land, as excepted in the Deed from Barbara J. Meadows, et al, to John A. Kochergen, et al, dated September 2, 1952, recorded October 23, 1952, in Book 3224, Page 90 of Official Records, Document No. 55044.

APN: 078-090-26S (portion)

PARCEL 4:

A parcel of land in Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, being a portion of that certain Parcel Two as described in the Deed from Vernon L. Thomas, Inc., a corporation to the United States of America, which was filed for record on September 14, 1965, in Book 5216, Page 283, Official Records of Fresno County, State of California, described as follows:

Beginning at a point in the South boundary of said Parcel Two (5216 OR 283) distant there along South 89° 23' 29" East 351.68 feet from the terminus of a course described as North 89° 23' 29" West 888.99 feet in said Parcel Two (5216 OR 283); thence from said point of beginning North 89° 23' 29" West 351.68 feet to a point in the West boundary of the Northeast Quarter of said Section 18; thence leaving said South boundary along said West boundary North 0° 33' 37" East 1560.00 feet; thence leaving said West boundary South 65° 49' 29" East, 76.36 feet; thence South 0° 08' 29" East 500.00 feet; thence South 7° 21' 29" East 469.85 feet; South 17° 13' 29" East 232.00 feet; thence South 21° 37' 22" East 370.92 feet to the point of beginning.

Excepting therefrom an undivided One-half interest in and to all oil, gas and other hydrocarbons and minerals in and under said land, as excepted by the Deed from B.E. Loomer, et al, to Alfred R. Brown, et ux, dated September 10, 1941, recorded October 6, 1941 as Document No. 33177, Official Records.

Also excepting therefrom an undivided one-half interest in and to all oil, gas and other hydrocarbons and minerals now or at any time hereafter situate therein and thereunder, together with all easements and rights necessary or convenient for the production, storage and transportation thereof and the exploration and testing of the said real property, and also the right to drill for, produce and use water from the said real property in connection with drilling and mining operation thereon, as reserved in the Deed from A.R. Brown and Blanche G. Brown, husband and wife, to Carthyl Thomas and Gurtha Thomas, as tenants in common, dated January 7, 1948, recorded February 25, 1948, as Document No. 9403, Official Records.

Also excepting therefrom all of grantors interest in and to all oil gas or minerals in and under said land, without however the right to dig, drill or mine therefor through the surface of said land or within 100 feet of the surface, as reserved in the Deed from Vernon L. Thomas, Inc., a corporation, to the United States of America, recorded September 14, 1965, in Book 5216, Page 283 of Official Records, Document No. 73423.

APN: 078-090-27S

PARCEL 5:

The Southeast Quarter of the Northwest Quarter, and the North half of the Northwest Quarter of Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM that portion thereof conveyed to Westlands Water District by Deed recorded December 7, 1973 in Book 6247, Page 483 of Official Records, Document No. 106071, being more particularly described as follows:

A parcel of land in the Northeast Quarter of the Northwest Quarter of Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, described an follows:

Beginning at the North quarter corner of said Section 18; thence (1) along the East line of the Northwest Quarter of said Section 18, South 0° 33' 31" West, 180.00 feet; thence (2) North 89° 26' 29" West, 50.00 feet; thence (3) North 0° 33' 31" East, 105.00 feet; thence (4) North 75° 00' 35" West, 201.37 feet; thence (5) North 0° 36' 09" East, 25.00 feet to a point in the North line of said Section 18; thence (6) along said North line, South 89° 23' 51" East, 245.30 feet to the point of beginning.

ALSO EXCEPTING THEREFROM all oil, gas and minerals as heretofore reserved of record.

APN: 078-090-22S

PARCEL 6:

That portion of Fractional Section 7, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof, lying Westerly of the Westerly boundary line of that certain tract or parcel of land described as Parcel 2 (Unit 178) as conveyed unto the United States of America in Deed recorded May 17, 1966 in Book 5314, Page 66 of Official Records, Document No. 37725.

Excepting therefrom that portion conveyed to Westlands Water District in Deed recorded February 18, 1977 in Book 6743, Page 213 of Official Records, Document No. 16643, described as follows:

Beginning at the South Quarter corner of said Section 7; thence (1) along the South line of the Southeast Quarter of said Section 7, South 89° 23' 49" East, 96.50 feet to the Southwest corner of the 59.13 acre parcel of land described as Parcel Two (Unit 178) in the Deed to the United States of America recorded May 17, 1966 in Book 5314, Page 66   as Document No. 37725, Fresno County Official Records; thence (2) along the West boundary of said 59.13 acre parcel of land, North 0° 52' 58" East, 120.00 feet; thence (3) South 52° 33' 14" West, 129.80 feet; thence (4) south 83° 00' 14" west, 242.00 feet; thence (5) South 0° 36' 09" West, 8.00 feet to a point on the South line of the Southwest Quarter of said Section 7; thence (6) along last said South line, South 89° 23' 51" East, 245.00 feet to the point of beginning.

Also excepting therefrom all of the minerals and mineral ores of every kind and character now known to exist or hereafter discovered upon, within or underlying the hereinabove described property or that may be produced therefrom, including, without limiting the generality of the foregoing, all oil, natural gas and hydrocarbon substances, geothermal steam, brines and minerals in solution, and sand, gravel and aggregates, and products derived therefrom, as

granted to Bravo Oil Company in Deed recorded December 29, 1965 in Book 5257, Page 25, Document No. 104217, Official Records.

This legal description is made pursuant to that certain Certificate of Waiver of Parcel Map No. 17-13, recorded October 23, 2018, as Instrument No. 2018-0128928 of Official Records.

APN: 078-080-57S

PARCEL 6A:

A non-exclusive easement for ingress and egress and incidental purposes over, across and through the Westerly 20 feet of the following described property:

The fractional Northeast Quarter of Section 6, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof; and

The Southeast Quarter of Section 6, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof; except that portion lying Easterly of the West boundary of land granted to the United States of America by Deed recorded November 1, 1965 in Book 5235, Page 243, Official Records, Document No. 88214; also excepting all oil, gas, minerals and other hydrocarbon substances an heretofore reserved of record.

PARCEL 7:

The Southwest Quarter of the Northwest Quarter of Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, in the County of Fresno, State of California, according to the Official Plat thereof.

Except all oil, gas and other minerals in, or under said premises.

APN: 078-090-02S

PARCEL 8:

Intentionally Deleted

PARCEL 9:

Intentionally Deleted

**The following parcel is located in the County of Fresno, State of California and Assessed with Kings County:**

PARCEL 10:

All that portion of the Northwest Quarter of Section 19, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof, lying within the bounds of Fresno County, California.

Except all oil, gas and other minerals in, or under said premises.

Assessed under Kings County APN 036-170-038-000

**The land referred to in below is situated in the County of Fresno, State of California, and is described as follows:**

**TRACT V: [Le Moore]**

**PARCEL 1:**

That portion of the North Half of Section 25, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof, lying Northerly of the right of way of the Southern Pacific Railroad, pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517 and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130939

Excepting therefrom that portion of the Northeast quarter as described in the Declaration of Taking No. 1, in favor of the United States of America, recorded January 28, 1958 as Instrument No. 6428, in Book 4021, Page 1 of Official Records.

Also excepting therefrom that portion thereof reserved by Southern Pacific Railroad Company, for its railroad right of way, station ground, yards and incidental purposes in Deed recorded March 22, 1912 in Book 492, Page 413 of Deeds, Fresno County records.

Also excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-81

**PARCEL 2:**

That portion of the West half of the Northwest quarter AND the West 30.00 feet of the East half of the Northwest quarter of Section 25, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof, lying Southerly of the right of way of the Southern Pacific Railroad, pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517 and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130939

Also excepting therefrom that portion thereof reserved by Southern Pacific Railroad Company, for its railroad right of way, station ground, yards and incidental purposes in Deed recorded March 22, 1912 in Book 492, Page 413 of Deeds, Fresno County records.

Also excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-82

PARCEL 3:

The East half of the Northwest quarter of Section 25, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof. Lying Southerly of the right of way of the Southern Pacific Railroad.

Excepting therefrom the West 30.00 feet thereof, pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517 and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130939

Also excepting therefrom that portion thereof reserved by Southern Pacific Railroad Company, for its railroad right of way, station ground, yards and incidental purposes in Deed recorded March 22, 1912 in Book 492, Page 413 of Deeds, Fresno County records.

Also excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-83

PARCEL 4:

The West half of the Northeast quarter of Section 25, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof, lying Southerly of the right of way of the Southern Pacific Railroad,  pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517  and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130939

Excepting therefrom that portion of the Northeast quarter as described in the Declaration of Taking No. 1, in favor of the United States of America, recorded January 28, 1958 as Instrument No. 6428, in Book 4021, Page 1 of Official Records.

Also excepting therefrom that portion thereof reserved by Southern Pacific Railroad Company, for its railroad right of way, station ground, yards and incidental purposes in Deed recorded March 22, 1912 in Book 492, Page 413 of Deeds, Fresno County records.

Also excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-84

PARCEL 5:

The East half of the Southwest quarter of Section 25, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of

California, according to the Official Plat thereof, pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517 and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130939

Excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-88

PARCEL 6:

The Northwest quarter of the Southwest quarter of Section 25, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof, pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517 and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130939

Excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-89

PARCEL 7:

The Southwest quarter of the Southwest quarter of Section 25, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof, pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517 and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130939

Excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-90

PARCEL 8:

The Northwest quarter of the Northwest quarter of Section 36, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof, pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517 and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130938

Excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-74

PARCEL 9:

The Southwest quarter of the Northwest quarter of Section 36, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof, pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517 and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130938

Excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-75

PARCEL 10:

The East half of the Southwest quarter of Section 36, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof, pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517 and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130938

Excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-79

PARCEL 11:

The Northwest quarter of the Southwest quarter of Section 36, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof, pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517 and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130938

Excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-80

Parcel 12:

The Southwest quarter of the Southwest quarter of Section 36, Township 19 South, Range 18 Ease, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to th Official Plat thereof.

APN: 068-130-63

TRACT VI:  [Diener Five Points]

PARCEL 1:

The Northeast Quarter of Section 16, Township 18 South, Range 15 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Together with the Easterly 660.03 feet of the Northwest Quarter of said Section 16.

Excepting therefrom that portion described as follows:

Beginning at the Northeast corner of said Section 16, said Northeast corner being at Coordinates Y=380, 340.97 feet and X=1,606, 371.10 feet; thence (1) along the East line of said Section 16, South 1° 26' 28" West, a distance of 13.28 feet to the Northeasterly boundary of the existing State Highway, Road 06-FRE-33; thence (2) along said Northeasterly boundary North 43° 44' 00" West, a distance of 18.60 feet to the North line of said Section 16; thence (3), along said North line South 89° 16' 39" East, a distance of 13.19 feet to the point of beginning.

Excepting therefrom 75% of all oil, gas, minerals and other hydrocarbons in, on or underlying said real property, with the right of ingress and egress to and from said real property for the purpose of exploring for, producing, removing and storing all oil, gas, hydrocarbons and other minerals and such other rights as may be necessary or convenient in the full and free exercise of the rights herein expressly reserved, as reserved in the Deed from Lyle J. Christie, an unmarried man, to Five Points Ranch, Inc., a corporation, dated July 8, 1965, recorded August 20, 1965, in Book 5207, Page 332 of Official Records, Document No. 67349.

APN: 058-080-23S and 058-080-30S

PARCEL 2:

The Southeast Quarter of Section 32, Township 17 South, Range 16 East, Mount Diablo Base and Meridian, according to the United States Government Plats.

Excepting therefrom all oil, gas and other hydrocarbon substances, as reserved in various Deeds of record.

APN: 050-100-09S

EXHIBIT 1, PAGE 92

PARCEL 3:

The East-half of Section 7, Township 18 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom that portion as conveyed to The United States of America in that certain Grant Deed Recorded August 24, 1965 in Book 5208, Page 554 of Fresno County Official Records, described as follows:

Beginning at a point in the North boundary of said Section 7, distant therealong North 89° 40' West 1940.5 feet from the Northeast corner of said Section 7; thence along said North boundary South 89° 40' East 697.0 feet; thence leaving said North boundary South 27° 32' East 2491.6 feet; thence South 89° 22' East 67.9 feet to a point in the East boundary of said Section 7; thence along said East boundary the following courses and distances:

South 0° 28' West 442.1 feet to the East Quarter corner of said Section 7; thence continuing South 0° 38' West 744.5 feet; thence leaving said East boundary and running North 27° 32' West 3173.2 feet; thence North 33° 40' West 374.4 feet; thence North 39° 48' West 358.2 feet to the point of beginning.

Also excepting therefrom all of the minerals and mineral ores of every kind and character now known to exist or hereafter discovered upon, within or underlying the hereinabove described property or that may be produced therefrom, including, without the generality of the foregoing, all oil, natural gas and hydrocarbon substances, geothermal steam, brines and minerals in solution, and sand, gravel and aggregates and products derived therefrom, as granted to Bravo Oil Company in Deeds recorded December 29, 1965, as Document Nos. 104217 and 104218, Official Records.

APN: 060-020-38S and 060-020-39S


TRACT VII: [Floral North]

PARCEL 1:

The Southwest Quarter of the Southwest Quarter of Section 35, Township 15 South, Range 13 East, Mount Diablo Base and Meridian, in an unincorporated area, County of Fresno, State of California, according to the Official Plat thereof, and as per Certificate of Waiver Parcel Map No. 00-16 recorded August 6, 2001 as Document No. 2001-0110902 of Official Records.

Excepting therefrom a Life Estate in and to the interest in all mineral rights in, on or under said land, as reserved by Wallace E Barron and Daisy E. Barron, husband and wife, in Deed recorded September 30, 1952 in Book 3215, Page 550 of Official Records.

APN: 027-180-93

PARCEL 2:

The Northwest Quarter of the Southwest Quarter of Section 35, Township 15 South, Range 13 East, Mount Diablo Base and Meridian, in an unincorporated area, County of Fresno, State of

California, according to the Official Plat thereof, and as per Certificate of Waiver Parcel Map No. 00-16 recorded August 6, 2001 as Document No. 2001-0110902 of Official Records.

Excepting therefrom a Life Estate in and to the interest in all mineral rights in, on or under said land, as reserved by Wallace E Barron and Daisy E. Barron, husband and wife, in Deed recorded September 30, 1952 in Book 3215, Page 550 of Official Records.

APN: 027-180-94

PARCEL 3: (Intentionally Deleted)

APN: 027-180-95

PARCEL 4:

The Southeast Quarter of the Southwest Quarter of Section 35, Township 15 South, Range 13 East, Mount Diablo Base and Meridian, according to the Official Plat thereof, and as per Certificate of Waiver Parcel Map No. 00-16 recorded August 6, 2001 as Document No. 2001-0110902 of Official Records.

Excepting therefrom a life estate in and to 1/2 interest in all mineral rights in, on or under said property, as reserved in the deed from Wallace E. Barron and Daisy E. Barron, husband and wife, recorded September 30, 1952 in Book 3215, Page 550 of Official Records.

APN: 027-180-96

PARCEL 5: (Intentionally Deleted)

APN: 038-050-05S

PARCEL 6:

The South-half of the Northwest Quarter of the Northwest Quarter of Section 2, Township 16, South, Range 13 East, Mount Diablo Base and Meridian, according to the United States Government Township Plat approved by the Surveyor General on June 4, 1881.

Excepting therefrom and all oil, gas, minerals and hydrocarbon substances in, on or under said land together with the right to drill and explore for same at two locations to be determined by grantor's. grantors shall reimburse grantee, their successors and assigns, for any damages to the surface of said land as a result of said drilling and exploration together with a rental in an amount that is customary at the time, , as reserved by Joy Elizabeth Smith, a married woman as her sole and separate property, et al, in the Grant Deed recorded June 5, 2006 under Recorder's Serial Number 2006-0117287, Official Records.

APN: 038-050-06S

PARCEL 7:

The Southeast Quarter of the Northwest Quarter of Section 2, Township 16, South, Range 13 East, Mount Diablo Base and Meridian, in an unincorporated area, County of Fresno, State of California, according to the Official Plat thereof.

Excepting therefrom all oil, gas, minerals and any other Hydrocarbon substances in, on and under the herein above described land, not heretofore reserved of record, as reserved by Wells Fargo Bank, N.A., as successor in interest to Bank of America, NT&SA, as Trustee under the Will of C. Ray Robinson, deceased, in the Grant deed recorded March 22, 2006 under Recorder's Serial Number 2006-0058554, Official Records.

APN: 038-050-08

PARCEL 8:

The Northwest Quarter of the Northwest Quarter of Section 1, Township 16, South, Range 13 East, Mount Diablo Base and Meridian, in an unincorporated area, County of Fresno, State of California, according to the Official Plat thereof, and as per Certificate of Waiver of Parcel Map No. 99-39, recorded January 18, 2001 as Instrument No. 2001-0006327 of Official Records.

APN: 038-050-52

PARCEL 9: (Intentionaly Deleted)

APN: 038-050-53

PARCEL 10:

The Southwest Quarter of the Northwest Quarter of Section 1, Township 16 South, Range 13 East, Mount Diablo Base and Meridian, according to the Official Plat thereof, and as per Certificate of Waiver of Parcel Map No. 99-39, recorded January 18, 2001 as Instrument No. 2001-0006327 of Official Records.

APN: 038-050-54

PARCEL 11:

The Southeast Quarter of the Northwest Quarter of Section 1, Township 16 South, Range 13 East, Mount Diablo Base and Meridian, according to the Official Plat thereof, and as per Certificate of Waiver of Parcel Map No. 99-39, recorded January 18, 2001 as Instrument No. 2001-0006327 of Official Records.

APN: 038-050-55

**TRACT VIIIA: [Gragnani]**

**TRACT I of TRACT VIIIA:**

**PARCEL ONE:**

The Northwest quarter of Section 18, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom an undivided 1/2 interest in and to all oil, gas, minerals and other hydrocarbon substances in and under said land, as reserved in the Deed recorded September 28, 1971, in Book 5941, Page 200 of Official Records, as Document No. 78378.

And also excepting an undivided 1/2 interest in and to all oil, gas, minerals and other hydrocarbon substances, as reserved in Deed recorded May 3, 1985 as Document No. 85043689, Official Records.

APN: 040-060-23S

PARCEL ONE-A:

An easement for rights of way for passage over, upon and across, and ingress and egress to and from the Westerly 20 feet of the Southwest Quarter of Section 18, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Said easement is for the benefit of and is appurtenant to Grantee's property described as the Northwest Quarter of Section 18, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof, as granted to Donald Jerry Gragnani, a married man as his sole and separate property, in the Grant Deed dated December 27, 1994 and recorded on February 7, 1995 as Instrument No. 95-016598 of Official Records.

PARCEL TWO:

The East One-half of Section 24, Township 16 South, Range 15 East, Mount Diablo Base and Meridian, according to the United States Government Township Plats thereof.

Excepting therefrom all oil, gas, other hydrocarbons, minerals and metals, in, on or underlying said property together with the right to explore for, drill for, produce, store and remove any and all said substances and all other rights convenient or incidental to the full use and enjoyment of the rights herein expressly reserved, as reserved by Elizabeth Zerlang in Deed recorded June 5, 1969 in Book 5693 of Official Records, Page 552.

APN: 038-160-16S

TRACT II of TRACT VIIIA:

PARCEL ONE:

The West half of Section 24, Township 16 South, Range 15 East, M.D.B. & M., according to the Official Plat thereof.

EXCEPTING THEREFROM an undivided one-fourth of all minerals, ore, gas and other hydrocarbon substances lying in, upon, under or which may be produced, saved and sold from said real property.

APN:  038-160-17-S

EXHIBIT 1, PAGE 96

PARCEL TWO:

The North half of Section 10, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM all that portion of said property conveyed to the United States of America in that certain Deed dated March 2, 1972 and recorded April 26, 1972 in Book 6016, Page 474 of Official Records, as Document No. 37493.

ALSO EXCEPTING THEREFROM that portion described as follows:

Beginning at a point which is on the West line of said Section 10 and 100 feet North of the Southwest corner of the North one-half of said Section 10, which point shall be the true point of beginning; thence North along the West line of said Section 10, a distance of 325 feet; thence East at a right angle and parallel with the South line of said section, a distance of 325 feet; thence South at a right angle and parallel with the West line of said section, a distance of 325 feet; thence West at a right angle and parallel with the South line of said section, a distance of 325 feet to the true point of beginning on the West line of said Section 10.

ALSO EXCEPTING THEREFROM one-half of all oil, gas and other hydrocarbon substances and one-half of all minerals, whether metallic or non-metallic, in, under or on said real property as reserved by the San Francisco Bank, a corporation, in Deed recorded June 10, 1948 in Book 2644, Page 420 of Official Records, Document No. 28130.

ALSO EXCEPTING THEREFROM 5% of all oil, gas and other hydrocarbon substances and 5% of all minerals, whether metallic or non-metallic in and under said land, as excepted in the Deed from R.T. Hughes and Bess L. Hughes, husband and wife, recorded December 27, 1950 in Book 2944, Page 550 of Official Records, Document No. 69757.

ALSO EXCEPTING THEREFROM 25% of all oil, gas and other hydrocarbon substances and 25% of all minerals, whether metallic or non-metallic in and under said land, as reserved in the Deed dated April 23, 1962, from Miles O. Humphreys, Jr. and Zona Humphreys, his wife and T.M. Robinson and Myrtle E. Robinson, his wife, to Ernest E. Sullivan and Gracie Sullivan, his wife, recorded May 4, 1962, as Document No. 36478.

ALSO EXCEPTING THEREFROM 10% of all oil, gas and other hydrocarbon substances and 10% of all minerals, whether metallic or non-metallic in and under said land, together with the right to explore and develop oil, gas and other hydrocarbon substances on, in and under said land above described and in the event of the exercise of said right so reserved, the Grantee shall be compensated for any and all damages done to the surface of said land or crops growing thereon, as reserved in the Deed from Ernest E. Sullivan and Gracie Sullivan, husband and wife to Sullivan & Gragnani, Inc., a corporation, recorded May 4, 1962, as Document No. 36479.

APN: 040-030-44-S

PARCEL THREE:

The North half of Section 17, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM all of the minerals and mineral ores of every kind and character now known to exist or hereafter discovered upon, within or underlying the hereinabove described property or that may be produced therefrom, including, without limiting the generality of the foregoing, all oil, natural gas and hydrocarbon substances, geothermal steam, brines and natural gas and hydrocarbon substances, geothermal steam, brines and minerals in solution, and sand, gravel and aggregates, and products derived therefrom, as granted to Bravo Oil Company in Deeds recorded December 29, 1965, as Document No. 104217 in Book 5257, Page 25, Official Records.

APN:  040-060-26-S

**TRACT III of TRACT VIIIA:**

PARCEL ONE:

The West half of Section 14, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, in the unincorporated area of the County of Fresno, State of California.

Excepting therefrom the following:

A strip of parcel of land in the Southwest quarter of Section 14, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, described as follows:

Beginning at the Southwest corner of said Section 14; thence along the West line of said Section 14 North 00° 20' 36" East 34.84 feet; thence leaving said West line South 34° 41' 08" East 42.36 feet to a point in the South line of said Section 14; thence along said South 89° 57' 55" West 24.31 feet to the point of beginning.

Also excepting therefrom all the coal, lignite, coal oil, petroleum, naptha, asphalt, maltha, brea, natural gas and all kindred or similar substances which now exist or any time hereafter may exist upon, in or under the property, with the full, free, exclusive and perpetual right below one hundred feet from the surface contours of the property to explore, dig, mine and bore for and otherwise to extract said substances from the above described land and to sever and remove the same therefrom, as well as the right to dispose of, inject and/or below said one hundred foot level store any substance or substances for the enjoyment of these rights and for other business activities of grantor, reserving all rights of location in and under the above described land for mines, tunnels, shafts, wells, pumps, and all other machinery, equipment and/or structures deemed necessary by grantor to enjoy the rights excepted and reserved hereby, also reserving the right to take and use and develop for use any and all subterranean waters under the above described land as all such waters may now or hereafter exist in, on or under the above described land as so far as any of the said waters may be necessary or convenient for carrying on of any or all of the above mentioned works and the full enjoyment of the rights set forth above as excepted and reserved in the deed recorded October 19, 1993 as Instrument No. 93-161681.

PARCEL ONE-A:

A non-exclusive easement for ingress, egress and maintenance of a ditch over the North 40 feet of the following described real property for water transfer:

The East half of Section 14, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, in the unincorporated area of the County of Fresno, State of California.

APN: 040-070-41

**TRACT IV of TRACT VIIIA:**

PARCEL 1:

The West half of the East half of Section 7, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting an undivided 50% of all oil, gas, minerals and other hydrocarbon substances in and under said land, as reserved in that certain Deed dated April 20, 1985, and recorded May 3, 1985, as Document No. 85-043685, Official Records.

APN 040-020-16S

PARCEL 2:

The East half of the East half of Section 7, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, in the County of Fresno, State of California, according to the Official Plat thereof.

APN 040-020-15

PARCEL 3:

The Southwest Quarter of Section 8, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom an undivided one-half interest in and to all oil, gas, minerals and other hydrocarbon substances now or at any time situate in and under said land, as reserved in the Deed from R. T. Hughes and Bess L. Hughes, husband and wife to John H. Hughes and Ruby Dale Hughes, husband and wife, as joint tenants, dated January 10, 1950, recorded January 24, 1950 in Book 2829, Page 69 of Official Records, Document No. 4385.

Excepting and reserving unto the Grantors herein an undivided one-fourth interest in and to all oil, gas and other hydrocarbons and minerals now or at any time hereafter situate therein and thereunder, together with all easements and rights necessary or convenient for the production, storage and transportation thereof and the exploration and testing of the said real property, and also the right to drill for, produce and use water from the said real property in connection with drilling or mining operations thereon.

APN 040-020-19S

PARCEL 4:

The Southeast Quarter of Section 8, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom an undivided one-half interest in and to all oil, gas, minerals and other hydrocarbon substances now or at any time situate in and under said land, as reserved in the Deed from R. T. Hughes and Bess L. Hughes, husband and wife to John H. Hughes and Ruby Dale Hughes, husband and wife, as joint tenants, dated January 10, 1950, recorded January 24, 1950 in Book 2829, Page 69 of Official Records, Document No. 4385.

Also excepting therefrom an undivided one-fourth interest in and to all oil, gas and other hydrocarbons and minerals now or at any time hereafter situate therein and thereunder, together with all easements and rights necessary or convenient for the production, storage and transportation thereof and the exploration and testing of the said real property, and also the right to drill for, produce and use water from the said real property in connection with drilling or mining operations thereon, as reserved in the Deed from Harold A. Johnson to Dale Gene Graham, a married man, as his separate property, dated May 30, 1974, recorded June 25, 1974 as Document No. 47794.

APN 040-020-21S

PARCEL 5:

All of Section 1, Township 16 South, Range 15 East, Mount Diablo Base and Meridian, according to the Official Plat thereof;

Excepting therefrom the title and exclusive right to all of the minerals and mineral ores of every kind and character now known to exist or hereafter discovered upon, within or underlying or that may be produced therefrom, including, without limiting the generality of the foregoing, all oil, natural gas and hydrocarbon substances, geothermal steam, brines and minerals in solution, and sand, gravel and aggregates, and products derived therefrom, together with the exclusive and perpetual right of said grantee, its successors and assigns, of ingress and egress in, upon or over said property to explore and prospect for, extract, develop, save, convey, store, refine, process and remove the same and to make such use of said property and the surface thereof as is necessary or useful in connection therewith, which use may include the sinking, boring, digging or drilling of wells, shafts, or tunnels, excavations, open pit mining and constructing, maintaining and removing roads, ways, pipe lines, pole lines, tanks, buildings, structures and facilities, as conveyed by Southern Pacific Company, a corporation, to Bravo Oil Company, a corporation, by Deed dated December 27, 1965, recorded December 29, 1965, in Book 5257 Page 25 of Official Records, Document No. 104217.

APN: 038-090-30s

## EXHIBIT A
### ORDER NO. : 1421002600

The land referred to is situated in the unincorporated area of the County of Fresno, State of California, and is described as follows:

**TRACT I:**

PARCEL 1:

The North 771.60 feet (measured along the West line of the Northeast one quarter) of the Northeast one quarter of Section 30, Township 15 South, Range 13 East, Mount Diablo Base and Meridian; EXCEPTING THEREFROM the North 50 feet and ALSO EXCEPTING THEREFROM that portion conveyed to the State of California in the Deed recorded October 20, 1964 in Book 5082, Page 1 as Document No. 82320, Official Records.

EXCEPTING THEREFROM AND RESERVING unto James S. Anderson, all the grantor's right, title and interest in and to all oil, gas, other hydrocarbon substances and minerals which may be located in and under said land, as conveyed in the Deed from Robert Montoya an Juanita Montoya, husband and wife to James S. Anderson, a married man as his sole and separate property, dated March 19, 2001, recorded June 19, 2001 as Document No. 2001-0084954, Official Records, as reserved in the Grant Deed recorded September 12, 2002 as Document No. 20020157911, Official Records.

