FEAR WADDELL, P.C.
Peter L. Fear, No. 207238
pfear@fearlaw.com
Gabriel J. Waddell, No. 256289
gwaddell@fearlaw.com
Peter A. Sauer, No. 255957
psauer@fearlaw.com
7650 North Palm Avenue, Suite 101
Fresno, California 93711
(559) 436-6575
(559) 436-6580 (fax)

Attorney for Interested Third Party
And Prospective Intervenor Kevin Assemi

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; AND PGIM REAL ESTATE FINANCE, LLC<br><br>Plaintiff(s).<br>v.<br><br>ACDF, LLC; ASSEMI AND SONS, INC.; AVILA RANCH EA, LLC; BEAR FLAG FARMS, LLC; C & a FARMS, LLC; CANTUA ORCHARDS, LLC; DA REAL ESTATE HOLDINGS, LLC; FAVIER RANCH, LLC; FG2 HOLDINGS, LLC; GRADON FARMS, LLC; GRANVILLE FARMS, LLC; GRANTLAND HOLDINGS NO. 1, LLC; GRANTLAND HOLDINGS NO. 2, LLC; GRANTOR REAL ESTATE INVESTMENTS, LLC; GVM INVESTMENTS, LLC; GV AG, LLC; LINCOLN GRANTOR FARMS, LLC; MARICOPA ORCHARDS, LLC; PANOCHE PISTACHIOS, LLC; SAGEBERY FARMS, LLC; DEREB BELL; AND RACHEL MARIE WHITE,<br><br>Defendants. | Case No. 1:24-cv-01102-KES-SAB<br><br>**DECLARATION OF KEVIN ASSEMI IN SUPPORT OF THE *EX PARTE* APPLICATION FOR LEAVE TO INTERVENE PURSUANT TO FED. R. CIV. PROC. 24 FOR THE LIMITED OBJECTION TO THE PROPOSED ORDER APPOINTING RECEIVER WITH LIMITED AUTHORITY BY INTERESTED THIRD PARTY AND POTENTIAL INTERVENOR KEVIN ASSEMI**<br><br>[DKT NO. 33]<br><br>Action filed: September 16, 2024 |

Declaration re: Limited Objection to Appointment of Receiver - 1

COMES NOW KEVIN ASSEMI WHO, pursuant to 28 U.S.C. § 1746, attests as follows:

1. I make this declaration on my own personal knowledge. All facts contained herein are based upon my personal knowledge unless otherwise noted, and in such case are stated upon information and belief.

2. Elevated Ag, LLC, is a limited liability company organized and existing pursuant to the laws of the state of California.

3. I, along with Defendant Maricopa Orchards, LLC, hold a majority of membership interests of Elevated Ag, LLC. While it is my position that I own a majority steak overall, that matter is being litigated separately.

4. The primary asset of Elevated Ag, LLC, is approximately 400 planted acres of real property and associated water rights which include other parcels of realty in Kern County, California. The planted acres bear Kern County APNs 220-211-24 and 220-050-71 are planted with citrus trees ("the EA Property").

5. Elevated Ag, LLC's farming assets, both real property and personal property and majority of business records are in the possession of Maricopa Orchards, LLC who has taken over the duties and responsibilities including the care and management of the EA Property, including its trees and crops and reporting to owners and other parties. This too is subject to other litigation not related to this case—while I do not agree with and dispute Maricopa Orchard LLC's conduct, I am simply stating the facts are they are now.

6. On March, 2022, I executed a deed of trust in favor of Plaintiff on behalf of Elevated Ag, LLC, for the EA Property. Elevated Ag, LLC was specifically designated as a non-debtor Trustor relative to certain transactions the defendant Maricopa Orchards, LLC, and other defendants hereto made and which benefit only and solely them. In conjunction with this loan, Plaintiff thereafter filed a UCC-1 financing statement asserting a security interest in hundreds of

parcels of real property owned by these co-defendants and others who, like Elevated Ag, LLC, are not named as defendants in this suit but who nevertheless have a substantial involvement in the dealings between the Plaintiff and Defendants.

