MCDERMOTT WILL & EMERY LLP
ROBERT BARTON (SBN 269455)
rbarton@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, California 90067
(310) 277-4110

MICHAEL S. NADEL (admitted *pro hac vice*)
mnadel@mwe.com
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

Attorneys for Defendants ACDF, LLC, Assemi and Sons, Inc., Bear Flag Farms, LLC, C & A Farms, LLC, Cantua Orchards, LLC, Favier Ranch, LLC, Gradon Farms, LLC, Lincoln Grantor Farms, LLC, Maricopa Orchards, LLC, Panoche Pistachios, LLC, and Sageberry Farms, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,<br><br>Plaintiff,<br><br>v.<br><br>ACDF, LLC, et al.,<br><br>Defendants. | No. 1:24-cv-01102-KES-SAB<br><br>**THE FARMING DEFENDANTS' OPPOSITION TO KEVIN ASSEMI'S *EX PARTE* APPLICATION FOR LEAVE TO INTERVENE**<br><br>Hearing:<br>Date:  October 29, 2024<br>Time:  1:30 p.m. PDT<br>Location:  Courtroom 6 and by Zoom |

Defendants ACDF, LLC, Assemi and Sons, Inc., Bear Flag Farms, LLC, C & A Farms, LLC, Cantua Orchards, LLC, Favier Ranch, LLC, Grandon Farms, LLC, Lincoln Grantor Farms, LLC, Maricopa Orchards, LLC, Panoche Pistachios, LLC, and Sageberry Farms, LLC (collectively, the "Farming Defendants") respectfully oppose Kevin Assemi's *ex parte* application for leave to intervene in this case.

Kevin Assemi's appearance would be disruptive and would distract from the serious work of the parties and the Court.  Kevin Assemi is not a shareholder of any party.  Kevin Assemi does not own any real property at issue here.  His brief is unsupported by evidence, largely incomprehensible, and frequently inaccurate—perhaps because the filing attorney was "retained yesterday."  ECF 83-2 ¶ 3.  There is no good faith basis for many of the statements he filed with this Court.

For example, Kevin Assemi apparently "believes he is the managing member" of Elevated Ag, LLC.  ECF No. 83-1 at 2.   He might just as well "believe" he is President of the United States.  Kevin Assemi is not the managing member of Elevated Ag.  He is, and has always been, a minority member.  *See Ex. A* (Elevated Ag Operating Agreement) at 2.  He was removed from any management role in 2022.  *See Ex. B* (Consent).

As another example, Kevin Assemi represents to this Court that "the precise amount of Kevin Assemi's membership interest and whether he is manager is the subject of a separate litigation matter."  *Id.* at 2 n.1.  But that is false.  Kevin Assemi brought claims related to those questions in Case No. 23-01741-EPG, but those claims—and *all* of his claims—were dismissed.  Case No. 23- 1741, ECF No. 48.  The only claims remaining before this Court that involve Kevin Assemi are claims *against him*—for civil theft, and for tortious interference with economic relations arising from Kevin Assemi's fraud and forgery.  *Id.* No. 13.  Kevin Assemi is *not* "pursuing state law claims outside of this litigation."  ECF No. 83-1 at 4.  State law claims are being pursued *against* him, and he is in default on those claims.  Case No. 23- 01741, ECF No. 32.  And when, in his declaration, Kevin Assemi states under penalty of perjury that Elevated Ag's farming assets are "subject to other litigation," ECF No. 83-3 ¶ 5, he is simply lying to the Court, as is his habit.

As another example, Kevin Assemi's story about Prudential cancelling a loan to Elevated "when certain conduct of some of the defendants hereto came to light" is pure

fiction—or delusion. (ECF No. 83-1). Kevin Assemi is using this action—and the litigation privilege it affords—to further defame his family. The Court should not permit it. Nor should the Court reward the flagrant dishonest in Kevin Assemi's initial submission by permitting him to make further submissions.

In violation of this Court's standing order, Kevin Assemi did not attempt to meet and confer regarding his requested relief. His *ex parte* application came from out of the blue. The statement in Mr. Sauer's declaration that the "co- defendants have previously indicated a refusal to cooperate with my client" is utterly false, and there is no basis for such a statement. Defendants ACDF, LLC, Assemi and Sons, Inc., Bear Flag Farms, LLC, C & A Farms, LLC, Cantua Orchards, LLC, Favier Ranch, LLC, Gradon Farms, LLC, Lincoln Grantor Farms, LLC, Panoche Pistachios, LLC, and Sageberry Farms, LLC have had no pertinent dealings with Kevin Assemi. Defendant Maricopa Orchards, LLC, which is pursuing claims against Kevin Assemi, has always timely responded to the communications of each of his previous five law firms, has consistently entered into joint stipulations with Kevin Assemi, and mediated with Kevin Assemi throughout the summer. There has been no "refusal to cooperate." And the existence of substantive disagreement is an insufficient reason not to *try* to meet and confer.

