UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRUDENTIAL INSURANCE COMPANY OF AMERICA; and PGIM REAL ESTATE FINANCE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ACDF, LLC; ASSEMI AND SONS, Inc.; AVILA RANCH EA, LLC; BEAR FLAG FARMS, LLC; C & A FARMS, LLC; CANTUA ORCHARDS, LLC; DA REAL ESTATE HOLDINGS, LLC; FAVIER RANCH, LLC; FG2 HOLDINGS, LLC; GRADON FARMS, LLC; GRANVILLE FARMS, LLC; GRANTLAND HOLDINGS No. 1, LLC; GRANTLAND HOLDINGS No. 2, LLC; GRANTOR REAL ESTATE INVESTMENTS, LLC; GVM INVESTMENTS, LLC; GV AG, LLC; LINCOLN GRANTOR FARMS, LLC; MARICOPA ORCHARDS, LLC; PANOCHE PISTACHIOS, LLC; SAGEBERRY FARMS, LLC; DEREK BELL; and RACHEL MARIE WHITE,<br><br>Defendants. | No. 1:24-cv-01102-KES-SAB<br><br>ORDER DENYING KEVIN ASSEMI'S MOTION TO INTERVENE<br><br>(Doc. 83) |

**I.     BACKGROUND**

On September 16, 2024, plaintiffs Prudential Insurance Company of America ("Prudential") and PGIM Real Estate Finance ("PGIM") filed a complaint against twenty-two

1

defendants: ACDF, LLC, Assemi and Sons, LLC, Bear Flag Farms, LLC, C & A Farms, LLC, Cantua Orchards, LLC, Favier Ranch, LLC, Grandon Farms, LLC, Granville Farms, LLC, Lincoln Grantor Farms, LLC, Maricopa Orchards, LLC, Panoche Pistachios, LLC, Sageberry Farms, LLC (collectively, the "Farming Defendants"), Avila Ranch, LLC, DA Real Estate Holdings, LLC, FG2 Holdings, LLC, Grantland Holdings No. 1, LLC, Grantland Holdings No. 2, LLC, Grantor Real Estate Investments, LLC, GVM Investments, LLC, GV AG, LLC, Derek Bell, and Rachel Marie White.  Doc. 1 ("Compl.").  Plaintiffs allege that each defendant breached one or more of five loans: the Westlands/Fresno Loan, the Kern/Tulare Loan, the Devine Loan, the Saviez Loan, and/or the PGIM REF Loan.  *Id.* ¶¶ 34, 37, 40, 43, 47, 48.  Plaintiffs also allege that the breach of each loan entitles plaintiffs to the appointment of a receiver.  *Id.* ¶¶ 62–63.

On September 18, 2024, plaintiffs filed a motion to appoint receiver and for preliminary injunction, Doc. 11 ("Receiver Mot.").  Several third parties – U.S. Bank National Association ("U.S. Bank"), MetLife Real Estate Lending, LLC, Brighthouse Life Insurance Company, and Metropolitan Life Insurance Company, all of whom are other lenders of the defendants – intervened for the limited purpose of opposing plaintiffs' motion.  Docs. 34, 47.  On September 25, 2024, the Court held a hearing on the matter.  Docs. 49, 50, 51.  The Court issued an order the same day appointing a temporary receiver with limited authority.  Doc. 51 ("Agreed Proposed Order").  The temporary receivership currently extends through October 31, 2024.  *Id.* ¶ M.

On October 11, 2024, plaintiffs filed a motion to continue the receivership, and in that motion, requested an expansion of the receiver's authority.  *See* Doc. 59 ("Mot. Continuation").  On October 25, 2024, the Farming Defendants filed a response, Doc. 76, as did other intervenors or proposed intervenors, Docs. 78, 80, 81.

Now before the Court is Kevin Assemi's motion to intervene as of right, Doc. 83, which is opposed by the Farming Defendants, Doc. 84.  For the reasons explained below, Kevin Assemi's motion is denied.

///

///

///

## II. ANALYSIS/DISCUSSION

Rule 24(a)(2) provides that

> the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). In *Wilderness Society v. U.S. Forest Service*, the Ninth Circuit articulated the following test for determining if an applicant has a right to intervene: "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." 630 F.3d 1173, 1177 (9th Cir. 2011) (citation omitted). "In evaluating whether Rule 24(a)(2)'s requirements are met, [courts should] follow 'practical and equitable considerations.'" *Id.* at 1179 (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)).

Kevin Assemi's motion, and the Farming Defendants' opposition, demonstrate that Kevin Assemi does not have a significantly protectable interest relating to the proposed receivership. *See* Docs. 83, 84. Kevin Assemi argues that he seeks to protect his interest in an approximately 400-acre parcel of land, but he concedes that that parcel is owned by Elevated Ag, LLC, a company which is not a party to this action. Doc. 83-3 ¶ 4. Kevin Assemi is only a minority stakeholder of Elevated Ag, LLC, Doc. 84-1 at 2, and he was removed from a managerial role in the company nearly two years ago, Doc. 84-2. Furthermore, he acknowledges that he is currently involved in other litigation in this court against that company. *Id.* ¶ 3. He argues that "it is my position that I own a majority [stake] overall." *Id.* ¶ 3. However, the docket shows that his claims have been dismissed. *See Assemi v. Assemi*, 1:23-cv-01741-EPG (E.D. Cal.), Doc. 48. It is therefore apparent that Mr. Assemi does not have a significantly protectable interest relating to the receivership, and his intervention at this stage would confuse the issues and distract from the object of these proceedings.

### III. CONCLUSION

Accordingly, Kevin Assemi is not entitled to intervene as of right in this action, and the motion for leave to intervene, Doc. 83, is **DENIED**.

IT IS SO ORDERED.

Dated: October 28, 2024

UNITED STATES DISTRICT JUDGE

4