SEYFARTH SHAW LLP
M. Ryan Pinkston (SBN 310971)
rpinkston@seyfarth.com
Brandon K. Franklin (SBN 303373)
bfranklin@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Jason J. DeJonker (*admitted pro hac vice*)
JDeJonker@seyfarth.com
Nicholas R. Marcus (*admitted pro hac vice*)
nmarcus@seyfarth.com
233 S Wacker Dr # 8000
Chicago, IL 60606

Attorneys for Plaintiff
The Prudential Insurance Company
Of America; and PGIM
Real Estate Finance, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; and PGIM REAL ESTATE FINANCE, LLC<br><br>Plaintiff,<br><br>v.<br><br>ACDF, LLC; ASSEMI AND SONS, INC.; AVILA RANCH EA, LLC; BEAR FLAG FARMS, LLC; C & A FARMS, LLC; CANTUA ORCHARDS, LLC; DA REAL ESTATE HOLDINGS, LLC; FAVIER RANCH, LLC; FG2 HOLDINGS LLC; GRADON FARMS, LLC; GRANVILLE FARMS, LLC; GRANTLAND HOLDINGS NO. 1, LLC; GRANTLAND HOLDINGS NO. 2, LLC; GRANTOR REAL ESTATE INVESTMENTS, LLC; GVM INVESTMENTS, LLC; GV AG, LLC; LINCOLN GRANTOR FARMS, LLC; MARICOPA ORCHARDS, LLC; PANOCHE PISTACHIOS, LLC; SAGEBERRY FARMS, LLC; DEREK BELL; and RACHEL MARIE WHITE,<br><br>Defendant. | Case No. 1:24-cv-01102-KES-SAB<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION IN SUPPORT OF CONTINUATION OF RECEIVERSHIP**<br><br>Date:   October 29, 2024<br>Time:  1:30 p.m. PT<br>Place:  Courtroom 6, 7th floor<br><br>Complaint Filed: September 16, 2024 |

# REPLY IN SUPPORT OF MOTION IN SUPPORT OF CONTINUATION OF RECEIVERSHIP

Plaintiff The Prudential Insurance Company Of America ("**Prudential**") and PGIM Real Estate Finance, LLC ("**PGIM REF**" and together with Prudential, collectively, "**Plaintiff**"), each in its own capacity as a lender and PGIM REF also in its capacity as special servicer for and on behalf of Par U Hartford Life & Annuity Comfort Trust (together with Plaintiff, "**Lender**"), by and through their counsel, hereby files this *Reply* (the "**Reply**") *in Support of Motion in Support of Continuation and Expansion of Receivership* [Dkt. No. 59] (the "**Continuance Motion**")[1] and states as follows:

## INTRODUCTION

Plaintiff recognizes that this Court did not set a deadline by which parties could file replies regarding whether the receivership should be continued. *See* Agreed Order Appointing Receiver with Limited Authority, ¶ 23 [Dkt. No. 51] (the "**Receiver Order**"). However, Plaintiff does not file this Reply for a proverbial second bite at the apple, but rather to raise and clarify various facts, including those arising after the filing of the Continuance Motion, ahead of this Court's October 29, 2024 hearing.

## ADDITIONAL FACTS

On September 23, 2024, Plaintiff filed its *Agreed [Proposed] Order Appointing Receiver with Limited Authority* [Dkt. No. 33] (the "**Proposed Agreed Receiver Order**"), which Order Farming Defendants[2] had consented to. The Proposed Receiver Order described, in detail, that Plaintiff and Farming Defendants had agreed upon, among other things, certain financing terms to fund the 2024 harvest, which were memorialized in a term sheet attached thereto. This

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Continuance Motion.

[2]   ACDF, LLC, Assemi and Sons, Inc., Bear Flag Farms, LLC, C & A Farms, LLC, Cantua Orchards, LLC, Favier Ranch, LLC, Gradon Farms, LLC, Granville Farms, LLC, Lincoln Grantor Farms, LLC, Maricopa Orchards, LLC, Panoche Pistachios, LLC and Sageberry Farms, LLC (collectively "**Farming Defendants**").

agreement represented part of a broader forbearance agreement that Plaintiff and Farming Defendants were finalizing.

