# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and PGIM REAL ESTATE FINANCE, LLC<br><br>Plaintiffs,<br><br>v.<br><br>ACDF, LLC; ASSEMI AND SONS, INC.; AVILA RANCH EA, LLC; BEAR FLAG FARMS, LLC; C & A FARMS, LLC; CANTUA ORCHARDS, LLC; DA REAL ESTATE HOLDINGS, LLC; FAVIER RANCH, LLC; FG2 HOLDINGS LLC; GRADON FARMS, LLC; GRANVILLE FARMS, LLC; GRANTLAND HOLDINGS NO. 1, LLC; GRANTLAND HOLDINGS NO. 2, LLC; GRANTOR REAL ESTATE INVESTMENTS, LLC; GVM INVESTMENTS, LLC; GV AG, LLC; LINCOLN GRANTOR FARMS, LLC; MARICOPA ORCHARDS, LLC; PANOCHE PISTACHIOS, LLC; SAGEBERRY FARMS, LLC; DEREK BELL; and RACHEL MARIE WHITE.<br><br>Defendants. | Case No. 1:24-cv-01102-KES-SAB<br><br>ORDER AMENDING ORDER APPOINTING RECEIVER WITH LIMITED AUTHORITY |

Upon due consideration of the Plaintiffs' Ex Parte *Motion for Order Appointing Receiver and for Preliminary Injunction* (the "**Receiver Motion**"), Plaintiffs' *Motion in Support of Continuation of Receivership* (the "**Continuance Motion**"), the Complaint (defined below), the Declaration of William Sciacqua (the "**Plaintiff Declaration**"), the Declaration of receiver Lance Miller (the "**Receiver Declaration**"), the Oppositions filed to the Motion, the Court being advised that the relief granted herein has been agreed to by Plaintiffs, Farming Defendants (as defined below), intervenor U.S. Bank, National Association ("**U.S. Bank**"), and interested third party American Equity Investment Life Insurance Company ("**AEIL**"), and the oral argument of counsel and good cause appearing therefor, the Court hereby finds that:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and the parties hereto are of diverse citizenship. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

B. On September 16, 2024, Plaintiffs filed a Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents And Profits Clause; and Injunctive Relief (the "**Complaint**") against the above-captioned defendants (the "**Defendants**").[1]

C. On September 18, 2024, counsel for ACDF, LLC, Assemi and Sons, Inc., Bear Flag Farms, LLC, C & A Farms, LLC, Cantua Orchards, LLC, Favier Ranch, LLC, Gradon Farms, LLC, Granville Farms, LLC, Lincoln Grantor Farms, LLC, Maricopa Orchards, LLC, Panoche Pistachios, LLC and Sageberry Farms, LLC (the "**Farming Defendants**" and together with Plaintiffs, the "**Parties**") entered their appearance.

D. On September 18, 2024, Plaintiffs filed the Receiver Motion, seeking to appoint Lance Miller of Pivot Management Group, LLC as receiver in the above-captioned action.

E. On September 25, 2024, the Court entered an Agreed Order Appointing Receiver with Limited Authority ("**Receivership Order**") [ECF No. 51 at 8, ¶ 23], pursuant to which the Court

---

[1] The term "Defendants" shall mean all named defendants in this action, while the term "Borrowers" shall mean all Defendants with the exceptions of Derek Bell and Rachel Marie White. **Derek Bell and Rachel Marie White are non-borrower trustors in connection with certain of the Property pledged to secure the PGIM REF Loan and executed a rider to the PGIM REF Loan Agreement** (each as defined in the Complaint).

appointed the Receiver for the purpose of inspecting, monitoring, observing and auditing the Farming Defendants' use of Property, the proceeds of the Crop Financing (as defined therein), cash and cash collateral, and proceeds of all of the foregoing, through the completion of the 2024 harvest season. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Receivership Order.

F. Following counsel meeting and conferring, Plaintiffs, Farming Defendants, intervenor U.S. Bank, and interested third party AEIL have agreed to the entry of this Order (the "**Supplemental Order**") and the relief provided for herein.

