EYFARTH SHAW LLP
M. Ryan Pinkston (SBN 310971)
rpinkston@seyfarth.com
Brandon K. Franklin (SBN 303373)
bfranklin@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Jason J. DeJonker (*admitted pro hac vice*)
JDeJonker@seyfarth.com
Nicholas R. Marcus (*admitted pro hac vice*)
nmarcus@seyfarth.com
233 S Wacker Dr # 8000
Chicago, IL 60606

Attorneys for Plaintiff
The Prudential Insurance Company
Of America; and PGIM
Real Estate Finance, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; and PGIM REAL ESTATE FINANCE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ACDF, LLC; ASSEMI AND SONS, INC.; AVILA RANCH EA, LLC; BEAR FLAG FARMS, LLC; C & A FARMS, LLC; CANTUA ORCHARDS, LLC; DA REAL ESTATE HOLDINGS, LLC; FAVIER RANCH, LLC; FG2 HOLDINGS LLC; GRADON FARMS, LLC; GRANVILLE FARMS, LLC; GRANTLAND HOLDINGS NO. 1, LLC; GRANTLAND HOLDINGS NO. 2, LLC; GRANTOR REAL ESTATE INVESTMENTS, LLC; GVM INVESTMENTS, LLC; GV AG, LLC; LINCOLN GRANTOR FARMS, LLC; MARICOPA ORCHARDS, LLC; PANOCHE PISTACHIOS, LLC; SAGEBERRY FARMS, LLC; DEREK BELL; and RACHEL MARIE WHITE,<br><br>Defendant. | Case No. 1:24-cv-01102-KES-SAB<br><br>**PLAINTIFF'S COVER SHEET AND REPLY REGARDING PROPOSED AMENDED RECEIVER ORDER**<br><br>Date:   November 5, 2024<br>Time:   1:30 p.m. PT<br>Place:  Courtroom 6, 7th floor<br><br>Complaint Filed: September 16, 2024 |

## COVER SHEET AND REPLY REGARDING PROPOSED AMENDED RECEIVER ORDER

Plaintiff The Prudential Insurance Company Of America ("**Prudential**") and PGIM Real Estate Finance, LLC ("**PGIM REF**" and together with Prudential, collectively, "**Plaintiff**"), each in its own capacity as a lender and PGIM REF also in its capacity as special servicer for and on behalf of Par U Hartford Life & Annuity Comfort Trust, by and through their counsel, hereby states as follows:

## INTRODUCTION

Plaintiff submits this pleading primarily to provide this Court with the latest form of the expanded receiver order being proposed as well as Receiver's declaration with respect to certain current issues facing the receivership. Plaintiff also responds to Joint Intervenors' late-filed further opposition to the proposed receiver order submitted to this Court on October 30, 2024. Pursuant to this late-filed opposition, Joint Intervenors object to Plaintiff's incorporation of language previously (and timely) proposed by Joint Intervenors.

## ADDITIONAL FACTS

1. Additional Procedural Background and Further Revised Proposed Receiver Order

Following the hearing on October 29, 2024, this Court set the following briefing schedule in its Order Amending Order Appointing Receiver with Limited Authority, entered on October 30, 2024 [Dkt. No. 107] (the "**Supplemental Receiver Order**"):

(i) All parties (other than Farming Defendants) were directed to provide comments to Plaintiff regarding the expanded receiver order on or before October 30, 2024 by 10:00 A.M. (PT);

(ii) Plaintiff to file a proposed final receiver order, expanding the powers of the receiver, on or before October 30, 2024 by 5:00 P.M. (PT); and

(iii) Farming Defendants and any other interested party to file any objections or comments to such proposed final receiver order on or before November 1, 2024 by 5:00 P.M. (PT).

On October 30, 2024, Joint Intervenors submitted proposed comments to Plaintiff regarding the proposed receiver order that Plaintiff submitted to this Court on October 30, 2024

1  and Plaintiff subsequently filed its Proposed Order Expanding Receivership and for Preliminary
2  Injunction [Dkt. No. 108] (the "**Prior Proposed Final Receiver Order**").

3  On November 1, 2024, Farming Defendants and Joint Intervenors each filed an
4  opposition to the Prior Proposed Final Receiver Order [Dkt. Nos. 109 and 110, respectively]
5  (the "**Farming Defendants' Opposition**" and the "**Joint Intervenors' Opposition**",
6  respectively). Farming Defendants' Opposition contained a proposed revised version of the Prior
7  Proposed Final Receiver Order (the "**Borrower Proposed Final Receiver Order**") and Joint
8  Intervenors' Opposition contained seven proposed changes to the Prior Proposed Final Receiver
9  Order within the body of the pleading itself.

