MCDERMOTT WILL & EMERY LLP
ROBERT BARTON (SBN 269455)
rbarton@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, California 90067
(310) 277-4110

MICHAEL S. NADEL (admitted *pro hac vice*)
mnadel@mwe.com
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

Attorneys for Defendants ACDF, LLC, Assemi and Sons, Inc., Bear Flag Farms, LLC, C & A Farms, LLC, Cantua Orchards, LLC, Favier Ranch, LLC, Gradon Farms, LLC, Lincoln Grantor Farms, LLC, Maricopa Orchards, LLC, Panoche Pistachios, LLC, and Sageberry Farms, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ACDF, LLC, et al.,<br><br>　　　　　Defendants. | No. 1:24-cv-01102-KES-SAB<br><br>**THE FARMING DEFENDANTS' OBJECTION TO PRUDENTIAL'S NOVEMBER 5 PROPOSED ORDER EXPANDING RECEIVERSHIP**<br><br>Hearing:<br>Date:　November 5, 2024<br>Time:　1:30 p.m. PDT<br>Location:　Courtroom 6 and by Zoom |

The Farming Defendants respectfully object to the reply and latest "final" proposed order filed by Prudential less than two hours before the hearing. (ECF No. 114). The Farming Defendants have not been able to substantively review Prudential's filing with the necessary care, having received a substantially similar form of it only last night. Obvious deficiencies remain, however, including but not limited to the absence of an adequate identification of what property is covered by the order. However, the larger issue is one of

process: The scope and substance of an expanded receivership order is obviously critical to all parties, as well as non-party lenders. Prudential has persisted in a careless process to put this order together, filing yet another new order just before the hearing, when all of these changes could have been made in Prudential's submission last week—if Prudential had met and conferred before the submission, which it did not do at all. Or Prudential could have comprehensively addressed the Farming Defendants' *previously-filed* objections in its filing last week, which was *supposed to be* its final proposed order. But Prudential did not do that either, and now here we are.

Prudential has never provided justification for an *ex parte* order expanding the receivership. Harvest is over. Prudential has provided no evidence of any emergency. And there *is* no emergency. Before the Court are substantive objections from the Farming Defendants and substantive objections from the MetLife intervenors. We respectfully submit that walking through a *new* proposed order, line by line, during a hearing, and trying to craft an order live is not the right process. There are too many implications to the resulting order and no extenuating circumstances requiring a rush or an *ex parte* procedure.

The Farming Defendants have been told today of two other lenders, neither yet a party, that desire their own receivers. That will further complicate the powers that may be granted to Prudential's receiver Lance Miller and the limitations on that power. This underscores the need for regular order. First, Prudential's motion for an expanded receivership should be taken up pursuant to L.R. 230. Second, leaving the parties to their own devices to work out an order continues to fail. The Farming Defendants think it is obvious why. MetLife blames Prudential (at least). Prudential no doubt has other ideas. Ultimately, culpability is neither here nor there. Somehow all affected entities need to get into a physical or virtual room and work out their differences so that an order results that is both practical and lawful. The Farming Defendants continue to believe that ADR offers the

best opportunity for resolution. With each filing, the need for assistance by a neutral is underscored.

                Respectfully submitted,

                MCDERMOTT WILL & EMERY LLP

By: /s/ *Michael S. Nadel*
     Michael S. Nadel
     Attorneys for the Farming Defendants

CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Notice of Electronic Filing.

By: /s/ *Michael S. Nadel*
Michael S. Nadel