Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone:    (312) 902-5200
Facsimile:    (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone:    (214) 765-3600
Facsimile:    (214) 765-3602

*Proposed Attorneys for the Receiver*
Lance Miller

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACDF, LLC, et al.<br><br>Defendants. | No. 1:24-cv-01102-KES-SAB<br><br>**NOTICE OF MOTION AND <u>UNOPPOSED</u> MOTION OF RECEIVER LANCE MILLER FOR ORDER AUTHORIZING EMPLOYMENT OF KATTEN MUCHIN ROSENMAN LLP AS COUNSEL *NUNC PRO TUNC*; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: January 6, 2025<br>Hearing Time: 1:30 p.m. PT<br>Location: Courtroom 6, 7th floor<br><br>**HONORABLE KIRK E. SHERRIFF** |

---

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

301804107

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on January 6, 2025, at 1:30 p.m. PT, or as soon thereafter as the matter may be heard in Courtroom 6, located at the United States Courthouse, 2500 Tulare Street, Fresno, California 93721, Lance Miller, not individually but solely in his capacity as the duly appointed receiver (the "**Receiver**"), will and hereby does move the Court for entry of an order authorizing him to employ Katten Muchin Rosenman LLP as his counsel (the "**Motion**").

This Motion is made following the conference of counsel pursuant to Section I.C. of this Court's *Standing Order in Civil Cases* which took place on November 20, 2024, with Mr. DeJonker and Mr. Marcus on behalf of Prudential Insurance Company of America and with Mr. Hurst and Mr. Nadel on behalf of the Farming Defendants. **No party objects to the Motion or requests a hearing.**

Dated: November 22, 2024

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By:   /s/  *Terence G. Banich*
         Terence G. Banich

*Proposed Attorneys for the Receiver*
Lance Miller

Lance Miller, solely in his capacity as Court-appointed receiver (the "**Receiver**") in the above-captioned case, hereby requests authority to employ Katten Muchin Rosenman LLP ("**Katten**") as his general counsel *nunc pro tunc* to September 25, 2024 (the date the Receiver was first appointed) and respectfully states the following:

## BACKGROUND

On September 16, 2024, The Prudential Insurance Company of America and PGIM Real Estate Finance, LLC (together, the "**Prudential Lenders**") filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief* [Dkt. No. 1] initiating the above-captioned case (the "**Case**"), and on September 18, 2024, an *Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 12].

On September 25, 2024, after notice and hearing, the Court entered the *Agreed Order Appointing Receiver with Limited Authority* [Dkt. No. 51] (as amended by Dkt. No. 107, the "**Initial Receivership Order**") appointing Receiver and directing him to, among other things:

> From the date of entry of this Order until November 1, 2024, or such other date as agreed to in writing among the Plaintiffs and Defendants and filed with the Court, the Receiver shall monitor the harvest and business operations of the Farming Defendants and make Crop Financing advances as determined by the Receiver in his reasonable discretion, and as provided for herein.

Initial Receivership Order ¶ 5. The Initial Receivership Order authorizes the Receiver:

> To employ a law firm as Receiver's legal counsel ("Receiver's Counsel") in this matter, as reasonably necessary to accomplish the purposes of this Order, and pay the reasonable fees and expense of such Receiver's Counsel for services rendered in preparation of and during the receivership. Receiver's Counsel shall be entitled to reimbursement of all reasonable costs and expenses incurred on behalf of the Receivership estate and in preparing for the Receiver's appointment.

*Id.* ¶ 35; *see also id.* ¶ 39 (authorizing payment of fees).

