Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone: (312) 902-5200
Facsimile: (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone: (214) 765-3600
Facsimile: (214) 765-3602

*Attorneys for the Receiver*
Lance Miller

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACDF, LLC, et al.<br><br>Defendants. | No. 1:24-cv-01102-KES-SAB<br><br>**NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC AS INVESTMENT BANKER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*Filed concurrently with Ex Parte Application to Shorten Time*<br><br>Hearing:<br>Hearing Date: March 3, 2025 (subject to *Ex Parte* Application to Shorten Time)<br>Hearing Time: 1:30 P.M. PT<br>Location: Robert E. Coyle U.S. Courthouse<br>2500 Tulare Street<br>Courtroom 6, 7th floor<br>Fresno, CA 93721<br><br>**HONORABLE KIRK E. SHERRIFF** |

---

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

302177865

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Lance Miller, not individually but solely in his capacity as Court-appointed receiver (the "**Receiver**"), moves the Court for entry of an order authorizing the Receiver's engagement and compensation of Capstone Capital Markets LLC ("**Capstone**") as investment banker to assist him in the marketing and sale of certain Receivership Property in the above-captioned case (the "**Motion**").

PLEASE TAKE FURTHER NOTICE THAT the Motion is based on the *Memorandum of Points and Authorities* below and is supported by: (a) the *Declaration of Lance Miller* (the "**Miller Declaration**") a copy of which is attached hereto as Exhibit A; (b) the *Declaration of Skye Root* (the "**Root Declaration**"), a copy of which is attached hereto as Exhibit B; and (c) the Receiver's engagement letter with Capstone (the "**Engagement Letter**"),[2] a copy of which is attached as Exhibit 1 to the Root Declaration.

## Summary of Proposed Compensation Structure

Capstone proposes to charge the following fees in relation to the Transaction Services to be performed under the Engagement Letter:

Section 3: Professional Fees. As compensation for the Transaction Services rendered under the Engagement Letter by Capstone, Capstone will receive payment of the following fees:

(i) Retainer Fees: a non-refundable retainer fee of $35,000 payable upon the execution and delivery of the Engagement Letter and on the first day of each subsequent month during the Term of the Engagement Letter (the "Monthly Retainer Fees"). Subject to subparagraph (c) of the Engagement Letter, the aggregate amount of the Engagement Fee and the Monthly Retainer Fees will be

---

[2] All capitalized terms used but not defined in the Motion shall have the meanings ascribed to them in the Engagement Letter. The descriptions of the Engagement Letter contained in this Motion are summary in nature and parties are urged to review the Engagement Letter. In the event of any inconsistency between the summary in the Motion and the terms of the Engagement Letter, the terms of the Engagement Letter shall prevail.

2
No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR
ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC
AS INVESTMENT BANKER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

302177865

fully credited against the Transaction Fees in accordance with the Lender allocations provided in subparagraph (e) of the Engagement Letter.

    (ii)    <u>Transaction Fee</u>: Upon the closing of one or more Transactions involving the sale of Sale Property, Capstone shall receive a cash fee equal to one percent (1.0%) of the Aggregate Transaction Value (as defined in Section 4 of the Engagement Letter) attributable to each Transaction, and upon the closing of one or more Transactions involving the sale of Excluded Parcels, if any, Capstone shall receive a cash fee of two percent (2.0%) (in each case a "<u>Transaction Fee</u>") *provided that*:

        a)    The aggregate Transaction Fees attributable to all Transactions involving the Sale Property and Excluded Parcels shall not be less than five million dollars ($5,000,000) (the "<u>Minimum Transaction Fee</u>") after credit of Monthly Retainer Fees, and

        b)    If a Lender successfully consummates one or more Transactions as a credit bidder in any Transaction, the Transaction Fee attributable to each such Transaction shall be reduced by twenty five percent (25%).

During the Term of the Engagement Letter, the Transaction Fee, if earned by Capstone pursuant to the terms of the Engagement Letter, shall be payable to Capstone regardless of whether or not the Prospective Acquirer was introduced by Capstone. In addition, Capstone will be reimbursed for all reasonable expenses related to the Transaction Services and Transaction(s) described in the Engagement Letter, including the reasonable fees and expenses, if any, of legal counsel, water consultants, or other advisors retained by Capstone in connection with its performance under the Engagement Letter; provided, however, that Receiver shall not be responsible for any single out-of-pocket expense (or series of related expenses, such as legal or consultant

3
No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR
ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC
AS INVESTMENT BANKER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

302177865

fees paid to the same person or business expenses incurred on a single business trip) in excess of $1,000 unless the expense is approved in writing by the Receiver prior to its incurrence.

