MICHAEL B. BROWN, Bar No. 179222
michael.brown@stoel.com
THOMAS A. WOODS, Bar No. 210050
thomas.woods@stoel.com
BENJAMIN J. CODOG, Bar No. 307034
ben.codog@stoel.com
MICHELLE J. ROSALES, Bar No. 343519
michelle.rosales@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700
Facsimile: 916.447.4781

Attorneys for Intervenors METROPOLITAN LIFE
INSURANCE COMPANY, BRIGHTHOUSE LIFE
INSURANCE COMPANY, and METLIFE REAL
ESTATE LENDING LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; and PGIM REAL ESTATE FINANCE, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ACDF, LLC; ASSEMI AND SONS, INC.; AVILA RANCH EA, LLC; BEAR FLAG FARMS, LLC; C & A FARMS, LLC; CANTUA ORCHARDS, LLC; DA REAL ESTATE HOLDINGS, LLC; FAVIER RANCH, LLC; FG2 HOLDINGS LLC; GRADON FARMS, LLC; GRANVILLE FARMS, LLC; GRANTLAND HOLDINGS NO. 1, LLC; GRANTLAND HOLDINGS NO. 2, LLC; GRANTOR REAL ESTATE INVESTMENTS, LLC; GVM INVESTMENTS, LLC; GV AG, LLC; LINCOLN GRANTOR FARMS, LLC; MARICOPA ORCHARDS, LLC; PANOCHE PISTACHIOS, LLC; SAGEBERRY FARMS, LLC; DEREK BELL; and RACHEL MARIE WHITE,<br><br>Defendants. | Case No. 1:24-cv-01102-KES-SAB<br><br>**JOINT LIMITED OBJECTION BY INTERVENORS METROPOLITAN LIFE INSURANCE COMPANY, BRIGHTHOUSE LIFE INSURANCE COMPANY, AND METLIFE REAL ESTATE LENDING LLC RE RECEIVER LANCE MILLER'S MOTION FOR ENTRY OF ORDER AUTHORIZING ENGAGEMENT AND COMPENSATION OF CAPSTONE CAPITAL MARKETS LLC AS INVESTMENT BANKER**<br><br>**[DKT. 157]**<br><br><br>Action Filed:    September 16, 2024 |

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

INTERVENORS' LIMITED OBJECTION TO CAPSTONE ENGAGEMENT

-1-

CASE NO. 1:24-CV-01102-KES-SAB

128094787.1 0053564-00653

## LIMITED OBJECTION BY INTERVENORS OF RECORD

Pursuant to the Court's February 26, 2025 Minute Order regarding Docket No. 157 (the "Receiver's Motion to Engage Capstone" or "Receiver's Motion"),[1] Intervenors Metropolitan Life Insurance Company, MetLife Real Estate Lending LLC, and Brighthouse Life Insurance Company, collectively "Intervenors," respectfully submit this limited objection to Receiver's Motion.

As an initial matter, the Receiver Lance Miller ("the Receiver") avers that his Motion is "unopposed." That is not accurate. The Receiver is in possession of Intervenors' objections and redline changes to the part of his submission adversely affecting Intervenors. In short, Intervenors object to Receiver Motion "Exhibit A," a draft side letter ("Side Letter", Dkt. 157-2) to which the Receiver, The Prudential Insurance Company of America and PGIM Real Estate Finance, LLC (collectively, "Prudential"), and its investment banker, Capstone Capital Markets LLC ("Capstone"), wish to bind Intervenors' Receiver and the Intervenors. Negotiations have begun on the Side Letter. Intervenors have shared their comments and concerns with the Intervenors' Receiver, and he has in turn communicated these concerns, as well as his own concerns with Receiver and Prudential, in the form of a blacklined version of the Side Letter, attached at Exhibit 1 hereto for the Court's information, review and entry in the record.

