Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone:   (312) 902-5200
Facsimile:    (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone:   (214) 765-3600
Facsimile:    (214) 765-3602

*Attorneys for the Receiver*
Lance Miller

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACDF, LLC, et al.<br><br>Defendants. | No. 1:24-cv-01102-KES-SAB<br><br>**NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR ENTRY OF AN ORDER FURTHER EXPANDING SCOPE OF RECEIVERSHIP**<br><br>Hearing Date:   May 5, 2025<br>Hearing Time:   1:30 p.m. PT<br><br>Objections due: April 2, 2025<br><br>Location:   Courtroom 6, 7th Floor<br>2500 Tulare Street<br>Fresno, CA 93721<br><br>Judge:   Hon. Kirk E. Sherriff<br><br>Action Filed:   September 16, 2024<br><br>**HONORABLE KIRK E. SHERRIFF** |

---

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

-1-

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **May 5, 2025, at 1:30 p.m. PT**, or as soon thereafter as the matter can be heard, in Courtroom 6, located at the Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California 93721, Lance Miller, solely in his capacity as Court-appointed receiver (the "**Receiver**"), will, and hereby does, by and through his undersigned counsel, move the Court for a further order expanding the scope of this receivership to include the vehicles, farming equipment, and implements listed on Exhibits A-1 and A-2 hereto along with all related leases, contracts, and other agreements (collectively, the "**Farming Equipment**").

In support of the requested relief, the Receiver relies upon this *Notice of Motion and Motion* (the "**Motion**"), the declaration of Lance Miller (the "**Miller Declaration**") attached hereto as Exhibit B, the other files and records in this action, and any other evidence or argument the Court may consider.

In accordance with Section I.C of this Court's Standing Order in Civil Cases, this Motion is made following conferences of counsel with:

- Jason DeJonker and Nicholas Marcus, counsel for the above-captioned Plaintiffs;
- Joseph VanLeuven and Michael Lauter, counsel for U.S. Bank National Association, the lender holding a senior secured lien on all or substantially all of the Farming Equipment; and
- Jane Kim, counsel for MOC and the MOC affiliates who are the owners of the Farming Equipment sought to be added to the receivership, which include: MOC, ACDF, LLC, Cantua Orchards, LLC, FFGT Farms, LLC, FNF Farms, LLC, Kamm South, LLC, and Panoche Pistachios, LLC.

Undersigned counsel hereby certifies that meet and confer efforts have been exhausted and the above-listed parties and counsel have indicated that they or their respective clients **do not oppose the Motion and do not request a hearing on the Motion**.

-2-

No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER
FOR ENTRY OF AN ORDER FURTHER EXPANDING SCOPE OF RECEIVERSHIP

Dated: March 19, 2025

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By:   */s/ Terence Banich*
       Terence G. Banich

*Attorneys for the Receiver,*
Lance Miller

-3-

No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER
FOR ENTRY OF AN ORDER FURTHER EXPANDING SCOPE OF RECEIVERSHIP

## MEMORANDUM OF POINTS AND AUTHORITIES

Lance Miller, solely in his capacity as Court-appointed receiver (the "**Receiver**"), files this unopposed motion (the "**Motion**") to obtain an order expanding the scope of this receivership to include the vehicles, farming equipment, and implements listed on Exhibits A-1 and A-2 hereto along with all related leases, contracts, and other agreements (collectively, the "**Farming Equipment**").[2]

### I.   Factual Background

On September 16, 2024, The Prudential Insurance Company of America and PGIM Real Estate Finance, LLC (together, the "**Prudential Lenders**") filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief* [Dkt. No. 1] initiating the above-captioned case, and on September 18, 2024, an *Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 12].

On September 25, 2024, after notice and hearing, the Court entered the *Agreed Order Appointing Receiver with Limited Authority* [Dkt. No. 51, as amended by Dkt. No. 107] and on November 7, 2024, entered the *Order Expanding Receivership and for Preliminary Injunction* [Dkt. No. 120] (the "**Receivership Order**")[3] appointing the Receiver as general receiver over the Receivership Property, which consists of, among other things, over 50,000 acres of farmland and a substantial number of pistachio and almond trees (the "**Orchards**").

