**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ACDF, LLC, et al.<br><br>  Defendants. | No. 1:24-cv-01102-KES-SAB<br><br>**ORDER APPROVING SETTLEMENT AND AUTHORIZING RECEIVER TO DISTRIBUTE PROCEEDS**<br><br>(Doc. 170) |

On March 6, 2025, Lance E. Miller, solely in his capacity as Court-appointed receiver (the "**Receiver**"), filed a Notice of Proposed Distribution and Settlement, Doc. 170 (the "**Notice**"). The objection period has passed, and no objections were filed. Upon due consideration of the Notice, the Court hereby finds and concludes as follows:

A. On September 16, 2024, The Prudential Insurance Company of America and PGIM Real Estate Finance, LLC (together, the "**Prudential**") filed a Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief, Doc. 1, initiating the above-captioned case, and on September 18, 2024, an Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction, Doc. 12;

B. On September 25, 2024, after notice and hearing, the Court entered the Agreed Order Appointing Receiver with Limited Authority, Doc. 51 (as amended by Doc. 107), and on

November 7, 2024, entered the Order Expanding Receivership and for Preliminary Injunction, Doc. 120 (the "**Receivership Order**"),[1] appointing the Receiver as general receiver over the Receivership Property;

      C.    Section II of the Receivership Order authorizes the Receiver to collect and distribute certain Proceeds, subject to further Court order;

      D.    On March 6, 2025, the Receiver filed the Notice seeking entry of an Order pursuant to Section II of the Receivership Order authorizing him to make the proposed distributions set forth in the Notice and directing that any parties objecting to the proposed distributions, including those claiming an interest in the Subject Proceeds, as defined in the Notice, file a response with the Court within ten (10) days of the filing of the Notice;

      E.    Based on the Proof of Service attached to the Notice, notice regarding the Receiver's intent to distribute the Subject Proceeds was adequate and no other or further notice is necessary;

      F.    No Response was filed to the Notice with respect to the distributions listed below and such distributions are hereby deemed uncontested; and

      G.    Good cause exists to authorize the Receiver to make the distributions set forth below, subject to disgorgement solely to the extent necessary to pay the claims of Administrative Claimants, including any indemnification obligations owing pursuant to paragraph 24 of the Receivership Order.

///
///
///
///
///
///
///
///
///

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed in the Receivership Order.

Based on the foregoing it is hereby **ORDERED THAT:**

1. The distributions proposed in the Notice are approved as set forth herein;

2. The Receiver is hereby authorized to make the following distributions of Subject Proceeds:

   a. Distribution to Prudential of the Subject Proceeds: **$218,514.56**; and

   b. Distribution to U.S. Bank of the Subject Proceeds: **$122,914.44**.

3. The Future Payments from Primex to SAIR specified in the Notice are hereby approved; the Receiver shall have no further interest in the Future Payments.

4. The distributions authorized herein shall be considered indefeasible payments to the parties as set forth above, subject to disgorgement solely to the extent necessary to pay the claims of Administrative Claimants, including any indemnification obligations owing pursuant to paragraph 24 of the Receivership Order;

5. The relief granted herein is effective immediately upon entry of this Order.

IT IS SO ORDERED.

Dated:   March 19, 2025

_____
UNITED STATES DISTRICT JUDGE