1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  THE PRUDENTIAL INSURANCE            No. 1:24-cv-01102-KES-SAB
    COMPANY OF AMERICA, et al.,
12                                      **ORDER ESTABLISHING MARKETING,**
                   Plaintiffs,          **BID, AND AUCTION PROCEDURES FOR**
13                                      **RECEIVERSHIP PROPERTIES**
             v.
14                                      (Doc. 190)
    ACDF, LLC, et al.,
15
                   Defendants.
16

17

18
           On March 31, 2025, Receiver Lance Miller filed a Motion for Order Establishing
19
    Marketing, Bid, and Auction Procedures for Receivership Properties, Doc. 190 (the "**Motion**"),
20
    and calendared the Motion for hearing on May 5, 2025. On April 29, 2025, Receiver filed a
21
    Notice of Non-Opposition and Non-Objection to the Motion, noting that the only response to the
22
    Motion had been withdrawn.[1] Doc. 203. The Motion is unopposed and the deadline to oppose
23
    the Motion has passed.[2] Accordingly, the Motion is SUBMITTED without oral argument
24

25  ―――――――――――――
    [1] American Equity Investment Life Insurance Company filed a response, Doc. 198, then
26  withdrew the response, Doc. 201. No other responses were filed.

27  [2] Prior to the date on which the Motion was filed, defendants filed a separate Motion to
    Implement Procedures Coordinating Receivership Sale Processes. Doc. 173. The Court denied
28  defendants' motion at a hearing on March 31, 2025, for the reasons stated on the record. Doc.

                                        1

pursuant to Local Rule 230(g), and the hearing currently set for May 5, 2025, is VACATED.  The Court issues the following written order.

Having read and considered the Motion and the evidence submitted therewith, the now-withdrawn response thereto, and good cause appearing therefor, the Court finds that notice of the Motion was adequate under the circumstances and that the below Sale Procedures meet all statutory requirements for sales of real property by receivers within this district.  Accordingly, it is hereby **ORDERED THAT**:

The Motion is granted, and the Court hereby approves the below sale procedures (the "**Sale Procedures**") with respect to the Properties being marketed by Ca Ag Properties ("**Broker**"):

**Sale Procedures**

1.    **Marketing:**

a.    **Listing Services.** The Broker will publish the listing of the Properties on commercially reasonable sites and databases and take commercially reasonable actions to show the Properties.

b.    **Publication of Sale.** The Broker will list each proposed sale in the Fresno Bee or other local newspaper at least once per week for four weeks from the date of entry of this Order (the "**Publication Period**") in compliance with 28 U.S.C. § 2002.  Any Auction of or Sale Hearing (each as defined below) regarding a Property shall not occur before the conclusion of the Publication Period.  The publication of the sale shall include a short description of the Property(ies) and contact information for the Broker (phone number and/or website link) and state that the sale is subject to Court approval.  The date of the Auction or Sale Hearing may be undetermined at the time of publication.

c.    **Overbidding.** If the Broker receives a bid, the Broker will continue to market the subject Property for higher and better bids until the deadline to submit bids for Auction, as set forth in the Sale Notice (defined below), has passed.

---

192; *see* Doc. 194.  Defendants did not file an opposition to the present Motion.

2.    **Auction and Sale Hearing.**  If more than one bidder becomes qualified to bid for the purchase of a Property, an auction will be held by the Receiver or his designee at Ca Ag's office, 740 W. Alluvial, Suite 102, Fresno, CA  93711, at a date to be determined by the Receiver and noticed, which shall not be before the conclusion of the Publication Period (the "**Auction**").  The Receiver shall also set a hearing date before the Court for consideration of the confirmation of the terms of any sale to the successful bidder (the "**Sale Hearing**").  The Sale Hearing shall be set on a date at least three (3) days after the date of the Auction.  At the Sale Hearing, the Receiver may seek confirmation of the sale to the successful bidder and entry of an order authorizing the Receiver to sell the Properties on an "as is" basis free and clear of liens, claims, and encumbrances, other than easements, rights of way, and other senior encumbrances running with the land, to the fullest extent permitted by law (collectively, the "**Interests**") with such Interests, if any, attaching to the proceeds of the sale ("**Sale Proceeds**") with the same force and in the same priority as currently exists.  If only one bidder timely submits a qualified bid, then the Receiver will request entry of an order at the Sale Hearing without holding an Auction. For the avoidance of doubt, nothing in this Order authorizes the Receiver to sell property free and clear of Interests. Sales of properties free and clear of Interests will only occur upon further notice and order of this Court and parties' rights to object to such sale are preserved.

3.    **Qualification to Bid.**  To submit a qualified bid, a prospective purchaser must submit its bid in writing by a date noticed by the Receiver in the applicable Sale Notice and such bid must clearly include the following terms or information (a "**Qualified Bid**" and a "**Qualified Bidder**"):

a.    **Deposit.** A deposit of 10% of the purchase price which must be delivered to the Receiver with the Qualified Bid (the "**Deposit**").  The Receiver will hold the Deposit in trust or escrow pending approval of the Court.  The Deposit shall be nonrefundable unless:

i.    Another bidder is the successful bidder at Auction and the Qualified Bidder does not wish to be deemed a backup bidder; or

ii.    The Court does not approve the sale through no fault of the Qualified Bidder.

