**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ACDF, LLC, et al. <br><br> Defendants. | No. 1:24-cv-01102-KES-SAB <br><br> **ORDER AUTHORIZING RECEIVER TO DISTRIBUTE PROCEEDS** <br><br> Related to Dkt. No. 228 <br><br> Judge: Hon. Kirk Sherriff <br><br> Action Filed: September 16, 2024 |

Upon due consideration of the *Fourth Notice of Proposed Distribution Pursuant to Order Expanding Receivership and for Preliminary Injunction* (the "**Notice**") filed by Lance E. Miller, solely in his capacity as Court-appointed receiver (the "**Receiver**"), the Court hereby finds and concludes as follows:

A. On September 16, 2024, The Prudential Insurance Company of America and PGIM Real Estate Finance, LLC (together, the "**Prudential**") filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief* [Dkt. No. 1] initiating the above-captioned case, and on September 18, 2024, an *Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 12];

B. On September 25, 2024, after notice and hearing, the Court entered the *Agreed Order Appointing Receiver with Limited Authority* [Dkt. No. 51, as amended by Dkt. No. 107] and on November 7, 2024, entered the *Order Expanding Receivership and for Preliminary Injunction* [Dkt. No. 120 as amended by Dkt. No. 197] (the "**Receivership Order**")[1] appointing the Receiver as general receiver over the Receivership Property;

C. Section II of the Receivership Order authorizes the Receiver to collect and distribute certain Proceeds, subject to further Court order;

---
[1] All capitalized terms used but not defined herein shall have the meanings ascribed in the Receivership Order.

1    D. On August 12, 2025, the Receiver filed the Notice seeking entry of an Order pursuant to Section II of the Receivership Order authorizing him to make the proposed distributions set forth in the Notice and directing that any parties objecting to the proposed distribution, including those claiming an interest in such Proceeds, file a response with the Court within ten (10) days of the filing of the Notice;

E. Based on the Proof of Service attached to the Notice, notice regarding the Receiver's intent to distribute proceeds was adequate and no other or further notice is necessary;

F. No Response was filed to the Notice with respect to the Distributions listed below and such Distributions are hereby deemed uncontested; and

G. Good cause exists to authorize the Receiver to make the Distributions set for the below, subject to disgorgement solely to the extent necessary to pay the claims of Administrative Claimants, including any indemnification obligations owing pursuant to paragraph 24 of the Receivership Order. Based on the foregoing it is hereby

**ORDERED THAT:**

1. The distributions proposed in the Notice are approved as set forth herein;

2. The Receiver is hereby authorized to make the following distribution of Subject Proceeds (the "**Distributions**"):

    a. Distribution to Prudential Pursuant to Paragraph 18(a) of the Receivership Order: **$9,415,460**;[2]

    b. Distribution to U.S. Bank Pursuant to Paragraph 18(a) of the Receivership Order: **$3,020,323**;[3]

    c. Distribution to U.S. Bank Pursuant to Paragraph 18(b) of the Receivership Order: **$45,328**;

    d. Distribution to U.S. Bank Pursuant to Paragraph 18(c) of the Receivership Order: **$1,346,373**; and

---

[2] The overall distribution to Prudential was reduced by $54,484 on account of receivership costs. The total deduction is reflected with respect to ¶ 18(a) for ease of reference.

[3] The overall distribution to U.S. Bank was reduced by $30,647 on account of receivership costs. The total deduction is reflected with respect to ¶ 18(a) for ease of reference.

  e. Distribution to U.S. Bank Pursuant to Paragraphs 16 and 18(e) of the Receivership Order: **$3,299,942**; and[4]

  f. Distribution to Prudential on account of 2025 cherry crops: $**1,988,990**.

 3. The Distributions authorized herein shall be considered indefeasible payments to the parties as set forth above, subject to disgorgement solely to the extent necessary to pay the claims of Administrative Claimants, including any indemnification obligations owing pursuant to paragraph 24 of the Receivership Order;

 4. The relief granted herein is effective immediately upon entry of this Order.

IT IS SO ORDERED.

Dated: August 27, 2025

_____
UNITED STATES DISTRICT JUDGE

---

[4] By agreement between U.S. Bank and Bank OZK, this Order does not include approximately **$388,000** in Proceeds associated with fields allegedly subject to Bank OZK's liens. This amount will not be distributed absent agreement of the parties or further Court order. In the event a hearing on this matter is required, the Receiver will file a notice with the Court (the "**Hearing Notice**") informing parties of the hearing date. Bank OZK shall have five (5) business days' from the filing of the Hearing Notice to file a response and U.S. Bank shall have five (5) business day's from the filing of Bank OZK's response to file a reply.