Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone: (312) 902-5200
Facsimile: (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone: (214) 765-3600
Facsimile: (214) 765-3602

*Attorneys for the Receiver*
Lance Miller

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., <br><br>Plaintiffs, <br><br>v. <br><br>ACDF, LLC; ASSEMI AND SONS, INC.; AVILA RANCH EA, LLC; BEAR FLAG FARMS, LLC; C & A FARMS, LLC; CANTUA ORCHARDS, LLC; DA REAL ESTATE HOLDINGS, LLC; FAVIER RANCH, LLC; FG2 HOLDINGS LLC; GRADON FARMS, LLC; GRANVILLE FARMS, LLC; GRANTLAND HOLDINGS NO. 1, LLC; GRANTLAND HOLDINGS NO. 2, LLC; GRANTOR REAL ESTATE INVESTMENTS, LLC; GVM INVESTMENTS, LLC; GV AG, LLC; LINCOLN GRANTOR FARMS, LLC; MARICOPA ORCHARDS, LLC; PANOCHE PISTACHIOS, LLC; SAGEBERRY FARMS, LLC; DEREK BELL; and RACHEL MARIE WHITE, <br><br>Defendants | No. 1:24-cv-1102-KES-SAB <br><br>**DECLARATION OF LANCE MILLER IN SUPPORT OF NOTICE OF PROPOSED AUCTION AND SALE OF REAL PROPERTY (FAVIER)** <br><br>Related to Dkt. No. 225 <br><br>Judge: Hon. Kirk E. Sherriff <br><br>Action Filed: September 16, 2024 |

---

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

303936992

I, Lance E. Miller, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury as follows:

1. I am over the age of eighteen, am under no disability, and am competent to testify to the matters set forth herein. Except as otherwise stated, all facts set forth in this declaration are based upon my personal knowledge and/or my review of documents. If called as a witness in this case, I could and would testify competently to the facts set forth in this declaration.

2. I submit this declaration in support of the *Notice of Proposed Auction and Sale of Real Property (Favier)* [Dkt. No. 225] (the "**Sale Notice**").

3. I am the Founder and a Managing Director of Pivot Management Group, LLC ("**Pivot Group**"), a financial advisory and turnaround management firm with an office located at 1230 Rosecrans Avenue, Suite 530, Manhattan Beach, California 90266. I have more than 19 years of experience in complex receiverships, workouts, restructurings, corporate and shareholder disputes, and distressed M&A processes. As an attorney and later as a partner in distressed advisory firms (including Pivot Group), I have provided services over a multitude of industries and markets to companies, creditors, equity holders, asset purchasers, receiverships, and creditors' trusts.

4. On September 16, 2024, The Prudential Insurance Company of America and PGIM Real Estate Finance, LLC (together, the "**Prudential Lenders**") filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief* [Dkt. No. 1] initiating the above-captioned case (the "**Case**"), and on September 18, 2024, an *Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 12].

5. On September 25, 2024, after notice and hearing, the Court entered the *Agreed Order Appointing Receiver with Limited Authority* [Dkt. No. 51, as amended by Dkt. No. 107] and on November 7, 2024, entered the *Order Expanding Receivership and for Preliminary Injunction* [Dkt. No. 120, as amended and supplemented] (the "**Receivership Order**"), appointing me as receiver

over the Receivership Property (as defined in the Receivership Order). The scope of my duties under the Receivership Order include: "to assess whether a sale of the Receivership Property would maximize value, and, following that assessment and if appropriate in the Receiver's reasonable judgment, implement an organized sale process of the Receivership Property, whether in whole or part, with any sale of Receivership Property outside of the ordinary court of business subject to the Court's approval. Receivership Order § 23.

6. In the exercise of my business judgment, and in consultation with Plaintiffs, I determined to implement an organized sale process and, with Court approval [Dkt. No. 205], hired Ca Ag Properties ("**Ca Ag**") as my real estate broker in this Case.

7. In compliance with the Bidding Procedure Order, I published notice of the Auction and proposed sale in the following publications: The Business Journal, Bakersfield Californian, Madera Tribune, Merced Sun-Star, and the Visalia Times Delta, at least once weekly from approximately June 4, 2025, through June 25, 2025. *See Proof of Service by Publication* [Dkt. No. 223]. Moreover, as detailed in the *Declaration of Cameron Kay in Support of Notice of Proposed Auction and Sale of Real Property (Favier)* filed concurrently herewith, Ca Ag thoroughly marketed the Property (defined below).

