SEYFARTH SHAW LLP
M. Ryan Pinkston (SBN 310971)
rpinkston@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Jason J. DeJonker (*admitted pro hac vice*)
jdejonker@seyfarth.com
Nicholas R. Marcus (*admitted pro hac vice*)
nmarcus@seyfarth.com
233 S Wacker Dr # 8000
Chicago, IL 60606

Attorneys for Plaintiff
The Prudential Insurance Company
Of America; and PGIM
Real Estate Finance, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; and PGIM REAL ESTATE FINANCE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ACDF, LLC; et al.,<br><br>Defendant. | Case No. 1:24-cv-01102-KES-SAB<br><br>**PLAINTIFF'S JOINDER TO RECEIVER'S REPLY TO OPPOSITION OF JONATHAN REITER TO PROPOSED AUCTION AND SALE OF REAL PROPERTY (FELGER)**<br><br>Related to Dkt. Nos. 221 & 253<br><br>Hearing Date: September 8, 2025<br>Hearing Time: 1:30 p.m. PT<br><br>Location: Courtroom 6, 7th Floor<br>2500 Tulare Street<br>Fresno, CA 93721<br><br>Judge: Hon. Kirk E. Sherriff<br><br>Action Filed: September 16, 2024 |

**PLAINTIFF'S JOINDER TO RECEIVER'S REPLY TO OPPOSITION OF JONATHAN REITER TO PROPOSED AUCTION AND SALE OF REAL PROPERTY (FELGER)**

Plaintiffs The Prudential Insurance Company Of America ("**Prudential**") and PGIM Real Estate Finance, LLC ("**PGIM REF**" and together with Prudential, collectively, "**Plaintiff**"),

each in its own capacity as a lender and PGIM REF also in its capacity as special servicer for and on behalf of Par U Hartford Life & Annuity Comfort Trust, by and through their counsel, hereby file this *Joinder* (the "**Joinder**") *to Receiver's Reply* [Dkt. No. 259] (the "**Reply**") *to Opposition of Jonathan Reiter to Proposed Auction and Sale of Real Property (Felger)*, in connection with the *Notice of Proposed Auction and Sale of Real Property (Felger)* [Dkt. No. 221] (the "**Sale Notice**") and states as follows:

Plaintiff joins in the relief sought in the Sale Notice, in order to close the sale of the Felger Property to a bona fide third-party purchaser.

Plaintiff incorporates by reference and hereby joins in the arguments set forth in the Reply against the *Opposition of Jonathan Reiter* ("**Reiter**") *to Proposed Auction and Sale of Real Property (Felger)* [Dkt. No. 253] (the "**Opposition**").

As Receiver correctly identifies, there are myriad issues with Reiter's position in the Opposition, including:

1. ACDF, LLC ("**ACDF**"), the owner of the Felger Property, did not execute the Commission Agreement. As such, the Commission Agreement is not binding on ACDF or the Felger Property;

2. The Commission Agreement solely relates to "binding transaction[s] for a solar development project entered into by [Farid] Assemi." Commission Agreement, § 3. The sale of the Felger property is not a solar development project and it is not being entered into by Farid Assemi ("**Assemi**"). Therefore, not only is the Commission Agreement not binding on ACDF or the Felger Property, but the Commission Agreement, by its own terms, does not even apply to this type of transaction;

3. Per the terms of the Commission Agreement, any amount owing to Reiter is owed by Assemi personally. A non-party to the Commission Agreement cannot be liable for fees due thereunder and such fees are not secured by real property;

4. Reiter has not performed any work in connection with the sale of the Felger Property, and Receiver has made clear that he did not engage Reiter to provide services.

2

PLAINTIFF'S JOINDER TO RECEIVER'S REPLY TO OPPOSITION OF
JONATHAN REITER TO PROPOSED AUCTION AND SALE OF REAL PROPERTY (FELGER)
320123457v.1

Nonetheless, Reiter's position appears to be that he is entitled to a 15% commission on any sale of real property that includes any solar project, indefinitely, regardless of whether he was involved in the sale itself; and

5. Reiter does not argue that Plaintiff had prior notice of the Commission Agreement or is otherwise bound by it.

In short, Reiter argues that an unrecorded agreement – which was not executed by the property owner – grants him priority over a duly executed and recorded deed of trust. This is clearly at odds with the basics of real estate law and must be rejected.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that the Court overrule the Opposition, grant the relief sought in the Sale Notice, and grant any other relief the Court deems just and proper.

DATED: September 4, 2025      SEYFARTH SHAW LLP

By    /s/ Nicholas R. Marcus
Nicholas R. Marcus
Attorneys for Plaintiff

3

Plaintiff's Joinder to Receiver's Reply to Opposition of
Jonathan Reiter to Proposed Auction and Sale of Real Property (Felger)

320123457v.1