Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone:   (312) 902-5200
Facsimile:   (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone:   (214) 765-3600
Facsimile:   (214) 765-3602

*Attorneys for the Receiver*
Lance Miller

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., <br><br>    Plaintiffs, <br><br> v. <br><br> ACDF, LLC, et al. <br><br>    Defendants. | No. 1:24-cv-01102-KES-SAB <br><br> **ORDER (I) AUTHORIZING SALE OF REAL ESTATE FREE AND CLEAR OF INTERESTS; (II) AUTHORIZING THE PAYMENT OF SALE-RELATED COSTS; AND (III) GRANTING RELATED RELIEF (FELGER)** <br><br> [Related to Dkt. No. 221] |

---

[1]   Designated as counsel for service pursuant to L.R. 182(c)(1).

Before the Honorable Kirk E. Sherriff, United States District Judge, is the *Notice of Proposed Auction and Sale of Real Property* [Dkt. No. 221] (the "**Sale Notice**") filed by Lance Miller, solely in his capacity as Court-appointed receiver in the above-captioned case (the "**Receiver**") for entry of an order (a) authorizing the Receiver to sell the Property[2] free and clear of liens, claims, and encumbrances, other than easements, rights of way, and other encumbrances running with the land, to the fullest extent permitted by law (collectively, the "**Interests**") with such Interests attaching to the proceeds of the sale ("**Sale Proceeds**") with the same force and in the same priority as existed immediately prior to the Closing Date; (b) authorizing the Receiver to pay, without further order of the Court, all sale-related costs and expenses, including break-up fees (if applicable), commissions, and transaction fees (but excluding the Receiver's attorneys' fees); and (c) granting related relief. The Court hereby finds that:[3] (a) the marketing and sale of the Property was held in accordance with the *Order Establishing Marketing, Bid, and Auction Procedures for Receivership Properties* [Dkt. 204] (the "**Bidding Procedures Order**"); (b) it has jurisdiction over the Property and the parties in this case, including exclusive jurisdiction over the administration, control, and possession of the Property; (c) it has the statutory authority to enter this Order, including pursuant to 28 U.S.C. § 2001 and Rule 55 of the Federal Rules of Civil Procedure; and (d) due and proper notice of the Sale Notice was given and no other or further notice is necessary. The Court further finds that:

A.   This Order constitutes a final order. Notwithstanding Rule 54(b) of the Federal Rules of Civil Procedures, the Court expressly finds that there is no just reason for delay in the implementation of this Order.

---

[2] Capitalized terms used herein shall have the meanings ascribed in the Purchase and Sale Agreement attached hereto as **Exhibit A** (the "**PSA**")

[3] The findings and conclusion set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure. To the extent a finding of fact constitutes a conclusion of law, or a conclusion of law a finding of fact, they are adopted as such. The Court's finding and conclusions set forth on the record at the Sale Hearing are incorporated herein by reference.

B.    The Court entered the Bidding Procedures Order on May 1, 2025, that, among other things, established the procedures in connection with the marketing, auction, and sale of the Property (the "**Bidding Procedures**") and granted related relief.

C.    As demonstrated by (i) the testimony and other evidence submitted by declaration and adduced at the Sale Hearing, including the declarations submitted by Lance Miller and Cameron Kay and (ii) the representations of counsel made on the record at the Sale Hearing, all aspects of the sale process, including notice thereof, have been conducted in compliance with the Bidding Procedures and Bidding Procedures Order.

D.    In compliance with the Bidding Procedure Order, the Receiver published notice of the proposed sale in the following publications: The Business Journal, Bakersfield Californian, Madera Tribune, Merced Sun-Star, and the Visalia Times Delta, at least once weekly from approximately June 4, 2025, through June 25, 2025. *See Proof of Service by Publication* [Dkt. No. 223].

E.    The Receiver has demonstrated good, sufficient, and sound business purpose and justifications for the sale and other transactions contemplated in the PSA, and such actions are an appropriate exercise of the Receiver's business judgment and in the best interest of the receivership estate.

F.    The Receiver conducted the marketing and auction process in accordance with the order appointing the Receiver in this case (as amended, the "**Receivership Order**"), the Bidding Procedures, and the Bidding Procedures Order.  The marketing and auction process set forth in the Bidding Procedures Order afforded a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Property, and Receiver afforded potential purchasers a full and fair opportunity to make higher and better offers for the Property.

