1  Terence G. Banich (SBN 212173)[1]
   terence.banich@katten.com
2  **KATTEN MUCHIN ROSENMAN LLP**
   525 W. Monroe St.
3  Chicago, IL 60661-3693
   Telephone:    (312) 902-5200
4  Facsimile:    (312) 902-1061

5  John E. Mitchell (*pro hac vice*)
   Michaela C. Crocker (*pro hac vice*)
6  **KATTEN MUCHIN ROSENMAN LLP**
   2121 North Pearl St., Ste. 1100
7  Dallas, TX 75201-2591
   Telephone:    (214) 765-3600
8  Facsimile:    (214) 765-3602

9  *Attorneys for the Receiver*
   Lance Miller

10

11 **UNITED STATES DISTRICT COURT**

12 **EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., | No. 1:24-cv-01102-KES-SAB |
| Plaintiffs, | **STIPULATION AND AGREED ORDER TO WAIVE THE PROVISIONS OF 28 U.S.C. §§ 2001 AND 2002 IN CONNECTION WITH RECEIVER'S PROPOSED SALE OF CERTAIN REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES TO CORONADO DAIRY FARMS, LLC** |
| v. | |
| ACDF, LLC; ASSEMI AND SONS, INC.; AVILA RANCH EA, LLC; BEAR FLAG FARMS, LLC; C & A FARMS, LLC; CANTUA ORCHARDS, LLC; DA REAL ESTATE HOLDINGS, LLC; FAVIER RANCH, LLC; FG2 HOLDINGS LLC; GRADON FARMS, LLC; GRANVILLE FARMS, LLC; GRANTLAND HOLDINGS NO. 1, LLC; GRANTLAND HOLDINGS NO. 2, LLC; GRANTOR REAL ESTATE INVESTMENTS, LLC; GVM INVESTMENTS, LLC; GV AG, LLC; LINCOLN GRANTOR FARMS, LLC; MARICOPA ORCHARDS, LLC; PANOCHE PISTACHIOS, LLC; SAGEBERRY FARMS, LLC; DEREK BELL; and RACHEL MARIE WHITE, | Hearing Date:  No hearing required |
| | Judge:   Hon. Kirk E. Sherriff |
| | Action Filed:   September 16, 2024 |
| Defendants. | |

---

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

The following *Stipulation and Agreed Order to Waive Requirements of 28 U.S.C. §§ 2001 and 2002 in Connection with Receiver's Proposed Sale of Certain Real Property Free and Clear of Liens, Claims, and Encumbrances to Coronado Dairy Farms, LLC* (the "**Stipulation**") is made and agreed to by (i) Lance Miller, solely in his capacity as Court-appointed receiver (the "**Receiver**") over the Property; (ii) the Plaintiffs holding a first lien on the Property;[2] and (iii) the Farming Defendants (as defined in the Receivership Order), including the Defendant record owner of the Property (collectively with the Receiver and Plaintiffs, the "**Parties**"), by and through their respective counsel of record, and in reliance on and with respect to the following facts, hereby agree and stipulate as follows:

A. On or about January 28, 2020, Maricopa Orchards, LLC ("**MOC**") and Coronado Dairy Farms, LLC ("**Tenant**" or "**Buyer**," as the context dictates) entered into that certain Dairy Lease (as amended, the "**Lease**") that includes an operating dairy facility and related housing (the "**Dairy Facility**") and approximately 700 acres of agricultural property (the "**Farm Ground**"). With respect to the Dairy Facility, the Lease had an initial term of five years, with the option to extend for five additional periods of five years each, and is currently in effect through January 28, 2030, subject to further renewals through 2040. With respect to the Farm Ground, the Lease had an initial term through December 31, 2020, and thereafter runs on a year-by-year basis by mutual written agreement. Based on information and belief, Buyer is currently milking approximately 5,300 head of cattle, not including support animals and calves on the Property, that would need to be relocated if the Property, particularly the Dairy Facility, was sold to a third party and the Lease successfully rejected.

B. On September 16, 2024, The Prudential Insurance Company of America and PGIM Real Estate Finance, LLC (together, the "**Plaintiffs**") filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief* [Dkt. No. 1] initiating the above-captioned case, and on September 18, 2024, an

---

[2] The Receiver is not currently aware of any liens other than Plaintiffs that will not be paid at closing.

*Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 12].

C.   On September 25, 2024, after notice and hearing, the Court entered the *Agreed Order Appointing Receiver with Limited Authority* [Dkt. No. 51, as amended by Dkt. No. 107] and on November 7, 2024, entered the *Order Expanding Receivership and for Preliminary Injunction* [Dkt. No. 120, as further amended] (the "**Receivership Order**") appointing the Receiver as receiver over the Receivership Property (as defined in the Receivership Order). The scope of the Receiver's duties under the Receivership Order includes "to assess whether a sale of the Receivership Property would maximize value, and, following that assessment and if appropriate in the Receiver's reasonable judgment, implement an organized sale process of the Receivership Property, whether in whole or part, with any sale of Receivership Property outside of the ordinary course of business subject to the Court's approval." Receivership Order ¶ 23.

