Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone:  (312) 902-5200
Facsimile:   (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone:  (214) 765-3600
Facsimile:   (214) 765-3602

*Attorneys for the Receiver*,
Lance Miller

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ACDF, LLC, et al., <br><br> Defendants. | No. 1:24-cv-01102-KES-SAB <br><br> **RECEIVER'S NOTICE OF FEE ALLOCATION FOR SEPTEMBER AND OCTOBER 2024** |

---

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

Lance Miller, solely in his capacity as the duly appointed receiver (the "**Receiver**") over the Receivership Property, as defined in the *Order Expanding Receivership and for Preliminary Injunction* [Dkt. No. 120] (the "**Receivership Order**"),[2] hereby submits this *Notice of Fee Allocation for September and October 2024* (the "**Fee Allocation Notice**").

## I.     INTRODUCTION

### A.     Overview

On September 16, 2024, The Prudential Insurance Company of America and PGIM Real Estate Finance, LLC (together, the "**Prudential Lenders**") filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief* [Dkt. No. 1] initiating the above-captioned case (this "**Case**"), and on September 18, 2024, an *Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 12].

On September 25, 2024, after notice and hearing, the Court entered the *Agreed Order Appointing Receiver with Limited Authority* [Dkt. No. 51, as amended by Dkt. No. 107] (the "**Limited Receivership Order**") and on November 7, 2024, entered the Receivership Order appointing the Receiver as general receiver over the Receivership Property, which consists of, among other things, over 50,000 acres of farmland and a substantial number of pistachio and almond trees.

### B.     Retention of Professionals

On December 19, 2024, the Court entered the following orders:

- *Order Authorizing Employment of Cutts Law, PC as Special Counsel Effective as of October 29, 2024* [Dkt. No. 133], authorizing the Receiver to employ Cutts Law, PC ("**Cutts Law**") to serve as water-rights counsel and to assist the Receiver in other sale-related matters;

---

[2]   All capitalized terms used but not defined herein shall have the meanings ascribed in the Receivership Order.

- *Order Authorizing Employment of Katten Muchin Rosenman, LLP as Counsel Nunc Pro Tunc* [Dkt. No. 134], authorizing the Receiver to employ Katten Muchin Rosenman, LLP ("**Katten**") as his general counsel; and

- *Order Granting Unopposed Motion of Receiver Lance Miller for Order Establishing Procedures for Allowance of Compensation and Reimbursement of Expenses* [Dkt. No. 135] (the "**Compensation Procedures Order**").

The Receiver's employment of Pivot Management Group, LLC ("**Pivot**") as his financial advisor was approved by the Court in the Receivership Order. Receivership Order ¶ 3(u).

### C. Compensation Procedures

The Compensation Procedures Order permits the Receiver and his professionals to file and serve on the Notice Parties (*i.e.*, the Plaintiffs, the Farming Defendants, and all parties receiving ECF notice in this Case) a Monthly Statement of the fees and expenses incurred for the prior month. Compensation Procedures Order ¶ 3(a)-(d). The Receiver is authorized to pay all fees and expenses subject to a Monthly Statement upon the filing of such Monthly Statement (each, an "**Interim Payment**"). *Id.* ¶ 3(b). Interim Payments are deemed conditionally allowed by the Court until the Court reviews and allows such fees and expenses on a final basis pursuant to the Quarterly Fee Motion procedures, discussed below. *Id.*

## II. Periodic Statements

On October 22, 2024, the Receiver filed his First Periodic Statement of Fees and Expenses [Docket No. 72], and on November 1, 2024, the Receiver filed his Second Periodic Statement of Fees and Expenses [Docket No. 111] (together, the "**Fee Statements**"). The Fee Statements collectively covered the fees and expenses of the Receiver and his professionals through October 31, 2024 as follows:

### A. *First Periodic Statement of Fees and Expenses*

1. Lance Miller: $10,000.00
2. Pivot: $297,097.44
3. Katten: $111,213.50

### B. Second Periodic Statement of Fees and Expenses

1. Lance Miller: $82,287.50
2. Pivot: $317,094.20
3. Katten: $214,908.00

Pursuant to the Receivership Order, the compensation, costs, and expenses of the Receiver and his professionals that (a) are incurred through October 31, 2024, and (b) "the Receiver determines arise thereafter as a result of the Receiver's discharge of his duties arising under . . . Section II or any remaining completion of harvest of Farming Defendants' 2024 crops (which determination shall be made by Receiver in his reasonable discretion) (the "**Receivership Costs**")" were agreed to be allocated as follows: (a) 36% shall be paid by U.S. Bank and (b) 64% shall be paid by the Prudential Lenders.  Receivership Order ¶ 19.

Following the Receiver's filing of the Fee Statements, the Receiver reallocated the fees and expenses set forth therein pursuant to Paragraph 19 of the Receivership Order.  The Receiver files this Fee Allocation Notice and sets forth below the reallocation of fees and expenses in connection with the Fee Statements:[3]

### A. First Periodic Statement of Fees and Expenses

1. Lance Miller:
   a) The Prudential Lenders: $6,400.00
   b) U.S. Bank: $3,600.00
2. Pivot:
   a) The Prudential Lenders: $47,506.85
   b) U.S. Bank: $26,722.60
3. Katten:
   a) The Prudential Lenders: $71,176.64
   b) U.S. Bank: $40,036.86

---

[3] The fees and expenses of Pivot in the Fee Statements do not match, on a monthly basis, the amounts set forth herein because the Fee Statements covered periods that do not align neatly with calendar months.  Accordingly, for purposes of this Fee Allocation Notice, fees and expenses have been attributed to the relevant calendar months rather than the Fee Periods defined in the Fee Statements.

**B. Second Periodic Statement of Fees and Expenses**

1. Lance Miller:
   a) The Prudential Lenders: $52,664.00
   b) U.S. Bank: $29,623.50
2. Pivot:
   a) The Prudential Lenders: $345,575.80
   b) U.S. Bank: $194,386.39
3. Katten:
   a) The Prudential Lenders: $137,541.12
   b) U.S. Bank: $77,366.88

## III.     CONCLUSION

WHEREFORE, Receiver respectfully submits this Fee Allocation Notice as of the date written below.

Dated: October 9, 2025

Respectfully submitted,
**KATTEN MUCHIN ROSENMAN LLP**

By: /s/Terence G. Banich
        Terence G. Banich
*Attorneys for the Receiver*
Lance Miller

PROOF OF SERVICE

**STATE OF ILLINOIS, COUNTY OF COOK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois. My business address is 525 W. Monroe St., Chicago, Illinois 60661. On October 9, 2025, I served the following document(s) described as:

**RECEIVER'S NOTICE OF FEE ALLOCATION FOR SEPTEMBER AND OCTOBER 2024**

as follows:

**[ ]   BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[ ]   BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address terence.banich@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ]   BY OVERNIGHT MAIL (FedEx):** I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ]   BY PERSONAL SERVICE:** I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X]   E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on October 9, 2025, at Winnetka, Illinois.

*/s/Terence G. Banich*
Terence G. Banich