Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone:   (312) 902-5200
Facsimile:   (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone:   (214) 765-3600
Facsimile:   (214) 765-3602

*Attorneys for the Receiver*,
Lance Miller

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ACDF, LLC, et al., <br><br> Defendants. | No. 1:24-cv-01102-KES-SAB <br><br> **RECEIVER'S NOTICE OF FEE ALLOCATION FOR THIRD AND FOURTH PERIODIC STATEMENTS OF FEES AND EXPENSES** |

---

[1]   Designated as counsel for service pursuant to L.R. 182(c)(1).

1

No. 1:24-cv-01102-KES-SAB
RECEIVER'S NOTICE OF FEE ALLOCATION FOR THIRD AND
FOURTH PERIODIC STATEMENTS OF FEES AND EXPENSES

303445708

Lance Miller, solely in his capacity as the duly appointed receiver (the "**Receiver**") over the Receivership Property, as defined in the *Order Expanding Receivership and for Preliminary Injunction* [Dkt. No. 120] (the "**Receivership Order**"),[2] hereby submits this *Notice of Fee Allocation for Third and Fourth Periodic Statements of Fees and Expenses* (the "**Fee Allocation Notice**").

## INTRODUCTION

### A. Overview

On September 16, 2024, The Prudential Insurance Company of America and PGIM Real Estate Finance, LLC (together, the "**Prudential Lenders**") filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief* [Dkt. No. 1] initiating the above-captioned case (this "**Case**"), and on September 18, 2024, an *Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 12].

On September 25, 2024, after notice and hearing, the Court entered the *Agreed Order Appointing Receiver with Limited Authority* [Dkt. No. 51, as amended by Dkt. No. 107] (the "**Limited Receivership Order**") and on November 7, 2024, entered the Receivership Order appointing the Receiver as general receiver over the Receivership Property, which consists of, among other things, over 50,000 acres of farmland and a substantial number of pistachio and almond trees.

On April 8, 2025, the Court entered that certain *Order Further Expanding Scope of Receivership* [Dkt. No. 197] (the "**Further Expanded Receivership Order**"), expanding the Receiver's authority to U.S. Bank's collateral, in particular, the Farming Equipment, as defined in the Further Expanded Receivership Order.

On November 27, 2024, the Federal Agricultural Mortgage Corporation ("**Farmer Mac**") filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief* [Case No. 1:24-cv-01455-KES-

---

[2] All capitalized terms used but not defined herein shall have the meanings ascribed in the Receivership Order.

2

No. 1:24-cv-01102-KES-SAB
**RECEIVER'S NOTICE OF FEE ALLOCATION FOR THIRD AND FOURTH PERIODIC STATEMENTS OF FEES AND EXPENSES**

303445708

SAB, Dkt. No. 1] (the "**Farmer Mac Case**"), and *an Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 15].

On January 3, 2025, after the notice period passed without objection, the Court entered the *Order Appointing Receiver and for Preliminary Injunction* [Farmer Mac Case, Dkt. No. 29] (the "**Farmer Mac Receivership Order**") appointing the Receiver as general receiver over the Receivership Property, as defined in the Farmer Mac Receivership Order. Farmer Mac Receivership Order ¶ 1.

**B. Retention of Professionals**

On December 19, 2024, the Court entered the following orders:

- *Order Authorizing Employment of Cutts Law, PC as Special Counsel Effective as of October 29, 2024* [Dkt. No. 133], authorizing the Receiver to employ Cutts Law, PC ("**Cutts Law**") to serve as water-rights counsel and to assist the Receiver in other sale-related matters;

- *Order Authorizing Employment of Katten Muchin Rosenman, LLP as Counsel Nunc Pro Tunc* [Dkt. No. 134], authorizing the Receiver to employ Katten Muchin Rosenman, LLP ("**Katten**") as his general counsel; and

- *Order Granting Unopposed Motion of Receiver Lance Miller for Order Establishing Procedures for Allowance of Compensation and Reimbursement of Expenses* [Dkt. No. 135] (the "**Compensation Procedures Order**").

The Receiver's employment of Pivot Management Group, LLC ("**Pivot**") as his financial advisor was approved by the Court in the Receivership Order. Receivership Order ¶ 3(u).

On February 14, 2025, the Court entered orders in the Farmer Mac Case authorizing the Receiver's employment of Cutts Law, Katten, and Pivot. Farmer Mac Receivership Order ¶ 4(v); *Order Authorizing Employment of Cutts Law, PC as Special Counsel Effective as of November 27, 2024* [Dkt. No. 40]; *Order Authorizing Employment of Katten Muchin Rosenman, LLP as Counsel Nunc Pro Tunc* [Dkt. No. 41].

