Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone:    (312) 902-5200
Facsimile:    (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone:    (214) 765-3600
Facsimile:    (214) 765-3602

*Attorneys for the Receiver*
Lance Miller

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ACDF, LLC, et al. <br><br> Defendants. | No. 1:24-cv-01102-KES-SAB <br><br> **NOTICE OF MOTION AND MOTION OF KATTEN MUCHIN ROSENMAN LLP FOR FINAL APPROVAL AND PAYMENT OF FEES AND EXPENSES (APRIL 1, 2025-JUNE 30, 2025)** <br><br> Objections Due: October 23, 2025 <br> Hearing Date:    November 17, 2025 <br> Hearing Time:    1:30 p.m. PT <br> Location:    Courtroom 6, 7th Floor <br>         2500 Tulare Street <br>         Fresno, CA 93721 <br> Judge:    Hon. Kirk Sherriff <br><br> Action Filed:    September 16, 2024 |

---

[1]    Designated as counsel for service pursuant to L.R. 182(c)(1).

 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on November 17, 2025 at 1:30 p.m. PT, or as soon thereafter as the matter may be heard in Courtroom 6, located at the United States Courthouse, 7th Floor, 2500 Tulare Street, Fresno, CA 93721, Katten Muchin Rosenman LLP ("**Katten**"), as counsel for Lance Miller in his capacity as the Court-appointed receiver (the "**Receiver**") in the above-captioned case (the "**Case**"), will and hereby does move the Court (the "**Motion**") for entry of an order (i) allowing and approving Katten's fees and expenses incurred during the period April 1, 2025 through June 30, 2025 (the "**Fee Period**") on a final basis and (ii) granting related relief.

The Receiver has filed the Motion pursuant to and in compliance with Local Rule 232, as applicable, and paragraph 3(e) of the *Order Granting Unopposed Motion of Receiver Lance Miller for Order Establishing Procedures for Allowance of Compensation and Reimbursement of Expenses* [Dkt. No. 135], entered December 19, 2024 (the "**Compensation Procedures Order**"). **Objections to this Motion must comply with paragraph 3 of the Compensation Procedures Order and be filed on or before October 23, 2025.**

In accordance with Section I.C of this Court's Standing Order in Civil Cases, this Motion is made following conferences with:

- Lance Miller, Receiver;
- Jason DeJonker and Nicholas Marcus, counsel for the above-captioned Plaintiffs; and
- Michael Lauter, counsel for U.S. Bank National Association.[2]

Undersigned counsel hereby certifies that meet and confer efforts have been exhausted and the above-listed parties and counsel have indicated that they or their respective clients **do not oppose the Motion and do not request a hearing on the Motion**.

---

[2] Pursuant to Paragraph 19 of the *Order Expanding Receivership and for Preliminary Injunction* [Dkt. No. 120], U.S. Bank is to pay a portion of the Receivership Costs subject to this Motion.

303727585

1    Dated: October 9, 2025

2                                    Respectfully submitted,

3

4                                    **KATTEN MUCHIN ROSENMAN LLP**

5

6                                    By:    */s/Terence G. Banich*
                                            Terence G. Banich

7
                                     *Attorneys for the Receiver,*
8                                    Lance Miller

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**No. 1:24-cv-01102-KES-SAB**
**NOTICE OF MOTION AND MOTION OF KATTEN MUCHIN ROSENMAN LLP FOR FINAL APPROVAL AND PAYMENT**
**OF FEES AND EXPENSES (APRIL 1, 2025-JUNE 30, 2025)**

303727585

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTUAL BACKGROUND**

**A.    Overview**

On September 16, 2024, The Prudential Insurance Company of America and PGIM Real Estate Finance, LLC (together, the "**Prudential Lenders**") filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief* [Dkt. No. 1] initiating the above-captioned case, and on September 18, 2024, an *Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 12].

