Terrence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone:   (312) 902-5200
Facsimile:    (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone:   (214) 765-3600
Facsimile:    (214) 765-3602

*Attorneys for the Receiver*
Lance Miller

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ACDF, LLC; ASSEMI AND SONS, INC.; AVILA RANCH EA, LLC; BEAR FLAG FARMS, LLC; C & A FARMS, LLC; CANTUA ORCHARDS, LLC; DA REAL ESTATE HOLDINGS, LLC; FAVIER RANCH, LLC; FG2 HOLDINGS LLC; GRADON FARMS, LLC; GRANVILLE FARMS, LLC; GRANTLAND HOLDINGS NO. 1, LLC; GRANTLAND HOLDINGS NO. 2, LLC; GRANTOR REAL ESTATE INVESTMENTS, LLC; GVM INVESTMENTS, LLC; GV AG, LLC; LINCOLN GRANTOR FARMS, LLC; MARICOPA ORCHARDS, LLC; PANOCHE PISTACHIOS, LLC; SAGEBERRY FARMS, LLC; DEREK BELL; and RACHEL MARIE WHITE, <br><br> Defendants. | No. 1:24-cv-01102-KES-SAB <br><br> **SIXTH NOTICE OF PROPOSED DISTRIBUTION PURSUANT TO ORDER EXPANDING RECEIVERSHIP AND FOR PRELIMINARY INJUNCTION** <br><br> **Response Deadline:**   December 18, 2025 <br><br> Action Filed:   September 16, 2024 <br><br> **HONORABLE KIRK E. SHERRIFF** |

304540019

# NOTICE

Lance E. Miller, solely in his capacity as Court-appointed receiver (the "**Receiver**"), files *Sixth Notice of Distribution* (the "**Notice**") informing lenders and other parties in interest of his intent to distribute Proceeds in accordance with Section II the *Order Expanding Receivership and for Preliminary Injunction* [Dkt. No. 120, as amended] (the "**Receivership Order**").

**WHEREAS**, on September 16, 2024, The Prudential Insurance Company of America and PGIM Real Estate Finance, LLC (together, the "**Prudential**") filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief* [Dkt. No. 1] initiating the above-captioned case, and on September 18, 2024, an *Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 12];

**WHEREAS**, on September 22, 2024, the Court entered an order [Dkt. No. 30] authorizing U.S. Bank National Association ("**U.S. Bank**") to intervene on a limited basis in the above-captioned proceeding;

**WHEREAS**, on September 25, 2024, after notice and hearing, the Court entered the *Agreed Order Appointing Receiver with Limited Authority* [Dkt. No. 51, as amended] and on November 7, 2024, entered the Receivership Order[2] appointing the Receiver as general receiver over the Receivership Property;

**WHEREAS**, Section II of the Receivership Order authorizes and directs the Receiver to collect "**Proceeds**" (as defined in the Receivership Order) of crops grown in 2023 and 2024 on: (a) the real property forming a part of the Receivership Property; (b) on other property owned by one or more of the above-captioned defendants (the "**Defendants**") and certain affiliates and pledged as real property collateral to various other lenders (defined in the Receivership Order as the "**Other Property**"): and (c) on other real property owned by Defendants and certain affiliates and not pledged to any real property lender (defined in the Receivership Order as the "**Free and Clear**

---

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

[2] All capitalized terms used but not defined herein shall have the meanings ascribed in the Receivership Order.

**Properties**").[3] The accounts receivable related to crops grown on the Receivership Property pledged to Prudential are defined in the Receivership Order as "**Prudential Accounts Receivable**" and the accounts receivable related to crops grown on the Other Property are defined in the Receivership Order as the "**Other Accounts Receivable**." The accounts receivable related to crops grown on Free and Clear Properties will be referred to herein as "**Free and Clear Accounts Receivable**;"[4] and

**WHEREAS**, with respect to the distribution of Proceeds, Section II of the Receivership Order states, in relevant part, that:

> 16. The Receiver shall collect and hold the Proceeds from the Other Accounts Receivable in a segregated account, subject to such orders as the Court may hereinafter issue as to their disposition.
>
> \*\*\*
>
> 18. Subject to Paragraph 20 below, the Receiver shall disburse Proceeds as follows:
>
>     a. all Proceeds of Prudential Accounts Receivable, net of Receivership Costs allocated pursuant to Paragraph 19 below, arising from crops harvested in 2024 shall be disbursed first to Plaintiffs until their portion of the Crop

---

[3] Note that the use of the term "Free and Clear" in this context refers only to asserted real property liens and is not meant to suggest that there are no asserted personal property liens against the Free and Clear Accounts Receivable. Receiver notes that U.S. Bank, the Defendants' pre-receivership crop lender, asserts a first priority lien against the Free and Clear Accounts Receivable subject to this Notice.

