Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone:    (312) 902-5200
Facsimile:    (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone:    (214) 765-3600
Facsimile:    (214) 765-3602

Arlen P. Moradi (SBN 353956)
**KATTEN MUCHIN ROSENMAN LLP**
2121 Avenue of the Stars, Ste. 1100
Los Angeles, CA 90067-5010
Telephone: (310) 778-4449
*Attorneys for the Receiver Lance Miller*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>ACDF, LLC; ASSEMI AND SONS, INC.; AVILA RANCH EA, LLC; BEAR FLAG FARMS, LLC; C & A FARMS, LLC; CANTUA ORCHARDS, LLC; DA REAL ESTATE HOLDINGS, LLC; FAVIER RANCH, LLC; FG2 HOLDINGS LLC; GRADON FARMS, LLC; GRANVILLE FARMS, LLC; GRANTLAND HOLDINGS NO. 1, LLC; GRANTLAND HOLDINGS NO. 2, LLC; GRANTOR REAL ESTATE INVESTMENTS, LLC; GVM INVESTMENTS, LLC; GV AG, LLC; LINCOLN GRANTOR FARMS, LLC; MARICOPA ORCHARDS, LLC; PANOCHE PISTACHIOS, LLC; SAGEBERRY FARMS, LLC; DEREK BELL; and RACHEL MARIE WHITE,<br>　　　　　Defendants. | No. 1:24-cv-01102-KES-SAB<br><br>**NOTICE OF MOTION AND MOTION OF RECEIVER LANCE MILLER FOR AN ORDER AMENDING THE DATES AND DEADLINES SET FORTH IN THE ORDER (I) APPROVING BID PROCEDURES FOR THE SALE OF REAL PROPERTY; (II) APPROVING BID PROTECTIONS FOR STALKING HORSE BIDDER; AND (III) SCHEDULING THE AUCTION AND SALE HEARING (WESTLANDS)**<br><br>Objection Deadline:  February 9, 2026<br><br>Proposed Hearing Date: February 17, 2026<br>Hearing Time:　　　　　1:30 p.m. PT<br><br>Location:　Courtroom 6, 7th Floor<br>　　　　　2500 Tulare Street<br>　　　　　Fresno, CA 93721<br>Judge:　　Hon. Kirk E. Sherriff<br><br>Action Filed:　September 16, 2024 |

-1-

304628726

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **February 17, 2026, at 1:30 p.m. PT**, or as soon thereafter as the matter can be heard, in Courtroom 6, located at the Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California 93721, Lance Miller, solely in his capacity as Court-appointed receiver (the "**Receiver**"), will, and hereby does, by and through his undersigned counsel, move the Court for entry of an order substantially in the proposed form attached hereto as **<u>Exhibit A</u>** amending the dates and deadlines set forth in the *Order (I) Approving Bid Procedures for the Sale of Real Property; (II) Approving Bid Protections for Stalking Horse Bidder; and (III) Scheduling the Auction and Sale Hearing (Westlands)* entered by the Court on December 1, 2025 [Dkt. No. 370].

In support of the requested relief, the Receiver relies upon the motion attached hereto (the "**Motion to Amend**"), the declaration of Lance Miller (the "**Miller Declaration**") at Docket No. 338-3, the other files and records in this action, and any other evidence or argument the Court may consider.

**PLEASE TAKE FURTHER NOTICE THAT** the Motion to Amend is made following the conference of counsel that took place the week of January 20, 2026, pursuant to the local rules of this Court with:

- Jason DeJonker and Nicholas Marcus of Seyfarth Shaw LLP on behalf of Plaintiffs; and

- Riley Walter and Ian Quinn of Wagner Jones Helsey PC on behalf of the Farming Defendants (as defined in the Receivership Order), including the Defendants that are the record owners of the Property subject to the property being sold pursuant to the bidding procedures.

**<u>Neither Plaintiffs nor Farming Defendants oppose the Motion to Amend but reserve all rights with respect to entry of an order approving the proposed sale of the Property.</u>**

---

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

304628726

Dated: January 26, 2026

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By:   */s/ Arlen P. Moradi*
      Arlen P. Moradi

*Attorneys for the Receiver,*
Lance Miller

**MEMORANDUM OF POINTS AND AUTHORITIES**

Lance Miller, solely in his capacity as Court-appointed receiver (the "**Receiver**"), will, and hereby does, by and through his undersigned counsel, move the Court for entry of an order substantially in the proposed form attached hereto as **Exhibit A** amending the dates and deadlines set forth in the *Order (I) Approving Bid Procedures for the Sale of Real Property; (II) Approving Bid Protections for Stalking Horse Bidder; and (III) Scheduling the Auction and Sale Hearing (Westlands)* [Dkt. No. 370] (the "**Original Bidding Procedures Order**" approving the "**Original Bidding Procedures**" attached thereto as Exhibit A) to permit the potential stalking horse bidder additional time to perform due diligence and negotiate the final terms of a purchase and sale agreement.[2] In support thereof, the Receiver states as follows:

## I.   FACTUAL AND PROCEDURAL HISTORY

### A.   The Prudential Receivership

On September 16, 2024, The Prudential Insurance Company of America and PGIM Real Estate Finance, LLC (together, the "**Prudential Lenders**") filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief* [Dkt. No. 1] initiating the above-captioned case, and on September 18, 2024, an *Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 12].

