Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone:    (312) 902-5200
Facsimile:    (312) 902-1061
John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)

**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone:    (214) 765-3600
Facsimile:    (214) 765-3602

Arlen P. Moradi (SBN 353956)
**KATTEN MUCHIN ROSENMAN LLP**
2121 Avenue of the Stars, Ste. 1100
Los Angeles, CA 90067-5010
Telephone:    (310) 778-4449

*Attorneys for the Receiver* Lance Miller

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ACDF, LLC; ASSEMI AND SONS, INC.; AVILA RANCH EA, LLC; BEAR FLAG FARMS, LLC; C & A FARMS, LLC; CANTUA ORCHARDS, LLC; DA REAL ESTATE HOLDINGS, LLC; FAVIER RANCH, LLC; FG2 HOLDINGS LLC; GRADON FARMS, LLC; GRANVILLE FARMS, LLC; GRANTLAND HOLDINGS NO. 1, LLC; GRANTLAND HOLDINGS NO. 2, LLC; GRANTOR REAL ESTATE INVESTMENTS, LLC; GVM INVESTMENTS, LLC; GV AG, LLC; LINCOLN GRANTOR FARMS, LLC; MARICOPA ORCHARDS, LLC; PANOCHE PISTACHIOS, LLC; SAGEBERRY FARMS, LLC; DEREK BELL; and RACHEL MARIE WHITE, <br><br> Defendants. | No. 1:24-cv-01102-KES-SAB <br><br> **NOTICE OF MOTION AND <u>AGREED</u> MOTION OF RECEIVER LANCE MILLER FOR AN ORDER AUTHORIZING THE PRIVATE SALE OF CERTAIN RECEIVERSHIP PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (LAVAL)** <br><br> Hearing Date:  April 20, 2026 <br> Hearing Time:  1:30 p.m. PT <br><br> Objections due: March 18, 2026 <br><br> Location:       Courtroom 6, 7th Floor <br>                      2500 Tulare Street <br>                      Fresno, CA 93721 <br><br> Judge:          Hon. Kirk E. Sherriff <br><br> Action Filed:   September 16, 2024 |

304930588

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT,** on **April 20, 2026, at 1:30 p.m. PT** or as soon thereafter as the matter may be heard in Courtroom 6, located at the United States Courthouse, 2500 Tulare Street, Fresno, California 93721, Lance Miller, solely in his capacity as Court-appointed receiver (the "**Receiver**"), will and hereby does move the Court (the "**Motion**") for entry of an order (i) authorizing and approving the Receiver's private sale of certain Property (as defined in the attached Motion) to MARICOPA CHERRY CO., LLC ( "**Buyer**") free and clear of all liens, claims, and encumbrances, other than easements, rights of way, and other encumbrances running with the land (collectively, the "**Interests**"), to the fullest extent permitted by law, with such Interests attaching to the proceeds of the sale with the same force and in the same priority as existed immediately prior to the sale closing; and (ii) granting related relief.

PLEASE TAKE FURTHER NOTICE THAT the Motion is based on the *Memorandum of Points and Authorities* below and is supported by the *Declaration of Lance Miller* (the "**Miller Declaration**") a copy of which is attached hereto as **Exhibit A**, the *Declaration of Cameron Kay* (the "**Kay Declaration**") a copy of which is attached hereto as **Exhibit B**, the *Stipulation and Agreed Order to Waive Requirements of 28 U.S.C. §§ 2001 and 2002 in Connection with Receiver's Proposed Sale of Certain Real Property Free and Clear of Liens, Claims, and Encumbrances (Laval)* signed by the parties listed below and filed concurrently herewith, other files and records in this action, and any other evidence or argument the Court may consider.

PLEASE TAKE FURTHER NOTICE THAT this Motion is made following the conference of counsel pursuant to the Local Rules with:

- Jason DeJonker and Nicholas Marcus of Seyfarth Shaw LLP on behalf of Plaintiffs; and

- Riley Walter and Ian Quinn of Wanger Jones Helsley PC on behalf of the Farming Defendants (as defined in the Receivership Order), including the record owner of the Property.

---

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

**No. 1:24-cv-01102-KES-SAB**
**NOTICE OF MOTION AND MOTION**

304930588

**Each of the above parties supports the Motion and does not request a hearing on the Motion.**

Dated:  March 4, 2026

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By:      /s/ *Arlen P. Moradi*
         Arlen P. Moradi

*Attorneys for the Receiver*
Lance Miller

304930588

### MEMORANDUM OF POINTS AND AUTHORITIES

Lance Miller (the "**Receiver**"), solely in his capacity as Court-appointed receiver in the above-captioned case, hereby requests that the Court enter an order (i) authorizing and approving the Receiver's private sale of certain Property (as defined below) to MARICOPA CHERRY CO., LLC or its assignee ("**Buyer**") free and clear of all liens, claims, and encumbrances, other than easements, rights of way, and other encumbrances running with the land (collectively, the "**Interests**"), to the fullest extent permitted by law, with such Interests attaching to the proceeds of the sale with the same force and in the same priority as existed immediately prior to the sale closing; and (ii) granting related relief.

