# EXHIBIT A

Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone:    (312) 902-5200
Facsimile:    (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone:    (214) 765-3600
Facsimile:    (214) 765-3602

Arlen P. Moradi (SBN 353956)
**KATTEN MUCHIN ROSENMAN LLP**
2121 Avenue of the Stars, Ste. 1100
Los Angeles, CA 90067-5010
Telephone:    (310) 778-4449

*Attorneys for the Receiver* Lance Miller

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., | ) No. 1:24-cv-1102-KES-SAB |
| Plaintiffs, | ) **DECLARATION OF LANCE MILLER IN SUPPORT OF PROPOSED PRIVATE SALE OF REAL PROPERTY (LAVAL)** |
| v. | ) |
| ACDF, LLC; ASSEMI AND SONS, INC.; AVILA RANCH EA, LLC; BEAR FLAG FARMS, LLC; C & A FARMS, LLC; CANTUA ORCHARDS, LLC; DA REAL ESTATE HOLDINGS, LLC; FAVIER RANCH, LLC; FG2 HOLDINGS LLC; GRADON FARMS, LLC; GRANVILLE FARMS, LLC; GRANTLAND HOLDINGS NO. 1, LLC; GRANTLAND HOLDINGS NO. 2, LLC; GRANTOR REAL ESTATE INVESTMENTS, LLC; GVM INVESTMENTS, LLC; GV AG, LLC; LINCOLN GRANTOR FARMS, LLC; MARICOPA ORCHARDS, LLC; PANOCHE PISTACHIOS, LLC; SAGEBERRY FARMS, LLC; DEREK BELL; and RACHEL MARIE WHITE, | ) Judge: Hon. Kirk E. Sherriff ) ) Action Filed: September 16, 2024 |
| Defendants | ) |

304981096

I, Lance E. Miller, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury as follows:

1.    I am over the age of eighteen, am under no disability, and am competent to testify to the matters set forth herein.  Except as otherwise stated, all facts set forth in this declaration are based upon my personal knowledge and/or my review of documents.  If called as a witness in this case, I could and would testify competently to the facts set forth in this declaration.

2.    I submit this declaration in support of the *Agreed Motion of Receiver Lance Miller for an Order Authorizing the Private Sale of Certain Receivership Property Free and Clear of Liens, Claims, and Encumbrances (Laval)* (the "**Sale Motion**").

3.    I am the Founder and a Managing Director of Pivot Management Group, LLC ("**Pivot Group**"), a financial advisory and turnaround management firm with an office located at 1230 Rosecrans Avenue, Suite 530, Manhattan Beach, California 90266.  I have more than 19 years of experience in complex receiverships, workouts, restructurings, corporate and shareholder disputes, and distressed M&A processes. As an attorney and later as a partner in distressed advisory firms (including Pivot Group), I have provided services over a multitude of industries and markets to companies, creditors, equity holders, asset purchasers, receiverships, and creditors' trusts.

4.    On September 16, 2024, The Prudential Insurance Company of America and PGIM Real Estate Finance, LLC (together, the "**Prudential Lenders**") filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief* [Dkt. No. 1] initiating the above-captioned case (the "**Case**"), and on September 18, 2024, an *Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 12].

5.    On September 25, 2024, after notice and hearing, the Court entered the *Agreed Order Appointing Receiver with Limited Authority* [Dkt. No. 51, as amended by Dkt. No. 107] and on

---

[1]    Designated as counsel for service pursuant to L.R. 182(c)(1).

304981096

November 7, 2024, entered the *Order Expanding Receivership and for Preliminary Injunction* [Dkt. No. 120] (as further amended or supplemented, the "**Receivership Order**"), appointing me as receiver over the Receivership Property (as defined in the Receivership Order). The scope of my duties under the Receivership Order include: "to assess whether a sale of the Receivership Property would maximize value, and, following that assessment and if appropriate in the Receiver's reasonable judgment, implement an organized sale process of the Receivership Property, whether in whole or part, with any sale of Receivership Property outside of the ordinary court of business subject to the Court's approval." Receivership Order § 23.

6.    In the exercise of my business judgment, and in consultation with Plaintiffs, I determined to implement an organized sale process and, with Court approval [Dkt. No. 205], hired Ca Ag Properties ("**Ca Ag**") on May 1, 2025, to act as my real estate broker in this Case.

7.    In compliance with the Bidding Procedure Order, I published notice of the proposed sale in the following publications: The Business Journal, Bakersfield Californian, Madera Tribune, Merced Sun-Star, and the Visalia Times Delta, at least once weekly for four weeks. *See Proof of Service by Publication* [Dkt. No. 223]. Moreover, as detailed in the *Declaration of Cameron Kay in Support of Private Sale of Real Property (Laval)* filed concurrently herewith, Ca Ag thoroughly marketed the Property (defined below).

8.    As reflected on the Court's docket, I have successfully closed multiple real estate sales with Ca Ag's assistance. Despite Ca Ag extensive marketing, however, certain parcels have garnered relatively little interest from potential buyers, including Kern County Parcel 238-360-18 and associated interests (the "**Property**").  As a result, and in consultation with Plaintiffs and Ca Ag, I reduced the listing price for the Property.  Thereafter, I received an offer MARICOPA CHERRY CO., LLC ("**Buyer**") to purchase the property at new listing price and Buyer signed a Purchase and Sale Agreement covering the Property (the "**PSA**").

3

304981096

9.    After consulting with Ca Ag and Plaintiffs, and in the exercise of my business judgment, I do not believe that continued marketing or an auction process is likely to result in a higher or better offer, but will likely only result in delay and additional cost.

10.    Based on my professional experience and in the exercise of my business judgment, I believe the terms of the PSA, including the purchase price of $425,000.00, are market-based, fair and reasonable, and represent the highest and best offer I am likely to receive for the Property. Accordingly, I believe a private sale of the Property to Buyer pursuant to the terms of the PSA is in the best interests of the receivership estate.

11.    Moreover, based on preliminary title reports, I believe that the proposed purchase price will be sufficient to pay in full, at closing, all taxes, assessments, and customary closing costs, as well as any senior liens held by parties other than Plaintiffs, who consent to the sale.

12.    Finally, under these circumstances, the costs of obtaining three separate appraisals for the Property would be burdensome and subject to the estate to unnecessary costs.

13.    I respectfully request that the Court enter an order approving the sale to Buyer free and clear of interests pursuant to the terms set forth in the Purchase and Sale Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 4, 2026
In Manhattan Beach, California

By: /s/ Lance E. Miller
Lance E. Miller

No. 1:24-cv-01102-KES-SAB
DECLARATION OF LANCE MILLER

304981096