# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACDF, LLC, et al.<br><br>Defendants. | No. 1:24-cv-01102-KES-SAB<br><br>**AMENDED ORDER AUTHORIZING RECEIVER TO DISTRIBUTE PROCEEDS**<br><br>Related to Dkt. Nos. 407, 422, 425<br><br>Judge:     Hon. Kirk Sherriff<br><br>Action Filed:  September 16, 2024 |

Upon due consideration of the *Agreed Ex Parte Motion to Amend Order Authorizing Receiver to Distribute Proceeds* (the "**Motion to Amend**") filed by Lance E. Miller, solely in his capacity as Court-appointed receiver (the "**Receiver**"), and the responses thereto, if any, the Court hereby finds and concludes as follows:

A.  On September 16, 2024, The Prudential Insurance Company of America and PGIM Real Estate Finance, LLC (together, the "**Prudential**") filed a *Complaint for Breach of Contract, Appointment of Receiver, Accounting and Specific Performance of Rents and Profits Clause; and Injunctive Relief* [Dkt. No. 1] initiating the above-captioned case, and on September 18, 2024, an *Ex Parte Application Regarding Motion for Order Appointing Receiver and for Preliminary Injunction* [Dkt. No. 12];

B.  On September 25, 2024, after notice and hearing, the Court entered the *Agreed Order Appointing Receiver with Limited Authority* [Dkt. No. 51, as amended] and on November 7, 2024, entered the *Order Expanding Receivership and for Preliminary Injunction* [Dkt. No. 120, as amended] (the "**Receivership Order**")[1] appointing the Receiver as general receiver over the Receivership Property;

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed in the Receivership Order.

1  C. Section II of the Receivership Order authorizes the Receiver to collect and distribute certain Proceeds, subject to further Court order;

D. On February 12, 2026, the Receiver filed the Notice seeking entry of an Order pursuant to Section II of the Receivership Order authorizing him to make the proposed distributions set forth in the Notice and directing that any parties objecting to the proposed distribution, including those claiming an interest in such Proceeds, file a response with the Court within ten (10) days of the filing of the Notice;

E. Based on the Proof of Service attached to the Notice and that found at Docket No. 408, notice regarding the Receiver's intent to distribute proceeds was adequate and no other or further notice is necessary;

F. No Response was filed to the Notice with respect to the Distributions listed below and such Distributions are hereby deemed uncontested; and

G. Good cause exists to authorize the Receiver to make the Distributions set for the below, subject to disgorgement solely to the extent necessary to pay the claims of Administrative Claimants, including any indemnification obligations owing pursuant to paragraph 24 of the Receivership Order. Based on the foregoing it is hereby

**ORDERED THAT:**

1. The Motion to Amend is granted;

2. The distributions proposed in the Notice are approved as set forth herein;

3. The Receiver is hereby authorized to make the following distribution of Subject Proceeds (the "**Distributions**"):

    a. Distribution to Prudential of the Proceeds of Prudential Accounts Receivables arising from crops harvested in 2024, net of receivership costs, pursuant to ¶ 18(a) of the Receivership Order: **$6,736,078.25**;[2]

    b. Distribution to Prudential of the Proceeds of Prudential Accounts Receivables arising from crops harvested in 2025: **$21,959,724.82**;

---

[2] The overall distribution to Prudential was reduced by $36,084.47 on account of receivership costs. The total deduction is reflected with respect to ¶ 18(a) for ease of reference.

      c.      Distribution to U.S. Bank of the Proceeds of Prudential Accounts Receivables, net of receivership costs, pursuant to ¶ 18(a) of the Receivership Order: **$2,167,694.31**;[3]

      d.      Distribution to U.S. Bank of Proceeds pursuant to ¶ 18(c) of the Receivership Order: **$377,070.97**; and

      e.      Distribution to U.S. Bank of Proceeds pursuant to ¶¶ 16 and 18(e) of the Receivership Order: **$2,632,955.08**.[4]

4.      The Distributions authorized herein shall be considered indefeasible payments to the parties as set forth above, subject to disgorgement solely to the extent necessary to pay the claims of Administrative Claimants, including any indemnification obligations owing pursuant to paragraph 24 of the Receivership Order;

5.      The relief granted herein is effective immediately upon entry of this Order.

IT IS SO ORDERED.

Dated:   March 4, 2026

                                            UNITED STATES DISTRICT JUDGE

---

[3] The overall distribution to U.S. Bank was reduced by $20,297.42 on account of receivership costs. The total deduction is reflected with respect to ¶ 18(a) for ease of reference.

[4] The Court's order at Dkt. No. 422 incorrectly directed distribution of the amount in paragraph 2(e) to Prudential.