WANGER JONES HELSLEY
Riley C. Walter #91839
Ian J. Quinn #342754
265 E. River Park Circle, Suite 310
Fresno, California 93720
Telephone: (559) 490-0949
E-Mail: rwalter@wjhattorneys.com
iquinn@wjhattorneys.com

Attorneys for Defendants ACDF, LLC; Assemi and Sons, Inc., Bear Flag Farms, LLC; C & A Farms, LLC; Cantua Orchards, LLC; Favier Ranch, LLC, Gradon Farms, LLC; Granville Farms, LLC; Lincoln Grantor Farms, LLC; Maricopa Orchards, LLC; Panoche Pistachios, LLC; and Sageberry Farms, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,

Plaintiffs,

v.

ACDF, LLC, et al.,

Defendants.

Case No. 1:24-cv-01102-KES-SAB

**LIMITED OPPOSITION OF DEFENDANTS ACDF, LLC; ASSEMI AND SONS, INC., BEAR FLAG FARMS, LLC; C & A FARMS, LLC; CANTUA ORCHARDS, LLC; FAVIER RANCH, LLC, GRADON FARMS, LLC; GRANVILLE FARMS, LLC; LINCOLN GRANTOR FARMS, LLC; MARICOPA ORCHARDS, LLC; PANOCHE PISTACHIOS, LLC; AND SAGEBERRY FARMS, LLC TO NOTICE OF (I) CANCELLATION OF AUCTION AND (II) SUCCESSFUL BIDDER (WESTLANDS)**

Hearing Date: September 8, 2026
Hearing Time: 1:30 p.m. PT
Location: Courtroom 6, 7th Floor
2500 Tulare Street
Fresno, CA 93721

Judge: Hon. Kirk E. Sherriff

Action Filed: September 16, 2024

TO THE HONORABLE KIRK SHERRIFF, UNITED STATES DISTRICT JUDGE:

Defendants, ACDF, LLC; Assemi and Sons, Inc.; Bear Flag Farms, LLC; C & A Farms, LLC; Cantua Orchards, LLC; Favier Ranch, LLC; Gradon Farms, LLC; Granville Farms, LLC; Lincoln Grantor Farms, LLC; Maricopa Orchards, LLC; Panoche Pistachios, LLC; and Sageberry Farms, LLC (herein, the "Farming Defendants"), hereby appear in opposition (the "Opposition") to the (I) Notice of Cancellation of Auction and (II) Successful Bidder (Westlands) ("Cancellation Notice") [Dkt. No. 493]. filed by Lance Miller ("Receiver") as follows:

The Farming Defendants bring this limited Opposition only to request that the Court delay the closing on the proposed sale of the Property by approximately sixty days, such that the closing of certain non-Solar Property (capitalized terms in Introduction are defined below) does not occur until January 1, 2027, at the earliest. The Farming Defendants' request does not include the Solar Property (defined below) that is the part of the sale, as to which the Farming Defendants have no objection to an October 2026 closing.

The Farming Defendants are seeking a minimal continuance of the closing date as to the non-Solar Property to allow the Farming Defendants to reasonably manage their tax exposure. Farming Defendants assert the impact to the Farming Defendants outweighs any potential harm to Plaintiff.

In this respect, the Farming Defendants note that non-receivership Ancillary Property is included in the Proposed PSA at what Farming Defendants assert to be below market value. Per the Proposed PSA, sale of the Ancillary Property is not a condition to the closing of the sale of the receivership Property. Farming Defendants request the closing date on the non-Solar Property should be set in 2027 without any requirement to sell the Ancillary Property pursuant to the PSA.

Finally, the draft order approving the sale to Buyer, filed with the Cancellation Notice, includes a term declaring any provisions therein shall "survive the entry of any order for relief under title 11 of the United States Code, and shall be binding on Defendants and their successors and assigns, including any debtor-in-possession or any trustee appointed under title 11 of the United States Code, or similar custodian or fiduciary appointed over Defendants or their assets . . ." Farming Defendants object to the inclusion of such language in any order approving the sale.

