Terence G. Banich (SBN 212173)[1]
terence.banich@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
525 W. Monroe St.
Chicago, IL 60661-3693
Telephone: (312) 902-5200
Facsimile: (312) 902-1061

John E. Mitchell (*pro hac vice*)
Michaela C. Crocker (*pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl St., Ste. 1100
Dallas, TX 75201-2591
Telephone: (214) 765-3600
Facsimile: (214) 765-3602

Arlen P. Moradi (SBN 353956)
**KATTEN MUCHIN ROSENMAN LLP**
2121 Avenue of the Stars, Ste. 1100
Los Angeles, CA 90067-5010
Telephone: (310) 778-4449

*Attorneys for the Receiver* Lance Miller

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACDF, LLC; ASSEMI AND SONS, INC.; AVILA RANCH EA, LLC; BEAR FLAG FARMS, LLC; C & A FARMS, LLC; CANTUA ORCHARDS, LLC; DA REAL ESTATE HOLDINGS, LLC; FAVIER RANCH, LLC; FG2 HOLDINGS LLC; GRADON FARMS, LLC; GRANVILLE FARMS, LLC; GRANTLAND HOLDINGS NO. 1, LLC; GRANTLAND HOLDINGS NO. 2, LLC; GRANTOR REAL ESTATE INVESTMENTS, LLC; GVM INVESTMENTS, LLC; GV AG, LLC; LINCOLN GRANTOR FARMS, LLC; MARICOPA ORCHARDS, LLC; PANOCHE PISTACHIOS, LLC; SAGEBERRY FARMS, LLC; DEREK BELL; and RACHEL MARIE WHITE,<br><br>Defendants. | No. 1:24-cv-01102-KES-SAB<br><br>**REPLY BY RECEIVER LANCE MILLER TO LIMITED OPPOSITION OF FARMING DEFENDANTS TO NOTICE OF (I) CANCELLATION OF AUCTION AND (II) SUCCESSFUL BIDDER (WESTLANDS)**<br><br>Related to Dkt. No. 502<br><br>Hearing Date: September 8, 2026<br>Hearing Time: 1:30p.m. PT<br><br>Location: Robert E. Coyle U.S. Courthouse<br>Courtroom 6, 7th Floor<br>2500 Tulare Street<br>Fresno, CA 93721<br><br>Judge: Hon. Kirk E. Sherriff<br><br>Action Filed: September 16, 2026 |

[1] Designated as counsel for service pursuant to L.R. 182(c)(1).

Lance Miller (the "**Receiver**"), solely in his capacity as Court-appointed receiver in the above-captioned case (the "**Case**"), hereby files this reply (the "**Reply**") to the *Limited Opposition* filed by Defendants ACDF, LLC; Assemi and Sons, Inc.; Bear Flag Farms, LLC; C & A Farms, LLC; Cantua Orchards, LLC; Favier Ranch, LLC; Gradon Farms, LLC; Granville Farms, LLC; Lincoln Grantor Farms, LLC; Maricopa Orchards, LLC; Panoche Pistachios, LLC; and Sageberry Farms, LLC (collectively, the "**Farming Defendants**") and respectfully states as follows:

**REPLY**

The Limited Objection addresses three aspects of the proposed sale: (1) a request by the Farming Defendants to move the anticipated October 2026 sale closing to January 2027, a date that goes far beyond that contemplated in the purchase and sale agreement [Dkt. No. 493-2] (the "**PSA**"); (2) an objection to language in the proposed sale order [Dkt. No. 493-1] (the "**Sale Order**") regarding the parties bound to the order; and (3) an objection to any alleged attempt to require that certain third-parties sell non-receivership property to Buyer. Each of these points may be summarily overruled.

**A. A Non-Consensual Amendment to the PSA that Delays Closing and Adds Additional Risk to the Transaction is Neither in the Receiver's Business Judgement Nor in the Best Interests of the Estate.**