APN:  027-171-85-S

PARCEL 2:

The Northwest quarter of Section 29, Township 15 South, Range 13 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM that portion thereof lying Northeasterly of the Southwesterly boundary line of that property conveyed to the State of California in the Deed recorded August 12, 1996 in Book 5346 Page 477 as Document No. 59482, Official Records.

ALSO EXCEPTING THEREFROM 50% of oil, gas and minerals rights in and under said land as reserved in the Deed from Frank G. Everts, et al, to Elynor Falk and David Falk, wife and husband, dated November 29, 1963, recorded February 13, 1964 in Book 4964 Page 236 as Document No. 12039, Official Records.

ALSO EXCEPTING AND RESERVING unto the grantors, as their interests appear, all the grantor's right, title and interest in and to all oil, gas, other hydrocarbon substances and minerals which may be located in and under said land, as reserved in the Grant Deed recorded September 12, 2002 as Document No. 20020157913, Official Records.

APN:  027-171-15-S

PARCEL 3:

The East one half of that portion of the Northeast one quarter of Section 30, Township 15 South, Range 13 East, Mount Diablo Base and Meridian, according to the Official Plat thereof, lying South of the North 771.60 feet (measured along the West line of the Northeast one quarter) of said Northeast quarter, pursuant to Lot Line Adjustment No. 05-12.

EXCEPTING THEREFROM AND RESERVING unto James S. Anderson, all the grantor's right, title and interest in and to all oil, gas, other hydrocarbon substances and minerals, which may be located in and under said land, as conveyed in the Deed from Robert Montoya and Juanita Montoya, husband and wife to James S. Anderson, a married man as his sole and separate property, dated March 19, 2001, recorded June 19, 2001 as Document No. 2001-0084954, Official Records, as reserved in the Grant Deed recorded September 12, 2002 as Document No. 20020157911, Official Records.

APN:  027-171-60-S

PARCEL 4:

The West one half of that portion of the Northeast one quarter of Section 30, Township 15 South, Range 13 East, Mount Diablo Base and Meridian, lying South of the North 771.60 feet (measured along the West line of the Northeast one quarter) of said Northeast one quarter.

ALSO EXCEPTING THEREFROM AND RESERVING unto James S. Anderson, all the grantor's right, title and interest in and to all oil, gas, other hydrocarbon substances and minerals which may be located in and under said land, as conveyed in the Deed from Robert Montoya and Juanita Montoya, husband and wife to James S. Anderson, a married man as his sole and separate property, dated March 19, 2001, recorded June 19, 2001 as Document No. 2001-0084954, Official Records, as reserved in the Grant Deed recorded September 12, 2002 as Document No. 2002-157911, Official Records.

APN:  027-171-84-S

**TRACT II:**

PARCEL 1:

The Southwest Quarter of Section 20, Township 17 South, Range 16 East, Mount Diablo Base and Meridian, according to the United States Government Township Plat approved by the Surveyor General on August 6, 1855.

Excepting therefrom that portion granted to CMA, a California general partnership in the Corporation of Grant Deed dated July 1, 1988 and recorded on September 19, 1988 as Instrument No. 88-103835, Official Records.

Also excepting therefrom all oil, gas, minerals, and other hydrocarbon substances in and under said land.

APN:  050-060-42S

PARCEL 2:

The Westerly 90 feet of the Northwest Quarter of Section 29, Township 17 South, Range 16 East, Mount Diablo Same and Meridian, according to the Official Plat thereof.

Excepting therefrom all of the minerals and mineral ores of every kind and character now known to exist or hereafter discovered upon, within or underlying said land, or that may be produced therefrom, including, without limiting the generality of the foregoing, all oil, natural gas and hydrocarbon substances, geothermal steam, brines and minerals in solution, and sand, gravel and aggregates, and products derived therefrom, together with the exclusive and perpetual right of Bravo Oil Company, it successors and assigns, of ingress and across in, upon or over said property to explore and prospect for, extract, develop, save, convey, store, refine, process and remove the same and to make such use of said property and the surface thereof as is necessary or useful in connection therewith, which use may include the sinking, boring, digging or drilling of wells, shafts or tunnels, excavating, open pit mining and constructing, maintaining and removing roads, ways, pipe lines, pole lines, tanks, buildings, structures and facilities.

APN: 050-100-40S

PARCEL 3:

That portion of the Northeast Quarter of Section 30, Township 17 South, Range 16 East, Mount Diablo Base and Meridian, according to the United States Government Township Plat approved by the Surveyor General on August 6, 1855, described as follows:

Beginning at a point on the North line of said Section 30, 530 feet West of the Northeast corner of said Section; thence South parallel with the East line of said Section, 540 feet; thence East parallel with the North line of said Section, 500 feet; thence South parallel with said East line 950 feet; thence West parallel with said North line 150 feet; thence South parallel with said East line 220 feet; thence East parallel with said North line 180 feet to said East line; thence North along said East line to the Northeast corner of said Section 30; thence West along the North line of said Section to the point of beginning.

Excepting therefrom all oil, gas, minerals and other hydrocarbon substances in and under said land, as previously reserved of record.

APN: 050-100-27S

PARCEL 4:

The Northeast quarter of Section 23, Township 17 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom all oil, gas and minerals in and under said land, as reserved in the Deed from Kings County Development Company to Carl L. Mauldin, dated May 15, 1947, recorded July 25, 1947, in Book 2561, Page 220 as Document No. 393422, Official Records.

APN: 050-070-25S

PARCEL 5:

The Southwest Quarter of Section 23, Township 17 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom the Southwest Quarter of the Southwest Quarter of said Section 23.

Also excepting therefrom all oil, gas and minerals in and under said land, as reserved in the Deed from Kings County Development Company to Carl L. Mauldin, dated May 15, 1947, recorded July 25, 1947, in Book 2561, Page 220 as Document No. 39422, Official Records.

APN: 050-070-39S

PARCEL 6:

Section 3, Township 18 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom all of the minerals and mineral ores of ever kind and character now known to exist or hereafter discovered upon, within or underlying the hereinabove described property or that may be produced therefrom, including, without limiting the generality of the foregoing, all oil, natural gas and hydrocarbon substances, geothermal steam, brines and minerals in solution, and sand, gravel and aggregates, and products derived therefrom, as granted to Bravo Oil Company in Deed recorded December 29, 1965, as Document No. 104217, Official Records.

APN: 060-030-14S

PARCEL 7:

The Southeast Quarter of the Southeast Quarter of Section 6, Township 18 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plats thereof.

Excepting therefrom all oil, gas, and other hydrocarbons and minerals in and under said land as previously reserved of record.

APN: 060-020-20S

PARCEL 8:

The North 160 acres thereof of the Fractional West One-half of Section 7, Township 18 South, Range 16 East, Mount Diablo Base and Meridian, in the County of Fresno, State of California, according to the Official Government Plat thereof.

Excepting therefrom all iron, coal, lignite, asphaltum, petroleum, and other mineral oils, gypsum, gold, silver, cinnabar, lead, tin, copper, limestone, marble and all other deposits and substances, as reserved by Southern Pacific Railroad Company in Deed recorded January 16, 1904 in Book 308, Page 453 of Deeds, Fresno County Records.

APN: 060-020-50S

**TRACT III:**

The East 1731.7 feet of Section 28, Township 15 South, Range 13 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom all oil, gas, other hydrocarbon substances and minerals of any kind or character, in, on, or thereunder, as reserved in deeds of record.

Excepting therefrom that portion deeded to Fresno County for Manning Avenue, recorded in Book 5721 Page 929, Official Records.

APN: 027-171-82-S

**Fresno County Recorder**
**Paul Dictos, CPA**

# 2023-0023044

Recorded at the request of:
CSC, LOGAN

03/14/2023 11:52 58
Titles: 1      Pages: 38
Fees: $130.00
CA SB2 Fees:$75.00
Taxes:  $0.00
Total:  $205.00

This instrument prepared by:
**Conterra Agricultural Capital, LLC**
**Post Closing**
**5465 Mills Civic Parkway, Suite 201**
**West Des Moines, IA 50266**

Recording Requested By/Return To:
**Conterra Agricultural Capital, LLC**
**Post Closing**
**5465 Mills Civic Parkway, Suite 201**
**West Des Moines, IA 50266**

# ASSIGNMENT OF DEED OF TRUST

**Loan # AG1115 &**
**Loan # AG1116**

For Value Received, the undersigned holder (herein "Assignor") of a Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing (herein "Deed of Trust") whose address is **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA  50266**, does hereby grant, sell, assign, transfer and convey, unto **American Equity Investment Life Insurance Company**, whose address is **6000 Westown Parkway, West Des Moines, IA 50266**, all beneficial interest under a certain Deed of Trust dated **February 3, 2023**, made and executed by **Lincoln Grantor Farms, a California limited liability company, Gradon Farms, LLC, a California limited liability company, FFGT Farms, LLC, a California limited liability company, 104 Investments, LLC, a California limited liability company, Locans Investments, LLC, a California limited liability company, Cantua Orchards, LLC a California limited liability company, C & A Farms, LLC, a California limited liability company, and Willow Avenue Investments, LLC, a California limited liability company, to Old Republic Title Company**, Trustee, upon the following described property situated in **Fresno County**, State of **California**:

**Please see the Exhibit "A" attached hereto and made a part hereof.**

Such Deed of Trust having been given to secure payment of two promissory notes in the principal amount of $11,300,000.00 and $11,300,000.00, respectively, which Deed of Trust is of record in the official records of **Fresno County, State of California**, as Document Number: 2023-0011566 together with the notes and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

Dated effective this 3rd day of February, 2023.

---

**Multistate Deed of Trust Assignment**

1

211631000322 [Doc Id 8448 M11182020]

EXHIBIT 1, PAGE 106

**Conterra Agricultural Capital, LLC**

_Signature_ _____  2/28/2023
_Date_

**Mark A. Smith, COO & General Counsel**

_Witness_ Madyson Riebhoff

STATE OF IOWA
COUNTY OF ___Polk___

Before me, the undersigned authority, on this day personally appeared
___Mark A. Smith, COO & General Counsel of Conterra___
___Agricultural Capital, LLC___
, known or proved to me according to law to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she/they voluntarily executed the same for the purposes of consideration therein expressed, and in the capacity stated.

Given under my hand and seal this ___28th___ day of ___February___, 20 __23__

___Taylor Petersen___
Notary, State of Iowa

Printed Name: Taylor Petersen
My Commission Expires: 11/9/2024

> TAYLOR PETERSEN
> Commission Number 813700
> My Commission Expires
> 11-9-2024

_____
**Multistate Deed of Trust Assignment – AG1115 Fresno**

2

EXHIBIT 1, PAGE 107

Exhibit A

1421002561 – Fresno

**The land referred to below is situated in an unincorporated area of the County of Fresno, State of California:**

PARCEL 9:

The North half of the Northeast Quarter of Section 22, Township 16 South, Range 14 East, Mount Diablo Base and Meridian, according to the Plat thereof.

EXCEPTING THEREFROM the North 50 feet, as conveyed to the County of Fresno in Deed recorded April 22, 1970 in Book 5780, Page 78  of Official Records.

APN: 038-141-21S

PARCEL 10:

The Northwest quarter of Section 8, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof;

EXCEPTING THEREFROM an undivided one-half interest in and to all oil, gas, minerals and other hydrocarbon substances now or at any time situate in and under said land, as reserved in the deed from R. T. Hughes and Bess L. Hughes, husband and wife, to John H. Edgar and Ruby Dale Edgar, husband and wife, as joint tenants, July 10, 1950, recorded January 24, 1950 in Book 2829 Page 69  of Official Records, Document No. 4385.

ALSO EXCEPTING THEREFROM an undivided one-fourth interest in and to all oil, gas and other hydrocarbons and minerals now or at any time hereinafter situate therein and thereunder, together with all easements and rights necessary or convenient for the production, storage and transportation thereof and the exploration and testing of the said real property, and also the right to drill for, produce and use water from the said real property in connection with drilling or mining operations thereon, as reserved in the deed from Raymond Dale Johnson to Bernie Thurman and James V. Gregory, as Trustees for Tanya Marie Marshall under that certain irrevocable Trust Agreement dated May 30, 1974, recorded on June 25, 1974 as Document No. 47802.

APN:  040-020-18-S

**The land referred to below is situated in the City of Fresno, County of Fresno, State of California:**

PARCEL 11:

The East half of the Northwest quarter of the Northeast quarter of the Northwest quarter; the West half of the Northeast quarter of the Northeast of the Northwest quarter; and the East half of the Northeast quarter of the Northeast quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM the East 420.9 feet of the North half of the Northeast quarter of the Northeast quarter of the Northwest quarter of said Section 7.

ALSO EXCEPTING THEREFROM commencing at the Northwest corner of the East half of the Northwest quarter of the Northeast quarter of the Northwest quarter of said Section 7, running thence East along the North boundary line of said Section 7; 4.09 feet; thence in a Southerly direction in a straight line to a point on the South boundary line of said East half of the Northwest quarter of the Northeast quarter of the Northwest quarter of said Section 7, said point being 17 feet East of the Southwest corner of said East half of the Northwest quarter of the Northeast quarter of the Northwest quarter of said Section 7; thence West along the South boundary line of said East half of the Northwest quarter of the Northeast quarter of the Northwest quarter of said Section 7; 17 feet to the Southwest corner of said East half of the Northwest quarter of the Northeast quarter of the Northwest quarter of said Section 7; thence North along the West boundary line of said East half of the Northwest quarter of the Northeast quarter of the Northwest quarter of said Section 7 to the said Northwest corner of the said East half of the Northwest quarter of the Northeast quarter of the Northeast quarter of said Section 7.

APN:   464-20-07

PARCEL 12:

The West 161 feet of the East 420.9 feet of the North half of the Northeast quarter of the Northeast quarter of the Northwest quarter of Section 17, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

APN:   464-020-08

PARCEL 13:

The North half of the East 259.9 feet of the East half of the Northeast quarter of the Northeast quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof; said 259.9 feet measured from the East line of said Northwest quarter of said section.

APN:   464-020-09

PARCEL 14:

The North half of the Northeast quarter of the Southeast quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

APN:   464-020-12

PARCEL 15:

The North half of the Northwest quarter of the Southeast quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

APN:   464-020-13

PARCEL 16:

The South one-half of the Northeast one-quarter of the Northwest one-quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM the East 195 feet of the South 114 feet thereof.

ALSO EXCEPTING THEREFROM that portion lying within Parcel Map No. 82-33, according to the Map thereof recorded in Book 44, Pages 2 and 3 of Parcel Maps, Fresno County Records.

APN:   464-020-15

PARCEL 17:

The East 195 feet of the South 114 feet of the South one-half of the Northeast one-quarter of the Northwest one-quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

APN:   464-020-16

PARCEL 18:

The Southwest quarter of the Northwest quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

APN:   464-020-19

PARCEL 19:

The South three-fourths of the Southeast quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM the South 351 feet of the East 340 feet thereof.

APN:   464-020-25

PARCEL 20:

Parcel "A" of Parcel Map No. 82-33, according to the Map thereof recorded in Book 44, Pages 2 and 3 of Parcel Maps, Fresno County Records.

APN:   464-020-26

PARCEL 20-A:

A right of way for road purposes over the Westerly 30 feet of the East 330 feet of the East half of the Northwest quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM that portion lying within Parcel Ten described therein.

PARCEL 21:

The fractional Southwest quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM the East 990 feet thereof.

APN:   464-020-28

PARCEL 22:

The West 330 feet of the East 990 feet of the fractional Southwest quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

APN:   464-020-29

PARCEL 23:

The West 330 feet of the East 660 feet of the fractional Southwest quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

APN:   464-020-30

PARCEL 24:

The East 330 feet of the fractional Southwest quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

APN:   464-020-31

PARCEL 25:

Parcel B of Parcel Map No. 82-33, according to the Map thereof recorded in Book 44, Pages 2 and 3 of Parcel Maps, Fresno County Records.

APN:   464-020-34

PARCEL 26:

The East 125 feet of the Northwest quarter of the Northwest quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM that portion conveyed to the State of California, by Deed recorded July 31, 2003, as Document No. 2003-0173909, Official Records.

APN:   464-020-35

PARCEL 27:

The East half of the Northwest quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM the East 330 feet thereof.

ALSO EXCEPTING THEREFROM that portion of said land as conveyed to the State of California by Grant Deed recorded July 31, 2003, as Document No. 2003-0173909, Official Records.

APN:   464-020-36

PARCEL 28:

The Northwest quarter of the Northwest quarter of the Northwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM the West 200 feet thereof.

EXCEPTING THEREFROM the East 125 feet thereof.

ALSO EXCEPTING THEREFROM that portion conveyed to the State of California in the Deed recorded January 12, 2004, as Document No. 2004-0007899, Official Records.

APN:   464-020-37

PARCEL 29:

All of Briscoe Tract, a Subdivision of the East half of the Southwest quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, unincorporated area, County of Fresno, State of California, except Lot 3 of Briscoe Tract, the same being in Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, unincorporated area, County of Fresno, State of California.

ALSO EXCEPTING THEREFROM that portion conveyed to the Fresno Irrigation District by Deed recorded February 13, 2006, as Instrument No. 2006-0031312 of Official Records.

APN:   464-060-17

PARCEL 30:

Lots 13, 14, 15 and 16 of Pleasant Dale, in the City of Fresno, County of Fresno, State of California, according to the Map thereof recorded in Book 2, Page 38 of Plats, in the Office of the County Recorder of said County.

TOGETHER WITH that portion of abandoned South Pleasant Avenue, which would pass by operation of law

APN:   477-021-09

PARCEL 31:

The South half of Lot 2, all of Lot 3 and the North half of Lot 4 of Pleasant Dale, according to the Map thereof recorded December 30, 1887, in Book 2, Page 38 of Plats, Fresno County Records.

PARCEL 31-A:

An easement for a right of way or right to maintain, repair and replace an underground water pipe system as created in that certain Grant of Easement (Agreement) by and between Henry N. Tsuruoka and Lily V. Tsuruoka, husband and wife, and Albert Medzadoorian, recorded March 23, 1979 in Book 7246 of Official Records, Page 579, Instrument No. 34238, and being further described as follows:

That certain 10-foot strip of land lying 5 feet on each side of the following described centerline:

Commencing at the North corner of Section 18, Township 14 South, Range 20 East, M.D.B.M.; thence South along the East line of the Northwest ¼ of said Section 18, a distance of 32.96 feet; thence West a distance of 77.95 feet to the true point of beginning; thence South 75° 33' 40" East, a distance of 18.00 feet; thence South 39° 51' 05" East, a distance of 38.13 feet; thence South 00° 58' 30", a distance of 447.09 feet to the North line of the South ½ of Lot 2 of Pleasant Dale, Plats Book 2, Page 38, Fresno County Records.

APN:   477-021-11

PARCEL 32:

The Easterly 200.00 feet of the Southerly 270.00 feet of Lot 9 of Pleasant Dale, according to the Map thereof recorded in Book 2, Page 38 of Plats, Fresno County Records.

APN:   477-021-18

PARCEL 32-A:

A non-exclusive easement thirty (30) foot wide road right of way being described as follows:

The South 30.00 feet of the West 120.00 feet of the East 320.00 feet of Lot 9 of Pleasant Dale according to the Map thereof recorded in Book 2, Page 38 of Plats, Fresno County Records.

PARCEL 32-B:

A non-exclusive five (5) foot wide right of way for maintenance, repairs, operations, additions, alterations and betterments for a water pipeline, the centerline of said right of way being described as follows:

Commencing at a point on the Westerly line of that certain parcel of land, said point bearing South 89° 14' 00" West, 200.00 feet and North 0° 21' 43" East, 32.70 feet from the Southeast corner of Lot 9 of Pleasant Dale according to the Map thereof recorded in Book 2, Page 38 of Plats, Fresno County Records; thence South 89° 14' 00" West, 67.74 feet; thence South 0° 21' 45" West, 6.50 feet to a point South 0° 21' 45" West, 2.50 feet from an existing domestic water well.

PARCEL 33:

Lots 9, 10, 11 and 12 of Pleasant Dale, according to the Map thereof recorded in Book 2, Page 38 of Plats, Fresno County Records.

EXCEPTING THEREFROM the Easterly 200.00 feet of the Southerly 270.00 feet of said Lot 9.

ALSO EXCEPTING THEREFROM the Westerly 170.00 feet of the Southerly 270.00 feet of said Lot 9.

APN:   477-021-19

PARCEL 34:

The un-numbered Lot lying West of, and adjoining, Lots 21, 22, 23 and 234 of Pleasant Dale, according to the Map thereof, recorded in Book 2, Page 38 of Plats, Fresno County Records.

Said property is also described as the West one-half of the Southwest quarter of the fractional Northwest quarter of Section 18, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM the North 214.29 feet of the South 627.7 feet to the West 280.00 feet thereof.

and

Lots 21, 22, 23 and 24 of pleasant dale according to the Map thereof recorded December 30, 1887, in Book 2, Page 38 of Plats, Fresno County Records.

APN:   477-021-20

PARCEL 35:

The West 330 feet of the West one-half of the Northwest quarter of the Northwest quarter of Section 18, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM that portion described in the Deed to the City of Fresno recorded November 14, 2003, as Document No. 2003-0276316, Official Records.

and

Lot 20 of Pleasant Dale, according to the Map thereof recorded in Book 2, Page 38 of Plats, Fresno County Records.

EXCEPTING THEREFROM that portion described in the Deed to the City of Fresno recorded November 14, 2003, as Document No. 2003-0276316, Official Records.

and

Beginning at a point on the North line of the Northwest quarter of Section 18, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, according to the Official Plat thereof, 1980 feet West of the Northeast corner of the Northwest quarter of said Section; thence South 0° 35' East, 1321 feet to a point on the South line of the North half of the Northwest quarter of said Section distant 1970.5 feet South 89° 55' West from the Southeast corner of the Northeast quarter of the Northwest quarter of said Section; thence West along the South line of the North

half of the Northwest quarter of said section to the West line of said section; thence North along said West line to the Northwest corner of said section; thence East along the North line of said section to the point of beginning.

EXCEPTING THEREFROM the West 330 feet thereof.

ALSO EXCEPTING THEREFROM that portion described in the Deed to the City of Fresno, recorded November 14, 2003, as Document No. 2003-0276316, Official Records.

APN:  477-021-25

PARCEL 36:

Lots 3, 4, 5 and 6 of West Villa Tract, according to the Map thereof, filed for record in Book 2, Page 49 of Plats, Fresno County Records.

APN: 464-070-10; and 464-070-11

PARCEL 37:

The Northwest quarter of the Southwest quarter of the Southeast quarter and the West half of the Northeast quarter of Southwest quarter of Southeast quarter of Section 7, Township 14 South, Range 20 East, Mount Diablo Base and Meridian, in the County of Fresno, State of California, according to the United States Government Township Plats.

EXCEPTING THEREFROM that portion described in Grant Deed recorded September 8, 1982, as Instrument No. 82-77115, in Book 7969, Page 387 of Official Records.

APN: 464-101-23

Exhibit A
1421002562 Fresno

**The land referred to in below is situated in the County of Fresno, State of California, and is described as follows:**

Tract II:  [Gragnani Ranch]

TRACT A:

The Northeast quarter of Section 18, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, in an unincorporated area of the County of Fresno, State of California, according to the Official Plat thereof.

Excepting therefrom an undivided 50% interest in and to all oil, minerals and other hydrocarbon substances therein and thereunder, as reserved by A. J. Yates and Joyce E. Yates, husband and wife in Deed recorded May 3, 1985, Document No. 85043693, Official Records.

Also excepting therefrom an undivided 50% interest in and to all oil, gas and other hydrocarbons and minerals on, in or under said land, as reserved by Anderson, Clayton and Co., its successors and assigns, in Deed recorded September 28, 1971 in Book 5941 Page 200 of Official Records.

APN: 040-060-24-S

TRACT B

PARCEL ONE:

The West half of the West half of the Northeast quarter of Section 8, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM an undivided one-half interest in and to all oil, gas, minerals and other hydrocarbon substances now or at any time situate in and under said land, as reserved in the Deed from R.T. Hughes and Bess L. Hughes, husband and wife, to John H. Edgar and Ruby Dale Edgar, husband and wife as joint tenants, dated January 10, 1950, recorded January 24, 1950, in Book 2829 Page 69 of Official Records, Document No. 4385.

ALSO EXCEPTING THEREFROM an undivided one-fourth interest in and to all oil, gas and other hydrocarbons and minerals now or at any time hereafter situate therein and thereunder together with all easements and rights necessary or convenient for the production, storage, and transportation thereof and the exploration and testing of the said real property, and also the right to drill for, produce and use water from the said real property in connection with drilling or mining operations thereon, as reserved in the Deed from Patricia Johnson Schreiner to James L. Marshall, a married man as his separate property, dated May 30, 1974, recorded in June 25, 1974, as Document No. 47797.

APN:  040-020-24-S

PARCEL TWO:

The East half and the East half of the West half of the Northeast quarter of Section 8, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM an undivided one-half interest in and to all oil, gas, minerals and other hydrocarbon substances now or at any time situate in and under said land, as reserved in the Deed from R.T. Hughes and Bess L. Hughes, husband and wife, to John H. Edgar and Ruby Dale Edgar, husband and wife as joint tenants, dated January 10, 1950, recorded January 24, 1950, in Book 2829 Page 69 of Official Records, Document No. 4385.

ALSO EXCEPTING THEREFROM an undivided one-fourth interest in and to all oil, gas and other hydrocarbons and minerals now or at any time hereafter situate therein and thereunder together with all easements and rights necessary or convenient for the production, storage, and transportation thereof and the exploration and testing of the said real property, and also the right to drill for, produce and use water from the said real property in connection with drilling or mining operations thereon, as reserved in the Deed from Patricia Johnson Schreiner to John Alan Silveira, a single man, dated May 30, 1974, recorded June 25, 1974, as Document No. 47797.

APN: 040-020-25-S

TRACT C:

Section 28, Township 15 South, Range 13 East, Mount Diablo Base and Meridian,

EXCEPTING THEREFROM the West 1811.4 feet;

ALSO EXCEPTING the East 1731.7 feet;

ALSO EXCEPTING that portion deeded to Fresno County for Manning Avenue, recorded in Book 5721, Pages 929, 931 & 933, Official Records of Fresno County;

ALSO EXCEPTING THEREFROM that portion deeded to Westlands Water District recorded in Book 5681, Page 67, Official Records of Fresno County.

FURTHER EXCEPTING THEREFROM, all right, title and interest in and to oil, minerals and hydrocarbon substances within and underlying said property by Grant Deed recorded June 3, 1960 in Book 4396, Page 525 and by Grant Deed recorded June 3, 1960 in Book 4396, Page 527, both of Official Records.

Being the land pursuant to a Certificate of Compliance, recorded February 11, 1999 as Document 1999-0021855 of Official Records.

APN: 027-171-81-S

TRACT III:  [Samarin]

PARCEL ONE:

All of Section 32, the Southwest Quarter of the Northwest Quarter of Section 33 and all of the North half of the North half of said Section 33 lying West of the centerline of the county road running in a Northwesterly and Southeasterly direction through Sections 28, 29 and 33 being more particularly described in that certain Grant of Right of Way from Miller and Lux Incorporated to the County of Fresno recorded April 4, 1932, in Book 1210, Page 151 of Official Records, all in Township 14 South, Range 15 East, Mount Diablo Base and Meridian, according to the United States Government Township Plat approved by the Surveyor General on January 31, 1855.

Excepting therefrom that portion of land described as F-35 of Schedule "A" taken by the United States of America by that certain Declaration of Taking recorded March 13, 1968, in Book 5546, Page 453 of Official Records.

Also excepting therefrom all oil, gas and other hydrocarbon substances in or under the lands hereby conveyed, together with the right to enter upon the said lands for the purpose of exploring and drilling for, developing, producing and exploiting the same, and to erect, maintain, operate and remove all such derricks, machinery building, well coverings and other equipment as may be appropriate for such purposes, and the right to erect, maintain, operate, and remove power lines for the conduct of electricity, telephone and telegraph lines and to lay, maintain, operate and remove pipe lines for oil, gas and water, and to construct, maintain,

operate and remove tanks and other facilities for the storage of oil, gas and water, as reserved in the Deed from Frederick W. McNear, also known as Fred W. McNear, and also known as F. W. McNear, to L.R. Van Burgh, dated July 22, 1946, recorded September 17, 1946, in Book 2455, Page 46 of Official Records, as Document No. 65654.

APN: 019-180-09 and 019-180-27

PARCEL TWO:

That portion of Section 28 lying West of the centerline of the county road running in a Northwesterly and Southeasterly direction through Sections 28, 29 and 33 being more particularly described in that certain Grant of Right of Way from Miller and Lux Incorporated to the County of Fresno recorded April 4, 1932 in Book 1210, Page 151 of Official Records, all of Section 29, except that portion thereof lying East of the centerline of said county road, all in Township 14 South, Range 15 East, Mount Diablo Base and Meridian, according to the United States Government Township Plat approved by the Surveyor General on January 31, 1855.

Excepting therefrom that portion of land described as F-35 of Schedule "A" taken by the United States of America by that certain Declaration of Taking recorded March 13, 1968 in Book 5546, Page 453 of Official Records.