7. In exchange for granting of this interest, Plaintiff was to provide Elevated Ag its own loan to be used to benefit the EA Property and crops grown thereon. In anticipation of that loan, Plaintiff, through loan lead Bill Sciacqua, Executive Director Agricultural Finance PGIM Real Estate, ordered an appraisal, requested and obtained significant documentation from Elevated Ag over months of work by its employees and managers and ultimately approved the siloed loan secured by the EA Property to Plaintiff in exchange for loan proceeds directed to Elevated Ag, LLC when Plaintiff cancelled the deal.

8. Upon information and belief, the reason the loan was cancelled was due to malfeasance of defendant Maricopa Orchards, LLC and related persons and entities.

9. Maricopa Orchards, LLC has wholly failed and refused, and continues to fail and refuse, to manage or care for the EA Property in any reasonable manner. The crops and trees on the EA Property are severely damaged as a result of neglect. Attached as Exhibit "A" is a true and correct copy of a document I created with photos I have taken showing the state of the crops and the crops next door. The photos have been redacted only insofar as it indicates a proprietary method of crop growing which is a trade secret in our industry, but otherwise the photos of the fruit and trees are true, correct, and accurate depictions of the state of the crops and orchards.

10. I have received an assessment, by longtime adviser to Elevated Ag, LLC and PhD in Citrus Horticulture, who estimates nearly 50% of the citrus crop on the EA Property to be destroyed, owing to the neglect of Maricopa Orchards, LLC. This is clear because crops on neighboring parcels not managed by Maricopa Orchards, LLC, are not suffering from the signs of neglect, including showing no sunburn citrus nor heat stressed trees (see photo comparison

1  in Exhibit A). By way of example only, Maricopa Orchards, LLC, has failed and refused to

2  provide any protection from the sun (applying no sunblock sprays) or adequate watering in one

3  of the hottest and most radiant summers in California, leading to severe sunburn of the crops and

4  heat stress to the trees, the aforementioned destruction of approximately 50% of the crop, and a

5  substantial risk of permanent damage to the trees.

6        11.     Additionally, Maricopa Orchards, LLC, has failed and refused, and continue to

7  fail and refuse, to provide information and reports to non-defendant entities and persons which

8  are necessary for those entities and persons to comply with federal, state, and local laws,

9  regulations, statutes, and ordinances. For example, despite my repeated and many requests to

10 Maricopa Orchards, LLC for access to information and reports necessary to comply with tax,

11 Bank Secrecy and anti-money laundering Treasury laws, election laws and other compliance and

12 reporting requirements, they have refused to provide any such information. In response to my

13 latest request directly to Maricopa Orchards, LLC and other defendants for information I

14 required to comply with Bank Secrecy Act, Treasury laws, and California Election law i.e. Form

15 700 filings, which information is in their possession and control, their litigation counsel Mr.

16 Michael Nadel responded stating that they were again refusing to provide the information: "Our

17 clients are not at risk of violating 'the Bank Secrecy Act, tax laws, and related laws.' I cannot

18 speak to whether Kevin is at risk of violating laws. It is not remotely clear to me what Kevin is

19 saying or asking for in his message, but at this juncture, we do not intend to provide any

20 additional information to Kevin." Specifically, as an example, a majority of properties and other

21 assets that will be managed by the receiver are located in Westlands Water District ("Westlands

22 Properties"), where I am an elected Director, and as such under the California Political Reform

23 Act, Ralph M. Brown Act (the "Brown Act"), and related election laws, elected officials such as

24 myself are required to both report ownership in such farm properties, financial agreements, and

sources of income to me directly or with companies or assets that are held in trust for my benefit on the Form 700 annually. All or nearly all Westlands Properties are owned in part by companies that my irrevocable trusts own and as such every year I have had to report this information prepared by Maricopa Orchards, LLC and its affiliates. Further, Maricopa Orchards, LLC and the other defendants are required to keep me informed of negotiations, transactions, and other proposed financial arrangements related to the Westlands Properties, as potential conflicts of interest, as they arise throughout the year, so that I can determine if I must recuse myself and abstain from voting, discussions at meetings, taking action related to, or making decisions related to such potential conflicts. If I do act in violation of these conflict-of-interest rules, it is my understanding that transactions by Maricopa Orchards, LLC and other defendants that will be taken by the Receiver or have been taken by those entities to date can be voided or can lead to the forfeiture of any compensation for such transactions. For 2023, Maricopa Orchards, LLC and other defendants provided me inaccurate information, and ultimately refused to provide the required information. They have continued to refuse to provide such legally required information making it impossible for me to run as an incumbent candidate in the current election for Westlands Water District Directorship and putting at risk all transactions taken or to be taken under the receivership to benefit the parties. It is my understanding that voluntary corrective action can be taken to request remedy for such violations but time is very short to do so. So, I ask that the Receiver provide this and other mandatory information to me for past and future contemplated transactions. See attached Exhibit "B" and "C" which are true and correct copies of emails I have received or sent involving this issue.