On the merits, Kevin Assemi cannot satisfy Federal Rule of Civil Procedure 24(a). Rule 24(a)(2) is subdivided into four elements: (1) The applicant's motion must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action. *California ex rel Lockyer v. United States*, 450 F.3d 436, 440–41 (9th Cir.2006) (citing Sierra Club v. EPA, 995 F.2d 1478 (9th Cir.1993)). The party seeking intervention

bears the burden of showing that all of these four elements are met.  *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir.2006).  Kevin Assemi fails to satisfy several elements.

First, Kevin Assemi's request is untimely.  He asserts it is timely because "the Court extended until October 25, 2024, the deadline to file pleadings opposing the continuation of the receivership."  ECF 83-1 at 7. But Kevin Assemi did not move to intervene until shortly before midnight on October 25, 2024, assuring that he would *miss* the deadline to file pleadings in response to Prudential's motion.  And he has not permitted time for his *ex parte* application to be heard in advance of the hearing scheduled for October 29, 2024.  Nor can he provide any justification for his delay.  This action has been pending since September 14, 2024, and Kevin Assemi has long been aware of it.[1]

Second, Kevin Assemi does not have a "significantly protectable" interest relating to the property that is the subject of Prudential's motion.  According to Kevin Assemi, Prudential's motion implicates property owned by non-party Elevated Ag, LLC, a company that is 50% owned by Maricopa, 45% owned by Kevin Assemi, and 5% owned by an unrelated third-party, Malakan Investments, LLC.  Kevin Assemi has no ownership of the property itself.  He is simply a minority investor in a non-party.

Third, Kevin Assemi is not so situated that disposition of the action might, as a practical matter, impair or impede his ability to protect his interest.  Kevin Assemi has made no showing that the receiver appointed by the Court will not adequately protect the property owned by Elevated Ag to the extent it is within the receiver's purview.  Kevin Assemi makes no showing why it would be necessary for the Court's receivership order to treat Elevated Ag's property differently from any other property under the receiver's authority.   He makes no showing why it would be necessary for the Court to order the

---

[1] In an October 2, 2024 brief in opposition to a motion for sanctions for his violation of the confidentiality of mediation in Case No. 23-01741-EPG, Kevin Assemi made gratuitous reference to this Court's appointment of a receiver.  No. 23-01741, ECF No. 80 at 1.

receiver to comply with laws and regulations. The receiver's obligation to comply with laws and regulations is a given. Kevin Assemi provides no basis to conclude that the Court's denial of Kevin Assemi's intervention would impede his interests at all.

Paragraph 11 of Kevin Assemi's declaration reflects his fantasies regarding Maricopa's obligation to provide him with information and reports. Kevin Assemi is not an owner of Maricopa, and Maricopa has no obligation to provide him with "information and reports necessary to comply with tax, Bank Secrecy and anti-money laundering Treasury laws, election laws and other compliance and reporting requirements." ECF 83-3 at 4. Maricopa cannot make heads or tails of this argle-bargle. Obligations associated with Kevin Assemi's soon-to-be-terminated service as a director of the Westland Water District are his own and have nothing to do with Maricopa. Regardless, the Court can comfortably assume that the receiver will comply with all legal and regulatory requirements. If the receiver is not responding to Kevin Assemi, he would be in good company. The incoherent rambling that is Paragraph 11 demonstrates the disruption that would be caused if Kevin Assemi were permitted to intervene and the parties were required to confer with him as they attempt to resolve the serious issues presented by this case.

At bottom, Kevin Assemi is emotionally unwell. He is estranged from his family. His *ex parte* application is just his latest means to act out against them. As Maricopa told the Court in Case 23-01741, Kevin Assemi is a thief, a fraudster, a forger, and a perjurer. This Court should not indulge him. The Farming Defendants respectfully urge this Court to deny Kevin Assemi's *ex parte* application.

Respectfully submitted,

MCDERMOTT WILL & EMERY LLP

By: /s/ *Michael S. Nadel*
Michael S. Nadel
Attorneys for the Farming Defendants

CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Notice of Electronic Filing.

By: /s/ *Michael S. Nadel*
Michael S. Nadel