On September 30, 2024, Plaintiff and *all* borrower-defendants[3] (including but not limited to Farming Defendants) (collectively, "**Borrowers**") entered into two integrated forbearance agreements: an Amended and Restated Loan Modification and Forbearance Agreement and a Loan Modification and Forbearance Agreement (collectively, the "**Forbearance Agreements**").[4] True and correct copies of the Forbearance Agreements are attached hereto as Exhibit A.

In Sections 7(i) of each of the Forbearance Agreements, Borrowers agreed to a limited receivership (as described in the Receiver Order) until November 1, 2024 and a complete, total receivership, including the power to manage and sell Plaintiff's collateral, beginning on November 1, 2024.

In other words, *after* this Court entered the Receiver Order and set a briefing schedule as to whether the receivership should be continued, all Borrowers, including Farming Defendants, agreed and consented to a full receivership over all of Plaintiff's collateral beginning on November 1, 2024.[5]

In addition, for nearly two weeks Plaintiff and U.S. Bank, National Association ("**U.S. Bank**"), Farming Defendants' longtime crop lender, have been working tirelessly on a cooperation agreement with respect to the funding of the 2024 harvest and a receivership structure that will help protect and preserve Farming Defendants' assets and the collateral of both Plaintiff and U.S. Bank. In fact, on the evening of Friday, October 25, 2025, Plaintiff and U.S. Bank agreed upon and executed such an agreement.

---

[3] This refers to all defendants in this action other than non-borrower trustors Derek Bell and Rachel Marie White.

[4] Plaintiff and Borrowers entered into two separate, substantially identical agreements due to the structure of the various loans between Plaintiff and Borrowers.

[5] Farming Defendants' agreement to a fulsome receivership is consistent with the Proposed Agreed Receiver Order, pursuant to which Farming Defendants consented to a complete receivership over the Receivership Property beginning on November 1, 2024. Proposed Agreed Receiver Order, ¶ 23.

1    Late last week and through this past weekend, Plaintiff and U.S. Bank have also been
2 negotiating a revised form of proposed agreed receiver order, on which they reached agreement
3 earlier today. A true and correct copy of this revised proposed agreed receiver order, and a
4 comparison against the form of order attached to the Continuance Motion, is attached hereto as
5 Exhibit B.

6    Plaintiff intends to engage in good faith negotiations with Borrowers and their various
7 other real estate lenders, including those that filed responses on October 25, 2024, to reach a
8 consensual receiver order that reasonably addresses all concerns and provide an opportunity for
9 such other lenders to join in with Plaintiff's receivership. In fact, Plaintiff has shared this order
10 with counsel for Farming Defendants and counsel for MetLife (as defined below), and hopes to
11 submit a further revised form of order before tomorrow's hearing.

12    Plaintiff believes that this revised form of order resolves many of the concerns raised by
13 the objections filed on October 25, 2024. For example, it carves out from the definition of
14 "Receivership Property" the 78 acre parcel that intervenors Metropolitan Life Insurance
15 Company, Brighthouse Life Insurance Company and MetLife Real Estate Lending LLC
16 (collectively, "**MetLife**") identified in their Joint Objection to the Continuance Motion [Dkt. No.
17 80]. While Plaintiff does not object, in principle, to MetLife seeking the appointment of its own
18 receiver, the two receivers will need to cooperate on certain issues affecting both receiverships,
19 such as the collection of payments from processors.

20    However, notwithstanding whether these objections can be resolved, Plaintiff has clearly
21 established that it has made a more than sufficient showing to establish that a receivership over
22 its priority collateral is necessary and appropriate, and Borrowers, including Farming
23 Defendants, have already agreed to this relief.

24    This necessity is now further supported by the fact that Farming Defendants have *no*
25 sources of funding. Plaintiff's funding, now joined by U.S. Bank, is only for the 2024 harvest.
26 No lenders, including Plaintiff, have indicated that they will provide any post-harvest financing
27 except solely with respect to the maintenance of their own collateral. Some of those lenders are
28 now taking action to enforce their rights in the receivables and proceeds therefrom that secure

their loans, leaving Farming Defendants with no source of funding going forward. An expanded receivership is a necessity.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that the Court grant the relief sought in the Continuance Motion and grant any other relief the Court deems just and proper.

DATED: October 28, 2024                SEYFARTH SHAW LLP

                                By   /s/ Nicholas R. Marcus
                                     Nicholas R. Marcus
                                     Attorneys for Plaintiff