G. Accordingly, pursuant to the agreement of the Plaintiffs, Farming Defendants, intervenor U.S. Bank, and interested third party AEIL, the provisions of this Supplemental Order amend the Receivership Order.

H. The Court has also considered the filing by Joint Intervenors MLIC/MREL/Brighthouse (as defined below) on October 30, 2024 (Doc. 106), objecting to the wording of paragraph 10 of the proposed order. The Court, based on good cause shown, grants the objection in part, as reflected below in the modified paragraph 10.

**IT IS ORDERED**:

1. For purposes of this Supplemental Order, the following terms shall have the following meanings:

   a. "**Crop Collateral**" shall mean crops and the products and proceeds thereof;

   b. "**Free and Clear Properties**" shall mean Borrowers' farm properties are not subject to any lender's mortgage or deed of trust;

   c. "**Other Accounts Receivable**" shall mean the accounts receivable from sales of crops grown on the Other Property;

   d. "**Other Property**" shall mean the property securing loans made by Other Real Estate Lenders evidenced by trust deeds or mortgages on such borrowers' farming property that is not "Property" subject to Plaintiffs' senior deeds of trust;

   e. "**Other Real Estate Lenders**" shall mean the various other lenders, including but not limited to Joint Intervenors Metropolitan Life Insurance Company ("**MLIC**"), Brighthouse Life Insurance Company ("**Brighthouse**"), and MetLife Real Estate Lending LLC ("**MREL**" and, together with MLIC and Brighthouse, "**Joint Intervenors MLIC/MREL/Brighthouse**") and AEIL, that have made term loans to certain of the Farming Defendants secured by Other Property;

   f. "**Prudential Accounts Receivable**" shall mean the accounts receivable from sales of crops grown on the real property portion of the Property subject to Plaintiffs' senior deeds of trust;

 2. The term "Receivership Property", as defined in the Receivership Order, shall exclude those certain 78 acres of real property, APN: 038-141-59S, on which both Plaintiffs and MLIC hold a security interest;

 3. Paragraph 5 of the Receivership Order shall be deleted and replaced with the following: "From the date of entry of this Order until November 8, 2024, or such other date as agreed to in writing among the Plaintiffs and Defendants and filed with the Court, the Receiver shall monitor the harvest and business operations of the Farming Defendants, collect Proceeds consistent with the terms of this Order, and make Crop Financing advances as determined by the Receiver in his reasonable discretion, and as provided for herein."

 4. Upon entry of this Supplemental Order, Plaintiff shall take all reasonable efforts to serve this Supplemental Order promptly on all Defendants, including Defendants other than the Farming Defendants, U.S. Bank, and the Other Real Estate Lenders; *provided, however*, that any such parties that have appeared in this case and are receiving notices via the Court's CM/ECF system shall be deemed to have been served a copy of this Supplemental Order upon its entry by the Court.

5. This Paragraph 5 and the following Paragraphs 6 through 10 govern the collection and disbursement of Proceeds (as defined below) arising from crops grown in 2023 and 2024 on the Receivership Property, as well as the 2023 and 2024 Crop Collateral arising from the Other Property during the limited term of this Order. To the extent of any inconsistency between the provisions of Paragraphs 5 through 10 and the balance of this Order or the Receivership Order, Paragraphs 5 through 10 shall prevail;

6. Due to the existence of priority disputes in connection with the Crop Collateral arising from crops grown in 2023 and 2024 on the Receivership Property, as well as the 2023 and 2024 Crop Collateral arising from the Other Property with the consent of Farming Defendants, U.S. Bank, and Joint Intervenors MLIC/MREL/Brighthouse, the Receiver is authorized and directed to collect the proceeds from all 2024 Crop Collateral (collectively, the "**Proceeds**"), notwithstanding whether the Proceeds constitute Receivership Property, and to disburse such Proceeds as permitted under and during the limited term of this Order;