10  During the afternoon of November 4, 2024, Plaintiff circulated to both Farming
11  Defendants and Joint Intervenors a further revised form of the Prior Proposed Final Receiver
12  Order, incorporating various comments and objections made by each such party. Thereafter,
13  Joint Intervenors filed a Cover Sheet Regarding Joint Intervenors' Opposition [Dkt. No. 112]
14  (the "**Joint Intervenors' Further Opposition**"), raising an additional point of objection to the
15  Prior Proposed Final Receiver Order.

16  Attached hereto as Exhibit A is a further revised version of the Prior Proposed Final
17  Receiver Order (the "**Proposed Final Receiver Order**"), and attached hereto as Exhibit B and
18  Exhibit C are a redline of the Proposed Final Receiver Order to the Prior Proposed Final
19  Receiver Order and a redline to the Borrower Proposed Final Receiver Order, respectively. The
20  Proposed Final Receiver Order incorporates many changes requested by both Farming
21  Defendants and Joint Intervenors, and is substantially similar to the form of order Plaintiff sent to
22  them during the afternoon of November 4, 2024.[1]

23  Plaintiff hopes to continue discussing and negotiating the Proposed Final Receiver Order
24  with Farming Defendants and Joint Intervenors, but wanted to provide this Court with a copy of
25  the latest form of proposed order ahead of today's hearing.

---

[1] Specifically, the Proposed Final Receiver Order fixes certain typos and contains certain minor clarifications with respect to the Prior Proposed Final Receiver Order. Beyond these minor changes, the two versions are substantially identical.

2. <u>The Receiver's Declaration</u>

The Receiver has prepared a declaration, attached hereto as <u>Exhibit D</u>, regarding certain updates in the administration of the receivership estate (the "**Receiver Declaration**").

Specifically, the Receiver Declaration describes, among other things:

(i) In the event multiple receivers are appointed, they will need access to road and water infrastructure to perform under their respective appointments;

(ii) The receivership will incur costs benefitting third-party lenders and unencumbered fields, particularly as a result of vendors and payments that cannot be separately invoiced on a per-lender basis, such as water infrastructure maintenance and electricity;

(iii) There will be a delay period in transitioning relationships from the Farming Defendants to the Receiver; and

(iv) Various processors have informed the Receiver and the Proposed Joint Intervenor Receiver[2] that they cannot or will not issue separate payments to each of the Receiver and the Proposed Joint Intervenor Receiver based on the receivables that would be included within each respective receivership estate. Instead, they will only make a single payment.

The Receiver Declaration seeks that any final receiver order includes language that addresses these concerns.

3. <u>Farming Defendants Opposition</u>

With respect to certain issues raised by Farming Defendants, Plaintiff notes the following as to certain changes that were requested by Farming Defendants (which differed from their requests generally):

(i) Definition of "Property" – Plaintiff added a schedule of the Deeds of Trust to address Farming Defendants' request;

(ii) Crop Financing – While certain of the harvest has completed, the citrus harvest remains on going, in which U.S. Bank may have an interest. In addition, costs with respect to the completed harvest have not been fully paid;

(iii) Access to Employees and Information – Receiver will need access to certain employees and information to carry out his duties, and intermingling records of the Receivership Property and Other Property should not prohibit Receiver from accessing that information;

---

[2] "**Proposed Joint Intervenor Receiver**" refers to Agriglobe LLC, Joint Intervenors' proposed receiver in Case No. 24-01261, pending before this Court (the "**Joint Intervenors' Case**").

(iv) Bank Accounts – Receiver will need to retain visibility into existing bank accounts and to have certain powers in the event that Receivership Property is inadvertently deposited into Farming Defendants' bank accounts;

(v) Compromising Debts – Paragraph 17 of the Joint Intervenors' Proposed Receiver Order (as defined below) contains substantially similar language as that proposed in the Proposed Final Receiver Order; and

(vi) Taxes – Plaintiff has incorporated the tax language from Paragraph 25 of the Joint Intervenors' Proposed Receiver Order (¶ 25), to which the Defendants party to the Joint Intervenors' Case did not object.

As of the time of this filing, Plaintiff had not received any response from Farming Defendants.