On October 11, 2024, Plaintiffs filed their *Motion in Support of Continuation of Receivership* [Dkt. No. 59] requesting that the Court expand the scope of Receiver's duties. On October 30, 2024, the Court entered the *Order Amending Order Appointing Receiver with Limited Authority* [Dkt. No. 107] and on November 7, 2024, entered the *Order Expanding Receivership and for Preliminary Injunction* [Dkt. No. 120] (the "**Receivership Order**"), appointing the Receiver as general receiver over the Receivership Property (as defined in the Receivership Order) and expanding his power and duties.[2]

In anticipation of his potential selection as receiver, Mr. Miller considered several potential law firms to be his counsel in this matter before choosing Katten Muchin Rosenman LLP ("**Katten**") as the firm best suited to meet his needs in this Case. *See Declaration of Lance Miller*, attached hereto as Exhibit A, (the "**Miller Declaration**") ¶¶ 7-8. Katten began performing diligence for and providing advice to Mr. Miller in mid-July 2024[3] and the parties signed an engagement letter dated August 28, 2024. *Id.* ¶ 9; *Declaration of John Mitchell*, attached hereto as Exhibit B, (the "**Mitchell Declaration**") ¶ 9.

### REASON FOR SELECTION

Katten is a law firm that employs approximately 700 attorneys worldwide and maintains offices for the practice of law in New York, New York; Chicago, Illinois; Dallas, Texas; Washington, D.C.; Charlotte, North Carolina; Los Angeles, California; London, England; and Shanghai, P.R. China. Katten is a full-service law firm that employs attorneys skilled in real estate, mergers and acquisitions, corporate law, insolvency, litigation, and commercial transactions, among

---

[2] Capitalized terms used but not defined in this Motion shall have the meanings ascribed in the Receivership Order.

[3] Although the Receiver seeks to employ Katten *nunc pro tunc* to the date of his appointment, Katten will be seeking compensation for the period of July 31, 2024, forward pursuant to the terms of the Receivership Order. Receivership Order ¶ 3(p) (stating that the Receiver's counsel "shall be entitled to reimbursement of all reasonable costs and expenses incurred on behalf of the Receivership estate and in preparing for the Receiver's appointment"). Katten, however, has agreed to waive all fees for time incurred prior to July 31, 2024.

other practices. Katten has substantial knowledge and experience in these areas, as well as federal receiverships generally, that will enable cost-effective administration of this Case.

Katten's Insolvency and Restructuring practice has in-depth experience representing different constituencies and in all types of in-court and out-of-court restructurings and workouts, bankruptcy and bankruptcy litigation, transactions under section 363 of the Bankruptcy Code, and other M&A transactions involving distressed companies. *See* Mitchell Decl. ¶ 11. In addition, Katten regularly represents corporate debtors, official and unofficial creditors' committees, secured lenders, trade creditors, administrative agents, federal and state receivers, indenture trustees and equity sponsors. *Id.*

## SERVICES TO BE PROVIDED

The services to be performed by Katten are appropriate and necessary to enable the Receiver to fulfill his duties and to prosecute this Case. Pursuant to the Engagement Agreement, Katten and the Receiver agreed that Katten would provide the Receiver with the following specialized professional services:

    a.    Advise the Receiver with respect to his rights, duties, and responsibilities under the Receivership Order and applicable law, and with regard to the administration of the receivership estate;

    b.    Assist the Receiver in his investigation of the acts, transactions, conduct, assets, liabilities, and financial condition of the Farming Defendants[4] and their affiliates;

---

[4] The "**Farming Defendants**" are comprised of ACDF, LLC, Assemi and Sons, Inc., Bear Flag Farms, LLC, C & A Farms, LLC, Cantua Orchards, LLC, Favier Ranch, LLC, Gradon Farms, LLC, Granville Farms, LLC, Lincoln Grantor Farms, LLC, Maricopa Orchards, LLC, Panoche Pistachios, LLC and Sageberry Farms, LLC.

      c.      Assist the Receiver in obtaining custody and control over Receivership Property;

      d.      Assist and advise the Receiver with respect to sales of Receivership Property;

      e.      Assist and advise the Receiver in his investigation and pursuit of litigation;

      f.      Prepare on behalf of the Receiver any applications, motions, pleadings, orders, reports, agreements and other legal documents to be filed in this Case;

      g.      Confer with parties in interest and their counsel;

      h.      Appear in court for hearings in this Case and any related litigation;

      i.      Enforce the injunction imposed by the Receivership Order;

      j.      Assist the Receiver in identifying, and retaining and appointing, any other professional persons;

      k.      Advise the Receiver regarding proposing a claims process and formulating a plan of distribution; and

      l.      Perform such other legal services (but not including tax law services) as may be necessary, or that the Receiver may request from time to time.