\*\*\*

Section 6: Abandonment Fee. If the Capstone sale process under the Engagement Letter is abandoned or terminated at any time other than termination for Cause (an "Abandonment"), Capstone will be paid a cash fee as follows (the "Abandonment Fee"): (i) the Abandonment Fee will be $0 until Capstone's marketing materials and list of Prospective Acquirors have been presented to and approved by the Receiver (estimated to be completed by March 19, 2025) ("Phase 1"); (ii) following conclusion of Phase 1 and until the deadline set by the Receiver for receipt of non-binding letters of intent ("Phase 2"), the Abandonment Fee will be $500,000; (iii) upon the later of (x) conclusion of Phase 2, and (y) receipt by the Receiver of a non-binding letter of intent from a Prospective Acquiror anticipating gross consideration of at least $450,000,000 ("Phase 3") (estimated deadline for receipt of indications of interest – May 14, 2025), the Abandonment Fee will be $1,000,000; and, (iv) upon the receipt by the Receiver of a binding offer anticipating gross consideration of at least $450,000,000 (deadline estimated to be July 9, 2025) and prior to closing (outside closing date estimated to be September 8, 2025), the Abandonment Fee will be $2,500,000. The Abandonment Fee will be allocated and payable according to the relative values of Lender collateral interests (or Company property interests) in the Sale Property; provided, however, that the following parcels shall be excluded from the calculation of any Abandonment Fee: APN Nos. 038-130-71S; 038-130-62S; 038-130-35S; 038-200-09S; 038-200-04S; 038-141-59S; and 038-210-25S. In the event that a Lender forecloses on any or all of the Sale Property that serves as its collateral and thereafter such Lender or its affiliates/related entities take title to such property (a "Lender-

4
No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC AS INVESTMENT BANKER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

302177865

Owner"), the Abandonment Fee apportioned to such property shall be waived and will not be payable so long as such Lender-Owner reengages Capstone to complete the sale process related to such property. The Abandonment Fee will be further reduced dollar-for-dollar by the amount of fees collected by Capstone from the sale of Excluded Parcels, if any.

### Payment of Fees Subject to Court Approval

Capstone will seek Court approval for the payment of any fees and expenses incurred under the Engagement Letter; however, it requests a waiver of any requirement that it keep detailed time records of services rendered since its compensation is based on the results of subsequent sales of assets, as set forth in the Engagement Letter.

### Request for Approval of Indemnification Provision

Section 8 of the Engagement Letter contains standard indemnification and limitation of liability language with respect to Capstone's services (the "**Indemnity**"). The Receiver and Capstone believe that the Indemnity is customary and reasonable for engagements of this type and should be approved.

PLEASE TAKE FURTHER NOTICE THAT this Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on February 20, 2025, with

- Jason DeJonker and Nicholas Marcus on behalf of the Plaintiffs;
- David Hurst and Michael Nadel on behalf of the Farming Defendants (as defined in the Receivership Order);
- Gabriel Mathless and William Curtis on behalf of Federal Agricultural Mortgage Corporation; and
- Virginia Pedreira and Thomas Woods on behalf of Metropolitan Life Insurance Company, Metropolitan Real Estate Lending, LLC, and Brighthouse Life Insurance Company.

5
No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR
ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC
AS INVESTMENT BANKER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

302177865

The above parties were requested to respond with any objections on or before Monday, February 24, 2025, at noon CT. **No party stated an objection to the relief requested in the Motion or to the Court holding an expedited hearing on the Motion.**

Dated: February 25, 2025

                                              Respectfully submitted,

                                              **KATTEN MUCHIN ROSENMAN LLP**

                                              By:    /s/ *Terence G. Banich*
                                                            Terence G. Banich

                                              *Attorneys for the Receiver*
                                              Lance Miller

6
No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR
ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC
AS INVESTMENT BANKER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

302177865

Lance Miller, solely in his capacity as Court-appointed receiver (the "**Receiver**") in the above-captioned case, hereby requests authority to employ and compensate Capstone Capital Markets LLC ("**Capstone**") as his investment banker to assist him in the marketing and sale of certain Receivership Property described below, and respectfully states the following:

## BACKGROUND

On September 16, 2024, The Prudential Insurance Company of America and PGIM Real Estate Finance, LLC (together, the "**Prudential Lenders**") filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief* [Dkt. No. 1] initiating the above-captioned case (the "**Case**"), and on September 18, 2024, an *Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 12].