### 1.  Background

Receiver filed his request for *ex parte* relief, to appoint Capstone as an investment banker to assist Prudential (and Farmer Mac) in the marketing and sale of the receivership property in this case. Receiver avers that, in his business judgment, certain receivership property value could be benefitted by attempting its sale along with certain parcels of the *Intervenors'* collateral in their receivership estates in the Related Cases.[2] Intervenors discuss in section 2, *infra*, how some of this could make sense in certain situations, and Intervenors, therefore, do not disagree with the general concept applied to specified parcels. However, the details of the implementation of the concept

---

[1] Receiver Lance Miller's Motion for Entry of Order Authorizing Engagement and Compensation of Capstone Capital Markets LLC as Investment Banker.

[2] In other submissions, he reasonably avers that the value of certain other receivership property is less likely to be maximized by selling it in unified fashion, as opposed to "standalone."

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

INTERVENORS' LIMITED OBJECTION TO CAPSTONE
ENGAGEMENT
128094787.1 0053564-00653                    -2-                    CASE NO. 1:24-CV-01102-KES-SAB

contained in the Side Letter jeopardize Intervenors' collateral value and the value of the related receivership estates and impose unreasonable liability.

Receiver seeks the Court's approval and entry of the terms of the draft Side Letter for execution by Intervenors' Receiver and by the Intervenors. (See Receiver Motion, Exhibit A). The Side Letter is meant to direct and govern the incorporation of certain of *Intervenors' collateral* into the collateral package that Prudential wants Capstone to sell – at Receiver's and Prudential's sole direction and discretion. Intervenors object to the Side Letter, as drafted, because its terms effectuate Intervenors' and the Intervenors' Receiver's waiver of rights in and control to collateral held in their own receivership estates, impact collateral components unrelated to the real property parcels at issue, impose significant and unreasonable liability on the Intervenors and the Intervenors' Receiver for aspects of the Capstone Agreement and preclude the Intervenors and the Intervenors' Receiver from managing the receivership estate in a manner designed to maximize its value. Indeed, the Side Letter's overbreadth causes a complete termination of some collateral components (e.g., Poso Creek Water Company, LLC water supply and other water supply and access interests) on which other Intervenor receivership estates depend. We recall that the Parties and Court spent **hours** negotiating and consenting to receivership appointment language ensuring that a receiver could not terminate other lender collateral interests that those on which other lenders' receivership estates depend. This is one of the reasons the Intervenors required separate receivership estates.

**2.    What Is Not Objected to in the Side Letter**

In the spirit of cooperation and despite an obvious conflict of interest among the interests of the lenders involved, Intervenors do not disagree with the notion that the value of the seven (7) Assessor Parcel Numbers ("APN") identified in the Side Letter *might* be benefitted by being sold together with collateral in which other secured lenders/receivers hold the collateral interest, *so long as the Intervenors' debt is fully satisfied as a result*. One of the greatest problems with the Side Letter – aside from its termination of rights to water on which lenders' other collateral depends – is that it forces Intervenors to agree to waive their right and ability to ensure full pay-off on their loans while improving other lenders' sales position. That is, Intervenors believe that there is

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

INTERVENORS' LIMITED OBJECTION TO CAPSTONE
ENGAGEMENT
128094787.1 0053564-00653

-3-

CASE NO. 1:24-CV-01102-KES-SAB

sufficient equity in *their collateral* to satisfy the related debts, and they do not want that equity diluted by combining the parcels into a sale package with other lenders who do not enjoy the same level of debt-to-equity relationship. Nor do they want the sale of their collateral stalled because other lenders are holding out for a price that is not supported by the market.

The Side Letter, as drafted, incorporates terms that enable direct, inherent conflicts in Capstone's ability to discharge its duties to benefit Prudential's collateral and Intervenors' collateral at the same time. This is especially true where the Side Letter expressly requires Intervenors to relinquish all direction and control over the sale of their collateral to Prudential, and Prudential gets to unilaterally decide whether Intervenors' pay-off values are satisfied, or indeed whether a sale occurs at all.