Now that the 2024 harvest is complete, the Receiver must secure services necessary to prepare the Orchards for the 2025 growing season and harvest. *Declaration of Lance Miller* [Exhibit B] (the "**Miller Decl.**") ¶ 5. Although Maricopa Orchards, LLC ("**MOC**") previously performed

---

[2] Exhibit A-1 lists the Farming Equipment that the parties anticipate will be part of the lease between the Receiver and Contract Farmer, while Exhibit A-2 lists the inactive equipment proposed to be sold pursuant to the procedure set forth in this Motion. Farming Equipment may be redesignated from equipment to be leased to equipment to be sold, and vice versa, by written agreement of the Receiver and U.S. Bank.

[3] All capitalized terms used but not defined herein shall have the meanings ascribed in the Receivership Order.

-4-

No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER
FOR ENTRY OF AN ORDER FURTHER EXPANDING SCOPE OF RECEIVERSHIP

302051380

these services, it is shutting down operations and, upon information and belief, all or substantially all employees in MOC's farming division were terminated in December 2024. *Id.* To address this, the Receiver engaged in negotiations with various entities to serve as contract farmer over the Receivership Property. *Id.*

After discussions and negotiations with various parties, the Receiver chose Diversified Land Management, LLC, a company owned by MOC's now-former operations manager, to serve as contract farmer for the Receivership Property (the "**Contract Farmer**"). *Id.* ¶ 6. The Receiver's engagement of Contract Farmer will not only significantly reduce overhead expenses, but benefit certain MOC employees by providing jobs with the Contract Farmer now that their employment by MOC has terminated. *Id.* Contract Farmer began work on December 7, 2024. *Id.*

To perform its services more efficiently, Contract Farmer has requested the use of certain Farming Equipment through an approximate one-year lease agreement with the Receiver, subject to approval by U.S. Bank National Association ("**U.S. Bank**"), the lender holding a senior security interest in Farming Equipment owned by MOC and certain of its affiliates. *Id.* ¶ 7. Subject to final documentation, the Receiver consents to such leasing arrangement. *Id.* In furtherance of the arrangement, U.S. Bank has requested that the Farming Equipment be included in this receivership to streamline the process for leasing the Farming Equipment and, where appropriate, selling and liquidating both currently unutilized Farming Equipment subject to U.S. Bank's senior lien listed on Exhibit A-2 (the "**Current Inactive Equipment**"), as well as Farming Equipment that becomes unutilized at a later date (the "**Future Inactive Equipment**" and, together with the Current Inactive Equipment, the "**Inactive Equipment**"). *Id.* ¶ 8. Farming Equipment that is active and listed on Exhibit A-1 is referred to herein as the "**Active Equipment**."

At the conclusion of the lease between the Receiver and Contract Farmer, the equipment subject to such lease that comprises U.S. Bank's collateral as reflected on Exhibit A-1 shall become Inactive Equipment and subject to the sale procedure set forth herein. Similarly, if the lease with the Contract Farmer is terminated early for any reason, then, unless otherwise agreed to in writing by

-5-

No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER
FOR ENTRY OF AN ORDER FURTHER EXPANDING SCOPE OF RECEIVERSHIP

Receiver and U.S. Bank, the equipment subject to such lease that comprises U.S. Bank's collateral as reflected on <u>Exhibit A-1</u> shall become Future Inactive Equipment and subject to the sale procedure set forth herein.

The Receiver's costs associated with carrying out his obligations under the lease of U.S. Bank's collateral and his obligations under the order approving this Motion and the Receivership Order that are performed for the benefit of U.S. Bank will be offset against lease payments collected by the Receiver before the net lease proceeds are paid to U.S. Bank, *provided, however,* that only 50% of Receiver's costs and expenses associated with entering into the lease and making this motion to include the Farming Equipment in the receivership will be offset against lease payments collected by the Receiver before the net lease proceeds are paid to U.S. Bank, given that those actions also benefit the receivership estate generally by enabling the Receiver to farm the orchards comprising the receivership. The remaining 50% will be allocated to the Plaintiffs.