3

b.    **Contingencies.** As of the date of the Auction or Sale Hearing, as applicable, there will be no outstanding contingencies other than Court approval.

c.    **Subject to Overbid at Auction and Court Approval.** The sale is subject to overbidding at Auction, if applicable, and Court approval.

d.    **No Liability of Receiver.** The Receiver shall have no liability under any circumstances, and the Qualified Bidder's only recourse in the event of alleged breach by Receiver is return of its Deposit.

e.    **Good Faith.** The Qualified Bidder must submit with its Qualified Bid a declaration signed under penalty of perjury disclosing any connections such bidder has to the Receiver, the Broker, any owner, borrower, or insider thereof, any creditor, or other interested party, and that it has not, and will not, collude with any other potential purchasers or anyone else with respect to the sale.

f.    **Ability to Close.** A Qualified Bid must be accompanied by evidence of the bidder's financial ability to close unconditionally in form and substance satisfactory to the Receiver in his discretion in consultation with Plaintiffs.

g.    **Purchase and Sale Agreement.** The Qualified Bid shall include a signed Purchase and Sale Agreement in form and content satisfactory to the Receiver in his discretion, in consultation with Plaintiffs, indicating a readiness to immediately enter escrow. The Broker will provide a form of Purchase and Sale Agreement, and the Qualified Bidder must provide a redline with the Qualified Bid reflecting any revisions to such form.

4.    **Stalking Horse Terms.** The Receiver may, in his sole discretion and in consultation with Plaintiffs, offer incentives to initial bidders who submit Qualified Bids as defined above to serve as a "**Stalking Horse Bidder**," meaning that such bidder will submit an initial offer subject to overbid at Auction. Such Stalking Horse bids may include the following term in addition to other terms determined by the Receiver in the Receiver's discretion, in consultation with Plaintiffs:

a.    **Breakup Fee.** The Receiver may offer a breakup fee of up to 2% of the initial bid amount to a Stalking Horse Bidder that will be paid if, and only if, an overbidder other

than the Stalking Horse Bidder is the successful purchaser of the Property after Auction, Court approval, and closing of such sale.

5.    **Dates and Deadlines.** The Receiver may schedule, reschedule, continue, adjourn, extend or modify any dates and deadlines or other terms relating to any provisions of these Sale Procedures in the Receiver's discretion, in consultation with Plaintiffs, including the Auction or Sale Hearing.

6.    **Notice of Sale Hearing and Auction.** The Auction or Sale Hearing will be held after the conclusion of the Publication Period.  The Receiver will give not less than 21 days' written notice of any Auction or Sale Hearing (the "**Sale Notice**") to the parties entitled to notice in this case and to parties who have submitted a Qualified Bid.  The Sale Notice will include the initial overbid amount and initial minimum bidding increments and any other details the Receiver deems appropriate including the Plaintiffs' estimated secured loan payoff amount and the payoff amount of any junior lienholders.  The initial overbid amount must be enough to pay the breakup fee, if any, plus an increase in value, taking account of any applicable commissions, in the Receiver's discretion in consultation with Plaintiffs.  Creditors may file objections to a proposed sale not less than 7 days before the Sale Hearing.  The Receiver may file any reply not less than 2 days before the Sale Hearing.

7.    **Sale Free and Clear of Interests**. The Receiver is seeking to sell the Property(ies) free and clear of all Interests, with such Interests to attach to the Sale Proceeds to the same extent and with the same priority as existed immediately prior to the sale.  The Sale Notice filed with the Court in advance of the hearing will set forth estimated Sale Proceeds and the proposed distribution of net proceeds to occur upon closing of the proposed sale. For the avoidance of doubt, nothing in this Order authorizes the Receiver to sell property free and clear of Interests. Sales of properties free and clear of Interests will only occur upon further notice and order of this Court and parties' rights to object to such sale are preserved.

8.    **Amendments or Modifications.**  The Receiver may amend, modify, supplement, or change these Sale Procedures in the Receiver's discretion, in consultation with Plaintiffs, as necessary or appropriate to run this sales process, with all terms ultimately being subject to

5

1   Court approval at the conclusion of the Sale Hearing.

2        9.    **Credit Bidding.**  Plaintiffs have the option to credit bid the full amount of its

3   secured claims without any premium to be paid therefor.  Junior lienholders may credit bid the

4   full amount of their secured claims; however, such credit bid will only be considered a Qualified

5   Bid if accompanied by amounts sufficient to satisfy all senior liens in full at sale closing.

6        10.    **Sale Order.**  Promptly upon the conclusion of the Sale Hearing contemplated

7   herein, the Receiver will submit a sale order confirming the sale to the successful bidder free and

8   clear of all Interests, designating any backup bidders, making such other appropriate findings

9   and rulings as may be requested by the Receiver at or before the hearing, including findings

10   regarding the good faith of any Qualified Bidder, and providing that the sale shall close by such

11   date determined by the Receiver (the "**Sale Order**").  If the Receiver complies with these Sale

12   Procedures, which are consistent with 28 U.S.C. § 2001, no further motion must be filed before

13   entry of the Sale Order.

14        11.    **Compliance with Receivership Order.** Nothing in this Order is intended to, nor

15   shall, override any notice, veto, consultation or consent rights held by Plaintiffs pursuant to the

16   Receivership Order.

17

18

19   IT IS SO ORDERED.

20      Dated:  _May 1, 2025_

21                                     UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

6