8. As a result of Ca Ag's marketing efforts, and in consultation with Plaintiffs, on July 9, 2025, I signed a Purchase and Sale Agreement with Michael D. Vander Dussen and Wendy Vander Dussen, as Trustees of the Vander Dussen Family Revocable Trust dated August 12, 2004 ("Buyer") for the sale of approximately 718.06 assessed acres of land located in Merced County, California, along with associated interests, as more particularly described in the Purchase and Sale Agreement attached to the Sale Notice (the "Property"), for a purchase price of $4,689,268.50.

9. As set forth in the Sale Notice, the following guidelines were established for the proposed Auction of the Property:

| | |
|---|---|
| **Property Description:** | The Land consisting of approximately 718.06 assessed acres of land and associated interests, as more particularly described in the Purchase and Sale Agreement attached as Exhibit A, including Merced County Parcel 065-120-020 |
| **Stalking Horse Bidder:** | Michael D. Vander Dussen and Wendy Vander Dussen, as Trustees of the Vander Dussen Family Revocable Trust dated August 12, 2004 |
| **Stalking Horse Bid:** | $4,689,268.50 |
| **Stalking Horse Protections:** | $93,785.37 (2% of Stalking Horse Bid) |
| **Deadline to Submit Qualified Bids (the "Bid Deadline")** | Friday, August 29, 2025, at 5:00 p.m. PT |
| **Deadline for Receiver to Notify Bidders of Qualified Bid Status:** | Tuesday, September 2, 2025 |
| **Auction Date/Time:** | Friday, September 5, 2025, at 10:00 a.m. PT |
| **Minimum Initial Overbid at Auction:** | $4,833,053.87[2] |
| **Minimum Bid Increments at Auction (After Initial Overbid)** | $50,000.00 |
| **Deadline to File Notice of Successful Bidder with the Court:[3]** | Monday, September 8, 2025 |
| **Deadline to Object to Proposed Sale:** | Monday, September 15, 2025 |
| **Sale Hearing:** | Monday, September 22, 2025, at 1:30 p.m. PT |

10.    The Sale Notice was served to, among others: (a) Plaintiffs and their counsel; (b) Defendants and their respective counsel; (c) Buyer and all parties known to have a bona fide interest in purchasing the Property; (d) various governmental entities, including taxing and water

---

[2] Calculated as follows: $4,689,268.50+ $93,785.37 +50,000.00 = $4,833,053.87.
[3] The Notice of Successful Bidder will be filed on the Court's docket and served via ECF only.

303936992

management authorities; (e) all parties known to have asserted an Interest in the Property; and (f) the various entities that have participated in this case, including the lenders and receivers in associated receivership cases and their respective counsel.

11. The deadline to submit Qualified Bids passed on August 29, 2025, and no additional bids were received. Accordingly, I will not hold an Auction for the Property.

12. Based upon these facts, and in the exercise of my business judgment, I believe that a sale of the Property to Buyer pursuant to the terms of the Purchase and Sale Agreement is in the best interests of the receivership estate and should be approved. I do not believe that additional marketing of the Property would give rise to a higher or better offer to purchase.

13. Based on my counsel's review of public records, it appears that, as of closing, sale proceeds will be sufficient to satisfy all closing costs and liens (other than those of Plaintiffs). Plaintiffs consent to the sale.

14. I respectfully request that the Court enter an order approving the sale to Buyer free and clear of interests pursuant to the terms set forth in the Purchase and Sale Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 2, 2025
In Manhattan Beach, California

By: */s/ Lance E. Miller*
Lance E. Miller

# PROOF OF SERVICE

**STATE OF ILLINOIS, COUNTY OF COOK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois. My business address is 525 W. Monroe St., Chicago, Illinois 60661. On September 3, 2025, I served the following document(s) described as:

**DECLARATION OF LANCE MILLER IN SUPPORT OF NOTICE OF PROPOSED AUCTION AND SALE OF REAL PROPERTY (FAVIER)**

as follows:

**[ ] BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed on **Exhibit 1** and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[X] BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address janice.brooks-patton@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

ali.mojdehi@mgr-legal.com
Jsmcnutt@kerncounty.com
jon@cavalrei.com
degan@wilkefleury.com
storigiani@youngwooldridge.com
HGrossman@cozen.com
PSwain@cozen.com

**[ ] BY OVERNIGHT MAIL (FedEx):** I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed on **Exhibit 1**. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ] BY PERSONAL SERVICE:** I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X] E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on September 3, 2025, at Winnetka, Illinois.

*/s/Terence G. Banich*
Terence G. Banich

303936992