G.    The Receiver conducted the sale process for the Property without engaging in any collusion and in accordance with the Bidding Procedure and the Bidding Procedures Order. Following the Bid Deadline, the Receiver determined in the sound exercise of his business judgment, in consultation with Plaintiffs, that Mallvinder Singh Kahal ("**Buyer**") submitted the highest or otherwise best offer for the Property.

H. The Receiver and Buyer have acted at arm's length and in good faith with respect to the proposed sale, and the Purchase Price represents the highest or otherwise best offer for the Property. The Receiver's determination that the PSA executed by Buyer constitutes the highest and best offer for the Property constitutes a valid and sound exercise of the Receiver's business judgment.

I. The purchase price for the Property constitutes (i) reasonably equivalent value under the Uniform Fraudulent Transfer Act, (ii) fair consideration under the Uniform Fraudulent Conveyance Act, and (iii) reasonably equivalent value, fair consideration, and fair value under any other applicable laws of the United States, any state, territory or possession of the United States or the District of Columbia.

J. Except as expressly set forth in the PSA, the Buyer shall have no liability, responsibility, or obligations of any kind or nature whatsoever for any Interest of or against the Defendants, or otherwise related to the Property, by reason of the transfer of the Property to the Buyer. The Buyer is not acquiring or assuming any Interest, except as expressly set forth in the PSA.

K. Pursuant to this Order and the Receivership Order, the Receiver has full power and authority to execute, deliver, and perform the obligations under the PSA and all other documents and transactions contemplated thereby and no consents or approvals, other than those expressly provided for herein or in the PSA, are required for the Receiver to consummate the sale transaction. As of the Closing Date, the transfer of the Property to the Buyer will be a legal, valid, and effective transfer thereof, and vests the Buyer with all right, title, and interest of the Defendants and the Receiver in and to the Property free and clear of all Interests accruing or arising any time prior to the Closing Date, except as expressly set forth in the PSA.

L. Sale of the Property other than free and clear of Interests, and without the protections of this Order, would impact materially and adversely the value the Receiver would be able to obtain for the Property. In addition, Plaintiffs have consented to the sale of the Property free and clear of their respective Interests. Other holders of Interests, if any, who did not object, or who withdrew their objections, to the Sale Notice are deemed to have consented. Therefore, approving of the PSA

and the consummation of the sale of the Property free and clear of Interests is appropriate under 28 U.S.C. § 2001, the Receivership Order and the interests of equity, and is in the best interests of the Receivership estate, creditors, and other parties in interest.

M.   Buyer is the designated Successful Bidder and the Buyer's PSA is designated as the Successful Bid in accordance with the Bidding Procedures.

N.   The Receiver's (i) publication of notice of the opportunity to purchase the Property, the Bidding Procedures, and solicitation of bids for the Property as set forth above and (ii) solicitation of bids for the Property through the Receiver's and his professionals' efforts to market the Property establish the Receiver's satisfaction of the public sale requirements in 28 U.S.C. §§ 2001 and 2002. To the extent the Receiver has not fully satisfied the provisions of 28 U.S.C. §§ 2001 and 2002, he is excused from compliance for cause shown.

Accordingly, it is hereby:

**ORDERED** that the Receiver's request to sell the Property is granted as set forth herein and all objections to the Sale Notice, to the extent not resolved or withdrawn on the record, are overruled on the merits. All persons and entities who received notice of the Sale Notice and/or the Sale Hearing that failed to timely object thereto are deemed to have consented to the relief sought in the Motion and set forth in this Order;

**IT IS FURTHER ORDERED** that the Receiver is authorized to enter into and consummate the transactions set forth in the PSA with Buyer or its assignee as the Successful Bidder in accordance with the Bidding Procedures Order. The Receiver is authorized to act on behalf of Defendants in connection with the sale and conveyance of title to the Property to Buyer and no other consents or approvals are necessary or required for the Receiver to carry out the sale and conveyance. All persons and entities are hereby prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Receiver to sell and transfer the Property in accordance with the terms of this Order or the PSA.

**IT IS FURTHER ORDERED** that the Receiver is authorized to sell the Property pursuant to the terms of the PSA;

1    **IT IS FURTHER ORDERED** that the Receiver is authorized to sell the Property to Buyer
2    free and clear of Interests, with such Interests attaching to the Sale Proceeds with the same force
3    and in the same priority as existed immediately prior to the Closing Date;

4    **IT IS FURTHER ORDERED** that the Receiver is authorized to pay, without further Court
5    order, all sale-related costs and expenses, including closing costs, real estate taxes, title insurance,
6    prorations, recording fees, and commissions (but specifically excluding attorneys' fees);

7    **IT IS FURTHER ORDERED** that, after satisfying all senior Interests, if any, the Receiver
8    is authorized to pay, without further Court order, the net proceeds of the sale to Plaintiffs in partial
9    satisfaction of their liens.