D.   The Receiver has received an offer from Coronado Dairy Farms LLC, as Buyer, to purchase Tulare County Parcels 200-160-005, 200-160-006, 200-160-013, 200-160-014, 200-160-016, 200-190-004, 200-190-006, 200-190-007, 200-160-002, 200-160-009, 200-160-010, 200-160-012 and 200-160-007 (collectively, the "**Land**") together with all the Receiver's interests in the improvements; fixtures; appurtenant rights, specifically including all water; crops; and oil, gas and mineral rights associated with the Land held by the Seller (together with the Land, the "**Property**") for a purchase price of $19.4 million.[3] The Property includes the Dairy Facility and the Farm Ground subject to the Lease.

E.   Based on these facts, as well as those set forth in the sale motion filed concurrently herewith, the Parties agree that Buyer is the logical purchaser for the Property and that the proposed purchase price is market based and appropriate. Moreover, a sale to Buyer will avoid the legal fees associated with the potential rejection of the Lease if a third party were to purchase the Property. Accordingly, Plaintiffs and Farming Defendants each consent to a private sale of the Property to

---

[3] Buyer also seeks to purchase APN 220-130-49 from Maricopa Orchards, LLC. The Maricopa Parcel is not Receivership Property and will be sold pursuant to a separate purchase and sale agreement between Buyer and Maricopa Orchards, LLC.

Buyer outside the confines of 28 U.S.C. §§ 2001 and 2002. Approval of the sale, if any, will be subject to a separate order of the Court.

F. Based on preliminary title reports, the Receiver believes that the sale proceeds derived from the Property will be sufficient to pay in full, at closing, all taxes, assessments, and customary closing costs, as well as any senior liens held by entities other than Plaintiffs.

G. Given prevailing market rates in the area and the circumstances surrounding the Property, the Parties have determined, in their reasonable business judgment, that compliance with the provisions of 28 U.S.C. §§ 2001 and 2002 is not likely to result in an increased offer for the Property and would only result in unnecessary delay and costs.

H. Accordingly, and without waiving any rights with respect to future sales, the Parties hereby agree to waive the provisions of 28 U.S.C. §§ 2001 and 2002 with respect to the Property to permit the private sale of the Property to Buyer to move forward in an expeditious manner.

## **STIPULATION AND AGREED ORDER**

Accordingly, and in consideration of the foregoing, the Parties hereby STIPULATE and AGREE as follows, and the Court hereby ORDERS:

1. The above recitals are incorporated by reference into this Stipulation and Agreed Order with the same force and effect as if fully set forth herein.

2. Based upon the agreement of the Parties, the Receiver is hereby excused from compliance with the provisions of 28 U.S.C. §§ 2001 and 2002 in connection with the Receiver's private sale of the Property to Buyer.

3. The Parties retain and reserve any and all other of their respective rights arising in connection with this Case, including with respect to future sales of Receivership Property.

IT IS SO ORDERED.

Dated:   September 12, 2025                                   _____
                                                              UNITED STATES DISTRICT JUDGE

**AGREED TO BY:**

**COUNSEL FOR RECEIVER LANCE MILLER**

By: */s/ Terence G. Banich*
    Terence G. Banich

**KATTEN MUCHIN ROSENMAN LLP**
Terence G. Banich #212173
525 W. Monroe St.
Chicago, IL 60661
Phone: (312) 902-5665

John E. Mitchell (admitted *pro hac vice*)
Michaela Crocker (admitted *pro hac vice*)
2121 North Pearl Street, Suite 1100
Dallas, TX 75201
Phone: (214) 765-3600

**COUNSEL TO PLAINTIFFS THE PRUDENTIAL INSURANCE COMPANY OF AMERICA AND PGIM REAL ESTATE FINANCE, LLC**

By: */s/ Nicholas Marcus*
    Nicholas R. Marcus

**SEYFARTH SHAW LLP**
Jason J. DeJonker (admitted pro hac vice)
Nicholas R. Marcus (admitted pro hac vice)
233 S Wacker Dr # 8000
Chicago, IL 60606

**COUNSEL TO THE FARMING DEFENDANTS**

By: */s/ Riley Walter*
    Riley Walter

**WANGER JONES HELSLEY PC**
Riley C. Walter (Cal. Bar No. 91839)
Ian J. Quinn (Cal. Bar No. 342754)
265 E. River Park Circle, Suite 310
Fresno, California 93720