### C. Compensation Procedures

The Compensation Procedures Order permits the Receiver and his professionals to file and serve on the Notice Parties (*i.e.*, the Plaintiffs, the Farming Defendants, and all parties receiving ECF notice in this Case) a Monthly Statement of the fees and expenses incurred for the prior month. Compensation Procedures Order ¶ 3(a)-(d). The Receiver is authorized to pay all fees and expenses subject to a Monthly Statement upon the filing of such Monthly Statement (each, an "**Interim Payment**"). *Id.* ¶ 3(b). Interim Payments are deemed conditionally allowed by the Court until the Court reviews and allows such fees and expenses on a final basis pursuant to the Quarterly Fee Motion procedures. *Id.*

## ALLOCATION OF FEES

### A. Periodic Statements

Prior to the entry of the Farmer Mac Receivership Order, the Prudential Lenders and Farmer Mac agreed that the compensation, costs, and expenses of the Receiver and his professionals that were incurred for the benefit of both the Prudential Lenders and Farmer Mac and that were billed to a "General" number by the Receiver, Pivot, and Katten would be allocated in accordance with the disbursements made in November and December 2024, which were as follows: (a) The Prudential Lenders: 95.98%, and (b) Farmer Mac: 4.02%.

Furthermore, in November 2024, the Receiver and his professionals started doing work to support the administration of the Farming Equipment, and the Prudential Lenders and U.S. Bank agreed that the Receiver and his professionals would bill their fees and expenses for this work to a U.S. Bank-specific matter number, seek approval of such fees and expenses in this Case in November and December, and once the Further Expanded Receivership Order was entered, allocate those fees and expenses between the Prudential Lenders and U.S. Bank based on a certain allocation formula.

4

No. 1:24-cv-01102-KES-SAB
RECEIVER'S NOTICE OF FEE ALLOCATION FOR THIRD AND
FOURTH PERIODIC STATEMENTS OF FEES AND EXPENSES

303445708

On December 9, 2024, the Receiver filed his *Third Periodic Statement of Fees and Expenses* [Dkt. No. 127], and on December 31, 2024, the Receiver filed his *Fourth Periodic Statement of Fees and Expenses* [Dkt. No. 138] (together, the "**Fee Statements**"). The Fee Statements collectively covered the fees and expenses of the Receiver and his professionals from October 30, 2024 through December 30, 2024 as follows:

1. ***Third Periodic Statement of Fees and Expenses***
    a) Lance Miller: $68,535.06
    b) Pivot: $435,034.66
    c) Katten: $396,114.23
2. ***Fourth Periodic Statement of Fees and Expenses***
    a) Lance Miller: $50,220.00
    b) Pivot: $441,454.22
    c) Katten: $223,754.00

Following the Receiver's filing of the Fee Statements, the Receiver allocated the fees and expenses set forth therein pursuant to the allocations agreed upon by the Prudential Lenders and Farmer Mac, and by the Prudential Lenders and U.S. Bank. The Receiver files this Fee Allocation Notice and sets forth below the allocation of fees and expenses in connection with the Fee Statements:

1. ***Third Periodic Statement of Fees and Expenses***
    a) Lance Miller:
        (1) The Prudential Lenders: $59,674.56
        (2) Farmer Mac: $2,269.78
        (3) U.S. Bank: $6,590.72

    b) Pivot:

        (1) The Prudential Lenders: $380,465.21

        (2) Farmer Mac: $7,530.27

        (3) U.S. Bank: $47,039.19

    c) Katten:

        (1) The Prudential Lenders: $385,408.62

        (2) U.S. Bank: N/A

        (3) Farmer Mac: $10,705.61

**2. *Fourth Periodic Statement of Fees and Expenses***

    a) Lance Miller:

        (1) The Prudential Lenders: $44,269.79

        (2) U.S. Bank: $2,187.50

        (3) Farmer Mac: $3,762.70

    b) Pivot:

        (1) The Prudential Lenders: $410,180.02

        (2) U.S. Bank: $13,343.76

        (3) Farmer Mac: $17,930.43

    c) Katten:

        (1) The Prudential Lenders: $210,907.25

        (2) U.S. Bank: $6,260.22

        (3) Farmer Mac: $6,586.53

# CONCLUSION

WHEREFORE, Receiver respectfully submits this Fee Allocation Notice as of the date written below.

Dated: October 9, 2025

Respectfully submitted,
**KATTEN MUCHIN ROSENMAN LLP**

By: /s/Terence G. Banich
        Terence G. Banich
*Attorneys for the Receiver*
Lance Miller

7

No. 1:24-cv-01102-KES-SAB
**RECEIVER'S NOTICE OF FEE ALLOCATION FOR THIRD AND FOURTH PERIODIC STATEMENTS OF FEES AND EXPENSES**

303445708

PROOF OF SERVICE

**STATE OF ILLINOIS, COUNTY OF COOK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois. My business address is 525 W. Monroe St., Chicago, Illinois 60661. On October 9, 2025, I served the following document(s) described as:

**RECEIVER'S NOTICE OF FEE ALLOCATION FOR THIRD AND FOURTH PERIODIC STATEMENTS OF FEES AND EXPENSES**

as follows:

**[ ]  BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[ ]  BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused the document(s) to be sent from e-mail address terence.banich@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[ ]  BY OVERNIGHT MAIL (FedEx):**  I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ]  BY PERSONAL SERVICE:**  I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X]  E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on October 9, 2025, at Winnetka, Illinois.

*/s/Terence G. Banich*
Terence G. Banich