On September 25, 2024, after notice and hearing, the Court entered the *Agreed Order Appointing Receiver with Limited Authority* [Dkt. No. 51, as amended by Dkt. No. 107] and on November 7, 2024, entered the *Order Expanding Receivership and for Preliminary Injunction* [Dkt. No. 120] (the "**Receivership Order**")[3] appointing the Receiver as general receiver over the Receivership Property, which consists of, among other things, over 50,000 acres of farmland and a substantial number of pistachio and almond trees.

On April 8, 2025, the Court entered that certain *Order Further Expanding Scope of Receivership* [Dkt. No. 197] (the "**Further Expanded Receivership Order**"), expanding the Receiver's authority to U.S. Bank's collateral, in particular, the Farming Equipment, as defined in the Further Expanded Receivership Order.

**B.    Retention of Professionals**

On December 19, 2024, the Court entered the following orders:

- *Order Authorizing Employment of Cutts Law, PC as Special Counsel Effective as of October 29, 2024* [Dkt. No. 133] (the "**Cutts Employment Order**"), authorizing the Receiver to employ Cutts Law, PC ("**Cutts**") to serve as water-rights counsel and to assist the Receiver in other sale-related matters;

---

[3]    All capitalized terms used but not defined herein shall have the meanings ascribed in the Receivership Order.

- *Order Authorizing Employment of Katten Muchin Rosenman, LLP as Counsel Nunc Pro Tunc* [Dkt. No. 134] (the "**Katten Employment Order**"), authorizing the Receiver to employ Katten as his general counsel; and

- *Order Granting Unopposed Motion of Receiver Lance Miller for Order Establishing Procedures for Allowance of Compensation and Reimbursement of Expenses* [Dkt. No. 135] (the "**Compensation Procedures Order**").

The Receiver's employment of Pivot Management Group, LLC ("**Pivot**") as his financial advisor was approved by the Court in the Receivership Order. Receivership Order ¶ 3(u).

### C.    Compensation Procedures

The Compensation Procedures Order permits the Receiver and his professionals to file and serve on the Notice Parties (*i.e.*, the Plaintiffs, the Farming Defendants, and all parties receiving ECF notice in this Case) a Monthly Statement of the fees and expenses incurred for the prior month. Compensation Procedures Order ¶ 3(a)-(d). The Receiver is authorized to pay all fees and expenses subject to a Monthly Statement upon the filing of such Monthly Statement (each, an "**Interim Payment**"). *Id.* ¶ 3(b). Interim Payments are deemed conditionally allowed by the Court until the Court reviews and allows such fees and expenses on a final basis pursuant to the Quarterly Fee Motion procedures, discussed below. *Id.* ¶ 3(b).

The Compensation Procedures Order requires the Receiver and his professionals to file motions on a quarterly basis (the "**Quarterly Fee Motion**") requesting final allowance and approval of the fees and expenses requested in the Monthly Statements for the prior three-month period, including all Interim Payments. *Id.* ¶ 3(e)-(g). The order further provides that the "Court will consider and dispose of any filed objections on a final basis at the hearing on the applicable Quarterly Fee Motion or after taking the matter under submission[.]" *Id.* ¶ 3(h).

### II.  INTERIM PAYMENTS

During the Fee Period, the Receiver filed and served the following Monthly Statements setting forth the fees and expenses incurred by Katten for the fee periods set forth below. *See* Dkt. Nos. 214, 219, and 224.

5

**No. 1:24-cv-01102-KES-SAB**
**NOTICE OF MOTION AND MOTION OF KATTEN MUCHIN ROSENMAN LLP FOR FINAL APPROVAL AND PAYMENT**
**OF FEES AND EXPENSES (APRIL 1, 2025-JUNE 30, 2025)**

303727585

| Monthly Statement (Date Filed) | Fee Period | Total Fees for Katten | Expenses for Katten | Interim Payment for Katten |
|---|---|---|---|---|
| Eighth (06/11/25) | 04/01/25-04/30/25 | $250,500.76 | $772.38 | $251,273.14 |
| Ninth (06/17/25) | 05/01/25-05/31/25 | $267,521.43 | $13,462.32 | $280,983.75 |
| Tenth (07/30/25) | 06/01/25-06/30/25 | $209,686.38 | $5,017.22 | $214,703.60 |
| **Total** | | **$727,708.57** | **$19,251.92** | **$746,960.49** |