[4] The Receivership Order also directs Receiver to deliver any proceeds of crops grown on real property owned by Defendants and their affiliates and pledged to Metropolitan Life Insurance Company and certain its affiliates (defined as the "**Intervenor Proceeds**" in the Receivership Order) to the receiver for Metropolitan Life Insurance Company and certain of its affiliates (defined as "**Joint Intervenors' Receiver**") pursuant to certain procedures set forth in the Receivership Order. The Intervenor Proceeds are not part of the "Proceeds" as defined in the Receivership Order and as used herein. During the period covered by this Notice, the Receiver disbursed (or is in the process of disbursing) **$457,400** of Intervenor Proceeds to the Joint Intervenors' Receiver according to the provisions of the Receivership Order.

Financing has been paid in full and second to Plaintiffs and U.S. Bank on a 75% - 25% basis, respectively;[5]

  b. all Proceeds of Prudential Accounts Receivable, net of Receivership Costs allocated pursuant to Paragraph 19 below, arising from crops harvested in 2023 shall be disbursed to U.S. Bank;

  c. all Proceeds of crops grown on Free and Clear Properties, net of Receivership Costs allocated pursuant to Paragraph 19 below, shall be disbursed to U.S. Bank;

  d. any Intervenor Proceeds shall be disbursed to the Joint Intervenors' Receiver;

  e. all Proceeds of Other Accounts Receivable, other than Intervenor Proceeds, net of Receivership Costs allocated pursuant to Paragraph 19 below, shall be held as provided in Paragraph 16 above; and

  f. all Proceeds arising from any other Receivership Property (except equipment and related personal property in which U.S. Bank has a senior security interest), net of Receivership Costs allocated pursuant to Paragraph 19 below, shall be disbursed to the Plaintiffs.

19. The Receiver's compensation, costs, and expenses, including those of Receiver's Counsel, Pivot Group, and Receiver's other professionals, that (a) are incurred during the period from his appointment through October 31, 2024; and (b) the Receiver determines arise thereafter as a result of the Receiver's discharge of his duties arising under this Section II or any remaining completion of harvest of Farming Defendants' 2024 crops (which determination shall be made by Receiver in his reasonable discretion), are referred to as the "**Receivership Costs**." 36% of the Receivership Costs shall be paid from the amounts otherwise distributable to U.S. Bank

---

[5] Some expenses related to the harvest have yet to be incurred. Accordingly, a reconciliation of distributions/allocations will be required at a later date.

4

No. 1:24-cv-01102-KES-SAB
SIXTH NOTICE OF DISTRIBUTION PURSUANT TO
ORDER EXPANDING RECEIVERSHIP AND FOR PRELIMINARY INJUNCTION

304540019

and the Other Real Estate Lenders (other than Joint Intervenors) (in such proportional amounts as those parties agree or as ordered by the Court) under Paragraph 18 above and 64% of the Receivership Costs shall be paid the amounts otherwise distributable to Plaintiffs under Paragraph 18 above.

20. Prior to making any of disbursements set forth in Paragraph 18 above, the Receiver shall submit a notice to the Court identifying the amounts of Proceeds proposed to be disbursed and to whom such Proceeds will be disbursed, and providing at least ten (10) days for parties in interest to object. If a timely objection is filed with the Court, the Receiver shall not make the disputed disbursement until resolved by the Court. If no objection is timely filed, the Receiver shall promptly make the proposed disbursement or disbursements.

Receivership Order ¶¶ 16, 18-20.

Accordingly, the Receiver files this Notice in accordance with Section II of the Receivership Order to provide parties with notice of his intent to disburse approximately **$11,059,537**[6] in Proceeds (the "**Subject Proceeds**"). In the event of competing demands for payment, the Receiver will hold the disputed portion of the distribution pending further Order of the Court.[7] ***You are encouraged to read this Notice in its entirety and to file a Response (as defined below) if you believe you hold a senior lien against the Subject Proceeds. All Subject Proceeds not subject to competing demands will be distributed as set forth below, subject to disgorgement solely to the extent necessary to pay Administrative Claimants, including any indemnification obligations owing pursuant to paragraph 24 of the Receivership Order.***

---

[6] This amount is calculated after reductions for receivership costs of $32,492 and excludes $457,400 paid or payable directly to the MetLife Receiver in accordance with the Receivership Order.