On September 25, 2024, after notice and hearing, the Court entered the *Agreed Order Appointing Receiver with Limited Authority* [Dkt. No. 51, as amended by Dkt. No. 107] and on November 7, 2024, entered the *Order Expanding Receivership and for Preliminary Injunction* [Dkt. No. 120, as further amended] (the "**Receivership Order**") appointing the Receiver as receiver over the Receivership Property (as defined in the Receivership Order).

### B.   Entry of the Original Bidding Procedures Order

As reflected in the motion to approve bidding procedures and related declarations filed with the Court on October 27, 2025 [Dkt. No. 338] (the "**Bidding Procedures Motion**"), the Receiver

---

[2] **Exhibit B** hereto is a redline reflecting all proposed changes to the original bidding procedures order.

-4-

has undertaken a fulsome marketing process for the real property and associated rights more fully set forth in the form Purchase and Sale Agreement attached to the Bidding Procedures Motion as Exhibit 2 (the "**Property**").

At the conclusion of the initial marketing process, the Receiver identified Bravante Farm Capital, LLC or its assignee or affiliate ("**Bravante**") as the likely "Stalking Horse Bidder" for the Property. Miller Decl. [Dkt. No. 338-3] at 3:20-4:4. The Receiver anticipated that Bravante would be in a position to execute a purchase and sale agreement (the "**Stalking Horse PSA**") before December 29, 2025. Bravante, however, has requested additional time to complete its diligence. The Receiver, in consultation with Plaintiffs and Farming Defendants, does not oppose Bravante's request and proposes the following, revised timeline:

| Event | Original Date/Deadline | Amended Date/Deadline |
|---|---|---|
| Deadline to Serve Court-Approved Bidding Procedures | Thursday December 4, 2025 | Within two (2) business days of entry of the Order approving Bidding Procedures |
| Deadline to File Notice of Stalking Horse Bidder or Notice of No Stalking Horse Bidder | Monday December 29, 2025 | Wednesday March 11, 2026 |
| Deadline to Submit Qualified Bids (the "**Bid Deadline**") | Monday January 19, 2026 | Wednesday April 1, 2026 |
| Deadline to Either (1) Notify Qualified Bidders of Auction or (2) Cancel Auction | Wednesday January 21, 2026 | Friday April 3, 2026 |
| Auction, if held | Monday January 26, 2026 | Tuesday April 7, 2026 |
| Deadline to File Notice of Successful Bidder, if Auction Held | Wednesday January 28, 2026 | Friday April 10, 2026 |
| Deadline to Object to Sale | Monday February 2, 2026 | Thursday April 16, 2026 |

-5-

304628726

| Event | Original Date/Deadline | Amended Date/Deadline |
|---|---|---|
| Reply Deadline | Monday February 9, 2026 | Thursday April 23, 2026 |
| Sale Hearing | Monday February 16, 2026, at 1:30 p.m. PT | Monday May 4, 2026, at 1:30 p.m. PT |

As reflected in the redline order attached hereto as **Exhibit B**, the Original Bidding Procedures are not otherwise materially amended.

## II.    LEGAL AUTHORITY

The Original Bidding Procedures permit the Receiver, in the exercise of his reasonable business judgment and in consultation with the Consultation Parties, to amend the Original Bidding Procedures in any manner that will promote the goals of the bidding process, including extending the deadlines set forth in the Original Bidding Procedures. Original Bidding Procedures §12. Nonetheless, and in an abundance of caution, the Receiver files this Motion to Amend in order to afford parties notice and to obtain this Court's consent to the revised dates and deadlines set forth herein.

A district court's power to supervise a receivership and determine the appropriate action to be taken in the administration of the receivership estate is extremely broad and reasonable administrative procedures, crafted to deal with the complex circumstances of each case, will be upheld. *S.E.C. v. Hardy*, 803 F.2d 1034, 1037-38 (9th Cir. 1986). In particular, as set forth in more detail below, district courts have broad discretionary authority to approve terms and procedures for the sale of receivership property. *Gockstetter v. Williams*, 9 F.2d 354, 357 (9th Cir. 1925) ("In authorizing the sale of property by receivers, courts of equity are vested with a broad discretion as to price and terms."). The Ninth Circuit "affords broad deference to the court's supervisory role, and will generally uphold reasonable procedures instituted by the district court that serve th[e] purpose of orderly and efficient administration of the receivership for the benefit of creditors."

304628726

*CFTC v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1115 (9th Cir. 1999), as amended (Mar. 23, 2000) (internal quotations and citations omitted).