### FACTUAL AND PROCEDURAL HISTORY

On September 16, 2024, The Prudential Insurance Company of America and PGIM Real Estate Finance, LLC (together, the "**Plaintiffs**") filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief* [Dkt. No. 1] initiating the above-captioned case, and on September 18, 2024, an *Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 12].

On September 25, 2024, after notice and hearing, the Court entered the *Agreed Order Appointing Receiver* with *Limited Authority* [Dkt. No. 51, as amended by Dkt. No. 107] and on November 7, 2024, entered the *Order Expanding Receivership and for Preliminary Injunction* [Dkt. No. 120] (as further amended or supplemented, the "**Receivership Order**") appointing the Receiver as receiver over the Receivership Property (as defined in the Receivership Order). The scope of the Receiver's duties under the Receivership Order includes "to assess whether a sale of the Receivership Property would maximize value, and, following that assessment and if appropriate in the Receiver's reasonable judgment, implement an organized sale process of the Receivership Property, whether in whole or part, with any sale of Receivership Property outside of the ordinary court of business subject to the Court's approval." Receivership Order ¶ 23. In furtherance of these duties, the Receiver hired Ca Ag Properties ("**Ca Ag**") as real estate broker to assist with the sale

304930588

of, among other parcels, the Property.  *See Order Authorizing Engagement and Compensation of Ca Ag Properties as Real Estate Broker* [Dkt. No. 205].

On or about February 9, 2026 the Receiver received an offer from Buyer to purchase Kern County Parcel 238-360-18 (the "**Land**") together with all the Receiver's interests in the improvements; fixtures; appurtenant rights, specifically including all water; certain crops; and any oil, gas and mineral rights associated with the Land (together with the Land, the "**Property**") for a purchase price of **$425,000.00** (the "**Purchase Price**").  After negotiations, the parties reached agreement on the terms of a Purchase and Sale Agreement (the "**PSA**") on March 3, 2026, a true and correct copy of which is attached hereto as **Exhibit C**.

The offer is for a private sale of the Property to Buyer without subjecting the Property to overbids or a public auction. Ca Ag has been marketing the property since approximately May 2025 without significant interest from potential buyers. Miller Decl. ¶¶ 6-8. The Receiver, in consultation with Plaintiffs and Ca Ag, believes that the Purchase Price is likely the highest and best offer he will receive for the Property and subjecting the Property to auction is only likely to add delay and cost. *Id.* ¶¶ 9-10.

Based on preliminary title reports, the Receiver believes that the Purchase Price will be sufficient to pay in full, at closing, all taxes, assessments, and customary closing costs, as well as any senior liens held by parties other than Plaintiffs, who consent to the sale.  *Id.* ¶ 11.

Since the Receiver has determined that the terms of the proposed sale, as set forth in PSA, are fair and reasonable, subjecting the Property to a public auction would not be in the best interests of the receivership estate. Miller Decl. ¶ 9.  Further, under these circumstances, the costs of obtaining three separate appraisals for the Property would be burdensome and subject the estate to unnecessary costs. *Id.* ¶ 12. Accordingly, with the consent of the Parties, the Receiver respectfully requests that the Court authorize and approve the private sale of the Property in accordance with the PSA.

304930588

## LEGAL STANDARD

**I.      This Court Has Broad Discretion to Grant the Motion**

District courts have "extremely broad" power and "wide discretion" in overseeing the administration of a receivership. *SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). "The power of a district court to impose a receivership or grant other forms of ancillary relief . . . derives from the inherent power of a court of equity to fashion effective relief." *SEC v. Wencke*, 622 F.2d 1363, 1369 (9th Cir. 1980). The "primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." *Hardy*, 803 F.2d at 1038. As the appointment of a receiver is authorized by the broad equitable powers of the Court, any distribution of assets must also be done equitably and fairly. *See SEC v. Elliot*, 953 F.2d 1560, 1569 (11th Cir. 1992).

District courts have the broad power of a court of equity to determine the appropriate action in the administration and supervision of a receivership. *See SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005). The Ninth Circuit has explained that:

> A district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad. The district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership. The basis for this broad deference to the district court's supervisory role in equity receiverships arises out of the fact that most receiverships involve multiple parties and complex transactions. A district court's decision concerning the supervision of an equitable receivership is reviewed for abuse of discretion.

*Id.* (citations omitted); *see also CFTC. v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1115 (9th Cir. 1999) ("This court affords 'broad deference' to the court's supervisory role, and 'we generally uphold reasonable procedures instituted by the district court that serve the purpose' of orderly and efficient administration of the receivership for the benefit of creditors.").

**No. 1:24-cv-01102-KES-SAB**
**NOTICE OF MOTION AND MOTION**

304930588

The Receiver believes, in the exercise of his business judgment and in consultation Plaintiffs, and Ca Ag, that the proposed purchase price for the Property is market based and that the private sale of the Property to Buyer is in the best interests of the receivership estate.  Miller Decl. ¶¶ 9-10. Moreover, despite a wide-ranging and lengthy marketing process, there has been relatively little interest in the Property and neither the Receiver nor Ca Ag believe that continued marketing or an auction process is likely to result in a higher or better offer. *Id.* ¶¶ 8-9. Finally, the requested relief is supported by both Plaintiffs and Farming Defendants, including the defendant record-owner of the Property. Accordingly, the Receiver requests that this Court approve a private sale of the Property to Buyer on the terms set forth in the PSA.