## I. Background Factual and Procedural History

1. On October 27, 2025, Receiver filed a Notice of Motion and Motion of Lance Miller for (I) an Order (A) Approving Bid Procedures for the Sale of Real Property, Including the Designation of a Stalking Horse Bidder and the Award of Bid Protections and (B) Scheduling the Auction and Sale Hearing; and After Further Notice, and (II) Order Approving Sale of Real Property Free and Clear of All Claims, Liens, and Encumbrances; and (III) Granting Related Relief; and Memorandum of Points and Authorities (Westlands) ("Sale Motion") [Dkt. No. 338], seeking approval of bid procedures for the sale of certain property of the receivership estate.

2. On December 1, 2025, the Court entered an Order (I) Approving Bid Procedures for the Sale of Real Property; (II) Approving Bid Protections for Stalking Horse Bidder; and (III) Scheduling the Auction and Sale Hearing (Westlands) [Dkt. No. 370] (the "Original Bidding Procedures Order" approving the "Original Bidding Procedures").

3. On January 26, 2026, the Receiver filed a motion [Dkt. No. 394] (the "Motion to Amend") requesting that the Court amend the dates and deadlines set forth in the Original Bidding Procedures Order and the Original Bidding Procedures. The Receiver filed a motion requesting a continuance of the hearing on the Motion to Amend on February 27, 2026 [Dkt. No. 423] (the "Motion for Continuance").

4. On February 27, 2026, the Court entered the Order Granting Motion for Continuance [Dkt. No. 424] (the "Order Continuing Hearing"), which contained the following:

> Based upon the Motion to Continue and the record before the Court, and it appearing that service was proper under the circumstances, it is hereby:
>
> ORDERED that the Receiver will establish new dates/deadlines to be included in the Bidding Procedures in consultation with the Plaintiffs and the Farming Defendants.
>
> IT IS FURTHER ORDERED that, after determining the new dates and deadlines for the proposed, revised Bidding Procedures, the Receiver will file a pleading with the Court (the "Notice") informing parties of the updates. The Notice will include a redline comparing the Court-approved Bidding Procedures with the proposed revised Bidding Procedures and provide parties with a 14-day objection period.

Order Continuing Hearing, at p. 2.

///

5. On June 18, 2026, Receiver filed a Notice of Amended Bid Procedures (Westlands) ("Amended Notice"), requesting entry of proposed, revised bidding procedures (set forth at Exhibit A to the Amended Notice, the "Amended Bid Procedures") with respect to the Westlands sale in the above-captioned case, setting forth a list of affected receivership parcels by APN number at Exhibit 1 to the Amended Bid Procedures (the "Property"). Amended Notice, at p. 18-24. Objections were due to the Amended Notice on or before July 2, 2026, with a hearing on the Amended Notice set for July 6, 2026. The court unilaterally continued the July 6, 2026, hearing on the Amended Notice to July 8, 2026. Dkt. No. 470.

6. As reflected above, the Order Continuing Hearing ordered Receiver to establish new dates and deadlines for an amended bidding procedures "in consultation with . . . Farming Defendants." The consultation requirement reflects, in part, that the Westlands transaction is complex. No detailed consultation was had between Receiver's counsel and counsel for Farming Defendants before the Amended Notice was filed. After receiving a copy of the Amended Notice, counsel for Farming Defendants communicated and conferred with Receiver's counsel to revise the Amended Bid Procedures in advance of the July 8, 2026 hearing.

7. The Farming Defendants were working to develop a plan for a potential alternative transaction that would: a) generate the same amount of cash for Plaintiff as a proposed sale of the property at issue in the Amended Bid Procedures, b) apply sales proceeds towards the liability owing to Plaintiff, and c) structure a joint venture which continues the Farming Defendants' involvement int the assets going forward, subject to agreement of the parties which has not been completed (the "Alternative Transaction").

8. Plaintiff, Receiver, and Farming Defendants agreed to revised bid procedures by way of those Amended Bidding Procedures for the Sale of Receivership Property Marketed by Capstone Capital Markets LLC (Westlands) ("Revised Bid Procedures"), which were adopted by way of that Amended Order (I) Approving Bid Procedures for the Sale of Real Property; (II) Approving Bid Protections for Stalking Horse Bidder; and (III) Scheduling the Auction and Sale Hearing (Westlands) ("Order Approving Revised Procedures"), entered July 7, 2026. Dkt. No. 485. Simultaneously, Receiver filed a notice of non-opposition to the Amended Notice, noting,

however the Revised Bid Procedures were reached by agreement between Plaintiff and Farming Defendants. Dkt. No. 484, p. 2.