The Receiver's mandate includes "to assess whether a sale of the Receivership Property would maximize value, and, following that assessment and if appropriate in the Receiver's reasonable judgment, implement an organized sale process of the Receivership Property…". *Order Expanding Receivership and for Preliminary Injunction* [Dkt. No. 120] (as amended and modified, the "**Receivership Order**") ¶ 23; *see also id.* ¶ 3(d) (subject to further order, authorizing the Receiver to sell property as he "may deem prudent"). The business judgment standard is common for sales by fiduciaries, in both receivership and bankruptcy contexts. *See, e.g.*, *United States v. Gould*, No. C16-1041 TSZ, 2024 WL 5088338, at *2 (W.D. Wash. Dec. 12, 2024) (overruling objection to proposed sale where objecting party "d[id] not provide any reason as to why the Court should not defer to the Receiver's business judgment"); *Culp v. Stanziale (In re Culp)*, 545 B.R. 827, 844 (D. Del. 2016) ("Where the trustee articulates a reasonable basis for the business decision,

courts will generally not entertain objections. If a valid business justification exists, then a strong presumption follows that the agreement was negotiated in good faith and is in the best interests of the estate."). The Receiver's authority to sell the Property is also derived from 28 U.S.C. §2001(b), which states that, after hearing, the Court may order the sale of real estate "if it finds that the best interests of the estate will be conserved thereby."

Accordingly, the Court's analysis of whether to approve a sale of the Property to Buyer turns on whether the Receiver exercised reasonable business judgment and whether such sale is in the best interests of the estate. As reflected in the *Declaration of Lance Miller in Support of Westlands Sale* (the "**Miller Declaration**") and the *Declaration of Skye Root in Support of Westlands Sale* (the "**Root Declaration**"), attached hereto as Exhibits A and B, respectively, the Receiver has clearly met these standards.

It is abundantly clear that the Receiver, with the assistance of Capstone Capital Markets, LLC ("**Capstone**"), thoroughly and diligently marketed the property over an approximately 16-month period resulting in the offer reflected in the PSA. Root Decl. ¶¶ 6-14; Miller Decl. ¶¶ 9-14, 18. That offer is not only the highest and best offer, but also the ***only*** cash offer received for the Property despite diligent efforts. Miller Decl. ¶ 13.[2] Neither the Receiver nor Capstone believe that additional marketing will lead to a higher or better offer. *Id.* ¶ 16; Root Decl. ¶ 13. Indeed, if the PSA fails to close, the only alternatives are a back-up credit bid or a non-judicial foreclosure by Plaintiffs, neither of which will yield the **$409,832,794**[3] purchase price set forth in the PSA. Miller Decl. ¶ 16.

Accordingly, the Receiver believes it is in the best interests of the receivership estate and creditors that he minimize closing risk and promptly close the $409,832,794 cash sale within the timeline reflected in the PSA. *Id*. Once the Sale Order has become final, the PSA contemplates

---

[2] The back-up bid is a credit bid submitted by Plaintiff, The Prudential Company of America.

[3] Subject to adjustment as set forth in the PSA.

closing by October 12, 2026,[4] and, in any event, no later than November 8, 2026, dates well before the January 2027 closing requested by the Farming Defendants. PSA §§ 3, 6.4(a).

The Farming Defendants attempt to alleviate the October 12 closing date by suggesting that the Receiver sell a portion of the Property to Buyer in early October and the remaining Property in January 2026. There is absolutely no basis, whether in equity or otherwise, for this Court to amend the consensual deal terms of a contract to accommodate the wishes of a third party. Moreover, a bifurcated closing does not address the closing risk associated with a nearly three-month delay, the detrimental effects of Buyer purchasing a portion of the Property in October and then potentially defaulting on the remaining parcels in January, nor the carrying costs associated with continued farming and receivership expenses. Also, the bidding procedures previously approved by this Court, without objection, reflect an expected 2026 closing by setting a September 8, 2026, sale hearing and stating that the Receiver contemplates closing the sale withing seven (7) days of the Sale Order becoming final. *Amended Bidding Procedures for the Sale of Receivership Property Marketed by Capstone Capital Markets LLC (Westlands)* [Dkt. No. 485] at 9, ¶ 13. Finally, once the sale under the PSA closes, the Receiver will be able to draft his final report and begin final administration. A 2027 closing delays this unnecessarily, adding additional costs and risks to the estate.

After thoughtful consideration of the Farming Defendants' request for a January 2027 sale closing, including numerous conversations with counsel for the Farming Defendants, Buyer, and Plaintiffs, the Receiver has determined, in the exercise of his sound business judgment, that a 2027 sale closing adds unacceptable risk to the sale, unnecessarily delays payment to Plaintiffs and final administration of the receivership estate, and is not in the best interests of the receivership estate or its creditors. Miller Decl. ¶ 15. Since the PSA, as drafted, is a sound exercise of the Receiver's business judgment and in the best interests of the estate and creditors, the request to delay closing to January 2027 should be denied.

---

[4] Buyer requested a closing by October 12, 2026, so it will have time to enter into certain solar-related agreements that must be signed by no later than October 15, 2026.