Also excepting therefrom all oil, gas and other hydrocarbon substances in or under the lands hereby conveyed, together with the right to enter upon the said lands for the purpose of exploring and drilling for, developing, producing and exploiting the same, and to erect, maintain, operate and remove all such derricks, machinery building, well coverings and other equipment as may be appropriate for such purposes, and the right to erect, maintain, operate, and remove power lines for the conduct of electricity, telephone and telegraph lines and to lay, maintain, operate and remove pipe lines for oil, gas and water, and to construct, maintain, operate and remove tanks and other facilities for the storage of oil, gas and water, as reserved in the Deed from Frederick W. McNear, also known as Fred W. McNear, and also known as F. W. McNear, to L.R. Van Burgh, dated July 22, 1946, recorded September 17, 1946, in Book 2455, Page 46 of Official Records, as Document No. 65654.

APN: 019-180-23 and 019-180-25

TRACT IV:

PARCEL 1:

The South half of Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom any portion lying within Kings County.

Also excepting therefrom that portion of the North half of the Southeast Quarter lying west of Avenal Cutoff Road and West of the San Luis Canal and that portion of the Southwest Quarter of the Northeast Quarter lying West of the canal, all in Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian.

Also excepting therefrom Two-thirds of all mineral and oil rights and all minerals, oil and gas.

Also excepting therefrom an undivided 16.665% interest in and to the oil, gas, hydrocarbons and other minerals, as granted to Albert L. Britz and Helen Britz, husband and wife, as joint tenants, in that certain Mineral Deed dated November 29, 1974, recorded December 26, 1974, in Book 6381, Page 573, Document No. 95778.

APN: 078-090-26S (portion)

PARCEL 2:

That portion of the North half of the Southeast Quarter lying West of Avenal Cutoff Road and West of the San Luis Canal in Section 18, Township 21 South, Range 18 South, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom any portion lying within Kings County.

Also excepting the following described property:

Beginning at the Southeast corner of said Section 18, thence along the South boundary of said Section 18, North 89° 22' 41" West, 494.84 feet; thence leaving said South boundary North 0° 38' 22" East 1356.52 feet; thence North 12° 26' 44" West 314.19 feet; thence North 42° 58' 46" West 248.69 feet; thence South 47° 41' 53" West 1760.35 feet to a point in the Southeasterly boundary of that certain 80 foot wide strip of land now existing and being used for public road right of way; thence North 43° 26' 29" West 80.00 feet to a point in the Northwesterly boundary of said 80 foot wide strip of land; thence North 45° 15' 24" East 1760.68 feet; thence North 43° 17' 09" West 100.00 feet to a point hereinafter referred to as point "A"; thence continuing North 43° 17' 09" West 854.87 feet to a point in the South boundary of the Northeast Quarter of said Section 18, distant there along North 89° 23' 17" West 1504.50 feet from the East Quarter corner of said Section 18; thence along said South boundary, South 89° 23' 17" East 707.75 feet; thence leaving said South boundary North 43° 17' 09" West 1235.95 feet to a point in the North boundary of that certain tract of land described in Deed to John A. Kochergen, et al, dated September 2, 1952, recorded October 23, 1952, in Book 3224, Page 90 of Official Records; thence along said North boundary South 89° 23' 29" East 1653.04 feet to a point in the East boundary of said Section 18, distant there along North 0° 34' 07" ast 890.70 feet from the East Quarter corner of said Section 18; thence along said East boundary line the following courses and distances; South 0° 34' 07" West 819.44 feet to a point in the Northwesterly boundary of aforesaid 80 foot wide strip of land now existing and being used for public road right of way; thence continuing South 0° 34' 07" West 71.26 feet to the East Quarter corner of said Section 18; thence South 0° 34' 19" West 39.97 feet to a point in the Southeasterly boundary of said 80 foot wide strip of land; thence continuing South 0° 34' 19" West 2602.43 feet to the point of beginning.

Also excepting therefrom Two-thirds of all mineral and oil rights and all minerals, oil and gas.

Also excepting therefrom an undivided 16.665% interest in and to the oil, gas, hydrocarbons and other minerals, as granted to Albert L. Britz and Helen Britz, husband and wife, as joint tenants, in that certain Mineral Deed dated November 29, 1974, recorded December 26, 1974, in Book 6381, Page 573, Document No. 95778.

APN: 078-090-26S (portion)

PARCEL 3:

The South 54 acres of the Northeast Quarter of Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom any portion lying within Kings County.

Also excepting the following described property:

Beginning at the Southeast corner of said Section 18, thence along the South boundary of said Section 18, North 89° 22' 41" West, 494.84 fet1; thence leaving said South Boundary North 0° 38' 22" East 1356.52 feet; thence North 12° 26' 44" West 314.19 feet; thence North 42° 58' 46" West 248.69 feet; thence South 47° 41' 53" West 1760.35 feet to a point in the Southeasterly boundary of that certain 80 foot wide strip of land now existing and being used for public road right of way; thence North 43° 26' 29" West 80.00 fet1 to a point in the Northwesterly boundary of said 80 foot wide strip of land; thence North 45° 15' 24" East 1760.68 feet; thence North 43° 17' 09" West 100.00 feet to a point hereinafter referred to as point "A"; thence continuing North 43° 17' 09" West 854.87 feet to a point in the South boundary of the Northeast Quarter of said Section 18, distant there along North 89° 23' 17" West 1504.50 feet from the East Quarter corner of said Section 18; thence along said South boundary, South 89° 23' 17" East 707.75 feet; thence leaving said South boundary North 43° 17' 09" West 1235.95 feet to a point in the North boundary of that certain tract of land described in Deed to John A. Kochergen, et al, dated September 2, 1952, recorded October 23, 1952, in Book 3224, Page 90 of Official Records; thence along said North boundary South 89° 23' 29" East 1653.04 feet to a point in the East boundary of said Section 18, distant there along North 0° 34' 07" East 890.70 feet from the East Quarter corner of said Section 18; thence along said East boundary line the following courses and distances: South 0° 34' 07" West 819.44 feet to a point in the Northwesterly boundary of aforesaid 80 foot wide strip of land now existing and being used for public road right of way; thence continuing South 0° 34' 07" West 71.26 feet to the East Quarter corner of said Section 18; thence South 0° 34' 19" West 39.97 feet to a point in the Southeasterly boundary of said 80 foot wide strip of land; thence continuing South 0° 34' 19" West 2602.43 feet to the point of beginning.

Also except that portion described as follows:

Beginning at a point in the North boundary of the tract of land described in Deed to John A. Kochergen, et al, dated September 2, 1952 and recorded October 23, 1952, in Book 3224, Page 90 of Official Records, distant there along North 89° 23' 29" West 2277.72 feet from a point in the East boundary of said Section 18, distant there along North 0° 34' 07" East 890.70 feet from the East Quarter of said Section 18; thence along said North boundary South 89° 23' 29" East 624.68 feet; thence leaving said North boundary South 43° 17' 09" West 1235.95 feet to a point in the South boundary of the Northeast Quarter of said Section 18, distant there along North 89° 23' 17" West 796.75 feet from the East Quarter corner of said Section 18; thence along said South boundary North 89° 23' 17" West 707.75 feet; thence leaving said South boundary North 43° 17' 09" West 834.71 feet; thence North 33° 24' 22" West 348.78 feet to the point of beginning.

Also excepting therefrom all oil, gas, minerals and other hydrocarbon substances in and under said land, as excepted in the Deed from Barbara J. Meadows, et al, to John A. Kochergen, et al, dated September 2, 1952, recorded October 23, 1952, in Book 3224, Page 90 of Official Records, Document No. 55044.

APN: 078-090-26S (portion)

PARCEL 4:

A parcel of land in Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, being a portion of that certain Parcel Two as described in the Deed from Vernon L. Thomas, Inc., a corporation to the United States of America, which was filed for record on September 14, 1965, in Book 5216, Page 283, Official Records of Fresno County, State of California, described as follows:

Beginning at a point in the South boundary of said Parcel Two (5216 OR 283) distant there along South 89° 23' 29" East 351.68 feet from the terminus of a course described as North 89° 23' 29" West 888.99 feet in said Parcel Two (5216 OR 283); thence from said point of beginning North 89° 23' 29" West 351.68 feet to a point in the West boundary of the Northeast Quarter of said Section 18; thence leaving said South boundary along said West boundary North 0° 33' 37" East 1560.00 feet; thence leaving said West boundary South 65° 49' 29" East, 76.36 feet; thence South 0° 08' 29" East 500.00 feet; thence South 7° 21' 29" East 469.85 feet; South 17° 13' 29" East 232.00 feet; thence South 21° 37' 22" East 370.92 feet to the point of beginning.

Excepting therefrom an undivided One-half interest in and to all oil, gas and other hydrocarbons and minerals in and under said land, as excepted by the Deed from B.E. Loomer, et al, to Alfred R. Brown, et ux, dated September 10, 1941, recorded October 6, 1941 as Document No. 33177, Official Records.

Also excepting therefrom an undivided one-half interest in and to all oil, gas and other hydrocarbons and minerals now or at any time hereafter situate therein and thereunder, together with all easements and rights necessary or convenient for the production, storage and transportation thereof and the exploration and testing of the said real property, and also the right to drill for, produce and use water from the said real property in connection with drilling and mining operation thereon, as reserved in the Deed from A.R. Brown and Blanche G. Brown, husband and wife, to Carthyl Thomas and Gurtha Thomas, as tenants in common, dated January 7, 1948, recorded February 25, 1948, as Document No. 9403, Official Records.

Also excepting therefrom all of grantors interest in and to all oil gas or minerals in and under said land, without however the right to dig, drill or mine therefor through the surface of said land or within 100 feet of the surface, as reserved in the Deed from Vernon L. Thomas, Inc., a corporation, to the United States of America, recorded September 14, 1965, in Book 5216, Page 283 of Official Records, Document No. 73423.

APN: 078-090-27S

PARCEL 5:

The Southeast Quarter of the Northwest Quarter, and the North half of the Northwest Quarter of Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM that portion thereof conveyed to Westlands Water District by Deed recorded December 7, 1973 in Book 6247, Page 483 of Official Records, Document No. 106071, being more particularly described as follows:

A parcel of land in the Northeast Quarter of the Northwest Quarter of Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, described an follows:

Beginning at the North quarter corner of said Section 18; thence (1) along the East line of the Northwest Quarter of said Section 18, South 0° 33' 31" West, 180.00 feet; thence (2) North 89° 26' 29" West, 50.00 feet; thence (3) North 0° 33' 31" East, 105.00 feet; thence (4) North 75° 00' 35" West, 201.37 feet; thence (5) North 0° 36' 09" East, 25.00 feet to a point in the North line of said Section 18; thence (6) along said North line, South 89° 23' 51" East, 245.30 feet to the point of beginning.

ALSO EXCEPTING THEREFROM all oil, gas and minerals as heretofore reserved of record.

APN: 078-090-22S

PARCEL 6:

That portion of Fractional Section 7, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof, lying Westerly of the Westerly boundary line of that certain tract or parcel of land described as Parcel 2 (Unit 178) as conveyed unto the United States of America in Deed recorded May 17, 1966 in Book 5314, Page 66 of Official Records, Document No. 37725.

Excepting therefrom that portion conveyed to Westlands Water District in Deed recorded February 18, 1977 in Book 6743, Page 213 of Official Records, Document No. 16643, described as follows:

Beginning at the South Quarter corner of said Section 7; thence (1) along the South line of the Southeast Quarter of said Section 7, South 89° 23' 49" East, 96.50 feet to the Southwest corner of the 59.13 acre parcel of land described as Parcel Two (Unit 178) in the Deed to the United States of America recorded May 17, 1966 in Book 5314, Page 66   as Document No. 37725, Fresno County Official Records; thence (2) along the West boundary of said 59.13 acre parcel of land, North 0° 52' 58" East, 120.00 feet; thence (3) South 52° 33' 14" West, 129.80 feet; thence (4) south 83° 00' 14" west, 242.00 feet; thence (5) South 0° 36' 09" West, 8.00 feet to a point on the South line of the Southwest Quarter of said Section 7; thence (6) along last said South line, South 89° 23' 51" East, 245.00 feet to the point of beginning.

Also excepting therefrom all of the minerals and mineral ores of every kind and character now known to exist or hereafter discovered upon, within or underlying the hereinabove described property or that may be produced therefrom, including, without limiting the generality of the foregoing, all oil, natural gas and hydrocarbon substances, geothermal steam, brines and minerals in solution, and sand, gravel and aggregates, and products derived therefrom, as

granted to Bravo Oil Company in Deed recorded December 29, 1965 in Book 5257, Page 25, Document No. 104217, Official Records.

This legal description is made pursuant to that certain Certificate of Waiver of Parcel Map No. 17-13, recorded October 23, 2018, as Instrument No. 2018-0128928 of Official Records.

APN: 078-080-57S

PARCEL 6A:

A non-exclusive easement for ingress and egress and incidental purposes over, across and through the Westerly 20 feet of the following described property:

The fractional Northeast Quarter of Section 6, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof; and

The Southeast Quarter of Section 6, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof; except that portion lying Easterly of the West boundary of land granted to the United States of America by Deed recorded November 1, 1965 in Book 5235, Page 243, Official Records, Document No. 88214; also excepting all oil, gas, minerals and other hydrocarbon substances an heretofore reserved of record.

PARCEL 7:

The Southwest Quarter of the Northwest Quarter of Section 18, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, in the County of Fresno, State of California, according to the Official Plat thereof.

Except all oil, gas and other minerals in, or under said premises.

APN: 078-090-02S

PARCEL 8:

Intentionally Deleted

PARCEL 9:

Intentionally Deleted

**The following parcel is located in the County of Fresno, State of California and Assessed with Kings County:**

PARCEL 10:

All that portion of the Northwest Quarter of Section 19, Township 21 South, Range 18 East, Mount Diablo Base and Meridian, according to the Official Plat thereof, lying within the bounds of Fresno County, California.

Except all oil, gas and other minerals in, or under said premises.

Assessed under Kings County APN 036-170-038-000

The land referred to in below is situated in the County of Fresno, State of California, and is described as follows:

**TRACT V: [Le Moore]**

**PARCEL 1:**

That portion of the North Half of Section 25, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof, lying Northerly of the right of way of the Southern Pacific Railroad, pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517  and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130939

Excepting therefrom that portion of the Northeast quarter as described in the Declaration of Taking No. 1, in favor of the United States of America, recorded January 28, 1958 as Instrument No. 6428, in Book 4021, Page 1 of Official Records.

Also excepting therefrom that portion thereof reserved by Southern Pacific Railroad Company, for its railroad right of way, station ground, yards and incidental purposes in Deed recorded March 22, 1912 in Book 492, Page 413 of Deeds, Fresno County records.

Also excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-81

**PARCEL 2:**

That portion of the West half of the Northwest quarter AND the West 30.00 feet of the East half of the Northwest quarter of Section 25, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof, lying Southerly of the right of way of the Southern Pacific Railroad, pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517  and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130939

Also excepting therefrom that portion thereof reserved by Southern Pacific Railroad Company, for its railroad right of way, station ground, yards and incidental purposes in Deed recorded March 22, 1912 in Book 492, Page 413 of Deeds, Fresno County records.

Also excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-82

PARCEL 3:

The East half of the Northwest quarter of Section 25, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof. Lying Southerly of the right of way of the Southern Pacific Railroad.

Excepting therefrom the West 30.00 feet thereof, pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517 and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130939

Also excepting therefrom that portion thereof reserved by Southern Pacific Railroad Company, for its railroad right of way, station ground, yards and incidental purposes in Deed recorded March 22, 1912 in Book 492, Page 413 of Deeds, Fresno County records.

Also excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-83

PARCEL 4:

The West half of the Northeast quarter of Section 25, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof, lying Southerly of the right of way of the Southern Pacific Railroad,  pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517  and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130939

Excepting therefrom that portion of the Northeast quarter as described in the Declaration of Taking No. 1, in favor of the United States of America, recorded January 28, 1958 as Instrument No. 6428, in Book 4021, Page 1 of Official Records.

Also excepting therefrom that portion thereof reserved by Southern Pacific Railroad Company, for its railroad right of way, station ground, yards and incidental purposes in Deed recorded March 22, 1912 in Book 492, Page 413 of Deeds, Fresno County records.

Also excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-84

PARCEL 5:

The East half of the Southwest quarter of Section 25, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of

California, according to the Official Plat thereof, pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517  and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130939

Excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-88

PARCEL 6:

The Northwest quarter of the Southwest quarter of Section 25, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof, pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517  and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130939

Excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-89

PARCEL 7:

The Southwest quarter of the Southwest quarter of Section 25, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof, pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517  and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130939

Excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-90

PARCEL 8:

The Northwest quarter of the Northwest quarter of Section 36, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof, pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517  and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130938

Excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-74

PARCEL 9:

The Southwest quarter of the Northwest quarter of Section 36, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof, pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517 and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130938

Excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-75

PARCEL 10:

The East half of the Southwest quarter of Section 36, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof, pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517 and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130938

Excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-79

PARCEL 11:

The Northwest quarter of the Southwest quarter of Section 36, Township 19 South, Range 18 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to the Official Plat thereof, pursuant to Certificate of Waiver of Parcel Map No. 20-05 Recorded September 1, 2020 as Instrument Number 2020-0115517 and Grant Deed Recorded August 12, 2021 as Instrument Number 2021-0130938

Excepting therefrom all the oil, gas and other hydrocarbon substances and minerals in and under or which may be produced or saved in, on or under said land as reserved by the Boston Land Company in the Deed recorded April 4, 1955 in Book 3584, Page 226 of Official Records, as to the Northwest quarter and the Southeast quarter.

APN: 068-130-80

Parcel 12:

The Southwest quarter of the Southwest quarter of Section 36, Township 19 South, Range 18 Ease, Mount Diablo Base and Meridian, in the unincorporated area, County of Fresno, State of California, according to th Official Plat thereof.

APN: 068-130-63

**TRACT VI:  [Diener Five Points]**

PARCEL 1:

The Northeast Quarter of Section 16, Township 18 South, Range 15 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Together with the Easterly 660.03 feet of the Northwest Quarter of said Section 16.

Excepting therefrom that portion described as follows:

Beginning at the Northeast corner of said Section 16, said Northeast corner being at Coordinates Y=380, 340.97 feet and X=1,606, 371.10 feet; thence (1) along the East line of said Section 16, South 1° 26' 28" West, a distance of 13.28 feet to the Northeasterly boundary of the existing State Highway, Road 06-FRE-33; thence (2) along said Northeasterly boundary North 43° 44' 00" West, a distance of 18.60 feet to the North line of said Section 16; thence (3), along said North line South 89° 16' 39" East, a distance of 13.19 feet to the point of beginning.

Excepting therefrom 75% of all oil, gas, minerals and other hydrocarbons in, on or underlying said real property, with the right of ingress and egress to and from said real property for the purpose of exploring for, producing, removing and storing all oil, gas, hydrocarbons and other minerals and such other rights as may be necessary or convenient in the full and free exercise of the rights herein expressly reserved, as reserved in the Deed from Lyle J. Christie, an unmarried man, to Five Points Ranch, Inc., a corporation, dated July 8, 1965, recorded August 20, 1965, in Book 5207, Page 332 of Official Records, Document No. 67349.

APN: 058-080-23S and 058-080-30S

PARCEL 2:

The Southeast Quarter of Section 32, Township 17 South, Range 16 East, Mount Diablo Base and Meridian, according to the United States Government Plats.

Excepting therefrom all oil, gas and other hydrocarbon substances, as reserved in various Deeds of record.

APN: 050-100-09S

EXHIBIT 1, PAGE 130

PARCEL 3:

The East-half of Section 7, Township 18 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom that portion as conveyed to The United States of America  in that certain Grant Deed Recorded August 24, 1965 in Book 5208, Page 554 of Fresno County Official Records, described as follows:

Beginning at a point in the North boundary of said Section 7, distant therealong North 89° 40' West 1940.5 feet from the Northeast corner of said Section 7; thence along said North boundary South 89° 40' East 697.0 feet; thence leaving said North boundary South 27° 32' East 2491.6 feet; thence South 89° 22' East 67.9 feet to a point in the East boundary of said Section 7; thence along said East boundary the following courses and distances:

South 0° 28' West 442.1 feet to the East Quarter corner of said Section 7; thence continuing South 0° 38' West 744.5 feet; thence leaving said East boundary and running North 27° 32' West 3173.2 feet; thence North 33° 40' West 374.4 feet; thence North 39° 48' West 358.2 feet to the point of beginning.

Also excepting therefrom all of the minerals and mineral ores of every kind and character now known to exist or hereafter discovered upon, within or underlying the hereinabove described property or that may be produced therefrom, including, without the generality of the foregoing, all oil, natural gas and hydrocarbon substances, geothermal steam, brines and minerals in solution, and sand, gravel and aggregates and products derived therefrom, as granted to Bravo Oil Company in Deeds recorded December 29, 1965, as Document Nos. 104217 and 104218, Official Records.

APN: 060-020-38S and 060-020-39S


TRACT VII: [Floral North]

PARCEL 1:

The Southwest Quarter of the Southwest Quarter of Section 35, Township 15 South, Range 13 East, Mount Diablo Base and Meridian, in an unincorporated area, County of Fresno, State of California, according to the Official Plat thereof, and as per Certificate of Waiver Parcel Map No. 00-16 recorded August 6, 2001 as Document No. 2001-0110902 of Official Records.

Excepting therefrom a Life Estate in and to the interest in all mineral rights in, on or under said land, as reserved by Wallace E Barron and Daisy E. Barron, husband and wife, in Deed recorded September 30, 1952 in Book 3215, Page 550 of Official Records.

APN: 027-180-93

PARCEL 2:

The Northwest Quarter of the Southwest Quarter of Section 35, Township 15 South, Range 13 East, Mount Diablo Base and Meridian, in an unincorporated area, County of Fresno, State of

California, according to the Official Plat thereof, and as per Certificate of Waiver Parcel Map No. 00-16 recorded August 6, 2001 as Document No. 2001-0110902 of Official Records.

Excepting therefrom a Life Estate in and to the interest in all mineral rights in, on or under said land, as reserved by Wallace E Barron and Daisy E. Barron, husband and wife, in Deed recorded September 30, 1952 in Book 3215, Page 550 of Official Records.

APN: 027-180-94

PARCEL 3: (Intentionally Deleted)

APN: 027-180-95

PARCEL 4:

The Southeast Quarter of the Southwest Quarter of Section 35, Township 15 South, Range 13 East, Mount Diablo Base and Meridian, according to the Official Plat thereof, and as per Certificate of Waiver Parcel Map No. 00-16 recorded August 6, 2001 as Document No. 2001-0110902 of Official Records.

Excepting therefrom a life estate in and to 1/2 interest in all mineral rights in, on or under said property, as reserved in the deed from Wallace E. Barron and Daisy E. Barron, husband and wife, recorded September 30, 1952 in Book 3215, Page 550 of Official Records.

APN: 027-180-96

PARCEL 5: (Intentionally Deleted)

APN: 038-050-05S

PARCEL 6:

The South-half of the Northwest Quarter of the Northwest Quarter of Section 2, Township 16, South, Range 13 East, Mount Diablo Base and Meridian, according to the United States Government Township Plat approved by the Surveyor General on June 4, 1881.

Excepting therefrom and all oil, gas, minerals and hydrocarbon substances in, on or under said land together with the right to drill and explore for same at two locations to be determined by grantor's. grantors shall reimburse grantee, their successors and assigns, for any damages to the surface of said land as a result of said drilling and exploration together with a rental in an amount that is customary at the time, , as reserved by Joy Elizabeth Smith, a married woman as her sole and separate property, et al, in the Grant Deed recorded June 5, 2006 under Recorder's Serial Number 2006-0117287, Official Records.

APN: 038-050-06S

PARCEL 7:

The Southeast Quarter of the Northwest Quarter of Section 2, Township 16, South, Range 13 East, Mount Diablo Base and Meridian, in an unincorporated area, County of Fresno, State of California, according to the Official Plat thereof.

Excepting therefrom all oil, gas, minerals and any other Hydrocarbon substances in, on and under the herein above described land, not heretofore reserved of record, as reserved by Wells Fargo Bank, N.A., as successor in interest to Bank of America, NT&SA, as Trustee under the Will of C. Ray Robinson, deceased, in the Grant deed recorded March 22, 2006 under Recorder's Serial Number 2006-0058554, Official Records.

APN: 038-050-08

PARCEL 8:

The Northwest Quarter of the Northwest Quarter of Section 1, Township 16, South, Range 13 East, Mount Diablo Base and Meridian, in an unincorporated area, County of Fresno, State of California, according to the Official Plat thereof, and as per Certificate of Waiver of Parcel Map No. 99-39, recorded January 18, 2001 as Instrument No. 2001-0006327 of Official Records.

APN: 038-050-52

PARCEL 9: (Intentionaly Deleted)

APN: 038-050-53

PARCEL 10:

The Southwest Quarter of the Northwest Quarter of Section 1, Township 16 South, Range 13 East, Mount Diablo Base and Meridian, according to the Official Plat thereof, and as per Certificate of Waiver of Parcel Map No. 99-39, recorded January 18, 2001 as Instrument No. 2001-0006327 of Official Records.

APN: 038-050-54

PARCEL 11:

The Southeast Quarter of the Northwest Quarter of Section 1, Township 16 South, Range 13 East, Mount Diablo Base and Meridian, according to the Official Plat thereof, and as per Certificate of Waiver of Parcel Map No. 99-39, recorded January 18, 2001 as Instrument No. 2001-0006327 of Official Records.

APN: 038-050-55


TRACT VIIIA: [Gragnani]

TRACT I of TRACT VIIIA:

PARCEL ONE:

The Northwest quarter of Section 18, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom an undivided 1/2 interest in and to all oil, gas, minerals and other hydrocarbon substances in and under said land, as reserved in the Deed recorded September 28, 1971, in Book 5941, Page 200 of Official Records, as Document No. 78378.

And also excepting an undivided 1/2 interest in and to all oil, gas, minerals and other hydrocarbon substances, as reserved in Deed recorded May 3, 1985 as Document No. 85043689, Official Records.

APN: 040-060-23S

PARCEL ONE-A:

An easement for rights of way for passage over, upon and across, and ingress and egress to and from the Westerly 20 feet of the Southwest Quarter of Section 18, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Said easement is for the benefit of and is appurtenant to Grantee's property described as the Northwest Quarter of Section 18, Township 16 South, Range 15 East, Mount Diablo Base and Meridian, according to the Official Plat thereof, as granted to Donald Jerry Gragnani, a married man as his sole and separate property, in the Grant Deed dated December 27, 1994 and recorded on February 7, 1995 as Instrument No. 95-016598 of Official Records.

PARCEL TWO:

The East One-half of Section 24, Township 16 South, Range 15 East, Mount Diablo Base and Meridian, according to the United States Government Township Plats thereof.

Excepting therefrom all oil, gas, other hydrocarbons, minerals and metals, in, on or underlying said property together with the right to explore for, drill for, produce, store and remove any and all said substances and all other rights convenient or incidental to the full use and enjoyment of the rights herein expressly reserved, as reserved by Elizabeth Zerlang in Deed recorded June 5, 1969 in Book 5693 of Official Records, Page 552.

APN: 038-160-16S

TRACT II of TRACT VIIIA:

PARCEL ONE:

The West half of Section 24, Township 16 South, Range 15 East, M.D.B. & M., according to the Official Plat thereof.

EXCEPTING THEREFROM an undivided one-fourth of all minerals, ore, gas and other hydrocarbon substances lying in, upon, under or which may be produced, saved and sold from said real property.

APN:  038-160-17-S

EXHIBIT 1, PAGE 134

PARCEL TWO:

The North half of Section 10, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM all that portion of said property conveyed to the United States of America in that certain Deed dated March 2, 1972 and recorded April 26, 1972 in Book 6016, Page 474 of Official Records, as Document No. 37493.

ALSO EXCEPTING THEREFROM that portion described as follows:

Beginning at a point which is on the West line of said Section 10 and 100 feet North of the Southwest corner of the North one-half of said Section 10, which point shall be the true point of beginning; thence North along the West line of said Section 10, a distance of 325 feet; thence East at a right angle and parallel with the South line of said section, a distance of 325 feet; thence South at a right angle and parallel with the West line of said section, a distance of 325 feet; thence West at a right angle and parallel with the South line of said section, a distance of 325 feet to the true point of beginning on the West line of said Section 10.

ALSO EXCEPTING THEREFROM one-half of all oil, gas and other hydrocarbon substances and one-half of all minerals, whether metallic or non-metallic, in, under or on said real property as reserved by the San Francisco Bank, a corporation, in Deed recorded June 10, 1948 in Book 2644, Page 420 of Official Records, Document No. 28130.

ALSO EXCEPTING THEREFROM 5% of all oil, gas and other hydrocarbon substances and 5% of all minerals, whether metallic or non-metallic in and under said land, as excepted in the Deed from R.T. Hughes and Bess L. Hughes, husband and wife, recorded December 27, 1950 in Book 2944, Page 550 of Official Records, Document No. 69757.