12.     I have therefore sought assurances from the Receiver both that the EA Property will be included in the receivership property, that the receiver will care and maintain the EA Property as part of their duties, and that I, as an interested but non-debtor individual, be provided

with certain information and records necessary to comply with applicable laws, regulations, statues, and ordinances. To date I have received no reply to my inquiries in this regard.

13. I have reviewed the Agreed [Proposed] Order Appointing Receiver with Limited Authority (Dkt. No. 33) along with the ensuring orders regarding the continuation of the receiver and have several, limited, concerns regarding the duties of the Receiver, and specifically that they do not address the concerns raised hereinabove. I believe any order defining the scope of the Receiver's duties must be amended as follows:

    a. In defining Receivership Property the Receiver is tasked with administering property of the named defendants, the defendants respective business operations in connection with that property, and certain other intangible rights. Plaintiff maintains a UCC-1 financing statement encumbering the EA Property, and Defendant Maricopa Orchards, LLC, is responsible for managing the EA Property. Accordingly, any order pertaining to the appointment or duties of the Receiver should be revised to include specific reference to the EA Property being "Receivership Property."

    b. Inasmuch as the Receiver is to manage the business operations of, *inter alia,* Maricopa Orchards, LLC, the Receiver should be specifically directed to include within their scope the care and management of the neglected EA Property.

    c. The Receiver must be directed to comply with all laws, regulations, statutes, and ordinances regarding the provisions of information and reports to non-defendant entities and persons, including myself, which information or reports are necessary for compliance with the laws, including tax and election laws, or I have a right to under California and/or Federal law, such as, for

example accounting obligations and operations relating to income and disposition of assets of a trust.

14. If the court grants my application to intervene, I intend to present a Limited Objection to the Proposed Order Appointing Receiver with Limited Authority by Interested Third Party and Potential Intervenor Kevin Assemi, a true and correct copy of which is appended hereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Dated this 25th day of October, 2024, at Los Angeles, California.

_____
Kevin Assemi, Interested Party and
Proposed Intervenor

# EXHIBIT A

# 50% of Crop Badly Sunburned vs Neighbor Citrus showing No Sunburn Damage (2024 Current Crop)



Elevated Ag Farm

Adjacent Neighbor Farm *with* Sunblock

Same Planting Date & Similar Specialized Farming Method

10/18/2024- Circles Highlight Fruit- Yellow * Brown is damage, White on neighbor farm is sunblock

Redacted to protect Trade Secret/IP Only, all fruit visible

2023 Crop Near Total Damage to Crop- Loss of Millions in Crop (2024 Current Crop)

10/18/2024, Redacted to protect Trade Secret/IP Only




# Heat/Sun Damage to Trees
## (2024 Current Crop)



10/18/2024, Redacted to protect Trade Secret/IP Only

Insect Damage & Rootstock Overgrowth larger than the Actual Fruit Baring Scion (2024 Current Year)

10/18/2024, Redacted to protect Trade Secret/IP Only





# EXHIBIT B

**From:** Kevin Assemi Kevin@ElevatedAg.com
**Subject:** Maricopa/Nadel Refusal to comply with- Tax, Bank Security Act, & Election Laws
**Date:** October 25, 2024 at 7:13 PM
**To:** Kevin Assemi Kevin@ElevatedAg.com

**From:** Nadel, Michael <mnadel@mwe.com>
**Sent:** Monday, October 14, 2024 4:13 PM
**To:** Matthew Kenefick <MKenefick@JMBM.com>
**Cc:** Strabo, Jason <Jstrabo@mwe.com>; Barton, Robert <rbarton@mwe.com>
**Subject:** FW: Tax & Bank Security Law compliance- information still needed for tomorrows filings

Matt,

This responds to Kevin's email below.