7. The Farming Defendants are hereby ordered to promptly pay-over to the Receiver any and all such Proceeds paid to or otherwise received by them. In the event that the Farming Defendants collect any Proceeds, from whatever source, they shall pay such Proceeds to the Receiver, who shall thereafter hold and disburse them in accordance with this Supplemental Order. The Receiver shall be authorized, during the term of this Order, to send payment direction letters or similar letters (each, a "**Demand**") directing the Farming Defendants' account debtors, including processors, to cease sending Proceeds to the Farming Defendants or any other third party and to instruct such account debtors to send any and all Proceeds directly to Receiver. The Farming Defendants' account debtors are directed to comply with the Receiver's Demand and shall have no liability to the Farming Defendants or other third parties for the payment of Proceeds to Receiver in accordance with and during the term of this Supplemental Order;

8. The Receiver shall collect and hold the Proceeds of the Prudential Accounts Receivable in a segregated account, to be disbursed by the Receiver in accordance with the agreement between Prudential and U.S. Bank and this Supplemental Order. Prior to disbursement, the existing security interests of U.S. Bank and Plaintiffs shall attach to such Proceeds with the same validity, extent, and priority as they had on the Prudential Accounts Receivable;

9. The Receiver shall collect and hold the Proceeds from the Other Accounts Receivable in a segregated account, subject to such orders as the Court may hereinafter issue as to their disposition. Prior to disbursement, the existing security interests of U.S. Bank and the Other Real Estate Lenders shall attach to such Proceeds with the same validity, extent, and priority as they had on the Other Accounts Receivable. This Supplemental Order is otherwise without prejudice to, and has no effect on, U.S. Bank's and the Other Real Estate Lenders' interests, priority, or positions in or with respect to the Other Accounts Receivable, and the Proceeds thereof. Except as specifically set for the herein, this Supplemental Order shall not prejudice any such parties' rights to seek enforcement remedies or take other such actions, including but not limited to the seeking of the appointment of a receiver as to their respective interests in Other Property, excluding the Proceeds of the Prudential Accounts Receivable and other Receivership Property, and nothing in this Supplemental Order shall be deemed to preclude such actions;

10. The Receiver shall keep and maintain records allowing him to determine the amounts and sources of all Proceeds he collects or otherwise receives.  The Receiver shall request from the Farming Defendants any such records as needed, and, upon request, the Farming Defendants shall provide to the Receiver any such records in their possession, custody, or control.  The Receiver shall provide a written report within one month after November 8, 2024, with such backup as is reasonably requested, to each of Plaintiffs, U.S. Bank, and any of the Other Real Estate Lenders requesting such report, detailing, to the extent such information is within the Receiver's possession, custody, or control:

    a. the total Proceeds collected during the period covered by this Supplemental Order;

  b. the amount of Proceeds from the Prudential Accounts Receivable, listed by the year in which the subject crops were harvested; and

  c. the amounts of Proceeds from the Other Accounts Receivable, listed on a field-by-field basis, by Other Real Estate Lender, and by the year in which the subject crops were harvested; and any proposed disbursements of such Proceeds;

11. This Supplemental Order, and any financing provided under this Supplemental Order, is without prejudice to, and has no effect on, any parties', including but not limited to the Parties, U.S. Bank, and the Other Real Estate Lenders, interests, priority, or positions in or with respect to the crops of Farming Defendants nor is this Supplemental Order intended to modify any lien rights. This Supplemental Order shall not be deemed to prejudice any such parties' rights to seek enforcement remedies or take other such actions, including but not limited to the seeking of the appointment of a receiver as to their respective interests; and

///

///

///

///

///

///

///

///

///

///

///

///

12. A hearing on whether the receivership should be continued and the terms of the expanded receivership shall be set for November 5, 2024 at 1:30 P.M. (PT), with parties able to appear via Zoom. Parties (other than Farming Defendants) shall provide any further comments to Plaintiff on its previously-circulated proposed receiver order on or before October 30, 2024 by 10:00 A.M. (PT), Plaintiff shall file a proposed final receiver order, expanding the powers of the Receiver, on or before October 30, 2024 by 5:00 P.M. (PT), and Farming Defendants and any other interested party shall file any objections or comments to such proposed final receiver order on or before November 1, 2024 by 5:00 P.M. (PT).

IT IS SO ORDERED.

Dated:   October 30, 2024

_____
UNITED STATES DISTRICT JUDGE