4. The Joint Intervenors' Further Opposition

In their Opposition, Joint Intervenors proposed the following change to Paragraph 3(c) of the Prior Proposed Receiver Order:

> *provided, however*, that the Receiver may not terminate any well agreements, water supply agreements, access agreements, or similar agreements and **(i) shall provide no less than thirty (30) days' notice of any motion(s) and (ii) meet and confer with counterparties to such agreement(s) before** seeking such Order(s) to the Court ~~and to the counterparties to such agreement(s)~~.[3]

Joint Intervenors' Opposition, p. 5, lines 12-14.

Plaintiff generally incorporated this language into the Proposed Final Receiver Order at Paragraph 3(c):

> To manage, control, operate and maintain the Receivership Property including, without limitation, the continuation, renegotiation, resolution, or termination of any contract and all other aspects of any business operation in connection with or otherwise related to the Receivership Property; *provided, however*, that the Receiver may not terminate any**:  (i)** well agreements, water supply agreements, access agreements, or similar agreements**; or (ii) contracts that also explicitly relate to Other Property or Free and Clear Property, in either case** without further Order of the Court and **(i)** shall provide no less than ~~fourteen~~ **thirty** (~~14~~ **30**) days' notice of any motion(s) ~~seeking such Order(s) to the Court and to the~~ **and (ii) meet and confer with** counterparties to such agreement(s) **before seeking such Order(s) from the Court**;

Exhibit B hereto, p. 10, lines 13-23.

---

[3] The proposed language in Joint Intervenors' Opposition omits certain language from Paragraph 3(c). It is unclear whether that was intentional, but Plaintiff has retained the language as proposed.

As such, the Proposed Final Receiver Order incorporated into Paragraph 3(c) the changes that Joint Intervenors requested in the Joint Intervenors' Opposition (namely, increasing the notice period from 14 to 30 days and including an explicit meet and confer). Plaintiff also proposes further narrowing the Receiver's powers, by having this language also apply to any contracts that also explicitly relate to Other Property or Free and Clear Property.

During the afternoon of November 4, 2024, Plaintiff circulated a draft revised receiver order to counsel for Joint Intervenors. The changes to Paragraph 3(c) of that order and the Proposed Final Receiver Order are identical. Despite incorporating language they requested, the Joint Intervenors' Further Opposition proposes one additional change to the Prior Proposed Final Receiver Order, which is to Paragraph 3(c):

> To manage, control, operate and maintain the Receivership Property including, without limitation, the continuation, renegotiation, resolution, or termination of any contract and all other aspects of any business operation in connection with or otherwise related to the Receivership Property; *provided, however,* that the Receiver may not terminate any well agreements, water supply agreements, access agreements, or similar agreements ~~without further Order of the Court and shall provide no less than fourteen (14) days' notice of any motion(s) seeking such Order(s) to the Court and to the counterparties to such agreement(s).~~ **relating to water that benefits the Joint Intervenors' collateral or that of any Other Real Estate Lenders**.

Joint Intervenors' Further Opposition, Exhibit 1, p. 8, lines 18-26.

In other words, after Plaintiff incorporated all of Joint Intervenors' proposed changes to Paragraph 3(c), Joint Intervenors now seek to strike this language entirely.

Conversely, the proposed receiver order pending in the Joint Intervenors' Case [Dkt. No. 39] (the "**Joint Intervenors' Proposed Receiver Order**") does not contain any such restriction. Specifically, it provides that:

> The [Proposed Joint Intervenor] **Receiver may** assume, extend, or modify **any pre-receivership contracts or agreements**, including unexpired leases, relating to the MetLife Receivership Property, and/or **reject such contracts in the** [Proposed Joint Intervenor] **Receiver's sole judgment and discretion**.

Joint Intervenors' Proposed Receiver Order, p. 9, ¶ 23, lines 1-3 (emphasis added).

In the interest of providing a solution, Plaintiff has also proposed to simply incorporate the language from such Paragraph 23 into its order (in lieu of current Paragraph 3(c)). Joint Intervenors are reviewing such request and Plaintiff is awaiting a fulsome response.

As such, Plaintiff submits the Proposed Final Receiver Order and the Receiver Declaration for this Court's review ahead of today's hearing.

DATED: November 5, 2024				SEYFARTH SHAW LLP


						By	/s/ Nicholas R. Marcus
							Nicholas R. Marcus
							Attorneys for Plaintiff