It is necessary for the Receiver to employ attorneys to render the foregoing professional services and Katten has stated its desire and willingness to act in this Case and render the necessary professional services as counsel for the Receiver.

Katten's attorneys have been working with the Receiver and his team since approximately mid-July 2024 to advise the Receiver and assist him in performing diligence in preparation for his role as receiver and, as such, are familiar with the facts, issues, and parties in this Case, as well as the related cases pending before the Court. Accordingly, the Receiver seeks Katten's appointment *nunc pro tunc* to September 25, 2024 (the date the Receiver was first appointed). The Receiver's

employment of counsel is necessary considering the size and complexity of this Case, which involves significant assets, sophisticated parties, and multiple matters requiring legal attention.

### DISINTERESTEDNESS

Katten has advised the Receiver that it has conducted conflict of interest searches of Plaintiffs and Defendants, and neither holds nor represents any adverse interest in connection with the matters upon which Katten is to be employed by the Receiver. Mitchell Decl. ¶ 12.

### COMPENSATION

The Katten attorneys who may work on this matter from time to time, as appropriate, include:

| Name | Practice (Office) | Title | Class | Rate |
|---|---|---|---|---|
| John Mitchell | Insolvency & Restructuring (Dallas) | Partner | 1996 | $1,250 |
| Michaela Crocker | Insolvency & Restructuring (Dallas) | Partner | 2001 | $1,155 |
| Terence Banich | Insolvency & Restructuring (Chicago) | Partner | 1999 | $1,220 |
| Yelena Archiyan | Insolvency & Reorganization (Dallas) | Partner | 2016 | $1,030 |
| Ethan Trotz | Insolvency & Restructuring (Chicago) | Associate | 2018 | $930 |
| Ny'esha Young | Insolvency & Restructuring (Dallas) | Associate | 2024 | $650 |
| Janice Brooks-Patton | Insolvency & Restructuring (Dallas) | Paralegal | n/a | $475 |
| William Rivers | Mergers/Acquisitions/Private Equity (Dallas) | Partner | 1988 | $1,310 |
| Mark Solomon | Mergers/Acquisitions/Private Equity (Dallas) | Partner | 1985 | $1,510 |
| Weston Love | Mergers/Acquisitions/Private Equity (Dallas) | Associate | 2015 | $1,030 |
| Kelsey McKeag | Mergers/Acquisitions/Private Equity (Dallas) | Associate | 2020 | $855 |

The fees charged by Katten in this proceeding are consistent with the fees and costs charged by Katten to its other clients on comparable matters. Mitchell Decl. ¶ 14. The Receiver reviewed

and considered the above staffing model, as well as Katten's hourly rates, and found them to be reasonable and appropriate considering the scope of this receivership and the complexity of this Case. Miller Decl. ¶ 13. The Receiver may in the future determine that present needs warrant the assignment of different or additional Katten personnel. *Id.*

Since Terence Banich is licensed to practice in the State of California and is admitted to the bar of the Eastern District of California, the Receiver will not incur the additional cost of local counsel. Moreover, the Receiver will be filing a motion to employ Cutts Law, PC as special counsel to assist in water rights and sale-related matters at a rate of approximately $450 per hour (and under for associates and paraprofessionals). Each of these items will help lower the costs payable in relation to this Case. Furthermore, at least one other lender has informed the Receiver that it intends to seek a receivership proceeding with Mr. Miller to act as receiver, as well, thus sharing legal costs across a broader pool of collateral.