On September 25, 2024, after notice and hearing, the Court entered the *Agreed Order Appointing Receiver with Limited Authority* [Dkt. No. 51, as amended by Dkt. No. 107] and on November 7, 2024, entered the *Order Expanding Receivership and for Preliminary Injunction* [Dkt. No. 120] (the "**Receivership Order**"), appointing the Receiver as general receiver over the Receivership Property (as defined in the Receivership Order). The scope of the Receiver's duties under the Receivership Order are:

> [T]o preserve the Receivership Property and protect it from dissipation and diminution in value; (b) to conduct business and operations in connection with the Receivership Property, including the collection and disbursement of Proceeds; and (c) to assess whether a sale of the Receivership Property would maximize value, and, following that assessment and if appropriate in the Receiver's reasonable judgment, implement an organized sale process of the Receivership Property, whether in whole or part, with any sale of Receivership Property outside of the ordinary court of business subject to the Court's approval.

7
No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC AS INVESTMENT BANKER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

302177865

Receivership Order ¶ 23. In furtherance of these duties, the Receivership Order authorizes the Receiver to employ various professionals, including appraisers, liquidators, auctioneers, brokers, and other professionals to assist in the sales process. Receivership Order ¶ 3(o).[3]

The Receiver, with the assistance of Pivot Management Group, LLC ("**Pivot**"), has spent considerable time analyzing the Receivership Property and related operations and has concluded, in the exercise of his business judgment, that a sale of the Receivership Property is appropriate. Miller Decl. ¶ 6. To maximize value, the Receiver has placed the Receivership Property into two categories in relation to the marketing and sale process: (1) parcels of real estate that should be sold together in order to maximize value (the "**Farm Properties**"), which are the subject of this Motion and listed on Exhibit B of the Engagement Letter; and (2) parcels of real estate whose value is not linked to the operation of the Farm Properties (the "**Excluded Properties**"), which are or shall hereafter be the subject of a separate motion to employ a real estate broker. *Id.*

The Receiver believes that the terms of Capstone's engagement and compensation, as set forth herein and described in further detail in the engagement letter (the "**Engagement Letter**") attached as Exhibit 1 to the *Declaration of Skye Root* (the "**Root Declaration**,"), are warranted, reasonable, and appropriate under the circumstances. Accordingly, the Receiver respectfully requests that the Court grant this Motion and enter an order approving the Receiver's engagement of Capstone. Miller Decl. ¶ 12.

The Receiver further believes, in the exercise of his business judgment, that hiring an investment banker to market and sell the Farm Properties, while hiring a broker to market and sell the Excluded Properties, will maximize value by permitting each set of properties to be marketed to its target demographic by a banker or broker knowledgeable of the market and the parties likely interested in such properties. *Id.* ¶ 10.

---

[3] Although the Receivership Order authorizes the employment of Capstone without further Court order, the Receiver files this Motion to ensure transparency in the marketing and sale of Receivership Property, including in the engagement and compensation of professionals hired to assist him in this Case.

8
No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR
ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC
AS INVESTMENT BANKER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

302177865

## REASON FOR SELECTION

Capstone is a full-service investment bank with broad reach to investors throughout domestic and international markets. For a transaction of this size and nature, Capstone has access to top national and multinational strategic and financial buyers of agricultural businesses and assets. Root Decl. ¶ 8.

The senior bankers leading this engagement, Skye Root and Jerry Sturgill, combine more than 50 years of investment banking and transactional experience. Both have led transactions for the sale of complex agricultural businesses and assets, including in settings like this one, where careful analysis and presentation of complex water rights and strategies are central to achieving the highest potential value. Among their many successful sales transactions, several have been in court-supervised settings. *Id.* ¶ 9.