**3.      What Is Objected to in the Side Letter**

All of Intervenors' specific objections to the Side Letter are provided in the redline version of the Side Letter, attached at <u>Exhibit 1</u>. Without waiving those objections, Intervenors provide the following non-exhaustive list of some of waivers and imbalanced risk allocation that prejudice Intervenors' interests:

- <u>Termination of water access on which other Intervenor receivership estates depend</u>

On Side Letter page 2, it is incorrect to suggest that the seven, incorporated APNs are the only ones benefitted by Intervenor membership interests in Poso Creek Water Company, LLC ("Poso Creek Water"). Other Intervenor APNs incorporated in other receivership estates also benefit from Poso Creek Water. (See, e.g., *Metro. Life Ins. Co. v. C & A Farms, LLC*, No. 1:24-cv-01230-KES-SAB, 2024 WL 4682416 (E.D. Cal. Nov. 5, 2024), at *4 (Dkt. 39 ¶ 2 (b)(i)). The Side Letter, in its overbreadth and failure to reasonably limit, enables Capstone's sale (at Prudential's direction) of *all* of Intervenors' Poso Creek Water interest – even as to those non-included parcels that depend on that water. Furthermore, the draft Side Letter seeks to compel the termination of a water supply agreement that has no relationship to the seven APNs listed and is used for the benefit of other Intervenor collateral which would impair the value of other collateral not involved in the proposed unified sale. (See Side Letter, Agreement to Release Liens, section c (iii)).

Other unreasonable terms include and are not limited to:

- Capstone to "take direction" on the sale "solely" from Prudential's/FMAC's Receiver regarding the sale of Intervenors' collateral;

- Prudential's/FMAC's Receiver is the sole permitted communicator with Capstone over Intervenor collateral;

- Intervenors are required to take less than their loan pay-off value, with sale proceeds and the amount thereof to be determined solely by Prudential based on its determination of the value of the Intervenors' collateral;

- Prudential is awarded sole discretion on whether to "true up" a transaction, to permit Intervenors' recovery of their pay-off values;

- Liabilities imposed on Intervenors in the Side Letter, and incorporation of obligations to release collateral not included in and unrelated to the sale of parcels;

- Intervenor liability for fees and indemnities incurred, which are significantly in excess of those fees expected to be paid in connection with the marketing of Intervenors' other collateral and not related to services provided to or value given to the subject parcels;

- Intervenor inability to object to a low-value or unproductive sale process;

- Intervenor inability to terminate the Side Letter of unlimited duration – its collateral tied up with Prudential/FMAC and Capstone indefinitely;

- Impairment of the Intervenors' right to foreclose on collateral identified in the Side Letter, no matter how long the collateral goes un-sold or how dis-favorable sale terms are to Intervenors.

Specific objections and revisions to these and other issues presented by the Side Letter are found at <u>Exhibit 1</u>. The revisions provide language ensuring that rights tightly preserved in the Related Cases and Receiver Appointment Orders are not waived for the benefit of one lender and its broker. The language Intervenors propose better ensures mutuality and fairness.

/ / /

### 4. <u>Conclusion</u>

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

INTERVENORS' LIMITED OBJECTION TO CAPSTONE
ENGAGEMENT
128094787.1 0053564-00653

-5-

CASE NO. 1:24-CV-01102-KES-SAB

1    The Motion and form of Capstone Agreement (Exhibit A to the Motion, Dkt. 157-2) provide

2    that the parties will attempt to negotiate the Side Letter.  Intervenors are willing to do so, but only

3    on terms that protect its and the receivership estate's interests as reflected in the attached edited

4    version.  Intervenors respectfully request that the Side Letter in the form attached to the proposed

5    Capstone Agreement (Exhibit A, Dkt. 157-2)  not be adopted by the Court to govern a unified sale

6    of certain collateral.  Intervenors request that, for fairness, the terms of the approved Capstone

7    Agreement, to the extent they extend to the Side Letter to Intervenors' collateral, incorporate the

8    language included in Exhibit 1.

9

10   Dated: March 3, 2025                    STOEL RIVES LLP

11

12                                          /s/ Thomas A. Woods

13                                          THOMAS A. WOODS
                                            Attorneys for Intervenors METROPOLITAN
14                                          LIFE    INSURANCE    COMPANY,
                                            BRIGHTHOUSE    LIFE    INSURANCE
15                                          COMPANY, and METLIFE REAL ESTATE
                                            LENDING LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

INTERVENORS' LIMITED OBJECTION TO CAPSTONE
ENGAGEMENT                          -6-          CASE NO. 1:24-CV-01102-KES-SAB
128094787.1 0053564-00653