All Farming Equipment is owed by one or more of the following entities: MOC, ACDF, LLC, Cantua Orchards, LLC, FFGT Farms, LLC, FNF Farms, LLC, Kamm South, LLC, and Panoche Pistachios, LLC (together, the "**Consenting Parties**"). *Id.* ¶ 9. The Consenting Parties do not oppose U.S. Bank's request and support expansion of the receivership to include the Farming Equipment. *Id.*

### Proposed Sale Procedures

The Receiver requests that all sales of Inactive Equipment be subject to the following procedures (the "**Sale Procedures**") and that the Court find that such Sale Procedures fully comply with all statutory and other requirements for the sales of receivership property:

1. The Receiver will solicit requests for proposals ("**RFPs**") from at least three potential broker/liquidators. Each RFP will request that the potential broker/liquidator include estimated valuations for the Current Inactive Equipment that U.S. Bank and the Receiver will use to set an agreed value of each piece of Current Inactive Equipment. Similarly, and promptly following entry of an order approving this Motion, the Receiver will request and obtain from the brokers/liquidators

-6-

No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER
FOR ENTRY OF AN ORDER FURTHER EXPANDING SCOPE OF RECEIVERSHIP

valuations of the Active Equipment that is being leased to the Contract Farmer in anticipation of such Active Equipment later becoming Future Inactive Equipment.

2. With U.S. Bank's consent, and within sixty (60) days of entry of an order approving this Motion (or as otherwise agreed to between U.S. Bank and the Receiver), the Receiver shall retain one or more brokers, auctioneers, liquidators, or other agents (the "**Broker**") to assist him in marketing and selling the Inactive Equipment. The Receiver shall retain the Broker pursuant to paragraph 3(o) of the Receivership Order without further notice in this case or order of the Court. U.S. Bank, Receiver, and Broker shall confer and agree on a timeline and process for the sale of the Inactive Equipment. The Broker will then proceed to sell the Inactive Equipment according to such agreed timeline pursuant to the procedures set forth herein.

3. The Receiver may sell pieces of Inactive Equipment without U.S. Bank's consent; *provided, however*, that the gross sales price for such equipment is no less than 85% of the amount agreed to in advance by Receiver and U.S. Bank in consultation with the Broker (the "**Base Price**").

4. All sales of Inactive Equipment for less than the Base Price shall require the written consent of U.S. Bank; *provided, however*, that if U.S. Bank agrees to sell Inactive Equipment at public auction, no consent will be required for the final auction price.

5. The Receiver shall provide quarterly sale reports to U.S. Bank, which reports shall be filed with the Court, and provide periodic updates to U.S. Bank and the Consenting Parties regarding the Farming Equipment that has been sold and that remains in the receivership, any changes to the status of insurance on the Farming Equipment or any defaults under the lease of the Farming Equipment, the Receiver's expenses incurred in connection with the Farming Equipment that are being deducted from rent or sales proceeds derived from the Farming Equipment, and the distributions made to U.S. Bank from rent and sales proceeds.

6. The Receiver may sell Inactive Equipment in accordance with the above guidelines without further notice filed in this case or Court order. The above-captioned case and the Receiver's capacity as Court-appointed receiver shall be stated on all Bills of Sale and all sales shall be free

-7-

No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER
FOR ENTRY OF AN ORDER FURTHER EXPANDING SCOPE OF RECEIVERSHIP

and clear of all liens, claims, encumbrances, and other interests (collectively, the "**Interests**"), with such Interests to attach to the sale proceeds, net of sale-related costs and expenses, (the "**Net Proceeds**") to the same extent, and with the same priority, as existed immediately prior to the sale.

7. The Receiver shall be entitled to compensate the Broker at a rate agreed to by U.S. Bank and Receiver, and paid solely out of the proceeds of the sale of Inactive Equipment sold by the Broker without further notice or order of the Court.