10   **IT IS FURTHER ORDERED** that the Receiver is authorized to enter into any documents
11   reasonably necessary or desirable to implement the terms of this Order and effectuate the sale of the
12   Property and to take all further actions as may reasonably be requested by Buyer for the purposes
13   of assigning, transferring, granting and conveying to the Buyer, as may be necessary or appropriate
14   to the performance of the Receiver's obligations hereunder. The Receiver is also authorized to
15   execute any documents on behalf of the Defendants to the extent necessary to complete;

16   **IT IS FURTHER ORDERED** that Property shall be transferred on an "AS IS," "WHERE,
17   IS," and "WITH ALL FAULTS" basis. All sale documents shall provide language substantially
18   similar to the following: "Buyer acknowledges and agrees that Buyer is purchasing the Property
19   'as-is', 'where-is', and 'with all faults' as of the Closing Date, and Buyer further acknowledges and
20   agrees that Seller hereby expressly disclaims any and all implied warranties concerning the
21   condition, value and quality of the Property and any portions thereof, including, but not limited to,
22   the implied warranties of habitability, merchantability, or fitness for a particular purpose. Buyer
23   acknowledges that no warranty has arisen through trade, custom or course of dealing with Seller;"

24   **IT IS FURTHER ORDERED** that the holders of any Interests in the Property shall be
25   prohibited from pursuing or asserting such Interests against Buyer, any of its assets, property,
26   successors or assigns, or the Property.

27   **IT IS FURTHER ORDERED** that, except with prior leave of this Court, all persons or
28   entities with notice of this Order are prohibited from (a) commencing, prosecuting, continuing or

enforcing any action against the Receiver related to the Property or the Sale Proceeds (except that such actions may be filed, but not prosecuted, to toll any statute of limitations), (b) taking any action to interfere with the Receiver's management, control or possession of the Property or the Sale Proceeds, or (c) interfering in any manner with the exclusive jurisdiction of this Court over the Property or the Sale Proceeds.

**IT IS FURTHER ORDERED** that, on and after the Closing Date, any persons holding an Interest shall execute such documents and take all other actions as may be reasonably necessary to further demonstrate the release of their respective Interests in the Property, as such Interests may have been recorded or otherwise filed. Buyer may, but shall not be required to, file a certified copy of this Sale Order in any filing or recording office in any federal, state, county or other territory or jurisdiction in which Property is located, or with any other appropriate clerk or recorded with any other appropriate recorder, and such filing or recording shall be accepted and shall be sufficient to release, discharge, and terminate any of the Interests as set forth in this Sale Order as of the Closing Date. All persons and entities that are in possession or control of any portion of the Property on the Closing Date shall promptly surrender possession and control thereof to the Buyer on, or as soon as reasonably practicable after, the Closing Date.

**IT IS FURTHER ORDERED** that the Receiver shall serve a copy of this Order on all parties known to have asserted an Interest in the Property. The Receiver is authorized to file a copy of this Order in any court where an action is pending involving the Property.

**IT IS FURTHER ORDERED** that nothing contained herein shall prevent the Receiver from seeking additional relief from this Court related to the PSA, the Property, or the Sale Proceeds.

**IT IS FURTHER ORDERED** that this Order and the terms and provisions of the PSA shall be binding on Defendants, all of Defendants' creditors (whether known or unknown), Buyer, and their respective affiliates, successors and assigns, and any affected third parties, including, but not limited to, all persons asserting any interest in the Property. The provisions of this Order and the terms and provisions of the PSA, and any actions taken pursuant hereto or thereto, shall survive the entry of any order for relief under title 11 of the United States Code, and shall be binding on Defendants and their successors and assigns, including any debtor-in-possession or any trustee

appointed under title 11 of the United States Code, or similar custodian or fiduciary appointed over Defendants or their assets.

**IT IS FURTHER ORDERED** that this Order shall be effective immediately upon entry.

**IT IS FURTHER ORDERED** that this Court shall retain exclusive jurisdiction over any disputes arising from or related to the Property, the PSA, or the implementation or interpretation of this Order.

IT IS SO ORDERED.

Dated:   September 8, 2025

UNITED STATES DISTRICT JUDGE