## III.   ALLOCATION OF FEES

On January 3, 2025, the Receiver was appointed receiver in the related case styled *Federal Agricultural Mortgage Corporation v. Assemi Brothers, LLC et al.*, Case No. 1:24-cv-01455-KES-SAB (the "**Farmer Mac Case**").  The Monthly Fee Statements for the Fee Period included fees and expenses for services performed by the Receiver and his professionals that benefited Federal Agricultural Mortgage Corporation ("**Farmer Mac**"), but that were not billed to the Farmer Mac-specific matter number.  Following the filing of the Monthly Fee Statements, the fees and services attributable to Farmer Mac were allocated between the Prudential Lenders and Farmer Mac as reflected below.

Furthermore, in November 2024, the Receiver and his professionals started doing work to support the administration of the Farming Equipment, and the Prudential Lenders and U.S. Bank agreed that the Receiver and his professionals would bill their fees and expenses for this work to a U.S. Bank-specific matter number, seek approval of such fees and expenses in this Case, and once the Further Expanded Receivership Order was entered, allocate those fees and expenses between the Prudential Lenders and U.S. Bank based on a certain allocation formula.  Those allocations are reflected below.

      1.  *Eighth Monthly Statement[4]:*

        a.  The Prudential Lenders: $240,098.81

        b.  Farmer Mac: $106,771.56

        c.  U.S. Bank: $5,296.25

---

[4]  The sum of these amounts is $352,166.63, which includes $100,893.49 in fees and expenses incurred by Katten that were billed to the Farmer Mac-specific number as set forth in the *Receiver's Fourth Periodic Statement of Fees and Expenses* in the Farmer Mac Case.  *See* Dkt. No. 95 in the Farmer Mac Case.

6

No. 1:24-cv-01102-KES-SAB
NOTICE OF MOTION AND MOTION OF KATTEN MUCHIN ROSENMAN LLP FOR FINAL APPROVAL AND PAYMENT
OF FEES AND EXPENSES (APRIL 1, 2025-JUNE 30, 2025)

303727585

2.  ***Ninth Monthly Statement[5]:***

    a.  The Prudential Lenders: $271,704.02

    b.  Farmer Mac: $24,040.70

    c.  U.S. Bank: $2,531.41

3.  ***Tenth Monthly Statement[6]:***

    a.  The Prudential Lenders: $207,995.19

    b.  Farmer Mac: $61,113.59

    c.  U.S. Bank: $4,344.26

## IV. RELIEF REQUESTED

Katten respectfully requests that this Court approve, on a final basis, the fees and expenses requested in the Monthly Statements filed during the Fee Period.

The invoices attached to the Monthly Statements provide detailed descriptions of the services rendered by Katten during the Fee Period, including a description of the task, timekeeper, date, and amount of time spent. The invoices include summary charts setting forth each professional who rendered services, the total time and value of the services, and the dollar value of each professional's services.

The following is a non-exhaustive summary of the services rendered by Katten to the Receiver during the Fee Period in this Case:

    a)    Provided advice to the Receiver and Pivot to assist the Receiver in performing his duties and exercising his rights under the Receivership Order;

---

[5]  The sum of these amounts is $298,276.13, which includes $17,292.38 in fees and expenses incurred by Katten that were billed to the Farmer Mac-specific number as set forth in the *Receiver's Fifth Periodic Statement of Fees and Expenses* in the Farmer Mac Case.  *See* Dkt. No. 96 in the Farmer Mac Case.

[6]  The sum of these amounts is $273,453.03, which includes $58,749.43 in fees and expenses incurred by Katten that were billed to the Farmer Mac-specific number as set forth in the *Receiver's Sixth Periodic Statement of Fees and Expenses* in the Farmer Mac Case.  *See* Dkt. No. 97 in the Farmer Mac Case.