[7] A proposed form of Order is attached hereto as Exhibit B.

5

No. 1:24-cv-01102-KES-SAB
SIXTH NOTICE OF DISTRIBUTION PURSUANT TO
ORDER EXPANDING RECEIVERSHIP AND FOR PRELIMINARY INJUNCTION

304540019

## I. DISTRIBUTION PROTOCOL

1. <u>The Subject Proceeds</u>. Attached hereto as <u>Exhibit A</u> is a report detailing all Subject Proceeds received by the Receiver during the relevant period, separately allocated by field,[8] and (a) identifying whether each field is potentially subject to a lien or is unencumbered, and, if encumbered, identifying the potential lender(s), and (b) identifying the Subject Proceeds as either Prudential Accounts Receivable, Other Accounts Receivable, or Free and Clear Accounts Receivable.[9]

2. <u>Proposed Distributions of Proceeds of Prudential Accounts Receivable and Free and Clear Accounts Receivable</u>. In accordance with paragraphs 18 and 20 of the Receivership Order and absent a timely filed Response (defined below), the Receiver intends to make the following approximate distributions:[10]

    a. Distribution to Prudential of the Proceeds of Prudential Accounts Receivables arising from crops harvested in 2024, net of receivership costs, pursuant to ¶ 18(a) of the Receivership Order: **$2,518,122.21**;[11]

    b. Distribution to Prudential of the Proceeds of Prudential Accounts Receivables arising from crops harvested in 2025: **$5,334,870.89**;

    c. Distribution to Prudential of Proceeds of Prudential Accounts Receivables arising from crop insurance: **$36,697.00**;

---

[8] The field designation on <u>Exhibit A</u> reflects internal tracking numbers and does not correspond to publicly available information.

[9] The proposed distribution is based upon the terms of the Receivership Order, the Farming Defendants' books and records, and other information available to the Receiver. The Receiver has not performed an independent review of this information. Accordingly, nothing in the Notice shall be deemed an admission or other determination by the Receiver as to the extent, validity, or priority of any lien.

[10] The allocations set forth in this Notice are net allocations prior to reallocation based upon the reimbursement terms of the Receivership Order or agreements among the parties. Some expenses related to the harvest have yet to be incurred. Accordingly, a reconciliation of distributions/allocations will be required at a later date.

[11] The overall distribution to Prudential was reduced by $20,795 on account of receivership costs. The total deduction is reflected with respect to ¶ 18(a) for ease of reference.

6

No. 1:24-cv-01102-KES-SAB
SIXTH NOTICE OF DISTRIBUTION PURSUANT TO
ORDER EXPANDING RECEIVERSHIP AND FOR PRELIMINARY INJUNCTION

304540019

- Distribution to U.S. Bank of the Proceeds of Prudential Accounts Receivables arising from crops harvested in 2024, net of receivership costs, pursuant to ¶ 18(a) of the Receivership Order: **$834,608.69**;[12]
- Distribution to U.S. Bank of the Proceeds of Prudential Accounts Receivable arising from crops harvested in 2023 pursuant to ¶ 18(b) of the Receivership Order: **$0**;
- Distribution to U.S. Bank of Proceeds of crops grown on Free and Clear Properties pursuant to ¶ 18(c) of the Receivership Order: **$817,764.42**;
- Distribution of Intervenor Proceeds pursuant to ¶ 18(d) of the Receivership Order: **Previously disbursed/to be disbursed; not subject to this Notice**; and
- Distribution to Prudential of Proceeds arising from any other Receivership Property pursuant to ¶ 18(f) of the Receivership Order: **$0**.

3. <u>Proposed Distribution of Proceeds of Other Accounts Receivable</u>. Pursuant to paragraphs 16 and 18(e) of the Receivership Order, the Receiver hereby seeks entry of an order directing the following distribution of the Proceeds of Other Accounts Receivable:

- Distribution to U.S. Bank: **$1,517,474.34**.

After offset of receivership costs, the Receiver proposes to distribute approximately **$11,059,537** comprised of approximately $3,169,847 to U.S. Bank and $7,889,690 to Prudential.