Moreover, federal courts are deferential to the business judgment of receivers, bankruptcy trustees, and similar estate custodians in the context of sales of estate property. *See, e.g., S.E.C. v. Nguyen*, No. SA19-cv-1174-AG(KESX) 2019 WL 12470145, at *3 (C.D. Cal. Nov. 4, 2019) (approving sale procedures, citing to receiver's declaration that, in receiver's business judgment, proposed marketing and sale procedures were in the best interest of the estate and would maximize value); *S.E.C. v. Equitybuild, Inc., et at.*, No. 18-cv-5587, 2019 WL 1953117, at *4 (N.D. Ill. May 2, 2019) (noting that the court "declines to restrict the Receiver from exercising his sound business judgment" in overruling creditor's objection to receiver's proposed minimum price for judicial public sale of real property); *see also Southwestern Media, Inc. v. Rau*, 708 F.2d 419, 425 (9th Cir. 1983) (affirming bankruptcy court's approval of trustee's sale of assets because the "decision concerning the form of sale therefore rested within the business judgment of the trustee"). This deference to an appointed fiduciary's business judgment also permits federal courts to authorize a receiver to adjust approved sale terms or procedures without further order of the court. *See, e.g., United States v. Spencer*, No. 4:20-CV-00556(GKF)(CDL), 2021 WL 5114315, at *1 (N.D. Okla. Sept. 23, 2021) (permitting adjustment of minimum bid in public sale of real property under 28 U.S.C. § 2001, if necessary, without further permission of the court). Such flexibility is typical in bidding and sale procedures approved by bankruptcy courts in connection with asset sales conducted to pursuant 11 U.S.C. § 363 ("363 sales"), and district courts recognize that 363 sales provide instructive guidance in evaluating judicial sales of receivership property. *See, e.g., S.E.C. v. Capital Cove Bancorp LLC*, No. SA 15-cv-980-JLS (JCx), 2015 U.S. Dist. LEXIS 174856, at *14 (C.D. Cal. Oct. 13, 2015) (looking to the Bankruptcy Code for guidance in connection with sale of receivership property).

Here, the Court previously found that the Original Bidding Procedures satisfied all applicable requirements for a sale and approved such procedures in their entirety. The proposed amended Bidding Procedures follow the same format and timeframe, and provide the same forms of notice, with the only material difference being to the final dates and deadlines.

304628726

## III. NOTICE

On the date the notice of this Motion to Amend is filed, or within one (1) business day thereof, the Receiver will cause this Motion to Amend and all exhibits hereto to be served via: (i) first class mail to: (a) the potential holders of Interests, (b) the Consultation Parties, (c) all parties who have expressed a bona fide interest in purchasing the Property, and (d) the service list established in this case; and (ii) via the Court's ECF filing system.

## IV. CONCLUSION

For all the reasons set forth above, the Receiver respectfully submits that good cause exists for the Court to enter an order in the form attached as **Exhibit A** amending the Original Bidding Procedures Order and granting the Receiver such other and further relief to which he may be justly entitled.

Dated: January 26, 2026

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By: /s/ Arlen P. Moradi
Arlen P. Moradi

*Attorneys for the Receiver,*
Lance Miller

304628726

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Ste. 1100, Los Angeles, CA 90067-5010. On January 26, 2026, I served the following document(s) described as:

**NOTICE OF MOTION AND MOTION OF RECEIVER LANCE MILLER FOR AN ORDER AMENDING THE DATES AND DEADLINES SET FORTH IN THE ORDER (I) APPROVING BID PROCEDURES FOR THE SALE OF REAL PROPERTY; (II) APPROVING BID PROTECTIONS FOR STALKING HORSE BIDDER; AND (III) SCHEDULING THE AUCTION AND SALE HEARING (WESTLANDS)**

as follows:

**[ ]   BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses on **Exhibit 1** attached hereto and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[X]   BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address janice.brooks-patton@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

ali.mojdehi@mgr-legal.com
Jsmcnutt@kerncounty.com
jon@cavalrei.com
degan@wilkefleury.com
storigiani@youngwooldridge.com
HGrossman@cozen.com
pswain@cozen.com
RStewart@pearsonrealty.com
kstewart@pearsonrealty.com
aferdinandi@pearsonrealty.com
DKevorkian@pearsonrealty.com
sgrosz@pearsonrealty.com
jreisz@kleinlaw.com
ckay@caagproperties.com
mindynili@gmail.com
OKatz@sheppardmullin.com
RSahyan@sheppardmullin.com
Robert.D.Lewis@t-mobile.com
kvote@wjhattorneys.com
kdodd@wjhattorneys.com
Bernard.gudorf@usbank.com
legal@goldenstatecleanenergy.com

-9-

304628726

**[ ]   BY OVERNIGHT MAIL (FedEx):** I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed on **Exhibit 1**. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ]   BY PERSONAL SERVICE:** I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X]   E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 26, 2026, at Los Angeles, California

*/s/ Arlen P. Moradi*
Arlen P. Moradi

-10-

304628726