**A.  The Parties Have Agreed to a Waiver of the Provisions of 28 U.S.C. §§ 2001 and 2002, as Set Forth in the Stipulation**

"The [receivership] statute on its face vests the court with discretion in directing the terms and conditions of the public sale." *Keybank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, 2012 U.S. Dist. LEXIS 157828, *4 (M.D. La. Nov. 2, 2012); *see also United States v. Little*, 2008 U.S. Dist. LEXIS 93467, *4-5 (E.D. Cal. June 30, 2008) (finding that the "Court has broad discretion in setting the terms and conditions of a sale under 28 U.S.C. § 2001."); *United States v. Heasley*, 283 F.2d 422, 426 (8th Cir. 1960) (finding that in the context of 28 U.S.C. § 2001(b), "the matter of confirming a judicial sale rests in the sound judicial discretion of the trial court ..."); *United States v. Peters*, 777 F.2d 1294, 1298 n.6 (7th Cir. 1985) (noting that, as argued above, 28 U.S.C. § 2001(a) authorizes a court to direct the terms and conditions of the sale). And, while the court cannot unilaterally waive the requirements of sections 2001 and 2002, the requirements can be waived by agreement of the parties. *See SEC v. Yin Nan Wang*, 2015 WL 12656907, at *3 (C.D. Cal. Aug. 25, 2015) (quoting *Huntington Nat. Bank v. Najero, Inc.*, 2014 WL 5473054, at *1 (E.D. Mich. Oct. 27, 2014)).

As set forth in the *Stipulation and Agreed Order to Waive Requirements of 28 U.S.C. §§ 2001 and 2002 in Connection with Receiver's Proposed Sale of Certain Real Property Free and Clear of Liens, Claims, and Encumbrances* filed concurrently herewith, the Receiver, Plaintiffs, and the Farming Defendants have consented to the waiver of the provisions of  28 U.S.C. §§ 2001 and

7

304930588

2002 with respect to the proposes sale, and all parties with an interest in the Property (other than Plaintiffs) will be paid at closing.  This, coupled with the Receiver's belief that compliance with 28 U.S.C. §§ 2001 and 2002 will not result in a materially higher purchase price, is ample grounds to permit a private sale of the Property to Buyer as set forth in the PSA.

<strong><u>CONCLUSION</u></strong>

Based on the foregoing, the Receiver requests that this Court enter an order authorizing in the form attached hereto as **Exhibit D** approving the sale of the Property in accordance with the terms of the PSA and the disbursement of funds at closing, and granting the Receiver such other and further relief to which he may be justly entitled.

Dated: March 4, 2026

Respectfully submitted by:

**KATTEN MUCHIN ROSENMAN LLP**

By: */s/ Arlen P. Moradi*
Arlen P. Moradi

*Attorneys for the Receiver*
Lance Miller

304930588

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Ste. 1100, Los Angeles, CA 90067-5010. On March 4, 2026, I served the following document(s) described as:

**NOTICE OF MOTION AND AGREED MOTION OF RECEIVER LANCE MILLER FOR AN ORDER AUTHORIZING THE PRIVATE SALE OF CERTAIN RECEIVERSHIP PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES; MEMORANDUM OF POINTS AND UTHORITIES IN SUPPORT THEREOF (LAVAL)**

as follows:

**[X]    BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed on **Exhibit 1** and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**[X]    BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address Janice.brooks-patton@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| ali.mojdehi@mgr-legal.com | jreisz@kleinlaw.com |
| Jsmcnutt@kerncounty.com | ckay@caagproperties.com |
| jon@cavalrei.com | mindynili@gmail.com |
| degan@wilkefleury.com | OKatz@sheppardmullin.com |
| storigiani@youngwooldridge.com | RSahyan@sheppardmullin.com |
| HGrossman@cozen.com | Robert.D.Lewis@t-mobile.com |
| pswain@cozen.com | kvote@wjhattorneys.com |
| RStewart@pearsonrealty.com | kdodd@wjhattorneys.com |
| kstewart@pearsonrealty.com | Bernard.gudorf@usbank.com |
| aferdinandi@pearsonrealty.com | legal@goldenstatecleanenergy.com |
| DKevorkian@pearsonrealty.com | Kristina.Heller@procopio.com |
| sgrosz@pearsonrealty.com | michael.kiesling@procopio.com |

**[ ]    BY OVERNIGHT MAIL (FedEx):** I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed  on **Exhibit 1**. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

**[ ]    BY PERSONAL SERVICE:** I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or

9

304930588

package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

**[X]    E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 4, 2026, at Los Angeles, California

*/s/Arlen P. Moradi*
Arlen P. Moradi

No. 1:24-cv-01102-KES-SAB
**NOTICE OF MOTION AND MOTION**

304930588