9. The Revised Bid Procedures a) contained a deadline relating to bidders who desired to propose an "alternative transaction" for the Property (July 31, 2026), and b) in the event an auction was cancelled based on lack of receipt of Qualified Bids, Receiver "expressly reserve[d] the right to file a motion requesting that the Court approve an alternative form of transaction involving the Property outside the confines of these Bidding Procedures with notice to all parties who received notice of these Bidding Procedures." Revised Bid Procedures, p. 3. The deadline to cancel the auction or file a motion requesting approval of an alternative transaction was August 5, 2026 (but Farming Defendants later agreed to continue such deadline to August 6, 2026). Revised Bid Procedures, p. 3. Farming Defendants continued to work on a framework for a proposed alternative transaction through July 31, 2026, but were unable to submit a formal proposal by the July 31, 2026 date.

10. Thereafter, Receiver filed a Notice of Designation of Stalking Horse Bidder (Westlands), and a Corrected Notice of Designation of Stalking Horse Bidder (Westlands), designating Brightfield Investments, LLC ("Buyer") as stalking horse bidder for sale of the Property, attaching a proposed purchase and sale agreement for Buyer as stalking horse and an 'alternative' purchase and sale agreement (setting minimum overbids under each proposed agreement). Dkt. Nos. 487, 488.

11. On August 6, 2026, Receiver filed the Cancellation Notice identifying Plaintiff as back-up bidder (on a credit bid) in the "amount of the required minimum overbid" and adding "but no additional bids were received." Dkt. No. 493. Receiver cancelled the auction set for August 17, 2026, designated Buyer as successful Bidder for the Property, and named Plaintiff as backup bidder, attaching copies of both Buyer's and Plaintiff's proposed purchase and sale agreements thereto. *Id.* The Cancellation Notice continued, "The Receiver will proceed with the sale hearing on September 8, 2026, at 1:30 p.m. PT, where he will present the Successful Bidder's purchase and sale agreement for approval by the Court and request the Court enter the proposed sale order in the form attached hereto as Exhibit A," (the "Proposed PSA"). *Id.*, p. 4.

## II. Legal Authority

12. Pursuant to 28 U.S.C. § 959(b), except as to railroad receiverships, a "receiver or manager appointed in any cause pending in any court of the United States . . . shall manage and operate the property in his possession as such . . . receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof." 28 U.S.C. § 959(b).

13. 28 U.S.C. § 2001 and 2002 govern sales of real property by a federal receiver where such sale is "sold under any order or decree of any Court of the Untied States." Property shall be sold as a public sale, or, after notice and hearing, the Court may order a private sale "upon such <u>terms and conditions</u> as the court approves, if it finds that the <u>best interests of the estate</u> will be conserved thereby." 28 U.S.C. § 2001(b) (emphasis added). Section 2002 thus permits the court discretion to order such "conditions" as the court deems appropriate to preserve the estate. *See also S.E.C. v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986) (arising from a Securities and Exchange Commission receivership, "a district court's power . . . to determine the appropriate action to be taken in the administration of the receivership is extremely broad").

## III. Grounds for Objection

### *A. Closing Date*

14. Farming Defendants request closing on the proposed sale of the non-Solar Property to Buyer be deferred to January 1, 2027, but do not object to a closing of the Solar Property in October 2026.

15. To satisfy meet and confer obligations, a request was made to the Receiver and Plaintiff to agree to defer any closing (on sale of the Property to Buyer as contemplated in the Amended Bid Procedures and later the Revised Bid Procedures) to 2027. Such request was made again on July 23, 2026. The request was made on the grounds that Farming Defendants would benefit by deferring recognition of a taxable gain to 2027 and permit Farming Defendants to address tax obligations in an orderly manner. As of the date this limited Objection is filed, no agreement to defer a closing to 2027 has been reached.

16. Absent an agreement to defer closing on the proposed sale, if the sale hearing is held September 8, 2026, closing would likely occur on or around October 8, 2026 (thirty days after the sale hearing).