**B. The Receiver Will Modify the Sale Order to Clarify When Parties in a Subsequent Bankruptcy Case are Bound.**

The Farming Defendants object to language in the Sale Order stating that:

> The provisions of this Order and the terms and provisions of the PSA, and any actions taken pursuant hereto or thereto, shall survive the entry of any order for relief under title 11 of the United States Code, and shall be binding on Defendants and their successors and assigns, including any debtor-in-possession or any trustee appointed under title 11 of the United States Code, or similar custodian or fiduciary appointed over Defendants or their assets.

Limited Objection ¶ 24.

This case has been pending nearly two years – since September 16, 2024. During that time, the Receiver has undertaken an approximate 16-month marketing process, located a buyer for the Property, and negotiated a PSA with a purchase price of $409,832,794. Upon completion of that sale, the Receiver will be able to begin winding down the case. Although the Receiver believes the above language is appropriate considering the facts of this case, he proposes to modify the language to clarify that the Sale Order and PSA will be binding once the Sale Order becomes final and the sale closes.

**C. There is No Requirement that Third Parties Sell Non-Receivership Property to Buyer.**

The Farming Defendants "object to any attempt to condition closing of the non-Solar Property on an agreement to sell the Ancillary Property." Limited Objection ¶ 22. Although the PSA contemplates Buyer *potentially* purchasing non-Receivership Property, there is no requirement that the owners of such parcels consent. In that regard, the PSA specifically states that:

> In the event that the required counterparties for a specific tract will not agree to transact at the listed price, or on commercially reasonable terms negotiated in good faith, Buyer shall have no further obligation to purchase such tract. For clarity, the closing of the Ancillary Sales, or any of them, shall not be a condition to either Buyer's or Seller's obligations hereunder, and Seller makes no representation, and expressly disclaims any

> representation, that Buyer will be able to negotiate a purchase of the property described and for the price listed on Schedule 1.11(b).

PSA § 1.11(b). The Farming Defendants are objecting to a sale term that does not exist and, as such, this objection should be overruled.

**CONCLUSION**

Based on the foregoing, the Receiver requests that this Court overrule the Limited Opposition in its entirety and enter the Sale Order approving the proposed sale of the Property to Buyer pursuant to the Terms of the PSA.

Dated: August 25, 2026

Respectfully submitted by:

**KATTEN MUCHIN ROSENMAN LLP**

By: *_/s/ Arlen P. Moradi_*
Arlen P. Moradi

*Attorneys for the Receiver*
Lance Miller

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Ste. 1100, Los Angeles, CA 90067-5010. On August 25, 2026, I served the following document(s) described as:

**REPLY BY RECEIVER LANCE MILLER TO LIMITED OPPOSITION OF FARMING DEFENDANTS TO NOTICE OF (I) CANCELLATION OF AUCTION AND (II) SUCCESSFUL BIDDER (WESTLANDS)**

as follows:

[ ] **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed on **Exhibit 1** and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Katten Muchin Rosenman LLP practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

[X] **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent from e-mail address janice.brooks-patton@katten.com to the persons at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

ali.mojdehi@mgr-legal.com
Jsmcnutt@kerncounty.com
jon@cavalrei.com
degan@wilkefleury.com
storigiani@youngwooldridge.com
HGrossman@cozen.com
pswain@cozen.com
RStewart@pearsonrealty.com
kstewart@pearsonrealty.com
aferdinandi@pearsonrealty.com
DKevorkian@pearsonrealty.com
sgrosz@pearsonrealty.com
jreisz@kleinlaw.com
ckay@caagproperties.com
mindynili@gmail.com
OKatz@sheppardmullin.com
RSahyan@sheppardmullin.com
Robert.D.Lewis@t-mobile.com
kvote@wjhattorneys.com
kdodd@wjhattorneys.com
Bernard.gudorf@usbank.com
legal@goldenstatecleanenergy.com
Kristina.Heller@procopio.com
michael.kiesling@procopio.com

[ ] **BY EXPEDITED MAIL (FedEx):** I enclosed said document(s) in an envelope or package provided by FEDEX and addressed to the persons at the addresses listed on **Exhibit 1**. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FEDEX or delivered such document(s) to a courier or driver authorized by FEDEX to receive documents.

[ ] **BY PERSONAL SERVICE:** I caused said document to be personally delivered the document(s) to the person at the addresses listed above by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.

[X] **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 25, 2026, at Los Angeles, California

*/s/Arlen P. Moradi*
Arlen P. Moradi