ALSO EXCEPTING THEREFROM 25% of all oil, gas and other hydrocarbon substances and 25% of all minerals, whether metallic or non-metallic in and under said land, as reserved in the Deed dated April 23, 1962, from Miles O. Humphreys, Jr. and Zona Humphreys, his wife and T.M. Robinson and Myrtle E. Robinson, his wife, to Ernest E. Sullivan and Gracie Sullivan, his wife, recorded May 4, 1962, as Document No. 36478.

ALSO EXCEPTING THEREFROM 10% of all oil, gas and other hydrocarbon substances and 10% of all minerals, whether metallic or non-metallic in and under said land, together with the right to explore and develop oil, gas and other hydrocarbon substances on, in and under said land above described and in the event of the exercise of said right so reserved, the Grantee shall be compensated for any and all damages done to the surface of said land or crops growing thereon, as reserved in the Deed from Ernest E. Sullivan and Gracie Sullivan, husband and wife to Sullivan & Gragnani, Inc., a corporation, recorded May 4, 1962, as Document No. 36479.

APN:  040-030-44-S

PARCEL THREE:

The North half of Section 17, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM all of the minerals and mineral ores of every kind and character now known to exist or hereafter discovered upon, within or underlying the hereinabove described property or that may be produced therefrom, including, without limiting the generality of the foregoing, all oil, natural gas and hydrocarbon substances, geothermal steam, brines and natural gas and hydrocarbon substances, geothermal steam, brines and minerals in solution, and sand, gravel and aggregates, and products derived therefrom, as granted to Bravo Oil Company in Deeds recorded December 29, 1965, as Document No. 104217 in Book 5257, Page 25, Official Records.

APN:  040-060-26-S

**TRACT III of TRACT VIIIA:**

PARCEL ONE:

The West half of Section 14, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, in the unincorporated area of the County of Fresno, State of California.

Excepting therefrom the following:

A strip of parcel of land in the Southwest quarter of Section 14, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, described as follows:

Beginning at the Southwest corner of said Section 14; thence along the West line of said Section 14 North 00° 20' 36" East 34.84 feet; thence leaving said West line South 34° 41' 08" East 42.36 feet to a point in the South line of said Section 14; thence along said South 89° 57' 55" West 24.31 feet to the point of beginning.

Also excepting therefrom all the coal, lignite, coal oil, petroleum, naptha, asphalt, maltha, brea, natural gas and all kindred or similar substances which now exist or any time hereafter may exist upon, in or under the property, with the full, free, exclusive and perpetual right below one hundred feet from the surface contours of the property to explore, dig, mine and bore for and otherwise to extract said substances from the above described land and to sever and remove the same therefrom, as well as the right to dispose of, inject and/or below said one hundred foot level store any substance or substances for the enjoyment of these rights and for other business activities of grantor, reserving all rights of location in and under the above described land for mines, tunnels, shafts, wells, pumps, and all other machinery, equipment and/or structures deemed necessary by grantor to enjoy the rights excepted and reserved hereby, also reserving the right to take and use and develop for use any and all subterranean waters under the above described land as all such waters may now or hereafter exist in, on or under the above described land as so far as any of the said waters may be necessary or convenient for carrying on of any or all of the above mentioned works and the full enjoyment of the rights set forth above as excepted and reserved in the deed recorded October 19, 1993 as Instrument No. 93-161681.

PARCEL ONE-A:

A non-exclusive easement for ingress, egress and maintenance of a ditch over the North 40 feet of the following described real property for water transfer:

The East half of Section 14, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, in the unincorporated area of the County of Fresno, State of California.

APN: 040-070-41

**TRACT IV of TRACT VIIIA:**

PARCEL 1:

The West half of the East half of Section 7, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting an undivided 50% of all oil, gas, minerals and other hydrocarbon substances in and under said land, as reserved in that certain Deed dated April 20, 1985, and recorded May 3, 1985, as Document No. 85-043685, Official Records.

APN 040-020-16S

PARCEL 2:

The East half of the East half of Section 7, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, in the County of Fresno, State of California, according to the Official Plat thereof.

APN 040-020-15

PARCEL 3:

The Southwest Quarter of Section 8, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom an undivided one-half interest in and to all oil, gas, minerals and other hydrocarbon substances now or at any time situate in and under said land, as reserved in the Deed from R. T. Hughes and Bess L. Hughes, husband and wife to John H. Hughes and Ruby Dale Hughes, husband and wife, as joint tenants, dated January 10, 1950, recorded January 24, 1950 in Book 2829, Page 69 of Official Records, Document No. 4385.

Excepting and reserving unto the Grantors herein an undivided one-fourth interest in and to all oil, gas and other hydrocarbons and minerals now or at any time hereafter situate therein and thereunder, together with all easements and rights necessary or convenient for the production, storage and transportation thereof and the exploration and testing of the said real property, and also the right to drill for, produce and use water from the said real property in connection with drilling or mining operations thereon.

APN 040-020-19S

PARCEL 4:

The Southeast Quarter of Section 8, Township 16 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom an undivided one-half interest in and to all oil, gas, minerals and other hydrocarbon substances now or at any time situate in and under said land, as reserved in the Deed from R. T. Hughes and Bess L. Hughes, husband and wife to John H. Hughes and Ruby Dale Hughes, husband and wife, as joint tenants, dated January 10, 1950, recorded January 24, 1950 in Book 2829, Page 69 of Official Records, Document No. 4385.

Also excepting therefrom an undivided one-fourth interest in and to all oil, gas and other hydrocarbons and minerals now or at any time hereafter situate therein and thereunder, together with all easements and rights necessary or convenient for the production, storage and transportation thereof and the exploration and testing of the said real property, and also the right to drill for, produce and use water from the said real property in connection with drilling or mining operations thereon, as reserved in the Deed from Harold A. Johnson to Dale Gene Graham, a married man, as his separate property, dated May 30, 1974, recorded June 25, 1974 as Document No. 47794.

APN 040-020-21S

PARCEL 5:

All of Section 1, Township 16 South, Range 15 East, Mount Diablo Base and Meridian, according to the Official Plat thereof;

Excepting therefrom the title and exclusive right to all of the minerals and mineral ores of every kind and character now known to exist or hereafter discovered upon, within or underlying or that may be produced therefrom, including, without limiting the generality of the foregoing, all oil, natural gas and hydrocarbon substances, geothermal steam, brines and minerals in solution, and sand, gravel and aggregates, and products derived therefrom, together with the exclusive and perpetual right of said grantee, its successors and assigns, of ingress and egress in, upon or over said property to explore and prospect for, extract, develop, save, convey, store, refine, process and remove the same and to make such use of said property and the surface thereof as is necessary or useful in connection therewith, which use may include the sinking, boring, digging or drilling of wells, shafts, or tunnels, excavations, open pit mining and constructing, maintaining and removing roads, ways, pipe lines, pole lines, tanks, buildings, structures and facilities, as conveyed by Southern Pacific Company, a corporation, to Bravo Oil Company, a corporation, by Deed dated December 27, 1965, recorded December 29, 1965, in Book 5257 Page 25 of Official Records, Document No. 104217.

APN: 038-090-30s

## EXHIBIT A

ORDER NO. : 1421002600

The land referred to is situated in the unincorporated area of the County of Fresno, State of California, and is described as follows:

**TRACT I:**

PARCEL 1:

The North 771.60 feet (measured along the West line of the Northeast one quarter) of the Northeast one quarter of Section 30, Township 15 South, Range 13 East, Mount Diablo Base and Meridian; EXCEPTING THEREFROM the North 50 feet and ALSO EXCEPTING THEREFROM that portion conveyed to the State of California in the Deed recorded October 20, 1964 in Book 5082, Page 1 as Document No. 82320, Official Records.

EXCEPTING THEREFROM AND RESERVING unto James S. Anderson, all the grantor's right, title and interest in and to all oil, gas, other hydrocarbon substances and minerals which may be located in and under said land, as conveyed in the Deed from Robert Montoya an Juanita Montoya, husband and wife to James S. Anderson, a married man as his sole and separate property, dated March 19, 2001, recorded June 19, 2001 as Document No. 2001-0084954, Official Records, as reserved in the Grant Deed recorded September 12, 2002 as Document No. 20020157911, Official Records.

APN:  027-171-85-S

PARCEL 2:

The Northwest quarter of Section 29, Township 15 South, Range 13 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

EXCEPTING THEREFROM that portion thereof lying Northeasterly of the Southwesterly boundary line of that property conveyed to the State of California in the Deed recorded August 12, 1996 in Book 5346 Page 477 as Document No. 59482, Official Records.

ALSO EXCEPTING THEREFROM 50% of oil, gas and minerals rights in and under said land as reserved in the Deed from Frank G. Everts, et al, to Elynor Falk and David Falk, wife and husband, dated November 29, 1963, recorded February 13, 1964 in Book 4964 Page 236 as Document No. 12039, Official Records.

ALSO EXCEPTING AND RESERVING unto the grantors, as their interests appear, all the grantor's right, title and interest in and to all oil, gas, other hydrocarbon substances and minerals which may be located in and under said land, as reserved in the Grant Deed recorded September 12, 2002 as Document No. 20020157913, Official Records.

APN:  027-171-15-S

PARCEL 3:

The East one half of that portion of the Northeast one quarter of Section 30, Township 15 South, Range 13 East, Mount Diablo Base and Meridian, according to the Official Plat thereof, lying South of the North 771.60 feet (measured along the West line of the Northeast one quarter) of said Northeast quarter, pursuant to Lot Line Adjustment No. 05-12.

EXCEPTING THEREFROM AND RESERVING unto James S. Anderson, all the grantor's right, title and interest in and to all oil, gas, other hydrocarbon substances and minerals, which may be located in and under said land, as conveyed in the Deed from Robert Montoya and Juanita Montoya, husband and wife to James S. Anderson, a married man as his sole and separate property, dated March 19, 2001, recorded June 19, 2001 as Document No. 2001-0084954, Official Records, as reserved in the Grant Deed recorded September 12, 2002 as Document No. 20020157911, Official Records.

APN:  027-171-60-S

PARCEL 4:

The West one half of that portion of the Northeast one quarter of Section 30, Township 15 South, Range 13 East, Mount Diablo Base and Meridian, lying South of the North 771.60 feet (measured along the West line of the Northeast one quarter) of said Northeast one quarter.

ALSO EXCEPTING THEREFROM AND RESERVING unto James S. Anderson, all the grantor's right, title and interest in and to all oil, gas, other hydrocarbon substances and minerals which may be located in and under said land, as conveyed in the Deed from Robert Montoya and Juanita Montoya, husband and wife to James S. Anderson, a married man as his sole and separate property, dated March 19, 2001, recorded June 19, 2001 as Document No. 2001-0084954, Official Records, as reserved in the Grant Deed recorded September 12, 2002 as Document No. 2002-157911, Official Records.

APN:  027-171-84-S

**TRACT II:**

PARCEL 1:

The Southwest Quarter of Section 20, Township 17 South, Range 16 East, Mount Diablo Base and Meridian, according to the United States Government Township Plat approved by the Surveyor General on August 6, 1855.

Excepting therefrom that portion granted to CMA, a California general partnership in the Corporation of Grant Deed dated July 1, 1988 and recorded on September 19, 1988 as Instrument No. 88-103835, Official Records.

Also excepting therefrom all oil, gas, minerals, and other hydrocarbon substances in and under said land.

APN:  050-060-42S

PARCEL 2:

The Westerly 90 feet of the Northwest Quarter of Section 29, Township 17 South, Range 16 East, Mount Diablo Same and Meridian, according to the Official Plat thereof.

Excepting therefrom all of the minerals and mineral ores of every kind and character now known to exist or hereafter discovered upon, within or underlying said land, or that may be produced therefrom, including, without limiting the generality of the foregoing, all oil, natural gas and hydrocarbon substances, geothermal steam, brines and minerals in solution, and sand, gravel and aggregates, and products derived therefrom, together with the exclusive and perpetual right of Bravo Oil Company, it successors and assigns, of ingress and across in, upon or over said property to explore and prospect for, extract, develop, save, convey, store, refine, process and remove the same and to make such use of said property and the surface thereof as is necessary or useful in connection therewith, which use may include the sinking, boring, digging or drilling of wells, shafts or tunnels, excavating, open pit mining and constructing, maintaining and removing roads, ways, pipe lines, pole lines, tanks, buildings, structures and facilities.

APN: 050-100-40S

PARCEL 3:

That portion of the Northeast Quarter of Section 30, Township 17 South, Range 16 East, Mount Diablo Base and Meridian, according to the United States Government Township Plat approved by the Surveyor General on August 6, 1855, described as follows:

Beginning at a point on the North line of said Section 30, 530 feet West of the Northeast corner of said Section; thence South parallel with the East line of said Section, 540 feet; thence East parallel with the North line of said Section, 500 feet; thence South parallel with said East line 950 feet; thence West parallel with said North line 150 feet; thence South parallel with said East line 220 feet; thence East parallel with said North line 180 feet to said East line; thence North along said East line to the Northeast corner of said Section 30; thence West along the North line of said Section to the point of beginning.

Excepting therefrom all oil, gas, minerals and other hydrocarbon substances in and under said land, as previously reserved of record.

APN: 050-100-27S

PARCEL 4:

The Northeast quarter of Section 23, Township 17 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom all oil, gas and minerals in and under said land, as reserved in the Deed from Kings County Development Company to Carl L. Mauldin, dated May 15, 1947, recorded July 25, 1947, in Book 2561, Page 220 as Document No. 393422, Official Records.

APN: 050-070-25S

PARCEL 5:

The Southwest Quarter of Section 23, Township 17 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom the Southwest Quarter of the Southwest Quarter of said Section 23.

Also excepting therefrom all oil, gas and minerals in and under said land, as reserved in the Deed from Kings County Development Company to Carl L. Mauldin, dated May 15, 1947, recorded July 25, 1947, in Book 2561, Page 220 as Document No. 39422, Official Records.

APN: 050-070-39S

PARCEL 6:

Section 3, Township 18 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom all of the minerals and mineral ores of ever kind and character now known to exist or hereafter discovered upon, within or underlying the hereinabove described property or that may be produced therefrom, including, without limiting the generality of the foregoing, all oil, natural gas and hydrocarbon substances, geothermal steam, brines and minerals in solution, and sand, gravel and aggregates, and products derived therefrom, as granted to Bravo Oil Company in Deed recorded December 29, 1965, as Document No. 104217, Official Records.

APN: 060-030-14S

PARCEL 7:

The Southeast Quarter of the Southeast Quarter of Section 6, Township 18 South, Range 16 East, Mount Diablo Base and Meridian, according to the Official Plats thereof.

Excepting therefrom all oil, gas, and other hydrocarbons and minerals in and under said land as previously reserved of record.

APN: 060-020-20S

PARCEL 8:

The North 160 acres thereof of the Fractional West One-half of Section 7, Township 18 South, Range 16 East, Mount Diablo Base and Meridian, in the County of Fresno, State of California, according to the Official Government Plat thereof.

Excepting therefrom all iron, coal, lignite, asphaltum, petroleum, and other mineral oils, gypsum, gold, silver, cinnabar, lead, tin, copper, limestone, marble and all other deposits and substances, as reserved by Southern Pacific Railroad Company in Deed recorded January 16, 1904 in Book 308, Page 453 of Deeds, Fresno County Records.

APN: 060-020-50S

**TRACT III:**

The East 1731.7 feet of Section 28, Township 15 South, Range 13 East, Mount Diablo Base and Meridian, according to the Official Plat thereof.

Excepting therefrom all oil, gas, other hydrocarbon substances and minerals of any kind or character, in, on, or thereunder, as reserved in deeds of record.

Excepting therefrom that portion deeded to Fresno County for Manning Avenue, recorded in Book 5721 Page 929, Official Records.

APN: 027-171-82-S

Laura Avila, Assessor-Recorder
Kern County Official Records

RC
3/14/2023
11:18 AM

Recorded Electronically by:
39N  Contera Holdings

DOC#: 223029410


223029410

| Stat Types: 1 | Pages: 11 |
|---|---|
| FEES | 54.00 |
| TAXES | .00 |
| OTHER | 225.00 |
| PAID | 279.00 |

This instrument prepared by:
**Conterra Agricultural Capital, LLC**
**Post Closing**
**5465 Mills Civic Parkway, Suite 201**
**West Des Moines, IA 50266**

Recording Requested By/Return To:
**Conterra Agricultural Capital, LLC**
**Post Closing**
**5465 Mills Civic Parkway, Suite 201**
**West Des Moines, IA 50266**

# ASSIGNMENT OF DEED OF TRUST

**Loan # AG1115 &**
**Loan # AG1116**

For Value Received, the undersigned holder (herein "Assignor") of a Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing (herein "Deed of Trust") whose address is **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA  50266**, does hereby grant, sell, assign, transfer and convey, unto **American Equity Investment Life Insurance Company**, whose address is **6000 Westown Parkway, West Des Moines, IA 50266**, all beneficial interest under a certain Deed of Trust dated **February 3, 2023**, made and executed by **Lincoln Grantor Farms, LLC, a California limited liability company, C & A Farms, LLC, a California limited liability company, Maricopa Orchards, LLC, a California limited liability company, Willow Avenue Investments, LLC, a California limited liability company, and Grantor Real Estate Investments, LLC, a California limited liability company, to Old Republic Title Company**, Trustee, upon the following described property situated in **Kern County**, State of **California**:

**Please see the Exhibit "A" attached hereto and made a part hereof.**

Such Deed of Trust having been given to secure payment of two promissory notes in the principal amount of $11,300,000.00 and $11,300,000.00, respectively, which Deed of Trust is of record in the official records of **Kern County, State of California**, as Document Number: 223015311 together with the notes and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

Dated effective this 3rd day of February, 2023.

---

Multistate Deed of Trust Assignment

1

211631000322 [Doc Id 8448 M11182020]

Conterra Agricultural Capital, LLC

_____  2/28/2023
Signature                                         Date
Mark A. Smith, COO & General Counsel

Madyson Riebhoff
Witness    Madyson Riebhoff

STATE OF IOWA
COUNTY OF Polk

Before me, the undersigned authority, on this day personally appeared Mark A. Smith, COO & General Counsel of Conterra Agricultural Capital, LLC, known or proved to me according to law to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she/they voluntarily executed the same for the purposes of consideration therein expressed, and in the capacity stated.

Given under my hand and seal this 28ᵀᴴ day of February , 20 23 .

Taylor Petersen
Notary, State of Iowa

Printed Name: Taylor Petersen
My Commission Expires: 11/9/2024


TAYLOR PETERSEN
Commission Number 813700
My Commission Expires.
11-9-2024

Multistate Deed of Trust Assignment

2

211631000322 [Doc Id 8448 M11182020]

# Exhibit A
**Solar/Mitigation**

The land referred to in this Report is situated in the County of Kern, City of , State of California, and is described as follows:

PARCEL 1:

THE NORTHWEST QUARTER OF SECTION 30, TOWNSHIP 32 SOUTH, RANGE 25 EAST, MOUNT DIABLO BASE AND MERIDIAN, IN AN UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPT ALL OIL AND GAS WITHIN OR UNDERLYING SAID LAND, AS PREVIOUSLY RESERVED OF RECORD.

APN: 220-170-01

PARCEL 2:     [PARCEL 3:]

THE NORTHEAST QUARTER OF SECTION 30, TOWNSHIP 32 SOUTH, RANGE 25 EAST, M.D.B.&M., IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM ALL RIGHT, TITLE AND INTEREST IN AND TO THE MINERAL RIGHTS IN THE PROPERTIES DESCRIBED HEREIN (EXPRESSLY EXCLUDING, HOWEVER, THE RIGHT TO USE THE SURFACE FOR OPEN PIT MINING, QUARRYING AND STRIP MINING), AND ALL RIGHTS, TITLE AND INTEREST IN ANY OTHER CONTRACT AGREEMENTS OR RIGHTS, TANGIBLE OR INTANGIBLE THAT ARE OWNED BY THE GRANTOR, IN WHOLE OR IN PART, AND THAT ARE RELATED TO THE OWNERSHIP AND USE OF THE MINERAL RIGHTS CONVEYED HEREBY, FROM THE LANDS.

SPECIFICALLY EXCEPTING THEREFROM ALL SURFACE RIGHTS (EXCEPT FOR THE RIGHTS OF SURFACE ACCESS FOR THE PURPOSE OF GRANTEE AND ITS ASSIGNS EXPLORING FOR, DEVELOPING, PRODUCING, TRANSPORTING AND SELLING MINERALS FROM THE PROPERTY AND WHICH ARE RECOGNIZED BY CALIFORNIA LAW, RULES, ORDER AND REGULATION), PERSONAL PROPERTY OR FIXTURES ASSOCIATED WITH, AFFIXED TO OR LOCATED UPON THE SURFACE, WELL BORES (IF ANY), WATER OR WATER RIGHTS OR ENTITLEMENTS (EXCEPT SUCH WATER AS MAY BE ASSOCIATED AND INCIDENTALLY PRODUCED WITH

THE MINERALS FROM THE PROPERTY) OR ANY EXISTING OIL, GAS OR MINERAL PRODUCTION (IF ANY) FROM THE PROPERTY, AS GRANTED TO CALIFORNIA MINERALS, L.P., A TEXAS LIMITED PARTNERSHIP, IN DEED RECORDED DECEMBER 30, 1998 AS INSTRUMENT NO. 0198184684 OF OFFICIAL RECORDS.

APN: 220-170-02

PARCEL 3:     [PARCEL 4:]

THE WEST HALF OF SECTION 29, TOWNSHIP 32 SOUTH, RANGE 25 EAST, M.D.B.M., IN THE UNINCORPORATED ARE OF THE COUNTY OF KERN, STATE OF CALIFORNIA, ACCORDING OF THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM ALL RIGHT, TITLE AND INTEREST IN AND TO THE MINERAL RIGHTS IN THE PROPERTIES DESCRIBED HEREIN (EXPRESSLY EXCLUDING, HOWEVER, THE RIGHT TO USE THE SURFACE FOR OPEN PIT MINING, QUARRYING AND STRIP MINING), AND ALL RIGHTS, TITLE AND INTEREST IN ANY OTHER CONTRACT AGREEMENTS OR RIGHTS, TANGIBLE OR INTANGIBLE THAT ARE OWNED BY THE GRANTOR, IN WHOLE OR IN PART, AND THAT ARE RELATED TO THE OWNERSHIP AND USE OF THE MINERAL RIGHTS CONVEYED HEREBY, FROM THE LANDS.

SPECIFICALLY EXCEPTING THEREFROM ALL SURFACE RIGHTS (EXCEPT FOR THE RIGHTS OF SURFACE ACCESS FOR THE PURPOSE OF GRANTEE AND ITS ASSIGNS EXPLORING FOR, DEVELOPING, PRODUCING, TRANSPORTING AND SELLING MINERALS FROM THE PROPERTY AND WHICH ARE RECOGNIZED BY CALIFORNIA LAW, RULES, ORDER AND REGULATION), PERSONAL PROPERTY OR FIXTURES ASSOCIATED WITH, AFFIXED TO OR LOCATED UPON THE SURFACE, WELL BORES (IF ANY), WATER OR WATER RIGHTS OR ENTITLEMENTS (EXCEPT SUCH WATER AS MAY BE ASSOCIATED AND INCIDENTALLY PRODUCED WITH THE MINERALS FROM THE PROPERTY) OR ANY EXISTING OIL, GAS OR MINERAL PRODUCTION (IF ANY) FROM THE PROPERTY, AS GRANTED TO CALIFORNIA MINERALS, L.P., A TEXAS LIMITED PARTNERSHIP, IN DEED RECORDED DECEMBER 30, 1998 AS INSTRUMENT NO. 0198184684 OF OFFICIAL RECORDS.

ALSO EXCEPTING ALL OIL, GAS AND OTHER HYDROCARBONS; NON- HYDROCARBON GASSES OR GASEOUS SUBSTANCES; ALL OTHER MINERALS OF WHATSOEVER NATURE, WITHOUT REGARD TO SIMILARITY TO THE ABOVE-MENTIONED SUBSTANCES; AND ALL SUBSTANCES THAT MAY BE PRODUCED THEREWITH FROM SAID REAL PROPERTY.

ALSO EXCEPTING ALL GEOTHERMAL RESOURCES, EMBRACING: INDIGENOUS STEAM, HOT WATER AND HOT BRINES; STEAM AND OTHER GASES, HOT WATER AND HOT BRINES RESULTING FROM WATER, GAS OR OTHER FLUIDS ARTIFICIALLY INTRODUCED INTO SUBSURFACE FORMATIONS; HEAT OR THE ASSOCIATED ENERGY FOUND BENEATH THE SURFACE OF THE EARTH; AND BY-PRODUCTS OF ANY OF THE FOREGOING SUCH AS MINERALS (EXCLUSIVE OF OIL OR HYDROCARBON GAS THAT CAN BE SEPARATELY PRODUCED) WHICH ARE FOUND IN SOLUTION OR ASSOCIATION WITH OR DERIVED FROM ANY OF THE FOREGOING.

ALSO EXCEPTING, THE SOLE AND EXCLUSIVE RIGHT FROM TIME TO TIME TO DRILL AND MAINTAIN WELLS OR OTHER FACILITIES INTO OR THROUGH SAID REAL PROPERTY AND THE ADJOINING STREETS, ROADS AND HIGHWAYS FOR THE PURPOSE OF EXPLORING FOR AND PRODUCING ENERGY RESOURCES; THE EXCLUSIVE RIGHT TO PRODUCE, INJECT, STORE, AND REMOVE FROM AND THROUGH SUCH WELLS OR FACILITIES, OIL, GAS, WATER AND OTHER SUBSTANCES OF WHATEVER NATURE, INCLUDING THE RIGHT TO PERFORM ANY AND ALL OPERATIONS DEEMED BY GRANTOR NECESSARY OR CONVENIENT FOR THE EXERCISE OF SUCH RIGHTS, INCLUDING BUT NOT LIMITED TO THE RIGHT TO CONDUCT SEISMIC TESTING AND CONSTRUCT, MAINTAIN AND OPERATE PIPELINES, VALVES, CATHODIC PROTECTION FACILITIES, AND

APPURTENANCES; AND THE EXCLUSIVE RIGHT TO UTILIZE OR OCCUPY SUBSURFACE FORMATIONS TO STORE OR DISPOSE OF PRODUCED WATER OR OTHER FLUIDS WITHOUT REGARD TO THEIR PLACE OF ORIGIN, AS RESERVED BY CHEVRON U.S.A. INC., A PENNSYLVANIA CORPORATION, IN DEED RECORDED JUNE 6, 2004 AS DOCUMENT NO. 0204130494, OFFICIAL RECORDS.

APN: 220-170-07

PARCEL 4:      [PARCEL 6:]

Parcel B of Parcel Map No. 12196, according to the map thereof, filed for record on October 13, 2020, in Book 62 of Parcel Maps, at Pages 1 through 3, Kern County Records.

EXCEPTING THEREFROM ALL RIGHT, TITLE AND INTEREST IN AND TO THE MINERAL RIGHTS IN THE PROPERTIES DESCRIBED HEREIN (EXPRESSLY EXCLUDING, HOWEVER, THE RIGHT TO USE THE SURFACE FOR OPEN PIT MINING, QUARRYING AND STRIP MINING), AND ALL RIGHTS, TITLE AND INTEREST IN ANY OTHER CONTRACT AGREEMENTS OR RIGHTS, TANGIBLE OR INTANGIBLE THAT ARE OWNED BY THE GRANTOR, IN WHOLE OR IN PART, AND THAT ARE RELATED TO THE OWNERSHIP AND USE OF THE MINERAL RIGHTS CONVEYED HEREBY, FROM THE LANDS.

SPECIFICALLY EXCEPTING THEREFROM ALL SURFACE RIGHTS (EXCEPT FOR THE RIGHTS OF SURFACE ACCESS FOR THE PURPOSE OF GRANTEE AND ITS ASSIGNS EXPLORING FOR, DEVELOPING, PRODUCING, TRANSPORTING AND SELLING MINERALS FROM THE PROPERTY AND WHICH ARE RECOGNIZED BY CALIFORNIA LAW, RULES, ORDER AND REGULATION), PERSONAL PROPERTY OR FIXTURES ASSOCIATED WITH, AFFIXED TO OR LOCATED UPON THE SURFACE, WELL BORES (IF ANY), WATER OR WATER RIGHTS OR ENTITLEMENTS (EXCEPT SUCH WATER AS MAY BE ASSOCIATED AND INCIDENTALLY PRODUCED WITH THE MINERALS FROM THE PROPERTY) OR ANY EXISTING OIL, GAS OR MINERAL PRODUCTION (IF ANY) FROM THE PROPERTY, AS GRANTED TO CALIFORNIA MINERALS, L.P., A TEXAS LIMITED PARTNERSHIP, IN DEED RECORDED DECEMBER 30, 1998 AS INSTRUMENT NO. 0198184684 OF OFFICIAL RECORDS.