First, we again request that any communications from Kevin be through counsel. None of the recipients of Kevin's email want to hear from Kevin about any subject, by any means of communications, and none of them will respond to him.

Second, Kevin's email is nonsensical. Our clients are not at risk of violating "the Bank Secrecy Act, tax laws, and related laws." I cannot speak to whether Kevin is at risk of violating laws.

It is not remotely clear to me what Kevin is saying or asking for in his message, but at this juncture, we do not intend to provide any additional information to Kevin.

Thanks.

MICHAEL S. NADEL
McDermott Will & Emery LLP   Washington, D.C.
Office  202 756 8113    Mobile  703 231 8608


Begin forwarded message:

> **From:** Kevin Assemi <Kevin@elevatedag.com>
> **Date:** October 14, 2024 at 10:46:29 AM PDT
> **To:** Jason Hollrah <jhollrah@assemigroup.com>, Mike Robeson <mrobeson@assemigroup.com>, Farshid Assemi <FarshidA@cdfresno.com>, Neema Assemi <neema@assemigroup.com>, Darius Assemi <DAssemi@gvhomes.com>, Nader Assemi <nader@smere.com>
> **Cc:** Farid Assemi <farid@assemigroup.com>, Ashley Whelan <ashleywhelan7@gmail.com>
> **Subject: Tax & Bank Security Law compliance- information still needed for tomorrows filings**

# EXHIBIT C

**From:** Kevin Assemi Kevin@ElevatedAg.com
**Subject:** Following Up- Elevated Ag, Reporting, & related Items
**Date:** October 17, 2024 at 2:38 PM
**To:** lance.miller@pivotgrp.com

Hello Lance,

Thank you for the call this week and earlier. I wanted to follow up regarding the items discussed.

**Elevated Ag,** is Elevated Ag covered by current financing from prudential and your oversight to ensure proper farming? As I mentioned Maricopa Orchards, is an owner in Elevated Ag and is currenting claiming authority to oversee management of its farms which has third party farm manager performing. However, in my opinion it is being mismanaged and put at great risk. To date the estimate is that 50% of the very valuable Dekopon (Sumo type) citrus and other citrus crop has been lost to the poor farming practices. All my efforts to bring in alternative farm management, investors, or financing have been blocked. I would like to find an amicable resolution to this and also in the mean while ensure that the remaining crop and the trees themselves are not further damages- much like the claims asserted by all parties seeking financing and receivership without the proper irrigation and farming it will be subject to further irreparable harm which i do not believe it in anyone's interest. This property is not the only one where third parties are involved and there is no debt but is under the fiduciary oversight of Maricopa Orchards- and like me were given no notice of the receivership. I realize that you are having to get your head around a great deal of information, so please let me know if you would like to discuss further.

Reporting requirements- as I mentioned, I am an elected Director of Westlands Water District. Under the California Political Reform Act because I own a beneficial interest in a significant portion of the farming assets that are now under your oversight I am required to and Maricopa Orchards and affiliates are required to provide reporting of any financial interest or transaction pending in Westlands Water District. As you know this includes tens of thousands of acres of farmland, as this is the largest water district for our operations. Every year the Form 700 has been prepared by the legal team except for this last year (2023) and even the information required was refused to be provided. Further, on an on going basis there has been a refusal to provide the information related to any transaction or interest that my be subject to a decision or vote. Both of these put both the organization and myself at great risk and undermine the fair and transparent election and political process. Most recently I requested again this information, along with other information required under the Bank Secrecy Act (though that was related to Assemi Brothers, LLC which I believe is not under your purview so I am not referencing here) and I was again denied this information. I ask that this information be provide please. Thank you.

I know that I have brought a great deal of value to our assets in Westlands, and Westlands as a whole much which has been under utilized and I would hate to see that jeopardized.

My goal is the best outcome for all parties, my family , the banks, our employees and the community. To this end if you would like to grab a cup of coffee and discuss any tops where I can be of help I welcome that opportunity .

Thank you.

**Warmest Regards,
Kevin Assemi**

**Elevated AG**
**310-383-9205 I Kevin@elevatedag.com** I Linkedin