Katten will also seek reimbursement of its out-of-pocket expenses, which include items such as consultants, experts, filing fees, court reporting fees, travel costs, overnight or other special mail services, messenger services, photocopies, outgoing faxes, research service charges (*e.g.*, Westlaw), secretarial and other staff overtime charges (when required to meet the needs of the matter), and other special services such as document imaging. *Id.* ¶ 12; Mitchell Decl. ¶ 15. Katten typically advances those costs on its client's behalf and includes them in its monthly bills. Mitchell Decl. ¶ 15.

Katten has acknowledged that the sole source of its compensation in this Case will be funds in the receivership estate, including the carve-outs contained in the Receivership Order, and that final allowance of its fees and expenses will be subject to Court order.

## **LEGAL STANDARD**

District courts have "extremely broad" power and "wide discretion" in overseeing the administration of a receivership. *Sec. & Exch. Comm'n v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). That broad authority to oversee the administration of a receivership extends to the employment and compensation of a receiver's professionals. In an equity receivership, "[t]he court

8

No. 1:24-cv-01102-KES-SAB
**NOTICE OF MOTION AND <u>UNOPPOSED</u> MOTION OF RECEIVER LANCE MILLER FOR ORDER AUTHORIZING EMPLOYMENT OF KATTEN MUCHIN ROSENMAN LLP AS COUNSEL NUNC PRO TUNC; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
301804107

appointing the receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys," such that the approval of an employment motion "is left entirely to the determination of the appointing court." *Drilling & Expl. Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934); *accord Sec. & Exch. Comm'n v. Durmaz*, No. 2:10-CV-01689-JLS-AJW, 2018 WL 10798893, at *2 (C.D. Cal. Sept. 19, 2018) (applying *Webster*).

## RELIEF REQUESTED

The Court should grant the Motion and authorize the Receiver to employ Katten as his counsel on the terms proposed. As a preliminary matter, the Court has already empowered the Receiver to "retain" and "employ" attorneys of her choice. Receivership Order ¶ 3(p). The Receiver considered several law firms before deciding to engage Katten, primarily because of its experience in federal court and insolvency cases, and Katten's experience in federal courts and the agricultural arena. Miller Decl. ¶¶ 7-8. Courts generally defer to the business judgment of receivers and similar fiduciaries as to matters of estate administration. *See, e.g., Bennett v. Williams*, 892 F.2d 822, 824 (9th Cir. 1989) ("we are deferential to the business management decisions of a bankruptcy trustee…").

The Receiver believes it is essential that Katten be employed to provide the services described above and that Katten be permitted to bill on an hourly basis, subject to the requirements imposed by this Court.

**WHEREFORE**, based on the foregoing, the Receiver requests that this Court enter an Order authorizing his employment of Katten Muchin Rosenman LLP *nunc pro tunc* to September 25, 2024, and granting such other and further relief the Court may deem proper in the circumstances.

Dated: November 22, 2024

Respectfully submitted by:

**KATTEN MUCHIN ROSENMAN LLP**

By: */s/ Terence G. Banich*
Terence G. Banich
*Proposed Attorneys for the Receiver*
Lance Miller

# PROOF OF SERVICE

**STATE OF ILLINOIS, COUNTY OF COOK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois. My business address is 525 W. Monroe St., Chicago, Illinois 60661. On November 22, 2024, I served the following document(s) described as:

**UNOPPOSED MOTION OF THE RECEIVER TO EMPLOY KATTEN MUCHIN ROSENMAN LLP AS COUNSEL TO THE RECEIVER LANCE MILLER *NUNC PRO TUNC***

as follows:

**[ ]   BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[ ]   BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address terence.banich@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ]   BY OVERNIGHT MAIL (FedEx):** I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ]   BY PERSONAL SERVICE:** I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X]   E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on November 22, 2024, at Winnetka, Illinois.

*/s/Terence G. Banich*
Terence G. Banich