For example, Mr. Root led the bankruptcy auction and sale of the extensive farming and ranching operations of Easterday Ranches, Inc. in *In re Easterday Ranches, Inc., et al.*, Case No. 21-00141-WLH11, United States Bankruptcy Court, Eastern District of Washington (2021); the sale by the court-appointed receiver of the blueberry growing and processing operations of Othello Blueberry in *Rabo Agrifinance, LLC v. Othello Blueberry LLC et al.*, Case No. 23-2-50416-l, Superior Court of the State of Washington (2023); and the bankruptcy sale of the Mensonides dairy operations in *In re Mensonides Dairy, LLC*, No. 18-01681-FLK11, United States Bankruptcy Court Eastern District of Washington (2019). In addition to his transactional experience, Mr. Root has deep experience and expertise with agricultural water rights and delivery systems, farm management, and crop inputs. *Id.* ¶ 10.

Mr. Sturgill served as the court-appointed Divestiture Trustee and led the Capstone team in the sale of dairy processing assets acquired by Dairy Farmers of America in the Dean Foods bankruptcy. *United States of America, Commonwealth of Massachusetts and State of Illinois v. Dairy Farmers of America and Dean Foods*, Case No. 20 C 2658, United States District Court for Northern District of Illinois (2020). He has also successfully sold businesses and assets in large

9
No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR
ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC
AS INVESTMENT BANKER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

302177865

mergers and acquisition transactions both in the United States and abroad. As a former partner of the law firm Latham & Watkins, he led the New-York-based corporate finance practice for the firm and was extensively involved in large mergers and acquisitions sponsored by the firm's clients and in various corporate restructurings. He has also served as the turnaround CEO of a regional logistics company. *Id.* ¶ 11.

Capstone also has the benefit of access to teams of analysts and investment bankers located throughout the United States and abroad. The Capstone agricultural group specifically has worked on various cross-border transactions in many of the world's most important agricultural markets throughout Europe, South America, and Australasia. The firms' international reach is further extended through Capstone's important role as a partner of the International Mergers and Acquisitions Partnership (IMAP). *Id.* ¶ 12.

The Receiver believes that this experience, among other transactions, makes Capstone well situated to serve as his investment banker in this Case. Miller Decl. ¶ 7.

### SERVICES TO BE PROVIDED

Subject to Court order, and consistent with the terms of the Engagement Letter, the Receiver request the retention and employment of Capstone to render the following services (the "**Transaction Services**"), among others, as directed by the Receiver:

(i) formulating a market strategy for the Transactions;

(ii) identifying and contacting potential strategic and/or financial acquirers ("Prospective Acquirers");

(iii) subject to the guidance and approval of the Receiver, negotiating confidentiality agreements with Prospective Acquirors;

(iv) preparing a Confidential Information Memorandum, management presentations, and other marketing materials for use in the marketing process ("Marketing Materials");

(v) delivering Marketing Materials to Prospective Acquirors;

10
No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC AS INVESTMENT BANKER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

302177865

   (vi) coordinating introductions, diligence requests, and arranging and conducting telephonic or in-person meetings with Prospective Acquirers;

   (vii) coordinating the receipt and evaluation of offers or proposals from Prospective Acquirers;

   (viii) assisting in evaluation of proposed valuations, transaction structures and related terms and conditions;

   (ix) providing the Receiver with periodic status reports and being available to the Receiver and his advisors at all reasonable times to discuss any matters relating to the Transaction or Transactions;

   (x) assisting the negotiation and consummation of definitive agreements for each Transaction;

   (xi) providing testimony and/or witness services with respect to the Transaction process and its completeness before the Court; and

   (xii) such other advisory services as may be customarily provided in connection with the analysis and negotiation of Transactions like those contemplated in the Engagement Letter and as may be requested and mutually agreed between Capstone and the Receiver.

Engagement Letter § 2.

  It is not the general practice of investment banking firms, including Capstone, to keep detailed time records similar to those kept by the attorneys and other Court-approved professionals in this Case. Root Declaration ¶ 17. Because Capstone does not keep detailed time records, coupled with the fact that its compensation is results based, Capstone requests that it be excused from compliance with any rule that would require it to keep detailed time records of its services rendered. *Id.*

11

No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR
ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC
AS INVESTMENT BANKER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

302177865

# COMPENSATION

Capstone has accepted this engagement conditioned upon its ability to be retained in accordance with its customary terms and conditions of employment, compensated for its services, and reimbursed for its out-of-pocket expenses incurred, all in accordance with its customary billing practices as set forth in the Engagement Letter, including:

<u>Section 3: Professional Fees</u>.  As compensation for the Transaction Services rendered under the Engagement Letter by Capstone, Capstone will receive payment of the following fees:

(i)  <u>Retainer Fees</u>: a non-refundable retainer fee of $35,000 payable upon the execution and delivery of the Engagement Letter and on the first day of each subsequent month during the Term of the Engagement Letter (the "<u>Monthly Retainer Fees</u>"). Subject to subparagraph (ii)(b) below, the aggregate amount of Monthly Retainer Fees will be fully credited against the Transaction Fee.