8. All Net Proceeds shall be placed in a segregated account and distributed monthly to U.S. Bank.

## II.     Argument

### A.     Consensual Expansion of the Receivership

The Receivership Order authorizes the Receiver, among other things, to "make a motion or application to the Court regarding instruction or clarification in connection with the powers and scope of the receivership, Receivership Property, and this Order, including but not limited to obtaining orders further instructing the Receiver or orders clarifying the scope of the receivership or the Receivership Property." Receivership Order ¶ 3(e). Furthermore, the Court has the discretion to modify a receiver's powers. *Cf. Sec. & Exch. Comm'n v. Complete Bus. Sols. Grp., Inc.*, 44 F.4th 1326, 1333 (11th Cir. 2022) (observing, regarding order expanding receivership, "[a] receivership is fluid; its scope will often evolve as proceedings unfold. For just that reason, district courts have broad powers and wide discretion to determine relief in an equity receivership") (cleaned up; citation omitted); *WB Music Corp. v. Royce Int'l Broadcasting Corp.*, 47 F.4th 944, 953 (9th Cir. 2022) ("[A] district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad." ); *Canada Life Assur. Co. v. LaPeter,* 563 F.3d 837, 841 (9th Cir. 2009) (upholding "exercise of the district court's discretion" in entering order directing third party to turnover of property in furtherance of "administering and supervising the receivership"); *Sec. & Exch. Comm'n v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992) (the court has "broad powers and wide discretion to determine

-8-

No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER
FOR ENTRY OF AN ORDER FURTHER EXPANDING SCOPE OF RECEIVERSHIP

relief in an equity receivership"); *Sec. & Exch. Comm'n v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986) (in context of equity receivership, finding "district court's use of reasonably expeditious and efficient procedures to supervise a receivership is within its broad equitable powers"); *Sec. & Exch. Comm'n v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980) (in context of equity receivership, finding district court has inherent power to grant various forms of ancillary relief); *Sec. & Exch. Comm'n v. Complete Bus. Sols. Grp., Inc.*, No. 23-10228, 2024 WL 4100564, at *1 (11th Cir. Sept. 6, 2024) (affirming order expanding receivership, reasoning "[t]he expansion [of the receivership] serve[d] as a preliminary protective measure to safeguard assets over the course of the enforcement action."); *Sec. & Exch. Comm'n v. MJ Capital Funding, LLC*, No. 21-61644, 2021 WL 8999595 (S.D. Fla. Oct. 14, 2021) (granting motion to expand receivership estate and holding that a "district court has broad powers and wide discretion to determine relief in an equity receivership"); *Sec. & Exch. Comm'n v. Harris*, No. 3:09-CV-1809-B, 2016 WL 1555773 (N.D. Tex. Apr. 18, 2016) (granting motion to modify receiver's distribution plan because such authority "falls under the Court's inherent equitable powers").

Here, with the consent of the Consenting Parties, the Receiver seeks an order expanding the scope of this receivership to include the Farming Equipment in the Receivership Order's definition of "Receivership Property." Notwithstanding the Receivership Order's provisions regarding the Receiver's authority over Receivership Property generally, the Receiver's authority over the Farming Equipment would be limited to the authority and obligation to:

- With U.S. Bank's consent, enter into a lease of the Farming Equipment with the Contract Farmer, make such modifications thereto as the Receiver, U.S. Bank, and the Contract Farmer may agree to in writing, and promptly provide U.S. Bank with notice of the occurrence of any default under such lease;
- Pay the costs associated with the Farming Equipment, including receivership administration, maintenance, and lease costs, on a go-forward basis to conduct farming operations;

-9-

No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER
FOR ENTRY OF AN ORDER FURTHER EXPANDING SCOPE OF RECEIVERSHIP

- As set forth in paragraphs 1 through 8 above, to sell Inactive Equipment outside the ordinary course of business free and clear of Interests, with such Interests to attach to the Net Proceeds of the sale to the same extent and with the same priority as existed immediately prior to the sale; and

- With U.S. Bank's consent, either abandon or sell for scrap any Current or Future Inactive Equipment that Receiver is unable to sell pursuant to Sale Procedures without further notice or order of the Court.

For the avoidance of doubt, the carveout provided for in paragraph 11 and the indemnification provisions provided for in paragraph 24 of the Receivership Order shall also apply to the Farming Equipment and U.S. Bank specifically consents to such carveout with respect to its collateral.

The Receiver believes that expansion of the receivership to include the Farming Equipment will allow him to efficiently administer the Receivership Property and utilize the significant cost reductions associated with the engagement of Contract Farmer. Miller Decl. ¶ 10.