303727585

b)      Assisted the Receiver in sale-related matters, including preparing motions to retain the Receiver's sale-related professionals, resolving objections to employment applications and drafting replies thereto, working with potential bidders, establishing sale procedures, drafting sale-related documents, and working with brokers;

c)      Reviewed and analyzed pre-receivership contracts to determine potential treatment in court-approved sales;

d)      Assisted with maintaining virtual data rooms for use by creditors and consultation parties;

e)      Conferred with the receiver and creditors in ancillary proceedings to establish and coordinate cooperative and joint sale processes.

f)      Assisted Receiver in obtaining Court approval to make distributions to certain creditors;

g)      Conducted legal research on various issues pertaining to the receivership estate;

h)      Evaluated and monitored the numerous ancillary receivership proceedings, including engaging in multiple conferences with counsel for the parties in such proceedings;

i)      Advised the Receiver and Pivot regarding various issues pertaining to the receivership estate's operational businesses and active investments;

j)      Represented the Receiver in hearings before the Court, both in this Case and in related proceedings;

k)      Prepared and reviewed Monthly Fee Statements filed during the Fee Period;

l)      Attended weekly meetings with the Receiver and Pivot regarding strategies and updates regarding the foregoing; and

m)      Attended weekly meetings with creditors and consultation groups.

All the services for which compensation is sought were performed at the request or with the approval of the Receiver, in the exercise of his business judgment. These professional services were, in the exercise of Katten's reasonable business judgment, necessarily rendered after due consideration of the expected costs and anticipated benefits of such services. The amount of time spent by Katten with respect to the Case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel and the ultimate benefit to the receivership estate.

To the greatest extent possible, meetings, court appearances, negotiations and other matters were handled by a single Katten lawyer. However, it was sometimes necessary for more than one Katten attorney to be involved in certain meetings. Many of the issues presented by the Case have been legally and factually complex and the amounts at stake significant. The results of Katten's efforts in this Case have benefitted the receivership estate and its creditors. Katten respectfully submits that the compensation requested in the Monthly Statements represents a fair and reasonable amount that should be allowed in full.

## V. CONCLUSION

**WHEREFORE**, Katten respectfully requests that the Court enter an order:

(a)    Granting the Motion;

(b)    Finding that the Motion satisfies the requirements of the Local Rules and the Compensation Procedures Order;

(c)    Allowing Katten the amount of $727,708.57 in compensation for services rendered during the Fee Period on a final basis;

(d)    Allowing Katten the amount of $19,251.92 in expense reimbursement for the Fee Period on a final basis;

(e)    Finding that notice of the Motion is sufficient under the circumstances; and

(f)    Granting such further relief as the Court deems necessary and appropriate.

Dated: October 9, 2025

Respectfully submitted,


**KATTEN MUCHIN ROSENMAN LLP**


By:     */s/ Terence G. Banich*
         Terence G. Banich

*Attorneys for the Receiver,*
Lance Miller

303727585

## PROOF OF SERVICE

**STATE OF ILLINOIS, COUNTY OF COOK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois. My business address is 525 W. Monroe St., Chicago, Illinois 60661. On October 9, 2025, I served the following document(s) described as:

**NOTICE OF MOTION AND MOTION OF KATTEN MUCHIN ROSENMAN LLP FOR FINAL APPROVAL AND PAYMENT OF FEES AND EXPENSES (APRIL 1, 2025-JUNE 30, 2025)**

as follows:

**[  ]    BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[  ]    BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused the document(s) to be sent from e-mail address terence.banich@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[  ]    BY OVERNIGHT MAIL (FedEx):**  I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[  ]    BY PERSONAL SERVICE:**  I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X]    E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on October 9, 2025, at Winnetka, Illinois.

*/s/Terence G. Banich*
Terence G. Banich

303727585