4. <u>Requirement to File a Response; Response Period</u>. Within ten (10) days of date of this Notice (the "**Response Period**"),[13] any party claiming a senior lien on Subject Proceeds, including the Proceeds of Other Accounts Receivable, must file a response (a "**Response**") with the Court that includes, at a minimum: (a) a description of the nature and extent of such party's alleged lien on Subject Proceeds, including a detailed accounting of the outstanding amount of any loans; (b) copies of all relevant loan and security documents; (c) evidence of perfection regarding the alleged lien;

---

[12] The overall distribution to U.S. Bank was reduced by $11,697 on account of receivership costs. The total deduction is reflected with respect to ¶ 18(a) for ease of reference.

[13] The Response Period was set in accordance with paragraph 20 of the Receivership Order.

and (d) any objection to the Receiver's calculation of Subject Proceeds. ***Failure of a party claiming a senior lien on the Subject Proceeds to timely file a response to this Notice may be deemed a waiver of any right to the Subject Proceeds, including the Proceeds of Other Accounts Receivable, and result in the Court entering an Order directing the Receiver to indefeasibly pay the Subject Proceeds to another party, subject to disgorgement solely to the extent necessary to pay Administrative Claimants, including any indemnification obligations owing pursuant to paragraph 24 of the Receivership Order***.

## II.   Entry of Court Order Authorizing Distribution of the Subject Proceeds

5.   After expiration of the Response Period, the Receiver shall upload a proposed order with the Court that: (a) with respect to Subject Proceeds to which no Response is filed, authorizes distribution of the Subject Proceeds in the amount(s) and to the parties set forth above; and (b) identifies the Subject Proceeds to which a Response was filed and sets a status conference for the relevant parties to appear before the Court for further direction. The proposed form of Order is attached hereto as Exhibit B.

## III.   Service of Notice

6.   Simultaneously with the filing of this Notice, the Receiver provided ECF notice to counsel for Prudential, U.S. Bank, and all other parties requesting ECF noticing in this case. On the same day of the filing of this Notice, the Receiver shall serve a copy of this Notice by email, where available, or overnight currier to the following Other Real Estate Lenders and potential parties in interest as reflected on Exhibit C.

Dated: December 8, 2025

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By:   */s/ Terence G. Banich*
         Terence G. Banich

*Attorneys for the Receiver,*
Lance Miller

**PROOF OF SERVICE**

**STATE OF ILLINOIS, COUNTY OF COOK**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Cook, State of Illinois. My business address is 525 W. Monroe St., Chicago, Illinois 60661. On the dates indicated, I served the following document(s) described as:

**SIXTH NOTICE OF DISTRIBUTION PURSUANT TO ORDER EXPANDING RECEIVERSHIP AND FOR PRELIMINARY INJUNCTION**

as follows:

**[ ]   BY MAIL:** On December 8, 2025, I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed on Exhibit 1 (service via first class mail) and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[ ]   BY E-MAIL OR ELECTRONIC TRANSMISSION:** On December 8, 2025, I caused the document(s) to be sent from e-mail address michaela.crocker@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

ali.mojdehi@mgr-legal.com
Jsmcnutt@kerncounty.com
jon@cavalrei.com
degan@wilkefleury.com
storigiani@youngwooldridge.com
HGrossman@cozen.com
pswain@cozen.com
RStewart@pearsonrealty.com
kstewart@pearsonrealty.com
aferdinandi@pearsonrealty.com
DKevorkian@pearsonrealty.com
sgrosz@pearsonrealty.com
jreisz@kleinlaw.com
ckay@caagproperties.com
mindynili@gmail.com
OKatz@sheppardmullin.com
RSahyan@sheppardmullin.com
Robert.D.Lewis@t-mobile.com
kvote@wjhattorneys.com
kdodd@wjhattorneys.com

**[ ]   BY OVERNIGHT MAIL (FedEx):** On December 8, 2025, I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed on Exhibit C (service via overnight delivery). I placed the envelope or package for collection and

9

No. 1:24-cv-01102-KES-SAB
SIXTH NOTICE OF DISTRIBUTION PURSUANT TO
ORDER EXPANDING RECEIVERSHIP AND FOR PRELIMINARY INJUNCTION

304540019

overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ]    BY PERSONAL SERVICE:** I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X]    E-FILING:** On December 8, 2025, I caused the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on December 8, 2025, at Chicago, Illinois.

*/s/Terence G. Banich*
Terence G. Banich