17. A portion of the Property to be sold is tied to certain solar contracts, namely, leases, options, and the like ("Solar Contracts"). *See generally,* Proposed PSA, 1.9, p. 8-11. The Proposed PSA defines certain Solar Contracts by reference to Schedule 1.1(j) to the Proposed PSA. Buyer has made it known to Farming Defendants and Receiver that Buyer desires to close on the sale of the Solar Contracts and parcels tethered thereto or encumbered thereby ("Solar Property"), in October 2026.

18. Farming Defendants do not oppose the sales of the Solar Property closing in 2026. Farming Defendants file this limited Objection to request the remaining Property, not constituting the Solar Property (the "non-Solar Property") be handled by way of a private sale (this Court has approved many a private sale by Receiver in this and other pending receivership cases), with the remaining non-Solar Property closing no sooner than January 1, 2027.

19. The request to defer closing to 2027 is made on the basis that the Court may control the timing of sales of receivership property pursuant to 11 U.S.C. § 2001(b).

20. Farming Defendants understand and appreciate that Plaintiff may assert it is harmed by way of a delayed closing date. Farming Defendants request the Court delay a closing of the non-Solar Property based on the 'balance of equities' and relative harms to each party. The delay sought is less than sixty days. Farming Defendants assert it is not inequitable to delay closing on the remaining Property (non-Solar Property to 2027). Farming Defendants are eminently willing and able to cooperate with Plaintiff, Receiver, and Buyer as needed to ensure all solar concerns are addressed in the 2026 closings related to the Solar Property.

*B. Sale of Ancillary Property*

21. The Proposed PSA includes terms contemplating a purchase of certain real property that is not receivership property (i.e., not property controlled by Receiver or subject to sale by Receiver in this case) ("Ancillary Property") by Buyer for a sum certain. Proposed PSA, 1.11(b), Schedule 1.11(b). Farming Defendants have not agreed to a proposed sale price for the

Ancillary Property. Farming Defendants assert the proposed price for such Ancillary Property is out-of-date and based on old evaluations that do not reflect a reasonable exchange of value for this proposed additional acquisition.

22. The Proposed PSA does not make sale of the Property to Buyer contingent on sale of the Ancillary Property to Buyer. Proposed PSA, 1.11.

23. Farming Defendants object to any attempt to condition closing of the non-Solar Property on an agreement to sell the Ancillary Property.

*C. Provision in Draft Order Regarding Title 11*

24. The Cancellation Notice includes a proposed order approving the sale of the Property to Buyer at Exhibit A thereto, titled [PROPOSED] ORDER (I) AUTHORIZING SALE OF REAL ESTATE FREE AND CLEAR OF INTERESTS; (II) AUTHORIZING THE PAYMENT OF SALERELATED COSTS; AND (III) GRANTING RELATED RELIEF (WESTLANDS) ("Draft Order"). Cancellation Notice, Exh. A [Dkt. No. 493-1]. The Draft Order includes a provision at pages 8-9 thereof, which reads:

> **IT IS FURTHER ORDERED** that this Order and the terms and provisions of the PSA shall be binding on Defendants, all of Defendants' creditors (whether known or unknown), Buyer, Backup Bidder, and their respective affiliates, successors and assigns, and any affected third parties, including, but not limited to, all persons asserting any interest in the Property. **The provisions of this Order and the terms and provisions of the PSA, and any actions taken pursuant hereto or thereto, shall survive the entry of any order for relief under title 11 of the United States Code, and shall be binding on Defendants and their successors and assigns, including any debtor-in-possession or any trustee appointed under title 11 of the United States Code, or similar custodian or fiduciary appointed over Defendants or their assets.** Any title company and its agents may rely upon the provisions of this Order when issuing any policies of title insurance.

Draft Order, p. 8–9 (emphasis added). The above-quoted provision is separate from, and in addition to, the provision purporting to convey title free and clear of claims and Interests (defined in the Draft Order), at page 6 thereof. Farming Defendants object to the above-emphasized language on the basis that same was not requested by way of the Sale Motion. Additionally, Farming Defendants object to inclusion of the proposed language on the basis that no justification

has been provided for the restriction of Farming Defendants' rights under Title 11 of the United States Code, nor has any authority been provided to the Court that supports authorizing same.