APN: 220-110-87

PARCEL 5:      [PARCEL 7:]

THE SOUTH HALF OF THE NORTHEAST QUARTER OF SECTION 22, TOWNSHIP 32 SOUTH, RANGE 25 EAST, MOUNT DIABLO BASE AND MERIDIAN, IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM ALL RIGHT, TITLE AND INTEREST IN AND TO THE MINERAL RIGHTS IN THE PROPERTIES DESCRIBED HEREIN (EXPRESSLY EXCLUDING, HOWEVER, THE RIGHT TO USE THE SURFACE FOR OPEN PIT MINING, QUARRYING AND STRIP MINING), AND ALL RIGHTS, TITLE AND INTEREST IN ANY OTHER CONTRACT AGREEMENTS OR RIGHTS, TANGIBLE OR INTANGIBLE THAT ARE OWNED BY THE GRANTOR, IN WHOLE OR IN PART, AND THAT ARE RELATED TO THE OWNERSHIP AND USE OF THE MINERAL RIGHTS CONVEYED HEREBY, FROM THE LANDS.

SPECIFICALLY EXCEPTING THEREFROM ALL SURFACE RIGHTS (EXCEPT FOR THE RIGHTS OF SURFACE ACCESS FOR THE PURPOSE OF GRANTEE AND ITS ASSIGNS EXPLORING FOR, DEVELOPING, PRODUCING, TRANSPORTING AND SELLING MINERALS FROM THE PROPERTY AND WHICH ARE RECOGNIZED BY CALIFORNIA LAW, RULES, ORDER AND REGULATION), PERSONAL PROPERTY OR FIXTURES ASSOCIATED

WITH, AFFIXED TO OR LOCATED UPON THE SURFACE, WELL BORES (IF ANY), WATER OR WATER RIGHTS OR ENTITLEMENTS (EXCEPT SUCH WATER AS MAY BE ASSOCIATED AND INCIDENTALLY PRODUCED WITH THE MINERALS FROM THE PROPERTY) OR ANY EXISTING OIL, GAS OR MINERAL PRODUCTION (IF ANY) FROM THE PROPERTY, AS GRANTED TO CALIFORNIA MINERALS, L.P., A TEXAS LIMITED PARTNERSHIP, IN DEED RECORDED DECEMBER 30, 1998 AS INSTRUMENT NO. 0198184684 OF OFFICIAL RECORDS.

APN: 220-110-10

PARCEL 6:        [PARCEL 8: ]

THE NORTH HALF OF THE NORTH HALF OF SECTION 26, TOWNSHIP 32 SOUTH, RANGE 25 EAST, MOUNT DIABLO BASE AND MERIDIAN, IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM THE INTEREST OF THE SUNSET RAILROAD AS SAID RAILROAD IS NOW LOCATED.

EXCEPTING THEREFROM ALL RIGHT, TITLE AND INTEREST IN AND TO THE MINERAL RIGHTS IN THE PROPERTIES DESCRIBED HEREIN (EXPRESSLY EXCLUDING, HOWEVER, THE RIGHT TO USE THE SURFACE FOR OPEN PIT MINING, QUARRYING AND STRIP MINING), AND ALL RIGHTS, TITLE AND INTEREST IN ANY OTHER CONTRACT AGREEMENTS OR RIGHTS, TANGIBLE OR INTANGIBLE THAT ARE OWNED BY THE GRANTOR, IN WHOLE OR IN PART, AND THAT ARE RELATED TO THE OWNERSHIP AND USE OF THE MINERAL RIGHTS CONVEYED HEREBY, FROM THE LANDS.

SPECIFICALLY EXCEPTING THEREFROM ALL SURFACE RIGHTS (EXCEPT FOR THE RIGHTS OF SURFACE ACCESS FOR THE PURPOSE OF GRANTEE AND ITS ASSIGNS EXPLORING FOR, DEVELOPING, PRODUCING, TRANSPORTING AND SELLING MINERALS FROM THE PROPERTY AND WHICH ARE RECOGNIZED BY CALIFORNIA LAW, RULES, ORDER AND REGULATION), PERSONAL PROPERTY OR FIXTURES ASSOCIATED WITH, AFFIXED TO OR LOCATED UPON THE SURFACE, WELL BORES (IF ANY), WATER OR WATER RIGHTS OR ENTITLEMENTS (EXCEPT SUCH WATER AS MAY BE ASSOCIATED AND INCIDENTALLY PRODUCED WITH THE MINERALS FROM THE PROPERTY) OR ANY EXISTING OIL, GAS OR MINERAL PRODUCTION (IF ANY) FROM THE PROPERTY, AS GRANTED TO CALIFORNIA MINERALS, L.P., A TEXAS LIMITED PARTNERSHIP, IN DEED RECORDED DECEMBER 30, 1998 AS INSTRUMENT NO. 0198184684 OF OFFICIAL RECORDS.

EXCEPTING THEREFROM ALL OIL, GAS AND OTHER HYDROCARBONS; NON-HYDROCARBON GASSES OR GASEOUS SUBSTANCES; ALL OTHER MINERALS OF WHATSOEVER NATURE, WITHOUT REGARD TO SIMILARITY TO THE ABOVE-MENTIONED SUBSTANCES; AND ALL SUBSTANCES THAT MAY BE PRODUCED THEREWITH FROM SAID REAL PROPERTY;

AND ALSO EXCEPTING THEREFROM ALL GEOTHERMAL RESOURCES, EMBRACING; INDIGENOUS STEAM, HOT WATER AND HOT BRINES; STEAM AND OTHER GASES, HOT WATER AND HOT BRINES RESULTING FROM WATER, GAS OR OTHER FLUIDS ARTIFICIALLY INTRODUCED INTO SUBSURFACE FORMATIONS; HEAT OR THE ASSOCIATED ENERGY FOUND BENEATH THE SURFACE OF THE EARTH; AND BY-PRODUCTS OF ANY OF THE FOREGOING SUCH AS MINERALS (EXCLUSIVE OF OIL OR HYDROCARBON GAS THAT CAN BE SEPARATELY PRODUCED) WHICH ARE FOUND IN SOLUTION OR ASSOCIATION WITH OR DERIVED FROM ANY OF THE FOREGOING.

TOGETHER WITH ALL RIGHTS ASSOCIATED WITH OR CONVENIENT FOR THE EXERCISE OF SUCH RIGHTS AS CONTAINED THEREIN, ALL AS RESERVED BY CHEVRON U.S.A., INC., IN DEED RECORDED DECEMBER 22, 2004 AS INSTRUMENT NO. 0204317445 OF OFFICIAL RECORDS.

.

.

APN: 220-130-02

PARCEL 7:     [PARCEL 10:]

THE SURFACE AND 500 FEET OF THE SUBSURFACE VERTICALLY IN DEPTH BELOW THE SURFACE OF THE
EAST HALF OF SECTION 29, TOWNSHIP 32 SOUTH, RANGE 25 EAST, MOUNT DIABLO BASE AND MERIDIAN,
IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA, ACCORDING TO THE
OFFICIAL PLAT THEREOF.

EXCEPT ALL OIL, GAS, ASPHALTUM, AND OTHER HYDROCARBONS AND OTHER MINERALS, WHETHER
SIMILAR TO THOSE HEREIN SPECIFIED OR NOT, WITHIN OR THAT MAY BE PRODUCED FROM SAID PARCEL,
500 FEET IN DEPTH, TOGETHER WITH THE EXCLUSIVE RIGHT TO ENTER UPON SAID PREMISES FOR THE
PURPOSE OF MINING FOR AND REMOVING THE SAME THEREFROM, AS EXCEPTED AND RESERVED IN THE
DEED FROM STANDARD OIL COMPANY OF CALIFORNIA, A DELAWARE CORPORATION, TO CALIFORNIA LAND
AND CATTLE COMPANY, A CORPORATION, RECORDED SEPTEMBER 18, 1963, IN BOOK 3644, PAGE 951 OF
OFFICIAL RECORDS.

APN: 220-170-08 and 220-170-09 and 220-170-10

PARCEL 8:     [PARCEL 11:]

THE NORTHWEST QUARTER OF SECTION 28, TOWNSHIP 32 SOUTH, RANGE 25 EAST, MOUNT DIABLO
MERIDIAN, IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA,
ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPT $^1/_2$ OF ALL MINERALS, INCLUDING OIL, PETROLEUM, GAS, ASPHALTUM, BREA, AND OTHER
HYDROCARBON SUBSTANCES WITHIN OR UNDERLYING SAID LAND, AS EXCEPTED IN A DECREE OF
DECLARATION OF TAKING DATED DECEMBER 31, 1942, A CERTIFIED COPY OF WHICH WAS RECORDED
JANUARY 13, 1943 IN BOOK 1090, PAGE 341 OF OFFICIAL RECORDS, AND AS EXCEPTED IN DEED FROM
UNITED STATES OF AMERICA, DATED JANUARY 24, 1949 RECORDED MARCH 17, 1949 IN BOOK 1602, PAGE
105 OF OFFICIAL RECORDS.

ALSO EXCEPT REMAINING $^1/_2$ OF ALL MINERALS, INCLUDING OIL, PETROLEUM, GAS, ASPHALTUM, BREA
AND OTHER HYDROCARBON SUBSTANCES WITHIN OR UNDERLYING SAID LAND, TOGETHER WITH RIGHT
OF ENTRY.

APN: 220-170-11

PARCEL 9:     [PARCEL 13:]

ALL OF THE SOUTHWEST QUARTER OF SECTION 28, TOWNSHIP 32 SOUTH, RANGE 25 EAST, MOUNT
DIABLO BASE AND MERIDIAN, IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF
CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPT ALL MINERALS OF WHATSOEVER NATURE (INCLUDING BUT NOT LIMITED TO OIL, GAS, OTHER
HYDROCARBONS AND ASSOCIATED SUBSTANCES) IN, UNDER OR WHICH MAY BE PRODUCED THEREFROM,

TOGETHER WITH ALL RIGHTS AND PRIVILEGES OF INGRESS, EGRESS, USE AND OCCUPANCY OF, UPON AND WITHIN THE SURFACE AND SUBSURFACE THEREOF AS THE OWNER OF THE AFORESAID MINERALS MAY FROM TIME TO TIME DEEM NECESSARY OR CONVENIENT IN CONNECTION WITH THE EXPLORATION, DEVELOPMENT AND OPERATION OF SAID LANDS FOR THE AFORESAID MINERALS AND THE STORING, HANDLING, TREATING AND TRANSPORTATION THEREOF, ALL WITHOUT LIABILITY WHATSOEVER TO GRANTEE AND ALL AS CONVEYED BY GRANTORS TO SONICO, INC., A DELAWARE CORPORATION, BY MINERAL DEED DATED FEBRUARY 28, 1967, AND RECORDED IN BOOK 4030, PAGE 208 OF OFFICIAL RECORDS OF KERN COUNTY.

APN: 220-170-31 and 32

PARCEL 10:      [PARCEL 14:]

ALL OF SECTION 19, TOWNSHIP 32 SOUTH, RANGE 26 EAST, M.D.B.M., IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM ALL RIGHT, TITLE AND INTEREST IN AND TO THE MINERAL RIGHTS IN THE PROPERTIES DESCRIBED HEREIN (EXPRESSLY EXCLUDING, HOWEVER, THE RIGHT TO USE THE SURFACE FOR OPEN PIT MINING, QUARRYING AND STRIP MINING), AND ALL RIGHTS, TITLE AND INTEREST IN ANY OTHER CONTRACT AGREEMENTS OR RIGHTS, TANGIBLE OR INTANGIBLE THAT ARE OWNED BY THE GRANTOR, IN WHOLE OR IN PART, AND THAT ARE RELATED TO THE OWNERSHIP AND USE OF THE MINERAL RIGHTS CONVEYED HEREBY, FROM THE LANDS.

SPECIFICALLY EXCEPTING ALL SURFACE RIGHTS (EXCEPT FOR THE RIGHTS OF SURFACE ACCESS FOR THE PURPOSE OF GRANTEE AND ITS ASSIGNS EXPLORING FOR, DEVELOPING, PRODUCING, TRANSPORTING AND SELLING MINERALS FROM THE PROPERTY AND WHICH ARE RECOGNIZED BY CALIFORNIA LAW, RULES, ORDER AND REGULATION), PERSONAL PROPERTY OR FIXTURES ASSOCIATED WITH, AFFIXED TO OR LOCATED UPON THE SURFACE, WELL BORES (IF ANY), WATER OR WATER RIGHTS OR ENTITLEMENTS (EXCEPT SUCH WATER AS MAY BE ASSOCIATED AND INCIDENTALLY PRODUCED WITH THE MINERALS FROM THE PROPERTY) OR ANY EXISTING OIL, GAS OR MINERAL PRODUCTION (IF ANY) FROM THE PROPERTY, AS RESERVED IN DEED RECORDED DECEMBER 30, 1998 AS INSTRUMENT NO. 0198184684 OF OFFICIAL RECORDS.

EXCEPTING ALL OIL, GAS AND OTHER HYDROCARBONS; NON-HYDROCARBON GASSES OR GASEOUS SUBSTANCES; ALL OTHER MINERALS OF WHATSOEVER NATURE, WITHOUT REGARD TO SIMILARITY TO THE ABOVE-MENTIONED SUBSTANCES; AND ALL SUBSTANCES THAT MAY BE PRODUCED THEREWITH FROM SAID REAL PROPERTY.

ALSO EXCEPTING ALL GEOTHERMAL RESOURCES, EMBRACING: INDIGENOUS STEAM, HOT WATER AND HOT BRINES; STEAM AND OTHER GASES, HOT WATER AND HOT BRINES RESULTING FROM WATER, GAS OR OTHER FLUIDS ARTIFICIALLY INTRODUCED INTO SUBSURFACE FORMATIONS; HEAT OR THE ASSOCIATED ENERGY FOUND BENEATH THE SURFACE OF THE EARTH; AND BY-PRODUCTS OF ANY OF THE FOREGOING SUCH AS MINERALS (EXCLUSIVE OF OIL OR HYDROCARBON GAS THAT CAN BE SEPARATELY PRODUCED) WHICH ARE FOUND IN SOLUTION OR ASSOCIATION WITH OR DERIVED FROM ANY OF THE FOREGOING.

ALSO EXCEPTING THE SOLE AND EXCLUSIVE RIGHT FROM TIME TO TIME TO DRILL AND MAINTAIN WELLS OR OTHER FACILITIES INTO OR THROUGH SAID REAL PROPERTY AND THE ADJOINING STREETS, ROADS AND HIGHWAYS FOR THE PURPOSE OF EXPLORING FOR AND PRODUCING ENERGY RESOURCES; THE EXCLUSIVE RIGHT TO PRODUCE, INJECT, STORE, AND REMOVE FROM AND THROUGH SUCH WELLS OR FACILITIES, OIL, GAS, WATER AND OTHER SUBSTANCES OF WHATEVER NATURE, INCLUDING THE RIGHT TO PERFORM ANY AND ALL OPERATIONS DEEMED BY GRANTOR NECESSARY OR CONVENIENT FOR THE EXERCISE OF SUCH RIGHTS, INCLUDING BUT NOT LIMITED TO THE RIGHT TO CONDUCT SEISMIC TESTING AND CONSTRUCT, MAINTAIN AND OPERATE PIPELINES, VALVES, CATHODIC PROTECTION FACILITIES, AND APPURTENANCES; AND THE EXCLUSIVE RIGHT TO UTILIZE OR OCCUPY SUBSURFACE FORMATIONS TO STORE OR DISPOSE OF PRODUCED WATER OR OTHER FLUIDS WITHOUT REGARD TO THEIR PLACE OF ORIGIN, AS RESERVED BY CHEVRON U.S.A. INC., A PENNSYLVANIA CORPORATION, IN DEED RECORDED DECEMBER 31, 2003 AS DOCUMENT NO. 0203281471, OFFICIAL RECORDS.

APN: 295-040-30 and 31

PARCEL 11:      [PARCEL 24:]

All of Section 13, Township 11 North, Range 23 West, San Bernardino Base and Meridian, in the unincorporated area of the County of Kern, State of California, according to the Official Plat thereof.

Excepting therefrom all right, title and interest in and to the mineral rights in the properties described herein (expressly excluding, however, the right to use the surface for open pit mining, quarrying and strip mining), and all right , title and interest in any other contract agreements or rights, tangible or intangible that are owned by the grantor, in whole or part, and that are related to the ownership and use of the mineral rights conveyed hereby, from the lands.

Specifically excepting and reserving therefrom all surface rights (except for the rights of surface access for the purpose of grantee and its assigns exploring for, developing, producing, transporting and selling minerals from the property and which are recognized by California law, rules, order and regulation), personal property for fixtures associated with affixed to or located upon the surface, well bores (if any), water or water rights or entitlements (except such water as may be associated and incidentally produced with the minerals from the property) or any existing oil, gas or mineral production (if any) from the property, as granted to California Minerals, L.P., a Texas limited partnership, in Deed recorded December 30, 1998 as Document No. 0198184684 of Official Records.

APN: 239-150-11

**Exhibit A**

**ORDER NO. 1421002595-DB**

The land referred to in this Report is situated in the unincorporated area of the County of Kern, State of California, and is described as follows:

**TRACT I:  [Gravity]**

Lot 12 of Parcel Map No. 11595 in an unincorporated area of the County of Kern, State of California and as shown on Parcel Map filed on October 28, 2011 in Book 58, Pages 144 to 147 of Parcel Maps, Kern County Records.

Except from all that portion of Lot 4 (as shown on governmental plat) lying in the Southwest corner of Northeast quarter of the Northeast quarter and those parts of Lot 5 lying within the Southeast quarter of the Northeast quarter of said section 33, an undivided 1/16th interest of all coal, oil, gas and other minerals within or underlying said land, as reserved by the State of California in the Patent recorded July 2, 1928 in Book 252 Page 222 of Official Records.

Also except from all that portion of Lot 4 (as shown on Governmental Plat) lying in the Southwest corner of Northeast Quarter of the Northeast Quarter and those parts of Lot 5 lying within the Southeast Quarter of the Northeast Quarter of said Section 33, an undivided 7/16ths of all oil, gas and other minerals within or underlying, or which may be produced, saved and sold from said land, as reserved in the Deed from Bloomfield Land Association, a corporation, dated May 11, 1939, recorded May 29, 1939 in Book 871, Page 162 of Official Records.

Also except from the remainder, 1/2 of all coal, oil, gas and other minerals within or underlying said land, as reserved by Bloomfield Land Association, in Deed recorded May 29, 1939 in Book 871, Page162 of Official Records.

Also except all minerals, oil, gas and other hydrocarbon substances in and upon the East half of the Southeast Quarter of said Section, as reserved in Deed from Mary G. Olin, a married woman, et al, to Rose Gray, a widow, dated May 29, 1939, recorded July 8, 1939 in Book 876, Page 178 of Official Records.

Also except one half of any remaining oil, gas and other minerals in and under said land as excepted by Johnston & Washer, Inc., also known as Johnston & Washer, a corporation, in Deed recorded November 23, 1977 in Book 5071, Page 594, Official Records..

Also all remaining minerals, oil, gas and other hydrocarbon substances, if any, lying in, upon and under said land were reserved by S & J Alfalfa, Inc., a California Corporation.

APN: 185-342-42

**TRACT II:** [Steinhauer]

PARCEL 1:

The West half (1/2) of the Southeast Quarter (1/4) of Section 33, Township 25 South, Range 25 East, M.D.B. & M., in the County of Kern, State of California.

APN: 521-160-06

PARCEL 2:

The East half (1/2) of the Southeast Quarter (1/4) of Section 33, Township 25 South, Range 25 East, M.D.B. & M., in the County of Kern, State of California.

APN: 521-160-07

PARCEL 3:

The West half of the Northwest Quarter and the West half of the East half of the Northwest Quarter of Section 4, Township 26 South, Range 25 East, M.D.B. & M, in the County of Kern, State of California.

APN: 060-050-15

Laura Avila, Assessor-Recorder
Kern County Official Records

RC
3/14/2023
11:18 AM

Recorded Electronically by:
39N Contera Holdings

DOC#: 223029410


223029410

| Stat Types: 1 | Pages: 11 |
|---|---|
| FEES | 54.00 |
| TAXES | .00 |
| OTHER | 225.00 |
| PAID | 279.00 |

This instrument prepared by:
**Conterra Agricultural Capital, LLC**
**Post Closing**
**5465 Mills Civic Parkway, Suite 201**
**West Des Moines, IA 50266**

Recording Requested By/Return To:
**Conterra Agricultural Capital, LLC**
**Post Closing**
**5465 Mills Civic Parkway, Suite 201**
**West Des Moines, IA 50266**

# ASSIGNMENT OF DEED OF TRUST

**Loan # AG1115 &**
**Loan # AG1116**

For Value Received, the undersigned holder (herein "Assignor") of a Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing (herein "Deed of Trust") whose address is **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA 50266**, does hereby grant, sell, assign, transfer and convey, unto **American Equity Investment Life Insurance Company**, whose address is **6000 Westown Parkway, West Des Moines, IA 50266**, all beneficial interest under a certain Deed of Trust dated **February 3, 2023**, made and executed by **Lincoln Grantor Farms, LLC, a California limited liability company, C & A Farms, LLC, a California limited liability company, Maricopa Orchards, LLC, a California limited liability company, Willow Avenue Investments, LLC, a California limited liability company, and Grantor Real Estate Investments, LLC, a California limited liability company, to Old Republic Title Company**, Trustee, upon the following described property situated in **Kern County**, State of **California**:

**Please see the Exhibit "A" attached hereto and made a part hereof.**

Such Deed of Trust having been given to secure payment of two promissory notes in the principal amount of $11,300,000.00 and $11,300,000.00, respectively, which Deed of Trust is of record in the official records of **Kern County, State of California**, as Document Number: 223015311 together with the notes and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

Dated effective this 3rd day of February, 2023.

---

Multistate Deed of Trust Assignment

211631000322 [Doc Id 8448 M11182020]

EXHIBIT 1, PAGE 155

Conterra Agricultural Capital, LLC

_____   2/28/2023
Signature                                          Date
**Mark A. Smith, COO & General Counsel**

_____
Witness
Madyson Riebhoff

STATE OF IOWA
COUNTY OF Polk

Before me, the undersigned authority, on this day personally appeared Mark A. Smith, COO & General Counsel of Conterra Agricultural Capital, LLC, known or proved to me according to law to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she/they voluntarily executed the same for the purposes of consideration therein expressed, and in the capacity stated.

Given under my hand and seal this  28ᵗʰ day of February , 20 23 .

_____
Notary, State of Iowa

Printed Name: Taylor Petersen
My Commission Expires: 11/9/2024



TAYLOR PETERSEN
Commission Number 813700
My Commission Expires
11-9-2024

Multistate Deed of Trust Assignment

_____

2

# Exhibit A
**Solar/Mitigation**

The land referred to in this Report is situated in the County of Kern, City of , State of California, and is described as follows:

PARCEL 1:

THE NORTHWEST QUARTER OF SECTION 30, TOWNSHIP 32 SOUTH, RANGE 25 EAST, MOUNT DIABLO BASE AND MERIDIAN, IN AN UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPT ALL OIL AND GAS WITHIN OR UNDERLYING SAID LAND, AS PREVIOUSLY RESERVED OF RECORD.

APN: 220-170-01

PARCEL 2:      [PARCEL 3:]

THE NORTHEAST QUARTER OF SECTION 30, TOWNSHIP 32 SOUTH, RANGE 25 EAST, M.D.B.&M., IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM ALL RIGHT, TITLE AND INTEREST IN AND TO THE MINERAL RIGHTS IN THE PROPERTIES DESCRIBED HEREIN (EXPRESSLY EXCLUDING, HOWEVER, THE RIGHT TO USE THE SURFACE FOR OPEN PIT MINING, QUARRYING AND STRIP MINING), AND ALL RIGHTS, TITLE AND INTEREST IN ANY OTHER CONTRACT AGREEMENTS OR RIGHTS, TANGIBLE OR INTANGIBLE THAT ARE OWNED BY THE GRANTOR, IN WHOLE OR IN PART, AND THAT ARE RELATED TO THE OWNERSHIP AND USE OF THE MINERAL RIGHTS CONVEYED HEREBY, FROM THE LANDS.

SPECIFICALLY EXCEPTING THEREFROM ALL SURFACE RIGHTS (EXCEPT FOR THE RIGHTS OF SURFACE ACCESS FOR THE PURPOSE OF GRANTEE AND ITS ASSIGNS EXPLORING FOR, DEVELOPING, PRODUCING, TRANSPORTING AND SELLING MINERALS FROM THE PROPERTY AND WHICH ARE RECOGNIZED BY CALIFORNIA LAW, RULES, ORDER AND REGULATION), PERSONAL PROPERTY OR FIXTURES ASSOCIATED WITH, AFFIXED TO OR LOCATED UPON THE SURFACE, WELL BORES (IF ANY), WATER OR WATER RIGHTS OR ENTITLEMENTS (EXCEPT SUCH WATER AS MAY BE ASSOCIATED AND INCIDENTALLY PRODUCED WITH

.

.

:

THE MINERALS FROM THE PROPERTY) OR ANY EXISTING OIL, GAS OR MINERAL PRODUCTION (IF ANY) FROM THE PROPERTY, AS GRANTED TO CALIFORNIA MINERALS, L.P., A TEXAS LIMITED PARTNERSHIP, IN DEED RECORDED DECEMBER 30, 1998 AS INSTRUMENT NO. 0198184684 OF OFFICIAL RECORDS.

APN: 220-170-02

PARCEL 3:     [PARCEL 4:]

THE WEST HALF OF SECTION 29, TOWNSHIP 32 SOUTH, RANGE 25 EAST, M.D.B.M., IN THE UNINCORPORATED ARE OF THE COUNTY OF KERN, STATE OF CALIFORNIA, ACCORDING OF THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM ALL RIGHT, TITLE AND INTEREST IN AND TO THE MINERAL RIGHTS IN THE PROPERTIES DESCRIBED HEREIN (EXPRESSLY EXCLUDING, HOWEVER, THE RIGHT TO USE THE SURFACE FOR OPEN PIT MINING, QUARRYING AND STRIP MINING), AND ALL RIGHTS, TITLE AND INTEREST IN ANY OTHER CONTRACT AGREEMENTS OR RIGHTS, TANGIBLE OR INTANGIBLE THAT ARE OWNED BY THE GRANTOR, IN WHOLE OR IN PART, AND THAT ARE RELATED TO THE OWNERSHIP AND USE OF THE MINERAL RIGHTS CONVEYED HEREBY, FROM THE LANDS.

SPECIFICALLY EXCEPTING THEREFROM ALL SURFACE RIGHTS (EXCEPT FOR THE RIGHTS OF SURFACE ACCESS FOR THE PURPOSE OF GRANTEE AND ITS ASSIGNS EXPLORING FOR, DEVELOPING, PRODUCING, TRANSPORTING AND SELLING MINERALS FROM THE PROPERTY AND WHICH ARE RECOGNIZED BY CALIFORNIA LAW, RULES, ORDER AND REGULATION), PERSONAL PROPERTY OR FIXTURES ASSOCIATED WITH, AFFIXED TO OR LOCATED UPON THE SURFACE, WELL BORES (IF ANY), WATER OR WATER RIGHTS OR ENTITLEMENTS (EXCEPT SUCH WATER AS MAY BE ASSOCIATED AND INCIDENTALLY PRODUCED WITH THE MINERALS FROM THE PROPERTY) OR ANY EXISTING OIL, GAS OR MINERAL PRODUCTION (IF ANY) FROM THE PROPERTY, AS GRANTED TO CALIFORNIA MINERALS, L.P., A TEXAS LIMITED PARTNERSHIP, IN DEED RECORDED DECEMBER 30, 1998 AS INSTRUMENT NO. 0198184684 OF OFFICIAL RECORDS.

ALSO EXCEPTING ALL OIL, GAS AND OTHER HYDROCARBONS; NON- HYDROCARBON GASSES OR GASEOUS SUBSTANCES; ALL OTHER MINERALS OF WHATSOEVER NATURE, WITHOUT REGARD TO SIMILARITY TO THE ABOVE-MENTIONED SUBSTANCES; AND ALL SUBSTANCES THAT MAY BE PRODUCED THEREWITH FROM SAID REAL PROPERTY.

ALSO EXCEPTING ALL GEOTHERMAL RESOURCES, EMBRACING: INDIGENOUS STEAM, HOT WATER AND HOT BRINES; STEAM AND OTHER GASES, HOT WATER AND HOT BRINES RESULTING FROM WATER, GAS OR OTHER FLUIDS ARTIFICIALLY INTRODUCED INTO SUBSURFACE FORMATIONS; HEAT OR THE ASSOCIATED ENERGY FOUND BENEATH THE SURFACE OF THE EARTH; AND BY-PRODUCTS OF ANY OF THE FOREGOING SUCH AS MINERALS (EXCLUSIVE OF OIL OR HYDROCARBON GAS THAT CAN BE SEPARATELY PRODUCED) WHICH ARE FOUND IN SOLUTION OR ASSOCIATION WITH OR DERIVED FROM ANY OF THE FOREGOING.