(ii)  <u>Transaction Fee</u>: Upon the closing of one or more Transactions involving the sale of Sale Property, Capstone shall receive a cash fee equal to one percent (1.0%) of the Aggregate Transaction Value (as defined in Section 4 of the Engagement Letter) attributable to each Transaction, and upon the closing of one or more Transactions involving the sale of Excluded Parcels, if any, Capstone shall receive a cash fee of two percent (2.0%) (in each case a "<u>Transaction Fee</u>") *provided that*:

a)  The aggregate Transaction Fees attributable to all Transactions involving the Sale Property and Excluded Parcels shall not be less than five million dollars ($5,000,000) (the "<u>Minimum Transaction Fee</u>") after credit of Monthly Retainer Fees, and

b)  If a Lender successfully consummates one or more Transactions as a credit bidder in any Transaction, the Transaction Fee

12
No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR
ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC
AS INVESTMENT BANKER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

302177865

attributable to each such Transaction shall be reduced by twenty five percent (25%).

During the Term of the Engagement Letter, the Transaction Fee, if earned by Capstone pursuant to the terms of the Engagement Letter, shall be payable to Capstone regardless of whether or not the Prospective Acquirer was introduced by Capstone. In addition, Capstone will be reimbursed for all reasonable expenses related to the Transaction Services and Transaction(s) described in the Engagement Letter, including the reasonable fees and expenses, if any, of legal counsel, water consultants, or other advisors retained by Capstone in connection with its performance under the Engagement Letter; provided, however, that Receiver shall not be responsible for any single out-of-pocket expense (or series of related expenses, such as legal or consultant fees paid to the same person or business expenses incurred on a single business trip) in excess of $1,000 unless the expense is approved in writing by the Receiver prior to its incurrence.

\*\*\*

Section 6: Abandonment Fee. If the Capstone sale process under the Engagement Letter is abandoned or terminated at any time other than termination for Cause (an "Abandonment"), Capstone will be paid a cash fee as follows (the "Abandonment Fee"): (i) the Abandonment Fee will be $0 until Capstone's marketing materials and list of Prospective Acquirors have been presented to and approved by the Receiver (estimated to be completed by March 19, 2025) ("Phase 1"); (ii) following conclusion of Phase 1 and until the deadline set by the Receiver for receipt of non-binding letters of intent ("Phase 2"), the Abandonment Fee will be $500,000; (iii) upon the later of (x) conclusion of Phase 2, and (y) receipt by the Receiver of a non-binding letter of intent from a Prospective Acquiror anticipating gross consideration of at least $450,000,000 ("Phase 3") (estimated deadline for receipt of indications of interest – May 14, 2025),

13

No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR
ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC
AS INVESTMENT BANKER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

302177865

the Abandonment Fee will be $1,000,000; and, (iv) upon the receipt by the Receiver of a binding offer anticipating gross consideration of at least $450,000,000 (deadline estimated to be July 9, 2025) and prior to closing (outside closing date estimated to be September 8, 2025), the Abandonment Fee will be $2,500,000. The Abandonment Fee will be allocated and payable according to the relative values of Lender collateral interests (or Company property interests) in the Sale Property; provided, however, that the following parcels shall be excluded from the calculation of any Abandonment Fee: APN Nos. 038-130-71S; 038-130-62S; 038-130-35S; 038-200-09S; 038-200-04S; 038-141-59S; and 038-210-25S. In the event that a Lender forecloses on any or all of the Sale Property that serves as its collateral and thereafter such Lender or its affiliates/related entities take title to such property (a "Lender-Owner"), the Abandonment Fee apportioned to such property shall be waived and will not be payable so long as such Lender-Owner reengages Capstone to complete the sale process related to such property. The Abandonment Fee will be further reduced dollar-for-dollar by the amount of fees collected by Capstone from sale of Excluded Parcels, if any.

Engagement Letter §§ 3,6.