**B.   Guidelines for Sales of Inactive Equipment**

The Receivership Order vests the Receiver with authority to, among other things: Subject to further order of the Court, to abandon or sell Receivership Property as the Receiver may deem prudent outside of the ordinary course of the Farming Defendants' businesses.

   i.   All sales or transfers made by the Receiver shall be free of liens, claims, and encumbrances, with any such liens, claims and encumbrances attaching to the Net Proceeds therefrom subject to further order of the Court; and

   ii.  The Receiver may abandon or sell Receivership Property outside of the ordinary course of the Farming Defendants' businesses by motion, and shall obtain such order(s) from the Court and shall provide no less than fourteen (14) days' notice of such motion(s) to the Court and all parties

-10-

No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER
FOR ENTRY OF AN ORDER FURTHER EXPANDING SCOPE OF RECEIVERSHIP

> in interest in this receivership, and the lack of any written objection by such parties in interest within the fourteen-day period shall be deemed consent to such use, abandonment, or sale; [and]
>
> ***
>
> Hire…agents, employees, appraisers, guards, clerks, accountants, liquidators, auctioneers, attorneys, management companies, and consultants without cause, to administer the receivership estate, and to protect the Receivership Property as the Receiver deems reasonably necessary; to purchase insurance, materials, supplies and services and to pay therefore at the usual rate and prices out of funds that shall come into his possession; to pay the reasonable value of said services out of the proceeds of the estate or funds that come into his possession; and that no risk or obligation incurred by the Receiver shall be the personal risk or obligation of the Receiver, but shall be the risk or obligation of the receivership estate;

Receivership Order ¶ 3(d), (o).

The Receiver files this Motion in accordance with paragraph 3(d) and (o) of the Receivership Order confirming his authority to sell the Inactive Equipment free and clear of all Interests, with such interests to attach to the Net Proceeds to the same extent, and with the same priority, as existed immediately prior to the sale.

The Receiver believes, in the exercise of his sound business judgment, that sales of the Inactive Equipment pursuant to the Sale Procedures will maximize the value of the equipment for all relevant stakeholders. Miller Decl. ¶ 10. The Receiver will solicit at least three potential broker/liquidators, each of whom will be established within the industry, and obtain consent from U.S. Bank before hiring the Broker to assist him in the valuation, marketing, and sale of the Inactive Equipment, either pursuant to private sale or at public auction. *Id.* ¶ 11.

-11-

No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER
FOR ENTRY OF AN ORDER FURTHER EXPANDING SCOPE OF RECEIVERSHIP

### III. Conclusion

For all the reasons set forth above, the Receiver respectfully submits that good cause exists for the Court to enter an order in the form attached as <u>Exhibit C</u> expanding the scope of the Receivership Order to include the Farming Equipment as set forth above, approving the Sale Procedures, and granting the Receiver such other and further relief to which he may be justly entitled.

Dated: March 19, 2025

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By: */s/ Terence G. Banich*
     Terence G. Banich

*Attorneys for the Receiver,*
Lance Miller

-12-

No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER
FOR ENTRY OF AN ORDER FURTHER EXPANDING SCOPE OF RECEIVERSHIP

# PROOF OF SERVICE

**STATE OF ILLINOIS, COUNTY OF COOK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois. My business address is 525 W. Monroe St., Chicago, Illinois 60661. On March 19, 2025, I served the following document(s) described as:

**NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER FOR ENTRY OF AN ORDER FURTHER EXPANDING SCOPE OF RECEIVERSHIP**

as follows:

**[ X ]   BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed on **Exhibit 1** hereto[4] and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[ ]   BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused the document(s) to be sent from e-mail address terence.banich@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ]   BY OVERNIGHT MAIL (FedEx):**  I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ]   BY PERSONAL SERVICE:**  I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X]   E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on March 19, 2025, at Chicago, Illinois.

*/s/Terence G. Banich*
Terence G. Banich

---

[4] Exhibit 1 is a list of all entities reflected as a "secured party" in a UCC-1 lien search of all Consenting Parties performed with the office of the California Secretary of State on March 17, 2025.