Farming Defendants commit to further meeting and conferring with Plaintiff, Receiver, and Buyer in advance of the sale hearing on September 8, 2026, regarding the above limited Objections.

WHEREFORE, Defendants pray the Opposition be granted and that the Court: a) delay any closing on sale of the non-Solar Property to Buyer to January 1, 2027, b) remove the emphasized provision set forth herein above at section III.C. from any order approving the proposed sale to Buyer, and c) grant such other relief as is just and proper in the circumstances.

Dated: August 19, 2026

WANGER JONES HELSLEY

By: ______________________________
Ian J. Quinn
Attorneys for ACDF, LLC; Assemi and Sons, Inc., Bear Flag Farms, LLC; C & A Farms, LLC; Cantua Orchards, LLC; Favier Ranch, LLC, Gradon Farms, LLC; Granville Farms, LLC; Lincoln Grantor Farms, LLC; Maricopa Orchards, LLC; Panoche Pistachios, LLC; and Sageberry Farms, LLC

**WANGER JONES HELSLEY**
Riley C. Walter #91839
Ian J. Quinn #342754
265 E. River Park Circle, Suite 310
Fresno, California 93720
Telephone: (559) 490-0949
E-Mail: rwalter@wjhattorneys.com
iquinn@wjhattorneys.com

Attorneys for Defendants ACDF, LLC; Assemi and Sons, Inc., Bear Flag Farms, LLC; C & A Farms, LLC; Cantua Orchards, LLC; Favier Ranch, LLC, Gradon Farms, LLC; Granville Farms, LLC; Lincoln Grantor Farms, LLC; Maricopa Orchards, LLC; Panoche Pistachios, LLC; and Sageberry Farms, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACDF, LLC, et al.,<br><br>Defendants. | Case No. 1:24-cv-01102-KES-SAB<br><br>**PROOF OF SERVICE**<br><br>Hearing Date: September 8, 2026<br>Hearing Time: 1:30 p.m. PT<br>Location: Courtroom 6, 7th Floor<br>2500 Tulare Street<br>Fresno, CA 93721<br><br>Judge: Hon. Kirk E. Sherriff<br><br>Action Filed: September 16, 2024 |

///

///

///

///

///

///

///

**PROOF OF SERVICE**

**The Prudential Insurance Company of America, et al v. ACDF, et al**
**Case No. 1:24-cv-01102-KES-SAB**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

**PROOF OF SERVICE**

My business address is 265 East River Park Circle, Suite 310, Post Office Box 28340, Fresno, California 93729. I am employed in Fresno County, California. I am over the age of 18 years and am not a party to this case.

On the date indicated below, I served the foregoing document(s) described as **Limited Opposition Of Defendants ACDF, LLC; Assemi and Sons, Inc., Bear Flag Farms, LLC; C & A Farms, LLC; Cantua Orchards, LLC; Favier Ranch, LLC, Gradon Farms, LLC; Granville Farms, LLC; Lincoln Grantor Farms, LLC; Maricopa Orchards, LLC; Panoche Pistachios, LLC; and Sageberry Farms, LLC to notice of (I) Cancellation of auction and (II) successful bidder (Westlands)** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

**X** (BY MAIL) I am readily familiar with the business' practice for collection and processing of correspondence for mailing, and that correspondence, with postage thereon fully prepaid, will be deposited with the United States Postal Service on the date noted below in the ordinary course of business, at Fresno, California designated in the **"U.S. MAIL SERVICE LIST"**.

X (BY ELECTRONIC MAIL) I caused such documents to be scanned into PDF format and sent via electronic mail to the electronic mail addressee(s) of the addressee(s) designated in the **"ELECTRONIC SERVICE LIST"**.

_______ (BY PERSONAL SERVICE) I caused delivery of such envelope(s), by hand, to the office(s) of the addressee(s).

_______ (BY OVERNIGHT COURIER) I caused the above-referenced envelope(s) to be delivered to an overnight courier service for delivery to the addressee(s).

X E-FILING: I caused the document(s) to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

EXECUTED ON **August 19, 2026**, at Fresno, California.