ALSO EXCEPTING, THE SOLE AND EXCLUSIVE RIGHT FROM TIME TO TIME TO DRILL AND MAINTAIN WELLS OR OTHER FACILITIES INTO OR THROUGH SAID REAL PROPERTY AND THE ADJOINING STREETS, ROADS AND HIGHWAYS FOR THE PURPOSE OF EXPLORING FOR AND PRODUCING ENERGY RESOURCES; THE EXCLUSIVE RIGHT TO PRODUCE, INJECT, STORE, AND REMOVE FROM AND THROUGH SUCH WELLS OR FACILITIES, OIL, GAS, WATER AND OTHER SUBSTANCES OF WHATEVER NATURE, INCLUDING THE RIGHT TO PERFORM ANY AND ALL OPERATIONS DEEMED BY GRANTOR NECESSARY OR CONVENIENT FOR THE EXERCISE OF SUCH RIGHTS, INCLUDING BUT NOT LIMITED TO THE RIGHT TO CONDUCT SEISMIC TESTING AND CONSTRUCT, MAINTAIN AND OPERATE PIPELINES, VALVES, CATHODIC PROTECTION FACILITIES, AND

.

.

APPURTENANCES; AND THE EXCLUSIVE RIGHT TO UTILIZE OR OCCUPY SUBSURFACE FORMATIONS TO STORE OR DISPOSE OF PRODUCED WATER OR OTHER FLUIDS WITHOUT REGARD TO THEIR PLACE OF ORIGIN, AS RESERVED BY CHEVRON U.S.A. INC., A PENNSYLVANIA CORPORATION, IN DEED RECORDED JUNE 6, 2004 AS DOCUMENT NO. 0204130494, OFFICIAL RECORDS.

APN: 220-170-07

PARCEL 4:       [PARCEL 6:]

Parcel B of Parcel Map No. 12196, according to the map thereof, filed for record on October 13, 2020, in Book 62 of Parcel Maps, at Pages 1 through 3, Kern County Records.

EXCEPTING THEREFROM ALL RIGHT, TITLE AND INTEREST IN AND TO THE MINERAL RIGHTS IN THE PROPERTIES DESCRIBED HEREIN (EXPRESSLY EXCLUDING, HOWEVER, THE RIGHT TO USE THE SURFACE FOR OPEN PIT MINING, QUARRYING AND STRIP MINING), AND ALL RIGHTS, TITLE AND INTEREST IN ANY OTHER CONTRACT AGREEMENTS OR RIGHTS, TANGIBLE OR INTANGIBLE THAT ARE OWNED BY THE GRANTOR, IN WHOLE OR IN PART, AND THAT ARE RELATED TO THE OWNERSHIP AND USE OF THE MINERAL RIGHTS CONVEYED HEREBY, FROM THE LANDS.

SPECIFICALLY EXCEPTING THEREFROM ALL SURFACE RIGHTS (EXCEPT FOR THE RIGHTS OF SURFACE ACCESS FOR THE PURPOSE OF GRANTEE AND ITS ASSIGNS EXPLORING FOR, DEVELOPING, PRODUCING, TRANSPORTING AND SELLING MINERALS FROM THE PROPERTY AND WHICH ARE RECOGNIZED BY CALIFORNIA LAW, RULES, ORDER AND REGULATION), PERSONAL PROPERTY OR FIXTURES ASSOCIATED WITH, AFFIXED TO OR LOCATED UPON THE SURFACE, WELL BORES (IF ANY), WATER OR WATER RIGHTS OR ENTITLEMENTS (EXCEPT SUCH WATER AS MAY BE ASSOCIATED AND INCIDENTALLY PRODUCED WITH THE MINERALS FROM THE PROPERTY) OR ANY EXISTING OIL, GAS OR MINERAL PRODUCTION (IF ANY) FROM THE PROPERTY, AS GRANTED TO CALIFORNIA MINERALS, L.P., A TEXAS LIMITED PARTNERSHIP, IN DEED RECORDED DECEMBER 30, 1998 AS INSTRUMENT NO. 0198184684 OF OFFICIAL RECORDS.

APN: 220-110-87

PARCEL 5:       [PARCEL 7:]

THE SOUTH HALF OF THE NORTHEAST QUARTER OF SECTION 22, TOWNSHIP 32 SOUTH, RANGE 25 EAST, MOUNT DIABLO BASE AND MERIDIAN, IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM ALL RIGHT, TITLE AND INTEREST IN AND TO THE MINERAL RIGHTS IN THE PROPERTIES DESCRIBED HEREIN (EXPRESSLY EXCLUDING, HOWEVER, THE RIGHT TO USE THE SURFACE FOR OPEN PIT MINING, QUARRYING AND STRIP MINING), AND ALL RIGHTS, TITLE AND INTEREST IN ANY OTHER CONTRACT AGREEMENTS OR RIGHTS, TANGIBLE OR INTANGIBLE THAT ARE OWNED BY THE GRANTOR, IN WHOLE OR IN PART, AND THAT ARE RELATED TO THE OWNERSHIP AND USE OF THE MINERAL RIGHTS CONVEYED HEREBY, FROM THE LANDS.

SPECIFICALLY EXCEPTING THEREFROM ALL SURFACE RIGHTS (EXCEPT FOR THE RIGHTS OF SURFACE ACCESS FOR THE PURPOSE OF GRANTEE AND ITS ASSIGNS EXPLORING FOR, DEVELOPING, PRODUCING, TRANSPORTING AND SELLING MINERALS FROM THE PROPERTY AND WHICH ARE RECOGNIZED BY CALIFORNIA LAW, RULES, ORDER AND REGULATION), PERSONAL PROPERTY OR FIXTURES ASSOCIATED

WITH, AFFIXED TO OR LOCATED UPON THE SURFACE, WELL BORES (IF ANY), WATER OR WATER RIGHTS OR ENTITLEMENTS (EXCEPT SUCH WATER AS MAY BE ASSOCIATED AND INCIDENTALLY PRODUCED WITH THE MINERALS FROM THE PROPERTY) OR ANY EXISTING OIL, GAS OR MINERAL PRODUCTION (IF ANY) FROM THE PROPERTY, AS GRANTED TO CALIFORNIA MINERALS, L.P., A TEXAS LIMITED PARTNERSHIP, IN DEED RECORDED DECEMBER 30, 1998 AS INSTRUMENT NO. 0198184684 OF OFFICIAL RECORDS.

APN: 220-110-10

PARCEL 6:       [PARCEL 8: ]

THE NORTH HALF OF THE NORTH HALF OF SECTION 26, TOWNSHIP 32 SOUTH, RANGE 25 EAST, MOUNT DIABLO BASE AND MERIDIAN, IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM THE INTEREST OF THE SUNSET RAILROAD AS SAID RAILROAD IS NOW LOCATED.

EXCEPTING THEREFROM ALL RIGHT, TITLE AND INTEREST IN AND TO THE MINERAL RIGHTS IN THE PROPERTIES DESCRIBED HEREIN (EXPRESSLY EXCLUDING, HOWEVER, THE RIGHT TO USE THE SURFACE FOR OPEN PIT MINING, QUARRYING AND STRIP MINING), AND ALL RIGHTS, TITLE AND INTEREST IN ANY OTHER CONTRACT AGREEMENTS OR RIGHTS, TANGIBLE OR INTANGIBLE THAT ARE OWNED BY THE GRANTOR, IN WHOLE OR IN PART, AND THAT ARE RELATED TO THE OWNERSHIP AND USE OF THE MINERAL RIGHTS CONVEYED HEREBY, FROM THE LANDS.

SPECIFICALLY EXCEPTING THEREFROM ALL SURFACE RIGHTS (EXCEPT FOR THE RIGHTS OF SURFACE ACCESS FOR THE PURPOSE OF GRANTEE AND ITS ASSIGNS EXPLORING FOR, DEVELOPING, PRODUCING, TRANSPORTING AND SELLING MINERALS FROM THE PROPERTY AND WHICH ARE RECOGNIZED BY CALIFORNIA LAW, RULES, ORDER AND REGULATION), PERSONAL PROPERTY OR FIXTURES ASSOCIATED WITH, AFFIXED TO OR LOCATED UPON THE SURFACE, WELL BORES (IF ANY), WATER OR WATER RIGHTS OR ENTITLEMENTS (EXCEPT SUCH WATER AS MAY BE ASSOCIATED AND INCIDENTALLY PRODUCED WITH THE MINERALS FROM THE PROPERTY) OR ANY EXISTING OIL, GAS OR MINERAL PRODUCTION (IF ANY) FROM THE PROPERTY, AS GRANTED TO CALIFORNIA MINERALS, L.P., A TEXAS LIMITED PARTNERSHIP, IN DEED RECORDED DECEMBER 30, 1998 AS INSTRUMENT NO. 0198184684 OF OFFICIAL RECORDS.

EXCEPTING THEREFROM ALL OIL, GAS AND OTHER HYDROCARBONS; NON-HYDROCARBON GASSES OR GASEOUS SUBSTANCES; ALL OTHER MINERALS OF WHATSOEVER NATURE, WITHOUT REGARD TO SIMILARITY TO THE ABOVE-MENTIONED SUBSTANCES; AND ALL SUBSTANCES THAT MAY BE PRODUCED THEREWITH FROM SAID REAL PROPERTY;

AND ALSO EXCEPTING THEREFROM ALL GEOTHERMAL RESOURCES, EMBRACING; INDIGENOUS STEAM, HOT WATER AND HOT BRINES; STEAM AND OTHER GASES, HOT WATER AND HOT BRINES RESULTING FROM WATER, GAS OR OTHER FLUIDS ARTIFICIALLY INTRODUCED INTO SUBSURFACE FORMATIONS; HEAT OR THE ASSOCIATED ENERGY FOUND BENEATH THE SURFACE OF THE EARTH; AND BY-PRODUCTS OF ANY OF THE FOREGOING SUCH AS MINERALS (EXCLUSIVE OF OIL OR HYDROCARBON GAS THAT CAN BE SEPARATELY PRODUCED) WHICH ARE FOUND IN SOLUTION OR ASSOCIATION WITH OR DERIVED FROM ANY OF THE FOREGOING.

TOGETHER WITH ALL RIGHTS ASSOCIATED WITH OR CONVENIENT FOR THE EXERCISE OF SUCH RIGHTS AS CONTAINED THEREIN, ALL AS RESERVED BY CHEVRON U.S.A., INC., IN DEED RECORDED DECEMBER 22, 2004 AS INSTRUMENT NO. 0204317445 OF OFFICIAL RECORDS.

APN: 220-130-02

PARCEL 7:     [PARCEL 10:]

THE SURFACE AND 500 FEET OF THE SUBSURFACE VERTICALLY IN DEPTH BELOW THE SURFACE OF THE
EAST HALF OF SECTION 29, TOWNSHIP 32 SOUTH, RANGE 25 EAST, MOUNT DIABLO BASE AND MERIDIAN,
IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA, ACCORDING TO THE
OFFICIAL PLAT THEREOF.

EXCEPT ALL OIL, GAS, ASPHALTUM, AND OTHER HYDROCARBONS AND OTHER MINERALS, WHETHER
SIMILAR TO THOSE HEREIN SPECIFIED OR NOT, WITHIN OR THAT MAY BE PRODUCED FROM SAID PARCEL,
500 FEET IN DEPTH, TOGETHER WITH THE EXCLUSIVE RIGHT TO ENTER UPON SAID PREMISES FOR THE
PURPOSE OF MINING FOR AND REMOVING THE SAME THEREFROM, AS EXCEPTED AND RESERVED IN THE
DEED FROM STANDARD OIL COMPANY OF CALIFORNIA, A DELAWARE CORPORATION, TO CALIFORNIA LAND
AND CATTLE COMPANY, A CORPORATION, RECORDED SEPTEMBER 18, 1963, IN BOOK 3644, PAGE 951 OF
OFFICIAL RECORDS.

APN: 220-170-08 and 220-170-09 and 220-170-10

PARCEL 8:     [PARCEL 11:]

THE NORTHWEST QUARTER OF SECTION 28, TOWNSHIP 32 SOUTH, RANGE 25 EAST, MOUNT DIABLO
MERIDIAN, IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA,
ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPT $^1/_2$ OF ALL MINERALS, INCLUDING OIL, PETROLEUM, GAS, ASPHALTUM, BREA, AND OTHER
HYDROCARBON SUBSTANCES WITHIN OR UNDERLYING SAID LAND, AS EXCEPTED IN A DECREE OF
DECLARATION OF TAKING DATED DECEMBER 31, 1942, A CERTIFIED COPY OF WHICH WAS RECORDED
JANUARY 13, 1943 IN BOOK 1090, PAGE 341 OF OFFICIAL RECORDS, AND AS EXCEPTED IN DEED FROM
UNITED STATES OF AMERICA, DATED JANUARY 24, 1949 RECORDED MARCH 17, 1949 IN BOOK 1602, PAGE
105 OF OFFICIAL RECORDS.

ALSO EXCEPT REMAINING $^1/_2$ OF ALL MINERALS, INCLUDING OIL, PETROLEUM, GAS, ASPHALTUM, BREA
AND OTHER HYDROCARBON SUBSTANCES WITHIN OR UNDERLYING SAID LAND, TOGETHER WITH RIGHT
OF ENTRY.

APN: 220-170-11

PARCEL 9:     [PARCEL 13:]

ALL OF THE SOUTHWEST QUARTER OF SECTION 28, TOWNSHIP 32 SOUTH, RANGE 25 EAST, MOUNT
DIABLO BASE AND MERIDIAN, IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF
CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPT ALL MINERALS OF WHATSOEVER NATURE (INCLUDING BUT NOT LIMITED TO OIL, GAS, OTHER
HYDROCARBONS AND ASSOCIATED SUBSTANCES) IN, UNDER OR WHICH MAY BE PRODUCED THEREFROM,

TOGETHER WITH ALL RIGHTS AND PRIVILEGES OF INGRESS, EGRESS, USE AND OCCUPANCY OF, UPON AND WITHIN THE SURFACE AND SUBSURFACE THEREOF AS THE OWNER OF THE AFORESAID MINERALS MAY FROM TIME TO TIME DEEM NECESSARY OR CONVENIENT IN CONNECTION WITH THE EXPLORATION, DEVELOPMENT AND OPERATION OF SAID LANDS FOR THE AFORESAID MINERALS AND THE STORING, HANDLING, TREATING AND TRANSPORTATION THEREOF, ALL WITHOUT LIABILITY WHATSOEVER TO GRANTEE AND ALL AS CONVEYED BY GRANTORS TO SONICO, INC., A DELAWARE CORPORATION, BY MINERAL DEED DATED FEBRUARY 28, 1967, AND RECORDED IN BOOK 4030, PAGE 208 OF OFFICIAL RECORDS OF KERN COUNTY.

APN: 220-170-31 and 32

PARCEL 10:        [PARCEL 14:]

ALL OF SECTION 19, TOWNSHIP 32 SOUTH, RANGE 26 EAST, M.D.B.M., IN THE UNINCORPORATED AREA OF THE COUNTY OF KERN, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM ALL RIGHT, TITLE AND INTEREST IN AND TO THE MINERAL RIGHTS IN THE PROPERTIES DESCRIBED HEREIN (EXPRESSLY EXCLUDING, HOWEVER, THE RIGHT TO USE THE SURFACE FOR OPEN PIT MINING, QUARRYING AND STRIP MINING), AND ALL RIGHTS, TITLE AND INTEREST IN ANY OTHER CONTRACT AGREEMENTS OR RIGHTS, TANGIBLE OR INTANGIBLE THAT ARE OWNED BY THE GRANTOR, IN WHOLE OR IN PART, AND THAT ARE RELATED TO THE OWNERSHIP AND USE OF THE MINERAL RIGHTS CONVEYED HEREBY, FROM THE LANDS.

SPECIFICALLY EXCEPTING ALL SURFACE RIGHTS (EXCEPT FOR THE RIGHTS OF SURFACE ACCESS FOR THE PURPOSE OF GRANTEE AND ITS ASSIGNS EXPLORING FOR, DEVELOPING, PRODUCING, TRANSPORTING AND SELLING MINERALS FROM THE PROPERTY AND WHICH ARE RECOGNIZED BY CALIFORNIA LAW, RULES, ORDER AND REGULATION), PERSONAL PROPERTY OR FIXTURES ASSOCIATED WITH, AFFIXED TO OR LOCATED UPON THE SURFACE, WELL BORES (IF ANY), WATER OR WATER RIGHTS OR ENTITLEMENTS (EXCEPT SUCH WATER AS MAY BE ASSOCIATED AND INCIDENTALLY PRODUCED WITH THE MINERALS FROM THE PROPERTY) OR ANY EXISTING OIL, GAS OR MINERAL PRODUCTION (IF ANY) FROM THE PROPERTY, AS RESERVED IN DEED RECORDED DECEMBER 30, 1998 AS INSTRUMENT NO. 0198184684 OF OFFICIAL RECORDS.

EXCEPTING ALL OIL, GAS AND OTHER HYDROCARBONS; NON-HYDROCARBON GASSES OR GASEOUS SUBSTANCES; ALL OTHER MINERALS OF WHATSOEVER NATURE, WITHOUT REGARD TO SIMILARITY TO THE ABOVE-MENTIONED SUBSTANCES; AND ALL SUBSTANCES THAT MAY BE PRODUCED THEREWITH FROM SAID REAL PROPERTY.

ALSO EXCEPTING ALL GEOTHERMAL RESOURCES, EMBRACING: INDIGENOUS STEAM, HOT WATER AND HOT BRINES; STEAM AND OTHER GASES, HOT WATER AND HOT BRINES RESULTING FROM WATER, GAS OR OTHER FLUIDS ARTIFICIALLY INTRODUCED INTO SUBSURFACE FORMATIONS; HEAT OR THE ASSOCIATED ENERGY FOUND BENEATH THE SURFACE OF THE EARTH; AND BY-PRODUCTS OF ANY OF THE FOREGOING SUCH AS MINERALS (EXCLUSIVE OF OIL OR HYDROCARBON GAS THAT CAN BE SEPARATELY PRODUCED) WHICH ARE FOUND IN SOLUTION OR ASSOCIATION WITH OR DERIVED FROM ANY OF THE FOREGOING.

ALSO EXCEPTING THE SOLE AND EXCLUSIVE RIGHT FROM TIME TO TIME TO DRILL AND MAINTAIN WELLS OR OTHER FACILITIES INTO OR THROUGH SAID REAL PROPERTY AND THE ADJOINING STREETS, ROADS AND HIGHWAYS FOR THE PURPOSE OF EXPLORING FOR AND PRODUCING ENERGY RESOURCES; THE EXCLUSIVE RIGHT TO PRODUCE, INJECT, STORE, AND REMOVE FROM AND THROUGH SUCH WELLS OR FACILITIES, OIL, GAS, WATER AND OTHER SUBSTANCES OF WHATEVER NATURE, INCLUDING THE RIGHT TO PERFORM ANY AND ALL OPERATIONS DEEMED BY GRANTOR NECESSARY OR CONVENIENT FOR THE EXERCISE OF SUCH RIGHTS, INCLUDING BUT NOT LIMITED TO THE RIGHT TO CONDUCT SEISMIC TESTING AND CONSTRUCT, MAINTAIN AND OPERATE PIPELINES, VALVES, CATHODIC PROTECTION FACILITIES, AND APPURTENANCES; AND THE EXCLUSIVE RIGHT TO UTILIZE OR OCCUPY SUBSURFACE FORMATIONS TO STORE OR DISPOSE OF PRODUCED WATER OR OTHER FLUIDS WITHOUT REGARD TO THEIR PLACE OF ORIGIN, AS RESERVED BY CHEVRON U.S.A. INC., A PENNSYLVANIA CORPORATION, IN DEED RECORDED DECEMBER 31, 2003 AS DOCUMENT NO. 0203281471, OFFICIAL RECORDS.

APN: 295-040-30 and 31

PARCEL 11: [PARCEL 24:]

All of Section 13, Township 11 North, Range 23 West, San Bernardino Base and Meridian, in the unincorporated area of the County of Kern, State of California, according to the Official Plat thereof.

Excepting therefrom all right, title and interest in and to the mineral rights in the properties described herein (expressly excluding, however, the right to use the surface for open pit mining, quarrying and strip mining), and all right , title and interest in any other contract agreements or rights, tangible or intangible that are owned by the grantor, in whole or part, and that are related to the ownership and use of the mineral rights conveyed hereby, from the lands.

Specifically excepting and reserving therefrom all surface rights (except for the rights of surface access for the purpose of grantee and its assigns exploring for, developing, producing, transporting and selling minerals from the property and which are recognized by California law, rules, order and regulation), personal property for fixtures associated with affixed to or located upon the surface, well bores (if any), water or water rights or entitlements (except such water as may be associated and incidentally produced with the minerals from the property) or any existing oil, gas or mineral production (if any) from the property, as granted to California Minerals, L.P., a Texas limited partnership, in Deed recorded December 30, 1998 as Document No. 0198184684 of Official Records.

APN: 239-150-11

•

.

**Exhibit A**

**ORDER NO. 1421002595-DB**

The land referred to in this Report is situated in the unincorporated area of the County of Kern, State of California, and is described as follows:

**TRACT I:  [Gravity]**

Lot 12 of Parcel Map No. 11595 in an unincorporated area of the County of Kern, State of California and as shown on Parcel Map filed on October 28, 2011 in Book 58, Pages 144 to 147 of Parcel Maps, Kern County Records.

Except from all that portion of Lot 4 (as shown on governmental plat) lying in the Southwest corner of Northeast quarter of the Northeast quarter and those parts of Lot 5 lying within the Southeast quarter of the Northeast quarter of said section 33, an undivided 1/16th interest of all coal, oil, gas and other minerals within or underlying said land, as reserved by the State of California in the Patent recorded July 2, 1928 in Book 252 Page 222 of Official Records.

Also except from all that portion of Lot 4 (as shown on Governmental Plat) lying in the Southwest corner of Northeast Quarter of the Northeast Quarter and those parts of Lot 5 lying within the Southeast Quarter of the Northeast Quarter of said Section 33, an undivided 7/16ths of all oil, gas and other minerals within or underlying, or which may be produced, saved and sold from said land, as reserved in the Deed from Bloomfield Land Association, a corporation, dated May 11, 1939, recorded May 29, 1939 in Book 871, Page 162 of Official Records.

Also except from the remainder, 1/2 of all coal, oil, gas and other minerals within or underlying said land, as reserved by Bloomfield Land Association, in Deed recorded May 29, 1939 in Book 871, Page162 of Official Records.

Also except all minerals, oil, gas and other hydrocarbon substances in and upon the East half of the Southeast Quarter of said Section, as reserved in Deed from Mary G. Olin, a married woman, et al, to Rose Gray, a widow, dated May 29, 1939, recorded July 8, 1939 in Book 876, Page 178 of Official Records.

Also except one half of any remaining oil, gas and other minerals in and under said land as excepted by Johnston & Washer, Inc., also known as Johnston & Washer, a corporation, in Deed recorded November 23, 1977 in Book 5071, Page 594, Official Records..

Also all remaining minerals, oil, gas and other hydrocarbon substances, if any, lying in, upon and under said land were reserved by S & J Alfalfa, Inc., a California Corporation.

APN: 185-342-42

**TRACT II:** [Steinhauer]

PARCEL 1:

The West half (1/2) of the Southeast Quarter (1/4) of Section 33, Township 25 South, Range 25 East, M.D.B. & M., in the County of Kern, State of California.

APN: 521-160-06

PARCEL 2:

The East half (1/2) of the Southeast Quarter (1/4) of Section 33, Township 25 South, Range 25 East, M.D.B. & M., in the County of Kern, State of California.

APN: 521-160-07

PARCEL 3:

The West half of the Northwest Quarter and the West half of the East half of the Northwest Quarter of Section 4, Township 26 South, Range 25 East, M.D.B. & M, in the County of Kern, State of California.

APN: 060-050-15



DOC NBR: 2304389       03/23/2023 02:21:12 PM
OFFICIAL RECORDS OF Kings County
Kristine Lee, Clerk-Recorder,
RECORDING FEE: $106.00
COUNTY TAX: $0.00
CITY TAX: $0.00



DOC TYPE: 04
6 PGS
R065

CONTERRA AGRICULTURAL CAPITAL LLC

This instrument prepared by:
**Conterra Agricultural Capital, LLC**
**Post Closing**
**5465 Mills Civic Parkway, Suite 201**
**West Des Moines, IA 50266**

Recording Requested By/Return To:
**Conterra Agricultural Capital, LLC**
**Post Closing**
**5465 Mills Civic Parkway, Suite 201**
**West Des Moines, IA 50266**

# ASSIGNMENT OF DEED OF TRUST

**Loan # AG1115 &**
**Loan # AG1116**

For Value Received, the undersigned holder (herein "Assignor") of a Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing (herein "Deed of Trust") whose address is **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA 50266**, does hereby grant, sell, assign, transfer and convey, unto **American Equity Investment Life Insurance Company**, whose address is **6000 Westown Parkway, West Des Moines, IA 50266**, all beneficial interest under a certain Deed of Trust dated **February 3, 2023**, made and executed by **Copper Avenue Investments, LLC, a California limited liability company, Lincoln Grantor Farms, LLC, a California limited liability company, ACAP Farms, LLC, a California limited liability company, FFGT Farms, LLC, a California limited liability company, and Willow Avenue Investments, LLC, a California limited liability company to Old Republic Title Company**, Trustee, upon the following described property situated in **Kings County**, State of **California**:

**Please see the Exhibit "A" attached hereto and made a part hereof.**

Such Deed of Trust having been given to secure payment of two promissory notes in the principal amount of $11,300,000.00 and $11,300,000.00, respectively, which Deed of Trust is of record in the official records of **Kings County, State of California**, as Document Number: 2301976 together with the notes and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

Dated effective this 3rd day of February, 2023.

---

Multistate Deed of Trust Assignment

1

211631000322 [Doc Id 8448 M11182020]

**Conterra Agricultural Capital, LLC**

Signature _____   Date 2/28/2023

**Mark A. Smith, COO & General Counsel**

Witness _____
Madyson Riebhoff

STATE OF IOWA
COUNTY OF Polk

Before me, the undersigned authority, on this day personally appeared Mark A. Smith, COO & General Counsel of Conterra Agricultural Capital, LLC, known or proved to me according to law to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she/they voluntarily executed the same for the purposes of consideration therein expressed, and in the capacity stated.

Given under my hand and seal this 28TH day of February, 20 23.

_____
Notary, State of Iowa

Printed Name: Taylor Petersen
My Commission Expires: 11/9/2024

TAYLOR PETERSEN
Commission Number 813700
My Commission Expires.
11-9-2024

_____

**Multistate Deed of Trust Assignment**

2

**Exhibit A**

The land referred to is situated in the unincorporated area of the County of Kings, State of California, and is described as follows:

**The land referred to below is situated in an unincorporated area of the County of Kings, State of California:**

PARCEL 1:

The West 20.15 acres of that portion of Lot 10 lying South of Laguna Canal, and all of Lots 11, 12, 13 in Section 10, Township 18 South, Range 19 East, Mount Diablo Base and Meridian, in the County of Kings, State of California, as per map of the Laguna de Tache Grant thereof recorded in the Office of the County Recorder of Fresno County in Book 3 at Page 11 of Record of Surveys, together with that portion of 25th Avenue (abandoned) and 24 1/2 Avenue (abandoned) which would pass by a conveyance of said land under Sections 831 and 1112 of the Civil Code.

EXCEPTING THEREFROM such interest in a strip of land 50 feet wide lying between the Old Crescent Canal right of way and Lots 7 and 8 in said Section 10, as conveyed to Crescent Canal Company, a corporation, by Deed dated January 7, 1913 and recorded April 7, 1913 in Book 51 at Page 78 of Deeds, Kings County Records.

APN:  004-130-030

PARCEL 2:

Lots 1 and 2 lying North of the by-pass of Tulare Lake Basin Water Storage District, in Section 15, Township 18, Range 19 East, Mount Diablo Base and Meridian, as per map of Laguna De Tache Grant thereof recorded in the office of the County Recorder of Fresno County in Book 3 at Page 9 of Record of Surveys.

EXCEPTING THEREFROM any portion thereof lying within San Jose Subdivision as shown on that certain map recorded in Book 3 Page 4 of Licensed Surveyor Plats.

APN:  004-140-012 (Portion)

PARCEL 3:

Those portions of Lots 2 and 3 lying West of canal, all of Lots 3A, 3B, 4, 5, 6, 6A, the well reserved in the Northeast corner of said Lot 6, all of Lots 12, 13 and 13A, in Section 15, Township 18 South, Range 19 East, Mount Diablo Base and Meridian, according to the Map of San Jose Subdivision, recorded March 11, 1930 in Book 3 Page 4, of Licensed Surveyor Plats, Kings County Records.

3

EXCEPTING THEREFROM all oil, gas and other hydrocarbon substances in or under said property as previously reserved of record.

APN: 004-140-012 (Portion)

PARCEL 3A:

One acre in the Northwest corner North and West of Kings River Bypass Canal, in Lot 7 in Section 15, Township 18 South, Range 19 East, Mount Diablo Base and Meridian, as shown on Map of Laguna de Teche Grant on file with the office of the Kings County Surveyor in Map Book Page 70.

APN: 004-140-005

PARCEL 4:

Lots 14, 15 and 16, and that portion of Lot 17 lying North of the bypass of Tulare Lake Basin Water Storage District, in Section 10, Township 18 South, Range 19 East, Mount Diablo Base and Meridian, as per map of the Laguna de Tache Grant thereof recorded in the Office of the County Recorder of Fresno County, in Book 3 at Page 11 of Record of Surveys.

EXCEPTING THEREFROM all oil, gas and other hydrocarbon substances in or under said property as previously reserved of record.