The Receiver believes, in his reasonable business judgment, that the terms of the Engagement Letter are warranted, reasonable, and appropriate under the circumstances. Miller Decl. ¶ 8. The essential terms of the Engagement Letter are standard and usual terms that Capstone includes within its agreements for similar engagements. Root Decl. ¶ 16. For the avoidance of doubt, should Capstone negotiate an acceptable transaction(s) approved by the Receiver, the Receiver will file a separate motion seeking the Court's prior approval of such transaction free and clear of all liens, claims and encumbrances.  Miller Decl. ¶ 11.

## JOINDER OF ADDITIONAL PARTIES

As reflected in Section 2 of the Engagement Letter, in order to maximize potential proceeds in a Transaction or Transactions for the sale of the Sale Properties, the Receiver and Capstone will

14
No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR
ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC
AS INVESTMENT BANKER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

302177865

consult and cooperate to present agreements to the MetLife/Brighthouse receiver, Phillip Christensen of AgriGlobe, Maricopa Orchards, LLC and its affiliates, landowners owning properties adjacent, bounded by or otherwise related to the parcels of the Sale Property, and third-party lenders willing to participate in a Transaction that will permit such parties to participate in a sale process run by the Receiver with Capstone's assistance. Joinder of other parties, however, is not a condition to Capstone's proposed employment.

### REQUEST FOR APPROVAL OF INDEMNIFICATION PROVISION

The Engagement Letter contains standard indemnification and limitation of liability language with respect to Capstone's services (the "**Indemnity**"). *See* Engagement Letter § 8. The Receiver and Capstone believe that the Indemnity is customary and reasonable for engagements of this type and should be approved. Miller Decl. ¶ 9; Root Declaration ¶ 14.

### LEGAL STANDARD

District courts have "extremely broad" power and "wide discretion" in overseeing the administration of a receivership. *Sec. & Exch. Comm'n v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). That broad authority to oversee the administration of a receivership extends to the employment and compensation of a receiver's professionals. In a receivership, "[t]he court appointing the receiver has full power to fix the compensation of such receiver and the compensation of the receiver's attorney or attorneys," such that the approval of an employment motion "is left entirely to the determination of the appointing court." *Drilling & Expl. Corp. v. Webster*, 69 F.2d

15

No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR
ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC
AS INVESTMENT BANKER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

302177865

416, 418 (9th Cir. 1934); *accord Sec. & Exch. Comm'n v. Durmaz*, No. 2:10-CV-01689-JLS-AJW, 2018 WL 10798893, at *2 (C.D. Cal. Sept. 19, 2018) (applying *Webster*).

## RELIEF REQUESTED

The Court should grant the Motion and authorize the Receiver to employ Capstone as his investment banker on the terms proposed. As a preliminary matter, the Court has already empowered the Receiver to employ an investment banker to assist him in the marketing and sale of Receivership Property. Receivership Order ¶ 3(o). The Receiver considered eight separate firms before deciding to engage Capstone, primarily because of its extensive experience in complex sales involving agricultural property and related water rights. Miller Decl. ¶ 7. Courts generally defer to the business judgment of receivers and similar fiduciaries as to matters of estate administration. *See, e.g., Bennett v. Williams*, 892 F.2d 822, 824 (9th Cir. 1989) ("we are deferential to the business management decisions of a bankruptcy trustee…").

The Receiver believes it is essential that Capstone be employed to provide the services described above and that Capstone be compensated as set forth above, subject to the requirements imposed by this Court.

**WHEREFORE**, based on the foregoing, the Receiver requests that this Court enter an Order authorizing his employment of Capstone pursuant to the terms of the Engagement Letter, and granting such other and further relief the Court may deem proper in the circumstances.

Dated: February 25, 2025

Respectfully submitted by:

**KATTEN MUCHIN ROSENMAN LLP**

By: */s/ Terence G. Banich*
Terence G. Banich
*Attorneys for the Receiver*
Lance Miller

16
No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR
ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC
AS INVESTMENT BANKER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

302177865

**PROOF OF SERVICE**

STATE OF ILLINOIS, COUNTY OF COOK

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois. My business address is 525 W. Monroe St., Chicago, Illinois 60661. On February 24, 2025, I served the following document(s) described as:

**NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC AS INVESTMENT BANKER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

as follows:

[ ]   **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

[ ]   **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address terence.banich@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]   **BY OVERNIGHT MAIL (FedEx):** I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

[ ]   **BY PERSONAL SERVICE:** I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

[X]   **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on February 24, 2025, at Chicago, Illinois.

*/s/Terence G. Banich*
Terence G. Banich

302177865