-13-

No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND UNOPPOSED MOTION OF RECEIVER LANCE MILLER
FOR ENTRY OF AN ORDER FURTHER EXPANDING SCOPE OF RECEIVERSHIP

# EXHIBIT 1

The Prudential Insurance Company of America et al v. ACDF, LLC et al.
Case No. 1:24-cv-01102-KES-SAB
UCC Lien Secured Parties
Service List

AMERICAN EQUITY INVESTMENT LIFE INSURANCE
COMPANY
6000 WESTOWN PARKWAY
WEST DES MOINES, IA 50266

BRIGHTHOUSE LIFE INSURANCE COMPANY
10801 MASTIN BOULEVARD, SUITE 700
OVERLAND PARK, KS 66210

CALIFORNIA BANK & TRUST
7060 NORTH FRESNO STREET
FRESNO, CA 93720

CONTERRA AGRICULTURAL CAPITAL, LLC
5465 MILLS CIVIC PARKWAY
WEST DES MOINES, IA 50266

CONTERRA AGRICULTURAL CAPITAL, LLC
7755 OFFICE PLAZA DRIVE NORTH, SUITE 195
WEST DES MOINES, IA 50266

DEERE & COMPANY
6400 NW 86TH ST.
JOHNSTON, IA 50131

FARM CREDIT LEASING SERVICES CORPORATION
1665 UTICA AVE S, SUITE #400
MINNEAPOLIS, MN 55416

FARM CREDIT LEASING SERVICES CORPORATION
600 HWY 169 S, SUITE #300
MINNEAPOLI,S MN 55426

FEDERAL AGRICULTURAL MORTGAGE
CORPORATION
2100 PENNSYLVANIA AVE.
WASHINGTON, DC 20037

METLIFE REAL ESTATE LENDING LLC
10801 MASTIN BOULEVARD, SUITE 700
OVERLAND PARK, KS 66210

302889884

METROPOLITAN LIFE INSURANCE COMPANY
10801 MASTIN BOULEVARD, SUITE 700
OVERLAND PARK, KS 66210

METROPOLITAN LIFE INSURANCE COMPANY
10801 MASTIN BOULEVARD, SUITE 930
OVERLAND PARK, KS 66210

METROPOLITAN LIFE INSURANCE COMPANY
10801 MASTIN BOULEVARD
OVERLAND PARK, KS 66210

MUFG UNION BANK, N.A.
7108 N. FRESNO STREET, SUITE 200
FRESNO, CA 93720

MUFG UNION BANK, N.A., AS ADMINISTRATIVE AGENT
7108 N. FRESNO STREET, SUITE 200
FRESNO, CA 93720

MUFG UNION BANK, N.A., AS AGENT
7108 NORTH FRESNO AVENUE, SUITE 200
FRESNO, CA 93720

PGIM REAL ESTATE FINANCE, LLC
2100 ROSS AVENUE, SUITE 2500
DALLAS TX 75201

PRUDENTIAL MORTGAGE CAPITAL COMPANY, LLC
C/O PRUDENTIAL ASSET RESOURCES
2100 ROSS AVENUE, SUITE 2500
DALLAS, TX 75201

RABO AGRIFINANCE
14767 N OUTER 40 ROAD, SUITE 400
CHESTERFIELD, MO 63017

RABOBANK N.A.
45 RIVER PARK PLACE WEST, SUITE 401
FRESNO, CA 93720

302889884

THE BANK OF NEW YORK MELLON, A NEW YORK BANKING CORPORATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE UNDER THE RESERVE TRUST AGREEMENT FOR THE PAR U HARTFORD LIFE & ANNUITY COMFORT TRUST
2100 ROSS AVE.
DALLAS, TX 75201


THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
2100 ROSS AVENUE, SUITE 2500
DALLAS, TX 75201

U.S. BANK NATIONAL ASSOCIATION SUCCESSOR TO MUFG UNION BANK, N.A.
1850 OSBORN AVE.
OSHKOSH, WI 54902

U.S. BANK NATIONAL ASSOCIATION SUCCESSOR TO MUFG UNION BANK, N.A.
400 CITY CENTER
OSHKOSH, WI 54901

U.S. BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AGENT
1095 AVENUE OF THE AMERICAS, 15TH FLOOR
NEW YORK, NY 10036

U.S. BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AGENT
400 CITY CENTER
OSHKOSH, WI 54901

U.S. BANK NATIONAL ASSOCIATION, AS CUSTODIAN/TRUSTEE FOR FEDERAL AGRICULTURAL MORTGAGE CORPORATION PROGRAMS
1133 RANKIN STREET, SUITE 100
ST. PAUL, MN 55116


UNION BANK, N.A.
PO BOX 30115
LOS ANGELES, CA 90030

UNION BANK, N.A., AS AGENT
7108 N. FRESNO STREET, SUITE 200
FRESNO, CA 93720

302889884