**X** (STATE) I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Soriyaa Solomon

**ELECTRONIC SERVICE LIST**

ali.mojdehi@mgr-legal.com
Jsmcnutt@kerncounty.com
jon@cavalrei.com
degan@wilkefleury.com
storigiani@youngwooldridge.com
HGrossman@cozen.com
pswain@cozen.com
RStewart@pearsonrealty.com
kstewart@pearsonrealty.com
aferdinandi@pearsonrealty.com
DKevorkian@pearsonrealty.com
sgrosz@pearsonrealty.com
jreisz@kleinlaw.com
ckay@caagproperties.com
mindynili@gmail.com
OKatz@sheppardmullin.com
RSahyan@sheppardmullin.com
Robert.D.Lewis@t-mobile.com
Bernard.gudorf@usbank.com
legal@goldenstatecleanenergy.com
Kristina.Heller@procopio.com
michael.kiesling@procopio.com
rpinkston@seyfarth.com
jdejonker@seyfarth.com
nmarkus@seyfarth.com
terence.banich@katten.com

| |
|---|
| 104 INVESTMENTS, LLC<br>1306 W. HERNDON AVE., SUITE 101<br>FRESNO CA 93711 |
| ASSEMI SONIA ROSEMARY<br>2505 LAKE VAN NESS<br>FRESNO CA 93711 |
| ASSURITY LIFE INSURANCE COMPANY<br>C/O CAPITALIZE, 1398 W. HERNDON AVE., SUITE 101<br>FRESNO CA 93711 |
| AVILA RANCH EA, LLC<br>1306 W. HERNDON AVE., SUITE 101<br>FRESNO CA 93711 |
| BANK OZK<br>325 W. CAPITOL<br>LITTLE ROCK AR 72201 |
| BANK OZK<br>8300 DOUGLAS AVENUE,<br>DALLAS TX 75225 |
| BMO BANK NA<br>320 S. CANAL STREET<br>CHICAGO IL 60606 |
| CALIFORNIA BANK & TRUST<br>7060 NORTH FRESNO STREET<br>FRESNO CA 93720 |
| CONTERRA AGRICULTURAL CAPITAL, LLC<br>5465 MILLS CIVIC PARKWAY<br>WEST DES MOINES IA 50266 |
| CONTERRA AGRICULTURAL CAPITAL, LLC<br>7755 OFFICE PLAZA DRIVE NORTH, SUITE 195<br>WEST DES MOINES IA 50266 |
| CORPORATE AMERICA LENDING, INC<br>5610 N PALM<br>FRESNO CA 93704 |
| CRESTMARK VENDOR FINANCE, A DIVISION OF METABANK,<br>NATIONAL ASSOCIATION<br>5480 CORPORATE DRIVE, SUITE 350<br>TROY MI 48098 |
| DA REAL ESTATE HOLDINGS, LLC<br>1306 W. HERNDON AVENUE SUITE 101<br>FRESNO CA 93711 |
| FARM CREDIT LEASING SERVICES CORPORATION<br>1665 UTICA AVE S, SUITE 400<br>MINNEAPOLIS MN 55416 |
| FARM CREDIT LEASING SERVICES CORPORATION<br>600 HWY 169 S, SUITE #300<br>MINNEAPOLIS MN 55426 |
| FARM CREDIT WEST, FLCA<br>200 E. CARTMILL AVE.<br>TULARE CA 93274 |
| FG2 HOLDINGS LLC<br>1306 W. HERNDON AVE., SUITE 101<br>FRESNO CA 93711 |
| GRANTLAND HOLDINGS NO. 1, LLC<br>1396 W. HERNDON AVENUE, SUITE 110<br>FRESNO CA 93711 |