APN: 004-140-002

PARCEL 5:

The Westerly 361.5 feet of the Southerly 361.5 feet of Lot 14 in Section 22, Township 18 South, Range 19 East, Mount Diablo Base and Meridian, according to the Map of Laguna de Tache Grant recorded in the Office of the County Recorder of Fresno County, in Book 3 at Page 10, of Record of Surveys.

APN: 004-230-014

PARCEL 6:

Lots 5, 6, 6A, 11 and 12, in Section 22, Township 18 South, Range 19 East, Mount Diablo Base and Meridian, according to the Map of San Jose Subdivision, recorded March 11, 1930 in Book 3 at Page 4 of Licensed Surveyor Plats, Kings County Records.

EXCEPTING THEREFROM all oil, gas and other hydrocarbons minerals now or at any time hereafter situate therein and thereunder said land, as saved, excepted and reserved in Deed recorded May 22, 1945 in Book 329, Page 29, Official Records, as Document No. 3227.

APN: 004-230-026 (Portion)

PARCEL 7:

4

Lots 13 and 14 in Section 22, Township 18 South, Range 19 East, Mount Diablo Base and Meridian, according to the Map of Laguna de Tache Grant recorded in the Office of the County Recorder of Fresno County, in Book 3 at Page 10, of Record of Surveys, Fresno County Records, lying West of the strip of land described in the Deed from Summit Lake Investment Company, a corporation to Tulare Basin Water Storage District, recorded August 8, 1928 in Book 35 at Page 433, of Official Records, Kings County Records.

EXCEPTING THEREFROM the Westerly 361.5 feet of the Southerly 361.5 feet of Lot 14.

ALSO EXCEPTING THEREFROM such interest in a portion of said Lot 13, conveying to the County of Kings, by Deed dated June 13, 1960 and recorded August 18, 1960 in Book 763 Page 880, of Official Records, as Document No. 8922, described as follows:

Beginning at a point distant North 84° 30' 08" East 860.48 feet from the Southwest corner of said Section 22; thence North 3° 29' 59" West 10 feet; thence along a curve to the right, with a radius of 760.00 feet, through an angle of 94° 48' a distance of 1257.48 feet, with a chord that bears North 46° 05' 59" West, 1118.87 feet; thence South 1° 18' 01" West, 550.00 feet; thence South 88° 41' 59" East 125.10 feet; thence, a long curve to the left, with a radius of 840.00 feet, through an angle of 12° 59' 48" a distance of 190.54 feet, with a cord that bears South 46° 05' 59" East, 190.13 feet; thence South 3° 29' 59" East, 135.10 feet; thence North 86° 30' 01" East, 550.00 feet to a point of beginning.

APN:  004-230-026 (Portion)
      004-230-027

PARCEL 8:

That portion of Lot 15 in Section 22, Township 18 South, Range 19 East, Mount Diablo Base and Meridian, in the County of Kings, State of California, according to Map of Laguna de Tache Grant recorded in the Office of the County Recorder of Fresno County, in Book 3 at Page 10, of Record of Surveys, lying West of the strip of land described in the Deed from Summit Lake Investment Company, a corporation to Tulare Basin Water Storage District, recorded August 8, 1928 in Book 35 at Page 433, of Official Records, Kings County Records.

APN:  004-230-013

5

Tract I:

The land referred to in below is situated in the City of Lemoore of the County of Kings, State of California, and is described as follows:

The Northwest quarter of Section 35, Township 18 South, Range 20 East, Mount Diablo Base and Meridian, in the County of Kings, State of California, according to Government Township Plat approved October 28, 1869.

EXCEPTING THEREFROM that portion conveyed to the City of Lemoore, a municipal corporation, as described in Grant Deed recorded January 09, 1998 as Instrument No. 98-420 of Official Records.

APN:  021-030-057

**Tract IV:**

PARCEL 11:

All that portion of Section 18, Township 21 South, Range 18 East, according to the Official Plat thereof, lying Northwesterly of the Avenal Cutoff Road, said road being granted to the County of Kings by Deed recorded May 18, 1936 in Book 151 at Page 8 of Official Records, and Westerly of the California Aqueduct. Said property is situated in the City of Avenal, County of Kings, California.

Excepting therefrom any portion lying within Fresno County.

Also excepting therefrom Two-thirds of all mineral and oil rights and all minerals, oil and gas.

Being described as Parcel 1, pursuant to that certain Parcel Map Waiver for City of Avenal, Parcel Map Waiver No. 08-01, recorded April 06, 2009 as Instrument No. 0905510 of Official Records.

APN: 036-170-042-000

PARCEL 12:

All that portion of the Northwest one-quarter of Section 19, Township 21 South, Range 18 East, according to the Official Plat thereof, lying Northwesterly of the Avenal Cutoff Road, said road being granted to the County of Kings by Deed recorded August 18, 1936 in Book 154, Page 153 as Document No. 4437 of Official Records. Situated in the City of Avenal, County of Kings, California.

Excepting therefrom any portion lying within Fresno County.

Also excepting therefrom all of the minerals and mineral ores of every kind and character now known to exist or hereafter discovered upon, within or underlying the hereinafter described property, as granted to Bravo Oil Company, a corporation, by Indenture recorded December 29, 1965 in Book 883, at Page 116 as Instrument No. 16704 of Official Records.

Being described as Parcel 3, pursuant to that certain Parcel Map Waiver for City of Avenal, Parcel Map Waiver No. 08-01, recorded April 06, 2009 as Instrument No. 0905510 of Official Records.

APN: 036-170-037-000 and 036-170-039-000

6



DOC NBR: 2304389          03/23/2023 02:21:12 PM
OFFICIAL RECORDS OF Kings County
Kristine Lee, Clerk-Recorder,
RECORDING FEE: $106.00
COUNTY TAX: $0.00
CITY TAX: $0.00



DOC TYPE: 04
6 PGS
R065

CONTERRA AGRICULTURAL CAPITAL LLC

This instrument prepared by:
**Conterra Agricultural Capital, LLC**
**Post Closing**
**5465 Mills Civic Parkway, Suite 201**
**West Des Moines, IA 50266**

Recording Requested By/Return To:
**Conterra Agricultural Capital, LLC**
**Post Closing**
**5465 Mills Civic Parkway, Suite 201**
**West Des Moines, IA 50266**

# ASSIGNMENT OF DEED OF TRUST

Loan # AG1115 &
Loan # AG1116

For Value Received, the undersigned holder (herein "Assignor") of a Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing (herein "Deed of Trust") whose address is **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA 50266**, does hereby grant, sell, assign, transfer and convey, unto **American Equity Investment Life Insurance Company**, whose address is **6000 Westown Parkway, West Des Moines, IA 50266**, all beneficial interest under a certain Deed of Trust dated **February 3, 2023**, made and executed by **Copper Avenue Investments, LLC, a California limited liability company, Lincoln Grantor Farms, LLC, a California limited liability company, ACAP Farms, LLC, a California limited liability company, FFGT Farms, LLC, a California limited liability company, and Willow Avenue Investments, LLC, a California limited liability company to Old Republic Title Company**, Trustee, upon the following described property situated in **Kings County**, State of **California**:

**Please see the Exhibit "A" attached hereto and made a part hereof.**

Such Deed of Trust having been given to secure payment of two promissory notes in the principal amount of $11,300,000.00 and $11,300,000.00, respectively, which Deed of Trust is of record in the official records of **Kings County, State of California**, as Document Number: 2301976 together with the notes and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Deed of Trust.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

Dated effective this 3rd day of February, 2023.

---

Multistate Deed of Trust Assignment

1

211631000322 [Doc Id 8448 M11182020]

EXHIBIT 1, PAGE 172

**Conterra Agricultural Capital, LLC**

_____   2/28/2023
Signature                            Date
**Mark A. Smith, COO & General Counsel**

_____
Witness   Madyson Riebhoff

STATE OF IOWA
COUNTY OF Polk

Before me, the undersigned authority, on this day personally appeared Mark A. Smith, COO & General Counsel of Conterra Agricultural Capital, LLC, known or proved to me according to law to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she/they voluntarily executed the same for the purposes of consideration therein expressed, and in the capacity stated.

Given under my hand and seal this 28ᵀᴴ day of February , 20 23 .

_____
Notary, State of Iowa

Printed Name: Taylor Petersen
My Commission Expires: 11/9/2024

**TAYLOR PETERSEN**
Commission Number 813700
My Commission Expires
11-9-2024

**Multistate Deed of Trust Assignment**

2

211631000322 [Doc Id 8448 M11182020]

**Exhibit A**

The land referred to is situated in the unincorporated area of the County of Kings, State of California, and is described as follows:

**The land referred to below is situated in an unincorporated area of the County of Kings, State of California:**

PARCEL 1:

The West 20.15 acres of that portion of Lot 10 lying South of Laguna Canal, and all of Lots 11, 12, 13 in Section 10, Township 18 South, Range 19 East, Mount Diablo Base and Meridian, in the County of Kings, State of California, as per map of the Laguna de Tache Grant thereof recorded in the Office of the County Recorder of Fresno County in Book 3 at Page 11 of Record of Surveys, together with that portion of 25th Avenue (abandoned) and 24 1/2 Avenue (abandoned) which would pass by a conveyance of said land under Sections 831 and 1112 of the Civil Code.

EXCEPTING THEREFROM such interest in a strip of land 50 feet wide lying between the Old Crescent Canal right of way and Lots 7 and 8 in said Section 10, as conveyed to Crescent Canal Company, a corporation, by Deed dated January 7, 1913 and recorded April 7, 1913 in Book 51 at Page 78 of Deeds, Kings County Records.

APN: 004-130-030

PARCEL 2:

Lots 1 and 2 lying North of the by-pass of Tulare Lake Basin Water Storage District, in Section 15, Township 18, Range 19 East, Mount Diablo Base and Meridian, as per map of Laguna De Tache Grant thereof recorded in the office of the County Recorder of Fresno County in Book 3 at Page 9 of Record of Surveys.

EXCEPTING THEREFROM any portion thereof lying within San Jose Subdivision as shown on that certain map recorded in Book 3 Page 4 of Licensed Surveyor Plats.

APN: 004-140-012 (Portion)

PARCEL 3:

Those portions of Lots 2 and 3 lying West of canal, all of Lots 3A, 3B, 4, 5, 6, 6A, the well reserved in the Northeast corner of said Lot 6, all of Lots 12, 13 and 13A, in Section 15, Township 18 South, Range 19 East, Mount Diablo Base and Meridian, according to the Map of San Jose Subdivision, recorded March 11, 1930 in Book 3 Page 4, of Licensed Surveyor Plats, Kings County Records.

3

EXCEPTING THEREFROM all oil, gas and other hydrocarbon substances in or under said property as previously reserved of record.

APN:  004-140-012 (Portion)

PARCEL 3A:

One acre in the Northwest corner North and West of Kings River Bypass Canal, in Lot 7 in Section 15, Township 18 South, Range 19 East, Mount Diablo Base and Meridian, as shown on Map of Laguna de Teche Grant on file with the office of the Kings County Surveyor in Map Book Page 70.

APN: 004-140-005

PARCEL 4:

Lots 14, 15 and 16, and that portion of Lot 17 lying North of the bypass of Tulare Lake Basin Water Storage District, in Section 10, Township 18 South, Range 19 East, Mount Diablo Base and Meridian, as per map of the Laguna de Tache Grant thereof recorded in the Office of the County Recorder of Fresno County, in Book 3 at Page 11 of Record of Surveys.

EXCEPTING THEREFROM all oil, gas and other hydrocarbon substances in or under said property as previously reserved of record.

APN: 004-140-002

PARCEL 5:

The Westerly 361.5 feet of the Southerly 361.5 feet of Lot 14 in Section 22, Township 18 South, Range 19 East, Mount Diablo Base and Meridian, according to the Map of Laguna de Tache Grant recorded in the Office of the County Recorder of Fresno County, in Book 3 at Page 10, of Record of Surveys.

APN: 004-230-014

PARCEL 6:

Lots 5, 6, 6A, 11 and 12, in Section 22, Township 18 South, Range 19 East, Mount Diablo Base and Meridian, according to the Map of San Jose Subdivision, recorded March 11, 1930 in Book 3 at Page 4 of Licensed Surveyor Plats, Kings County Records.

EXCEPTING THEREFROM all oil, gas and other hydrocarbons minerals now or at any time hereafter situate therein and thereunder said land, as saved, excepted and reserved in Deed recorded May 22, 1945 in Book 329, Page 29, Official Records, as Document No. 3227.

APN:  004-230-026 (Portion)

PARCEL 7:

4

Lots 13 and 14 in Section 22, Township 18 South, Range 19 East, Mount Diablo Base and Meridian, according to the Map of Laguna de Tache Grant recorded in the Office of the County Recorder of Fresno County, in Book 3 at Page 10, of Record of Surveys, Fresno County Records, lying West of the strip of land described in the Deed from Summit Lake Investment Company, a corporation to Tulare Basin Water Storage District, recorded August 8, 1928 in Book 35 at Page 433, of Official Records, Kings County Records.

EXCEPTING THEREFROM the Westerly 361.5 feet of the Southerly 361.5 feet of Lot 14.

ALSO EXCEPTING THEREFROM such interest in a portion of said Lot 13, conveying to the County of Kings, by Deed dated June 13, 1960 and recorded August 18, 1960 in Book 763 Page 880, of Official Records, as Document No. 8922, described as follows:

Beginning at a point distant North 84° 30' 08" East 860.48 feet from the Southwest corner of said Section 22; thence North 3° 29' 59" West 10 feet; thence along a curve to the right, with a radius of 760.00 feet, through an angle of 94° 48' a distance of 1257.48 feet, with a chord that bears North 46° 05' 59" West, 1118.87 feet; thence South 1° 18' 01" West, 550.00 feet; thence South 88° 41' 59" East 125.10 feet; thence, a long curve to the left, with a radius of 840.00 feet, through an angle of 12° 59' 48" a distance of 190.54 feet, with a cord that bears South 46° 05' 59" East, 190.13 feet; thence South 3° 29' 59" East, 135.10 feet; thence North 86° 30' 01" East, 550.00 feet to a point of beginning.

APN:  004-230-026 (Portion)
       004-230-027

PARCEL 8:

That portion of Lot 15 in Section 22, Township 18 South, Range 19 East, Mount Diablo Base and Meridian, in the County of Kings, State of California, according to Map of Laguna de Tache Grant recorded in the Office of the County Recorder of Fresno County, in Book 3 at Page 10, of Record of Surveys, lying West of the strip of land described in the Deed from Summit Lake Investment Company, a corporation to Tulare Basin Water Storage District, recorded August 8, 1928 in Book 35 at Page 433, of Official Records, Kings County Records.

APN:  004-230-013

5

**Tract I:**

The land referred to in below is situated in the City of Lemoore of the County of Kings, State of California, and is described as follows:

The Northwest quarter of Section 35, Township 18 South, Range 20 East, Mount Diablo Base and Meridian, in the County of Kings, State of California, according to Government Township Plat approved October 28, 1869.

EXCEPTING THEREFROM that portion conveyed to the City of Lemoore, a municipal corporation, as described in Grant Deed recorded January 09, 1998 as Instrument No. 98-420 of Official Records.

APN: 021-030-057

**Tract IV:**

PARCEL 11:

All that portion of Section 18, Township 21 South, Range 18 East, according to the Official Plat thereof, lying Northwesterly of the Avenal Cutoff Road, said road being granted to the County of Kings by Deed recorded May 18, 1936 in Book 151 at Page 8 of Official Records, and Westerly of the California Aqueduct. Said property is situated in the City of Avenal, County of Kings, California.

Excepting therefrom any portion lying within Fresno County.

Also excepting therefrom Two-thirds of all mineral and oil rights and all minerals, oil and gas.

Being described as Parcel 1, pursuant to that certain Parcel Map Waiver for City of Avenal, Parcel Map Waiver No. 08-01, recorded April 06, 2009 as Instrument No. 0905510 of Official Records.

APN: 036-170-042-000

PARCEL 12:

All that portion of the Northwest one-quarter of Section 19, Township 21 South, Range 18 East, according to the Official Plat thereof, lying Northwesterly of the Avenal Cutoff Road, said road being granted to the County of Kings by Deed recorded August 18, 1936 in Book 154, Page 153 as Document No. 4437 of Official Records. Situated in the City of Avenal, County of Kings, California.

Excepting therefrom any portion lying within Fresno County.

Also excepting therefrom all of the minerals and mineral ores of every kind and character now known to exist or hereafter discovered upon, within or underlying the hereinafter described property, as granted to Bravo Oil Company, a corporation, by Indenture recorded December 29, 1965 in Book 883, at Page 116 as Instrument No. 16704 of Official Records.

Being described as Parcel 3, pursuant to that certain Parcel Map Waiver for City of Avenal, Parcel Map Waiver No. 08-01, recorded April 06, 2009 as Instrument No. 0905510 of Official Records.

APN: 036-170-037-000 and 036-170-039-000

6

**EXHIBIT 2**

1  SEYFARTH SHAW LLP
   M. Ryan Pinkston (SBN 310971)
2  rpinkston@seyfarth.com
   Brandon K. Franklin (SBN 303373)
3  bfranklin@seyfarth.com
   560 Mission Street, 31st Floor
4  San Francisco, California 94105 Telephone:
   (415) 397-2823
5  Facsimile: (415) 397-8549

6  Attorneys for Plaintiffs
   The Prudential Insurance Company
7  Of America and PGIM Real Estate Finance,
   LLC

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 THE PRUDENTIAL INSURANCE COMPANY          Case No. 1:24-cv-01102-KES-SAB
   OF AMERICA and PGIM REAL ESTATE
12 FINANCE, LLC,                              **[AGREED] [PROPOSED] ORDER**
                                              **EXPANDING RECEIVERSHIP AND**
13                                            **FOR PRELIMINARY INJUNCTION**
                          Plaintiffs,
14    v.

15 ACDF, LLC; ASSEMI AND SONS, INC.;
   AVILA RANCH EA, LLC; BEAR FLAG
16 FARMS, LLC; C & A FARMS, LLC; CANTUA
   ORCHARDS, LLC; DA REAL ESTATE
17 HOLDINGS, LLC; FAVIER RANCH, LLC;
   FG2 HOLDINGS LLC; GRADON FARMS,
18 LLC; GRANVILLE FARMS, LLC;
   GRANTLAND HOLDINGS NO. 1, LLC;
19 GRANTLAND HOLDINGS NO. 2, LLC;
   GRANTOR REAL ESTATE INVESTMENTS,
20 LLC; GVM INVESTMENTS, LLC; GV AG,
   LLC; LINCOLN GRANTOR FARMS, LLC;
21 MARICOPA ORCHARDS, LLC; PANOCHE
   PISTACHIOS, LLC; SAGEBERRY FARMS,
22 LLC; DEREK BELL; and RACHEL MARIE
   WHITE,I
23
24                         Debtor.
25

26        Upon due consideration of the Plaintiffs' Ex Parte Motion for Order Appointing Receiver and

27 for Preliminary Injunction (the "Receiver Motion"), Plaintiff's Motion in Support of Continuation of

28 Receivership (the "Continuance Motion"), the Complaint (defined below), the Declaration of William

                                              1
                              ORDER EXPANDING RECEIVERSHIP

Sciacqua (the "Plaintiff Declaration"), the Declaration of receiver Lance Miller (the "Receiver Declaration"), the Oppositions filed to the Motion, [the Court being advised that the relief granted herein has been agreed to by both the Plaintiffs, the Farming Defendants (as defined below), and certain other parties in interest,] and the oral argument of counsel and good cause appearing therefor, the Court hereby finds that:

A.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and the parties hereto are of diverse citizenship. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

B.     On September 16, 2024, Plaintiffs filed a Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents And Profits Clause; and Injunctive Relief (the "Complaint") against the above-captioned defendants (the "Defendants"). .") commencing the within lawsuit (the "Action").[1]

C.     The Complaint alleges that: (a) Plaintiffs made certain loans to various entities, including ACDF, LLC; Assemi and Sons, Inc.; Avila Ranch EA, LLC; Bear Flag Farms, LLC; C & A Farms, LLC; Cantua Orchards, LLC; DA Real Estate Holdings, LLC; Favier Ranch, LLC; Fg2 Holdings LLC; Gradon Farms, LLC; Granville Farms, LLC; Grantland Holdings No. 1, LLC; Grantland Holdings No. 2, LLC; Grantor Real Estate Investments, LLC; GVM Investments, LLC; GV Ag, LLC; Lincoln Grantor Farms, LLC; Maricopa Orchards, LLC; Panoche Pistachios, LLC; and Sageberry Farms, LLC (collectively, the "Borrowers") pursuant to the Loan Documents (as defined in the Complaint), (b) as security for the Borrowers' obligations under the Loan Documents, the Plaintiffs were granted, among other rights, a continuing and first priority security interest in all real and personal property granted by Borrowers to Lender as security for the Loans, defined or otherwise described as "Property" in the Instruments (collectively, the "Property"), and (c) Plaintiffs perfected their security interest in the Property by, among other things, filing UCC-1 Financing Statements and the

---

[1] The term "Defendants" shall mean all named defendants in this action, while the term "Borrowers" shall mean all Defendants with the exceptions of Derek Bell and Rachel Marie White. Derek Bell and Rachel Marie White are non-borrower trustors in connection with certain of the Property pledged to secure the PGIM REF Loan and executed a rider to the PGIM REF Loan Agreement (each as defined in the Complaint).

Instruments (as defined in the Complaint) with the relevant government offices. Plaintiffs further allege Defendants breached their obligations under the Loan Agreement by committing multiple Events of Default (as defined in the Loan Documents and described in more detail in the Complaint).

D.      On September 18, 2024, counsel for ACDF, LLC, Assemi and Sons, Inc., Bear Flag Farms, LLC, C & A Farms, LLC, Cantua Orchards, LLC, Favier Ranch, LLC, Gradon Farms, LLC, Granville Farms, LLC, Lincoln Grantor Farms, LLC, Maricopa Orchards, LLC, Panoche Pistachios, LLC and Sageberry Farms, LLC (the "Farming Defendants" and together with the Plaintiff, the "Parties") entered their appearance.

E.      On September 18, 2024, Plaintiffs filed the Receiver Motion, seeking to appoint Lance Miller of Pivot Management Group, LLC as receiver in the above-captioned action.

F.      On September 21, 2024, the Farming Defendants filed their Opposition to the Receiver Motion.

G.      On September 25, 2024, the Court entered an Agreed Order Appointing Receiver with Limited Authority ("Receivership Order") [ECF No. 51 at 8, ¶ 23], pursuant to which the Court appointed the Receiver for the purpose of inspecting, monitoring, observing and auditing the Farming Defendants' use of Property, the proceeds of the Crop Financing, cash and cash collateral, and proceeds of all of the foregoing, through the completion of the 2024 harvest season.

H.      The Receivership Order also set a hearing on whether the receivership should be continued for October 22, 2024, a deadline for the filing of pleadings as to whether the receivership should be continued for October 11, 2024, and a deadline for the filing of opposition pleadings for October 18, 2024.

I.      On October 11, 2024, Plaintiffs filed the Continuance Motion. Pursuant to the Continuance Motion, Plaintiffs set forth that the receivership should be continued and should be expanded.

J.      In accordance with the Loan Documents, Plaintiffs seek to expand the receivership, with the Receiver having authority to, among other things: (a) preserve the Property and protect it from dissipation and diminution in value; (b) conduct the business and affairs of the Farming Defendants related to the Property; and (c) assess whether a sale of the Farming Defendants or their

EXHIBIT 2, PAGE 181

1  assets would maximize value, and, following that assessment, implement an organized sale process of
2  the Property.

3      K.    Good cause has been shown for the appointment of a receiver over the Property and
4  the related businesses of the Farming Defendants, including that: (a) Plaintiffs have valid claims for
5  the non payment of the significant debt owed to them and the multiple Events of Default under the
6  Loan  Documents; (b) there is an imminent danger the Property will be concealed, lost or diminish in
7  value; (c) the principal legal remedy available to Plaintiffs – foreclosure – is inadequate; (d) no less
8  drastic remedy exists; and (e) the appointment of a receiver will do more good than harm.

9      L.    The appointment of a receiver is not intended to be, nor shall it be, an election of
10  remedies by Plaintiffs, and Plaintiffs expressly reserve their rights and remedies against Defendants,
11  the Property, and any and all persons or entities that have any obligations to Plaintiffs under applicable
12  law and the Loan Documents with respect to the debt owed to Plaintiffs under the Loan Documents.

13      M.    The appointment of a receiver over the Property and the related businesses of the
14  Farming Defendants for the purposes set forth herein is necessary for the protection and preservation
15  of the Property. Based on the facts and circumstances of this case, federal law, and the Loan
16  Documents, the appointment of a receiver is warranted.

17      N.    Further, as stated in the Plaintiff Declaration, the Borrowers have indicated that they
18  face significant cash flow issues and will not have sufficient cash to maintain, preserve, and care for
19  the Property, including but not limited to trees and crops. Such actions would obviously cause
20  tremendous damage to the Property, including causing the trees (which make up a significant value of
21  the Property) to be damaged or die. Additionally, as set forth in the Plaintiff Declaration, the Farming
22  Defendants have transferred certain crops which constitute the Property to an entity called Touchstone
23  Pistachio Company, LLC ("Touchstone"), for which the Farming Defendants are not being paid and
24  has not been paid for at least the last several months. The Borrowers and Touchstone have common
25  ownership and management. The Plaintiffs fear that without an ordered injunction, Touchstone (and
26  perhaps others) will continue this course of conduct and work to frustrate the purpose, intent and
27  efforts of any appointed receiver. Thus, an injunction is also warranted in connection with the
28  appointment of a receiver here.

ORDER EXPANDING RECEIVERSHIP

EXHIBIT 2, PAGE 182

O.      Plaintiff has established that: (i) as a result of the amounts due and owing under the Loan Documents, the defaults thereunder, and the difficulty in curing any such defaults, Plaintiff is likely to succeed on the merits of its claim; (ii) Plaintiff is likely to suffer irreparable harm in the absence of an injunction; (iii) the balance of the equities is in Plaintiff's favor; and (iv) when coupled with the appointment of a receiver, an injunction benefits the public interest because the receiver needs to be able fulfill his duties and obligations without potentially disruptive interference.

P.      [Following counsel meeting and conferring, Plaintiffs and the Farming Defendants have agreed to the entry of this Agreed Order and the relief provided for herein.]

It is therefore:

**ORDERED** that Lance Miller of Pivot Management Group, LLC (the "Receiver"), who the Court finds is qualified and independent and who the Court appointed as Receiver pursuant to the Receivership Order, shall be vested with complete jurisdiction and sole control over all of the: (a) Property; (b) Farming Defendants' respective business operations in connection with Property; and (c) Farming Defendants' claims, demands, or causes of action of any kind, character or description, regardless of the legal principle or theory upon which the same may be based, whether known or unknown, liquidated or unliquidated, contingent or absolute, accrued or unaccrued, matured or unmatured, insured or uninsured, joint or several, determined or undetermined, determinable or otherwise, wherever located, solely related to or arising out of the Property (clauses (a), (b), and (c) above, collectively, the "Receivership Property").

IT IS FURTHER ORDERED that the Receiver shall have sole and exclusive power and authority to manage and direct the business and financial affairs of each of the Farming Defendants in connection with or otherwise related to the Receivership Property including, without limitation, the powers set forth below, and holding authority to petition on behalf of each of the Farming Defendants for protection under the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Code") and, if so filed, be and be deemed authorized to operate each of the Farming Defendants as a debtor-in-possession in proceedings under Chapter 11 of the Code, and prosecute such adversary proceedings and other matters as may be permitted under the Code and/or applicable law.

IT IS FURTHER ORDERED that the Receiver shall be, and hereby is, entitled to all rights,

EXHIBIT 2, PAGE 183

1  privileges, and protections afforded to each of the Farming Defendants' directors, officers or other

2  fiduciaries including, but not limited to, insurance coverage under any currently existing insurance

3  policies;

4  IT IS FURTHER ORDERED that the Farming Defendants shall make their respective

5  directors, officers, management, and employees available to the Receiver, on reasonable advance

6  notice, to assist the Receiver in the performance of his duties.