| |
|---|
| GRANTLAND HOLDINGS NO. 2, LLC<br>1396 W. HERNDON AVENUE, SUITE 110<br>FRESNO CA 93711 |
| GRANTOR REAL ESTATE INVESTMENTS, LLC<br>1306 W. HERNDON AVE., SUITE 101<br>FRESNO CA 93711 |
| GVM INVESTMENTS, LLC<br>1306 W. HERNDON AVE., SUITE 101<br>FRESNO CA 93711 |
| LOCANS INVESTMENTS, LLC<br>1306 W HERNDON AVE #101<br>FRESNO CA 93711 |
| MARICOPA ORCHARDS LLC AND AFFILIATED ENTITIES<br>ATTN: ELIZABETH STEINHAUER-CLARK<br>5260 NORTH PALM MAIL STOP M, SUITE 421<br>FRESNO, CA 93704 |
| MODERN WOODMEN OF AMERICA<br>1701 1ST AVENUE<br>ROCK ISLAND IL 61201 |
| OXBO INTERNATIONAL CORPORATION<br>7275 BATAVIA BYRON ROAD<br>BYRON NY 14422 |
| PACT CAPITAL, INC.<br>8050 N. PALM AVENUE<br>FRESNO CA 93711 |
| PRIMEX FARMS, LLC<br>16070 WILDWOOD RD.<br>WASCO, CA 93280 |
| RABOBANK N.A.<br>45 E. RIVER PARK PLACE WEST SUITE 507<br>FRESNO CA 93704 |
| SAIR PARTNERSHIP 7 LLC<br>C/O STOEL RIVES LLP<br>ATTN: JOHN S. KAPLAN<br>600 UNIVERSITY STREET, SUITE 3600<br>SEATTLE, WA 98101 |
| THE BANK OF NEW YORK MELLON, A NEW YORK BANKING CORPORATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE UNDER THE RESERVE TRUST AGREEMENT FOR THE PAR U HARTFORD LIFE & ANNUITY COMFORT TRUST<br>2100 ROSS AVE., SUITE 115<br>DALLAS TX 75201 |
| U.S. BANK, AS AGENT<br>ATTN: JOE GUDORF<br>136 S. WASHINGTON STREET, 2nd FLOOR<br>NAPERVILLE, IL 60540 |
| WELLS FARGO BANK, NATIONAL ASSOCIATION<br>8405 N. FRESNO STREET SUITE 200<br>FRESNO CA 93720 |
| WHITE RACHEL MARIE<br>C/O 1306 W. HERNDON, SUITE 101<br>FRESNO CA 93711 |
| ZINC FINANCIAL INC., A CALIFORNIA CORPORATION<br>1525 EAST SHAW AVENUE<br>FRESNO CA 93710 |

| |
|---|
| ZIONS BANCORPORATION, N.A. DBA<br>CALIFORNIA BANK & TRUST<br>11375 EL CAMINO REAL<br>SAN DIEGO CA 92130 |
| ZIONS BANCORPORATION, N.A. DBA<br>CALIFORNIA BANK & TRUST<br>9775 CLAIREMONT MESA BLVD.<br>SAN DIEGO CA 92124 |
| SAIR PARTNERSHIP 7 LLC 2504 GALEN<br>DRIVE, SUITE 103 CHAMPAIGN IL 61821 |
| BOGHOSIAN RAISIN PACKING CO., INC. P.O.<br>BOX 338<br>FOWLER CA 93625 |
| CALIFORNIA DEPARTMENT OF TAX AND FEE<br>ADMINISTRATION<br>PO BOX 942879<br>SACRAMENTO CA 94279 |
| FRESNO-MADERA PRODUCTION CREDIT<br>ASSOCIATION<br>P.O. BOX 13069<br>FRESNO CA 93794-3069 |
| PRIMEX FARMS, LLC 16070 WILDWOOD RD.<br>WASCO, CA 93280 |
| SEYFARTH SHAW LLP<br>ATTN: M. Ryan Pinkston<br>560 Mission Street, 31st Floor<br>San Francisco, CA 94105 |
| SEYFARTH SHAW LLP<br>ATTN: Jason J. DeJonker<br>Nicholas R. Marcus<br>233 S. Wacker Drive, Suite 8000<br>Chicago Illinois 60606 |
| Katten Muchin Rosenman LLP<br>Terrence G. Banich<br>525 W. Monroe St.<br>Chicago, IL 60661-3693 |
| Katten Muchin Rosenman LLP<br>John E. Mitchell<br>Michaela C. Crocker<br>Arlen P. Moradi<br>2121 North Pear St., Ste. 1100<br>Dallas, TX 75201-2591 |