7  IT IS FURTHER ORDERED that before entering upon his duties as the Receiver, the Receiver

8  shall take the oath and file a bond in the sum of $5,000.00$_____ to secure his faithful

9  performance of his duties as the Receiver;

10  IT IS FURTHER ORDERED that Plaintiffs shall post a bond in connection with the

11  Preliminary Injunction in the amount of $5,000.00; $_____;

12  IT IS FURTHER ORDERED that, in addition to the rights, powers, benefits, and authorities

13  granted in the preceding paragraphs, the Receiver is hereby vested with complete and sole authority

14  and jurisdiction over the Receivership Property to the maximum extent permitted by 28 U.S.C. §§ 754

15  and 959, Federal Rule of Civil Procedure 66, and this Court's inherent powers, and is hereby

16  empowered and permitted to take any and all actions necessary and proper carry out the express

17  provisions of this Order, including but not limited to following rights, powers, benefits, and

18  responsibilities:

19  1.  To take immediate possession of, custody of, and control over all the Receivership

20  Property;

21  2.  To enter into any property where the Receivership Property may be located in order to

22  take immediate possession of, custody of, and control over Receivership Property;

23  3.  To manage, control, operate and maintain the Receivership Property including, without

24  limitation, the continuation, renegotiation, resolution, or termination of any contract, employment

25  arrangement and all other aspects of any business operation in connection with or otherwise related to

26  the Receivership Property, including using the Farming Defendants' cash to pay the expenses

27  associated with managing, controlling, operating, and maintaining the Receivership Property (to the

28  extent that such cash constitutes Receivership Property) and to pay the fees and costs of administering

EXHIBIT 2, PAGE 184

1   the receivership estate (to the extent that such cash constitutes Receivership Property);

2        4.        To file a voluntary petition under Title 11 of the Code on behalf of each of the Farming

3   Defendants. If a bankruptcy petition is filed, Receiver shall be empowered to operate each debtor-

4   Farming Defendant as a debtor in possession, with all powers and duties provided to a debtor in

5   possession under the Code to the exclusion of any other person or entity;

6        5.        Without further order of the Court, to ~~use, abandon, or sell all~~ operate the Receivership

7   Property as the Receiver may deem ~~prudent, whether or not such use, abandonment, or sales are~~

8   ~~in~~prudent~~in~~ the ordinary course of the Farming Defendants' businesses.

9        (a)        All sales or transfers made by the Receiver of Receivership Property in the ordinary

10  course of the Farming Defendants' business shall be free of liens, claims, and encumbrances, with any

11  such liens, claims and encumbrances attaching to the proceeds therefrom;

12       (b)        Notwithstanding that the Receiver may ~~use, abandon, or sell~~ operate the Receivership

13  Property ~~without further order~~in the ordinary course of the ~~Court~~Farming Defendants' business, the

14  Receiver ~~may~~shall nevertheless seek, by motion, and obtain such Order(s) from the Court he deems

15  prudent or necessary to administer the Receivership Property, including the sale or abandonment of

16  any real property or the sale or abandonment of any personal property outside the ordinary course of

17  Farming Defendants' business; the Receiver shall provide no less than ~~five (5~~fourteen (14) days'

18  notice of such motion(s) to the Court and all parties in interest in this receivership, and the lack of any

19  written objection by such parties in interest within the ~~five~~fourteen-day period shall be deemed consent

20  to such use, abandonment, or sale, provided, however, that a secured creditor other than Plaintiff whose

21  collateral the Receiver seeks to sell cannot be deemed to consent to a transaction based solely on a

22  lack of written objection to such proposed action;

23       6.        To make a motion or application to the Court regarding instruction or clarification in

24  connection with the powers and scope of the receivership, Receivership Property, and this Order,

25  including but not limited to obtaining orders further instructing the Receiver or orders clarifying the

26  scope of the receivership or the Receivership Property. Any such motion or application shall be made

27  on no less than ~~three (3~~fourteen (14) days' notice to the Court and all parties in interest in this

28  Receivership, and the lack of any written objection by such parties in interest within the ~~two~~fourteen-

7

EXHIBIT 2, PAGE 185

day period shall be deemed consent to the request sought therein, provided, however, that a secured creditor other than Plaintiff shall not be deemed to consent to the Receiver asserting power, dominion, or control over its collateral owned by the Farming Defendants and against which Plaintiff did not hold a properly perfected, first-priority lien prior to the commencement of this Action;

7.  To gain access and control over all Receivership Property. In furtherance of the foregoing, the Receiver may engage a locksmith, security, or similar services or professionals for the purposes of gaining entry or access to any of the Receivership Property, including with respect to any locks or security systems;

8.  To demand, collect, sue for, and receive all receipts, rents, profits, monies, security deposits, advance deposits, funds, earnings, issues, income, and/or other revenues or payments arising from the Receivership Property, as a whole or as to any and all improvements thereon, provided, however, that the Receiver shall not have power to demand, collect, sue for, or receive receipts, rents, profits, monies, security deposits, advance deposits, funds, earnings, issues, income, and/or other revenues or payments arising from over which Plaintiff did not hold a properly perfected, first-priority lien prior to the commencement of this Action;

9.  To take any and all steps necessary to receive, collect, and review all mail, overnight or express or personal delivery, addressed to any of the Farming Defendants and any post office boxes held in the name of any of the Farming Defendants and, at the Receiver's discretion, the Receiver is authorized to instruct the U.S. Postmaster to re-route, hold, and/or release said mail to the Receiver. Mail reviewed by the Receiver in the performance of his duties will promptly be made available for inspection to Farming Defendants, upon request, after review by the Receiver;

10.  To take possession of and control over the Farming Defendants' respective cash management systems, to the extent that such systems are used in connection with or otherwise include Receivership Property, including all bank accounts of Farming Defendants [][]that are used as bank accounts for the business of operating the Receivership Property, and chattel paper that pertains to the Receivership Property, wherever located, and receive possession of any money on deposit in said bank accounts, and the receipt by the Receiver for said funds shall discharge said bank from further responsibility for accounting to said account holder for funds for which the Receiver shall give his

1  receipt; provided, however, that the Receiver shall not take possession of or exert control over the

2  Farming Defendants' respective cash management systems, including bank accounts and chattel paper,

3  with respect to which Plaintiff did not hold a properly perfected, first-priority lien prior to the

4  commencement of this Action;

5       11.    To establish bank accounts as required by L.R. 232(h) at any bank the Receiver

6  deems appropriate for the deposit of monies and funds collected and received in connection with his

7  administration of the receivership estate, including but not limited to any funds advanced by Plaintiffs,

8  provided that all funds on deposit are insured by an agency of the United States government. The

9  Farming Defendants shall provide the Receiver within 24 hours of the Receiver's request all

10  information, documentation, and signatures required by any bank or other financial institution to open

11  or maintain any accounts as provided under this Order;

12       12.    To take possession of all crops, farming land, and all other farm products that constitute

13  theare Receivership Property deemed appropriate by the Receiver, including, but not limited to, taking

14  possession of any such Receivership Property in the possession or control of any other party after

15  consulting with Plaintiffs, provided, however, that the Receiver shall not take possession of or exert

16  control over the crops, farming land, or other farm products unless Plaintiff held a properly perfected,

17  first-priority lien against such crops, farming land, or other farm products prior to the commencement

18  of this Action;

19       13.    To immediately borrow from Plaintiffs such funds as Receiver and Plaintiffs deem

20  necessary for the current operation of the receivership estate, to continue to borrow money from

21  Plaintiffs for the operation of the receivership estate as needed, from time-to-time, and to issue to

22  Plaintiffs from time-to-time Receiver's Certificates or such other documents or instruments to

23  evidence such borrowings, subject to Plaintiffs' sole right to decide whether or not to advance any or

24  all funds requested by the Receiver, and to issue further Receiver's Certificates as such funds may be

25  reasonably necessary for the Receiver to fulfill his duties and as agreed upon in writing by Plaintiffs,

26  with such Receiver's Certificates or such other documents or instruments to have liens against the

27  Receivership Property that are junior in priority to the existing liens of Plaintiffs and, with the

28  exceptions of fees and expenses owing to the Receiver, Receiver's Counsel, and the other

1   professionals employed by the Receiver, have seniority over all other claims against the receivership

2   estate on a priority repayment basis. Any liability for such borrowings shall solely be the responsibility

3   of the Borrowers, and not the Receiver. After any Receiver's Certificate, or such other documents or

4   instruments, is issued, a copy of such shall be included in the Receiver's monthly report. The original

5   instrument shall be delivered to Plaintiffs to be filed and/or recorded in Plaintiffs' discretion~;~.

6   Notwithstanding anything to contrary above, the Receiver's Certificates shall not create any lien on or

7   otherwise encumber any property that is not Receivership Property or any property against which

8   Plaintiff did not hold a properly perfected, first-priority lien prior to the commencement of this Action.

9         14.    To execute and prepare all documents and to perform all acts, including entering into

10   contracts and operating licenses, and signing checks or initiating and processing electronic funds

11   transfers either in the name of each of the Farming Defendants, as it is applicable, or in the Receiver's

12   own name, which the Receiver reasonably believes are necessary or incidental to preserving,

13   protecting, managing, controlling and/or liquidating the Receivership Property, including, but not

14   limited to any Receivership Property now in the possession or control of any third party; provided,

15   however, that the Receiver shall not perform any such acts relating to any Property unless Plaintiff

16   held a properly perfected, first-priority lien against the Property prior to the commencement of this

17   Action;

18         15.    To compromise debts of Borrowers in connection with or related to the Receivership

19   Property and to do all things and to incur the risks and obligations of similar businesses operating in

20   accordance with reasonable agricultural and/or viticultural standards and practices, and no risk or

21   obligation incurred by the Receiver shall be at the personal risk or obligation of the Receiver, but shall

22   be the risk or obligation of the receivership estate;

23         16.    To investigate, identify, pursue, and resolve, any and all claims or causes of action that

24   are Receivership Property;

25         17.    To take all reasonable actions to collect, including contacting account debtors and

26   bringing and prosecuting actions, all accounts receivable of the Farming Defendants ~relating to~that are

27   the Receivership Property, whether now existing or hereafter created, and to direct such account

28   debtors to cease sending further accounts receivable payments to the Farming Defendants or any other

1  third party and to instruct such account debtors and/or any other third party to send any and all

2  payments directly to the Receiver; provided, however, that the Receiver shall not perform any such

3  acts to collect unless Plaintiff held a properly perfected, first-priority lien against the Property prior to

4  the commencement of this Action;

5      18.    To take any and all actions or steps that, in the absence of this receivership, could be

6  exercised or authorized by the Borrowers' respective Board of Directors and/or Chief Executive

7  Officer, each as determined by the Receiver in the exercise of his reasonable business judgment to be

8  reasonably necessary for the preservation or maximization of Receivership Property;

9      19.    Subject to Paragraph 36, below, the monies coming into possession of the Receiver and

10 constituting or otherwise resulting from or out of the that are Receivership Property and not expended

11 for any of the purposes herein authorized, shall be held by Receiver for the payment of the obligations

12 of the Borrowers to Plaintiffs sued upon in the Complaint, subject to such orders as the Court may

13 hereinafter issue as to its disposition;

14     20.    Hire and terminate agents, employees, appraisers, guards, clerks, accountants,

15 liquidators, auctioneers, attorneys, management companies, and consultants without cause, to

16 administer the receivership estate, and to protect the Receivership Property as the Receiver deems

17 reasonably necessary provided, however, that the Receiver shall initially give preference to personnel

18 of Borrowers who performed services in connection with the harvesting, processing, storing, and/or

19 preserving of the Receivership Property for the purposes for which such persons are now employed or

20 under contract, subject to the Receiver's determination as to whether such persons are suitable for the

21 purposes for which they or any of them are or were employed; to purchase insurance, materials,

22 supplies and services and to pay therefore at the usual rate and prices out of funds that shall come into

23 his possession; to pay the reasonable value of said services out of the proceeds of the estate or funds

24 that come into his possession; and that no risk or obligation incurred by the Receiver shall be the

25 personal risk or obligation of the Receiver, but shall be the risk or obligation of the receivership estate;

26     21.    Employ 21.    Subject to L.R. 323(g), employ a law firm as Receiver's legal counsel

27 ("Receiver's Counsel") in this matter, as reasonably necessary to accomplish the purposes of this

28 Order, and pay the reasonable fees and expense of such Receiver's Counsel for services rendered in

1  preparation of and during the receivership. ~~Receiver's Counsel shall be entitled to reimbursement of~~

2  ~~all reasonable costs and expenses incurred on behalf of the Receivership estate and in preparing for~~

3  ~~the Receiver's appointment. The attorneys' fees and cost incurred by Receiver's Counsel may be~~

4  ~~included in the administrative costs and expenses to be paid to the Receiver in accordance with~~

5  ~~Paragraph 36 of this Order;~~

6  22. If there is insufficient insurance coverage on the Receivership Property, it is hereby

7  ordered that the Receiver shall have thirty (30) business days to procure said insurance on the

8  Receivership Property, provided the Receiver has funds available to do so. The Receiver is acting

9  solely in his capacity as Receiver and shall have no personal liability for claims against the Defendants,

10  individually or collectively, or for failure to obtain insurance. With respect to any insurance coverage,

11  the Receiver, and other parties with insurable interests, shall be named as additional insureds on the

12  policies for the period that the Receiver shall be in possession of the Receivership Property. With

13  respect to any property coverage in existence or obtained on Receivership Property, Plaintiffs shall be

14  named as the mortgagee and loss payee; provided, however, that Plaintiffs shall not be named as the

15  mortgagee and loss payee under an insurance policy relating to any Property unless it held a properly

16  perfect, first-priority lien against such Property prior to the commencement of the Action;

17  23. To institute ancillary proceedings in this Court, the State of California, or other states

18  and countries, prosecute and tender all suits or insurance claims, and pursue all remedies available by

19  law as is necessary to preserve and protect the receivership estate and ensure compliance with the

20  Receiver's authority, and the Receiver may engage the services of legal counsel in furtherance of such

21  actions. The Receiver may pay for such services from the funds of the receivership estate;

22  24. To exclude Defendants or anyone claiming under or through the Defendants who does

23  not have a lease or rental agreement entitling them to possession of the Receivership Property, or any

24  portion thereof;

25  25. To use, operate, sell, manage and control the Receivership Property, and to care for,

26  preserve and maintain the Receivership Property in the ordinary course of Farming Defendants'

27  business;

28  26. To bring and prosecute all proper action for collection of payments, rent, and lease

payments due, if any, on the Receivership Property, as well as necessary actions and proceedings for the removal of tenants or lessees in default for any rental or lease agreement, or any other persons, from the  Receivership Property, to bring and prosecute all proper actions for the protection of the Receivership Property or recovery thereof;

27.     Upon presentation of a conformed copy of this Order to any third party, banks, or depositories owing performance of any obligation or duty to Defendants with respect to the Receivership Property, such third parties shall render any performance or duties with respect to the Receivership Property directly to the Receiver, and such copy may be presented to any recalcitrant third parties to advise the same of the Receiver's appointment and obtain cooperation;

28.     To assume, extend, or modify any pre-receivership contracts or agreements, including unexpired leases, relating to for the Receivership Property and/or reject such contracts in the Receiver's sole judgment and discretion;

29.     Receiver, as an officer of the Court, shall be entitled to the assistance of law enforcement officials when taking possession, or at any other time during the term of the receivership, if in the opinion of Receiver, such assistance is necessary to preserve the peace and protect the Receivership Property and assets, without further order from the Court;

30.     Any securities or deposits that constitute Receivership Property and which tenants or other persons have paid to Borrowers or their agents and which are not paid to the Receiver, and over which the Receiver has no control, shall be obligations of Borrowers, and may not be refunded to the tenants by the Receiver;

31.     All income tax reporting and payments, whether for periods prior to or during the term of this receivership, shall remain the obligation of Defendants. Receiver shall not be required to report any income generated by the subject property (including interest earned), or to pay any income taxes due thereon, nor shall Receiver bear liability for the failure of Defendants to report said income to taxing authorities or pay the taxes associated with such income.

32.     The Receiver shall be entitled to utilize the tax identification numbers of any of the Borrowers in connection with any powers exercised pursuant to this Order or, at the Receiver's discretion obtain new tax identification numbers;

EXHIBIT 2, PAGE 191

33.     Any utility company providing services to real property subject to this Order, including gas, electricity, water, sewer, trash collection, telephone, cable, communications Wi-Fi, Internet, or similar services, shall be prohibited from discontinuing services to Receivership Property and prohibited from failing to comply with any request by the Receiver to, and are prohibited from refusing to, reinstitute service to the subject property based any non-payment by Defendants prior to the Receiver's appointment by the Court based upon unpaid bills incurred by Defendants. Further, such utilities shall transfer any deposits held by the utility company to the exclusive control of the Receiver and be prohibited from demanding that the Receiver deposit additional funds in advance to maintain or secure such services. New accounts under the name of the Receiver may be established within 30 days, or the Receiver may continue to operate under Defendants' accounts;

34.     Employ34.     Subject to L.R. 232(g), employ Pivot Management Group, LLC ("Pivot Group"), as Receiver's financial advisor in this matter, as reasonably necessary to accomplish the purposes of this Order. Compensation to Pivot Group shall be based on the hourly rates and expenses as set forth in the Receiver Declaration, subject to annual adjustment upon notice to the parties. Pivot Group shall be entitled to reimbursement of all reasonable costs and expenses incurred on behalf of the receivership estate. The fees and costs incurred by Pivot Group may be included in the administrative costs and expenses to be paid to the Receiver in accordance with Paragraph 36 of this Order;

35.     To analyze the books, records, and files of Borrowers and any related third party, including bank account and accounting records to determine the sources and uses of cash, accounts, and proceeds of the Receivership Property;

36.     All proceeds arising from the operation, collection, liquidation, sale, lease, or other disposition of Receivership Property shall be used to pay (a) fees and expenses owing to the Receiver, Receiver's Counsel, and other professionals, (b) amounts owed to non-insider third parties arising in the ordinary course of business of Receiver's operation and control over the Receivership Property, and (c) any indemnification owing to the Receiver in connection herewith (collectively, the "Administrative Claimants"), in each case prior to payment to Plaintiffs. The Plaintiffs have agreed and there hereby is a carveout from the Plaintiffs' interests in the Receivership Property sufficient to

EXHIBIT 2, PAGE 192

1 secure payment in full of all amounts owed or owing to the Administrative Claimants. The Receiver

2 is acting solely in his capacity as Receiver and in no event shall have any personal liability for any

3 debts or obligations incurred by or on behalf of Defendants.

4      37. ~~Due to the existence of priority disputes in connection with the receipts, rents, profits,~~

5 ~~monies, security deposits, advance deposits, funds, earnings, issues, income, and/or other revenues or~~

6 ~~payments arising from the Receivership Property, as well as~~37. The Receiver shall be entitled to

7 collect and disburse the receipts, rents, profits, monies, security deposits, advance deposits, funds,

8 earnings, issues, income, and/or other revenues or payments arising from the Non-Receivership

9 Property (as defined below) and Farming Defendants' respective business operations in connection

10 with the Non-Receivership Property (collectively, the "Proceeds"), ~~the Receiver shall be entitled to~~

11 ~~collect and disburse the Proceeds,~~ notwithstanding whether they constitute Receivership Property.

12 ~~Notwithstanding the foregoing sentence~~The Proceeds attributable to Non-Receivership Property shall

13 be disbursed forthwith to the respective Real Estate Lenders. However, any disbursement of the

14 Proceeds attributed to Receivership Property shall be subject to a protocol (the "Disbursement

15 Protocol"), which shall provide, among other things, that: (i) the Receiver shall determine which

16 Proceeds relate to the collateral of each of the Real Estate Lenders (as defined below) or Prudential,

17 (ii) that the Receiver shall disburse the Proceeds in accordance with such determination, (iii) the

18 Receiver shall submit a notice to the Court identifying the amounts of Proceeds to be disbursed and to

19 whom such Proceeds will be disbursed, and (iv) providing at least twenty-one (21) days for parties in

20 interest to object to the proposed disbursement. Prior to the proposed disbursement of any Proceeds,

21 the Receiver shall file a written, detailed form of the Disbursement Protocol with the Court, and

22 provide at least twenty-one (21) days for parties in interest to object to the Disbursement Protocol;

23 provided, however, that the Receiver may submit modifications or amendments to the Disbursement

24 Protocol with the Court, and shall provide at least twenty-one (21) days for parties in interest to object

25 to such modifications or amendments. As used in this paragraph, "Non-Receivership Property" shall

26 refer to the Farming Defendants' real property that is used primarily for agricultural purposes and the

27 crops grown thereon but that are not included within the definition of Receivership Property.

28      38. The Receiver shall be entitled, to the fullest extent of the law, to indemnification from

the Farming Defendants, and such Farming Defendants shall hold the Receiver harmless from any liability, loss, or damage the Receiver may suffer as a result of claims, demands, costs or judgments against him arising out of the activities to be carried out pursuant to the authority and obligations of his appointment pursuant to this Order or any supplemental Order; provided however, the Receiver shall not be entitled to indemnification for willful misconduct, gross negligence, or fraud as determined by a final order of the Court. The carveout and charging lien provided for Paragraph 36 above shall also apply to any indemnification obligations owed pursuant to this Paragraph.

39. The Receiver shall have the following reporting requirements:

(a) Prepare periodic interim statements reflecting the fees and expenses of the Receiver, his financial advisors, and retained counsel incurred for said period in the operation and administration of the receivership estate (each, an "Interim Statement"). Upon completion of an Interim Statement, and the mailing of said statement to the parties' respective attorneys of record or any other designated personal agent, the Receiver shall pay from the estate funds, if any, the amount set forth in such Interim Statement. Despite the preparation of Interim Statements, such fees and expenses shall be submitted to the Court for its approval and confirmation, in the form of either a noticed interim request for fees or a Receiver's final account and report. The Receiver is authorized to provide this Court or the Plaintiffs with any additional reports or information he deems appropriate;

(b) Pursuant to 28 U.S.C. § 754, the Receiver shall, to the extent practicable, within ten (10) days following entry of this Order, file copies of the Complaint and of this Order with the Clerk of the District Court for every federal judicial district in which the Receiver has reason to believe Receivership Property may be found (the "Receivership Filings"). Notwithstanding the ten-day time limitation set forth in 28 U.S.C. § 754, the Receiver may apply to the Court for an extension of time within which to complete the Receivership Filings. Subject to the Court's discretion, such applications shall be freely granted to enable the provisions of this Order to be carried out; and

(c) The Receiver shall, when practicable, but not later than sixty days from the entry of this Order, file in this action an inventory of all property of which he has taken possession pursuant to this Order and shall conduct periodic accountings thereafter.

40. The scope of the Receiver's duties to the Plaintiffs are solely as follows: (a) to preserve

EXHIBIT 2, PAGE 194

1   the Receivership Property and protect it from dissipation and diminution in value; (b) to conduct the

2   business and affairs of the ~~Borrowers~~Farming Defendants related to the Receivership Property; and

3   (c) to assess whether a sale of the Receivership Property would maximize value, and, following that

4   assessment and if appropriate in the Receiver's reasonable judgment, implement an organized sale

5   process of the Receivership Property, whether in whole or part. _The Receiver shall owe ~~no duty,~~

6   ~~fiduciary or otherwise,~~the same duties to any ~~other~~ lender ~~or party in interest.~~holding a lien against

7   Receivership Property that is junior to Plaintiffs' lien(s).

8        41.    Upon entry of this Order, Plaintiff shall take all reasonable efforts to serve this Order

9   promptly on all Defendants, including Defendants other than the Farming Defendants, the parties

10  intervening in this case ("Intervenors"), and all lenders of any Defendants whose loans are made

11  primarily for agricultural purposes and are secured primarily by real property (the "Real Estate

12  Lenders").

13        42.    Receiver shall reasonably cooperate and communicate with the Intervenors, the Real

14  Estate Lenders, and other parties in interest with respect to his monitoring pursuant to the terms of this

15  Order and shall provide any reports set forth in Paragraph 38 above to the Intervenors, the Real Estate

16  Lenders, and, upon request, other parties in interest.

17        43.    This Order is without prejudice to, and has no effect on, any parties', including but not

18  limited to the Parties, Intervenors, and the Real Estate Lenders, interests, priority, or positions in or

19  with respect to the ~~crops~~Property of Farming Defendants nor is this Order intended to modify any lien

20  rights. ~~Except with respect to the Disbursement Protocol, this~~This Order shall not be deemed to

21  prejudice any such parties' rights to seek enforcement remedies or take other such actions, including

22  but not limited to the seeking of the appointment of a receiver as to their respective interests.

23        44.    To the extent that there are any conflicts between this Order and the Receivership

24  Order, this Order shall control.

25        PRELIMINARY INJUNCTION IN AID OF THE RECEIVER

26        IT IS FURTHER ORDERED that, except by leave of the Court or otherwise set forth herein,

27  including paragraph 43, during the pendency of the receivership ordered herein, Defendants and all of

28  their customers, principals, investors, collectors, stockholders, members, managers, lessors, other

EXHIBIT 2, PAGE 195

creditors, judgment holders, and/or other persons seeking to establish or enforce any claim, debt, right, lien, and/or interest against Defendants in connection with the Receivership Property, or any of their subsidiaries or affiliates, and/or all others acting for or on behalf of such persons, attorneys, trustees, agents, sheriffs, constables, marshals, and/or any other officers and their deputies, and their respective attorneys, servants, agents, and/or employees, be and are hereby stayed from:

1.      Interfering, hindering or molesting in any way the Receiver in the performance of the Receiver's duties and other performance of any duties incidental thereto;

2.      Transferring, directly or indirectly, any interest by sale, gift, pledge, grant of security interest, assignment or encumbrance in any manner the Receivership Property or proceeds thereof;

3.      Diverting any water from any of the real property subject to this Order to or for the benefit of any non-Defendant entity, except to the extent that such diversion is made consistent with a valid water supply agreement or similar agreement between such party and Borrower and the Receiver has not terminated or rejected such agreement;

4.      Moving the physical location of Receivership Property from any location where Defendants are conducting business or storing the Receivership Property, or any proceeds and products thereof, from the business premises except at the direction of the Receiver;

5.      Transferring, concealing, destroying, defacing, or altering any of Defendants' books and records for the Receivership Property;

6.      Demanding, collecting, receiving, or in any other way diverting or using any of the receipts, rents, issues, profits, and or proceeds emanating from the Receivership Property; Causing any mail, express or overnight or personal delivery of Defendants in their capacity as the owner, manager or operator of the Receivership Property to be forwarded to any addresses other than the business address of each of the Borrowers, or otherwise interfering with or intercepting any mail, express or overnight or personal delivery intended for Defendants in their capacity as the owner, manager or operator of the Receivership Property;

8.      Failing to cooperate and failing to cause any related entity to cooperate with or reasonably assist Receiver, including immediately advising of the nature and extent of insurance coverage and contracts, or refusing to immediately turn over to the Receiver all contracts, monies,

1 checks, or proceeds belonging to or for the benefit of the Borrowers or relating to the Receivership
2 Property and/or failing to make available to the Receiver all books and records of Defendants relating
3 to the Receivership Property;

4        9.      Terminating, modifying, or otherwise amending any contract or agreement with a third
5 party that in any way relates to Receivership Property, including but not limited to Defendants'
6 vendors, without the Receiver's express written consent; and

7       10.    Plaintiffs and their officers, employees, and agents and the Receiver shall have
8 immediate access to all business premises of Defendants and their related entities that are related to
9 the Receivership Property and the books and records of the foregoing to enable Plaintiffs and the
10 Receiver to review and inspect the goods, farm products, inventory, and other Receivership Property
11 for the purposes of accounting and appraisal.

12      IT IS FURTHER ORDERED that except by leave of the Court or otherwise set forth herein,
13 including paragraph 43, during the pendency of the receivership ordered herein, Defendants and all of
14 their investors, shareholders, members, managers, collectors, lessors, customers, tenants, junior lien
15 holders of the Receivership Property, and other persons seeking to establish or enforce any claim, right
16 or interest against or on behalf of Defendants in connection with the Receivership Property, and all
17 others acting for or on behalf of such persons, including attorneys, trustees, agents, sheriffs, constables,
18 marshals and other officers and their deputies, and their respective attorneys, agents, servants, and
19 employees be and are hereby stayed from the following without further order of the Court:

20       1.      Commencing, prosecuting, continuing or enforcing any suit or proceeding against
21 Defendants, except as such actions may be filed to toll any applicable statutes of limitations, with
22 respect to the Receivership Property;

23       2.      Commencing, prosecuting, continuing or entering into any suit or proceeding in the
24 name or on behalf of Defendants with respect to the Receivership Property;

25       3.      Accelerating the due date of any obligation or claimed obligation in connection with,
26 enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, any
27 Receivership Property or attempting to foreclose, forfeit, alter, or terminate any of Defendants' interest
28 in any Receivership Property, including, without limitation, the establishment, granting or perfection

1 of any security interest, whether such acts are part of a judicial proceeding or otherwise with respect

2 to the Receivership Property;

3       4.     Using self-help or executing or issuing, or causing the execution or issuance of any

4 court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or

5 taking possession of or interfering with, or creating or enforcing a lien upon any Receivership

6 Property, wheresoever located; and

7       5.     Doing any act or thing whatsoever to interfere with the Receiver taking control,

8 possession or management of the Receivership Property or any other property subject to this

9 receivership, or to in any way interfere with the Receiver, or to harass or interfere with the duties of

10 the Receiver, or to interfere in any manner with the exclusive jurisdiction of the Court over the property

11 and assets of Defendants.

12      IT IS FURTHER ORDERED that this Order is without prejudice to Real Estate Lenders

13 seeking to enforce their rights and remedies against the Defendants or take other such actions against

14 the Defendants, including but not limited to the seeking of the appointment of a receiver as to their

15 respective interests and nothing in this order shall be deemed to preclude such actions.

16     **IT IS SO ORDERED.**

17

18 DATED:_____

                         _____

19                          Hon. Kirk E. Sherriff
                         United States District Judge

20

21

22

23

24

25

26

27

28

ORDER EXPANDING RECEIVERSHIP

EXHIBIT 2, PAGE 198